| | |
|---|---|
| Alfred A. Arraj US Courthouse<br>901 19th Street<br>Denver, Colorado 80294<br><br>**Plaintiffs:**<br>Shawnee Ryan, her surviving heirs and estate<br><br>vs<br><br>**Defendants:**<br>**Colorado Department of Corrections, (CDOC)**<br>Rick Raemisch (in personal and professional capacity)<br><br>**State Bureau of Prisons**<br>Travis Trani (in personal and professional capacity)<br><br>**Federal Bureau of Prisons**<br>Mark S. Inch (in personal and professional capacity)<br><br>*Dr. Frost (current, acting Chief Medical Officer (in personal and professional capacity)<br>Dr. Susan Tiona (in personal and professional capacity)<br>Dr. Andrew Martinez (in personal and professional capacity)<br><br>Ryan Long (in personal and professional capacity)<br>David Johnson (in personal and professional capacity)<br>Terry Jacques (in personal and professional capacity)<br><br>Hilary Victoroff N.P. (in personal and professional capacity)<br>Laura Sommerschield N.P. ((in personal and professional capacity)<br><br>**Correctional Health Partners (dba CHP, dba Correctional Health Companies, Inc., dba Correctional healthcare Physicians, P.C., dba CHC Companies, Inc., dba Correctional Corporation of America)** (in personal and professional capacity)<br>**Dr. Jennifer Miecks (in personal and professional capacity). | **FILED**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>APR 23 2018<br><br>JEFFREY P. COLWELL<br>CLERK |
| *Defendant "Frost" first name unknown, with CDOC, all avenues open to offenders, refusing to disclose first name. Court assistance requested.<br>**Defendant "Miecks" (prounced 'Mix") spelling of last name unknown; refused by CDOC, all avenues open to offenders. Court assistance requested. | ∧  **COURT USE ONLY**  ∧ |
| **Plaintiff's Representation:**<br>Shawnee Ryan  #159496<br>DRDC-Infirmary-5<br>Denver, Colorado  80239<br><br>**Defendants Representation:**<br>Unknown | Case Number:<br><br><br>Div.:          Ctrm: |

## MOTION FOR TEMPORARY RESTRAINT AND ORDER OF PROTECTION

Plaintiff, Shawnee Ryan (Ryan) comes now and requests a temporary order of restraint and protection against Defendant, N.P. Hilary Victoroff (Victoroff) who is a Defendant in Ryan's Complaint with Jury

Demand that is pending before this court. The claim is Medical Malpractice resulting in Gross Negligence. (Claim Two).

This court has jurisdiction over this motion.

Ryan, (see Complaint et al with specificity to Victoroff Claim Two and Medical Facts 1 through 8), has shown sufficient facts in her Complaint regarding Victoroff misuse of medical records and life threatening performance of care that nearly resulted in Ryan's death in February, 2017. While Victoroff is generally assigned to the Denver Womens Correctional Facility Clinic (DWCF) and Ryan is currently housed in the infirmary at Denver Regional Diagnostic Center (DRDC); Victoroff maintains full access to all of Ryan's medical records, does, by her own admission keep "tabs" (her words) on Ryan's case, occasionally rotates to infirmary staffing, and would be, should Ryan be returned to DWCF dense population; in full control and access to once again perform medical procedures upon Ryan. Ryan personally, has no control over Victoroff's movement, and has presented in Complaint, extremely serious claims against Victoroff. Ryan, allegedly at Victoroff's actions in February 2017, nearly lost her life. Ryan is entitled to temporary protection and relief, at minimum, until suit is satisfied.

**RELIEF SOUGHT:**
1. Ryan requests that Hilary Victoroff be fully and completely restrained from any access whatsoever to Ryan's case, files and medical records until such time as litigation is completed. Victoroff is charged, in addition to Medical Malpractice resulting in Gross Negligence, with falsification (fraud) of medical records in Ryan's case and has shown a flagrant disregard, spanning nearly 5 years, for any supervision or constraints Ryan and/or CDOC has placed upon Victoroff in Ryan's case. Given, that Victoroff flagrantly ignored constraint already on her in February 2017 (and) all previous similar experiences Ryan has had, spanning years, with Victoroff; Ryan has no reason to believe that Victoroff, simply because she is being sued, will change that entrenched pattern of behavior. Ryan is not safe, on any level, if Victoroff does not change. Ryan requests the court's temporary intervention.

2. As initially Pro Se, Ryan requests her filing(s) to be interpreted and ordered liberally. "Pleading of Pro Se plaintiff must be read liberally and should be interpreted to raise strongest arguments that they suggest." Gray v Internal Affairs Bureau S.D.N.Y. Nov 17, 2003, 292 F. Supp 2d 475; (and) "Although inmates complaint was terse and disjointed, especially with respect to "who did what to whom, when, where and why," court construed complaint liberally...light of prose status and determined that it gave sufficient notice to prison medical personnel pursuant to Fed R. Civ. P.8(a)." Carter v Newland (D.Mass. June 26, 2006), 441 F. Supp 2d 208.

**Ryan pleads the court to enter a temporary order of restraint and protection against N. P. Hilary Victoroff, barring Victoroff from any and all involvement in Ryan's case, medical records, day to day care, observation and medical treatment or medical involvement of any kind.**

**DECLARATION OF PERJURY:**

I declare under penalty of perjury that the information in this motion and affidavit is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.
Respectfully submitted this _____ day of _____, 2018.

Shawnee Ryan, Plaintiff