Alfred A. Arraj US Courthouse
901 19th Street
Denver, Colorado 80294

**Plaintiffs:**
Shawnee Ryan, her surviving heirs and estate

vs

**Defendants:**
**Colorado Department of Corrections, (CDOC)**
Rick Raemisch (in personal and professional capacity)

**State Bureau of Prisons**
Travis Trani (in personal and professional capacity)

**Federal Bureau of Prisons**
Mark S. Inch (in personal and professional capacity)

*Dr. Frost (current, acting Chief Medical Officer (in personal and professional capacity)
Dr. Susan Tiona (in personal and professional capacity)
Dr. Andrew Martinez (in personal and professional capacity)

Ryan Long (in personal and professional capacity)
David Johnson (in personal and professional capacity)
Terry Jacques (in personal and professional capacity)

Hilary Victoroff N.P. (in personal and professional capacity)
Laura Sommerschield N.P. ((in personal and professional capacity)

Correctional Health Partners (dba CHP, dba Correctional Health Companies, Inc., dba Correctional healthcare Physicians, P.C., dba CHC Companies, Inc., dba Correctional Corporation of America) (in personal and professional capacity)
**Dr. Jennifer Miecks (in personal and professional capacity).
*Defendant "Frost" first name unknown, with CDOC, all avenues open to offenders, refusing to disclose first name. Court assistance requested.
**Defendant "Miecks" (prounced 'Mix") spelling of last name unknown; refused by CDOC, all avenues open to offenders. Court assistance requested.

**Plaintiff's Representation:**
Shawnee Ryan #159496
DRDC-Infirmary-5
Denver, Colorado 80239

**Defendants Representation:**
Unknown

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2018

JEFFREY P. COLWELL
CLERK

∧  COURT USE ONLY  ∧

Case Number:

Div.:      Ctrm:

## MOTION FOR TEMPORARY RESTRAINT AND ORDER OF PROTECTION

Plaintiff, Shawnee Ryan (Ryan) comes now and requests a temporary order of restraint and protection against Defendant, Laura Sommerschield (Sommerschield). Sommerschield is a currently employed by the Colorado Department of Corrections (CDOC) mid-level, general scope of practice nurse practitioner assigned to the infirmary at the Denver Regional Diagnostic Center (DRDC) infirmary where Ryan is currently housed pending release to

parole. Sommerschield is also a Defendant in Ryan's Complaint with Jury Demand that is pending before this court. The claim specific to Sommerschield is Medical Malpractice resulting in Gross Negligence. (Claim Two).

This court has jurisdiction over this motion.

Ryan, (see Complaint et al with specificity to Sommerschield Claim Two and Medical Facts 1 through 8), is in continuous, lifelong risk of physical harm and potential death whenever her medical needs are not met (or) met with alleged incompetency. Ryan and Society are also entitled to Ryan having accurate medical records that have not been altered in any way. Ryan is entitled to protection and relief.

**RELIEF SOUGHT:**
1. Based on all experiences Ryan has had with Sommerschield (to date and beginning aprx September 1, 2017), and the assumption of risk when the fragile balance of Ryan's medical support care is not met; Ryan attempted to contain Sommerschield alleged harm to her by placing a CDOC Refusal of Treatment form, on January 21, 2018, on file within her medical records, that reads as follows: "This is to certify that I, Shawnee Ryan....specifically refuse observation and/or treatment for the following: **For my physical safety and increasing over the past 4 months need to protect my chronic medical needs and treatment by highly specialized teams of outside care**; I refuse all care and involvement in my case by N.P. Laura Sommerschield, with the following exceptions: 1. Emergency care 2. Immediate need care that is vital to life *and* (emphasized) under the orders of the following M.D.'s: Dr. John Burke, Dr. Richard Nash, Dr. Singh or Dr. Yagapan. As to routine daily care and medical orders from any of the M.D.'s named; there are numerous N.P.'s, P.A.'s and other DOC M.D.'s who can handle, with strong abilities, my routine needs." (end document).

2. This document is a legally binding on all parties affidavit that is signed, time stamped and dated; with witnesses. Ryan's partial showing, within Claim Two of Complaint with Jury Demand, gives detail of the alleged harm Sommerschield has allegedly inflicted upon Ryan and that has caused unnecessary permanent damage to Ryan's vision, has delayed her recovery from transplant and continually/daily causes duress to Ryan. The placing of the only restraint Ryan has at hand, which is the above Refusal of Care affidavit, is verifiably, flagrantly ignored by Sommerschield. **Ryan, has no further power of her own <u>in the absence of the CDOC</u>** who utterly, completely fails/refuses adequate supervision of Sommerschield.

3. Sommerschield has never once obeyed the affidavit, nor has any supervisory element within CDOC enforced the document despite Ryan's repeated requests and movement through all administrative processes and up the chain of command.

4. Ryan believes she has presented sufficient facts within her Complaint with Jury Demand against Sommerschield to warrant consideration of temporary protection by this court.

5. Ryan has also exhausted every avenue of notice and attempt to remedy that is available to her without the court. There is no harm to Sommerschield and her employer of CDOC in the court granting protection and restraint on Ryan's behalf. **Restraint of negligent performance is an expectation of any medical performance**; especially when one is in an extra position of trust, as Sommerschield is, due to Ryan being a ward of the State; and/or Sommerschield setting herself up *to act* as a board certified, licensed medical doctor would. In the absence of CDOC oversight of **Sommerschield's medical performance** in Ryan's case; Ryan, in the extremes that her medical case are, has no choice but to seek protection and restraint of Sommerschield through legal means.

6. As initially Pro Se, Ryan requests her filing(s) to be interpreted and ordered liberally. "Pleading of Pro Se plaintiff must be read liberally and should be interpreted to raise strongest arguments that they suggest." Gray v Internal Affairs Bureau S.D.N.Y. Nov 17, 2003, 292 F. Supp 2d 475; (and) "Although inmates complaint was terse and disjointed, especially with respect to "who did what to whom, when, where and why," court construed complaint liberally...light of prose status and determined that it gave sufficient notice

to prison medical personnel pursuant to Fed R. Civ. P 8(a)." Carter v Newland (D.Mass. June 26, 2006), 441 F. Supp 2d 208.

**Ryan pleads the court to enter a temporary order of restraint and protection, against N. P. Laura Sommerschield, barring Sommerschield from any and all involvement in Ryan's medical records, day to day care, observation and medical treatment or medical involvement of any kind.**

**DECLARATION OF PERJURY:**

I declare under penalty of perjury that the information in this motion and affidavit is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Respectfully submitted this ___17th___ day of ___April___, 2018.

Shawnee Ryan, Plaintiff