IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-GPG

SHAWNEE RYAN, her surviving heirs and estate,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, (CDOC),
RICK RAEMISCH (in personal and professional capacity),
STATE BUREAU OF PRISONS,
TRAVIS TRANI (in personal and professional capacity),
FEDERAL BUREAU OF PRISONS,
MARK S. INCH (in personal and professional capacity),
DR. FROST (current, acting Chief Medical Officer) (in personal and professional capacity),
DR. SUSAN TIONA (in personal and professional capacity),
DR. ANDREW MARTINEZ (in personal and professional capacity),
RYAN LONG (in personal and professional capacity),
DAVID JOHNSON (in personal and professional capacity),
TERRY JACQUES (in personal and professional capacity),
HILARY VICTOROFF N.P. (in personal and professional capacity),
LAURA SOMMERSCHIELD N.P. (in personal and professional capacity),
CORRECTIONAL HEALTH PARTNERS (dba CHP, dba Correctional Health Companies, Inc., dba Correctional Corporation of America) (in personal and professional capacity), and
DR. JENNIFER MIECKS (in personal and professional capacity),

    Defendants.

ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT AND
DENYING APPOINTMENT OF COUNSEL

    Plaintiff, Shawnee Ryan, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is held at the Denver Reception & Diagnostic Center ("DRDC") in Denver, Colorado.  Acting *pro se*, on April 23, 2018, Plaintiff submitted, among other things, a Complaint With Jury Demand (ECF No. 1) and a Motion For Appointment of Counsel (ECF No. 4).  Pursuant to D.C.COLO.LCivR 8.1(b) and 28

1

U.S.C. § 1915A, the Court has reviewed the materials and finds as follows:

## I.     Plaintiff's Complaint

Plaintiff is advised that since she is proceeding in this matter without an attorney, she may represent only herself in this action and that she may not raise claims on behalf of anyone else nor may she represent anyone else.   28 U.S.C. § 1654 (a *pro se* litigant may not represent another *pro se* litigant in federal court); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654); *Cain v. Aragon*, 632 Fed. App'x 517, 518 (10th Cir. 2016) ("we have declined to allow non-attorney pro se litigants to prosecute the claims of others").   Therefore, Plaintiff may not proceed on behalf of "her surviving heirs and estate" in this case as she has noted in the caption.

When reviewing the Plaintiff's complaint as required by D.C.COLO.L.CivR 8.1(b) and 28 U.S.C. § 1915A, the Court must construe the pleading liberally because the Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

Plaintiff's Complaint With Jury Demand ("Complaint") (ECF No. 1) does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass' n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are

designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff' d*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain **(1) a short and plain statement of the grounds for the court' s jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought**." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Plaintiff's Complaint is a 31-page, single spaced document, which does not provide the addresses of any of the named Defendants for purposes of service of this action and does not identify any federal jurisdictional authority for the potential claims presented. The pleading is written in narrative fashion, with extensive general, medical, and other background discussed, but any claim(s) and the supporting factual allegations for such claim(s) which are intended by Plaintiff in this action are not presented in a short and plain statement. For example, Plaintiff's Claim One titled "Negligence and Negligence Through Fraud; Aggravated" is presented in five "parts." (ECF No. 1 at 10-22). It is not clear from the pleading whether Plaintiff intends the approximately 12 pages of facts and allegations to constitute a single claim, or whether some or all of the "parts" are intended to be separate claims or some type of sub-claims. The manner in which information is presented in the Complaint fails to give the Defendants and the Court fair notice of the claims being asserted. In her amended complaint, Plaintiff must clearly identify or concisely describe each of the claims she is alleging by asserting what each

defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed her, and what specific legal right she believes the defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110.

The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Plaintiff's claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Neither the Court nor the Defendants are required to guess in order to determine the number or nature of the claims being asserted and what specific factual allegations in Plaintiff's pleading support each asserted claim.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in her complaint by submitting her claims on the Court's current approved Prisoner Complaint form as required by the Court's rules at D.C.COLO.LCivR 5.1(c) and also the opportunity to comply with Rule 8 by presenting her claims clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to

4

those claims.   In filing an amended complaint, Plaintiff is generally advised that:

### A.     Federal Defendants

Plaintiff has named the Federal Bureau of Prisons and its former Director, Mark S. Inch, as Defendants in this matter, with Defendant Inch being named in his personal and professional capacity.   However, the allegations of Plaintiff's Complaint reflect that she has exclusively been a state inmate in the custody of the CDOC in connection with the events and circumstances alleged in the pleading.   There are no facts to indicate Plaintiff was ever held in federal custody at any time relevant to her Complaint.   Further, Plaintiff has failed to identify any facts to reflect how the Federal Bureau of Prisons and Defendant Inch would be involved with matters concerning a state inmate who is incarcerated by the CDOC.   Unless Plaintiff can provide specific facts in her amended complaint which would demonstrate how these federal Defendants participated in or were directly involved with the matters Plaintiff is seeking to litigate in this case, the Federal Bureau of Prisons and Defendant Inch would not be proper parties to this action.

### B.     Eleventh Amendment

As requested relief, Plaintiff indicates she is seeking monetary damages and injunctive/restraint protections.   (ECF No. 1 at 30).   In this regard, the State of Colorado, its entities and agencies, and any state officials sued in their official capacities, are protected by Eleventh Amendment immunity.   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).   "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies."   *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir.

1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).   If Plaintiff is presenting her claims as civil rights violations pursuant to 42 U.S.C. § 1983, the State of Colorado has not waived its Eleventh Amendment immunity for § 1983 civil rights claims, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh  Amendment  immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, and a plaintiff should assert a claim for prospective relief against individual state officers in their official capacity.   *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d' Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908).

Thus, pursuant to 42 U.S.C. § 1983, a request for declaratory or monetary relief against the State of Colorado, its entities or agencies, or the Defendants in their official capacities is barred by the Eleventh Amendment.   Plaintiff may, however, proceed against the appropriate Defendants for prospective injunctive relief only.

    **C.**    **Corporate Defendant**

Plaintiff also cannot state a cognizable civil rights claim under 42 U.S.C. § 1983 against a corporate defendant such as Correctional Health Partners (dba CHP, dba Correctional Health Companies, Inc., dba Correctional Healthcare Physicians, P.C., dba CHC Companies, Inc., dba Correctional Corporation of America) in the absence of providing specific facts that demonstrate she suffered an injury caused by an official policy or custom.   *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003)

(holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

To establish liability based on a policy or custom, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added).  Isolated incidents generally are insufficient to show corporate liability, unless a plaintiff can demonstrate that "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued."  *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).

**D.    42 U.S.C. § 1983**

As previously noted, Plaintiff has failed to identify the legal authority under which she seeks to pursue her claims against the Defendants and that observation includes her claims pursued against the Defendants in their personal capacities.  Generally, 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Despite this authority, however, "[t]he elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue."  *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

7

searching the record." *Garrett*, 425 F.3d at 840.   Vague and conclusory allegations that an individual's rights have been violated will not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed.   *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   As noted above, to state a claim in federal court, Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious*, 492 F.3d at 1163.   Further, in filing her amended complaint, Plaintiff should not rely on attachments or references to her original pleading to provide the facts supporting her claims.

Under the Eighth Amendment to the United States Constitution, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).   *See also Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992) (The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing).   The Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate.   *Id.* at 825, 828.

An Eighth Amendment claim must satisfy two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.*   This second requirement is subjective, rather than objective: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an

8

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.   Plaintiff is advised the law provides that negligent conduct does not implicate the Constitution and would not support a civil rights claim under 42 U.S.C. § 1983.   *See Daniels v. Williams,* 474 U.S. 327 (1986) (jail officer not liable for negligent acts which caused inmate to slip and fall); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (medical negligence does not violate the Eighth Amendment).   If Plaintiff desires to assert an Eighth Amendment claim or claims in this case, she must sufficiently allege facts in her amended complaint to reflect the objective and subjective elements of such a claim as to each Defendant against who she is pursuing such a claim.

### E.  Personal Participation

To impose personal liability on a defendant under § 1983, allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation.").   The Tenth Circuit has explained the personal participation requirement as follows:

> [b]ecause § 1983 [is a] vehicle[ ] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.   It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).

To the extent Plaintiff names supervisory officials such as Rick Raemisch, Travis Trani, Dr. Frost, and any other supervisory officials as Defendants in this lawsuit, such defendants may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor can only be held liable for his or her own deliberate intentional acts.  *See Id.*; *See also Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  In order to succeed in a personal capacity § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199.  Conclusory allegations of participation are not sufficient.  Also, the Plaintiff may not group the actions of defendants and other individuals together to establish liability; she must be specific as to each defendant's personal participation.

In her Complaint, Plaintiff fails to assert well pleaded factual contentions against each named Defendant demonstrating that each of the named Defendants personally participated in incidents or events which may have resulted in a violation of her federal rights and acted with the state of mind required.  The Court cannot assume that

defendants bear personal responsibility for events or incidents allegedly causing a constitutional violation without facts reflecting an affirmative link between the violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Furthermore, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, App'x 179, 193 (10th Cir. 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted). Further, sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983." *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (unpublished).

    **F.**    **Claim of Complicity**

In her pleading, Plaintiff indicates she wishes to pursue a claim of "Complicity, Aggravated." (ECF No. 1 at 30). Complicity is a legal theory under federal and state criminal laws. *See* 18 U.S.C. § 2 and C.R.S. § 18-1-603. The Court is without jurisdiction to refer any individual for criminal prosecution or to bring criminal charges against any individual. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."). Criminal actions in the federal courts are initiated by the Executive Branch of the government through the Office of the United States Attorney. 28 U.S.C. § 547; Fed.R.Crim.P. 7(c).

A provision in civil case law at 42 U.S.C. § 1985 does prohibit a conspiracy to interfere with civil rights.  *See* 42 U.S.C. § 1985(3).  "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir.1993). "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (footnote omitted).   In other words, "[i]n order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the [protected] class." *Silkwood v. Kerr–McGee Corp.*, 637 F.2d 743, 746 (10th Cir.1980).

Plaintiff does not allege in her Complaint that she is a member of a statutorily protected class.  Further, even if she is a member of a statutorily protected class, Plaintiff does not allege specific facts to show that the alleged unlawful conduct was because of her membership in the protected class.  As such, she fails to state an arguable claim under § 1985(3).

Moreover, Plaintiff's factual allegations do not implicate §§1985(1) or (2).  *See, e.g.*, *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) ("The elements of a deterrence claim under section 1985(2) are (1) a conspiracy, (2) to deter testimony by force or intimidation, and (3) injury to the plaintiff."); *see also* §1985(1) (prohibiting a conspiracy to prevent a federal officer from holding office or performing official duties).  If Plaintiff intends to pursue a claim based on 42 U.S.C. §1985, she must adequately assert and support such a claim in her amended complaint.

### G. State Law Claims

Plaintiff utilizes the words "negligence," "malpractice," and "fraud" to routinelyl title or describe claims in her Complaint.   Therefore, it appears Plaintiff intends to invoke the Court's supplemental jurisdiction over possible tort claims such as malpractice, and fraud since those causes of action arise under state and not federal law.   It is true that if the Court has original jurisdiction over any federal claims pursuant to 28 U.S.C. § 1331, such as civil rights claims brought under 42 U.S.C. § 1983, the Court also may exercise supplemental jurisdiction over related state law tort claims that form part of the same case or controversy.   *See* 28 U.S.C. § 1367(a).   However, neither the Court nor the Defendants are required to guess in order to determine whether Plaintiff intends to pursue such state tort claims in federal court rather than in state court, what specific factual allegations support each asserted claim, or against which Defendants the claim(s) are being made.   In her amended complaint, the Plaintiff must identify the specific state law claim or claims being asserted, against which Defendant or Defendants each claim is asserted, the specific facts that support each claim, and what each Defendant did or failed to do for which she seeks relief. *See* Fed. R. Civ. P. 8.

## II.   Request for Appointment of Counsel

Civil litigants do not have a statutory or constitutional right to appointment of an attorney.   *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006); *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).   Further, this case is in preliminary review as required under D.C.COLO.LCivR 8.1(b) and 28 U.S.C. § 1915A.   Pursuant to 28 U.S.C. § 1915A(a), the Court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   "Section 1915A of Title 28 outlines a screening procedure that applies to all civil

complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee." *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006).   As part of this screening, the Court must dismiss a complaint or any portion thereof if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

The Court is not persuaded that appointment of counsel is necessary in the interests of justice at this time.   Plaintiff's motion will be denied without prejudice because Plaintiff's failure to provide a short and plain statement of the claims she is asserting as required by Fed. R. Civ. P. 8 deprives the Court of sufficient information to determine whether appointment of counsel is appropriate.   *See* D.C.COLO.LAttyR 15(f)(1)(B) (relevant factors the court must consider include the nature and complexity of the action, the potential merit of the claims, a demonstrated inability to retain an attorney by other means, and the degree to which the interests of justice will be served by appointment of counsel).   If this case passes initial review and is drawn to a presiding judge, Plaintiff may renew her motion for appointment of counsel at that time.

### III.   Orders

For the reasons discussed above, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an amended complaint as directed in this Order. It is

FURTHER ORDERED that as required by this Court's rules at D.C.COLO.LCivR 5.1(c), Plaintiff shall obtain and utilize the current Court-approved Prisoner Complaint form revised as of December 2017, along with the applicable instructions, at www.cod.uscourts.gov in amending her complaint.   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this Order within the time allowed, the action will be dismissed without further notice.   It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel **(ECF No. 4)** is **DENIED** without prejudice as premature.

DATED May 24, 2018, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge