IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-GPG

SHAWNEE RYAN, her surviving heirs and estate,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, (CDOC),
RICK RAEMISCH (in personal and professional capacity),
STATE BUREAU OF PRISONS,
TRAVIS TRANI (in personal and professional capacity),
FEDERAL BUREAU OF PRISONS,
MARK S. INCH (in personal and professional capacity),
DR. FROST (current, acting Chief Medical Officer) (in personal and professional capacity),
DR. SUSAN TIONA (in personal and professional capacity),
DR. ANDREW MARTINEZ (in personal and professional capacity),
RYAN LONG (in personal and professional capacity),
DAVID JOHNSON (in personal and professional capacity),
TERRY JACQUES (in personal and professional capacity),
HILARY VICTOROFF N.P. (in personal and professional capacity),
LAURA SOMMERSCHIELD N.P. (in personal and professional capacity),
CORRECTIONAL HEALTH PARTNERS (dba CHP, dba Correctional Health Companies, Inc., dba Correctional Corporation of America) (in personal and professional capacity), and
DR. JENNIFER MIECKS (in personal and professional capacity),

    Defendants.

## ORDER DENYING MOTIONS

Plaintiff, Shawnee Ryan, is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is currently held at the Denver Women's Correctional Facility ("DWCF") in Denver, Colorado. Acting *pro se*, on April 23, 2018, Plaintiff submitted a Complaint With Jury Demand. (ECF No. 1). Having cured deficiencies in her request to proceed in this matter without prepayment of fees and costs, Plaintiff was granted leave to proceed under 28 U.S.C. § 1915 on May 24, 2018. (ECF No. 14).

1

On April 23, 2018, Plaintiff also filed five separate motions requesting the following relief in this action:

1. <u>Motion For Preliminary Injunctive Relief For Protection Of Safe Housing When Incarcerated</u> – requesting that CDOC be ordered to return Plaintiff to "PAO housing classification status, <u>observing high-risk immune precautions,</u> until [Plaintiff] is <u>fully immunized and post-transplant released</u> by existing specialists and medical care teams" at the Denver Reception & Diagnostic Center ("DRDC") infirmary based on Plaintiff's bone marrow transplant in June and July 2017.   (ECF No. 5) (emphasis in original).

2. <u>Motion For Preliminary Injunctive Relief and Protection Of Existing Specialist's Medical Care When Incarcerated</u> – requesting that CDOC be ordered to return and maintain all of Plaintiff's specialized, diagnostic, monitoring and emergency care to Rocky Mountain Cancer Center-Aurora and Dr. John Burke, Colorado Blood Cancer Institute at Presbyterian/St. Luke's Hospital and Dr. Richard Nash, and Aurora South Hospital and Presbyterian/St. Luke's Hospital.   (ECF No. 6).

3. <u>Motion For Temporary Restraint and Order of Protection</u> – requesting that Defendant Hilary Victoroff "be fully and completely restrained from any access whatsoever to [Plaintiff's] case, files and medical records until such time as litigation is completed."   (ECF No. 7).

4. <u>Motion For Temporary Restraint and Order of Protection</u> – the relief being requested from this Court in this motion is not clearly stated, but the motion appears to concern a CDOC Refusal of Treatment form executed by Plaintiff on January 21, 2018 which Plaintiff alleges Defendant Laura Sommerschield has disregarded.   (ECF No. 8).

5. <u>Motion to Safeguard and Preserve Evidence</u> – requesting that the Court "enter an order, against all Defendants, as all have in possession, or access to, all inmate and/or medical and financial records of and concerning [the Plaintiff] . . . protecting against destruction, alterations, modifications or additions to (records already on file and that are daily added to)."   (ECF No. 9).

Further, on May 22, 2018, Plaintiff filed a document titled "Motion for Court's Emergency Intervention" that was docketed into the record for Court review on May 23, 2018 which indicates that on May 18, 2018, Plaintiff was informed she would be returned to "dense population" at the DWCF and that she would be assigned to the caseload of Defendant Victoroff.   (ECF No. 12).   Plaintiff requests that the Court rule on her pending

2

motions and again requests appointment of counsel.

The Court must construe Plaintiff's filings liberally because she is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

**I.      Motions for Preliminary Injunction and Restraining Orders**

To succeed on a motion for a preliminary injunction under Fed. R. Civ. P. 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC,* 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotations omitted). Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter Mgmt. Consultants, Inc.,* 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams,* 731 F.2d 676, 678 (10th Cir. 1984).

Three types of preliminary injunctions are disfavored: injunctions that alter the status quo; mandatory injunctions; and injunctions that afford the movant all the relief he or she could recover following a full trial on the merits. *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir. 2012). In seeking these types of relief, the movant must show that the factors cited above "weigh heavily

and compellingly in her favor." *Id.*

### A. Likelihood of Success on the Merits

Although extremely hard to follow, the allegations of Plaintiff's complaint primarily concern what she terms to be "negligence," "negligence through fraud," and "medical malpractice" in connection with her medical diagnosis of and treatment for Myeloma, a cancer of the blood, while she has been in the custody of CDOC.  (*see* ECF No. 1). However, Plaintiff has failed to identify in her pleading either the legal authority for the Court's jurisdiction over her lawsuit, or to clearly define the cause(s) of action and supporting facts under which she seeks to pursue her claims against each of the Defendants in federal court and for some named Defendants, she has failed to provide a factual basis to link them to any claim.

Plaintiff's Complaint is a 31-page, single spaced document written in narrative fashion, with extensive general, medical, and other background discussed, but any claim(s) and the supporting factual allegations for such claim(s) intended by Plaintiff are not presented in a short and plain statement thereby causing the pleading to be contrary to the directives of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8.  While Plaintiff makes reference to such state tort claims as negligence, medical malpractice, and fraud, she does not provide a jurisdictional basis under which this Court would have authority to consider such state law based claims.  The party invoking the jurisdiction of a federal court bears the burden of proof that the court does have jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Section 1331 provides that "[t]he district courts shall have original jurisdiction of

4

all civil actions arising under the Constitution, laws, or treaties of the United States." Further, in relevant part, § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00 . . . and is between (1) citizens of different States."

"For a case to arise under federal law within the meaning of [28 U.S.C.] § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted). Liberally construing the allegations of Plaintiff's *pro se* Complaint, the pleading does not include sufficient factual allegations to support an Eighth Amendment deliberate indifference claim or claims against Defendants. The Eighth Amendment is violated when a correctional official or medical provider acts with deliberate indifference to a prisoner's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (further quotation omitted)).

Assuming, without deciding, that Plaintiff's medical condition qualifies as "sufficiently serious," where there is evidence that medical care was provided, "it cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *See Smart v. Villar*, 547 f.2d 112, 114 (10th Cir. 1976). The subjective prong of a deliberate indifference claim is met where a prison official "knows that inmates face a substantial risk

of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.  The subjective inquiry under the Eighth Amendment is limited "to consideration of the doctor's knowledge at the time he [or she] prescribed treatment for the symptoms presented, not to the ultimate treatment necessary."  *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006).

To the extent Plaintiff's Complaint questions the adequacy of medical care she was provided, the allegations in the Complaint as currently pled assert a difference of opinion as to the kind and quality of medical treatment necessary under the circumstances.  It is well settled that this type of disagreement fails to give rise to a cause of action for a violation of civil rights under federal law found at 42 U.S.C. § 1983.  *See McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977), *cert. denied*, 435 U.S. 917 (1978), and cases cited therein.  Medical malpractice is not a constitutional violation merely because the alleged victim is a prisoner.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Even gross negligence is not sufficient to support an Eighth Amendment claim. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

If instead Plaintiff is complaining of delay in medical treatment, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm."  *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).  Again, a disagreement with prison officials regarding medical care does not satisfy the subjective prong of an Eighth Amendment claim.  *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (prisoners do not have an Eighth Amendment right to a particular course of treatment).  As far as Plaintiff's assertions of state law torts of negligence, medical malpractice, and/or fraud, the United States Court of Appeals for the Tenth Circuit has

6

explained that without a federal claim, the district court should usually decline to exercise supplemental jurisdiction over any outstanding state claims. *Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir. 2011).

Further, diversity jurisdiction would exist only when there is complete diversity of citizenship between each Plaintiff and each Defendant. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 829 & n. 1 (1989); *Ravenswood Inv. Co, L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1233 (10th Cir. 2011). Allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiff's Complaint fails to demonstrate diversity of citizenship between Plaintiff and each Defendant.

The Plaintiff has been given the opportunity to file an amended complaint with regard to any federal law and other claim(s) she may seek to pursue in this action. (ECF No. 15). At the present time, however, Plaintiff cannot demonstrate a likelihood of success on the merits of her Complaint as it is currently pleaded.

**B.  Irreparable Harm**

"[T]he showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Schrier v. University of Colorado*, 427 F.3d 1253, 1269 (10th Cir. 2005) (internal quotation marks omitted). The "irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1258 (10th Cir. 2003) (internal quotation marks omitted). Here, Plaintiff has not shown she will suffer

irreversible damage or death in the absence of an injunction ordering prison medical officials to immediately provide her with the inmate classification, housing assignment, and medical treatment she requests.  Aside from her own conclusions of potential harm, Plaintiff provides no objective evidence that would weigh heavily and compellingly in her favor.  Further, Plaintiff's contentions fail to show that an adequate monetary remedy is unavailable for any alleged harm and her specific request for money damages would reflect at least arguably the adequacy of such a remedy.  (ECF No. 1 at 30).

Further, "[t]o constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  Therefore, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable."  *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007).  Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Heideman*, 348 F.3d at 1189.  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).  Here, Plaintiff fails to allege a sufficient basis to establish that harm will immediately occur if she is not reclassified with a PAO housing status and housed at the DRDC infirmary, or that harm will immediately occur if the medical treatment by the medical providers she desires is not provided.  Aside from Plaintiff's speculation and conjecture in this regard, no factual basis demonstrating imminent irreparable harm is provided by the Plaintiff.  Instead, Plaintiff's allegations reflect her concern that injury will possibly occur at some indefinite time in the future.  Therefore, based on the record

8

before the Court, Plaintiff has not demonstrated a certain, great, actual and not theoretical harm that cannot be compensated after the fact by monetary damages.

### C. Balance of Equities and Public Interest

Even if Plaintiff was able to demonstrate a significant risk that she will suffer irreparable harm without the preliminary injunctive relief she seeks, she still must demonstrate that "the threatened injury" "outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258 (internal quotation marks omitted). While the Court does not question the seriousness of Plaintiff's interest in her physical health and well-being, when considering a motion for preliminary injunctive relief "with respect to prison conditions," including available health care, the Court must "give substantial weight to any adverse impact" on prison administration caused by the relief. *Stephens v. Jones*, 494 Fed.Appx. 906, 911-12 (10th Cir. 2012).

In this instance, it has not yet been established or sufficiently alleged that Plaintiff's federal constitutional rights have been violated, yet what Plaintiff is seeking from the Court affords her the equitable relief she could recover following a full trial on the merits. Plaintiff's desired relief would require prison officials to immediately deviate from their established methods of managing the medical needs of the Plaintiff and other similarly situated inmates before a fully developed record and/or trial on the merits is completed. *See Escobar v. Jones*, No. 09-cv-02207-CMA-KLM, 2011 WL 1642429, at 4 (D. Colo. Jan. 10, 2011) ("Plaintiff appears to assume that the Court can control Defendants' conduct with minimal adverse impact on them.   This assumption fails to take into account the important issue of the financial and logistical burdens that would be imposed on Defendants if they were ordered to treat Plaintiff any differently.").

9

Plaintiff has not shown under her pending complaint and motions that federal-court interference with prison administrative and medical decision-making is warranted.

Further, an inmate has no right to any particular classification or placement in prison. Generally, classification issues do not implicate the Constitution because an inmate is not entitled to any particular degree of liberty while in prison. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). This is because classification decisions are within the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). Plaintiff has not alleged sufficient facts in this regard that would reflect an atypical and significant hardship in relation to the ordinary incidents of prison life which would raise constitutional concerns. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Additionally, Plaintiff's disagreement as to the appropriate choice of medical treatment in her case does not give rise to a constitutional violation because "[t]he right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981). Finally, Plaintiff is not entitled to be incarcerated within a particular penal institution or within any specific area within an institution. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (recognizing that the transfer of an inmate to another prison "does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself."). Instead, that decision is within the discretion of the Colorado Department of Corrections. *See* COLO. REV. STAT. § 17-1-105(1)(a) (stating that "the executive director shall have and exercise: (a) All the right and power to transfer an inmate between correctional facilities." ).

Accordingly, Plaintiff has not shown a clear and unequivocal right to a preliminary injunction under either of her pending motions, and therefore the motions will be denied.

## II. Motions for Restraining Orders

A temporary restraining order ("TRO") is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "The procedure and standards for issuance of a [TRO] mirror those for a preliminary injunction" under Rule 65(a) of the Federal Rules of Civil Procedure. *Emmis Common's Corp. v. Media Strategies, Inc.,* 2001 WL 111229, at *2 (D.Colo. 2001). Because a TRO is an extraordinary remedy, Plaintiff's right to such relief must be "clear and unequivocal." *Schrier,* 427 F.3d at 1258.

The Court has considered the Plaintiff's motions requesting a restraining order directing that Defendant Victoroff "be fully and completely restrained from any access whatsoever to [Plaintiff's] case, files and medical records until such time as litigation is completed" and also what appears to be some type of restraining order request made against Defendant Sommerschield concerning a CDOC Refusal of Treatment form executed by Plaintiff on January 21, 2018. (ECF Nos. 7 and 8). The Court concludes that Plaintiff has not made the extraordinary showing that is required in the context of either TRO request.

In reaching its conclusion in this regard, the Court has reviewed the Plaintiff's allegations against the Defendants in each motion and also those included in Plaintiff's Complaint. Even accepting Plaintiff's allegations as true, based on the prior discussion of the allegations with regard to Plaintiff's request for preliminary injunctive relief, the Court cannot conclude that Plaintiff has shown by clear proof that there is a substantial likelihood of success on the merits of Plaintiff's claim(s). *See Wilderness Workshop v. United States Bureau of Land Mgmt.,* 531 F.3d 1220, 1224 (10th Cir. 2008) (to grant

11

Plaintiff's request for a TRO, the Court must find that Plaintiff has shown a substantial likelihood of success on the merits of her claim). Further, Plaintiff has failed to show a threat of irreparable harm that is likely to occur before Defendants could be heard in response to a motion for such relief. A party seeking injunctive or restraint relief must satisfy all factors for relief. *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). Rather, with regard to Plaintiff's motions, the Court concludes the Plaintiff's request for temporary restraining orders simply presents a demand for the Court's intrusion into the management decisions of prison administrators. That intrusion is unwarranted on the basis of Plaintiff's allegations and Plaintiff's TRO motions will be denied.

### III. Motion to Preserve Evidence

In her Motion to Safeguard and Preserve Evidence, Plaintiff has requested that the Court "enter an order, against all Defendants, as all have in possession, or access to, all inmate and/or medical and financial records of and concerning [the Plaintiff] . . . protecting against destruction, alterations, modifications or additions to (records already on file and that are daily added to)." (ECF No. 9). The motion request indicates it is "[i]ncluding, but not limited to: inmate; administrative, legal access including all electronic tracking of access by any person to word processing documents of [Plaintiff]; parole (including medical parole); medical; financial; electronic (any kind, including email concerning [Plaintiff]); faxed or ever transmitted over government equipment; paper; notes from staffing and/or meeting and conference; imaged; recorded; scanned or maintained in any way, on any level. Simplistically stated: All mentions of [Plaintiff], in any way, at any time to date, to any party." (*Id.*).

Plaintiff's motion is based not on any showing that there is specific evidence that is in danger of being destroyed, but on her unsupported belief that evidence will be

12

destroyed.   Further, Plaintiff makes no effort in her motion to demonstrate how her all-encompassing request for preservation of evidence complies with the scope and limits of federal rules. The scope of discovery in a federal lawsuit is governed by Fed. R. Civ. P. 26(b) and entails "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   Since the Plaintiff has failed to clearly and concisely state her claims in this lawsuit, and so has been directed to amend her complaint, there is no basis under which to determine whether such a broad and unrestricted preservation of evidence is relevant or necessary to the resolution of any claims.   Further, without a clear and concise statement of the claims involved in this matter, Plaintiff cannot demonstrate that the burden or expense of requiring any Defendant to maintain all inmate and/or medical and financial records which mentions the Plaintiff "in any way, at any time to date, to any party" does not outweigh its likely benefit.

The general rule in civil litigation is that if evidence is lost, ruined or destroyed, sanctions are appropriate if "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence."   *Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136, 1149 (10th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1032 (10th Cir. 2007)).   If damage or destruction has occurred, a court may impose a variety of sanctions including dismissal, judgment by default, preclusion of evidence, imposition of an adverse inference, or assessment of attorney's fees and costs.

*Goodman v. Praxair Servs., Inc.,* 632 F.Supp.2d 494, 506 (D.Md. 2009) (citing *In re NTL, Inc. Secs. Litig.,* 244 F.R.D. 179, 191 (S.D.N.Y. 2007)).

Plaintiff has not shown that a preservation order is needed due to any actual risk that specific evidence will be lost or destroyed. Her blanket request for preservation of all evidence which mentions the Plaintiff "in any way, at any time to date, to any party" is generalized and unsupported. Further, the inherent discretionary power of the Court to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence adequately guards against any potentially improper discovery conduct. Accordingly, Plaintiff's motion will be denied.

## IV.     Renewed Request for Appointment of Counsel

Plaintiff again requests that the Court appoint counsel for her in this matter. Plaintiff's initial request for appointment of counsel (ECF No. 4) was denied without prejudice as premature (ECF No. 15).

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand,* 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the [*pro se* litigant] to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel." *Steffey v. Orman,* 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 910th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the *pro se* litigant] in presenting his [or her] strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223 (quoting *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995)). In other words, the Court does not appoint an attorney to assist a

plaintiff in finding claims that have sufficient merit.

The Court is not persuaded that appointment of counsel is necessary in the interests of justice at this time. Plaintiff's request will be denied without prejudice because Plaintiff's failure in her Complaint to provide a short and plain statement of the claims she is asserting and the facts supporting those claims as required by Fed. R. Civ. P. 8 deprives the Court of sufficient information to determine whether appointment of counsel is appropriate. *See* D.C.COLO.LAttyR 15(f)(1)(B) (relevant factors the court must consider include the nature and complexity of the action, the potential merit of the claims, a demonstrated inability to retain an attorney by other means, and the degree to which the interests of justice will be served by appointment of counsel). If this case passes initial review and is drawn to a presiding judge, Plaintiff may renew her motion for appointment of counsel at that time.

**V. Orders**

Based on the foregoing, it is

ORDERED that Plaintiff's Motion For Preliminary Injunctive Relief For Protection of Safe Housing When Incarcerated **(ECF No. 5)** is **denied**. It is

FURTHER ORDERED that Plaintiff's Motion For Preliminary Injunctive Relief and Protection of Existing Specialists Medical Care When Incarcerated **(ECF No. 6)** is **denied**. It is

FURTHER ORDERED that Plaintiff's Motion For Temporary Restraint and Order of Protection **(ECF No. 7)** is **denied**. It is

FURTHER ORDERED that Plaintiff's Motion For Temporary Restraint and Order of Protection **(ECF No. 8)** is **denied**. It is

FURTHER ORDERED that Plaintiff's Motion to Safeguard and Preserve Evidence

**(ECF No. 9)** is **denied**.   It is

FURTHER ORDERED that Plaintiff's Motion for Court's Emergency Intervention **(ECF No. 12)** is **granted in part and denied in part**.   The motion is granted with regard to Plaintiff's request that the Court rule on her pending motions and denied with regard to any further relief, including Plaintiff's renewed request for appointment of counsel which is denied without prejudice as premature.

DATED at Denver, Colorado, this  31st  day of       May       , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court