Alfred A. Arraj US Courthouse
901 19th Street
Denver, Colorado 80294

**Plaintiffs:**
Shawnee Ryan, her surviving heirs and estate

vs

**Defendants:**
**Colorado Department of Corrections, (CDOC)**
Rick Raemisch (in personal and professional capacity)

**State Bureau of Prisons**
Travis Trani (in personal and professional capacity)

**Federal Bureau of Prisons**
Mark S. Inch (in personal and professional capacity)

*Dr. Frost (current, acting Chief Medical Officer (in personal and professional capacity)
Dr. Susan Tiona (in personal and professional capacity)
Dr. Andrew Martinez (in personal and professional capacity)

Ryan Long (in personal and professional capacity)
David Johnson (in personal and professional capacity)
Terry Jacques (in personal and professional capacity)

Hilary Victoroff N.P. (in personal and professional capacity)
Laura Sommerschield N.P. ((in personal and professional capacity)

Correctional Health Partners (dba CHP, dba Correctional Health Companies, Inc., dba Correctional healthcare Physicians, P.C., dba CHC Companies, Inc., dba Correctional Corporation of America) (in personal and professional capacity)
**Dr. Jennifer Miecks (in personal and professional capacity).
*Defendant "Frost" first name unknown, with CDOC, all avenues open to offenders, refusing to disclose first name. Court assistance requested.
**Defendant "Miecks" (prounced 'Mix") spelling of last name unknown; refused by CDOC, all avenues open to offenders. Court assistance requested.

**Plaintiff's Representation:**
Shawnee Ryan #159496
DRDC-Infirmary-5
Denver, Colorado 80239

**All Defendants:**
**Unknown**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 08 2018
JEFFREY P. COLWELL
CLERK

∧ **COURT USE ONLY** ∧

Case Number:

Div.:         Ctrm:

Request for Clarifying Information            Page One
Re: Court Order of May 24, 2018

1. Plaintiff Shawnee Ryan requests the court clarify its order for Ryan to "obtain and utilize the Court approved Prisoner Complaint form" as the only format the court will accept for her ordered amendment; when, in fact, Ryan did not file a 1983 Prisoner Complaint, and, did, file a federal tort personal injury/medical malpractice complaint with jury demand.

2. Ryan attaches a duplicate copy of her filed civil cover sheet. Verifying that she did, in fact, file tort, not prisoner complaint.

3. In review, since the court's order of May 24, 2018; the only technical error Ryan can see committed on that civil cover that classifies her filing; is her misread of one section under Cause of Action where she interpreted that she was to state the statute and federal law in her federal question and thus, federal jurisdiction fell under. Rather than tort statute which allows her to file sustainable tort action against officials.

Request for Clarifying Information — Page Two
re: Court Order of May 24, 2018

- Ryan only listed statute for federal jurisdiction, due to her potential misread.

- Is the court confused by Ryan not citing tort statute that allows a prisoner to move a sustainable tort action against officials?

- Or, is the court ordering Ryan to drop tort ability and either force to a 1983 Prisoner Complaint or be dismissed? Ryan's understanding of 1983 Prisoner Complaint instructions is that it is an entirely different format and process that also undergoes assessment by a section of the court solely dedicated to screening 1983's. She respectfully asks for clarification.

- Ryan clearly states that she will obey any amendment order for her tort filing and that this filing asking for clarification is not her response to the May 24, 2018 order.

- Ryan will be, when the tort process is ripe, also filing for supplemental jurisdiction

Request for Clarifying Information — Page Three
re: Court Order of May 24, 2018

of any state filed tort that will or could arise from foundation of this federal complaint and federal jurisdiction.

Ryan respectfully asks the court, at this time, to review her civil cover sheet (duplicate copy attached) with specificity to cause of action, federal authority to federal question and the description of a minimum of (2) short and plain statements that clearly tie to the narrative she gave within complaint with Jury Demand. Ryan did follow standard filing format to the type of complaint she filed: A) Full Header B) Defendants defined C) Background D) Nature of Case E) (Inserted necessary medical facts F) Torts and their values G) Limitations H) (Inserted) Restrictions I) Procedural Duty to Serve Defendants J) Cause of Action (Claims) K) Previous lawsuits L) Administrative Relief M) Request for relief N) Jury Demand O) Declaration of Perjury P) Certificate of Mailing (held due to not allowed until assessed for frivolity, etc)

Request for Clarifying Information — Page Four
re: Court Order of May 24, 2018

Ryan notifies the court at this time that she recieved order on May 30, 2018. That it verifiably takes a minimum of 5 to 10 days, routinely and historically verifiable for CDOC (et al) to process and deliver legal mail to an inmate in the infirmary. Ryan also notifies that due to CDOC (et al) inability to maintain employment of a law librarian since end March, 2018 (and) the segregated housing the infirmary is, she is allowed just 2 hours per week for legal access and then, only when library is giving infirmary appointments. Ryan requests an additional 30 days, from the date of response to this filing, for amending and care that may be ordered.

Respectfully submitted this 4th day of May, 2018.

S.K. Ryan, Plaintiff

Shawnee K. Ryan

## Certificate of Mailing

I certify that I have mailed a true and accurate copy of the above named filing, with attachment, postage prepaid, on this 4th day of June, 2018 by placing same in the legal mail system of the Colorado Dept. of Corrections.

_/s/_ Plaintiff

Sourree K. Ryan

Clerk of Court
Alfred A. Arraj U.S. Courthouse
901 19th Street
Denver, Colorado 80294

JS 44 (Rev. 12/11) District of Colorado Form

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the clerk of court for the purpose of initiating the civil docket sheet. (SEE ISTRUCTIONS ON NEXT PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Shawnee Ryan, her surviving heirs and estate

**(b)** County of Residence of First Listed Plaintiff: Denver County

**(c)** Attorneys *(Firm Name, Address and Telephone Number)*
Pro Se: Shawnee Ryan #159496
DRDC-Infirmary-5
P.O. Box 392004
Denver, Colorado 80239

**Defendant(s)**
Colorado Department of Corrections, (CDOC)
Rick Raemisch (in personal and professional capacity)

State Bureau of Prisons
Travis Trani (in personal and professional capacity)

Federal Bureau of Prisons
Mark S. Inch (in personal and professional capacity)

*Dr. Frost (current, acting Chief Medical Officer (in personal and professional capacity)
Dr. Susan Tiona (in personal and professional capacity)
Dr. Andrew Martinez (in personal and professional capacity)

Ryan Long (in personal and professional capacity)
David Johnson (in personal and professional capacity)
Terry Jacques (in personal and professional capacity)

Hilary Victoroff N.P. (in personal and professional capacity)
Laura Sommerschield N.P. ((in personal and professional capacity)

Correctional Health Partners (dba CHP, dba Correctional Health Companies, Inc., dba Correctional healthcare Physicians, P.C., dba CHC Companies, Inc., dba Correctional Corporation of America) (in personal and professional capacity)
**Dr. Jennifer Miecks (in personal and professional capacity).
*Defendant "Frost" first name unknown, with CDOC, all avenues open to offenders, refusing to disclose first name. Court assistance requested.
**Defendant "Miecks" (prounced 'Mix") spelling of last name unknown; refused by CDOC, all avenues open to offenders. Court assistance requested.

County of Residence of First Listed Defendant: El Paso County
Attorneys State of Colorado Attorney General (and) *Unknown for former employees*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
**X** 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | **X** 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | **X** 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Shawnee Ryan (*Ryan*) entered CDOC aprx. November 5, 2012. Currently pending special needs parole approval of parole plan and release date. Serving two six-year sentences, consecutive, on charge of theft, with 3 years mandatory parole. Ryan, in 2012, was 55 years old, in excellent physical health on initial CDOC screenings, labs and physicals. No history of any kind of substance, alcohol use or abuse, no violence and no behavorial issues. Classified as minimum secured with a CARAS rating of one point and low risk LSI scoring. Ryan has consistently maintained an exceptionally good inmate record and remains carrying the same minimum security ratings and classifications as she did upon entry. As of April 1st, 2018, Ryan has served nearly two years past her PED and is two months shy of fully serving the governing six-year sentence. She carries an additional credit of 23 months of earned time and achieved time in addition to served time. Ryan, on entry; was immediately sent to what would be her home facility of LaVista Correctional Facility (*LVCF; a minimum to medium secured work camp facility*). In March 2013, Ryan became ill and could not fully recover. An astute M.D., after seeing high renal (*kidney*) insufficiency in a blood test, returned Ryan, along with case management assistance, on a progressive move back to Denver Womens Correctional Facility (*DWCF; a max-5 secured facility that is the only housing within Colorado that can house female inmates and give them access to complex, chronic medical care*) where she was placed on medical hold. Ordered, by LVCF medical doctors, to specific diagnostic work; it took DWCF Clinical Services, after assigning Ryan to Nurse Practitioner (*N.P.*) Hilary Victoroff (*Victoroff, see Claim Two*), from June 1, 2013 until September 2013 to see Ryan in clinical, let alone do the initial simple 24-hour urine analysis required. Due to high saturation of Bence Jones Proteins (*Lambda Light Chain Deposition Disease/monocolonal gammopathy*) within that sample; Ryan was ordered to be seen by a CDOC Nephrologist (*Dr. June Scott*), who had Ryan undergo ultrasound and biopsy testing where the result then returned as a (*by that time*) 30% atrophied right kidney and diagnosis of Light Chain Deposition Disease/monocolonal gammopathy/Bence Jones (LCDD) (*fatal, autoimmune*). It took CDOC until March 2014 for the second diagnosis of Multiple Myeloma blood cancer (*See medical information below (and) third part of Claim One*). By that time, Ryan's blood levels were in Stage III on both diseases, with the following side effects *at that time*: kidney insufficiency, cardiac issues, anemia factors and endangered immune system. All of which, Ryan did not have prior to incarceration. At that time, Ryan, solely through her own assertiveness through administrative processes, and strength of will to stay alive until release; was not receiving *any* medical care from DWCF clinical since initial diagnosis, and was being denied access to her CDOC Nephrologist. Ryan filed her first request for emergency intervention to then Warden David Johnson, under CDOC AR 850-04 (*grievance procedures*) requesting a staffing to break the lack of any medical care access. The result of staffing was that Victoroff was removed as assigned provider and Ryan's first board certified, licensed CDOC medical doctor was assigned in late March 2014. From there, the path of CDOC medical care is; in the most extreme of events, *but far from all events encountered by all over the next nearly five years*; tracked below in claims. Ryan has maintained extensive, sequential tracking records of *all* care. Close estimation; to be backed up through compulsory process; of Ryan's medical costs to date, from November 2012 entry into CDOC, to present day; is aprx. (5) million dollars; with close estimation of continuing annual cost of (1) million dollars for basic drugs and labs monitoring alone. Permanent damage to Ryan, resulting from extended chemo therapy is:  Deep vein thrombosis (DVT), severe dilation of left atrium of heart, ecotopic rhythms, chronic orthothesis, bone lesions, hypogammaglobulinemia, anemia, pancreatic insufficiency, renal insufficiency, atrophy of right kidney, severe neuropathy in hands and feet, vision loss, edema.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability |  | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Other |  | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **PERSONAL PROPERTY** |  | ☐ 830 Patent | ☐ 4560 Commerce |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act |  | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | X  362 Personal Injury Med. Malpractice |  | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | **TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus** |  | ☐ 870 Taxes (U.S. Plaintiffs or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **530 General** | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty **Other:** | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison condition |  |  |  |
|  |  | ☐ 560 Civil Detainee- Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

X  1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 another district *(specify)*   ☐ 6 Multidistrict Litigation   ☐ 7 Judge from Magistrate Judgment   (Transferred from / Appeal to District)

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (*Do not cite jurisdictional statutes unless diversity*):
**Primary authority, but not limited to:**
Title 42 C.F.R. Part 435, 1009 (a) (1) (*Affordable Healthcare Act, catastrophic Medicaid provisions*)
Colorado Department of Health Care Policy & Financing HCPF 14-006

Brief description of cause: That the Colorado Department of Corrections did, while Ryan was an inmate, for a period spanning aprx. 55 months, and does continue to present day; commit various aspects and types of fraud by violating the inmate catastrophic Medicaid clause of the Affordable Health Care Act by denying Ryan, for nearly 4 years; symptomatic, palliative, and life-saving medical treatment in the form of bone marrow transplant; various hospitalizations in facilities equipped to handle her care and medical necessity; ordered by specialist treatments; and obstructed or denied life-saving and life-maintaining drug(s) that were fully covered and approved by Medicaid. That the Colorado Department of Corrections did; only when it finally served their own interests and *only under asserted legal duress from Ryan*; grant, in June 2017, *the use of the same Medicaid available since July 2014*, to give Ryan a bone marrow transplant. Over four years too late to prevent permanent and life-threatening damage to vital organs and her body. That the Colorado Department of Corrections, did, knowingly and repeatedly, continuing to present day, withhold; willfully and wantonly, the same Medicaid coverage to provide Ryan with ordered by outside specialist and standard protocol for her diseases; post-transplant care and medication. That the Colorado Department of Corrections, did, and continues through present day, knowingly use the outside private entity of Correctional Health Physicians (CHP) to approve and deny procedures and treatments; when, in fact, CHP has absolutely nothing to do with the new federal law and state regulations governing inmate Medicaid approvals and denials (and) CHP has absolutely nothing to do with CDOC security and day-to-day clinical services operations. CHP is also, not on the Medicaid power of attorney Ryan signed in 2014 (*as instructed by CDOC to do*). Ryan and CDOC are the only parties accessing payment, approvals and denials of Medicaid. CHP, is nothing more than an outside private corporate entity that is in place to handle approvals and denials of care for CDOC cases *not otherwise insured*. *CHP, is, however, the long-standing private entity that the CDOC has paid and continues to pay and/or move health care funds through*. The new federal law, at least in Ryan's case, has altered that relationship in that Ryan's hospitals and in-hospital hematology and oncology teams direct bill Medicaid when applicable, and utilize the liaison of Ryan's clinical nurse case manager rather than CHP when they do so. That the Colorado Department of Corrections, did and continues to present day, to willfully disregard the certification and licensing requirements of mid-level, non-specialized, and verifiably grossly under-trained in complex care nurse practitioners to handle all aspects of care for complex medical cases, which  Ryan is. And execute that care, without a board certified, licensed medical doctor on shift, on staff, and immediately available to approve all decisions made. That the Colorado Department of Corrections knowingly allows the same practitioners to access monitoring and dosing levels control over Ryan's highly toxic and dangerous but life-maintaining, Class  V chemo narcotic, in the form of the DEA federally regulated drug, Revlimid.  Which contractually with DEA, only Ryan and her oncologist control dosing levels and monitoring.  That the Colorado Department of Corrections, whose only role with Revlimid and DEA is to provide security

and safety for the drug, does violate security and safety when they knowingly allow the same practitioners to act, without a licensed, board certified M.D. on shift, on staff and in direct supervision of them to control the drug's actual dosing, rather than the same practitioners simply following all orders from Ryan's oncologist. That the CDOC further violates federal regulators security directives when Ryan is endangered from orders and care not being followed, or verbally intimidated to "not get" the drug if she does not conform to same practitioners alleged reckless handling; and when CDOC refuses to provide standard security and safety for Ryan even in the most simple form of their physical presence in a treatment room in order to deter physical harm to an inmate (*Ryan*). That the Colorado Department of Corrections, State and Federal Bureaus of Prisons knowingly allow alleged fraudulent use of administrative grievance policies governed by Colorado State Supreme Court (and) medical affidavits available to inmates and binding upon CDOC and its employees. That the Colorado Department of Corrections, State and Federal Bureau of prisons and all designees are guilty of complicity with subsequent deliberate indifference, willful ignorance and gross negligence as a result of that complicity. Complicity, spanning years in this case, of silence of people not only in power but also in full control of all operations and responsibility for safety of all parties through responsibility to duty; who allow the practices above to continue even after they have been made fully aware of all activity of those under them. With regard to Defendants Bureaus of Prisons; the direct oversight and duty of the State Bureau of Prisons and Federal Bureau of Prisons to provide technical assistance and oversight, carries or should carry the same liabilities as the Colorado Department of Corrections, as each, either has, or should have, or has the capacity to have; the same exact awareness and information regarding all claims within this lawsuit and are bound, to uphold the same state and federal statutes and constitutionality.

It is a moot point, whether one agrees with, or believes in, the validity of the spirit and intent (or) the legislative wording behind 'Obamacare' (AHCA) and specifically, the inmate catastrophic Medicaid clause. The fact that this new federal law, adapted by the State of Colorado, is contentious in the extreme on political and socially accepted levels; is also moot. Reality, is that it is, was and remains the law at the time of Ryan's diagnoses while incarcerated, and as law; must therefore be upheld.

It is also a moot point, unfortunately, that previous federal and state political administrations (and) present administrations; in concert with legislators both federal and state; obviously, utterly failed and remain failing, to 'think' of 'how' to implement the new federal law into our correctional system and 'how' to reformat their now former relationship with private contractors such as, CHP. All, held not only a duty then, but remain holding a duty to uphold and execute the order of law. If anything, the failure of the Bureaus of Prisons to provide technical support *in something that is the magnitude of the new law*, becomes even more of a duty to *uphold* than their basic duty to *ensure* law is upheld in day-to-day operations.

---

| | | |
|---|---|---|
| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | CHECK YES only if demanded in complaint<br>**DEMAND** Consequential monetary compensation for all damages, aggravated circumstances and acts including actual, exemplary and punitive damages in amounts TBD, including award of all fees and costs. Also seeking protective injunction, restraint reliefs. Also requesting pro bono representation by counsel.<br>**JURY DEMAND** ☒ Yes ☐ No |

DATE April 17, 2018         SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**Colorado Department Of Corrections**

Name: Shawnee Ryan
Register Number: 89904
Unit: DWCF-Infirmary-3
Box Number: 392004
City, State, Zip: Denver, Colo. 80239

STATE OF COLORADO
OFFICIAL MAIL
PENALTY FOR PRIVATE USE



U.S. POSTAGE >> PITNEY BOWES
ZIP 80216
02 1W
0001361571 JUN. 05. 2018
$ 000.68⁰

Clerk of Court
Alfred A. Arraj U.S. Courthouse
901, 19th Street
Denver, Colorado 80294

80294@2500 C044

DRDC 6-4-18
FACILITY: Birdwell
STAFF LAST NAME: 11679 JB
DOC#: 139490
OFFENDER LAST NAME: Ryan
ID#: INT 512