IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-GPG

SHAWNEE RYAN, her surviving heirs and estate,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, (CDOC),
RICK RAEMISCH (in personal and professional capacity),
STATE BUREAU OF PRISONS,
TRAVIS TRANI (in personal and professional capacity),
FEDERAL BUREAU OF PRISONS,
MARK S. INCH (in personal and professional capacity),
DR. FROST (current, acting Chief Medical Officer) (in personal and professional capacity),
DR. SUSAN TIONA (in personal and professional capacity),
DR. ANDREW MARTINEZ (in personal and professional capacity),
RYAN LONG (in personal and professional capacity),
DAVID JOHNSON (in personal and professional capacity),
TERRY JACQUES (in personal and professional capacity),
HILARY VICTOROFF N.P. (in personal and professional capacity),
LAURA SOMMERSCHIELD N.P. (in personal and professional capacity),
CORRECTIONAL HEALTH PARTNERS (dba CHP, dba Correctional Health Companies, Inc., dba Correctional Corporation of America) (in personal and professional capacity), and
DR. JENNIFER MIECKS (in personal and professional capacity),

    Defendants.

---

ORDER

---

On June 8, 2018, Plaintiff, Shawnee Ryan, filed a document titled "Request for Clarifying Information." (ECF No. 17). In the document, Plaintiff expresses that she did not file a 1983 Prisoner Complaint in this action, but instead filed "a federal tort personal injury/medical malpractice complaint with a jury demand." (*Id.*). Plaintiff wants to know if the Court's Order Directing Plaintiff to Amend Complaint issued on May 24, 2018 is

1

ordering her to drop her tort claims and forcing her to file a 1983 Prisoner Complaint or face dismissal.   Plaintiff asks that the Court reconsider the Order directing her to amend her complaint because the Plaintiff feels she has adequately stated a sustainable tort action against officials.   Plaintiff states she has followed the standard filing format for the type of complaint she filed, so she should not have to utilize the Court-approved form. Finally, Plaintiff indicates that if she is required to comply with the Court's Order Directing Plaintiff to Amend Complaint, then she requests that she be allowed "an additional 30 days from the date of response to" her request for clarification in which to file an amended complaint.

## I.  The Court's May 24, 2018 Order Directing Plaintiff to Amend Complaint

Plaintiff may file whatever cause of action she wishes to pursue in this matter. However, unlike state district courts, federal district courts are not courts of general jurisdiction that can adjudicate all types of claims.   Federal courts "have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."   *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).   As the party invoking federal jurisdiction, Plaintiff must allege facts in her complaint to demonstrate the case falls within the Court's limited jurisdiction.   *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

There are two statutory bases for federal subject matter jurisdiction:   federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.   The Court must construe these statutes strictly.   *See United States v. Pethick*,

2

513 F.3d 1200, 1202 (10th Cir. 2008). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted). Section 1332(a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

As currently pleaded, Plaintiff's complaint fails to demonstrate that this Court has jurisdiction under 28 U.S.C. § 1331 or under 28 U.S.C. § 1332. As indicated in the Court's Order directing Plaintiff to amend her complaint:

> [T]he allegations of Plaintiff's Complaint reflect that she has exclusively been a state inmate in the custody of the CDOC in connection with the events and circumstances alleged in the pleading. There are no facts to indicate Plaintiff was ever held in federal custody at any time relevant to her Complaint. Further, Plaintiff has failed to identify any facts to reflect how the Federal Bureau of Prisons and Defendant Inch would be involved with matters concerning a state inmate who is incarcerated by the CDOC. Unless Plaintiff can provide specific facts in her amended complaint which would demonstrate how these federal Defendants participated in or were directly involved with the matters Plaintiff is seeking to litigate in this case, the Federal Bureau of Prisons and Defendant Inch would not be proper parties to this action.

(ECF No. 16)

The Federal Bureau of Prisons and federal prison officials do not oversee or supervise state prisons. On its face, such supervision would violate basic principles of federalism and would appear to improperly insert the federal government into matters concerning the governance and operation of the state's penal system reserved to the

3

State of Colorado under the provisions of the Tenth Amendment.  *See generally Bond v. United States,* 564 U.S. 211, 221 (2011) (the allocation of powers between the states and the federal government "preserves the integrity, dignity, and residual sovereignty of the States.   The federal balance is, in part, an end in itself, to ensure that States function as political entities in their own right.").

Therefore, under her current complaint as pleaded, Plaintiff cannot sustain an action pursuant to the Federal Tort Claims Act ("FTCA"), because the FTCA applies to only lawsuits for money damages for injury or loss of property negligently or wrongfully caused by <u>federal</u> government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (" [t]he FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit").   Plaintiff's complaint evidences no facts to link a federal government employee acting within the scope of their employment to the injuries she claims.

The remaining Defendants named by the Plaintiff are alleged to be state actors and therefore would not be covered under the scope of the FTCA.   Plaintiff's claims of negligence, fraud, personal injury, and/or medical malpractice against these Defendants are based on state law tort principles and do not arise under the Constitution, laws, or treaties of the United States.   *See Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 144 (1963) (the availability of tort remedies to compensate for injuries personal to an individual is a subject matter "traditionally regarded as properly within the scope of state superintendence").   The tort claims which Plaintiff indicates she seeks to pursue in this case are remedial and compensatory in nature under state law and would not depend on resolution of a substantial federal question.   Therefore, as currently pleaded,

Plaintiff's complaint fails to present a federal question over which the Court has jurisdiction pursuant to § 1331.

Plaintiff also fails to allege facts that demonstrate the Court may exercise diversity jurisdiction pursuant to § 1332. Diversity jurisdiction exists only when there is complete diversity of citizenship between each Plaintiff and each Defendant. *See Newman– Green, Inc. v. Alfonzo– Larrain,* 490 U.S. 826, 829 & n. 1 (1989); *Ravenswood Inv. Co, L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1233 (10th Cir. 2011). Plaintiff fails to assert facts to establish diversity of citizenship, and it is apparent the Plaintiff and a majority of the named Defendants are all residents of Colorado. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant").

Plaintiff indicates she wishes to invoke supplemental jurisdiction over her claims, but she must establish federal jurisdiction over her lawsuit before the Court will consider supplemental jurisdiction over possible state tort claims such as personal injury, negligence, fraud, or malpractice. *See* 28 U.S.C. § 1367(a); *see also Koch v. City of Del City,* 660 F.3d 1228, 1248 (10th Cir. 2011) (the district court should usually decline to exercise supplemental jurisdiction over any outstanding state claims if no federal claims exist).

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Therefore, Plaintiff has been provided the opportunity to amend her complaint to address the pleading and jurisdictional issues as set forth in the Court's May 24, 2018 Order. If, as Plaintiff indicates in her request for clarification, she does not wish to pursue a cause of action under 42 U.S.C. § 1983 (which would encompass any Eighth Amendment medical

5

treatment claims), then she must otherwise establish federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332 in order for this lawsuit to survive and go forward.  As indicated, federal district courts are not courts of general jurisdiction that can adjudicate all types of claims and the two statutory bases for federal subject matter jurisdiction are as described.  Should Plaintiff decide she wishes to simply pursue her state law tort claims, she may certainly seek to do so in an appropriate state court action.

**II.    Reconsideration of the Order Directing Plaintiff to Amend Complaint**

Plaintiff has provided no grounds upon which to reconsider the Order Directing Plaintiff to Amend Complaint issued on May 24, 2018.  As indicated in the Court's May 24, 2018 Order directing the Plaintiff to amend her pleading, her Complaint With Jury Demand ("Complaint") (ECF No. 1) does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Plaintiff does not deny that her complaint does not contain a short and plain statement of the grounds for the court's jurisdiction and, as discussed in the previous section, the complaint fails to demonstrate a basis for federal jurisdiction.

As filed, Plaintiff's complaint fails to provide a short and plain statement of her claims showing that she is entitled to relief.  The manner in which information is presented in the complaint fails to give the Defendants and the Court fair notice of the claims being asserted.  Neither the Court nor the Defendants are required to guess or sort through allegations in order to determine the number or nature of the claims being asserted and what specific factual allegations in Plaintiff's pleading support each asserted claim.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

**III.    Use of Court Approved Form**

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigation or the requirements of the substantive law.   *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms. *See e.g., Georgacarakos v. Watts,* 368 Fed.Appx. 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 Fed.Appx. 330, 332-33 (10th Cir.2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring pro se litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights).

Plaintiff is directed to obtain and utilize the current Court-approved Prisoner Complaint form revised as of December 2017, along with the applicable instructions, at www.cod.uscourts.gov in amending her complaint.   (ECF No. 15).   Pursuant to 42 U.S.C. § 1997e, as an incarcerated prisoner, the Court-approved Prisoner Complaint form is the appropriate form to be used.   If, as Plaintiff indicates in her request for clarification, she does not wish to pursue a cause of action under 42 U.S.C. § 1983, then

7

she may complete the "Other" portion of Section C of the Prisoner Complaint form concerning jurisdiction.  Plaintiff is reminded in this regard that she must demonstrate a basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction pursuant to § 1332 in her amended complaint.   Without a basis in the amended complaint to demonstrate the case falls within the Court's limited jurisdiction, the lawsuit cannot survive and go forward.

Finally, pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."   "Section 1915A of Title 28 outlines a screening procedure that applies to all civil complaints filed by prisoners against governmental entities, officers, or employees regardless of whether the prisoner has paid the filing fee."   *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006). Additionally, the Local Rules of Practice for this Court at D.C.COLO.LCivR 8.1(b) requires "review [of] the pleadings of a prisoner (whether represented by counsel or not)."

## IV. Request for Extension of Time

Having demonstrated good cause for an extension of time to file her amended complaint, Plaintiff's request will be granted.

For the reasons discussed above, it is

ORDERED that Plaintiff's Request for Clarifying Information **(ECF No. 17)** is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's request for clarification is granted. Plaintiff has not been ordered to drop her tort claims and file a 1983 Prisoner Complaint. However, Plaintiff must otherwise demonstrate federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332 in this matter;

2. Plaintiff's request for reconsideration of the Order Directing Plaintiff to Amend Complaint is denied;

8

3. Plaintiff's request to not be required to utilize the Court approved form in filing her amended complaint is denied; and

4. Plaintiff's request for an extension of time to file her amended complaint is granted.

It is FURTHER ORDERED that **on or before July 12, 2018**, Plaintiff shall file an amended complaint as directed in this Order and in the Court's Order Directing Plaintiff to Amend Complaint issued on May 24, 2018. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the current Court-approved Prisoner Complaint form revised as of December 2017, along with the applicable instructions, at www.cod.uscourts.gov in amending her complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this Order and the Court's Order Directing Plaintiff to Amend Complaint issued on May 24, 2018 **on or before July 12, 2018**, the action will be dismissed without further notice.

DATED June 12, 2018, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge