Civil Cover Sheet

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUL 17 2018**

JEFFREY P. COLWELL
CLERK

I (a) Plaintiff;
Shawnee Ryan

(b) County of Residence, Denver County

(c) Attorney;
Pro Se, Shawnee Ryan #159496
DRDC—Infirmary—3
P.O. Box 392004
Denver, Colorado 80239

Defendants;
1) United States of America (United States)
2) Federal Bureau of Prisons (et al)
3) Colorado Department of Corrections (et al)
4) Correctional Health Partners (dba CHP,
   dba Correctional Health Companies, Inc.,
   dba Correctional Corporation of America,
   dba Physician Health Partners, dba
   CHP Companies, Inc, dba Correctional
   Healthcare Physicians, P.C. (et al)
5) Dr. Jennifer Mix M.D. (personal capacity)
6) Dr. Susan Tiona M.D. (personal capacity)

(2) 7) Hilary V. dorroff N.P. (personal capacity)
8) Laura Sommerschield N.P. (personal capacity)

County of Residence of First Listed Defendant:
Unknown

Attorney names for Defendants:
Unknown.

II. Basis of Jurisdiction
2) US Government a defendant

III. Citizenship of Principal Parties:
PTF: Citizen of this State
DEF: Not a diversity case at this time

IV. Nature of Suit:
• 550 — General Prisoner Petition

V. Origin: Original Proceeding

VI. Cause of Action.
This suit is a civil rights action filed by
Plaintiff Shawnee Ryan, an inmate in the
custody of the Colorado Dept. of Corrections,
for actual damages, prospective reliefs

(3) and injunctive reliefs under 42 U.S.C.
1983; alleging denial of medical care
in violation of the Eighth Amendment to
the United States Constitution (Defendants
1, 2, 3). Plaintiff further alleges the torts
of medical malpractice, negligence, reckless
disregard, technical assault and battery
and complicity under FTCA 28 U.S.C.
1346(b), 2671-80. (Defendants 4, 5, 6, 7, 8)

Applicable federal and Constitutional law:
· 42 U.S.C. 1331(1) and 1343.
· Eighth and Fourteenth Amendments to
  United States Constitution
· Federal Tort Claims Act 28 U.S.C. 1346
  (b)
· 42 USCS (201) Title 42 Public Health
  and Welfare Chapter 6A; specific
  to Affordable Health Care Act Inmate
  Catastrophic Medicaid Provisions;
  Title 42 C.F.R. Part 435.1009 (a)
  (1). (Incorporated into State of
  Colorado law as); Colorado Department
  of Health Care Policy and Financing
  HCPF 14-006.

(4) 18 USCS 4042; Duties of the Bureau of Prisons; In general ... under the direction of the Attorney General shall; (4). Pennhurst State School & Hospital v. Halderman, 465 US 89, 107, 109, 109 n. 17, 114 n. 25, 104 S. Ct. 900 (1984) wherein Court can enforce state law to protect a constitutional right (and) wherein Court can use as foundation to determine what party is responsible for a federal law violation.

VII.  Requested in Complaint:

'Jury-Demand'; Yes

Demand:

1) Issue declatory judgment that Defendants United States, Federal Bureau of Prisons failed to instill the new federal law of the Inmate Catastrophic Medicaid Provisions into the US. correctional system (etal.) and the Colorado Dept. of Corrections (etal.) to the extent that Ryan's Eighth Amendment right to

5 adequate medical care was denied.

2) Issue a declatory judgment that CDOC (etal) (Colorado Department of Corrections) contractually placed Defendant CHP (etal) as the official authority to institute CDOC (etal) official policies specific to the Inmate Catastrophic Medicaid Provisions (and) act within that capacity to approve and deny Medicaid covered and governed medical care to Ryan.

3) Defendant CDOC (etal), by failing to obey state statute(s), Dept. of Regulatory Agency (DORA) and State Board licensing parameters (and) fail to exercise reasonably prudent care in a unique, highly complex and high risk for life needs medical case that Ryan is; and allowing registered nurses Victoroff and Sommerschield to treat Ryan outside the orders of medical specialists and Surgeons; did commit technical assault and battery; in violation of the Eighth and Fourteenth Amendments that resulted in serious damages to Ryan's body and organs that will be endured lifelong.

3) Award compensatory damages in the same annual monetary cost CDOC (etal) pays now in order for Ryan to lifelong care for herself, T.B.D. amounts through compulsory processes obtaining all CDOC (etal) financial records.

4) Issue an injunction ordering Defendant CDOC (etal) to provide adequate medical care by following all outside contracted specialists, medical doctors and DEA Federal Regulators specific medical orders.

5) Award compensatory damages against Defendants Mix and Tiona for physical, emotional and permanent damages suffered as a result of both acting in equal capacity as CDOC (etal) assigned specialists and surgeons. Amount equivilent to medical industry scales and standards T.B.D.

6) Award compensatory damages against Defendants Victoroff and Sommerschield for physical, emotional and permanent damages suffered as a result of both

6) acting in equal capacity as CDOC (etal) assigned specialists and surgeons. Amount equivilent to medical industry scales and standards T.B.D.

7) Award punitive damages against Defendants (1,2,3) at maximum level.

8) Award punitive damages against Defendants (4,5,6,7,8) at the amount(s) that Jury believes the Plaintiff is entitled.

9) Grant such other relief as it may appear the Plaintiff is entitled.

Date: July 11, 2018                          Signature

Certificate of Mailing
By placing Same, postage prepaid, in CDOC legal mail System July 12, 2018.

                              Clerk of Court
                              Alfred A. Arraj US Courthouse
                              901 19th Street Room A-105
                              Denver, Colorado 80294



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 80216 $ 003.75⁰
02 1W
0001366873 JUL 13. 2018

STATE OF COLORADO
OFFICIAL MAIL
PENALTY FOR PRIVATE USE

Clerk of Court
Alfred A. Arraj US Courthouse
901 19th Street Rm. A-105
Denver, Colorado 80294

Colorado Department Of Corrections
Name Shawne Ryan
Register Number 154903
Unit RDC-IN-3
Box Number 392000
City, State, Zip Denver Co. 80031