IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**DEC 24 2018**

JEFFREY P. COLWELL
CLERK

Civil Action No.    18 – cv – 00956 – GPG

**SHAWNEE RYAN, Plaintiff**

V.

**COLORADO DEPARTMENT OF CORRECTIONS (CDOC) (Full capacity)**
**CORRECTIONAL HEALTH PARTNERS (As contractual third-party administrative agent of CDOC while in business and professional capacity): (dba Correctional Health Partners, Inc.; dba Correctional Health Companies, Inc.; dba Correctional Corporation of America; dba Physician Health Partners; dba CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)**
**DR. JENNIFER MIX, M.D. (personal and professional capacity)**
**DR. SUSAN TIONA, M.D. (personal and professional capacity)**
**HILARY VICTOROFF N.P. (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

---

**MOVE FOR MAGISTRATE'S ADMINISTRATIVE REVIEW TO END AND CASE TO MOVE FORWARD**
**OR**
**FOR COURT TO ISSUE SPECIFIC INSTRUCTIONS FOR MOVING CASE FORWARD and/or DISMISS**
**OR**
**FOR COURT TO GRANT EMERGENCY LEAVE TO PROCEED TO MOVE FOR APPLYING FOR PRO BONO REPRESENTATION**

---

**With sincere respect to the Court, Plaintiff Shawnee Ryan (Ryan) comes now:**

- This case was originally filed over 8 months ago, on April 23rd, 2018.

- While Ryan acknowledges need for numerous format changes and corrections that are solely her responsibility; she has also been subjected to long delays from the Court. The longest being from July 12, 2018 to November, 2018.  There have also been three delays, out of Ryan's control, for court clerk errors. This case has been extraordinary delayed and not all at Ryan's cause, fault or control.

- There is no precedent law for Ryan's complaint that encompasses the new federal law of the Inmate Catastrophic Medicaid Provision of the Affordable Health Care Act. This case, to the best of Ryan's ability to determine, is the first of its kind in the United States.  None of us involved, including the Court, have a foundation to work from, allegedly because crafters of the law failed to anticipate the problem Ryan alleges as the

1

violation of her Civil Right to adequate medical care under the Eighth Amendment. **A Pro Se prisoner *cannot assist the Court*, in understanding 'how' to move forward nor 'who' is under immunity, in an as yet untried arena. The only given, is the problem itself.**

- The core, root and current aspects of the complaint stem in entirety from the denial of adequate medical care, by a state prison, that assigned their official authority and power over a government controlled specific health coverage (Ryan's personal Medicaid coverage that federal legislators enacted into a new federal law) to a private (non-governmental), for profit corporate entity, who used that authority to deny life essential medical care, fully covered by the new law, to Ryan, and did so for a period of years. Ryan, in 2014, was among the first, if not the first inmate in the nation, to simultaneously be diagnosed and need not only catastrophic cost medical care covered by the new law; but extreme catastrophic cost care, at literally the same time as the new federal law was enacted into law and adapted by the State of Colorado.

- So far, the majority of the Court's administrative review and denial of emergency injunctions, has been held to not just its administrative scope of screening format for frivolity, malice content or immunity; but rather repeatedly attempting to handle the same problem Ryan has had; in that there is no precedent law, as this is not a *federal* question that has ever been raised. It is a new *federal* law *not yet tried*. No one knows who, what, where or how immunity of anyone is a factor. **If this Court does know any of that, and further believes it proper and just to say so in the limited capacity of an administrative review; then this motion is *respectfully* requesting that the Court very specifically and concisely say so or dismiss.**

- Ryan has the right to be heard in a timely manner.

- Ryan holds a black letter constitutional right to receive medical care under the Eighth Amendment to the United States Constitution. That is, what the Constitution reads. A Constitution put into place long before any of its framers could ever have predicted that a new and very vaguely worded federal law would be put into place, that would arise in a state entity allegedly being left on its own to allegedly interpret it with allegedly no federal guidance, and that alleged interpretation would culminate in the way it did so that a *state* prisoner, in Ryan, encounters through no fault of her own; *a private society entity* clashing with state and federal entities; in a clash that has allegedly threatened and allegedly continues to threaten an inmate's life. In very much the same way as the long ago case of **Gideon v Wainwright**; a very simple prisoner problem has now, unequivocally blown into a very large legal issue for all parties. For Ryan, her life, is unequivocally threatened as a result, which she has the civil right to verify as

2

unequivocal rather than alleged; and time for her, is literally short. ***She has the right for <u>relief</u> to either be heard or be dismissed so she can move on.***

- **Ryan also does not have the responsibility to the Court to undergo pre-litigating and pre-adjudicating in alleged violation of her right to be heard.** The administrative process is supposed to be a very simple procedure. While Ryan greatly appreciates any Grace the process may have shown to her as Pro Se; this review has now drug on for over 8 months.

- In fact, as can and will be proven and shown, Ryan remains in life critical medical condition from the alleged claim(s) and has continued to suffer increased alleged acts and endangerment from the Defendants since her original filing date eight months ago.

- Ryan's attempts for Court protection and intervention by injunction(s) were near immediately denied and verifiably denied for the same issue(s) Ryan states today. Ryan now argues that this Court is allegedly attempting to rationalize a never heard statutory and constitutional problem and is allegedly doing so by using *existing* law.

- Ryan further argues that finding the legal footing in this case can only come from trying it, not attempting to predict it.

- At time of denial of injunctions, Ryan was ordered to continue administrative review. Since release on October 4, 2018 and awaiting release from administrative review, Ryan has again faced increased struggle to stay alive from the alleged prior lack of care. As of **December 14th, 2018; with initial transplant processes to begin on December 28th, 2018;** Ryan has been informed she must undergo a second tandem transplant to cure the continued decline. ***She <u>will soon be</u> incapacitated physically and must get to the point in this Court's process where she is allowed to approach Pro Bono Counsel. Or be confirmed as complaint dismissed***.

- This case, is a civil rights case claiming violation(s) under the Eighth Amendment to the United States Constitution. Under *existing* law, both statutory and constitutional; it is that simple of a case.

- It contains no frivolity. It contains no malice, harassment and is sworn as the truth under penalty of perjury. The same content, is now scanned to print format the Court ordered, with the ordered format and wording adjustments the Court ordered.

3

- To the best of Ryan's knowledge and belief; no individual nor entity claimed has immunity. It is a matter for litigation and due process, not the limited scope of duty in an administrative review to determine otherwise.

- There are enough facts presented that all parties should be made to stay in; until preliminary hearings and motions can be held, prosecuted and defended.

- Ryan has additionally, of her own determination and due to the need she has as of December 14, 2018 to expedite her entire life to accommodate extreme medical care need; removed entities she personally believes should be tried for accountability under law. By giving up that right; it is her hope that Magistrate Gallagher will now be content enough to move forward and complete his scope of work.

- Ryan's sole purpose in now confronting the delay(s) is because she must move forward quickly now. One way or the other. It is not for any other motivation.

**In summary:**

Ryan, with sincere respect to the Court, requests that any further administrative changes or amendments be given in an expedited time frame; that the Court Clerk has no further errors absorbing time; and that any and all instructions be given in concise and specific detail.

**Should there be a need the Court has, to further delay the review moving forward, that Ryan is unaware of; then Ryan also requests leave to proceed with Moving the Court for Leave to Proceed to Apply for Pro Bono Counsel prior to any further incapacitation she is going to encounter.**

Respectfully submitted this 18th day of December, 2018.

*/s/ Shawnee Ryan*

Shawnee Ryan, Plaintiff

**CERTIFICATE OF MAILING:** I hereby certify that I have mailed a copy of this filing to the party below by placing same in the USP service on this 18th day of December, 2018, correctly addressed and postage prepaid.

*/s/ Shawnee Ryan*

Clerk of Court
Alfred A. Arraj US Courthouse
901 19th Street Room A-105
Denver, Colorado 80294

4

Shawnee Ryan
3531 South Logan Street #348
Englewood, Colorado 80113

DENVER CO 802

Clerk of Court
Attn: U.S. Courthouse
Alfred A. Arraj
901 19th Street Rm A-105
Denver, Colorado 80294