IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MEH

SHAWNEE RYAN, Plaintiff

V.

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

---

**PRISONER MOTION FOR APPOINTMENT OF COUNSEL**

---

I am the Plaintiff in this case and am currently not represented by counsel.  I believe that I am unable to proceed with the assertion of my claims in this case without assistance of counsel.  I believe that I qualify for the appointment of counsel from the Civil Pro Bono Panel.

Under the court's Civil Pro Bono Representation rule, D.C.COLO.LATTYR 15, a judicial officer of this court may enter an Appointment Order authorizing appointment by the clerk of a member of the court's Civil Pro Bono Panel when the following considerations weigh in favor of appointment:

1. **The nature and complexity of the action:**
   Original filing done April 23, 2018. Assigned out of review on February 1, 2019. Claim is alleged civil right violation of not providing adequate catastrophic medical care from the periods of May 31, 2013 through to October 4th, 2018, that Ryan was entitled to be given under the federal Inmate Catastrophic Medicaid Provision of the Affordable Healthcare Act and subsequent adaption by State of Colorado HCPF-14-006; which resulted in permanent physical damage to Ryan's body and vital organs. For the nine months of administrative review, continual pre-litigating determinations being unable to clearly identify the new federal law provisions into clear liability against government entities, has ended into single potential liabilities of the three individuals named as defendants now.  Ryan agrees that the three do hold liability.  And disagrees that any of the dismissed government and one private corporate entity's should have been dismissed. All should have fairly remained in the process until, at minimum, initial evidence is shown and argued. (See: *McGill v Correctional Healthcare Companies, Inc (dba) Correctional Healthcare Physicians PC; CHC Companies Inc; Board of County Commissioners for (Jeffco); Jefferson County Sheriff; James Brill; Gina Battenhouse; #13 cv 1080-RBJ-BNB 10th US*; with regards to multiple bases of liability under Deliberate Indifference claim against Jefferson County and Jefferson County Sheriff). No party, including Ryan, would be in this case nor would damages likely be present within Ryan, if the entities currently in dismissal had not allegedly disobeyed the legal parameters of

1

the Inmate Catastrophic Medicaid Provision.  Reference Exhibit One attached as to the consequences of that disobedience of law now affecting Ryan, again, in a life-threatening manner with the diagnosis of MDS/AML: "…associated with previous chemotherapy and only develops in a small number of people.  MDS affects the blood counts…..immune system….progress into acute leukemia…only curative therapy is an allogeneic stem cell transplant (transplant from a donor)….".  All three Defendants left were not only fully acting in their personal and medical professional capacities; they were fully acting within the color of employer authority(ies) and rule; and under the color of state and federal law. Ryan will be appealing the administrative decision to dismiss, as premature and unjust to all parties now left.   If the legalities, in this first case of its kind to challenge the new federal law's handling, was difficult enough to warrant nine months of review and multiple amendments, with still end result as what appears to be a consideration *based on all previous case law on file;* its nature and complexity is plain.

2. **The potential merit of the claims or defenses of the unrepresented party:**
Evidence of the simplistic and clearly stated right to adequate, extreme cost catastrophic medical care within the new federal law and state adaption is unequivocal. Evidence of Ryan being solely at the mercy of the decision making of all parties she filed against, as an incarcerated person, is also unequivocal. Evidence of Ryan's risk of life loss and physical damages is also unequivocal. Evidence that the three remaining Defendants, and those currently in dismissal, were present and in unilateral control of medical services given or not given to Ryan during the time periods in question will be shown as unequivocal.  In all its complexity of no other existing case law of record for the Court to rely upon; this case is simplistic in its civil right status.  Ryan has the civil right(s) to adequate medical care and to be kept alive under the United States Constitution.  As such and within all statements just made; Ryan's suit is solidly meritorious.

3. **The demonstrated inability of the unrepresented party to retain an attorney by other means:**
On file with (two) proofs of indigency.  Now also backed up with Exhibit One (attached) verification of impending physical incapacity.

4. **The degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel:**
*With the utmost respect for the authority and ability of the Court's rule in this case to date; Ryan states and asks:* "There is an extremely high population of incarcerated in both federal and state correctional system, many of which likely have extreme and/or simple catastrophic medical care needs and the new federal law is still in effect and has been since January 2014.  Is allowing only a *superficial due process review of the consequences that **resulted from** the alleged violation(s) of the new federal law, while simultaneously potentially subjecting three employees of those entities to carry the entire burden* meet anything more than the superficial interests of justice?  Ryan, was not and is not, the only incarcerated individual in the system who encountered extreme catastrophic medical need care that qualified for Medicaid coverage.  She is simply the first one to need to file for reliefs under the umbrella of the new law.  Others will, or

2

may, come.  Sooner or later, precedent case law that meets the unique issues this provision brings to the correctional system will have to be put into place if the full interests of justice are ever to be served.

D.C.COLO.LATTYR15(f)(1)(B); *Hill v Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

I am aware that I am obligated, as a party in this case representing myself, to meet all obligations and deadlines imposed under the law and the rules of procedure, local rules, and the practice of standards of this court until appointed counsel formally enters an appearance in this case.  I also confirm that I understand that, in the event this motion is granted, there is no guarantee that appointment of counsel results in an attorney(s) automatically entering an appearance in this case. Only that a member of the Civil Pro Bono Panel will review the case for possible representation.

**(Please check one or both of the following options**:)

**X**      **General Representation –** I request that appointment of volunteer counsel be granted by the court for general representation in this civil action subject to the rules and procedures set forth in D.C.COLO.LATTYR 15.

**X**      **Limited Representation –** I request that appointment of volunteer counsel be granted by the court for the limited representation purpose of:

Reference attached Exhibit 1 as to Ryan's upcoming physical total incapacitation during allogeneic bone marrow transplant.  A need she was not aware of when filing this suit nine months ago (and) which is also a need that cannot, due to life threatening diagnosis, be postponed.  Ryan requests, first, for full General Representation.  In the event denied that, she requests Limited Representation to handle entirety of case while she undergoes transplant and is incapacitated to handle.

I understand that counsel's limited representation may be allowed in accordance with D.C.COLO.LATTYR2(b)(1), under the auspices of the Civil Pro Bono Panel program and its benefits.

*S/Shawnee Ryan*
3531 South Logan Street #349
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

3

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2019, I electronically filed the foregoing and attachment titled "Exhibit 1", with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:   Hegarty_chambers@cod.uscourts.gov

Clerk of Court:   cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)