IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

      Plaintiff,

v.

JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

      Defendants.

## DEFENDANT HILARY VICTOROFF'S ANSWER

Defendant, Hilary Victoroff, N.P. (Defendant Victoroff), by and through her counsel, Senior Assistant Attorney General Amy Colony, respectfully submits this Answer to Plaintiff's Thir Amended Complaint and Jury Demand as follows:

### PARTIES

1.      Defendant Victoroff is without sufficient knowledge or information, as to Plaintiff and her whereabouts, to form a belief as to the truth of the allegations contained in Paragraph A of Plaintiff's Third Amended Complaint and therefore, denies the same.

2.      The Colorado Department of Corrections (CDOC) is no longer a party to this action [ECF No. 52, pp. 3-4], and therefore, a response to Paragraph B of

1

Plaintiff's Third Amended Complaint as it relates to CDOC, is not required.

However, to the extent a response is required, Defendant Victoroff admits the

headquarters of the CDOC is located at 1250 Academy Park Loop, Colorado

Springs, Colorado 80910. Defendant denies the remainder of all allegations as they

relate to CDOC contained in Paragraph B of Plaintiff's Third Amended Complaint.

   3.  Correctional Health Partners (CHP) is no longer a party to this action

[ECF No. 52, pp. 7-9] and therefore, a response to Paragraph B of Plaintiff's Third

Amendment Complaint, as it relates to CHP, is not required. However, to the extent

a response is required, Defendant Victoroff admits that CHP contracts with CDOC

to provide services related to the approval of requests for medical care outside of the

CDOC health system. Defendant Victoroff denies the remainder of all allegations as

they relate to CHP contained in Paragraph B of Plaintiff's Third Amended

Complaint.

   4.  Defendant Victoroff admits that Defendant Jennifer Mix was, at all

times relevant to this action, employed by CHP, as alleged in Paragraph B of

Plaintiff's Third Amended Complaint. Defendant Victoroff is without insufficient

information to form a belief as to the truth of the remaining allegations contained in

Paragraph B of Plaintiff's Third Amended Complaint, as related to Dr. Mix, and

therefore, denies the same.

   5.  Dr. Susan Tiona is no longer a party to this action [ECF No. 52, pp. 7-

9] and therefore, a response to Paragraph B of Plaintiff's Third Amended

Complaint, as it relates to Dr. Tiona, is not required. However, to the extent a response is required, Defendant Victoroff admits Dr. Tiona was formerly the Chief Medical Officer of the CDOC. Defendant Victoroff denies all remaining allegations stated in Paragraph B of Plaintiff's Third Amended Complaint, as related to Dr. Tiona.

6.      Defendant Victoroff admits that at all times relevant to the allegations of the Complaint, she was employed at CDOC as a Nurse Practitioner. Defendant Victoroff denies all remaining allegations stated in Paragraph B of Plaintiff's Third Amended Complaint, as related to her.

7.      Defendant Victoroff admits that at all times relevant to the allegations of the Complaint, Defendant Laura Sommerschield, was employed at CDOC as a Nurse Practitioner.[1] Defendant further states that Defendant Sommerschield is not currently employed by CDOC. Defendant Victoroff denies all remaining allegations stated in Paragraph B of Plaintiff's Third Amended Complaint, as related to Defendant Sommerschield.

## JURISDICTION AND VENUE

8.      Defendant Victoroff admits that this case is brought under 42 U.S.C. § 1983 and this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as alleged in Paragraph C of Plaintiff's Third

---

[1] According to the docket for the above-captioned matter, a Return of Service for Defendant Sommerschield was filed on April 30, 2019, as a Level 3 Restricted Document. [ECF No. 95].

Amended Complaint. Defendant Victoroff admits venue is proper before this Court pursuant to 28 U.S.C. § 1391. Defendant Victoroff denies all remaining allegations stated or implied by Paragraph C of Plaintiff's Third Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**Violation of the Eighth Amendment**
**Deliberate Indifference**
**(Against CDOC)**

9.  Defendant Victoroff incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 8 as her response to the allegations contained in Claim One of Plaintiff's Third Amended Complaint.

10.  CDOC is no longer a party to this action [ECF No. 52, pp. 3-4] and, therefore, a response to Claim One of Plaintiff's Third Amended Complaint is not required. However, to the extent a response is required, Defendant Victoroff states the following:

a.  Plaintiff entered CDOC on or about November 2012.

b.  In March 2012, Plaintiff's blood lab's revealed kidney dysfunction that necessitated her transfer from the LaVista Correctional Facility to Denver Women's Correctional Facility in May 2013, where Plaintiff was placed on a medical hold until her release on parole in October 2018.

c.  Between 2013 and 2014, Plaintiff was diagnosed with Multiple Myeloma and Light Chain Deposition/Cast Nephropathy.

d.  CHP is not a government entity.

4

e.  Plaintiff was originally denied participation in the stem cell

transplant program by Presbyterian-St. Luke's Hospital in Denver

in 2015.

f.  CDOC, on behalf of Plaintiff, re-submitted a request for a stem cell

transplant to Presbyterian-St. Luke's in January 2017 and Plaintiff

was accepted into the program.

11.  Defendant Victoroff is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations contained in Claim One of

Plaintiff's Third Amended Complaint and therefore denies the same. Defendant

Victoroff further states that Plaintiff's medical records speak for themselves and

denies any inconsistencies with those records contained in Claim One of Plaintiff's

Third Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of the 8th Amendment**
**Deliberate Indifference**
**(Against CDOC)**

12.  Defendant Victoroff incorporates herein by reference all of her

response to the allegations contained in Paragraphs 1 through 11 as her response to

the allegations contained in Claim Two of Plaintiff's Third Amended Complaint.

13.  The Colorado Department of Corrections (CDOC) is no longer a party

to this action [ECF No. 52, pp. 3-4], and therefore, a response to the Second Claim

for Relief as stated in Plaintiff's Third Amended Complaint as it relates to CDOC, is

not required. However, to the extent a response is required, Defendant Victoroff

denies all allegations stated in support of the Second Claim for Relief.

## THIRD CLAIM FOR RELIEF
### Violation of the 8th Amendment
### Deliberate Indifference
### (Jennifer Mix, M.D.)

14.    Defendant Victoroff incorporates herein by reference all of her

response to the allegations contained in Paragraphs 1 through 13 as her response to

the allegations contained in Claim Three of Plaintiff's Third Amended Complaint.

15.    Defendant Victoroff is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations contained in Claim Three

of Plaintiff's Third Amended Complaint and therefore denies the same. Defendant

Victoroff further states that Plaintiff's medical records speak for themselves and

denies any inconsistencies with those records contained in Claim Three of Plaintiff's

Third Amended Complaint.

## FOURTH CLAIM FOR RELIEF
### Violation of the 8th Amendment
### Deliberate Indifference
### (Hilary Victoroff, N.P.)

16.    Defendant Victoroff incorporates herein by reference all of her

response to the allegations contained in Paragraphs 1 through 15 as her response to

the allegations contained in Claim Four of Plaintiff's Third Amended Complaint.

17.    Defendant Victoroff admits she was employed by CDOC as a Nurse

Practitioner at the time of Plaintiff's incarceration at Denver Women's Correctional

Facility (DWCF). Defendant further admits that she provided care to Plaintiff during her incarceration.

18.     Defendant admits that Plaintiff received chemotherapy at the Aurora Regional Medical Center in Aurora, Colorado in January of 2017, in preparation for her eventual stem cell transplant.

19.     Defendant admits that Plaintiff was discharged from the Aurora Regional Medical Center and returned to custody at DWCF on February 3, 2017.

20.     Defendant admits that Dr. John M. Burke, Plaintiff's oncologist/hematologist at Rocky Mountain Cancer Center, issued written discharge orders for Plaintiff that directed admission of Plaintiff to the facility's infirmary. Defendant further states that Plaintiff did not meet the criteria for admission to the Denver Regional Diagnostic Center's infirmary. Defendant denies that Plaintiff had a neutropenic fever upon transfer to DWCF from the Aurora Regional Medical Center. Defendant further states that she spoke by telephone with Dr. Burke to confirm his orders, medication changes, follow up appointments, labs and the potential need for a transfusion. Defendant informed Dr. Burke that Plaintiff would be monitored at DWCF and not the infirmary. Defendant admits that Dr. Burke ordered that Plaintiff be returned to the Aurora Regional Medical Center in the event of a neutropenic fever with a body temperature of 100.3 or above.

21.     Defendant Victoroff admits that she was not scheduled to work and was therefore not at the facility between Saturday, February 4, 2017, and Sunday, February 5, 2017.

22.     Defendant Victoroff admits that medical was called to Plaintiff's cell early morning on Monday, February 6, 2017, before Defendant Victoroff arrived at the facility. Defendant further admits Plaintiff was transported to the DWCF clinic in a wheelchair where she was evaluated by the provider on duty at the time and later returned to her unit. Defendant further states that labs were drawn from Plaintiff. Plaintiff did not have documented neutropenic fever. Defendant further denies that Plaintiff was found unconscious.

23.     Plaintiff's labs that were returned later in the day on February 6, 2017, showed neutropenia, but no fever. Staff notified Dr.  Burke and Plaintiff was admitted to the DRDC infirmary for neutropenia and isolation precautions.

24.     Defendant Victoroff admits that on February 7, 2017, Plaintiff developed a fever of 100.7 at which time she was transferred and admitted to the Aurora Regional Medical Center.

25.     Defendant Victoroff admits that Plaintiff was diagnosed with Influenza A at the Aurora Regional Medical Center.

26.     Defendant Victoroff admits that Plaintiff was diagnosed with an abscess on her finger of an unknown origin that was drained, cultured and treated

with antibiotics at Aurora Regional Medical Center. Defendant further admits the abscess tested positive for MRSA.

27.     Defendant Victoroff admits that Plaintiff was discharged from the Aurora Regional Medical Center approximately ten days later.

28.     Defendant Victoroff denies that she violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Four of Plaintiff's Third Amended Complaint. Defendant further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Four of Plaintiff's Third Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
**Violation of the 8th Amendment**
**Deliberate Indifference**
**(Laura Sommerschield, N.P.)**

29.     Defendant Victoroff incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 28 as her response to the allegations contained in Claim Five of Plaintiff's Third Amended Complaint.

30.     Defendant Victoroff is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Five of Plaintiff's Third Amended Complaint and therefore denies the same. Defendant Victoroff further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Five of Plaintiff's Third Amended Complaint.

9

## GENERAL DENIAL

Defendant Hilary Victoroff denies each and every allegation contained in Plaintiff's Third Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's Third Amended Complaint fails to state a claim for which relief can be granted.

2.      Some or all of Plaintiff's claims may be barred for lack of jurisdiction, including but not limited to, pursuant to the Eleventh Amendment and the Colorado Governmental Immunity Act.

3.      All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim for relief pursuant to 42 U.S.C, § 1983.

4.      Plaintiff has been afforded all the rights and privileges granted by the United States Constitution and federal law. Defendant acted in accordance with state and federal law and established procedures; Defendant acted reasonably, in good faith, and with legal justification in the exercise of her authority.

5.      The Defendant in her individual capacity is entitled to qualified immunity.

6.      Some or all of Plaintiff's claims may be barred for lack of personal participation by Defendant Victoroff for purposes of a claim stated pursuant to 42 U.S.C. § 1983.

7.      Defendant Victoroff's actions were taken for legitimate,

nondiscriminatory penological purposes.

8.      Defendant Victoroff's actions were not the cause of the injuries or damages alleged by Plaintiff.

9.      The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by her own acts or omissions and/or the acts or omissions of third parties over whom Defendant Victoroff has no control or right of control.

10.     Defendant Victoroff did not breach any duty owed to Plaintiff at any time during her incarceration.

11.     Some of Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

12.     Some or all of Plaintiff's damages may be statutorily barred or subject to statutory limitations.

13.     Some or all of Plaintiff's claims are barred, limited and/or controlled by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*

14.     Some or all of Plaintiff's claims are barred, limited and/or controlled by § 13-17.5-102.3, C.R.S.

15.     Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendant Victoroff, nor were they proximately caused by or related to any act or omission of Defendant Victoroff.

16.     Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Colorado law.

17.     Defendant Victoroff is entitled to all of the terms, conditions and provisions of the Colorado Health Care Availability Act, §§ 13-64-101, C.R.S., *et seq.*

18.     Some or all of Plaintiff's claims are barred by the statute of limitations.

19.     Plaintiff's claims lack substantial justification, are frivolous, and groundless, and were brought for improper use.

20.     Defendant Victoroff hereby incorporates herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendants in this matter in any Answer or Motion filed by any of the other Defendants with the District Court.

21.     Defendant Victoroff reserves the right to amend this Answer to add other defenses as may be supported by the evidence as it develops.

WHEREFORE, having answered Plaintiff's Third Amended Complaint, Defendant Hilary Victoroff requests that the Court enter judgment in her favor and against Plaintiff, and award the Defendant costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Defendant Hilary Victoroff hereby demands a trial by jury.

Respectfully submitted this 3rd day of May, 2019.

PHILIP J. WEISER
Attorney General

s/ *Amy C. Colony*
AMY C. COLONY, Reg. No. 36124*
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Email: acolony@coag.gov
Telephone: 720-508-6615
Attorney for Defendant Victoroff
*Counsel of Record

13

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **DEFENDANT HILARY VICTOROFF'S**

**ANSWER** upon all parties herein by e-filing with the CM/ECF system maintained by

the court or by depositing copies of same in the United States mail, first-class postage

prepaid, at Denver, Colorado, this 3rd day of May, 2019, addressed as follows:

Shawnee Ryan
3531 South Logan Street, No. 349
Englewood, CO  80113
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

*s/  Amy Colony*