## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

---

### LIMITED REPLY TO DEFENDANT HILARY VICTOROFF'S ANSWER

---

Plaintiff Shawnee Ryan comes now and respectfully submits a limited reply to Defendant Hilary Victoroff's Answer, by and through her attorney, Ms. Colony:

- Based solely upon Defendant Victoroff's responses, and the references that directed her attorney to heavily rely upon what is referred to as "..Plaintiff's medical records speak(ing) for themselves..", it is blatantly obvious to Plaintiff Ryan that Defendant Victoroff failed to disclose fully and truthfully to her attorney as to what, exactly, Ryan's "medical records" consist of.  (*Ryan references Hampton v State 961 N.E. 2d 480 (Ind 2012): "No way the jury could have reached the conclusion it did."*).

- Ryan is not required at this time, or for that matter at any time, to either do the work of due diligence for Defendant Victoroff and her counsel (nor) until the time is ripe as movement to trial continues, reveal the extent of her case's substance, evidence and strengths.  **With that preface**, *what Ryan is ethically bound to do*, is make certain that the integrity of the court is not compromised nor for this case's legal structure 'running off the rails' with any confusion (or) self-serving allegedly disingenuous and obstructive statements, from any party, when Ryan holds personal knowledge that such behavior is occurring and potentially falsely misleading any party.

**Ryan clarifies as to what Ryan's "medical records" consist, in part, of:**

- At the very nature, complexity, rarity and critical levels of Ryan's initial diagnoses in 2013 of:  Multiple Myeloma (blood cancer); Lambda Light Chain Deposition Cast Nephropathy (blood auto-immune); there was (remains to this day and will continue to remain lifelong for Ryan) no ability to treat Ryan medically without highly specialized oncology and hematology (at minimum) monitoring and treating, through blood lab diagnostics, literally extracted regularly and on demand as needed from her body.  **Simplistically stated:**  In a prison clinical environment, it was

1

immediately recognized by outside specialists, that exact adherence to all specialist's orders would not only have to be followed but also followed at times with "stat" and/or immediate diagnostics; or they would be unable to treat Ryan.

- A fortuitous insight and conclusion, that proved highly accurate as the years and the 43 rounds of intensive chemo therapy and the subsequent damages and effects of that therapy and one autologous stem cell transplant and nearly two years of transplant recovery repeatedly proved as accurate.

- What would have been, in likely the case of any other inmate other than the type of inmate Ryan was; an impossible task. From the initial appointment, they prepared Ryan for likely her morbidity and high risk of fatality *not from her diseases but rather from her environment of correctional medical care and caregivers.*

- Another fortuitous approach, as it began a very close working relationship between Ryan and her specialists, through which they have grown to gain immense respect for Ryan and her path taken in order to avoid fatality. From the onset of the first appointment with her oncology team, Ryan was educated as to all the difficulties; the likelihood of next to zero compliance with their orders and instructions to CDOC that they knew would likely be occurring; ***and that "if" Ryan was to live, she must not falter in getting herself, to the best of her ability as an inmate, to all of their orders being exactly followed.***

- Rocky Mountain Cancer Centers is an exceptionally seasoned provider of decades of cancer care given to CDOC inmates and knows well what they can expect from CDOC. The standard and caliber of training and education, that Defendant Victoroff allegedly considered herself to be above, or at minimum equal to, in the one event currently before the court; that resides within the particular specialists that cared for Ryan are rankings amongst the top in their blood disorders field within the entire nation. Ryan has been very fortunate and blessed to be assigned to the specialists of the caliber they are. Ryan continues to present day, her relationship and all treatments with the same exact specialists, clinics, labs, hospitals and caregivers.

- As that initial treatment plan was laid out and agreed to, Ryan made the choice to obey her specialist's orders. Which unfortunately, as the years passed, ended up in Ryan being forced to prove the accuracy of their initial concerns. The path, at every turn of difficulty, ended up requiring years of both internal CDOC clinical staff conflict(s) and literally multiple hundreds of administrative processes and attempts to mitigate in order to receive the care Ryan needed to stay alive.

*(The claim Ryan has been allowed by the court to hold as a personal capacity claim against Defendant Victoroff, in part, is based on medical malpractice/negligence tort theory that if and when, at any time, she acted to alter or change the orders of Ryan's specialists, she is legally bound to be of the same or higher caliber of medical knowledge and ability as the outside treatment teams and hospitals issuing the orders. Ryan respectfully incorporates to record now, her continued disagreement with the Court that the CDOC enjoys governmental immunity when their culture and actions are so tortious, so egregious, that any human being must literally fight them, figuratively speaking, simply to stay alive until released).*

*(Though inserting her views regarding all aspects of Ryan's complaint, into areas of no involvement of her client (and) without representing anyone other than her one client; Ryan accepts Ms. Colony's choice to do so. While Ryan will remain attempting to focus on the medical and actual facts of the, at this time, one event Defendant Victoroff is accused of.)*

**Defining what *all* of Ryan's "medical records" contain, in part, partially breaks out below, *as over 95% of Ryan's actual cancer care, other than when CDOC staff attempted to override; was given "off-grounds":*__**

- **Two to four times per week of off-grounds transports; literally thousands of scientific and complex blood diagnostics, some of which routinely shipped stat overnight back east for specialty calculations, were all drawn by outside specialist staff, due to an alleged utterly complete inability or competency level of staff on the part of CDOC clinical staff to draw per the orders of specialists without compromising sample integrity (or) through Ryan's port.  Due to the allegedly gross incompetency and utterly complete lack of ability to even read/interpret the complex results or understand the necessity to understand them; 98% or greater of these diagnostics *remain contained within Ryan's outside medical records.  As the years and conflicts passed, the apathy of CDOC nurse practitioners, with the exception of the three times during the years Ryan was internally in the care of licensed CDOC MD.'s; increased to the level that they did not even bother to gather each draw's records and notes.***

- **Also contained within outside records, and in subsequent concert with her ability, spanning years, to directly be seen multiple times per week by her outside teams; Ryan's records further contain a very rare and likely unheard of in any other inmate they treated, or for that matter any other medical suit filed as a Prisoner Complaint within this district; an exceptionally close working relationship grown directly between Ryan and her oncologists, hematologists and other specialists. Thus, Ryan's "medical records" also not only contain multiple hundreds of detailed notes, observations, scientific and medical data from each and every time Ryan was transported outside to them; they also contain detailed records and notes of all care Ryan received or did not receive within the facility.**

3

- Ryan's "medical records", within all of her outside records and within administrative processes internally, also detail record Ryan's enforcements internally due to the years progressing into more and more decreasing of naivety on Ryan's part. As the years progressed and out of necessity, Ryan became forced to utilize her right and also permissions obtained from upper admin security and facility staff to mail letters directly to her specialists through USPS service. *Thus documenting the extreme times, to literally "turn in" to her specialists, relevant direct disobedience of their orders (such as in administering life essential medications or denial of their ordered care) <u>in as close to real-time as possible and in-between transports</u>.* The results of those extreme times are recorded within very detailed notes, within Ryan's "medical records", by specialists, as very succinct, direct and confrontational from specialists to internal staff including Defendant Victoroff.

- All of these medical facts and records, plus more, exist not in the hands of CDOC but rather in the files, records and testimonies of all of Ryan's outside care, clinics, labs, hospitals. At this point in her collections and preparations and as Ryan responds in this filing; Ryan is looking at an accumulation of multiple banker box files, containing thousands of "medical records" documents relevant to this case. (*Ryan again references Hampton v State 961 N.E. 2d 480 (Ind 2012): "No way the jury could have reached the conclusion it did.").*

**With the above statements of fact:** Plaintiff Ryan makes no objection to her medical records speaking for themselves and states at this time that she filed this lawsuit out of the need for them to do so.

Ryan further incorporates to record, additional limited replies to Defendant Victoroff's answer:

> Regrettably, as Ryan did make the overture to Ms. Colony at the time she expressed her desire for an extension of time, to imply there was much more beneath the surface than she may immediately see; it appears in this response that Ms. Colony chooses to move forward in other tones. Ryan states to the Court, that prior to responding today, she verified that none of the permissions, albeit very limiting permissions, that she gave to her outside care to speak briefly with the State; not a single Defendant, nor their Counsel or the State, have made any effort to even approach any of Ryan's outside care. Ryan has withdrawn those permissions now and will leave the due processes of discovery in place going forward.

> **With that said, the remainder of this limited reply is as follows:**

1. Being mindful and respecting of Judge Krieger's orders of 2/08/2019, Ryan states to the Court that she will continue to obey those orders, under Magistrate Hegarty's guidance over all parties. **In concert, Ryan responds now to Defendant Victoroff's Demand for Jury Trial as no objection raised.**

2.   As to Ms. Colony's implying that administrative processes may not have been met; Ryan also files to pend, against non-party CDOC, Subpoena Duces Tecum #2 ordering all administrative records.

3.   As to Ms. Colony's statement that CHP is not a governmental entity; Ryan concurs.

4.   As to Ms. Colony's verification that the State concurs with jurisdiction being rightful in this Court; Ryan agrees.

5.   Ryan again preserves, continuing from her complaint, her ability to future move for res gestae evidence and testimonies, within all rules of procedure and evidence, against Defendant Hilary Victoroff.

6.   Based upon the entirety of Defendant Victoroff's Answer, Ryan also files movement for Leave to File and Amend Complaint with two additional claims against Defendant Hilary Victoroff.

Respectfully submitted this 6th day of May 2019.

 s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado  80113
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served, through the CMECF SYSTEM, this Limited Reply to Defendant Hilary Victoroff's Answer to the parties below on this 6th day of May, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado  80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)
Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov