IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**Medical Status Update to the Court and Request for Status Conference May 29th, 2019 Be Cleared to Address Certain Pending Motions Before the Court**

Plaintiff Shawnee Ryan comes now and both updates and requests the following to the court:

1. On Feb. 20, 2019, Magistrate Hegarty, in response to Ryan's bringing forward current medical needs and moving for counsel; vacated the previous set of Scheduling Conference of April 15, 2019 and reset a status conference, presumably to determine Ryan's medical status and timing of; for May 29th, 2019.

2. Ryan has not conferred with other counsels as to whether they would like to utilize the upcoming status conference set to include a partial set to begin discovery processes and deal with certain scheduling matters pending before the court.  Ryan, as she electronically files this today, will also email the other parties a copy and request as to how they would feel about moving this case forward now as much as possible.

3. Ryan, working with US Marshals, was unable to get Defendant Sommerschield served until April 30th, 2019.  Which puts Defendant Sommerschield's Answer as Due 21 days later and on or before the 21st of May 2019.  Which is too close of proximity to be able to be prepared, by any party, to hold a full Scheduling Conference on the 29th.

4. Also, Ryan's transplant and medical status remains complicated by secondary infections in a weakened immune system; further incoming necessary diagnostics from Cardiology, Nephrology, Gastro-Intestinal, Urology specialists previously denied to Ryan by CHP and CDOC (one diagnostic is not even scheduled until May 30th); continued neutropenia, pancyptopenia and an overall complexity for hematologists in exactly how the safest for Ryan movement to transplant can occur. Regardless of exactly when that is, the fact not only remains but continues to increase in medical necessity, that a minimum of (5) weeks in and a minimum of 100 days 24/7 post-transplant does not change.  Ryan remains eminent facing an allogeneic bone marrow transplant in near future.  Ryan's

1

next appointment to try to set is May 21st. At this time, Ryan remains requesting, as she moved the court to do, that her HIPPA privileges be protected with her filings for counsel and any more detailed updates to her current medical status by remaining as restricted level documents. There is no need for any other party, other than the court, to have awareness of Ryan's ongoing medical needs. If a need arises in the future, other parties may follow due processes and apply to the court for access. Ryan does feel that her movements for appointed counsel, while still protecting her privilege, could be discussed at the Status Conference of May 29th.

5. What the parties do have now, is a fairly clear defining line of where the prosecutions, defenses, strategies of all parties in so far; will head. It is obvious that this case is drawing into multiple complexities that will be encompassing a great deal of discovery and investigations on all sides. In fact, Ryan previously responded to Dismiss and Draw, with very clear statement of fact that it would become virtually impossible, based on unequivocal facts of all records, to lay the burden upon the personal capacity only of Defendants who were acting, in part, under directives, contracts, private and municipal liability agents and the colors of State and Federal law. True to prediction, Defendant Mix's Answer (and) Defendant Victoroff's Answer suggest the opening of the door for the previous dismissal of CHP, which was done with no prejudices, to be potentially brought back into this suit. Ryan's decision to petition and raise is nearing conclusion on whether or not to proceed but will not be fully gathered by the 29th of May as she has yet to receive Defendant Sommerschield's entry of counsel and answer.

6. Ryan understands that the processes of the Court run in regimented lines. That a Status Conference does not set in motion, the discovery processes. The rules are clear that those processes only begin after scheduling conference is held. However, in the interests of all parties and the court's time and resource management; Ryan is requesting at this time that the parties agree to begin and activate the discovery process on the 29th and set for a scheduling conference at a future date.

7. Ryan further asks that her Leave to File to Amend Complaint against Defendant Victoroff either be ruled upon prior to the conference of the 29th (or) be ruled upon at the conference of the 29th.

8. Barring any unforeseen medical incapacitations; Ryan will be appearing in person on the 29th. But does preserve the grace of Magistrate Hegarty that she may appear by telephone if unable to physically attend.

Respectfully submitted this 6th day of May 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113     720-431-8319    shawneeryan216@gmail.com

2

**CERTIFICATE OF SERVICE**

I have served, through the CMECF SYSTEM, this Medical Status Update to the Court and Request for Status Conference May 29th, 2019 Be Cleared to Address Certain Pending Motions Before the Court, to the parties below on this 6th day of May 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com


Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM**:

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov

3