IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

V.

**Defendants:**
**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

**Move the Court to Commence Discovery Ability (and) Rule on Any Currently Pending Motions Before the Court at Status Conference May 29, 2019**

Plaintiff Shawnee Ryan comes now and informs the court that all parties have communicated regarding status conference of May 29, 2019.

While there is some disagreement as to how expansive Mr. Ringel and Ms. Colony wish to be at this time, there is general consensus of beginning discovery process with a later set of an actual scheduling conference at a future date.  The parties are not fully entered (or) answered and not all parties are ready to set scheduling conference logistics yet.

- Ryan asks the court to allow discussion and time to discuss discovery process beginning May 29th, 2019.
- Ryan asks that any pending motions she has before the court (counsel), (leave to file) and all subpoena's; be authorized (or) discussed.
- While Ms. Colony may disagree that Ryan is correct that both of her client's (Victoroff and Sommerschield) will be best served by Judge Krieger's order to ADR; Ms. Colony will, by the 29th, have seen and reviewed the limited medical records released to her that exactly contain only what her client's have been charged with. Ryan asks that if Ms. Colony agrees on the 29th; that the court consider a set for ADR in the cases of Victoroff and Sommerschield. Or, Ryan agrees to continue to Ryan's trial demand.

Ryan also advises the court of the following developments:

1. The dismissal of CHP et al was done without prejudices either way stated.  The answers of Defendant's Mix and Victoroff contain very clear information that points to CHP et al acting under the color of municipal liability and state and federal law.  Combined with the State confirming two areas this court previously claimed as reasons for dismissal: jurisdiction and government immunity.   Jurisdiction is rightful in this court and CHP et al is not a government entity. Ryan is determining whether or not she may file a re-

1

petition for CHP et al liability to be brought back into this case. If so, she will file prior to the 29th.

2. With that said, the potential of discovery is becoming conflicted at this time.   Ryan asks the court to confirm or deny her belief that Mr. Ringel and Ms. Colony are confined to collect discovery limited solely and specifically to the events their client's are charged with and are not able to make broad sweep of collections in any attempts to "fish" where they do not have any involvement at this time.  Ryan attaches copies to the court of the very limited scopes of release of medical records she has given and asks that the court rule on whether or not the releases can be held to exactly as written.  Should CHP et al re-enter in; the scope of releases must, of course, at that time, expand and do so with the attorneys involved at that time.

Ryan respectfully asks the court to allow time on the 29th to cover these areas (and) anything that other parties may bring forward.

Respectfully submitted this 9th day of May, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served, through the CMECF SYSTEM, this **Move the Court to Commence Discovery Ability (and) Rule on Any Currently Pending Motions Before the Court at Status Conference May 29, 2019**
to the parties below on this 9th day of May, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM**:
Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov

2