IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

---

### DEFENDANT LAURA SOMMERSCHIELD'S ANSWER TO THIRD AMENDED COMPLAINT [ECF NO. 51]

---

Defendant, Laura Sommerschield, N.P. (Defendant Sommerschield), by and through her counsel, Senior Assistant Attorney General Amy Colony, respectfully submits this Answer to Plaintiff's Third Amended Complaint and Jury Demand as follows:

**PARTIES**

1.    Defendant Sommerschield is without sufficient knowledge or information, as to Plaintiff and her whereabouts, to form a belief as to the truth of the allegations contained in Paragraph A of Plaintiff's Third Amended Complaint and therefore, denies the same.

1

2. The Colorado Department of Corrections (CDOC) is no longer a party to this action [ECF No. 52, pp. 3-4], and therefore, a response to Paragraph B of Plaintiff's Third Amended Complaint as it relates to CDOC, is not required. However, to the extent a response is required, Defendant Sommerschield admits the headquarters of the CDOC is located at 1250 Academy Park Loop, Colorado Springs, Colorado 80910. Defendant denies the remainder of all allegations as they relate to CDOC contained in Paragraph B of Plaintiff's Third Amended Complaint.

3. Correctional Health Partners (CHP) is no longer a party to this action [ECF No. 52, pp. 7-9] and therefore, a response to Paragraph B of Plaintiff's Third Amendment Complaint, as it relates to CHP, is not required. However, to the extent a response is required, Defendant Sommerschield admits that CHP contracts with CDOC to provide services related to the approval of requests for medical care outside of the CDOC health system. Defendant Sommerschield denies the remainder of all allegations as they relate to CHP contained in Paragraph B of Plaintiff's Third Amended Complaint.

4. Defendant Sommerschield admits that Defendant Jennifer Mix was, at all times relevant to this action, employed by CHP, as alleged in Paragraph B of Plaintiff's Third Amended Complaint. Defendant Sommerschield is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph B of Plaintiff's Third Amended Complaint, as related to Dr. Mix, and therefore, denies the same.

5. Dr. Susan Tiona is no longer a party to this action [ECF No. 52, pp. 7-9] and therefore, a response to Paragraph B of Plaintiff's Third Amended Complaint, as it relates to Dr. Tiona, is not required. However, to the extent a response is required, Defendant Sommerschield admits Dr. Tiona was formerly the Chief Medical Officer of the CDOC. Defendant Sommerschield denies all remaining allegations stated in Paragraph B of Plaintiff's Third Amended Complaint, as related to Dr. Tiona.

6. Defendant Sommerschield admits that at all times relevant to the allegations of the Complaint, Defendant Hilary Victoroff was employed at CDOC as a Nurse Practitioner. Defendant Sommerschield denies all remaining allegations stated in Paragraph B of Plaintiff's Third Amended Complaint, as related to Defendant Victoroff.

7. Defendant Sommerschield admits that at all times relevant to the allegations of the Complaint, she was employed at CDOC as a Nurse Practitioner.[1] Defendant further states that she is not currently employed by CDOC. Defendant Sommerschield denies all remaining allegations stated in Paragraph B of Plaintiff's Third Amended Complaint, as related to her.

---

[1] According to the docket for the above-captioned matter, a Return of Service for Defendant Sommerschield was filed on April 30, 2019, as a Level 3 Restricted Document. [ECF No. 95].

3

## JURISDICTION AND VENUE

8. Defendant Sommerschield admits that this case is brought under 42 U.S.C. § 1983 and this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as alleged in Paragraph C of Plaintiff's Third Amended Complaint. Defendant Sommerschield admits venue is proper before this Court pursuant to 28 U.S.C. § 1391. Defendant Sommerschield denies all remaining allegations stated or implied by Paragraph C of Plaintiff's Third Amended Complaint.

### FIRST CLAIM FOR RELIEF
### Violation of the Eighth Amendment
### Deliberate Indifference
### (Against CDOC)

9. Defendant Sommerschield incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 8 as her response to the allegations contained in Claim One of Plaintiff's Third Amended Complaint.

10. CDOC is no longer a party to this action [ECF No. 52, pp. 3-4] and, therefore, a response to Claim One of Plaintiff's Third Amended Complaint is not required. However, to the extent a response is required, Defendant Sommerschield is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim One of Plaintiff's Third Amended Complaint and therefore denies the same. Defendant Sommerschield further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim One of Plaintiff's Third Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of the 8th Amendment**
**Deliberate Indifference**
**(Against CDOC)**

11.  Defendant Sommerschield incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 10 as her response to the allegations contained in Claim Two of Plaintiff's Third Amended Complaint.

12.  The Colorado Department of Corrections (CDOC) is no longer a party to this action [ECF No. 52, pp. 3-4], and therefore, a response to the Second Claim for Relief as stated in Plaintiff's Third Amended Complaint as it relates to CDOC, is not required. However, to the extent a response is required, Defendant Sommerschield denies all allegations stated in support of the Second Claim for Relief.

**THIRD CLAIM FOR RELIEF**
**Violation of the 8th Amendment**
**Deliberate Indifference**
**(Jennifer Mix, M.D.)**

13.  Defendant Sommerschield incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 12 as her response to the allegations contained in Claim Three of Plaintiff's Third Amended Complaint.

14.  Defendant Sommerschield is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Three of Plaintiff's Third Amended Complaint and therefore denies the same. Defendant Sommerschield further states that Plaintiff's medical records speak for

5

themselves and denies any inconsistencies with those records contained in Claim Three of Plaintiff's Third Amended Complaint.

### FOURTH CLAIM FOR RELIEF
### Violation of the 8th Amendment
### Deliberate Indifference
### (Hilary Victoroff, N.P.)

15. Defendant Sommerschield incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 14 as her response to the allegations contained in Claim Four of Plaintiff's Third Amended Complaint.

16. Defendant Sommerschield admits Defendant Hilary Victoroff was employed by CDOC as a Nurse Practitioner at the time of Plaintiff's incarceration at Denver Women's Correctional Facility (DWCF). Defendant Sommerschield is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Four of Plaintiff's Third Amended Complaint and therefore denies the same. Defendant Sommerschield further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim One of Plaintiff's Third Amended Complaint.

### FIFTH CLAIM FOR RELIEF
### Violation of the 8th Amendment
### Deliberate Indifference
### (Laura Sommerschield, N.P.)

17. Defendant Sommerschield incorporates herein by reference all of her response to the allegations contained in Paragraphs 1 through 16 as her response to the allegations contained in Claim Five of Plaintiff's Third Amended Complaint.

18. Defendant Sommerschield admits she was employed by CDOC as a Nurse Practitioner at Denver Reception and Diagnostic Center (DRDC) during the time of Plaintiff's incarceration. Defendant Sommerschield admits she provided medical care to Plaintiff during her incarceration. Defendant Sommerschield denies that she had any involvement in Plaintiff's medical care prior to August 31, 2017.

19. Defendant Sommerschield denies that she scheduled or was responsible for scheduling health care services by outside providers for Plaintiff or any other CDOC inmate during the time Plaintiff was incarcerated. Defendant Sommerschield denies that scheduling inmates for outside health care consultations was ever part of her duties as a Nurse Practitioner at the DRDC infirmary.

20. Defendant Sommerschield admits Plaintiff was diagnosed with cataracts. Defendant further admits that Dr. John Burke with the Rocky Mountain Cancer Center, referred Plaintiff for vision care at Denver Health for this condition. Defendant further states that Plaintiff requested and was approved for a vision consult prior to Defendant beginning work at the DRDC infirmary on August 31, 2017. Defendant Sommerschield denies that she wrote any orders with respect to Plaintiff's vision care other than those indicated by the Denver Health eye surgeons for aftercare. Defendant Sommerschield denies all other allegations stated or implied by Plaintiff with respect to the request, approval and scheduling of her cataract surgery. Defendant Sommerschield further states that Plaintiff's medical

records speak for themselves and denies any inconsistencies with those records contained in Claim Five of Plaintiff's Third Amended Complaint.

21. Defendant Sommerschield admits that Plaintiff was seen by Denver Health for her cataracts in September and November of 2017, as scheduled and arranged by Denver Health's Correctional Care Medical Facility (CCMF). Defendant further admits that at the November 2017 appointment, Denver Health scheduled Plaintiff for cataracts surgery. Defendant Sommerschield further states that she sought clarification from CCMF because while the specialist at Denver Health ordered surgery for Plaintiff on a "next available" basis, Plaintiff was not scheduled for surgery by Denver Health until April 2018. Defendant Sommerschield otherwise denies that she participated or had any authority or control over the scheduling of Plaintiff's cataracts surgery. Defendant Sommerschield denies all other allegations stated or implied by Plaintiff with respect to the scheduling of her cataract surgery at Denver Health. Defendant Sommerschield further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Five of Plaintiff's Third Amended Complaint.

22. Defendant Sommerschield states Plaintiff had cataract surgery on her left eye in early January 2017. Defendant further states Plaintiff had a revision surgery shortly thereafter within the same month on the left eye to correct the lenses. Upon information and belief, Defendant further states that Plaintiff had cataracts surgery on her right eye the following month. Defendant is without

8

sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Five of Plaintiff's Third Amended Complaint with respect to Plaintiff's cataract surgeries and treatment at Denver Health and therefore, denies the same. Defendant Sommerschield further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Five of Plaintiff's Third Amended Complaint.

23.     Defendant is without sufficient knowledge or information to form a belief as to the truth of all remaining allegations contained in Claim Five of Plaintiff's Third Amended Complaint and therefore, denies the same. Defendant Sommerschield further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Five of Plaintiff's Third Amended Complaint.

24.     Defendant Sommerschield denies that she violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Five of Plaintiff's Third Amended Complaint. Defendant further states that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Five of Plaintiff's Third Amended Complaint.

## GENERAL DENIAL

Defendant Laura Sommerschield denies each and every allegation contained in Plaintiff's Third Amended Complaint not specifically admitted herein.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Third Amended Complaint fails to state a claim for which relief can be granted.

2. Some or all of Plaintiff's claims may be barred for lack of jurisdiction, including but not limited to, pursuant to the Eleventh Amendment and the Colorado Governmental Immunity Act.

3. All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim for relief pursuant to 42 U.S.C, § 1983.

4. Plaintiff has been afforded all the rights and privileges granted by the United States Constitution and federal law. Defendant acted in accordance with state and federal law and established procedures; Defendant acted reasonably, in good faith, and with legal justification in the exercise of her authority.

5. The Defendant in her individual capacity is entitled to qualified immunity.

6. Some or all of Plaintiff's claims may be barred for lack of personal participation by Defendant Sommerschield for purposes of a claim stated pursuant to 42 U.S.C. § 1983.

7. Defendant Sommerschield's actions were taken for legitimate, nondiscriminatory penological purposes.

8. Defendant Sommerschield's actions were not the cause of the injuries or damages alleged by Plaintiff.

9. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by her own acts or omissions and/or the acts or omissions of third parties over whom Defendant Sommerschield has no control or right of control.

10. Defendant Sommerschield did not breach any duty owed to Plaintiff at any time during her incarceration.

11. Some of Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

12. Some or all of Plaintiff's damages may be statutorily barred or subject to statutory limitations.

13. Some or all of Plaintiff's claims are barred, limited and/or controlled by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*.

14. Some or all of Plaintiff's claims are barred, limited and/or controlled by § 13-17.5-102.3, C.R.S.

15. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendant Sommerschield, nor were they proximately caused by or related to any act or omission of Defendant Sommerschield.

16. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Colorado law.

17. Defendant Sommerschield is entitled to all of the terms, conditions and provisions of the Colorado Health Care Availability Act, §§ 13-64-101, C.R.S., *et seq.*

18. Some or all of Plaintiff's claims are barred by the statute of limitations.

19. Plaintiff's claims lack substantial justification, are frivolous, and groundless, and were brought for improper use.

20. Defendant Sommerschield hereby incorporates herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendants in this matter in any Answer or Motion filed by any of the other Defendants with the District Court.

21. Defendant Sommerschield reserves the right to amend this Answer to add other defenses as may be supported by the evidence as it develops.

WHEREFORE, having answered Plaintiff's Third Amended Complaint, Defendant Laura Sommerschield requests that the Court enter judgment in her favor and against Plaintiff, and award the Defendant costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Defendant Laura Sommerschield hereby demands a trial by jury.

Respectfully submitted this 20th day of May, 2019.

PHILIP J. WEISER
Attorney General

s/ *Amy C. Colony*
AMY C. COLONY, Reg. No. 36124*
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Email: acolony@coag.gov
Telephone: 720-508-6615
Attorney for Defendant Sommerschield
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT LAURA SOMMERSCHIELD'S ANSWER TO THIRD AMENDED COMPLAINT [ECG NO. 51]** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 20th day of May, 2019, addressed as follows:

Shawnee Ryan
3531 South Logan Street, No. 349
Englewood, CO  80113
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

*s/  Amy Colony*