IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

## DEFENDANT HILARY VICTOROFF'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AGAINST DEFENDANT HILARY VICTOROFF [ECF NO. 98]

State Defendant Hilary Victoroff, N.P. (Defendant Victoroff), by and through her counsel, Senior Assistant Attorney General Amy Colony, respectfully submits this Objection to Plaintiff's Motion for Leave to File Amended Complaint Against Hilary Victoroff:

**CONFERRAL STATEMENT**

In filing her Motion for Leave to Amend, Plaintiff failed to comply with D.C.Colo.L.CivR 7.1 which requires the parties to confer. It is the State Defendants' position that Plaintiff is not excused from this provision by D.C.Colo.L..CivR 15(b)(1) because while she is an unrepresented party, she is no longer a prisoner.

1

The undersigned counsel for Defendant Victoroff contacted Plaintiff via email on May 14, 2019, outlining her objections to the motion for leave to amend.

## PROCEDURAL BACKGROUND

1. Plaintiff Shawnee Ryan filed her initial Complaint with this Court on April 23, 2018, naming as defendants, sixteen separate parties, including the Colorado Department of Corrections (CDOC), Correctional Health Partners (CHP), the Federal Bureau of Prisons, several state and federal correctional employees, including Defendant Hilary Victoroff, N.P. F No. 1]. Her claims stated against Defendant Victoroff are confined to events occurring upon her return to Denver Women's Correctional Facility (DWCF) following inpatient chemotherapy at Aurora South Hospital in Denver in February 2017. ECF No. 1, pp. 24-25.[1]

2. On May 24, 2018, this Court entered an Order identifying several deficiencies in her original Complaint and directing Plaintiff to cure these deficiencies in an amended complaint. ECF No.15.

3. On July 17, 2018, Plaintiff filed a 38 page Amended Complaint. ECF No. 21. On October 1, 2018, this Court again noted several deficiencies in Plaintiff's Amended Complaint and directed her to file a Second Amended Complaint within 30 days. ECF No. 31.

---

[1] On the same date, Plaintiff filed several motions seeking injunctive relief. (ECF Nos. 5-9). These motions were denied by this Court on May 31, 2018. ECF No. 16.

4. On December 14. 2018, Plaintiff filed a Second Amended Complaint that limited the parties to CDOC, CHP, Dr. Jennifer Mix, Dr. Susan Tiona, Hilary Victoroff and Laura Sommerschield. ECF No. 40. On December 19, 2018, this Court again ordered Plaintiff to cure deficiencies with the Second Amended Complaint. ECF No. 41.

5. On December 31, 2018, Plaintiff filed a second document entitled "Second Amended Complaint." ECF No. 44. On January 7, 2019, this Court ordered Plaintiff to cure deficiencies on the grounds that she had failed to use the current Court-Approved form for filing a Prisoner Complaint. ECF No. 47.

6. On January 16, 2019, Plaintiff filed her Third Amended Complaint. ECF No. 51. This is the operative complaint now before this Court.

7. On February 1, 2019, this Court entered an Order dismissing Plaintiff's claims against CDOC (Claims One and Two) based on Eleventh Amendment Immunity, and the official capacity claims against Dr. Jennifer Mix, Hilary Victoroff and Laura Sommerschield. To the extent Plaintiff purported to state claims against CHP and Dr. Susan Tiona, those claims were also dismissed. The remaining claims include individual capacity claims against Dr. Mix (Claim Three), Victoroff (Claim Four) and Sommerschield (Claim Five). Finally, the Court ordered the case to be drawn to a presiding judge. ECF No. 52.

8.   Defendant Victoroff filed her Answer on May 3, 2019. ECF No. 96.[2]

9.   Two days after filing her Answer, Plaintiff filed a "Limited Reply to Defendant Hilary Victoroff's Answer," which is not a recognized pleading under the Federal Rules of Civil Procedure. ECF No. 97. On the same date, Plaintiff filed a Motion for Leave to File Amended Complaint Against Defendant Hilary Victoroff. ECF No. 98.

## ARGUMENT

1.   At the outset, Defendants note that Plaintiff here has failed to attach, as an exhibit to her Motion for Leave to Amend, a copy of the amended complaint that strikes through the text to be deleted and underlines the text to be added, as required by D.C.Colo.L.CivR 15.1(b). Without a copy of the proposed amended complaint, the parties are unable to fully evaluate the allegations and claims Plaintiff intends to alter, and consent or object to the same.

2.   Although leave to amend shall be freely given, whether to grant such leave rests with the discretion of the Court. *First City Bank, N.A. v. Air Capital Aircraft Sales, Inc.*, 802 F.2d 1127, 1132 (10th Cir. 1987). A court may deny leave to amend for the following reasons:  (1) undue delay, with or without prejudice to the other parties; (2) repeated failures to cure deficiencies by amendments previously allowed; and (3) futility of amendment.  *Id.* at 1132-33.

---

[2] Defendant Mix filed her Answer on March 28, 2019. ECF No. 91. Defendant Sommerschield filed her Answer on May 20, 2019. ECF No. 103.

4

3. Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

4. Here, Plaintiff repeatedly failed to cure deficiencies by the amendments this Court previously allowed. ECF Nos. 15, 31, 41, 47. We are now on the Third Amended Complaint. There have been five versions total that Plaintiff has filed with this Court.

5. As near as the undersigned counsel can decipher from the Motion for Leave to File Amended Complaint, Plaintiff's motion is prompted only by the fact that she is frustrated by Defendant Victoroff's denial, as set forth in her Answer, of most of Plaintiff's allegations and/or claims for relief, *see e.g.,* "Ryan entered into the filing of suit, with the hope and expectation that Defendant Victoroff would be truthful and forthcoming, now that she is under the serious reach of a court of law . . . Defendant Victoroff does not appear to believe she is required to tell the full truth in this setting and as such, Ryan believes she had validation to file two further complaints against Defendant Victoroff as a result of her confessed disclosures within her answer." ECF No. 98, p. 1

6. In short, Plaintiff admits that she requests the opportunity to file an Amended Complaint for the sole reason being her belief that Defendant Victoroff

was untruthful in her Answer. This is not a valid or recognized reason for amending a complaint. If courts were to entertain requests to amend prompted by factual disagreements among parties, the parties could engage in a back-and-forth filing of amended complaints and amended answers indefinitely and the case would not proceed past the initial pleading stage.

7. Also as justification for her request to amend, Plaintiff argues that Defendant Victoroff "failed to disclose the existing of all of Ryan's medical records." Defendant was not required to file or attach any particular materials, including medical records, to her Answer. In fact, Defendant Victoroff is not required to "prove" her case with any documentation at this stage. Plaintiff simply disagrees with Defendant Victoroff's version of events and as such, desires to add new claims apparently grounded in a theory based on "falsification of medical records." Even if such a theory did support a valid claim for relief, and Defendant urges that it does not, this proposed claim appears to be based on Plaintiff's belief that Victoroff, in her Answer, has misinterpreted or misrepresented Plaintiff's medical records. This is not a proper basis for allowing Plaintiff to amend.

8. If the records contain the information as Plaintiff maintains, she will be afforded the opportunity to demonstrate as much and challenge Defendant Victoroff's credibility during the discovery process. At most, the parties disagree as to what the medical records contain. This disagreement does not support allowing yet another amendment of Plaintiff's complaint.

9. Plaintiff also suggests in her motion that she has deliberately withheld certain allegations or claims against Defendant Victoroff for apparently strategic reasons ("Simplistically stated, Ryan extended, to Defendant Victoroff, the Grace of choosing only one, of what are many events of historical record and within limitations, that Ryan could have chosen and included. Ryan sincerely did so with sincere hope that Defendant Victoroff would accept the gravity of her professional actions in order to bring relief to valid claim."). In this sense, Plaintiff is using Rule 15 to make her claims a "moving target" and cause undue delay. *See Minter, supra.* Plaintiff should not be allowed to state her claims in piecemeal fashion.

10. Finally, Plaintiff has expressed her continued disagreement with the the Court's dismissal of CDOC and CHP as parties. (ECF No. 97, p. 3). She claims in her recent Status Report to the Court that Defendant Jennifer Mix's Answer and Defendant Victoroff's Answer "suggest opening of the door for the previous dismissal of CHP, which was done with no prejudices, to be potentially brought back into this suit." ECF No. 99, p. 2.

11. To the extent Plaintiff intends to use the opportunity to amend as a vehicle to revive claims against parties that have been dismissed from this action, her Motion for Leave to Amend should be denied. Should this Court allow Plaintiff to amend, Plaintiff should be limited to stating her amended claims within the confines of this Court's Order dated February 1, 2019 (ECF No. 52). Plaintiff did not

7

timely object to or seek reconsideration of this Order. She should not be permitted to do so via an amended complaint.

WHEREFORE, Defendant Hilary Victoroff requests that Plaintiff's Motion for Leave to File an Amended Complaint Against Defendant Hilary Victoroff (ECF No. 98) be denied, and for all further relief deemed appropriate by this Court.

Respectfully submitted this 20th day of May, 2019.

> PHILIP J. WEISER
> Attorney General
>
> s/ *Amy C. Colony*
> AMY C. COLONY, Reg. No. 36124*
> Senior Assistant Attorney General
> 1300 Broadway, 10th Floor
> Denver, CO 80203
> Email:  acolony@coag.gov
> Telephone: 720-508-6615
> Attorney for Defendant Sommerschield
> *Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANT HILARY VICTOROFF'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDEDD COMPLAINT AGAINST DEFENDANT HILARY VICTOROFF [ECF NO. 98]** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 20th day of May, 2019, addressed as follows:

Shawnee Ryan
3531 South Logan Street, No. 349
Englewood, CO  80113
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

*s/  Amy Colony*