IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

### PLAINTIFF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

**Plaintiff Shawnee Ryan** (Ryan), comes now and requests leave to file an amended complaint to return formerly dismissed Defendant Correctional Health Partners aka  Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc. and Correctional Healthcare Physicians, Inc.

**Plaintiff Shawnee Ryan** (Ryan), further requests that the court join Ryan's Motion for Leave to File Amended Complaint Against Defendant Hilary Victoroff (ECF No. 98) to this motion for the sake of clarity and expedited ruling.

### REQUIREMENT TO CONFER

Ryan states that she has given notice to opposing counsels and either conferred or gave the opportunity to confer to both.  Notice and discussion of both amendments are contained in a written e-mail thread between all parties that began on **Thursday March 21, 2019** and continued through **Thursday May 16, 2019**.

**Mr. Ringel's objection to a CHP amendment and his admission that his firm would be the likely retained counsel;** is contained within the e-mail thread. Mr. Ringel's decision to become forthcoming as to his status as counsel for CHP, and his statement that he objected to CHP being brought back into the case, were given on Monday May 6, 2019 at 11:13 a.m.  **Ryan's response and her asking a**

1

**relevant question** as to Dr. Mix's legitimacy in obtaining the entirety of Ryan's medical, inmate and administrative records, at *a premature timing* (*prior* to receipt by Ryan of Subpoena Duces Tecum's pending against CHP); was given to Mr. Ringel within same e-mail thread, on Monday May 6 at 4:14 p.m.

**Ms. Colony chose to not confer regarding CHP (until her filed objection (ECH 104))** and did express her views to an amendment against Defendant Hilary Victoroff, amongst other complaints, and did so within the communication between the parties.   Ryan *did* respond throughout the weeks of conferring, and *did* also extend clarifying information to Ms. Colony, from the point that confusion began to immediately emerge upon the filing of Defendant Victoroff's Answer to court record; as to the depth and breadth of Ryan's medical records. The act of Hilary Victoroff, to not disclose fully to her counsel, continued to rise up as confusion while all were attempting to confer, and continues through to Ms. Colony's objection (ECH 104, page 6, number 8 where Ms. Colony admits she does not have the information Ryan states exists**). Fortuitously, Ryan gave a very clear and factual accounting of her medical records when she made record to the court.  From that point forward, while it is understandable that confusion exists for Ms. Colony; it exists solely due to the actions of her client. There is now no ability for the court and other parties to be thrown off into the same confusion, as Ryan ensured the ability to know further records and true providers and caregivers exist outside of CDOC.**

Ryan also *did* respond to the wide ranging 'summary' of Ms. Colony's complaints made by email on Tuesday May 14, 2019. Ryan did so on Wednesday May 15, 2019 at 9:11 a.m. within same e-mail thread between all parties.

**No further responses by opposing counsels has been given.**

**Ryan has no part and no responsibility for any deficits opposing counsel's clients may or may not have with their attorneys.**

**Ryan has filed nothing "frivolous" or with intent to "target" anyone.  Ryan has filed only to protect the integrity of the facts (verified and pending verification), the integrity of the court's management and resources and in attempt to protect herself from the massive drain that this type of predictable behavior**

2

**from Defendant Victoroff makes upon Ryan's health.  Summarizing as Ryan has filed additional filings out of necessity due only to the actions of others.**

**It is Ryan who initiated contact to confer and it is Ryan who notified the court of the potential ability to use the upcoming status conference of May 29th in a more productive manner.**

**It is Ryan, who has given, *pre-discovery*, limited releases to opposing counsels in order for them to at least begin to move forward on behalf of all three defendants.**

**Ryan believes her requirement to confer to be solidly met.**

## FORMAT AND FILING REQUIREMENTS

- The operative pleading in this case is "Prisoner Complaint (Third Amended) (ECF No. 51). Preceding complaint filings were ordered for the court's need to:  cure deficiencies that are documented into court clerk notes and records, court orders, and Ryan's filings.  All fell under a variety of reasons. Not all of which were due to a deficiency on Ryan's part. Clerk error to follow court order and provide court ordered correct templates on two occasions; inability on Ryan's part to sort complex law and numerous facts into a manageable format; and on the court's part,  no precedent case law to rely upon or adapt the primary federal question never previously heard (ECF No.1; ECF No. 15; ECF No 21; ECF No. 31; ECF Nos. 40, 44).

- At present time, the court has Ms. Colony's objection to Ryan not, as she perceives, filing a correct format in what is a "Leave to File" and not yet an amendment (ECH No. 98).

- The court also has before it the Leave to File motion against Defendant Victoroff (ECH No 98).

- Ryan stated, within ECH No. 98 and asks for the court to clarify, that she is confused as to which format to follow when filing an amendment as she is

3

no longer a prisoner.  Ryan does understand that the case remains a Prisoner Complaint.  Apparently, Ms. Colony also appears to be confused as to which format is to be used in this case and specifically voices that lack of surety in ECH 104 on page seven, #9, line 9; and again on page one, lines 6 through 9.  Regardless of 'who' is confused, the fact remains that there is only a Leave to File Motion before the court.  No amendment has yet been filed.

- Ryan respectfully asks the court to rule as to leave to file, on both CHP grounds (below) and amendment against Defendant Victoroff.

- Ryan respectfully asks the court to clarify as to the exact format the court wishes to see within the combined amendment.

### GROUNDS FOR AMENDING CASE TO RETURN CHP (et al) AS A DEFENDANT

Ryan cites the following to the court as consideration for granting Leave to File:

- Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc. and Correctional Healthcare Physicians, Inc. are all named primary and subsidiary entities within Ryan's medical records spanning from November 2012 through October 4, 2018.  Ryan will be defining the defendant as "CHP (et al).

- From April 23, 2018 through Feb. 1, 2019, the court dismissed CHP (et al) for the following cited reasons: (ECF's 52, 31 and order dated June 12, 2018):  **1)** the court's belief that CHP (et al) is a government entity and/or agency,  and therefore granted governmental immunity. **2)** Jurisdiction not proper in federal court. **3)** failure to state a triable claim.

- The dismissal of CHP (et al) was done without a designation of "with" (or) "without" prejudice.

- Ryan did not appeal.  Ryan did place objection to record. ***Ryan had no ability to appeal, as she was still (and continues to present day) held in 'prisoner status' of inability to subpoena evidence without the court's permission and direct handling.  All, of the court's reasonings for dismissal are able to impeach, but not without specific to Ryan's case documents that are in the hands of CHP (et al), CDOC and all three defendants remaining.***

- Also missing, as services and answers had not yet been made, were the now existing statements, via court filed record, by Defendant's Mix, Victoroff, Sommerschield (and) State AG, which Ryan will argue as clearly opening the door to remove the court's previous claims as to jurisdiction, immunity and capacity.

**As this motion is for the purposes of giving as brief as possible, a viable foundation for the court to consider in granting leave to file amendment, the following *summary* of some points Ryan will argue from in an amended filing is given. The following *is not* the amendment itself:**

- Defendants Mix, Victoroff and Sommerschield have attested, through their attorneys, to the following:
    A) That each were either in charge of approvals and denials for medical care to Ryan (or) worked with CHP (et al) to obtain approvals or denials for medical care to Ryan.
    B) That CHP (et al) is the contracted insurance carrier for CDOC.
    C)  That jurisdiction is rightful in this court.
    D)  That CHP (et al) is not a government entity.

- State AG has confirmed, within the Victoroff answer, that CHP (et al) is not a governmental entity. State AG is especially noteworthy as the highest law enforcement we have within Colorado. The confirmation is solid. Further evidence that Ryan will have in hand once subpoenas are issued (and) other solidly prevailing case law within other cases in the 10th District, shall reinforce the confirmation.

5

- Both opposing counsels have confirmed that jurisdiction is rightful in this court.

- Information obtained through public records now that Ryan is released from prison; personal experience with CHP (et al); and as witnessed directly by Ryan on regular reviews of her medical records while incarcerated; reveal CHP (et al) to be a privately owned by one individual, for profit corporation that serves state and federal correctional systems nationwide.  CHP (et al) maintains offices in Denver, Colorado and lists CDOC as a "client".

- Further information obtained from public access and belief through personal experience spanning (6) years, shows CHP (et al) to also be a staffing and employment agency that hires medical workers under them and bills CDOC accordingly. It is notable that other agencies of this type do exist and that contracts engaged in are through bid process.

- CHP (et al) is not an assigned immunity government agency or agent. They are a competitive, for profit corporation operating under colors of state(s), federal laws and municipal liability.  Even to a prisoner as is confirmed by solidly won cases within the 10th District (see McGill v Correctional Health 13 cv 1080 as one example).  **The only means available to a _Pro Se_ Prisoner Complaint, to verify exactly what the relationship between CDOC and CHP is, will be through the powers of compulsory process that obtains contractual and administrative records.  Ryan filed a range of subpoena duces tecums to the court on February 6, 2019 and awaits their release to service by US Marshals and/or electronic filing to counsels of record. Those subpoenas have pended since February 5th, 2019 and are now pending court release or denial on May 29, 2019.  *Ryan has pled the court for appointment of counsel and those pleadings still pend ruling.***

- Order (ECF 52) by the court, admits that CHP (et al) is liable under municipal liability and that Ryan must file "facts that show  a policy or custom exists that

6

was established or effectuate by CHP and that there is a direct casual link between the policy or custom and the injury alleged". That Ryan must "establish that the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued".  ***Until receipt of the State (Victoroff answer) verification that CHP is not a governmental agency; until receipt of CHP (et al) employee Dr. Mix's answer that she acted under her employer (CHP (et al); until receipt of both Defendants Victoroff and Sommerschield's answers that they relied upon Dr. Mix and CHP (et al) for approvals and denials of care (and) all three giving confirmations of the diagnosis of Multiple Myeloma being one of Ryan's standards of care; Ryan had no ability in a prisoner format awaiting approvals and releases by the court of her related Subpoena Duces Tecum(s) to obtain the hands on proof of attachments and references the Court previously demanded in review and that Ms. Colony demands in order to be able to amend.  The timing is now ripe to be able to access specificity (and) is combined with the "open door" of assistance from Defendants and their counsels in verifying a number of the dismissing court's concerns were not valid.***

- Ryan believes that there is a solid foundation, now before the court, that confirms the need for this case to be treated as a serious case. Defendants were clearly acting under a higher and stronger power and authority than just themselves.  While that potential fact does not dismiss the individual medical malpractice, negligence and deliberate indifference to treat serious medical needs claims against the current three defendants remaining; it does bring a balance of fairness to both them and Ryan.

As to the individual amending of complaint against Hilary Victoroff, Ryan incorporates to record now, all of her statements made in her previous filing for leave (and) all of her statements made within this filing, with specific note to the 'chain reaction' of confusion and interference to all counsels that is now recorded to records internally within the parties and to the Court.   At minimum, the

amendment will give the court the ability to uphold a forthcoming and truthful process.

Ryan respectfully pleads the court to grant her Leave to File Fourth Amended Complaint.

Respectfully submitted this 28th day of May 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served, through the CMECF SYSTEM, this Plaintiff Motion for Leave to File Fourth Amended Complaint

to the parties below on this 28th day of May, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM**:
Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov

8