IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**Civil Action No.    18 – cv – 00956 – MSK-MEH**

**Plaintiff:**
**SHAWNEE RYAN**

**V.**

**Defendants:**
**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

---

**Pursuant to Court Order May 29th:  Move for Leave to File Fourth Amended Prisoner Complaint**

---

Plaintiff Shawnee Ryan (Ryan) comes now moving for Leave to File the attached Amended Complaint:

**REQUIREMENT TO CONFER:**
- All parties placed testimony to record at status conference hearing held May 29th, 2019 that all had conferred.

**BACKGROUND, FORMAT AND FILING REQUIREMENTS:**
- The operative pleading in this case is "Prisoner Complaint (Third Amended) (ECF No. 51). Preceding complaint filings were court ordered for various reasons, including deficiencies on Ryan's part. Orders to cure also were issued to correct clerk errors in obeying the court order to issue (correct) templates on Ryan's release to parole, and inability for both Ryan and the court to sort a case with many details and a complex question over what parameters apply to a new federal law adapted into state law yet never before heard.  The case was dismissed in part (with prejudice not stated either way on any dismissed party) (and) drawn on February 1, 2019 (ECF 52).

1

- Answer from Defendant Mix was filed March 28, 2019, through her counsels, Andrew Ringel and Edmund Kennedy of Hall & Evans, LLC.  (ECF 91)

- Answer from Defendant Victoroff, through her counsel Amy Colony, was filed May 3, 2019 (ECF 96)

- Answer from Defendant Sommerschield, through her counsel Amy Colony, was filed May 20, 2019. (ECF 103)

- Status conference held on May 29th, 2019 with all representing parties attending.

- Order issued, to strike and deny Document 105 (first motion for leave to file fourth amended complaint) and for Ryan to file revised Leave to File Motion.

- Ryan further ordered to attach; with specific header as being "proposed" and all amended areas flagged for ease of sight; a (Proposed) Prisoner Complaint (Fourth Amended).  Ryan was given leave to file in the same format as the current operative pleading in this case.  Ryan obeys with one copy of proposed amendment flagged in yellow highlighted areas (and) a clean (duplicate) copy of proposed order with no markings.

- Order given for filing date due of Monday, June 3, 2019.

**GROUNDS TO AMEND:**
**(Plaintiff is bringing forward two areas of amendment:  Against Defendant Hilary Victoroff (and) the return of former Defendant Correctional Health Partners)**

**Defendant Victoroff:**
- Through communications between parties and upon filing of Defendant Victoroff's Answer; discovery was made by Ryan, Ms. Colony, Mr. Ringel and Mr. Kennedy that the statements as to extent of Ryan's medical records and medical care, spanning six years,  made by Defendant Victoroff to her counsel did not include the voluminous medical care provided in the outside medical

2

community, by highly trained specialists, hospitals and laboratories.  Did not divulge to Ms. Colony that the care encompassed over 90% of the total of Ryan's medical care and spanned her entire incarceration from September 2013 to release October 2018. Did not divulge the existence; of which Defendant Victoroff was also acutely aware of; of voluminous and detailed scientific medical fact records that historically came to accumulate to just under 5 million dollars in costs encountered over Ryan's incarceration (CDOC calculation of costs, not Ryan's) and number in the multiple thousands of pages.  As conferring progressed, the obvious became, that the information given by Defendant Victoroff to her counsel in order to set her Answer to record contained exceptional leaning toward CDOC internal records as being the primary records; which is a false representation.

- From March 21, 2019 through to May 29, 2019, the awareness left all representing parties attempting to set parameters on what discovery would be allowed for each Defendant's specific scope and significant confusion over exactly what would be each counsel's scope.

- On May 29, 2019, the court, after hearing from all parties, ordered Defendant's counsels to contain their representation of their clients specifically to only the scope before them as charged.  The court then also ordered defendant's counsels to draft protective orders for discovery on behalf of Plaintiff.

- Also arising at May 29th, 2019 hearing, Ms. Colony placed a comment to record that she "has" "2 banker boxes of (Ryan's) medical records" "in her office".

-  As Ryan has not given any release or physically pass over to any party her CDOC-PHI (*private health information as governed by CDOC* (*AR 950-02 with related standards ACA 2-CO-4E-01, 4-4396 and 4-4415 (and) AR Form 950-02A (Offender release) (and) AR Form 950-02B (employee affidavit to not violate HIPPA rights of inmates*)) either Ms. Colony or Defendant Victoroff are logically assumed to be responsible for the accessing of the records and the physical acts of copying and removing the records from non-party CDOC.

3

- With CDOC a non-party, Ms. Colony only represents a present CDOC employee and a former CDOC employee; she is not in this case as representing the CDOC.  She also is not dealing with a Plaintiff who is in prison.  As such, State AG does not have what might be considered a usual practice of simply seizing prisoner records within a prisoner lawsuit. Ryan is the Plaintiff in this case and is not under any type of wrongdoing or investigation that would give law enforcement (State AG) the legal ground to seize and confiscate for purposes of investigation. Ryan is a parolee in the free world with certain and specific obligations to only the Adult Division of Parole. Ryan has also been in direct and open contact with all counsels since each entered into this case, which enabled Ms. Colony to have full access to Ryan in order to request a specific release for all of Ryan's CDOC records before seizing them.  During that period of open communication, Ryan made it clear to all parties that she was going to hold representation strictly to only what is charged against each defendant and would not be releasing the entirety of her medical records.  That the only exception, would be Dr. Mix if and when her employer is returned to the case.

**Correctional Health Partners (et al):**

- The court's order of February 1, 2019 (ECF 52) dismissed Correctional Health Partners (CHP et al) on grounds of the court believing jurisdiction was not proper in this court, the court's belief that CHP (et al) is a governmental entity or agent and as such, the court's belief that CHP (et al) holds governmental immunity.  The court did also admit that CHP (et al) would hold municipal liability as long as Ryan "pleads facts showing that a policy or custom exists that was established or effectuated by CHP and that there is a direct causal (sic) link between the policy or custom and the injury alleged."  Further stating that "isolated incidents" are "generally insufficient to show municipal liability, unless a plaintiff can demonstrate that the "particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued."

- The court did not cite that the dismissal was with (or) without prejudice.

4

- Ryan did not appeal but did place her objection to record.

- With Defendant Mix's Answer on March 28, 2019 (ECF 91), Dr. Mix and her counsel confirmed that jurisdiction is proper in this court and confirmed that Dr. Mix was the CHP appointed head authority over Ryan's medical approvals and denials of care throughout Ryan's incarceration. Dr. Mix and her counsel also acknowledged Ryan's medical diagnosis(es).

- With Defendant Victoroff's Answer of May 3, 2019 (ECF 96), Defendant Victoroff and her counsel confirmed that jurisdiction is proper in this court; confirmed that CHP (et al) was the insurance authority in charge of approvals and denials of Ryan's medical care; confirmed that Dr. Mix was the CHP authority that Defendant Victoroff worked with at the times Defendant Victoroff was the rotating provider to Ryan. Ms. Colony further confirmed that CHP (et al) is not a governmental entity.

- With Defendant Sommerschield's Answer of May 20, 2019 (ECF 103), Defendant Sommerschield and her counsel confirmed that jurisdiction is proper in this court; confirmed that CHP (et al) was the insurance authority in charge of approvals and denials of Ryan's medical care; confirmed that Dr. Mix was the CHP authority that Defendant Sommerschield worked with at the times Defendant Sommerschield was the rotating provider to Ryan.

- All three remaining Defendants and their counsels, including Dr. Mix who is also the Chief Medical Officer of CHP (et al), clearly open the door to impeach the court's belief's at time of dismissal regarding jurisdiction, governmental status and immunity.

- With regard to municipal liability and constitutional liability, the jurisdiction of this court has always fallen under Article III, Sec 1 of the United States Constitution and 42 U.S.C. 1983, 42 U.S.C. 1988. Jurisdiction has always been further invoked pursuant to 28 U.S.C. 1331, 1343, 1201. Supplemental pendent jurisdiction is based on 28 U.S.C. 1367 because the violations of federal law alleged are substantial and the pendent causes of

5

action came from the sequential commonality, spanning six years, of the operative facts of what actually happened to Ryan's health allegedly due to the denials of care made by CHP (et al), Dr. Mix and CDOC.

- With the acknowledgement within all Defendant's answers, as to a primary diagnosis of Ryan's being the blood cancer of Multiple Myeloma, which holds a very structured and regimented standard of care that is life-threatening if deviated from; the door further opens for CHP and Dr. Mix to be scrutinized further as to the policies CHP holds regarding personal medical training and competency.  In the case of Dr. Mix, whose training is under the guidelines of her employer (CHP et al) another question of scrutiny is whether CHP (et al) holds policies or practices which were/are relevant to the health issues Ryan now has.

- Any state law claims that will be argued are being brought against a private corporation who does not hold immunity under the Colorado Governmental Immunity Act. CHP (et al) is a single owner, private, for profit corporate entity that is incorporated within the State of Colorado and who contracts with multiple types of correctional facilities and entities nationwide.

Plaintiff Shawnee Ryan respectfully requests Leave to File the attached, proposed Prisoner Complaint (Fourth Amended).

Respectfully submitted this 3rd day of June, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado  80113
720-431-8319
shawneeryan216@gmail.com

6

**CERTIFICATE OF SERVICE**

I have served, through the CMECF SYSTEM, this Pursuant to Court Order May 29th; Move for Leave to File Fourth Amended Prisoner Complaint to the parties below on this 3rd day of June 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado  80113
720-431-8319
shawneeryan216@gmail.com


Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM**:

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov