**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

---

**MOTION TO QUASH (and/or) SUPPRESS IMPROPERLY OBTAINED DISCOVERY**

---

Plaintiff Shawnee Ryan (Ryan) comes now and moves the Court to Quash (and/or) suppress improperly obtained discovery by Defendant Hilary Victoroff and her counsel Ms. Colony.

1. **Ryan incorporates ((ECF 111) pages 2-4 'Grounds to Amend' 'Defendant Victoroff' (and) '((ECF 111) "Proposed Prisoner Complaint (Fourth Amended) Claims 5 and 6); as the background statement(s) of fact, to this movement to Quash (and/or) Suppress.**

**Grounds:**

- Between the dates of March 21, 2019 through the morning of May 29th, 2019; Ms. Colony and Defendant Vicotoroff obtained and removed from the care and custody of the Colorado Department of Corrections and placed into the offices of State AG; "two boxes" of "her (Ryan's) "records". An action unknown to Ryan until learning of it through Ms. Colony's inadvertent disclosure to record at scheduling conference hearing of May 29th.

- Between the dates of March 21, 2019 through to May 29th, 2019; Ryan and all other parties through their counsels, including Ms. Colony, were in frequent direct communication over the logistics of proceeding into discovery.  The trail is written in email formats and is very clear that Ryan

1

communicated the following (and) that Ms. Colony understood Ryan albeit that she disagreed:

1.  That Ryan was bringing into the 26 hearing, her move to the court for the court to contain Ms. Colony and her clients to the very limited in scope charges against them.

2.  That Ryan would not consent, without argument before the court, to State AG making a unilateral sweep across six years of Ryan's life, when there was no cause whatsoever for State AG to do so considering the limited scope they represented on.

3.  That Ryan would require (which Ms. Colony agreed were needed) that proper releases would be done for privacy and protected records.

4.  That Ryan clearly described the breadth and depth of her medical records spanning six years when it became clear through Defendant's filing of Answer that Ms. Colony had not had full disclosure from her client.  Ryan further went on and filed description of same into (ECH 104).

- **At Rule 26 hearing of May 29th, 2019; the court ordered that as Ryan was not seeking emotional loss and suffering damages from either of Ms. Colony's clients'; Ms. Colony is to be contained solely to the limited scope in front of her. Further ordered that opposing counsels draft protective orders to reflect that containment (and) privacy and protected documents needs. The court also verified to record that State AG is not entered as representing CDOC and CDOC is not a party in this case.**

- **At no time, from March 21, 2019 through to May 29, 2019 did Defendant Victoroff and Ms. Colony disclose to Ryan that they had extracted and removed the records Ryan was understanding as being where she had left them, which is the inactive inmate records in care and custody of CDOC. (There are also direct violations of CDOC administrative regulations and ACA standards (AR forms 950-02A and 950-02B) that are**

**relevant should it be upheld now that the retrievals were unlawful).**

- **At no time, after Ryan confronted Ms. Colony post-hearing; has State AG and Ms. Colony corrected themselves, returned or destroyed the items that consist of "two boxes".  In fact, Ms. Colony has taken the stance (in writing with all parties via email) that State Ag can seize what they wish as they 'represent CDOC….this is a prisoner complaint'. Even after Ryan then charging her client, in Claims Five and Six within (ECH 111) and Ryan conferring directly with CDOC; State AG and Ms. Colony have not corrected themselves.**

**Plaintiff seeks the following reliefs:**

1.   It is proper and just that the court order the removal, return and/or destruction of any and all physical discovery obtained by Defendant Victoroff before discovery commenced at hearing on May 29th, 2019.  Ryan has arranged the following CDOC direct contact for the court. Major Reux is aware, directly from Ryan, of the issues Ryan raises within (ECH 111) (and) that due to the problem, Ryan will be proceeding without any assistance from State AG (and) that the 29th hearing record clerly reflects CDOC is not a party in this case and State AG/Ms. Colony are not entered in this case as CDOC representation:  Major Lucille Reux, Assistant Warden Denver Complex.  303-371-4804.

2.  It is proper and just that prior to destruction, removal or return that State AG issue an exact listing of what was taken in order for the Court and/or Ryan to enforce relief request #3 below.

3.  It is proper and just, since it is impossible to protect after the fact the mental impressions, conclusions, impressions, opinions and legal theories drawn from these incomplete records allegedly deliberately taken out of context by Defendant Victoroff to her counsel; that the court order any and all use of permanently quashed from view and use.

Respectfully submitted this 7th day of June, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado  80113
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served, through the CMECF SYSTEM, this MOTION TO QUASH (and/or) SUPPRESS IMPROPERLY OBTAINED DISCOVERY to the parties below on this 7th day of June 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM**:

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov