Shawnee Ryan

3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUN 21 2019**

JEFFREY P. COLWELL
CLERK

June 17, 2019

Kristina,

- Enclosed is the rejection letter I rcvd. from Clerk Colwell stating I did not use the form off court page. I did follow the information n the form, but self-styled enough to make larger space for the large amount of data I am asking for. I cannot condense down to a single, one-sided form letter page.
- I have re-formatted, drawn text boxes as he seems to be asking for, moved the Civil Action No. off to the side, put Plaintiff and Defendant under instead of over. Changed to the words "YOU ARE COMMANDED..", took out the address and phone of CDOC. Everything else is exactly the same as the subpoena I submitted on June 6th and rcvd today, June 17th. There is no change to content, but the 'look' I hope is what he wishes to see.

If there is a further problem with this, I need to check with Magistrate Hegarty for approval---we are already 11 days behind in getting this out.

Thank you,

Shawnee Ryan

**Shawnee Ryan**

Mailing address:  
3531 South Logan Street #189  
Englewood, Colorado 80113  
720-431-8319  
shawneeryan216@gmail.com

Physical address:  
575 N. Billings Street #427  
Aurora, Colorado  80011

June 1, 2019

To:  Clerk of Court:

Per Magistrate Hegarty's orders of May 29th at hearing, I have notified and/or conferred with other parties and believe it necessary to subpoena CDOC for the relevant records to the case as it stands now.

I am also complying with his directive to have the clerk's office issue my Pro Se subpoena(s). It is very difficult for me to physically get into the clerk's office and ask that you accept mailed original.

I have also met the requirement to provide, prior to service of subpoena, a copy to other counsels.

Please call me directly if there is an issue of any kind.

Thank you,

*[signature]*



| UNITED STATES DISTRICT COURT | Alfred A. Arraj |
|---|---|
| FOR THE DISTRICT OF COLORADO | United States Courthouse |
| OFFICE OF THE CLERK | 901 19th Street |
| | Denver, Colorado 80294 |

Jeffrey P. Colwell  
*Clerk*

Phone: (303) 844-3433  
Fax:    (303) 335-2714

Date: __06/06/2019__

Document received: __Shawnee Ryan: Subpoena to produce Documents, Information, or Objects__

_____ No case number provided.

_____ The Clerk's Office cannot provide advice on any legal matters or issues

_____ Our office does not forward mail.   The pleading is being returned to you.

_____ Our court does not have the requested forms.

_____ Our court only provides one (1) set of forms.

_____ We do not provide the Federal Civil or Criminal Judicial Procedure and Rules.   To order a copy contact: West Group, 610 Opperman Drive, Eagan, MN 55123.   They are also available online on the courts website www.cod.uscourts.gov.   Go to "Related Court Links".   Scroll down to the appropriate item.

_____ A search of the court's records does not find a case in our court for:_____. If you have additional information to provide in the search, please provide.

_____ To obtain the information requested you must contact the court/organization where this information is held.

_____ The enclosed documents are being returned to you unfiled.   You must provide the case number you intend to file the documents in, or submit them with the proper forms to initiate a new case.

_____ Plaintiff is directed to comply with D.C.COLO.LCivR 77.2 and D.C.COLO.LCrR 57.2 (copy attached) and refrain from sending letters or other ex parte communications directly to a judicial officer.

_____ To obtain copies of the transcripts you are requesting, please contact: _____

____X____ Other:   This document is being returned to you because the subpoena is not on a Court approved form. I have attached a Court approved Subpoena To Produce Documents, Information, Or Objects or To Permit Inspection Of Premises In A Civil Action with this notice.

Very truly yours,

JEFFREY P. COLWELL, CLERK

__R. Sams, Deputy Clerk__

By: Deputy Clerk

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ )
_____*Plaintiff*_____ )
v. ) Civil Action No.
_____ )
_____*Defendant*_____ )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: _____
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

**SHAWNEE RYAN**

   Plaintiff                                                             Civil Action No. 18-cv-00956 – MSK-MEH

**V.**

**DR. JENNIFER MIX, M.D.** (personal and professional capacity)
**HILARY VICTOROFF N.P.** (personal and professional capacity)
**LAURA SOMMERSCHIELD N.P.** (personal and professional capacity)
   Defendants

---

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

---

**To: Colorado Department of Corrections (et al) and Executive Director Dean Williams**

[X] *Production:* **YOU ARE COMMANDED** to produce, at the time, date, and place listed below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

- **All medical and medical administrative records, as follows, for former inmate Shawnee Ryan #159496:** In all formats held and from any party from November 2, 2012 through October 4, 2018. Written; electronic; photographic; imaged; paper mar; internal between all staff and outside parties mar orders, directives, assessments and communicative; email related to or discussing in any way the medical needs and care including but not limited to: scheduling, approvals and denials, transports, security, housing, assessment, administrative and to do so in any format held. Ryan believes the majority of records requested are in the care and custody of medical records custodian Brad Niesler; the dialysis clinic records of Dr. June Scott and the records and files of the CDOC Clinical Services Department and Administration and Chief Medical Office located within the Denver Complex facility and CDOC headquarters. The only

1

redactions to be privacy and security concerns (such as personal contact information, account numbers of outside parties and personal email addresses of any party). All records to be in print format, electronic format or disk format.

- **Any and all third-party contracts, written agreements, administrative procedures, operating procedures and directives** that specifically order any one of the Defendants to act, order, perform duties in any manner. Request is to include not only direct and specifically made to each Defendant, it is made to include direct and specific made of same between or from Colorado Department of Corrections to any Defendant's employer(s), administrator(s), supervisor(s) or superior in rank officer(s). An example of such, but not limited to, would be state, federal and national accreditation standards (and) state regulatory agency standards. Request includes same regarding all procedures and policies of security access governing inmates and their access to clinical services and transport. Sensitive areas, such as financial compensations, addresses, phones may be redacted for privacy purposes.
- **Any and all professional vitae, certifications and licensing on file of Defendants Hilary Victoroff and Laura Sommerschield.** Personal contact information may be withheld for privacy and security reasons.
- **Entirety of clinical nurse case management** records and files that pertain to Shawnee Ryan.

> **PLACE OF DELIVERY:** Shawnee Ryan, 575 North Billings Street #427, Aurora, Colorado 80011. Contact phone is: 720-431-8319.
>
> **DATE AND TIME:** 30 days from receipt of service. If delivering in person, building closes at 10:00 p.m. and does not open until 7:30 a.m. each day.

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

2

| Place: |
|---|
| |
| Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached below -- Rule 45 (c), relating to place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_____

(Date)

CLERK OF COURT

_____

*Signature of Clerk or Deputy Clerk*

**The name, address, email address and telephone number of Pro Se party issuing this subpoena is:**

Shawnee Ryan, Plaintiff. 575 North Billings Street #427, Aurora, Colorado 80011. 720-431-8319. shawneeryan216@gmail.com

**NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA:**

"If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45, (a)(4)."

3

**PROOF OF SERVICE**

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for: _____

_____

on (date)_____

I served the subpoena by delivering a copy to the named person as follows:

_____

_____

on (date)_____

I returned the subpoena unexecuted because:

_____
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of: $_____

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

Server's signature:

_____

Printed name and title:

_____

Server's address:

_____

Additional related information:

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

R̶E̶C̶'D̶
~~FILED~~

UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN -6 2019

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P. (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

---

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

---

To:  Colorado Department of Corrections (et al) and Executive Director Dean Williams; 1250 Academy Park Loop, Colorado Springs, Colorado 80910.

Phone:    719-579-9580.

*Production:* You are commanded to produce, to and at; the time, date, and place listed below and as set forth below, the following documents and/or objects, stored in whatever manner you retain them in; including, but not limited to electronic, photographic, imaging or audio:

- **All medical and medical administrative records, as follows, for former inmate Shawnee Ryan #159496:** In all formats held and from any party from November 2, 2012 through October 4, 2018. Written; electronic; photographic; imaged; paper mar; internal between all staff and outside parties mar orders, directives, assessments and communicative; email related to or discussing in any way the medical needs and care including but not limited to: scheduling, approvals and denials, transports, security, housing, assessment, administrative and to do so in any format held.

1

Ryan believes the majority of records requested are in the care and custody of medical records custodian Brad Niesler; the dialysis clinic records of Dr. June Scott and the records and files of the CDOC Clinical Services Department and Administration and Chief Medical Office located within the Denver Complex facility and CDOC headquarters. The only redactions to be privacy and security concerns (such as personal contact information, account numbers of outside parties and personal email addresses of any party). All records to be in print format, electronic format or disk format.

- **Any and all third-party contracts, written agreements, administrative procedures, operating procedures and directives** that specifically order any one of the Defendants to act, order, perform duties in any manner. Request is to include not only direct and specifically made to each Defendant, it is made to include direct and specific made of same between or from Colorado Department of Corrections to any Defendant's employer(s), administrator(s), supervisor(s) or superior in rank officer(s). An example of such, but not limited to, would be state, federal and national accreditation standards (and) state regulatory agency standards. Request includes same regarding all procedures and policies of security access governing inmates and their access to clinical services and transport. Sensitive areas, such as financial compensations, addresses, phones may be redacted for privacy purposes.
- **Any and all professional vitae, certifications and licensing on file of Defendants Hilary Victoroff and Laura Sommerschield.** Personal contact information may be withheld for privacy and security reasons.
- **Entirety of clinical nurse case management** records and files that pertain to Shawnee Ryan.

---

**PLACE OF DELIVERY:** Shawnee Ryan, 575 North Billings Street #427, Aurora, Colorado 80011. Contact phone is: 720-431-8319.

**DATE AND TIME:** Three weeks (21 days) from receipt of service. If delivering in person, building closes at 10:00 p.m. and does not open until 7:30 a.m. each day.

2

The following provisions of Fed. R. Civ. P. 45 are attached below – Rule 45 (c), relating to place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_____

(Date)

CLERK OF COURT

_____

*Signature of Clerk or Deputy Clerk*

**The name, address, email address and telephone number of Pro Se party issuing this subpoena is:**

Shawnee Ryan, Plaintiff. 575 North Billings Street #427, Aurora, Colorado 80011. 720-431-8319. shawneeryan216@gmail.com

**NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA:**

"If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45 (a)(4)."

3

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

  **I received this subpoena for:** _____

_____

  **on (date)**_____

  **I served the subpoena by delivering a copy to the named person as follows:**
_____

_____

  **on (date)**_____

  **I returned the subpoena unexecuted because:**
_____
_____
_____
_____

  **Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of: $**_____

  **My fees are $**_____**for travel and $**_____**for services, for a total of $**_____.

  **I declare under penalty of perjury that this information is true.**

  **Date:** _____

  **Server's signature:**

_____

  **Printed name and title:**

_____

  **Server's address:**

_____

  **Additional related information:**

4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

