IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

Plaintiff,

v.

DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

Defendants.

_____

**PROTECTIVE ORDER**
_____

Pursuant to the parties' Joint Stipulated Motion for Protective Order, the Court hereby Orders as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided by Colorado Rules of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information are protected by a statutory, regulatory, or common law right of privacy or protection, or otherwise contain nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff, Defendants or a non-party may designate such documents or information as "Confidential."   The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4.      Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c)      the parties and designated representatives of the Defendants;

2

4197424.1

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     to an insurance representative, if any, whose policies could apply to the allegations of the Complaint;

(h)     witnesses in the course of deposition where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(i)     other persons by agreement of all the parties.

5.     A subset of "Confidential" information may be designated "Confidential-Attorneys Only."  The designation of "Confidential Attorneys Only" is limited to information that a designation of "Confidential" is insufficient to protect and relates to information that poses a safety or security threat to corrections employees, inmates and/or the public.  Any information so designated shall not, without consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

4197424.1

(a)     attorneys actively working on this case;

(b)     persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case

(d)     Court Personnel;

(e)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f)     to an insurance representative, if any, whose policies could apply to the allegations of the Complaint;

(g)     witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(h)     other persons by agreement of all the parties.

6.      This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or

4197424.1

communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited.  The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7.     No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial.  All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production.  Additionally, by designating information as Confidential or Confidential-Attorneys Only and producing information and/or documents pursuant to this Protective Order's terms, no party waives any objections or statutory exemptions that may otherwise be asserted or agrees that the documents are properly designated.  The inadvertent, unintentional or *in camera* disclosure of Confidential or Confidential-Attorneys Only Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8.     Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential and

5

Confidential-Attorneys Only Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

9.     Documents are designated as Confidential or Confidential-Attorneys Only Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." or "CONFIDENTIAL-ATTORNEYS ONLY."

10.     Whenever a deposition involves the disclosure of Confidential or Confidential-Attorneys Only Material, the deposition or portions thereof may be designated as Confidential or Confidential-Attorneys Only and subject to this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may also designate portions of depositions as Confidential or Confidential-Attorneys Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Deposition excerpts and deposition exhibits that are designated Confidential or Confidential-Attorneys Only will be so designated in as efficient and practical manner as possible by either the Court Reporter or the parties' counsel.

11.     A party may object to the designation of particular documents as Confidential or Confidential-Attorneys Only Material, or to the scope of restrictions, by

giving written notice to the party designating the disputed information at any time during the pendency of the action, including any appeals.  The written notice shall identify the information to which objection is made and the limitations in scope to which objection is made where relevant.   If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential or confidential-attorneys only to invoke the discovery dispute procedures of the Magistrate Judge within seven (7) days after the conclusion of the ten (10) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.   A motion shall only be filed after the parties have followed the Magistrate Judge's procedure with the Magistrate Judge on the issue and upon the direction of the Magistrate Judge to file such a motion.  If this procedure is timely followed, the disputed information shall be treated as confidential or confidential-attorneys only under the terms of this Protective Order until the Court rules on the issue.  If the designating party fails to timely follow such discovery dispute procedures, the disputed information shall lose its designation as confidential or confidential-attorneys only and shall not thereafter be treated as confidential or confidential-attorneys only in accordance with this Protective Order.  In connection with any dispute raised under this provision, the party designating the information as confidential or confidential-attorneys only shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4197424.1

12.     If a party discloses information NOT designated as Confidential or Confidential-Attorneys Only, any of the other parties may let the disclosing party know of its intention to designate the information as Confidential or Confidential-Attorneys Only.  If the party disclosing the information objects to the proposed designation of this information as Confidential or Confidential-Attorneys Only, the provisions of Paragraph 11 will apply for the resolution of the dispute.  A non-disclosing party must designate documents or information as confidential or confidential attorneys-only within 30 days of the disclosure of such information or documents by another party.

13.     If a disclosing party inadvertently discloses information that was not designated as Confidential or Confidential-Attorneys Only but later determines that the disclosed information should have been designated as Confidential or Confidential-Attorneys Only, the disclosing party shall promptly notify the other (or non-disclosing) parties of the error and furnish properly designated copies of the disclosed information. Similarly, if a non-disclosing party fails to designate documents as confidential or confidential-attorneys only within 30 days, but later determines that the disclosed information should have been so designated, the party shall promptly notify the other parties of the error and furnish properly designated copies of the disclosed information. Upon learning of the improperly-designated disclosure, the non-disclosing parties shall treat all copies of the disclosed information as if they were originally designated as Confidential or Confidential-Attorneys Only.

14.     At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof designated as

8

Confidential shall be returned to the party that designated the material as Confidential or Confidential-Attorneys Only, or the parties may elect to destroy confidential or confidential-attorneys only documents.  Where the parties agree to destroy confidential or confidential-attorneys only documents, the destroying party shall provide all parties with an affidavit confirming the destruction.  However, this does not require parties including any entity who employs one of the parties to destroy any documents that would normally be maintained in their records, as part of a case file or required to be kept by law.  In addition, all counsel is entitled to retain an archival copy of their case file, under terms subject to this Protective Order, even if such materials contain Confidential of Confidential Attorneys-Only Information.

15.     In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.L.CivR 7.2.  If the party filing the information does not contest the confidential nature of the document, it shall be filed along with a Motion to Restrict.  If the party filing the designated information with the Court contests the designation of the material as Confidential, it shall be filed Level 1 Restricted and the party seeking to maintain the restriction shall have the burden of filing a Motion to Restrict within 14 days pursuant to D.C.COLO.L.CIVR 7.2(e).

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or

4197424.1

other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential or confidential-attorneys only documents or information sought.

Dated this _____ day of June, 2019.

BY THE COURT:

_____
Michael E. Hegarty
United States Magistrate Judge

4197424.1