IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:

CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)

HILARY VICTOROFF N.P.  (personal and professional capacity)

LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**Motion for In Forma Pauperis Service of Attached Subpoena (per clerk: filed via USPS mail service)**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 05 2019
JEFFREY P. COLWELL
CLERK

Per clerk, Chris Thompson on July 2, 2019, Plaintiff (Ryan) is to return mail the incorrectly sent by clerk's office original signature Subpoena Duces Tecum (attached), place a motion requesting that the court grant in forma pauperis (and) prisoner status to the subpoena; in order for the clerk of court to serve.

Ryan respectfully asks the court to grant notice to the clerk of her already existing in forma pauperis status (and) confirm to the clerk's office, her prisoner complaint filing status which prevents her from direct service contact with any party of this case (other than through their attorneys) (or) any associated non-party entity.

Ryan further asks that the court grant this motion for service of the attached Subpoena Duces Tecum upon the Colorado Department of Corrections by the Court. As the clerk instructed today, the original signature must be returned to the clerk's office, which makes it impossible to file this motion through CMECF. It

1

is filed by direct USPS mail service to the clerk (and) copied to opposing parties by USPS service.

Respectfully submitted this 2nd day of July, 2019.

*Shawnee Ryan*

**CERTIFICATE OF SERVICE**

I have served, through the USPS mail service this **Motion for In Forma Pauperis Service of Attached Subpoena (per clerk: filed via USPS mail service** to the parties below on this 2nd day of July, 2019.

s/Shawnee Ryan
3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court: 901 19th Street Rm. 105, Denver, Co. 80294

Hall and Evans
1001 17th Street Suite 300
Denver, Colorado 80202

Amy Colony
1300 Broadway, 10th Floor
Denver, Colorado 80203

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit...

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Shawnee Ryan

_Plaintiff_

v.

CORRECTIONAL HEALTH PARTNERS (et al)
DR. JENNIFER MIX, M.D. (personal and professional capacity)

_Defendant_

Per Clerk
Chris Thompson —
Orig Signature
Hand. for service

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Colorado Dept. Corrections (et al) and Executive Director Dean Williams

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| ****see attached subpoena (per: Clerk of Court) | ***see attached subpoena (per: Clerk of Court) |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| *****See attached subpoena (per: Clerk of Court) | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/28/19

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_     OR     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Pro Se Shawnee Ryan ****see attached subpoena (per Clerk of Court) , who issues or requests this subpoena, are:

****See attached subpoena (per Clerk of Court)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-00956

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

V.

**Defendants:**

**CORRECTIONAL HEALTH PARTNERS** (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
**DR. JENNIFER MIX, M.D.** (personal and professional capacity)
**HILARY VICTOROFF N.P.** (personal and professional capacity)
**LAURA SOMMERSCHIELD N.P.** (personal and professional capacity)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**To:** Colorado Department of Corrections (et al) and Executive Director Dean Williams; 1250 Academy Park Loop, Colorado Springs, Colorado 80910.

**Phone:**    719-579-9580.

*Production:* You are commanded to produce, to and at; the time, date, and place listed below and as set forth below, the following documents and/or objects, stored in whatever manner you retain them in; including, but not limited to electronic, photographic, imaging or audio:

- **All medical and medical administrative records, as follows, for former inmate Shawnee Ryan #159496:** In all formats held and from any party from November 2, 2012 through October 4, 2018. Written; electronic; photographic; imaged; paper mar; internal between all staff and outside

1

parties mar orders, directives, assessments and communicative; email related to or discussing in any way the medical needs and care including but not limited to: scheduling, approvals and denials, transports, security, housing, assessment, administrative and to do so in any format held. Ryan believes the majority of records requested are in the care and custody of medical records custodian Brad Niesler; the dialysis clinic records of Dr. June Scott and the records and files of the CDOC Clinical Services Department and Administration and Chief Medical Office located within the Denver Complex facility and CDOC headquarters. The only redactions to be privacy and security concerns (such as personal contact information, account numbers of outside parties and personal email addresses of any party). All records to be in print format, electronic format or disk format.

- **Any and all third-party contracts, written agreements, administrative procedures, operating procedures and directives** that specifically order any one of the Defendants to act, order, perform duties in any manner. Request is to include not only direct and specifically made to each Defendant, it is made to include direct and specific made of same between or from Colorado Department of Corrections to any Defendant's employer(s), administrator(s), supervisor(s) or superior in rank officer(s). An example of such, but not limited to, would be state, federal and national accreditation standards (and) state regulatory agency standards. Request includes same regarding all procedures and policies of security access governing inmates and their access to clinical services and transport. Sensitive areas, such as financial compensations, addresses, phones may be redacted for privacy purposes.
- **Any and all professional vitae, certifications and licensing on file of Defendants Hilary Victoroff and Laura Sommerschield.** Personal contact information may be withheld for privacy and security reasons.
- **Entirety of clinical nurse case management** records and files that pertain to Shawnee Ryan.

2

> **PLACE OF DELIVERY and CONTACT INFORMATION:** Shawnee Ryan, 575 North Billings Street #427, Aurora, Colorado 80011. Contact phone is: 720-431-8319. Ryan is the only *direct* contact regarding this subpoena and order to produce. **Ryan will do her own inspection of documents should CDOC have some that are needing inspection in person (and) further requests any CDOC asks for, be done at the location of records within CDOC complexes or properties due to the sheer volume, more ready access by medical records and administrative staff to specific records(and) in the interests of conserving time management for CDOC custodians (and) Ryan. CDOC may also provide records via electronic disk.**

> **DATE AND TIME:** 30 days from receipt of service. If delivering in person, building closes at 10:00 p.m. and does not open until 7:30 a.m. each day.

The following provisions of Fed. R. Civ. P. 45 are attached below – Rule 45 (c), relating to place of compliance; Rule 45 (d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_____

(Date)

CLERK OF COURT

_____

*Signature of Clerk or Deputy Clerk*

3

The name, address, email address and telephone number of Pro Se party issuing this subpoena is:

Shawnee Ryan, Plaintiff. 575 North Billings Street #427, Aurora, Colorado 80011. 720-431-8319. shawneeryan216@gmail.com

**NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA:**

"If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45 (a)(4)."

**PROOF OF SERVICE**

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for: _____

_____

on (date)_____

I served the subpoena by delivering a copy to the named person as follows:

_____

_____

on (date)_____

I returned the subpoena unexecuted because:

_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of: $_____

4

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

Server's signature:

_____

Printed name and title:

_____

Server's address:

_____

Additional related information:

5

**CERTIFICATE OF SERVICE**

I have served, through the CMECF SYSTEM, this **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to the parties below on this 25th day of June, 2019.

s/Shawnee Ryan

3531 South Logan #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court: cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM:**

Andrew David Ringel: ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony: acolony@coag.gov

