IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

     Plaintiff,

    v.

CORRECTIONAL HEALTH PARTNERS
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

     Defendants.
_____

**ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT
AND JURY DEMAND FROM CHP DEFENDANTS**
_____

Defendants Jennifer Mix and Correctional Health Partners (collectively "CHP Defendants"), by and through counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Answer to Plaintiff's Fourth Amended Complaint and Jury Demand, as follows:

**PARTIES**

1.    CHP Defendants are without sufficient knowledge or information, as to Plaintiff and her whereabouts, to form a belief as to the truth of the allegations contained in paragraph A of Plaintiff's Fourth Amended Complaint [ECF 119] and therefore deny same.

2.    CHP Defendants admit CHP contracts with the CDOC to review requests for health care for CDOC inmates outside of the CDOC health care system in so far as

alleged in paragraph B(1) of Plaintiff's Fourth Amended Complaint. CHP Defendants deny all of the remaining allegations contained in paragraph B(1) of Plaintiff's Fourth Complaint.

3. CHP Defendants admit that, at all times relevant to this action, Dr. Mix was employed by CHP in so far as is alleged in paragraph B(2) of Plaintiff's Fourth Amended Complaint. CHP Defendants deny all remaining allegations contained in paragraph B of Plaintiff's Fourth Amended Complaint, as related to her.

4. CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph B(3) of Plaintiff's Fourth Amended Complaint, as related to Hilary Victoroff, N.P. and therefore deny same.

5. CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph B(4) of Plaintiff's Fourth Amended Complaint, as related to Laura Sommerschield, and therefore deny same.

## JURISDICTION AND VENUE

6. CHP Defendants admit this case is brought under 42 U.S.C. § 1983 and this Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 in so far as is alleged in paragraph C of Plaintiff's Fourth Amended Complaint. CHP Defendants admits venue is proper before this Court pursuant to 28 U.S.C. § 1391. CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraphs C of Plaintiff's Fourth Amended Complaint and therefore denies same.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF
**Negligence**
(against CHP)

7. CHP Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 8 above as their response to the allegations contained in Claim One of Plaintiff's Fourth Amended Complaint.

8. CHP Defendants deny it actions or inactions were negligent or otherwise breached their duty to Plaintiff in so far as alleged in Claim One of Plaintiff's Fourth Amended Complaint.  CHP Defendants further state Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim One of Plaintiff's Fourth Amended Complaint.

### SECOND CLAIM FOR RELIEF
**Violation of the 8th Amendment**
**Deliberate Indifference to a Serious Medical Need**
(against CHP)

9. CHP Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 8 above as their response to the allegations contained in Claim Two of Plaintiff's Fourth Amended Complaint.

10. CHP Defendants deny CHP violated Plaintiff's rights or otherwise breached its duty to Plaintiff in so far as alleged in Claim Two of Plaintiff's Fourth Amended Complaint.  CHP Defendants further state Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Two of Plaintiff's Fourth Amended Complaint.

### THIRD CLAIM FOR RELIEF
**Violation of the 8th Amendment**
**Deliberate Indifference to a Serious Medical Need**
(against CHP Defendants)

11. CHP Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 10 above as their response to the allegations contained in Claim Three of Plaintiff's Fourth Amended Complaint.

12. CHP Defendants deny they are the "sole final authority over what medical care [Plaintiff] receives" in so far as alleged in Claim Three of Plaintiff's Fourth Amended Complaint. CHP Defendants affirmatively assert they do not treat inmates nor do they make any treatment decisions in so far as alleged in Claim Three of Plaintiff's Fourth Amended Complaint.

13. CHP Defendants deny they violated Plaintiff's rights or otherwise breached their duty to Plaintiff in so far as alleged in Claim Three of Plaintiff's Fourth Amended Complaint. CHP Defendants further state Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Three of Plaintiff's Fourth Amended Complaint.

### FOURTH CLAIM FOR RELIEF
**Violation of the 8th Amendment**
**Deliberate Indifference to a Serious Medical Need**
(against Hilary Victoroff)

14. CHP Defendants incorporate herein by reference all of their responses to the allegations contained in paragraphs 1 through 13 above as their response to the allegations contained in Claim Four of Plaintiff's Fourth Amended Complaint.

15. CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Claim Four of Plaintiff's Fourth Amended Complaint and therefore denies same. CHP Defendants further states that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Four of Plaintiff's Fourth Amended Complaint.

### FIFTH CLAIM FOR RELIEF
**Violation of C.R.S. 12-38-117**
(against Hilary Victoroff)

16. CHP Defendants incorporates herein by reference all of Their responses to the allegations contained in paragraphs 1 through 15 above as their response to the allegations contained in Claim Five of Plaintiff's Fourth Amended Complaint.

17. CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Claim Five of Plaintiff's Fourth Amended Complaint and therefore denies same. CHP Defendants further states that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Five of Plaintiff's Fourth Amended Complaint.

### SIXTH CLAIM FOR RELIEF
**Violation of HIPPA**
(against Hilary Victoroff)

18. CHP Defendants incorporates herein by reference all of Their responses to the allegations contained in paragraphs 1 through 17 above as their response to the allegations contained in Claim Six of Plaintiff's Fourth Amended Complaint.

19. CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Claim Six of Plaintiff's Fourth Amended

Complaint and therefore denies same. CHP Defendants further states that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Six of Plaintiff's Fourth Amended Complaint.

## SEVENTH CLAIM FOR RELIEF
### Violation of the 8th Amendment
### Deliberate Indifference to a Serious Medical Need
(against Laura Sommerschield)

20. CHP Defendants incorporates herein by reference all of her responses to the allegations contained in paragraphs 1 through 19 above as her response to the allegations contained in Claim Five of Plaintiff's Fourth Amended Complaint.

21. CHP Defendants is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Claim Seven of Plaintiff's Fourth Amended Complaint and therefore denies same. CHP Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Fourth Amended Complaint.

## PREVIOUS LAWSUITS

CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the Previous Lawsuit Section of Plaintiff's Fourth Amended Complaint and therefore denies same.

## ADMINISTRATIVE REMEDIES

CHP Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the Administrative Remedies Section of Plaintiff's Fourth Amended Complaint and therefore denies same.

## REQUEST FOR RELIEF

CHP Defendants deny Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

CHP Defendants deny each and every allegation contained in Plaintiff's Fourth Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Fourth Amended Complaint fails to state a claim upon which any relief may be granted.

2. All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983 against CHP Defendants.

3. CHP Defendants lack sufficient personal participation to be held liable pursuant to 42 U.S.C. § 1983.

4. CHP Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

5. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom CHP Defendants has no control or right of control.

6. Plaintiff has failed to mitigate her damages, if any, as required by law.

7. CHP Defendants never breached any duty owed Plaintiff at any time in the course of her incarceration.

8. At all times pertinent herein, CHP Defendants acted in accordance with all common law, statutory, regulatory, policy, contractual, and constitutional obligations and without any intent to cause Plaintiff any harm.

9. Some or all of Plaintiff's claims are barred, limited and/or controlled by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*

10. Some or all of Plaintiff's claims are barred, limited and/or controlled by C.R.S. § 13-17.5-102.3.

11. Plaintiff is not entitled to any of the relief sought in the Fourth Amended Complaint under any of the theories asserted.

12. CHP Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

13. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by CHP Defendants, nor were they proximately caused by or related to any act or omission of CHP Defendants.

14. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Colorado law.

15. CHP Defendants' conduct was, at all times, lawful, justified and privileged and any actions complained of by Plaintiff in relation to CHP Defendants were justified by penological reasons.

16. CHP Defendants is entitled to all of the terms, conditions and provisions of the Colorado Health Care Availability Act, C.R.S. §§ 13-64-101 *et seq.*

17. Upon information and belief, Plaintiff may not be the real party in interest, in whole or in part, to pursue all or part of his claims and damages.

18. Some or all of Plaintiff's claims are barred by the statute of limitations.

19. CHP Defendants are protected by the corporate practice of medicine doctrine.

20. CHP Defendants hereby incorporates herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendants in this matter in any Answer or Motion filed by any of the other Defendants with the District Court.

21. CHP Defendants specifically reserves the right to amend her Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations contained in Plaintiff's Fourth Amended Complaint and Jury Demand in full, CHP Defendants move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding costs and attorney's fees, and ordering such other and further relief as the Court deems proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), CHP Defendants hereby demand a trial by jury on all issues so triable.

Dated this 8th day of July, 2019.

Respectfully submitted,

*s/ Edmund M. Kennedy*
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:      303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEY FOR CHP DEFENDANT**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 8th day of July, 2019, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT AND JURY DEMAND FROM CHP DEFENDANTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Amy C. Colony, Esq.
amy.colony@coag.gov

Shawnee Ryan
Shawneeryan216@gmail.com

*s/ Mary McNichols, Legal Assistant to:*
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:      303-628-3368
ringela@hallevans.com
kennedye@hallevans.com