IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS, d/b/a Correctional Health Partners, Inc., Correctional Health Companies, Inc., Correctional Corporation of America, Physician Health Partners, CHP Companies, Inc., Correctional Healthcare Physicians, P.C.;
JENNIFER MIX;
HILARY VICTOROFF, N.P.; and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

---

**DEFENDANTS HILARY VICTOROFF AND LAURA SOMMERSCHIELD'S ANSWER TO FOURTH AMENDED COMPLAINT (ECF 119)**

---

Defendants Hilary Victoroff, N.P. (Victoroff) and Laura Sommerschield, N.P. (Sommerschield) (collectively CDOC Defendants), by and through their counsel, Senior Assistant Attorney General Amy Colony, respectfully submit this Answer to Plaintiff's Fourth Amended Complaint and Jury Demand (Complaint) as follows:

**PARTIES**

1.    The CDOC Defendants are without sufficient knowledge or information as to Plaintiff and her whereabouts to form a belief as to the truth of

the allegations contained in Paragraph A of the Complaint and therefore, deny the same.

2. The CDOC Defendants admit that Correctional Health Partners (CHP) contracts with the Colorado Department of Corrections (CDOC) to provide services related to the approval of requests for medical care outside of the CDOC health system. The CDOC Defendants deny the remainder of all allegations as they relate to CHP contained in Paragraph B of Plaintiff's Complaint.

3. The CDOC Defendants admit that Defendant Jennifer Mix was, at all times relevant to this action, employed by CHP as alleged in Paragraph B of Plaintiff's Complaint. The CDOC Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph B of Plaintiff's Complaint as related to Dr. Mix, and therefore, deny the same.

4. The CDOC Defendants admit that at all times relevant to the allegations of the Complaint, Defendant Victoroff was employed at CDOC as a Nurse Practitioner. The CDOC Defendants deny all remaining allegations stated in Paragraph B of Plaintiff's Complaint as related to Defendant Victoroff.

5. The CDOC Defendants admit that at all times relevant to the allegations of the Complaint, Defendant Sommerschield was employed at CDOC as a Nurse Practitioner. The CDOC Defendants further state that Defendant Sommerschield is not currently employed by CDOC. The CDOC Defendants deny all

remaining allegations stated in Paragraph B of Plaintiff's Complaint as related to her.

## JURISDICTION AND VENUE

6. The CDOC Defendants admit that this case is brought under 42 U.S.C. § 1983 and this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as alleged in Paragraph C of Plaintiff's Complaint. The CDOC Defendants admit venue is proper before this Court pursuant to 28 U.S.C. § 1391. The CDOC Defendants deny all remaining allegations stated or implied by Paragraph C of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
### Negligence
### (Against CHP)

7. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 6 as their response to the allegations contained in Claim One of Plaintiff's Complaint.

8. As to the allegations stated in support of Claim One, the CDOC Defendants state the following:

    a. Plaintiff entered CDOC on or about November 2012.

    b. In March 2012, Plaintiff's blood labs revealed kidney dysfunction that necessitated her transfer from the LaVista Correctional Facility to Denver Women's Correctional Facility (DWCF) in May

3

    2013, where Plaintiff was placed on a medical hold until her release on parole in October 2018.

    c. Between 2013 and 2014, Plaintiff was diagnosed with Multiple Myeloma and Light Chain Deposition/Cast Nephropathy.

    d. CHP is not a government entity.

    e. Plaintiff was originally denied participation in the stem cell transplant program by Presbyterian-St. Luke's Hospital in Denver in 2015.

    f. CDOC, on behalf of Plaintiff, re-submitted a request for a stem cell transplant to Presbyterian-St. Luke's in January 2017 and Plaintiff was accepted into the program.

9. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim One of Plaintiff's Complaint and therefore deny the same. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim One of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
### Violation of the 8th Amendment / Deliberate Indifference
### (Against CHP)

10. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 9 as their response to the allegations contained in Claim Two of Plaintiff's Complaint.

11. As to the allegations stated in support of Claim One, the CDOC Defendants state the following:

   a. Between 2013 and 2014, Plaintiff was diagnosed with Multiple Myeloma and Light Chain Deposition/Cast Nephropathy.

   b. Plaintiff was originally denied participation in the stem cell transplant program by Presbyterian-St. Luke's Hospital in Denver in 2015.

   c. CDOC, on behalf of Plaintiff, re-submitted a request for a stem cell transplant to Presbyterian-St. Luke's in January 2017 and Plaintiff was accepted into the program.

12. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Two of Plaintiff's Complaint and therefore deny the same. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim One of Plaintiff's Complaint.

5

## THIRD CLAIM FOR RELIEF
### Violation of the 8th Amendment / Deliberate Indifference
### (Jennifer Mix, M.D.)

13. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 12 as their response to the allegations contained in Claim Three of Plaintiff's Complaint.

14. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Claim Three of Plaintiff's Complaint and therefore deny the same. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Three of Plaintiff's Complaint.

## FOURTH CLAIM FOR RELIEF
### Violation of the 8th Amendment / Deliberate Indifference
### (Hilary Victoroff, N.P.)

15. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 14 as their response to the allegations contained in Claim Four of Plaintiff's Complaint.

16. The CDOC Defendants admit Defendant Victoroff was employed by CDOC as a Nurse Practitioner at the time of Plaintiff's incarceration at DWCF.

17. The CDOC Defendants admit that Plaintiff received chemotherapy at the Aurora Regional Medical Center in Aurora, Colorado in January of 2017, in preparation for her eventual stem cell transplant.

18. The CDOC Defendants admit that Plaintiff was discharged from the Aurora Regional Medical Center and returned to custody at DWCF on or about February 3, 2017.

19. The CDOC Defendants admit that Dr. John M. Burke, Plaintiff's oncologist/hematologist at Rocky Mountain Cancer Center, issued written discharge orders for Plaintiff that directed admission of Plaintiff to the facility's infirmary. The CDOC Defendants further state that Plaintiff did not meet the criteria for admission to the Denver Regional Diagnostic Center's (DRDC) infirmary. The CDOC Defendants deny that Plaintiff had a neutropenic fever upon transfer to DWCF from the Aurora Regional Medical Center. The CDOC Defendants further state that Defendant Victoroff spoke by telephone with Dr. Burke to confirm his orders, medication changes, follow up appointments, labs and the potential need for a transfusion. Defendant Victoroff informed Dr. Burke that Plaintiff would be monitored at DWCF and not the infirmary. The CDOC Defendants admit that Dr. Burke ordered that Plaintiff be returned to the Aurora Regional Medical Center in the event of a neutropenic fever with a body temperature of 100.3 or above.

20. The CDOC Defendants admit that Defendant Victoroff was not scheduled to work and was therefore not at the facility between Saturday, February 4 and Sunday, February 5, 2017.

21. The CDOC Defendants admit that medical was called to Plaintiff's cell early morning on Monday, February 6, 2017, before Defendant Victoroff arrived at

the facility. The CDOC Defendants further admit Plaintiff was transported to the DWCF clinic in a wheelchair where she was evaluated by the provider on duty at the time and later returned to her unit. The CDOC Defendants further state that labs were drawn from Plaintiff. Plaintiff did not have documented neutropenic fever. The CDOC Defendants further deny that Plaintiff was found unconscious.

22.     The CDOC Defendants state that Plaintiff's labs returned later in the day on February 6, 2017, showed neutropenia, but deny that these labs demonstrated a fever. The Defendants further state that staff notified Dr. Burke and Plaintiff was admitted to the DRDC infirmary for neutropenia and isolation precautions.

23.     The CDOC Defendants admit that on February 7, 2017, Plaintiff developed a fever of 100.7 at which time she was transferred and admitted to the Aurora Regional Medical Center.

24.     The CDOC Defendants admit that Plaintiff was diagnosed with Influenza A at the Aurora Regional Medical Center.

25.     The CDOC Defendants admit that Plaintiff was diagnosed with an abscess on her finger of an unknown origin that was drained, cultured and treated with antibiotics at Aurora Regional Medical Center. The CDOC Defendants further admit the abscess tested positive for MRSA.

26.     The CDOC Defendants admit that Plaintiff was discharged from the Aurora Regional Medical Center approximately 10 days later.

27. The CDOC Defendants deny all further remaining allegations stated by Plaintiff in support of Claim Four. The CDOC Defendants further deny that Defendant Victoroff violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Four of Plaintiff's Complaint. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Four of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### Violation of § 12-38-117, C.R.S.
### (Hilary Victoroff, N.P.)

28. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 27 as their response to the allegations contained in Claim Five of Plaintiff's Complaint.

29. The CDOC Defendants admit that Defendant Victoroff provided medical care to Plaintiff between 2013 and 2017. Defendants further admit that as part of her duties at DWCF, and within her capacity as a healthcare provider to Plaintiff, she had access to Plaintiff's medical records in the custody of CDOC. Defendants further admit that Plaintiff received care from outside providers. Defendants further admit that Defendant Victoroff was aware that Plaintiff had been diagnosed with a serious illness that was potentially life threatening.

30. The CDOC Defendants deny all other allegations stated or implied in paragraphs 1-9 of the Claim Five of the Fourth Amended Compalint.

9

31. The CDOC Defendants deny all remaining allegations stated by Plaintiff in support of Claim Five. The CDOC Defendants further deny that Defendant Victoroff violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Five of Plaintiff's Complaint. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Four of Plaintiff's Complaint.

## SIXTH CLAIM FOR RELIEF
### Five Counts of Violations of HIPAA
### (Hilary Victoroff, N.P.)

32. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 31 as their response to the allegations contained in Claim Six of Plaintiff's Complaint.

33. The CDOC Defendants admit that on May 3, 2019, the Colorado Attorney General's Office, filed an Answer to the Third Amended Complaint on behalf of Defendant Victoroff (ECF 96).

34. The CDOC Defendants admit that the Colorado Attorney General's Office, as counsel to CDOC and Defendant Victoroff, lawfully and validly obtained medical records for Plaintiff in the custody of CDOC, for use in the defense of claims brought by Plaintiff in relation to her medical condition and care while incarcerated at CDOC.  The CDOC Defendants further state that Plaintiff, by filing the claims

10

stated in the above-entitled action and placing her medical conditions at issue, has waived any privilege she may have in her medical records.

35. The CDOC Defendants admit that the claims against Defendant Victoroff are brought against her in the scope and course of her employment with CDOC. The CDOC Defendants admit that CDOC has been dismissed from the action by this Court. The CDOC Defendants further state that the undersigned counsel and the Colorado Attorney General's Office remain counsel of record to the CDOC in all respects concerning the above-captioned matter.

36. The CDOC Defendants admit that the undersigned counsel corresponded with Plaintiff between March 21 and May 29, 2019. The CDOC Defendants deny that the undersigned counsel had any legal duty or other obligation to inform Plaintiff during that period of time that their counsel of record with the Colorado Attorney General's Office had obtained her medical records within the custody of CDOC. The CDOC Defendants further state that discovery in the above-captioned matter did not commence until May 29, 2019.

37. The CDOC Defendants admit that during a May 29, 2019 hearing, the undersigned counsel informed the Court and the parties that the Colorado Attorney General's Office, in the context of its representation of the CDOC Defendants, had obtained two boxes of medical and Department records related to Plaintiff and that were in the custody of CDOC. The CDOC Defendants deny that this disclosure to the Court was "inadvertent." The CDOC Defendants further deny that the receipt of

11

these records in the custody of CDOC by the Colorado Attorney General's Office, as part of its representation of the CDOC Defendants, was unlawful or improper in any respect.

38. The CDOC Defendants deny that Defendant Victoroff accessed and released or caused to be accessed and released, records of any kind pertaining to Plaintiff and within the custody of CDOC.

39. The CDOC Defendants deny all remaining allegations stated by Plaintiff in support of Claim Six. The CDOC Defendants further deny that Defendant Victoroff violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Six of Plaintiff's Complaint.

### Seventh Claim for Relief
### Deliberate Indifference
### (Laura Sommerschield, N.P.)

40. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 39 as their response to the allegations contained in Claim Seven of Plaintiff's Complaint.

41. The CDOC Defendants deny that Defendant Sommerschield scheduled or was responsible for scheduling health care services by outside providers for Plaintiff or any other CDOC inmate during the time Plaintiff was incarcerated. The CDOC Defendants further deny that scheduling inmates for outside health care consultations was ever part of Defendant Sommerschield's duties as a Nurse Practitioner at the DRDC infirmary.

42. The CDOC Defendants admit that Plaintiff was diagnosed with cataracts. The CDOC Defendants further admit that Dr. Burke with the Rocky Mountain Cancer Center referred Plaintiff for vision care at Denver Health for this condition. The CDOC Defendants further state that Plaintiff requested and was approved for a vision consult prior to Defendant Sommerschield beginning work at the DRDC infirmary on August 31, 2017. The CDOC Defendants deny that Defendant Sommerschield wrote any orders with respect to Plaintiff's vision care other than those indicated by the Denver Health eye surgeons for aftercare. The CDOC Defendants deny all other allegations stated or implied by Plaintiff with respect to the request, approval and scheduling of her cataract surgery. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Complaint.

43. The CDOC Defendants admits that Plaintiff was seen by Denver Health for her cataracts in September and November of 2017, as scheduled and arranged by Denver Health's Correctional Care Medical Facility (CCMF). The CDOC Defendants further admit that at the November 2017 appointment, Denver Health scheduled Plaintiff for cataract surgery. The CDOC Defendants further state that Defendant Sommerschield sought clarification from CCMF because while the specialist at Denver Health ordered surgery for Plaintiff on a "next available" basis, Plaintiff was not scheduled for surgery by Denver Health until April 2018. The

13

CDOC Defendants otherwise deny that Defendant Sommerschield participated or had any authority or control over the scheduling of Plaintiff's cataract surgery. The CDOC Defendants deny all other allegations stated or implied by Plaintiff with respect to the scheduling of her cataract surgery at Denver Health. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Complaint.

44. The CDOC Defendants state that Plaintiff had cataract surgery on her left eye in early January 2017. The CDOC Defendants further state Plaintiff had a revision surgery shortly thereafter within the same month on the left eye to correct the lenses. Upon information and belief, the CDOC Defendants further state that Plaintiff had cataracts surgery on her right eye the following month. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Seven of Plaintiff's Complaint with respect to Plaintiff's cataract surgeries and treatment at Denver Health and therefore, deny the same. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Complaint.

45. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of all remaining allegations contained in Claim Five of Plaintiff's Complaint and therefore, deny the same. The CDOC

Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Complaint.

46. The CDOC Defendants deny that Defendant Sommerschield violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Seven of Plaintiff's Complaint. The CDOC Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Complaint.

## GENERAL DENIAL

Defendants Hilary Victoroff and Laura Sommerschield deny each and every allegation contained in Plaintiff's Fourth Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Fourth Amended Complaint fails to state a claim for which relief can be granted.

2. Some or all of Plaintiff's claims may be barred for lack of jurisdiction, including but not limited to, pursuant to the Eleventh Amendment and the Colorado Governmental Immunity Act.

3. All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim for relief pursuant to 42 U.S.C. § 1983.

15

4. Plaintiff has been afforded all the rights and privileges granted by the United States Constitution and federal law. The CDOC Defendants acted in accordance with state and federal law and established procedures; the CDOC Defendants acted reasonably, in good faith, and with legal justification in the exercise of their authority.

5. The CDOC Defendants in their individual capacities are entitled to qualified immunity.

6. Some or all of Plaintiff's claims may be barred for lack of personal participation by Defendants Victoroff and Sommerschield for purposes of a claim stated pursuant to 42 U.S.C. § 1983.

7. Plaintiff cannot state a claim for relief under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, which did not create a private right of action to individuals who allege a healthcare privacy breach.

8. Plaintiff has waived any doctor-patient privilege in her medical records by placing her health conditions and treatment at issue in her claims for relief.

9. Plaintiff cannot state a claim related to disclosure of her medical information under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, which expressly contemplates that otherwise protected health information may be disclosed in the course of a judicial proceeding without prior consent of the patient.

10. The CDOC Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

11. The CDOC Defendants' actions were not the cause of the injuries or damages alleged by Plaintiff.

12. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by her own acts or omissions and/or the acts or omissions of third parties over whom the CDOC Defendants have no control or right of control.

13. The CDOC Defendants did not breach any duty owed to Plaintiff at any time during her incarceration.

14. Some of Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

15. Some or all of Plaintiff's damages may be statutorily barred or subject to statutory limitations.

16. Some or all of Plaintiff's claims are barred, limited and/or controlled by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*

17. Some or all of Plaintiff's claims are barred, limited and/or controlled by § 13-17.5-102.3, C.R.S.

18. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by the CDOC Defendants, nor were they proximately caused by or related to any act or omission of the CDOC Defendants.

19. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Colorado law.

20. The CDOC Defendants are entitled to all of the terms, conditions and provisions of the Colorado Health Care Availability Act, §§ 13-64-101, C.R.S., *et seq.*

21. Some or all of Plaintiff's claims are barred by the statute of limitations.

22. Plaintiff's claims lack substantial justification, are frivolous, and groundless, and were brought for improper use.

23. The CDOC Defendants hereby incorporate herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendants in this matter in any answer or motion filed by any of the other Defendants with the Court.

24. The CDOC Defendants reserve the right to amend this answer to add other defenses as may be supported by the evidence as it develops.

WHEREFORE, having answered Plaintiff's Fourth Amended Complaint, Defendants Hilary Victoroff and Laura Sommerschield request that the Court enter judgment in their favor and against Plaintiff, and award the CDOC Defendants costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants Hilary Victoroff and Laura Sommerschield hereby demand a trial by jury.

Respectfully submitted this 99th day of July, 2019.

        PHILIP J. WEISER
        Attorney General

       s/ *Amy C. Colony*
       AMY C. COLONY, Reg. No. 36124*
       Senior Assistant Attorney General
       1300 Broadway, 10th Floor
       Denver, CO 80203
       Email: acolony@coag.gov
       Telephone: 720-508-6615
       Attorney for Defendants Victoroff and Sommerschield
       *Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANTS HILARY VICTOROFF AND LAURA SOMMERSCHIELD'S ANSWER TO FOURTH AMENDED COMPLAINT** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 8th day of July, 2019, addressed as follows:

Shawnee Ryan
3531 South Logan Street, No. 349
Englewood, CO  80113
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendants CHP and Mix*

　　　　　　　　　　　　　　　　　*s/  Amy Colony*