IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**Certificate of Compliance regarding confer and make good faith effort regarding Subpoena Duces Tecum:  Colorado Department of Corrections**

Plaintiff Shawnee Ryan (Ryan) comes now with the following statements fact, which verify her compliance to confer with other parties prior to issuance of Subpoena Duces Tecum (filed July 5, 2019; ECF No. 125):

Prior to issuance and spanning a period from March 21st, 2019 through to June 16th, 2019; Ryan directly conferred with all parties (specificity to Amy Colony as CDOC agent), through emails and letters numbering in excess of two (2) dozen, and to records through Rule 26 hearing to begin discovery (May 29, 2019), and a discovery hearing on June 16, 2019 regarding her requirements for CDOC discovery.

1. From the dates of March 21st to present day, and despite the court ordering Ms. Colony to produce, to Ryan and to the Court, an inventoried list of CDOC ("two boxes") of production records *within two (2) weeks from date of June 16, 2019*; no compliance to that order has been done by Ms. Colony. Ryan requested, to Ms. Colony, that the order be followed on July 8, 2019 and for Ms. Colony to answer within that the details of the inventory disclosure, of the chain of custody and how she received the records she gathered in March 2019.  Ryan pends reactivation, if need be due to the

1

court's order to inventory (June 16, 2019) not being followed, of her Motion to Quash (ECF 112) which was denied without prejudice.

2. **It was not until the hearing of June 16, 2019** and the discussion held within and before the environment of a court setting; regarding CDOC materials and discovery needs for Plaintiff, that Ms. Colony cooperated at all despite the conferring stated above, despite complete respect albeit blunt honesty at times, shown to her and the CDOC by Ryan.  Despite Ryan graciously giving pre-hearing releases to all parties for specific areas they could actually begin work on pre-Rule 26 hearing of May 29th.  ***(As of July 8, 2019, none took advantage of and now have pending their filing to the court, a request for extension of discovery time literally by months while simultaneously counting their dates to "begin" as being June 16, 2019.  A request that Ryan is not sympathetic of and did not grant to them when asked to on July 3, 2019, and a request that Ryan will formally object to as soon as they file it). Reality of time tracking is both Defendant groups have had informal releases from Ryan, in writing, for months prior to May 29th, 2019 and could have taken off a large chunk of discovery needs, including the CDOC needs to produce, if they had moved forward then).***

3. As of July 8, 2019, and only after receiving Ryan's details for Mr. Kennedy's scheduling order; not one opposing party have even begun to receive the vast amounts of discovery Ryan issued within her disclosure and *in fact, as the court will view when they file for extension of time utilizing that same editable format of Scheduling Order*; remain  attempting to handle discovery as *only* a declaration of CDOC records and very minimal outside records and experts. *While that fact remains beneficial to Ryan for Defendants to not prepare*; it **also confirms** the clear need for the strength and power of a subpoena duces tecum served upon CDOC.  After now 5 months, combined with the questions over Ms. Colony and Defendant Victoroff's collections of records, combined with now two hearings discussing dates in detail, combined with only today after Ryan pointing out that the 30 day window to produce the informal discovery Ryan requested on the three individual Defendants (Mix, Victoroff, Sommerschield) now being past by over a week respectively on each, combined with now (from June 16th, 2019 to present day) Ms. Colony and CDOC either stating no knowledge of all records locations and/or questioning Ryan's requests for

2

further detail; it is, as Ryan suspected it would be, impossible to deal informally with an entity that only follows the nature of outright orders.

4. **As of July 8, 2019 and only after again being made to assert herself;** Ryan has received from CDOC, through Ms. Colony, only a **partial release** of CDOC discovery as listed in subpoena.  That does not, however, alleviate the CDOC from production of all records asked for.  Ms. Colony has a copy of the pending subpoena and clearly sees the requests for discovery.  There is not a single request within that is barred from Ryan and all is to be complied with. If there is an objection for good cause, then that objection needs to be brought forward properly to record and not simply by the request being ignored.  As stated by Ryan to record in June 16th discovery hearing: the CDOC does not get to not comply simply because they do not wish to.  If it is a record Ryan is entitled to and is relevant to this lawsuit; she gets it. The only clear way of getting what should be a very simple task of production handled is by subpoena duces tecum.  As to how laborious production is: that simply is not true.  The CDOC only has to hit the 'print/copy to disk or drive' button and the records would be on their way.

**Ryan respectfully asks that the Court grant service of subpoena and accepts this notice of compliance as being fact that Ryan has done what she can prior to issuance.**

This lawsuit could drag on for months, just getting discovery needs met, without the clarity and enforcement power of the very important to discovery information that the CDOC holds. **Ryan again states to record, doing so in this filing, that she will object to every single request for more time beyond the Court's order of November 1, 2019.**

If the CDOC chooses to comply now that Ryan is simply being made to get more assertive with the State; then Ryan asks for relief.  Please let the subpoena carry the burden.  The other factor here is Ryan's health.  Dealing with nonsensical and frivolous delays in the absence of the Court (such as subpoena in question); are very difficult for Ryan to handle physically.  Additionally, there is nothing whatsoever that would ever reveal Ryan not being easy to work with, polite and respectful and always on point in getting this complex and large case moving. It should be, that the simplicity of the rules of procedure and evidence be followed

Without micro-management by anyone.

Ryan asks that there be no further delays and that the Clerk serves Subpoena upon the CDOC.

Respectfully submitted this 8th day of July, 2019.

*S/Shawnee Ryan*

_____
Shawnee Ryan
3135 South Logan Street #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2019 I electronically filed and copied the foregoing to the parties listed below.

*S/Shawnee Ryan*

_____
Shawnee Ryan
3135 South Logan Street #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

**Through CMECF SYSTEM**:
Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov