IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**DUAL MOTION TO JOIN NEGLIGENCE CLAIMS AGAINST CHP DEFENDANTS (CLAIMS ONE, TWO AND THREE) and NEGLIGENCE CLAIMS AGAINST DEFENDANTS VICTOROFF AND SOMMERSCHIELD (CLAIMS FOUR AND SEVEN)**

Plaintiff Shawnee Ryan (Ryan) moves to be allowed to join the following claims (ECF119) with dual jurisdiction to Colorado Revised Statutes governing Negligence, including but not limited to the following statutes as discovery continues to unfold on the claims:     C.R.S. 33-44-14; C.R.S. 24-33.5-903; C.R.S. 12-2-123.

- **Plaintiff has Court leave to file claim(s)** against Defendants CHP as they are not governmental entities and not protected by Colorado immunity law. CHP is a for profit, private corporate entity.  **Plaintiff also has court leave** to charge CHP Defendant Mix as acting in her personal and professional medical capacity. Preponderance of evidence will further show that no professional immunity or protections withstand for Defendant Mix as she acted repeatedly in a knowing, willful and wanton manner.
- **Plaintiff has court leave to file claims** against CDOC Defendants Victoroff and Sommerschield in their personal and professional capacities. Preponderance of evidence will show that the condition of no immunity is

1

resolved by the evidence showing both acted knowingly, willfully and wantonly.

1. Listed claims to be joined are One, Two and Three against CHP Defendants.
2. Listed claim to be joined is Claim Four against Defendant Hilary Victoroff.
3. Listed claim to be joined is Claim Seven against Defendant Laura Sommerschield.

**Plaintiff Ryan states that preponderance of evidence,** based on standards of care for her diagnoses both inside and outside the Correctional Health system; cumulative evidence of repeating actions spanning days, weeks, months and years by the Defendants; cumulative evidence both internal and external scientific and medical fact records spanning days, weeks, months and years; and now cumulating evidence through compulsory processes of discovery do meet all four of negligence required elements to join:

- Clear owed duty to provide medical care adequate to meet need(s).
- That duty was clearly violated.
- That the violation(s) caused injury.
- That the victim of the negligence has proven suffering.

Plaintiff Ryan respectfully requests that the Court joinder jurisdiction with regard to Negligence claims to include Colorado law.

Respectfully submitted this 15th day of July, 2019.

S/Shawnee Ryan
3531 South Logan Street #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served the foregoing through the CMECF SYSTEM to the parties below on this 15th day of July 2019.

S/Shawnee Ryan
3531 South Logan Street #189
Englewood, Colorado 80113
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov (CMECF SYSTEM)

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov

3