### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF COLORADO

Civil Action No.     18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**

**CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

---

### PLAINTIFF MOTION TO BIFURCATE CLAIMS #5 AND #6 AGAINST DEFENDANT HILARY VICTOROFF (and) CONSOLIDATE AND STAY ASSOCIATED EVIDENCE PENDING OUTCOME OF INVESTIGATION

---

**Plaintiff Shawnee Ryan, Pro Se, comes now under Federal Rules of Civil Procedure Rule 42 (b) and requests bifurcation of (ECF 119 and pending amended complaint of ECF142) Claims #5 and #6 against Defendant Hilary Victoroff; moving the claims and all evidence accumulated with them to date, to separate resolution by investigation outcome (and/or) trial.**

Plaintiff further requests, under Federal Rules of Civil Procedure Rule 42 (a) (1), Consolidation and Stay, pending outcome of a pending investigation of the evidence associated with both Claims.   **Evidence known between the parties and the Magistrate Court as:** the pre-discovery boxes and Defendant Victoroff's attorney (Ms. Amy Colony) collection of records and documents from the Colorado Department of Corrections.

**Plaintiff states as follows:**

1. *Anaeme v Diagnostek Inc, 164 F. 3d 1275, 1285 (10th Cir 1999)* "…courts have broad discretion in determining whether to bifurcate issues for trial…"

   This motion and the fact-based written statement of evidence associated with the issues to date, are simultaneously given to the Magistrate Court per the parties agreed scheduling order on file.

   Within that written statement is the pointing to the entire path of these two claims, which are civil criminal charges in nature by both state and federal statutes.

   Plaintiff does not deprive the time of the court to go through the lengthy description that the court already is aware of.  Plaintiff simply incorporates the entirety of the facts she states within the document submitted in concert with this Motion; and the court record of the May 29th, 2019 Rule 26 hearing, and the June 24th discovery hearing record of the related to the issues within this Motion; and the July 31st discovery hearing record of the related to the issues within this Motion; as grounds for granting.

2. **So long as the Plaintiff offers:** "….factual allegations such that raise the right to relief above the speculation level…" (*see Twombly, 550 US at 556*)

    **(and)**

3. **Meets the level of Rule 42 to either**:  expedite and economize (or) avoid prejudice (or) for convenience (and/or for: ) 42 (a) Consolidation:  to join for hearing or trial any or all matters at issue in the actions (or) consolidate the actions.

   **(and)**

4. (From the motion): "…. does not have to weigh potential evidence that the parties may present at trial, but to assess whether the…complaint alone is legally sufficient enough to state claim for which relief may be granted.." (*Sutton v Utah State School for the Deaf & Blind, 173 F. 3d 1226, 1236 (10th Cir 1999) (quoting Miller v Glanz, 948 F. 2d 1562, 1565 (10th Cir 1991).*

**BASED ON ALL INCORPORATED FACTS, PLAINTIFF MOVES AS FOLLOWS:**

- That the Court end the disruption to all parties within the case (and) disruption to the original and all other claims within her complaint; by bifurcating charges #5 and #6 against Defendant Hilary Victoroff to a separate trial set (and/or) to a court set per the rule of each statute governing each charge.

- Plaintiff moves for a stay of consolidated evidence in order to protect the integrity of the evidence and all proceedings until outcome of investigations pending are complete (or) by further rule of the court.

- Plaintiff further requests that the existing protection and scheduling orders remain in effect for the now to be two action's within one case.

- Plaintiff further requests that this Motion to Bifurcate and Consolidate and the reliefs it will bring to all parties be granted swiftly (and) after preponderance of the written statement; given simultaneously on behalf of privacy for all through Magistrate Hegarty's email; grant any other reliefs and directives the court believes appropriate.

Respectfully submitted this 26th day of August 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

3

**CERTIFICATE OF SERVICE**

I have served, through email, a copy of the foregoing, to the parties below on this 26th day of August 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



hegarty_chambers@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov