IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

    Defendants.

_____

**MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S VARIOUS MOTIONS FILED SINCE JUNE 24, 2019 COURTROOM HEARING**
_____

Defendants Jennifer Mix and Correctional Health Partners (collectively "CHP Defendants"), by and through counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Unopposed Motion for Extension of Time to Respond to Plaintiff's Numerous Motions filed since the June 24, 2019 Hearing, as follows:

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1(A)

Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned counsel conferred with counsel for Plaintiff, Shawnee Ryan, *pro se*, but has not received a response. Defendants also conferred with Amy Colony, Esq. prior to filing this Motion and she indicated State Defendants wish to join this Motion.

4177214.1

1. On May 29, 2019, a hearing was held to discuss proceeding with discovery and addressing Plaintiff's tendered Fourth Amended Complaint. [ECF No. 108].

2. In that hearing, the Court granted the Motion to Amended and accepted the Fourth Amended Complaint. [*Id.*]. The Court also indicated in this this hearing no further amendments would be permitted. [ECF No. 116].

3. Since this hearing, Plaintiff has filed: (1) Motion for Joinder regarding Amended Complaint; (2) Motion for Leave to file yet another Amended Complaint, this version being the Fifth; (3) Motion to Restrict Medial Exhibits; and (4) Motion to Bifurcate and Consolidate Claims 5 and 6. [ECF Nos. 133, 142, 145, and 147]. In addition, the parties have appeared at two subsequent hearings (June 24, 2019, July 31, 2019) before this Court and prompted by Plaintiff, to rehash the same issues again and again related to the handling of Plaintiff's records in the custody of CDOC and Plaintiff's insistence on utilizing subpoenas directed to CDOC, in lieu of written discovery requests served on counsel, as urged by this Court. [ECF Nos. 139, 149].

4. The Joint Defendants believe all these Motions to be either pointless or frivolous and should be summarily denied with no need for any response. However, the undersigned, in an abundance of caution, seeks additional time to file responses to these Motions in order to provide the Court with information that would support the denial of the pending Motions and, hopefully, get the parties focused on the real issues of this case.

5. Although leave to amend shall be freely given, whether to grant such leave rests with the discretion of the Court. ***First City Bank, N.A. v. Air Capital Aircraft Sales, Inc.***, 802 F.2d 1127, 1132 (10th Cir. 1987). A court may deny leave to amend for the

following reasons: (1) undue delay, with or without prejudice to the other parties; (2) repeated failures to cure deficiencies by amendments previously allowed; and (3) futility of amendment. *Id.* at 1132-33.

6. Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint (1) a moving target; (2) to salvage a lost case by untimely suggestion of new theories of recovery; (3) to present theories seriatim in an effort to avoid dismissal; or (4) to knowingly delay raising an issue until the eve of trial. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

7. This case was commenced on April 23, 2018. [ECF No. 1]. In the sixteen months since the start of this case, one-hundred and fifty pleadings have been filed in this case while very little discovery has been conducted. A majority of the filings have been submitted by Plaintiff, and are mostly based on an ever changing, however slight, position of Plaintiff's allegations. The remainder of the proceedings have focused on Plaintiff's opposition to counsel for CDOC Defendant's receipt of her records in CDOC's custody and her insistence that she obtain discoverable materials directly from CDOC without the oversight or involvement of counsel for the State. These objections and demands are not grounded in any good faith interpretation of the rules of discovery and have caused all Defendants to incur significant expense in responding repeatedly as to these issues, not to mention the delay to the progress of this litigation. The recently tendered Fifth Amended Complaint only adds a few allegations, all of which will be denied by Defendants should a response be required. If the parties would concentrate on discovery, most of the issues

raised in the numerous Motions would be placed in a more sufficient light without the constant filing of additional pleadings.

8. If discovery produces records containing the competent information Plaintiff bases her new allegations in her Fifth Amended Complaint on, she will be afforded the opportunity to demonstrate as much and challenge any Defendant's credibility during the discovery process. At most, the parties disagree as to what the limited discovery has so far produced. This disagreement does not support allowing yet another amendment of Plaintiff's complaint and other motions attempted to circumvent and change the current process. Moreover, Plaintiff's latest motion seeking to amend is not truly based on newly discovered documents but rather entirely on her own subjective interpretation of complex medical records for which she lacks the foundation and expertise to illuminate for this Court. Most of the records attached to her motion post-date her incarceration. None of the records provide any basis for asserting punitive damages claims against CHP or Dr. Mix based on their conduct during Plaintiff's incarceration.

9. Additionally, counsel for CHP Defendants are in trial the week of September 16, 2019, and are currently in the process of preparing for that trial. As such, CHP Defendants request an extension of time, up to and including September 30, 2019, in which to file a comprehensive response to Plaintiff's pending Motions.

10. Plaintiff's pleadings clearly indicate a total lack of understanding as to the role CHP and Dr. Mix play in the CDOC outside consult request process and Plaintiff's continued filing of Motions is only further delaying any movement of this case. The Motions provide no benefit for purposes of moving this case forward but, rather, provides

unnecessary delay to the process. CHP Defendants request additional time in order to provide this Court with a better understanding of its role in the process and to, hopefully, assist in streamlining what has become a constant parade of filings with no end in sight.

11. Pursuant to D.C.Colo.LCiv.R. 6.1(c), the undersigned counsel has served his client representative with a copy of this Motion as reflected on the accompanying certificate of service.

WHEREFORE, for all the foregoing reasons, CHP Defendants respectfully request an extension of time until September 30, 2019, to respond to Plaintiff's numerous Motions filed since the last hearing in this matter, and for all other and further relief as this Court deems just and appropriate.

Dated this 5th day of September, 2019.

Respectfully submitted,

s/ Edmund M. Kennedy
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone:   (303) 628-3300
Facsimile:   (303) 628-3368
Email: ringela@hallevans.com
           kennedye@hallevans.com

**ATTORNEYS FOR CHP DEFENDANTS**

5

4177214.1

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 5th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Amy C. Colony, Esq.
amy.colony@coag.gov

Shawnee Ryan
Shawneeryan216@gmail.com

and served the foregoing via email on the following non-CM/ECF participant:

Correctional Health Partners
C/O Dr. Jennifer Mix

        *s/ Nicole Marion, Legal Assistant to:*
        Edmund M. Kennedy, Esq.
        Andrew D. Ringel, Esq.
        of Hall & Evans, L.L.C.
        1001 17th Street, Suite 300
        Denver, CO 80202
        Phone:  303-628-3453
        Fax:  303-628-3368
        ringela@hallevans.com
        kennedye@hallevans.com