THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

**PLAINTIFF'S FILING OF COMBINED EXHIBITS IN SUPPORT OF ECF147 AND ECF148 (with) DUAL MOTION TO MODIFY ECF147 TO INCLUDE ALL CLAIMS FOR STATE DEFENDANTS**

Plaintiff Shawnee Ryan come now, and files the following update to the court (and) exhibits in support of ECF147 and ECF148 (Bifurcation and Consolidation).

Additionally, based on the most recent (within the past week) inabilities to receive answers to questions asked (and) completion of Plaintiff's subpoena duces tecum; the Plaintiff reveals in the attached support how extensively the "boxes" are not only tainted (SKR-BC000002) but also now co-mingled/wrapped into the Ms. Colony's documents gathered outside of Plaintiff's Subpoena Duces Tecum upon CDOC (SKR-BC000003):   Plaintiff moves the court to modify her Bifurcation and Consolidation Motion (ECF147) to include all claims for State Defendants (Claims #4,5,6,7).

**To further support Plaintiff's full motion and move to modify; Plaintiff argues as follows and also attaches additional support documents as labeled:**

1

- Culminating this past week, the State/Amy Colony have fully obstructed the subpoena duces tecum to CDOC; despite the evidence of false and tainted CDOC materials *she has known for many months to be existent* within the "two boxes" (SKR-BC000002 and SKR-BC000002(1)). Evidence that until this filing today of SKR-BC000002, inventory details *not allowed by Ms. Colony to be seen by parties, by CDOC or by the court.*

CDOC has produced no documents to Plaintiff and is not being allowed to produce the ordered subpoena.

Repeatedly, the wordsmithing of Ms. Colony (as can be seen in attached SKR-BC000007) has twisted her becoming involved in the gathering of CDOC materials with statements such as: "On or about August 27, 2019, CDOC received the attached subpoena from the Clerk's Office via Certified Mail. This subpoena was originally filed by you with the Court on or about August 14. ==However, you initially delivered this document to our office via email on June 24, 2019.== Since that time, as counsel for the CDOC Defendants, ==this office has been working to informally produce the requested materials to you, in the absence of any valid subpoena having been served on CDOC.==" (Reality, is that Ms. Colony began gathering additional CDOC materials outside of "the boxes" on May 30, 2019 (SKR-BC000003), which is one day after learning in Rule 26 hearing that her client did deceive her and much more medical data exists. Reality, is that the subpoena was delivered as a copy to all parties, including CHP as a simple matter of course. Further reality, is that hearing transcripts and everything accompanying copies of anything subpoena related have explicitly and repeatedly stated "No, thank you" with regards to Ms. Colony giving assistance. Amy Colony has never been encouraged to informally do anything on Plaintiff's behalf nor has she ever had release to do so.

Additional reality, *is that all were aware that the subpoena was simply pending the court's release, having already been granted by Magistrate Hegarty at hearing of June 24th.*

If, Ms. Colony had just stopped.  Backed up and approached with clarity and full disclosure at the first questioning (SKR-BC000012); Plaintiff could have worked with all of it.  Instead, Ms. Colony threw more shade through wordsmithing: ==" …this office has been working to informally produce the requested materials to you, in the absence of any valid subpoena having been served on CDOC."== (Reality, is that the "medical records" released *are* "Boxes One and Two" with zero other medical records gathered; including those within subpoena.

2

- At this late point in discovery process, the missing records are necessary to proceed fully (or) simply be quashed and use only external medical documents from outside specialist's care. The matter cannot simply sit in limbo as it is. Hall and Evans cannot proceed either, despite the irony that they are the only defendants who are within scope to need them as they are punitive damage scopes. Plaintiff believes the only ability to even sort, is through Bifurcation and Consolidation (ECF147 and ECF148).

- Plaintiff, as a parolee, is also off-paper within next aprx. 60 to 90 days  She is not personally 'keen' on the idea that due to the State's current obstructions with Plaintiff being painted by Ms. Colony to CDOC (and) Ms. Colony's obvious withholding the facts from CDOC; it may be that the only way Plaintiff can obtain her own documents that are clean, complete, accurate and full CDOC records, is to hold the CDOC in contempt and enforce the subpoena. Which is not a position the Plaintiff wishes to be forced into.

- As to Ms. Colony's continued claim that Plaintiff can receive all through "open records", reality is that a goodly portion of what Ms. Colony has done would never see the light of day to anyone but Plaintiff.  CDOC does not release materials that are in-camera sensitive, without releases and that are in the middle of active discovery and litigation.

**Plaintiff argues the obvious**:  **the only reason to obstruct is to self-serve either the office of the State or protect a client who is involved.** Nothing within either of those, holds fairness to Plaintiff or Hall and Evans and the CHP Defendant Group. Doing so, is also outside of the rules of the court. Plaintiff moves that ECF147 modifies to include all State clients and claims (#4,5,6,7,).

- The State/Amy Colony has recently also disallowed the filing of a complaint as is outlined within the scope of custody of CDOC, in AR 950-02 (SKR-BC000006 and SKR-BC000004 and SKR-BC000005). Ms. Colony has gone so far as to insist to CDOC and Plaintiff that no investigation is needed and no production of clean documents via subpoena is needed. Plaintiff believes that Ms. Colony is heavily conflicted in inserting herself into representing

CDOC (a non-party) and they should be represented by another State AG attorney until Ms. Colony and her client are cleared.  By force, Ms. Colony *has ordered Plaintiff to pursue her investigation only under the State/Amy Colony handling of CDOC.*  A protection of her person/parole; Plaintiff did push back and went directly to Director Williams.  Doing so with advance notice to State/Colony. Plaintiff received the attached response from Ms. Colony.  (SKR-BC0000008, 09,10,11 attached.)

- The Plaintiff pends the court's order of grant or deny of Bifurcation and Consolidation before moving investigation of SKR-BC000002, SKR-BC000004, SKR-BC000005 (note Victoroff signature to that sworn affidavit) and SKR-BC000006 forward to DORA and State Nursing.  Plaintiff prefers the consolidation and containment of the issue with the court. As to her parole safety, her understanding is that as long as she tried, which she did, the Adult Division of Parole will not hold her accountable for the fail to follow AR directive.

  **With that said:  the appropriate place for this investigation is within the CDOC.  All evidence through equipment, cameras, witnesses, supplies are all at their hands. Any outside agency would have to go to them to be able to fully investigate.**

- Ms. Colony is also preventing Plaintiff's interrogatories with career employee and a witness on behalf of procedures within CDOC and on behalf of her knowledge of Plaintiff; of Therese Stone.   Plaintiff also needs to do a full deposition with CDOC employee Kelly Wasko (reference deposition schedule of ECF132), which Ms. Colony is aware of.

  **There is no ability for Plaintiff to move herself forward without subpoena production or without interrogatories and depositions. Short of having to wait for trial and compel the individuals to testify while Plaintiff is going in blind.**

- Ms. Colony's steadfast refusal to answer the most basic of questions regarding the discovery, since May 29, 2019 (SKR-BC000012, SKR-BC-000014 AND SKR-BC000015) leaves absolutely no ability for resolution without court compelling the answers from the State.  Plaintiff asks the court to review transcript of **July 31, 2019 (ECF149)** for an understanding of how many other conversations and attempts to have the questions she began asking on June 1, 2019 (SKR-BC000012) answered.

    **Culminating into this week's refusal again to answer while simultaneously growing into the extreme of implied threatening by Ms. Colony (SKR-BC000014 and SKR-BC000015).**

Plaintiff respectfully asks the court to modify as asked and accept the attached supporting documents in favor of Bifurcation and Consolidation of the State's clients in this case.

Respectfully submitted,

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80225
720-431-8319
shawneeryan216@gmail.com

## CERTIFICATE OF SERVICE

I have served, via CMECF to the Clerk of the Court and Parties listed below, a complete and accurate copy of the foregoing on this 22nd day of September 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80225
720-431-8319
shawneeryan216@gmail.com

Andrew David Ringel:   ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:   acolony@coag.gov

5