Attached.  Will be in CDOC and executive office today.

Shawnee Ryan   shawneeryan216@gmail.com

9/6/2019 9:39 AM

To: Amy Colony; Kennedy, Edmund M.; Ringel, Andrew D.; Tamborello, Amber; Laurie Merrick; Marion, Nicole


Shawnee Ryan
11309 West Exposition Drive Lakewood, Colorado 80226 720-431-8319 shawneeryan216@gmail.com

September 5, 2019

Executive Director Dean Williams

RE: Current status of Subpoena Duces Tecum Case #18 cv 00956

Dear Sir,

This notice is my response to a claim being made by Amy Colony (State AG counsel) today that you (her reference to served upon) have asked for the subpoena to be dropped due to (her) "having provided everything asked for on it".   My packet to you, which you would have received earlier this week, clearly stated that there are motions to bifurcate and consolidate Ms. Colony and her client Hilary Victoroff; pending an investigation into 'how' my records were obtained from on or around May 23, 2018 to present day.

My packet explained, that I need your confirmation to Ms. Colony's claims that Major Reux told her I could not report as directed to do by AR950-02; that CDOC would (basically ignore); and  that no one was going to be assigned to work directly with me to fulfill the court ordered subpoena that the court saw cause to issue; (and) that only Amy Colony could be given the materials to disburse as she sees fit.

Nowhere, in any of that is her acknowledgment that we pend not only before the court but also pend investigation with regard to her handling of all CDOC materials (and) her client's credibility.

There is also some nonsense about all of my records (and yours) being "open records" that "no release" from me "is needed for" (and) same are "available to anyone" despite this being a case in active discovery, highly sensitive medical materials, a defendant(s) with signed affidavits on file (AR 950-02B), that has not yet been disposed, gone into ADR and or tried by jury.  Obviously, a very false claim both stating and implying that anyone can walk in, from anywhere, and the CDOC "open records" department will give them whatever they ask for.

Ms. Colony is also stating same about the system of the State AG and their active lawsuit cases.

Today, and only after receiving her copy of my earlier letter to you and to Ms. Leh; Ms. Colony is again dumping still yet more "records" from her 'collecting' (after claiming some time ago to court record that

"everything she had has been given") and (after being filed against going into consolidation and investigation).

As they are unusable until the authorities, of which you are one, determine who does the investigation of the 950-02 complaint; I have added them to the records to be turned over.

The obvious present is that nobody can move, after being altered to an active 950-02B complaint having already been made.    Unfortunately, until an investigation/handling answer from CDOC is given that you will not investigate the 950-02B (and/or) refer to DOC-IG; I cannot touch any of what Ms. Colony gives or states.   Should you decline the investigation or referral; my obligation to 950-02, as both parolee and Plaintiff is met.

And am free to move to next step of the agencies governing the statutes within Defendant Victoroff's Claims #5 and #6; which is the court accepting or declining to hold the complaint into pending consolidation and the regulatory agencies that govern the licenses.

I can do no more than that until you all get your ends moving, Sir.  I have followed the CDOC orders exactly, have done nothing out of order or wrong and this has drug out now since I first reported to Major Reux in early June 2019 (who clearly stated CDOC would follow the orders of the court).  Even that has not happened, as a full protection order and various orders and directives to Amy Colony by the Court have not been followed.  What is happening, is a lot of hot air and steam in attempting to paint a picture of the pro se prisoner being the issue and that defense lawyers have full impunity to act however they wish.  Outside court rules, or your rules; or not.

Please, Sir.  Answer the questions below as quickly as possible and put forth the resulting orders.  Thank you.

Today's Status:

 • The court just granted a motion for extension of time to CHP.  Defense must have their objections to bifurcation and amended in by September 30th.  From there, the court will rule.

• In the meantime, I need to have you follow the order of the subpoena and produce clean records unto me.  I will not be dropping it, until it is obeyed as ordered within it and with clean records; Sir.   I have to have official clean records to use for trial, as do CHP Defendant Group.  Ironically, Ms. Colony and the State, need none of the records except what is specifically to their clients.  They are only in for compensatory damages, which severely limits Ms. Colony.  None of this, should ever have happened through her hands.

• On or around 8/27 you were served.  You have 30 days.  Please, put whoever you are going to in contact directly with me.  Please obey the order given to you by the court.  If Amy Colony does not like it; then she can take her and I before the court.  Which has nothing to do with the subpoena and would be a totally separate legal action. Completely separate from the timeclock on the subpoena, Sir.  I am appalled at being put in this position.  I have done nothing wrong and these obstacles should not be in the way.  With that said, I will enforce the subpoena. You have all my contact information.  Thank you.

Please notify me quickly with the answers to the following questions:

1.  Does CDOC, or does it not, accept the complaint against your employee Hilary Victoroff on AR950-02B?

2.  Does CDOC, or does it not, pass over investigating the claim to DOC-IG (or) conduct it in-house and per the AR?

3. Will CDOC, or will it not, obey the subpoena duces tecum and produce clean records direct unto the Plaintiff who issued it and as it orders you to do?

Thank you.

 Shawnee Ryan