IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

**DEFENDANT HILARY VICTOROFF'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Hilary Victoroff, N.P. (Defendant Victoroff), by and through her counsel, Senior Assistant Attorney General Amy Colony, and pursuant to Fed. R. Civ. P. 26 and 34, responds as follows to Plaintiff's Third Request for Production. As provided in Fed. Civ. P. 26(e), Defendant Victoroff reserves the right to supplement her responses, as necessary.

**SCOPE OF RESPONSE**

1.    In responding to Plaintiff's Discovery Requests, Defendant Victoroff has made a diligent search and a reasonable effort to comply with the Discovery Requests. The following responses are based upon Defendant Victoroff's recollection,

1

knowledge, and belief. Discovery and investigation are ongoing, and Defendant Victoroff reserves the right to amend or supplement the responses herein at her option, and/or to introduce at trial or other proceedings related to this action, documents, and information not described herein if such materials become known or available to Defendant Victoroff after the date of this response.

2. By stating that she will produce documents and information responsive to particular demands, Defendant Victoroff does not represent that such documents and information exist or have not already been produced, but only that Defendant Victoroff will search for and produce non-privileged documents and information, if any, which appear responsive to the particular Discovery Requests and which have not already been produced. Defendant Victoroff will produce such documents and information, unless otherwise noted, by making documents available for inspection and copying.

3. In providing specific responses to the Discovery Requests, Defendant Victoroff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses or subject matter thereof, any subsequent proceeding in or the trial of this or any other action;

  b. All rights to object on any ground to the use of any of said responses, or the subject matter thereof, in all subsequent proceedings, including the trial of this or any other action; and

  c. All rights to object on any ground to any demand for further responses to these or any other discovery requests involving or related to the subject matter of the inspection demands.

## **GENERAL OBJECTIONS**

The following General Objections apply to each of the Discovery Requests propounded by Plaintiff and the text of the cover letter to the discovery requests:

  1. Defendant Victoroff objects to each and every instruction and definition to the extent any such instruction, definition, or request seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure. Defendant Victoroff's response is governed by the Federal Rules of Civil Procedure, rather than by Plaintiff's instructions and definitions.

  2. Defendant Victoroff objects to each and every Discovery Request to the extent it seeks materials and information concerning other state agencies that are not parties to this litigation and are therefore protected by Colorado laws pertaining to disclosure of information from their files.

  3. Defendant Victoroff objects to each and every Discovery Request, definition and instruction to the extent that it seeks the disclosure of information or documents protected from disclosure by the attorney-client privilege, the work

3

product doctrine, deliberative process privilege, or any other applicable privilege recognized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, state statutes, state regulations, or state common law.  In responding to these Discovery Requests, Defendant Victoroff will not provide privileged or otherwise protected documents or information.  Documents or information that are not privileged or otherwise protected or subject to this objection will be referred to as "non-privileged documents" or "non-privileged information."  In accordance with the applicable law, Defendant Victoroff will appropriately identify documents that are withheld from production on the grounds of the referenced privilege.

4. Where Defendant Victoroff states that her responses are subject to and without waiving her objections, it means that a reasonable effort will be made to understand and respond to the Discovery Request by providing relevant information without producing or disclosing information that is privileged or subject to some other objection.

5. All answers or other responses set forth below are subject to and without waiver of any of these General Objections and to the other more specific objections set forth below.  Defendant Victoroff will not in every instance repeat or specifically incorporate these General Objections in response to each individual Discovery Request, although they are intended to apply throughout.  The assertion of the same, similar, or additional objections in Defendant Victoroff's specific objections to individual Discovery Requests, or failure to assert any additional

objections to any Discovery Request, does not waive any of Defendant Victoroff's objections set forth in this Response.

6. Defendant Victoroff objects to any of the Discovery Requests that explicitly or implicitly call for or are based on a legal conclusion.

7. Defendant Victoroff objects to any of the Discovery Requests that assume as true, a set of facts that have not been stipulated or demonstrated to be true.

8. Defendant Victoroff objects to any of the Discovery Requests that are ambiguous or indefinite.

9. Defendant Victoroff objects to any of the Discovery Requests that require them to speculate about information of which they have no first-hand knowledge or to produce documents for which CDOC and/or the individual Defendants are not the custodian.

10. Defendant Victoroff objects to the Discovery Requests to the extent they fail to describe the required documents with reasonable particularity as required by Fed. R. Civ. P. 34(b).

11. Defendant Victoroff objects to each and every Discovery Request and purported definition section thereof as overly broad and unduly burdensome to the extent that it seeks to impose on Defendant Victoroff an obligation to obtain information and documents that are not relevant to the subject matter of the claims stated in the Fourth Amended Complaint, including but not limited to, information

and documents generated prior to Plaintiff's incarceration at CDOC or after her parole in October 2018.  To the extent such information and documents exists, they have no relevance to Plaintiff's claims and requests for such information and documents are disproportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b).

## REQUESTS FOR PRODUCTION

1. Please have [Defendant] Hilary provide verified by CDOC scheduling and employee records, the dates of her work schedule from Friday, Feb. 3, 2017 through Tuesday, Feb. 7, 2017. A copy of each one's [Defendants Hilary Victoroff and Laura Sommerschield] sworn affidavit form #950-02B that is on file with their employer.

**OBJECTION:**  Defendant Victoroff objects to this Request to the extent that it seeks a response "verified" by CDOC, as this request is vague and incapable of interpretation by Defendant as to what Plaintiff means by "verified."  The documents produced herein are maintained in the regular course of business by CDOC.

**RESPONSE:**  Defendant Victoroff's employee work schedule for February 3, 2017 through February 7, 2017, is attached hereto as CDOC006257-6258.  Defendant Victoroff has no further materials that are responsive to this request.

Respectfully submitted this 12th day of August, 2019.

                        PHILIP J. WEISER
                        Attorney General

                        s/ *Amy C. Colony*
                        AMY C. COLONY, Reg. No. 36124*
                        Senior Assistant Attorney General
                        1300 Broadway, 10th Floor

Denver, CO 80203
Email: acolony@coag.gov
Telephone: 720-508-6615
Attorney for Defendant Victoroff
*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 12th day of August, 2019, I served the foregoing **DEFENDANT HILARY VICTOROFF'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION** upon all parties herein by email. addressed as follows:

Shawnee Ryan
11309 W. Exposition Drive
Lakewood, CO  80225
shawneeryan216@gmail.com
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
ringela@hallevans.com
kennedye@hallevans.com
*Attorneys for Defendant Mix & CHP*

                                                             *s/ Laurie Merrick*