IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.     18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

### PLAINTIFF RESPONSE TO DEFENDANT CHP (ET AL) COMPLAINT REGARDING PLAINTIFF'S MOTION TO JOINDER (ECF133)

Plaintiff Shawnee Ryan comes now with the following response to Defense Counsels (combined) complaints (ECF151) concerning her filing for joinder to state negligence laws (ECF133):

**STATEMENTS OF FACT:**
- Both sets of Defendant counsels, in addition to being well experienced with rules of procedure for trial litigation at federal level; have been aware, through the Scheduling Order they themselves crafted and approved (ECF132); that the path to any Joinder action (ECF133) was under a deadline for filing in this case of July 15, 2019.

- The filing for joinder in a federal civil case to a state law(s) is simply a matter of course and procedure.  Falling under Fed R Civ P Rule 19 and Rule 20.

1

- In this case, falling under Rule 19: (a) (1) (A): "in that…absence, the court cannot accord complete relief…" (and) under Rule 20 (a) (1) (A) and (B) for permissive joinder: 'Plaintiffs. Persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action'.

### STATEMENTS OF FACT:

- Both sets of Defendant counsels have had full and complete copies since their entries of appearances of (ECF51) Third Amended Complaint when it was ordered to be drawn and proceed on February 7, 2019. Which clearly stated Plaintiff intent to proceed on negligence claim(s).

- Both sets of Defendant counsels have had full and complete copies of (ECF119) Fourth Amended Complaint, after Defendant counsel's Initial Disclosures, returning Correctional Health Partners (et al) back into litigation proceedings.  Which clearly stated Plaintiff intent to proceed on negligence claim(s).

- Both sets of Defendant counsels had full and complete ability to object to joinder at time of filing; which all declined to do.

- The four elements required to join have been met by Plaintiff's thorough preponderance of discovery evidence so far (and) evidence existing within the Plaintiff's case; which she has given access to all Defendant counsels to obtain:

  1.  A clear duty to provide medical care adequate to meet need(s).
  2. That duty was clearly violated.

  3. That the violation caused injury.
  4.  That the victim of the negligence has proven suffering.

- C.R.S. 33-44-14; C.R.S. 24-33.5-903; C.R.S. 12-2-123 are the appropriate state statutes for this case's arguments for Negligence reliefs to be joined and argued under.

**PLAINTIFF RESPONSE:**

A.  Plaintiff is not required at the stage of filing for joinder to state negligence laws to 'prove' her case and evidence in support of.  She is only required to provide a good faith, substantial enough claim to support that she has an arguable action.  Which, Plaintiff has thoroughly done with her combined filings, exhibits and discovery disclosures to date. She understands the procedure to be that her case for negligence itself, is presented in different format and at the appropriately scheduled time of the court. Plaintiff will do so at those times.

B.  The complaining of Defendant counsels is noted. Plaintiff believes that while it is their absolute right to place those complaints before the court; that act of right does not give their complaints credibility.

C.  In review of their current complaints, Plaintiff see's nothing that is of viable merit.  <u>She sees that</u>:  the court has not yet seen any of the evidence and merit Plaintiff has in her assertions of negligence claims, as timing is far from ripe. No dispositive filings by any party; no evidentiary disclosures yet, by any party and has not yet heard through filings or hearings, any of the evidence either side has. Which are, if Plaintiff is understanding law and the process correctly; all necessary to be seen, heard and ruled upon by the court when determining the merits of joinder, rather than simply opposing counsel's viewpoints being filed. The court and the court alone, has broad discretion, at any time, to determine procedures of this case; including appropriate joinder ability once evidence is finally and actually heard.

Plaintiff requests that the Court grant her Motion to Joinder (ECF133).

3

Respectfully submitted,

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served, through CMECF a complete and full copy of the foregoing, to the parties below on this 21st day of September 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov