IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

## DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING APPOINTMENT OF *PRO BONO* COUNSEL

Defendants Hilary Victoroff, and Laura Sommerschield, by and through counsel, Amy Colony, Esq., Senior Assistant Attorney General, and Defendants Jennifer Mix and Correctional Health Partners, by and through counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., jointly request this Court enter a Protective Order and Stay Discovery in this matter, pending appointment of *pro bono* counsel for Plaintiff. In support thereof, Defendants state the following:

### CONFERRAL STATEMENT

The undersigned counsel for State Defendants contacted Plaintiff via email on September 23, 2019, to confer about this Joint Motion. Plaintiff objects to Defendants' requested relief herein.

## INTRODUCTION

Defendants jointly seek an Order staying all Plaintiff's claims for relief, pending appointment of *pro bono* counsel for Plaintiff. In addition to or in lieu of a stay, Defendants seek a comprehensive protective order to address nearly four months of persistent harassing and unreasonable conduct by Plaintiff, acting *pro se*, that is contrary to Court rules and the Rules of Civil Procedure. This behavior has included direct contact with various CDOC personnel, including the Executive Director's office, attempted contact with a former employee at his home address, weekly harassing emails to defense counsel, and a refusal to cooperate with written discovery requests and depositions.

Plaintiff's conduct has created multiple delays in these proceedings, including the unnecessary multiplication of proceedings and three hearings before this Court within a 65-day time period between May 29, 2019, and July 31, 2019. Plaintiff has demonstrated an unwillingness or inability to comply with the rules of civil discovery and the expectations of this Court with respect to civility and cooperation in conferrals with opposing parties. Plaintiff's conduct has led to a disruption of collective defense counsels' ability to attend to other matters. Moreover, her continual harassment of the parties, staff and third-party witnesses has required their respective clients to incur legal expenses far beyond what is typically required at this stage of the proceedings. In short, this litigation has become unmanageable and will continue to be so in the absence of Court intervention.

## PROCEDURAL BACKGROUND

1.  Plaintiff Shawnee Ryan filed her initial Complaint with this Court on April 23, 2018, naming as Defendants, sixteen separate parties, including the Colorado

Department of Corrections (CDOC), Correctional Health Partners (CHP), the Federal Bureau of Prisons, several state and federal correctional employees, including Defendant Hilary Victoroff, N.P. (ECF No. 1).[1]

2. Subsequent to filing of her Complaint, Plaintiff Ryan was paroled and released from custody at Denver Women's Correctional Facility (DWCF), in October 2018.

3. Between May 24, 2018, and December 19, 2018, this Court identified several deficiencies and entered three separate orders directing Plaintiff to cure these deficiencies in an amended complaint. (ECF Nos.15, 31, 41). Between July 17, 2018, and January 16, 2019, Plaintiff filed **four amended complaints**. (ECF Nos. 21, 40, 44, 51).

4. On February 1, 2019, this Court entered an Order dismissing Plaintiff's claims against CDOC (Claims One and Two) based on Eleventh Amendment Immunity, and the official capacity claims against Dr. Jennifer Mix, Hilary Victoroff and Laura Sommerschield. To the extent Plaintiff purported to state claims against CHP and Dr. Susan Tiona, those claims were also dismissed. The remaining claims include individual capacity claims against Dr. Mix (Claim Three), Victoroff (Claim Four) and Sommerschield (Claim Five). (ECF No. 52).

5. **28 U.S.C. § 1915.** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* pursuant to 28 U.S.C.§ 1915, was approved on May 24, 2018. (ECF No. 13). Plaintiff filed

---

[1] On the same date, Plaintiff filed several motions seeking injunctive relief. (ECF Nos. 5-9). These motions were denied by this Court on May 31, 2018. (ECF No. 16).

for Application to Proceed in District Court Without Prepaying Fees or Costs, on December 31, 2018. (ECF No. 46). This was granted on January 7, 2018. (ECF No. 48).

6. **Motions for Appointment of Counsel.** Plaintiff filed repeat requests for appointment of counsel that were each rejected by this Court, no less than eight (8) times:

- April 23, 2019 (ECF No. 4), denied as premature on May 24, 2018. (ECF No. 15).

- Renewed motion denied on May 31, 2018. (ECF No. 16).

- Objections to the Denial of Pro Bono Counsel Appointment on June 12, 2018. (ECF No. 18) overruled on June 15, 2018. (ECF No. 20).

- December 24, 2018: "Motion to End Magistrate's Administrative Review" and seeking "Emergency Leave . . . to Move for Applying for Pro Bono Representation." (ECF No. 42). Denied as moot on January 8, 2019. (ECF No. 49).

- February 5, 2019: (ECF No. 57).

- February 18, 2019: "Motion for Review Filing of Information with Dual Motion to Determine Appointment of Counsel (Or) Move Case Into Abeyance. (ECF No. 75). Denied on February 20, 2019. (ECF No. 80).

- February 22, 2019: Filing of Clarifying Information and Move for Reconsideration to Appoint Pro Bono Counsel (ECF No. 81).

- March 4, 2019: Motion to Appoint Pro Bono Counsel (ECF No. 83) denied March 22, 2019. (ECF No. 88).

7. Finally, on May 29, 2019, during a status conference, this Court granted Plaintiff's Oral Motion for Reconsideration of Motion for Appointment of Counsel and the Clerk was instructed to attempt to enroll *pro bono* counsel. (ECF No. 108).

8. The May 29, 2019, hearing was held to discuss proceeding with discovery and addressing Plaintiff's tendered Fourth Amended Complaint. (ECF No. 108). In that hearing, this Court granted the Motion to Amend and accepted the Fourth Amended Complaint. [*Id.*]. The Court also indicated in this hearing that no further amendments would be permitted ("It ends here. It ends today.") (ECF No. 116, pp. 6-7).

9. Plaintiff filed her Fourth Amended Complaint on June 24, 2019, adding two claims against Defendant Victoroff apparently arising out of the transfer of her CDOC records, including medical records, to the undersigned counsel for the State Defendants. (ECF No. 119).

10. Plaintiff filed yet another motion requesting leave to file an Amended Complaint to include punitive damages against Defendants CHP and Mix, titling the document a "First" Motion for Leave to file Amended Complaint for Punitive Damages Against CHP Defendants. (ECF No. 142).

11. This case was commenced on April 23, 2018. (ECF No. 1). In the sixteen months since the start of this case, over one-hundred and fifty-six pleadings have been filed in this case while very little discovery has been conducted. A majority of the filings have been submitted by Plaintiff, and are mostly based on an ever changing, however slight, position of Plaintiff's allegations. The remainder of the proceedings have focused on Plaintiff's opposition to counsel for CDOC Defendants' receipt of her records in CDOC's custody and her insistence that she obtain discoverable materials directly from CDOC without the oversight or involvement of counsel for the State. These objections and demands are not grounded in any good faith interpretation of the rules of discovery

5

and have caused all Defendants to incur significant expense in responding repeatedly as to these issues, not to mention the delay to the progress of this litigation.

12. Since the May 29, 2019, status conference with this Court, Plaintiff has filed: (1) Motion for Joinder regarding Amended Complaint; (2) Motion for Leave to file yet another Amended Complaint, this version being the Fifth; (3) Motion to Restrict Medial Exhibits; (4) Motion to Bifurcate and Consolidate Claims 5 and 6; and (5) Dual Motion to Modify to Include all Claims for State Defendants (ECF Nos. 133, 142, 145, and 147). In addition, the parties appeared at two subsequent hearings (June 24, 2019, July 31, 2019) before this Court and prompted by Plaintiff, to rehash the same issues again and again related to the handling of Plaintiff's records in the custody of CDOC and receipt of the same by the Office of the Attorney General, as well as Plaintiff's insistence on utilizing subpoenas directed to CDOC, in lieu of written discovery requests served on counsel, as urged by this Court. (ECF Nos. 139, 149).

## APPLICABLE LAW

13. The decision to issue a protective order and thereby stay discovery rests within the sound discretion of this Court. ***Wang v. Hsu,*** 919 F.2d 130, 130 (10th Cir.1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed.R.Civ.P. 26(c). Here, Defendants seek a stay of discovery at this stage as a result of the *pro se* Plaintiff's refusal to comply with Court rules and her persistent abusive and harassing conduct directed at counsel for Defendants, as well as CDOC personnel.

6

In evaluating a request for a stay of discovery, the following five factors guide the court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

***String Cheese Incident, LLC v. Stylus Shows, Inc.***, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D.Colo.Mar.30, 2006). In addition, pursuant to D.C.L.Civ.R. 30.2, Defendants respectfully request this Court to recognize a stay of proceedings and for the protected order requested in this Motion pending a resolution of this Motion.

## ARGUMENT

14. Since the May 29, 2019 appearance before this Court, Plaintiff has engaged in weekly, multiple email correspondence to counsel that is vitriolic, harassing, repetitive and largely incomprehensible. A small representation of this correspondence is attached to this Motion, as **Exhibit A-1**.

15. Overall, Plaintiff's pleadings and correspondence display a complete lack of understanding of Court rules and legal principles; and an unwillingness to accept or abide by these rules and principles that are well established. This is so even after this Court has explained certain principles and procedures to Plaintiff during three separate status conferences. Her requests for relief, to the extent the relief requested is even comprehensible, have consistently been denied by this Court. Plaintiff nonetheless continues to make representations to the parties about Court orders and directives that do not exist. She insists that discovery be conducted in accordance with her beliefs and

7

preferences, regardless of any orders or record statements by this Court to the contrary. In short, Ms. Ryan refuses to comply with litigation protocols or to conduct herself professionally and reasonably in any respect.

16. Plaintiff has demonstrated a stubborn refusal to work with the undersigned counsel of record for CDOC in this matter to obtain documents in the discovery process. She has repeatedly expressed her desire to exclude the undersigned counsel for CDOC from the document production process and insists on working directly with CDOC to obtain materials. The undersigned counsel for CDOC has repeatedly declined these demands from Plaintiff to no avail. *See* **Exhibits A-2, A-3 & A-4.**

17. Despite the lack of a properly served subpoena, the undersigned counsel for CDOC has worked diligently to provide Plaintiff with reasonable access to the materials she has requested via subpoenas filed with this Court and that may have relevance to her case. *See* **Exhibits A-4 & A-5**. However, because Plaintiff is unwilling to accept undersigned counsel's representation of CDOC and involvement in the disclosure of CDOC materials, she has been contacting CDOC personnel – current and former – without the undersigned CDOC counsel's prior consent and knowledge. *See* Colorado Rules of Professional Conduct, 4.2, Cmt. 7. The following are instances in which Plaintiff has contacted current and former CDOC employees in this matter without the consent of counsel for CDOC:

   a. On or about August 8, 2019, former CDOC clinical staff Dr. Rishi Ariola-Tirella received correspondence from Plaintiff and related to her claims, at his *home address.* Understandably, Dr. Ariola-Tirella was disturbed and alarmed to receive this correspondence at his personal residence.

8

    b. On or about June 11, 2019, and again on August 24, 2019, Plaintiff sent the attached correspondence to Major Lucille Reaux at the Denver Women's Correctional Facility. *See* **Exhibit A-5 & A-6**.

    c. On or about August 22, 2019, Plaintiff sent the attached correspondence to former CDOC staff Audrey Porreca to her *home address. See* Defendants' **Exhibit A-7**.

    d. On or about August 24, 2019, Plaintiff sent the attached correspondence and a purported set of "Interrogatories" to CDOC Mental Health Supervisor, Theresa Stone. *See* Defendants' **Exhibit A-8**. Plaintiff followed up this correspondence with a telephone call to Ms. Stone in which she asked her to complete the written interrogatories and to "help her show the human factor" in her case.

    e. On or about September 1, 2019, and September 5, 2019, Plaintiff sent the attached correspondence to CDOC Executive Director Dean Williams via email. *See* Defendants' **Exhibit A-9 & A-10**. On September 10, 2019, Plaintiff attempted to contact Director Williams' office by telephone stating that she "will need to get law enforcement involved."

18.     The undersigned counsel for CDOC has responded to these efforts to communicate directly with CDOC staff concerning her claims and the discovery of materials related to her claims, instructing Plaintiff to direct all such requests to the Office of the Attorney General only. Plaintiff refuses to comply with these eminently reasonable requests. *See* Defendants' **Exhibits A-11 & A-12**.

19.     Plaintiff has also sought to subpoena deposition testimony from a third-party witness, Callee Redmond, without conferring with opposing counsel or the subject individual of the subpoena. Her email correspondence with counsel for this witness was consistent with all other correspondence in this case as it was openly hostile, vitriolic, and largely incomprehensible. *See* Defendants' **Exhibit A-13**. Plaintiff has also sought to notice depositions to be conducted at her home, including a deposition of CHP's Chief Executive Officer, and has insisted that the undersigned counsel for the CDOC

Defendants is not permitted to participate in these depositions. *See* Defendants' **Exhibit A-14**.

20. Plaintiff refuses to fully respond to reasonable written discovery propounded by Defendants and has asserted objections that are not legitimate and not grounded in any actual legal principle or precedent. *See* Defendants' **Exhibits A-15, A-16, A-17 and A-18**. Plaintiff also refuses to execute medical releases seeking information directly related to the conditions and alleged damages described in her various Complaints. *See* Defendants' **Exhibit A-19**.

21. Finally, Plaintiff served inappropriate written discovery requests on Defendant Hilary Victoroff that demanded that Ms. Victoroff respond to the inquiries without the assistance of counsel. The written discovery also expressly inquired into attorney-client privileged matters as well as sought information protected by the attorney-work product doctrine. *See* Defendants' **Exhibit A-20.**

22. Counsel for Defendants have diligently worked to cooperate and confer with Plaintiff in good faith with respect to her various discovery requests, drafting the Scheduling Order and other procedural matters. Her refusal to reciprocate and her ongoing harassment of counsel and witnesses requires immediate attention from this Court.

## REQUEST FOR RELIEF

23. Plaintiff's persistent and abusive conduct has prejudiced Defendants by causing delay and causing each to incur mounting attorney's fees. Her conduct has

interfered with the judicial process as she has failed to comply with Court rules concerning discovery.

24. Defendants request all relief necessary to bring about an end to Plaintiff's unprofessional conduct, including a stay of all proceedings, including discovery, until *pro bono* counsel can be appointed by this Court. Plaintiff, as a *pro se* litigant, has proven time and time again to be incapable of conducting herself in a respectful and reasonable manner. Therefore, appointment of counsel is required for her claims to proceed in an orderly and lawful manner. Defendants should not be forced to endure and continually respond to Plaintiff's unacceptable conduct week after week.

25. In lieu of a stay pending appointment of *pro bono* counsel, Defendants request that this Court enter a protective Order directing Plaintiff to comply with the Rules of Civil Procedure and the Local Rules of this Court and participate in discovery in accordance with the following:

   a. Plaintiff shall cease and desist in contacting any current and former CDOC employees in relation to her claims. If Plaintiff desires to depose a current or former CDOC employee, she must contact CDOC Counsel to obtain dates and times for such depositions.

   b. Plaintiff shall not contact any current or former employee of CHP in relation to her claims. If Plaintiff desires to depose a current or former CHP employee, she must contact CHP counsel to obtain dates and times for such depositions.

   c. Plaintiff shall serve all requests for written discovery under Federal Civil Procedure Rules 33, 34 and 36, to counsel of record in this case. Written discovery may not be served directly on the party or witness, including CDOC facilities and employees.

   d. Depositions noticed by Plaintiff shall take place at either the offices of the Colorado Attorney General or Hall & Evans, L.L.C or this Court and not at the Plaintiff's home.

e. All depositions shall be conducted in accordance with Fed.R.Civ.P. 28(a) and 30(b)(5).

f. Plaintiff shall confer with counsel for Defendants prior to serving any third-party subpoenas for third-party depositions.

g. Plaintiff's response served on August 17, 2019, to the written discovery requests served on July 26, 2019, is stricken as incomplete and for asserting improper objections that are contrary to the Federal Rules of Discovery and the rules of this Court.

h. Plaintiff shall respond in full to the written discovery requests served on July 26, 2019, by CHP Defendants within 15 days of the date of this Order.

i. Plaintiff's response served on September 9, 2019, to the written discovery requests, also served on September 9, 2019, by CDOC Defendants, is stricken as incomplete and for asserting improper objections that are contrary to the rules of this Court.

j. Plaintiff shall respond in full to the written discovery requests served on September 9, 2019, by CDOC Defendants, by October 9, 2019.

k. Failure by Plaintiff to comply with any of the directives listed in the Court's Order and detailed in the preceding paragraphs shall subject Plaintiff to dismissal of her claims pursuant to Fed. R.Civ.P. 37(b)(2)(C).

Defendants request a hearing on the matters raised herein as soon as is practical.

WHEREFORE, Defendants jointly request that all matters relating to the above-captioned case be stayed, pending appointment of *pro bono* counsel for Plaintiff, for a protective order that restricts Plaintiff from engaging in further harassing or uncooperative conduct, and for all further relief deemed necessary by this Court.

Respectfully submitted this 24th day of September, 2019.

| | |
|---|---|
| */s/ Amy C. Colony* | */s/ Edmund M. Kennedy* |
| Amy C. Colony, Esq. | Andrew Ringel, Esq. |
| Senior Assistant Attorney General | Edmund M. Kennedy, Esq. |
| 1300 Broadway, 10th Floor | Hall & Evans, L.L.C. |
| Denver, CO  80203 | 1001 17th Street, #300 |
| 720-508-6615 | Denver, CO 80202 |
| acolony@coag.gov | 303 628-3300 |
| | ringela@hallevans.com |
| | kennedye@hallevans.com |
| **Attorney for CDOC Defendants** | **Attorney for CHP Defendants** |

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 27th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Andrew D. Ringel
ringela@hallevans.com

Edmund M. Kennedy, Esq.
kennedye@hallevans.com

Shawnee Ryan
Shawneeryan216@gmail.com


*s/ Amy Colony*