# EXHIBIT A-3

| | |
|---|---|
| **From:** | Shawnee Ryan |
| **To:** | Amy Colony |
| **Cc:** | Kennedy, Edmund M.; Ringel, Andrew D.; Tamborello, Amber; Laurie Merrick |
| **Subject:** | Re: Subpoena served on 8/27/19 |
| **Date:** | Thursday, September 5, 2019 5:35:19 PM |

No.

Amy, you know perfectly well that everything you have touched with regard to CDOC and my records, pends court orders to bifurcate, consolidate pending outcome of investigation.

You were copied status of where investigation is at, to Executive Director Dean Williams. You were copied my taking the issue to Ms. Leh. You received full copies of filed motion for bifurcation, consolidation (and) the reasons why that was filed and now pends.

I think, your attempt just now, to interject yourself where you are not even allowed to go at this point in this case; is suspect, it is evasive and just adds another layer to the problem.

1. The CDOC is engaged in a subpoena process with me. That process will run as it is supposed to run.

2. The materials you gathered, are headed into investigation. They are not being used by myself or to my knowledge; any other party. If cautions have been ignored, and they are; not my problem. Please be advised, that everything you do, attempting to continue the path you have taken so far with CDOC materials and CDOC discovery; is going into civil criminal investigation on behalf of your client (and) on you, just getting you cleaned up enough from all the convoluting and deception to date in order for those materials to be used.

3. When and "if" Director Williams brings State AG into it and notifies me directly of such; it will be only at that point, "if" you and Hilary are cleared by the court and investigation to even be involved; will you be involved. As simplistically as I can state: You believe yourself to be at the helm of path that is 'clean' where CDOC access and records are concerned. You believe yourself to be self-appointed (yes, self-appointed. Prison does not work the way you claim, Amy. They and they alone issue the orders and when they tell me they wish to violate the subpoena by giving over even more than they already have to you: that will be the time I will shift direction. Not until. So, every single thing you touch, until the court rules on bifurcation and consolidation (and)CDOC determines what to do with the 950-02B investigation complaint from me; you are tainting. I see a flood, from you, following this email. All tainted now.

And all going into the stew pot.

***Shawnee Ryan***
*"Success is simple. Do what's right, in the right way at the right time."*


On Thu, Sep 5, 2019 at 5:17 PM Amy Colony <Amy.Colony@coag.gov> wrote:
> Ms. Ryan,

On or about August 27, 2019, CDOC received the attached subpoena from the Clerk's Office via Certified Mail. This subpoena was originally filed by you with the Court on or about August 14. However, you initially delivered this document to our office via email on June 24, 2019. Since that time, as counsel for the CDOC Defendants, this office has been working to informally produce the requested materials to you, in the absence of any valid subpoena having been served on CDOC.

On June 26 and 28, I communicated to you, via email, CDOC's response as to the existence of the materials sought by the attached document and described the various documents that may be responsive to the items listed in the subpoena.

To summarize, we have provided the following materials in response to the attached subpoena:

On June 27, 2019, we produced a disk containing Plaintiff's medical records in the custody of CDOC.

On July 8, 2019, we produced Plaintiff's CDOC file (disk), CDOC grievance history (disk), Ms. Sommerschield's resume and certifications.

On July 9, 2019, we produced Ms. Victoroff's resume and certifications, Ms. Sommerschield's DEA registration.

Following this email, we will separately produce additional materials sought by your subpoena: the CHP contract, ACA Audits of Clinical Services completed during the time of your incarceration, and redacted Clinical Standards that may be relevant to the allegations and claims for relief stated in your lawsuit. A privilege log for these redactions will be produced shortly.

In light of the information I have set forth above, the CDOC asks that you please withdraw your subpoena. The CDOC has now provided you all potentially responsive materials in its custody, and therefore, the subpoena is now moot.

As I have advised at both status conferences the court has conducted on discovery matters, the subpoenas are unnecessary. The materials you seek can be obtained via the discovery process outlined in FRCP 26(a) and 34, and, as outlined in previous correspondence to you, CDOC has a mechanism for you to obtain materials from CDOC via an Open Records Request.

Thank you.

Amy Colony

Senior Assistant Attorney General

Colorado Department of Law

Office of the Attorney General

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 10th Floor

Denver, Colorado 80203

**(720) 508-6615** Direct

---------- Forwarded message ----------
From: Amy Colony <Amy.Colony@coag.gov>
To: "'Shawnee Ryan'" <shawneeryan216@gmail.com>
Cc: "'Kennedy, Edmund M.'" <kennedye@hallevans.com>, "Ringel, Andrew D." <ringela@hallevans.com>, Riley Gonya <Riley.Gonya@coag.gov>, Johnnie Nguyen <Johnnie.Nguyen@coag.gov>, Laurie Merrick <Laurie.Merrick@coag.gov>, "Tamborello, Amber" <tamborelloa@hallevans.com>
Bcc:
Date: Fri, 28 Jun 2019 18:11:35 +0000
Subject: RE: CDOC Subpoena duces tecum

Ms. Ryan,

Thank you for the clarification on the materials you are seeking. After further consultation with CDOC, I have the following information to provide:

- CDOC facilities are accredited by the American Corrections Association (ACA). This accreditation covers the entirety of the facilities including healthcare accreditation. Clinical services are not accredited by NCCHC or the American Correctional Health Services Association. We have requested the ACA audits for the healthcare facilities within DWCF for the years you were incarcerated.

- We have obtained a copy of the contract between CHP and CDOC and will be providing it to you.

- We are also copying your Department record, including your grievances, to a separate

disc and mailing that to you.

I hope this resolves any remaining issues concerning your subpoenas and other requests for information related to your litigation.

Amy Colony

Senior Assistant Attorney General

Colorado Department of Law

Office of the Attorney General

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 10th Floor

Denver, Colorado 80203

**(720) 508-6615** Direct

**From:** Shawnee Ryan
**Sent:** Wednesday, June 26, 2019 11:23 PM
**To:** Amy Colony ; Kennedy, Edmund M. ; Ringel, Andrew D. ; Laurie Merrick ; Tamborello, Amber
**Subject:** Fwd: CDOC Subpoena duces tecum

My apologies everyone----I inadvertently hit send instead of shift. Follows is the rest of my reply:

- There are numerous accreditation standards that administrative regulations, clinical and medical and facility operations within CDOC operate under (and) the do cross over each other. I have no issue pulling them up on my own. Let's try this: Which of the following does CDOC hold status and certifications in: ACA; NCCHC, American Correctional Health Services Association are the primaries I have witnessed as present at times within Denver Complex. There are audits, inspections and they are under the guidelines of all that they accept certificates and standings within. If there are others; all I need are the association names and I do not mind pulling up the rules and regulations myself. I would appreciate the information on which agencies they align with, dating from my point of entry into CDOC in November 2012 through October 4, 2018. Thank you.

- The state regulatory agency is ----- themselves and Clinical Services. Major Reux can explain to you the difference between "blue staff" and clinical staff and that the medical departments are always held as "blue" cannot touch them as they are "regulated by something else". The "something else" and a clear definition of it, is what I need to probe. They can redact under the protective order if they wish. The other are this request covers are the (on computer, so disk is easy for them) are their daily medical directives. For example: neuropathy is something we will be looking at and this section of regulatory 'how' staff is to deal with it. Things like blood draws on site, what the procedures are for handling returns and discharges from the hospital, defining of "qualifying level", defining of the general population procedures for

- biohazard diseases (such as aids, mirsa and that type of thing being kept away from at-risk and/or healthy inmates. It is also simple to provide since all is on disk. If there is anything regarding security, etc. etc. I do not want it and that is not what I need to see. They may redact. The point being, since CDOC is a non-party, that Dr. Mix and CHP had/have access to all information on medical procedures and were the parties handling my medical needs. This is about looking deeper into exactly how they make their decisions in a complex case like mine. CDOC is immune. Thank you.

- As far as #7-----neither the subpoena nor myself have asked for any of that. No inmate, who has spent 6 years being shackled and chained multiple times per week for off-grounds medical, spent weeks to months in hospitals being "sat-on" with a security detail (and) lived for as long as I did in isolated segregation of the infirmary: has a "need to know". We lived it and already know. Please refer anyone relevant to the subpoena. It says nothing of the kind as a request.

Thank you.

- Laura worked for such a very short time for CDOC whereas Hilary has been there for decades; Laura's medical ability that she was hired on is not as important. But Hilary's is. I am looking, on both of them, for anything at all that would lend credibility to each of their claims/actions that they were/are of equal and/or greater medical ability than the outside providers they both superseded. The request is being made, Amy-------to assist in a *defense* of them. We are, after all, heading to ADR at some point.

**Shawnee Ryan**

*"Success is simple. Do what's right, in the right way at the right time."*

---------- Forwarded message ---------
From: **Shawnee Ryan** <shawneeryan216@gmail.com>
Date: Wed, Jun 26, 2019 at 10:51 PM
Subject: Re: CDOC Subpoena duces tecum
To: Amy Colony <Amy.Colony@coag.gov>
Cc: Kennedy, Edmund M. <kennedye@hallevans.com>, Ringel, Andrew D. <ringela@hallevans.com>, Laurie Merrick <Laurie.Merrick@coag.gov>

- So that we can continue with more concise and on point emails like this post-hearing; let me first deal with the request by Major Reux and CDOC to drop the filing subpoena duces tecum: I *do* understand all three attorneys not caring for the formality and ultimately the strength of going through a subpoena rather than informality. But, as I stated, twice, at hearing: "a realistic expectation based on all of my previous experiences with CDOC strongly tells me it is best for everyone..". It is, Amy. I also realize that with the limited scopes of Hilary and Laura and CDOC now a non-party; there is likely a good deal of this case moving forward to trial that while you may be copied everything; the decisions will be CHP's, Dr. Mix's and Hall and Evans. I am actually the only one present who knows in detail what everyone's records contain and each every one of them will be used and compared to the foundations of facts. It truly is best, especially after the frustrating for all of us past few months; that both CDOC and upcoming CHP be held to the formality and authority of duces tecum when needed to produce. In summary, my response is no. It is not going to be withdrawn. I sincerely hope that you, if asked by CDOC as to 'why'; not paint the decision in any

- other way other than the facts just given. Thank you.

- First, when I left 10/4/18 all of my records were still paper. I'm relieved for them and myself that they are finally catching up in getting everyone scanned into electronic format. The subpoena does state clearly that 'coming to medical records' was simply an offer to make it easier (thinking we were dealing with paper such as the two boxes of paper you have (and) also clearly states that disk formats are also fine.

- It is incorrect that my medical records are not in various places within CDOC. Pharmacy records are requested and they are not in the med records control. Dr. June Scott in DRDC Nephrology Clinic is a private contracted M.D. and has her own records. And over the years, there is an exceptionally large file(s) with my clinical nurse case manager at HQ (Cheryl Petrossi) (and) the Clinical Services and CMO division and department. Which, for the bulk of intents and purposes is an entirely separate thing/area of CDOC that does not cross over into inmate records (or) facility's medical records. All do, however, hold extensive medical information specific to me. Will see what they send. Please know that the request is very clear, it does stand (and) I hope they honor it on this first pass. I will have a good view when I receive what they first choose to send. Thank you.

- It's disappointing to see that you must have chosen to not explain Judge Hegarty's orders from the 24th regarding "contracts...etc . as some things allowed to be seen. The protective order allows redaction, etc. and we can go from there. Since the contract and relationship between CDOC and CHP is the foundation of the case, it is obvious and I believe they already know that. But, let's detail anyway: 1) The entirety of the phrase deals with their entire relationship with Defendant CHP. Please be sure they understand that I do not care about financial information, personal information etc. The command production is literal: "....that specifically order any one of the Defendants to act, order, perform duties in any matter....". I most certainly do; prisoner or parolee or not; get to probe their relationship and this is where we start. Thank you.
- There are numerous accreditation standards that administrative regulations, clinical and medical and facility operations within CDOC.
- 
- **Shawnee Ryan**

*"Success is simple. Do what's right, in the right way at the right time."*

On Wed, Jun 26, 2019 at 2:42 PM Amy Colony <Amy.Colony@coag.gov> wrote:

> Ms. Ryan,
>
> I have had an opportunity to review the attached documents, consulted with the records custodian at CDOC, and have the following response on behalf of CDOC as their counsel:
>
> 1. I have been advised that you may email CDOC directly to obtain your complete medical records and your Department file (i.e., non-medical records), at any time. The materials will be produced to you by CDOC on a CD. Please direct your request to the following email: DOC_open_records@state.co.us.

2. All of your CDOC medical records are contained in one location and are not maintained separately in multiple locations or within multiple CDOC clinics.

3. There are no paper files for your Department record. It is all computerized. Medical records include paper and electronic components but your entire medical file has been scanned and will be copied to a disc and delivered to you upon receipt of your request sent to the above email address.

4. The CDOC declines your request directed to Major Lucille Reux to review these records in person at DRDC or any other location and scan them. The only mechanism for you to obtain these records is to email the request to the above email address and they will be directly mailed to you via a CD.

5. Your subpoena request for **Any and all third-party contracts, written agreements, administrative procedures, operating procedures and directives that specifically order any one of the Defendants to act, order, perform duties in any matter,** does not identify the documents you are seeking with sufficient specificity such that the CDOC is able to respond to the same. As for accreditation standards, those materials are available on the CDOC website under the topic, "American Correctional Association," which is the governing body that sets the standards for accreditation applied to CDOC facilities. I also refer you to the CDOC Administrative Regulations which are available on the CDOC website. There is nothing further in CDOC's custody that is responsive to this request.

6. Your request for **state regulatory agency standards** does not identify the agency or agencies in question. Therefore, it is impossible for CDOC to respond. To the extent you are seeking policies or regulations particular to a State of Colorado agency that you believe pertain to CDOC operations, you will need to research the websites for those particular agencies to locate the standards or regulations you are interested in. This is publicly available information.

7. As explained to you by Judge Hegarty on Monday, you will not be granted access to any CDOC procedures and policies related to "security access" governing inmate movement, as you have listed in your subpoena. That includes inmate movement, access and transport to clinical services. This information is not a matter of public record, is never available to inmates or former inmates and is highly confidential.

8. I am working with CDOC to obtain the professional vitae for Defendants Victoroff and Sommerschield. With respect to professional licensing information for these two individuals, this information is a matter of public record that you will need to request from the Colorado Department of Regulatory Agencies.

In light of the information I have set forth above, the CDOC asks that you please withdraw your subpoena and the request directed to Major Reux. As I have advised at both status conferences the court has conducted on discovery matters, the subpoenas are unnecessary. The materials you seek can be obtained via the discovery process outlined in FRCP 26(a) and 34, and, as outlined above, CDOC has a mechanism for you to obtain the medical records and Department file directly from CDOC.

In the meantime, our office will proceed with providing you with a copy of the medical records in our possession, as I indicated and as Judge Hegarty ordered at the status conference on Monday. This information will be provided to you on a CD.

Please let me know if you have any questions.

Amy Colony

Senior Assistant Attorney General

Colorado Department of Law

Office of the Attorney General

Ralph L. Carr Colorado Judicial Center

1300 Broadway, 10th Floor

Denver, Colorado 80203

(720) 508-6615 Direct

**From:** Shawnee Ryan <shawneeryan216@gmail.com>
**Sent:** Tuesday, June 25, 2019 2:26 PM
**To:** Amy Colony <Amy.Colony@coag.gov>
**Cc:** Kennedy, Edmund M. <kennedye@hallevans.com>; Ringel, Andrew D. <ringela@hallevans.com>
**Subject:** CDOC Subpoena duces tecum

Ms. Colony,

Chris Thompson at the Clerk's office and I worked out this morning the way to handle an informa pauperis prisoner filing of subpoena for a person who is no longer a prisoner. We will use the format and plan moving forward for the rest of the case. The CDOC subpoena has been revised to the new header, the dates changed from 21 days to 30 days (and) delivery information slightly altered.

Because, for many reasons other than trust issues between you and I (chain of custody potentials down the road, inadvertent dragging in of unwitting witnesses who have touched all of it, etc. etc. etc.) I have done a second letter to Major Reux. (Attached, self-explanatory). It truly is in everyone's best interests including time mgmt. that we be allowed to simplify and move forward. I cannot wait for another 2+ weeks to go by for what you already have inserted into, to go by. I am ill and have many other things on my plate. I faxed her the letter and ECH118. I did not fax the subpoena----the court is properly serving that upon them.

A copy of final duces tecum going out to them is attached for all of your review for discovery purposes.

Thank you.

> *Shawnee Ryan*
>
> *"Success is simple. Do what's right, in the right way at the right time."*