# EXHIBIT A-15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.     18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**PLAINTIFF SHAWNEE RYAN'S ANSWERS TO "DEFENDANTS CORRECTIONAL HEALTH PARTNERS' FIRST SET OF WRITTEN DISCOVERY TO PLAINTIFF"**

Plaintiff Shawnee Ryan comes now, under oath, and answers as follows:

**Question #1:**

**Full legal name:** Shawnee Kim Hyatt Ryan

**Date of Birth:** March 11, 1957

**Place of Birth:**  Coronado, California

**Other names known by:**  Shawnee Casad (maiden); Shawnee Hyatt (married); Shawnee Ryan (married)

**Names and personal identification information of former spouses:** Information is of public record. Plaintiff declines to answer under improper foundation (and) an overall moral objection to Defendant and her counsel attempting to gain information to potentially bother and harass the peaceful lives of innocent and not of this action parties who have nothing whatsoever to do with any aspect of this case or the Plaintiff bringing this case.  **Further objection premises:** Question is a violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602; as the

individuals and their personal identification information has no relevancy whatsoever to this case or any party within it; there is not even the slightest of implications within this case that they would be or become relevant (other than) to fuel the Defendant and her counsel's probability to cause the case, the Plaintiff, other parties and the Court undue delays, loss of relevant discovery focus and/or to attempt to ultimately mislead the proceedings.

**Name of present significant other:**   None.

**Names and personal identification information of grown adult children:** Plaintiff declines to answer under improper foundation (and) an overall moral objection to Defendant and her counsel attempting to gain information to potentially bother and harass the peaceful lives of innocent and not of this action parties who have nothing whatsoever to do with any aspect of this case or the Plaintiff bringing this case.  **Further objection premises:**  Question is an outright violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602; as the individuals and their personal identification information has no relevancy whatsoever to this case or any party within it; there is not even the slightest of implications within this case that they would be or become relevant (other than) to fuel the Defendant and her counsel's probability to cause the case, the Plaintiff, other parties and the Court undue delays, loss of relevant discovery focus and/or to attempt to ultimately mislead the proceedings.

**Past 5 years of addresses:** (Current): 11309 West Exposition Drive, Lakewood CO 80226.  (Dec. 16, 2018 through July 27, 2019): 575 North Billings #427, Aurora CO.  (Mailing, from October 4, 2018 through July 11, 2019) : 3531 South Logan Street, Englewood CO. (October 4, 2018 through December 2018) : 2531 South Bannock St., Englewood CO.  (Nov. 2012 through October 4, 2018) : Various CDOC facilities already on file and in your possession.

**Question #2:**

Yes. Dr. Jennifer Mix M.D. Email statements back and forth to former CDOC-CMO Dr. Susan Tiona on, around and/or between November 2015 and February 2016. Personally read to me by my CDOC internal assigned M.D. Dr. Ariola-Tirrella. Exceptionally derogatory, goading and mocking of my personality and distinctly claiming that "no one" will "ever" "give her" "a transplant".  Verification will be brought forward during Dr. Tirella's deposition and/or testimony.  He may or may

2

not have kept copies of which I am not aware.  Production of emails that are medical related are in process, of which this should be one as it discusses a medical issue of Shawnee Ryan have now been subpoenaed of the CDOC to produce. ***Plaintiff notes within this answer that the email addresses read to me were the work email addresses of Dr. Mix and Dr. Tiona, notes further that Defendant and her counsels were asked in Defendant's first set of discovery production to produce all documents involved in all approvals and denials of care in Plaintiff's case, of which this referenced email would be one/one set (and) that Defendant and her counsels refused production. Plaintiff states that as Jennifer Mix was, at the time, involved with Dr. Tiona with regard to approval of transplant (again) that the email is further proof that Jennifer Mix personally knew she was acting outside of professional M.D. capacity (and) as she was using her employer's work email; that she fully incorporated CHP (et al) into her plans to deny, no matter what the medical needs of Plaintiff were (and/or) whether hospitalized Medicaid was available to cover costs or not. Plaintiff reminds Defendant and her counsels at this time that this court did not dismiss Dr. Jennifer Mix M.D. and allowed the ability to pursue lawsuit against her in her personal and professional capacities.***

### Question #3:

**Decline to answer due to an improper form of the question being grossly overbroad. Further objection to the frivolity of such a question**. The Defendant and her counsels have already in possession, the sworn statement within Plaintiff's Complaint that there are no relevant to this case lawsuits that Plaintiff is part of.  The question is exceptionally overbroad as the Plaintiff is 62 years old, obviously multiple marriage and divorce and birth records, obviously been involved in a criminal legal action as this is a PLRA 1983 Prisoner Complaint lawsuit against the Defendant and the question is obviously somewhat frivolous in the fact that all legal actions are of public record.  The felony case this lawsuit against the Defendant oriented from is also fully already within the hands of Defendant and her counsel as part of the CDOC records they already have and it too, is a matter of public record.  **Further foundation objection premises:** Question is an outright violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602.  **In the interests of cooperation in getting Defendant and her counsels to move forward to relevant to this case focuses, Plaintiff again swears under**

3

**penalty of perjury that there are no other lawsuits or legal actions, anywhere in the World, that have any relevance whatsoever to her, this lawsuit and legal action and the issues raised within it.**

### Question #4:

**Asked and answered previously, multiple times.** The **official and formally** filed to court records of those answers of: "separate itemization, each category of damages, injury, harm and loss" can be found within: (ECF119), (ECF143 and also within its Exhibit B and ECF 144). Obviously, the detail of needs for ADR purposes and upon a jury finding of guilt are many months down the road in a medical case holding ever-changing and growing medical costs of care; it would be humanly impossible to give a 'final answer' on value amounts at this time.

**As to "all witnesses": Also previously asked and answered multiple times.** That answer would be, as most recently given to Defendant and her counsels, as: (ECF 143 and also within its exhibit B and ECF 144) Exhibit #1 SKR000001.

### Question #5:

**Also previously answered, this time by Amy Colony and State AG in providing Defendant and her counsels with the "2 boxes" (and) Ms. Colony's 'volunteer' gathering of administration records within CDOC. Per Ms. Colony's sworn as an officer of the court testimony, to record on July 31st at conference: "everything" has been given to "everybody". Which, Plaintiff reminds, is awaiting Consolidation and Stay orders from the court due to suspected illegal methods (and/or) violations of rules in obtaining.**

### Question #6:

Yes. That information is already in your hands from verified sourcing of Ms. Colony and the records she gathered. This is also a PLRA Prisoner case of which the Defendant is being claimed against for alleged violations of prison/correctional healthcare. **Foundation Objection: Further objection premises:** Question is an outright violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602. The criminal activity of the Plaintiff is not on trial here. *The Defendant and her activity are on trial.* FRE Rule 404 et al and Rule 405 et al list for you the process you need to follow to seek any information allegedly relevant to any alleged character of the Plaintiff.

4

**Question #7:**

Currently a parolee of the Adult Division of Parole of the Colorado Department of Correction.  Incarcerated relevancy to this case with same entity, from November 2012 through October 4, 2018. **Foundation Objection:   Further objection premises:**  Question is an outright violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602.  **The criminal activity or any alleged criminal activity of the Plaintiff is not on trial here.  *The Defendant and her activity are on trial.***  FRE Rule 404 et al and Rule 405 et al list for you the process you need to follow to seek any information relevant to the character of the Plaintiff.

**Question #8:**

**Foundation Objection:**  Question is an outright violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602**.  In addition to being utterly frivolous in how far out of any possible relevancy to this case**.  The case has been global internet posted by multiple government and legal entities since onset of filing in 2018.  The entire staff in daily contact with Plaintiff, of CDOC has discussed it prior to filing in April 2018 and continues to discuss it to present day.  The long list of SKR000001 includes hundreds of medical staff over the years. I have spoken to many attorneys.  You are already aware through Amy Colony (or should have been made aware) that when Defendant Group CHP was previously dismissed; I spoke to DOJ and also aware that you can find that information in the hands of State AG Weiser.  My standard response to anyone who directly asks is: "You may find it on the internet and read of it there." **My final answer here is:  It would be humanly impossible to answer this question.**

**Questions #9 and #10:**

**Foundation Objection:** The scheduling order (ECF 132) tells Defendant exactly when and where and at what time in the process of the case she can have every single answer to these two questions.  The Plaintiff is fully in compliance with that process, has given everything discoverable to Defendant's counsels.  Plaintiff will

5

continue to be and remain in compliance.  As to 'legal theory':  Plaintiff is not under any legal, ethical, moral or personal obligation to act in the capacity of a legal investigator and/or counsel for the Defendant.  The Defendant has her own attorneys.

**Question #11:**

**Dr. Jennifer Mix's claim against her is clearly found within (ECF119, ECF143 and also its Exhibit B).** The most succinct answer is found within (ECF143 and its Exhibit B) in the "Request for Relief" section.

**Requests for Production of Documents:**

**Questions #1, #2, #3, #4, #6, #8, #9 and #10:**

**Asked and answered above. With special emphasis on the answer given to #9 and #10 regarding (ECF132) scheduling order (as this interrogatory is answered under oath and Plaintiff's sworn statement that she is in absolute compliance with ECF132 and will stay that way, the Defendant having her own team of attorneys who are her own legal investigators). \*\*Again, in the interests of another attempt to get Defendant and her counsel focused on <u>the relevant merits of this case;</u> Plaintiff further answers this question as follows:  "Everything asked to be given and supposed to be given has already been given (or) given full and complete access to."**

**Question #5:**

There are none.

**Question #7:**

Plaintiff is not privy to the minds, the strategies, the intents, the theories or the plans of Mr. Kennedy and Mr. Ringel.  When the time is ripe and if need arises, I will follow all legal abilities to refute.  **Until then**:  I have no knowledge nor am able to produce accordingly.   **As to 'where'** <u>*I think you need to go to uncover discoverable evidence*</u>:  **Since April 2019 Plaintiff has given access to medical data. If you have misplaced all that:  attached to (ECF 142, 143, 144) is SKR000001.** Again, as stated numerous times before:  This case is about and will come down to medical fact.  **It is not about** the Defendant counsel's "conspiracy theory", it is not about the personality, character or life of "Shawnee Ryan" (felon, friends,

6

associates, inmate, personal, professional or otherwise). Your demand to produce here is basically asking the Plaintiff for personal legal advice in the way this question is asked and the very fact that it is even being asked.  **Plaintiff declines to give that legal advice but does make the following personal statement of something she sees as obvious by now:  If the Defendant and her counsels desire to refute Plaintiff, they are going to have to completely abolish and discredit *all* the credibility of the scientific and medical fact evidence.**

**With regard to the Defendant's demand for Plaintiff to sign release of all CDOC records:**

Plaintiff refers to the currently pending Bifurcation and Consolidation of the Claims #5 and #6 of Defendant Hilary Victoroff.  Which absorbs, every single bit of attorney Amy Colony's 'two boxes' and subsequent methods of 'gathering' of CDOC records. Unfortunately, headed into law enforcement investigation whether or not under Bifurcation and Consolidation.  Plaintiff refers you to ECF148 Restricted Level 1 email attachment to the pending Bifurcation as a reminder of all the cautions and issues surrounding CDOC records.  With that said, as stated in email ECF148; both CDOC releases are following and are signed.  Use them, or do not.  **Plaintiff reminds that now that she has finally removed others obstructions of her subpoena duces tecum on CDOC; the *only* clean, able to be used if the court allows, CDOC records will be coming within ECF132 timelines and that subpoena's timelines.  Jennifer Mix and CHP (et al) are on your own if you wish to become enmeshed in what has taken place and where it is heading with regard to CDOC records.**

Under penalty of perjury, I state the answers given are the truth and have been given as complete answers.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

7

**CERTIFICATE OF SERVICE**

I have served via email a full and complete copy of the foregoing, via email, on this 30th day of August, 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com


Andrew David Ringel:   ringela@hallevans.com
Edmund Martin Kennedy:   kennedye@hallevans.com
Amy Colony:   acolony@coag.gov