# EXHIBIT A-16

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.;**
**Correctional Health Companies, Inc.; Correctional Corporation of America;**
**Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare**
**Physicians, P.C.) (CHP et al)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

---

### PLAINTIFF'S RESPONSE TO STATE FIRST SET WRITTEN INTERROGATORIES

---

**Plaintiff Shawnee Ryan comes now and answers as follows to:** " DEFENDANT
HILARY VICTOROFF AND LAURA SOMMERSCHIELD'S FIRST SET OF
INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR
ADMISSION TO PLAINTIFF"

1. Yes.  All allegations of others and/or their agents speaking or acting outside
   of the interests of this case are already clearly listed, stated and specific
   within ECF 119 and ECF 142 (Claims #5 and #6); ECF 147 and ECF 148;
   transcripts of June 24, 2019 discovery hearing and all related documents
   forwarded to Magistrate Hegarty and parties prior to hearing;, Transcript of
   July 31, 2019 discovery hearing and all related documents forwarded to
   Magistrate Hegarty and parties prior to hearing.  The specificity you
   demand with this question is all laid out within those documents and
   events.

2. No one.

3.  Specificity is already given, completely and in full, within (ECF 119 (and) ECF 142 and 143).  As complaint also has a strong foundation for relief requests in the fact that Plaintiff's medical issues will be ongoing for life; there is not an ability, until ECF132 order and/or prep for ADR and/or trial is ripe, from which to state monetary amounts of reliefs and full extents of physical damages requested.  By sheer diagnoses alone, it is blatantly obvious that deterioration continues and will continue until litigation resolution is reached.  If truly acting within client's best interests; the attorneys involved would begin to step up to move the case, rather than continue to present as they are.

4.  Found with specificity within ECF 142 and !43 exhibit:  SKR000001.

5.  All 6 years of administrative processes; dozens of records of staffing and administrative reviews; correspondence; communications from CDOC to supervisors etc.; are all found within the CDOC records seized allegedly against due process and outside of all rules of evidence and civil procedures; and outside of the confines of the parties protective order in place, that State AG already has in their possession (and) that pend bifurcation and consolidation as improper/tainted records.   Due to State AG's newly hatched end run around court-issued subpoena duces tecum by Plaintiff to obtain clean records that are usable to give answers such as this one you seek; are not yet available.  Rendering any further specificity unable to be given at this time.  In short, Ms. Colony appears to have shot her own self in the foot by the records seizure issue (and) by obstructing a court ordered subpoena. We all will simply have to wait for investigation and court ordered outcomes, won't we?  At any time, that Ms. Colony wishes to back up and out of the way of a court ordered and held subpoena, prior to Plaintiff having to enforce it at end of 30 days:  she should feel free to do so.  Then, we can all have clean CDOC records, within our scopes, that we are entitled to.  (CHP entitled to use of all once clean and correctly classified to protective order.  State confined, per law, to scope).

6. **Foundation Objection:**  Question is an outright violation of FRE Art. IV, Rule 401 and Rule 402 (and) Art. VI Rule 602**.  In addition to being utterly frivolous in how far out of any possible relevancy to this case**.  The case has been global internet posted by multiple government and legal entities since onset of filing in 2018.  The entire staff security and medical and admin staff of CDOC, in daily contact with Plaintiff while incarcerated, has discussed it prior to filing in April 2018 and continues to discuss it to present day.  The long list of SKR000001 includes hundreds of medical staff over the years. I have spoken to many attorneys.  AG Weiser and Amy Colony are already aware; I spoke to DOJ regarding then dismissed CHP Defendant Group.  Their response is in AG Weiser's hands. My standard response to anyone who directly asks is: "You may find it on the internet and read of it there." **My final answer here is:  It would be humanly impossible to answer this question.**

7. Plaintiff is following the exact confines of ECH 132.  She is under no obligation of any kind to release sooner.  Nor, would she violate law by doing so.  Reference ECH132 to assist you in understanding 'when' and 'what' you are entitled to have and will get it.

8. Again, the CDOC and ACA and AR standards are already within State AG hands (with an incorporation of complete answer to #5 above).  Refer to ECF132 for exact order and ripe timing for all dispositive, expert, etc. materials to be given.  As to "legal strategies" and cites:  Plaintiff is not the counsel for Defendants Victoroff and Sommerschield.  And refers both, back to their own attorney who is to be defending them.  Complaint so far could not be more simplistically and plain stated.  All discovery to date, is same. Defendants counsel should be able to legal strategize and defend her own case without the Plaintiff's assistance.

9. Clearly already given within ECF119, ECF 142, ECF 143.

10. Clearly already answered within ECF 119, ECF 142, ECF 143.  Also within CDOC, ACA, Denver Health standards, and AMA standards for the medical issue Laura Sommerschield was in charge to attend to.  It is not the responsibility of the Plaintiff, to do the investigative work of the State on

behalf of Ms. Sommerschield.  While Plaintiff recognizes that State is finally pushing out a bit of discovery work, in the final days prior to close and after procrastinating since March 2019; there is still no ability going to be given that makes Plaintiff violate ECF132 and/or the normal processes of trial by jury.  **What Plaintiff will do for the State at this time:**  Point back to Laura Sommerschield's cv, educational background and work history given to Plaintiff by the State. The question:  Is she, or is she not, anywhere near the level of medical knowledge, training, education, experience as Denver Health (et al), all optometrists, all ophthalmologists, all retina, vitreous specialists and all specialists surgeons that she repeatedly overrode the orders on? If no.  Then she acted outside of.  If yes, then she is in the clear.

11. Same answer as #10 above; only in relevance to claim #4 against Hilary Victoroff.  As to Claims #5 and #6 (Victoroff) the civil criminal charges are listed specific to statues and CDOC AR they fall under.

12.  See ECF 119, ECF 142 and 143.  Also see detail within ECF 147 and 148.

### REQUESTS FOR PRODUCTION

1.  There are none.

2. You have been given access, to **properly and legally** obtain all records relevant to your client's scopes of complain.  You are not legally entitled to more. As to the allegedly improperly obtained records of CDOC that you have; you know the extent of what pends and what happens next.  I cannot help you there.  Nor, can I provide certifiable and direct from source medical records that you can use for trial purposes.  As you know, you must obtain directly.  It is very noteworthy, Ms. Colony----that just as of today, you are finally obtaining properly, the release needed.

3. See scheduling order of ECF132.  You will get all, when it is your turn. Plaintiff will not violate ECF 132 and the many rules she would be violating by giving them now.  Plaintiff is not your investigator.

4. **Many times over, so far in this case, State has been repeatedly told by the filings, the court, the Plaintiff and all rules of evidence that State is confined only to the compensatory damage scopes charged against State clients.  State is not allowed a nuclear, unilateral authority seizure that State believes they inherently hold.**

**The answers:**

**1.  You have had your releases <u>adapted to the containment the law requires you to be within.</u>  You must stay within relevancy.  Signed, released and attached.  Without notary until I can get to one.  When I can, I will forward notarized copies.**

**2.  A reminder that the records of Dr. Pecen (Sommerschield and post release) are within ECF 143. Sole reason for giving will be monetary documenting of need for vitreous surgery.**

**3<u>.  Unfortunately, the CDOC pharmacy records relevant to Defendant Victoroff's "4 days" and Defendant Sommerschield's eye medication orders are in limbo pending resolution of State's problems with CDOC discovery (and) State blocking and obstructing court ordered subpoena duces tecum.</u>  As to post-release medications:  there is zero relevancy for the State and her clients.  No release or access will be given.**

5. **There is no need for State to provide copies of any results of production from these interrogatories.**

6. **As to all documents that relate to my position:  See ECF 143 and 144 Exhibit SKR000001 which <u>(if it is within your legal scope)</u> you can obtain everything you need from.  All releases have been executed to you.**

7. **As to my trial case:  I do not have to provide you with anything more than discovery; which I have already done.  As for witnesses, who knows what, etc.:  It is blatantly obvious, Ms. Colony that you have disingenuous clients who also hold all the same information I do.  I suggest, again, that you make them tell you the truth.  Then, you can prepare your own trial case.  I cannot assist you here.**

8. **Production of costs, etc. etc. are ADR and directly to pre-trial matters. When ripe on ECF 132 you shall have them.**

9. **As to production of Laura Sommerschield's path:  I told you, within exhibit attached to ECF 147, that I would assist you by giving you the details from Dr. Lacey Echalier's interrogatories.  When they are fully in hand and processed; I will do that.  Meanwhile, you have had my release to access Denver Health…since April 2019.  You now have a second release to Denver Health.  As to the answer you seek being within CDOC records (which it is---she is just not coughing up to you where to look for it) the State and the State alone; has hog-tied us all with now having to sort you out by bifurcation, consolidation and investigation.  I cannot help you and I am not your case investigator.**

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served, a complete and full copy of the foregoing via email to the parties below on this 9th day of September 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov