**EXHIBIT A-20**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.     18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**FIRST SET OF WRITTEN INTERROGATORIES:  DEFENDANT HILARY VICTOROFF WITH SPECIFICITY TO (ECF119) CHARGES #5 AND #6**

Plaintiff Shawnee Ryan respectfully serves the following written interrogatory questions and requests for production, with specificity to ECF119 Claims #5 and #6 upon Defendant Hilary Victoroff:

**Plaintiff asks that *Defendant Victoroff directly answer, rather than her attorney answering on her behalf,* the following Preface of Understanding:**

1. Ms. Victoroff, do you understand that when served this set of written interrogatories, that they are being served upon you and not your attorney?

2. Ms. Victoroff, do you understand that the answers placed to these questions, no matter if you decide to allow your attorney to speak for you or not, are answers to (2) CHARGES within this lawsuit that per the guidelines of Law and the CDOC's containment of you as an employee and Plaintiff as a Parolee; are Civil Criminal in nature, with very detailed and specific rules of CDOC that both of you, Plaintiff and your attorney must follow (or) be at risk for various forms of punishment(s)?

1

3. Ms. Victoroff, do you understand that you and you alone, should a finding of guilt be found; are directly responsible for the judgements thereafter?

4. Ms. Victoroff, do you understand that when answering these interrogatories that you are under an understood sworn oath to tell the entire truth and nothing but the truth?

5. Ms. Victoroff, do you fully understand, that within what is known as "attorney-client" privilege, you *are* given the sanctuary of not saying anything that may be incriminating to you, but if you are led to believe it is an all-encompassing protection of any actions you may have taken, that is not a truthful belief?  Do you further understand, that the judicial process is a due process, and that <u>you must disclose</u> *an answer* to everything you are asked to disclose?  That you can state that you do not want to answer, you can state that you want your attorney to decide your answer for you?  But at the end, the Court and Jury will hold you accountable for what you say or do not say?

6. Ms. Victoroff, do you fully understand, that the due process system we all are under, has many layers of rules within each law and each action?  Do you fully understand that it does not matter what an attorney's title is (State AG or DOJ or private), or what a "hybrid entity'" title is (such as CDOC); *everyone* within the system must obey the due process rules of law?

   **Assuming that you are fully aware and the answers to the above are affirmative that you do (or) that your counsel in review of the above has made you fully aware:  please answer the following Interrogatories.**

   To assist making certain you are clear in understanding the brevity of what is being asked below: please note that within #5, statement claims #7 and #8 are highlighted in bold.  The content within #7 and #8 are where the

2

process of the rules of discovery, between Plaintiff and State AG and the Court; *is currently standing*.

**Thank you**.

**FIRST SET OF WRITTEN INTERROGATORIES**

A. Are you or are you not, as of the current date of August 16, 2019, made aware that on June 24, 2019, two additional claims were filed against you within this lawsuit as follows:

- **((ECF 119 June 24, 2019): "CLAIM FIVE:  VIOLATION OF C.R.S. 12-38-117 against Defendant Hilary Victoroff N.P.**

    Supporting facts:
    C.R.S. 12-38-117:  (1)  "Grounds for discipline as used in this article, means any action by any person who:… (e)  Has violated any provision of this article or has aided or knowingly permitted any person to violate any provision of this article; … (h)  Has falsified or in a negligent manner made incorrect entries or failed to make essential entries on patient records.."

1. Defendant Victoroff, from May 31, 2013 through on or about March 20th, 2017, was intermittently and sporadically rotated as the general care provider for Shawnee Ryan, within CDOC Clinical Services at DWCF.
2. Defendant Victoroff, from May 31, 2013 through to Ryan's release to parole on October 4, 2018 also had access and continued participation with other medical staff regarding Shawnee Ryan's medical care.
3. Defendant Victoroff, from May 31, 2013 through to Ryan's release to parole on October 4th, 2018 was fully and completely aware of Shawnee Ryan's diagnoses of record and Ryan's specialized needs and care being provided by the outside medical community aprx. 90% of the time, which included multiple weekly trips outside of the facility in order for Ryan to have access to same specialists, hospitals, clinics, diagnostics and specialized treatments.
4. Defendant Victoroff, at all times from onset of Ryan's diagnoses through to current day, knew and knows that Ryan's medical needs were simultaneously life essential and life threatening if not followed per governing standard of care as ordered by the specialized providers, hospitals, clinics, diagnostics and specialized treatments.
5. Defendant Victoroff, at all times from onset of Ryan's diagnoses through to current day, knew and knows that Ryan's diagnoses are fatal, terminal and will be with Ryan lifelong.
6. Defendant Victoroff, as all rotating providers within CDOC do, had and remains having unbridled access to Ryan's medical records and knew, spanning years, of any outside community orders for care being issued on behalf of Ryan.
7. **Defendant Victoroff, despite her inherent knowledge gained from years of access to Ryan's medical information; did, from February 1, 2019 through to May 29th, 2019 knowingly and directly mislead her counsel in this lawsuit into unawareness that any relevant medical records, other than generated from internal CDOC exist.**

3

8. **Defendant Victoroff, as a result, allowed her Answer to Complaint to be filed with that false information as the foundation for beliefs by her counsel which also, in turn, misleads the processes of the court, the Plaintiff and any other counsels and parties present in the case.**

9. Defendant Victoroff, despite the span of time at hand, did not correct herself. Correction occurred only when Plaintiff confronted Defendant Victoroff's counsel.

**CLAIM SIX**: FIVE COUNTS OF VIOLATION(S) OF HIPPA against Defendant Hilary Victoroff N.P.

Supporting Facts:

1. **Claim Five paragraphs are incorporated into Claim Six as statements of fact supporting this charge.**
2. **From February 1, 2019 through to May 29th, 2019, Defendant Victoroff was being required to Answer the charge within Claim Four of this Complaint. And do so, through her counsel of record which is State AG and Ms. Amy Colony.**
3. **From March 21, 2019 through May 29th, 2019, Ryan was in direct contact with Defendant Victoroff's counsel and no disclosure was given to Ryan that Defendant Victoroff's counsel had received "two boxes" of Ryan's medical records either directly from (or) through assistance of Defendant Victoroff. Ryan only found out, due to what she believes was an inadvertent statement made to record by Ms. Colony at May 29, 2019 hearing of having two boxes of Ryan's CDOC records already in her office.**
4. **Defendant Victoroff is a party within this Complaint and her employer CDOC, is not.**
5. **Count One:** Defendant Victoroff, within the same span of time, either directly (or) guiding the assistance of others, accessed and released, from the CDOC, the entirety of parolee Shawnee Ryan's CDOC medical history and records both verbally (and) literally, without a written or verbal release from Shawnee Ryan (CDOC Form 950-02A).
6. **Count Two**: Defendant Victoroff, within the same span of time, directly or by guiding the assistance of others, physically located, gathered, copied and handled those inactive and stored CDOC medical records of Shawnee Ryan.
7. **Count Three**: Defendant Victoroff, within the same span of time, directly or by guiding the assistance of others, physically removed, from the care and custody of CDOC, the resulting two boxes of Shawnee Ryan's medical records.
8. **Count Four**: Defendant Victoroff, within the same span of time, either directly or by guiding the assistance of others, physically handed over the boxes of medical records to another party who also did not have written, verbal or waived release from Shawnee Ryan.
9. **Count Five**: Defendant Hilary Victoroff, within the same span of time, directly violated her sworn affidavit to her employer to protect inmate medical privacy, which is contained, by administrative regulation and ACA standards, within Ryan's inmate care and custody (CDOC 950-02B).)"

## QUESTIONS REGARDING CLAIM #5:

B. Did you, or did you not, state or imply, in your initial encounters with your attorney; that the CDOC, you or rotating others within CDOC internal operations; **provided *the majority*** of Plaintiff's daily medical care, diagnostics, all medication needs, diagnoses, devise all of her treatment plans-dosing and drug calculations-orders, orders for monitoring devise every medical order (and) ultimately every single primary medical care she needed, and did so for nearly 6 years?

4

C. **If answering No to the question above**, please describe, to the best you are able to, what you did say to your attorney in your initial meetings, **regarding only the subject** of what the extent of Plaintiff's medical records were/are *and who provided the majority of Plaintiff's care spanning nearly 6 years.*

D. **If answering Yes to the question above,** please describe, to the best you can in being detailed and exact; your memory of what you did say to your attorney **in regard to only** where and with whom the majority of Plaintiff's medical records could be found.

**QUESTIONS REGARDING CLAIM #6:**

E. Are you, or are you not aware, that surrounding the time and date of your initial meeting(s) with your attorney, her formal filing of your Answer(ECF96) to the Complaint (ECF51) and prior to May 29th, 2019; the documented Court records in this case now show that your attorney and the State Ag's office came into the physical possession of "two banker boxes" filled with "paper" records?

F. Are you or are you not aware, the contents; as alleged by your attorney as being the contents she "had/has"; are now shown to contain not only *physical medical health records that would **pertain to you and any contact you may have had** with Plaintiff **on medical grounds***; they also contain: medical administrative records; administrative (aka "blue" side of CDOC rather than medical side of CDOC) mental health records and screenings; behavior records and screenings; upper medical administration (both facility/Denver Complex (and) Headquarters) records and copies of others contact with Plaintiff?

5

G. Are you, or are you not aware that it is only *full and complete loss of the ultimate protection of HIPPA and related protections when an Offender files a lawsuit involving PHI materials:* **and that the <u>absolute protections</u> of the <u>due processes of the rules within law</u> that define "how" your attorney can <u>physically obtain the</u> <u>materials remain fully in place, and must be obeyed within the Court's rules and the entity holding the materials (CDOC) rules</u>**?

H. Are you or are you not, fully and completely aware of every rule, applying to everyone, that exists within CDOC AR 950-02 (and) 950-02A (and) 950-02B?

I. Did you, or did you not, at any time surrounding your awareness of this lawsuit (awareness given to you by Plaintiff in late May 2018 standing in your office at DWCF Clinic) and up to May 29th, 2019: access with the intent to obtain the information for your use, and/or copy ANY medical or other inmate or personal records of the Plaintiff that she left in the care and custody of CDOC?

J. Did you, or did you not, at any time surrounding your awareness of this lawsuit and up to May 29th, 2019; search, locate, access and/or copy; or assist, encourage or ask anyone to do it for you; ANY medical or other inmate or personal records of the Plaintiff that she left in the care and custody of CDOC?

K. Did you, or did you not, at any time surrounding your awareness of this lawsuit and up to May 29th, 2019; physically remove any copies or originals you may have made, from the care and custody of the CDOC?

L. Did <u>you</u>, or did <u>you</u> not, at any time surrounding your awareness of this lawsuit and up to May 29th, 2019; physically hand over ANY documents or images that in ANY way mentioned Shawnee Ryan/Plaintiff, to your attorney and the office of the State AG?

M. At any time, surrounding your awareness of this lawsuit and up to May 29th, 2019; speak, plan, collaborate or otherwise conclude in any way that you

6

were going to, or assist in the process with anyone else; gather physical evidence on your behalf to contest the claim(s) against you?  If your answer is Yes:  Did your attorney, or did she not, direct you or lead you to believe in any way that you should do so and bring what you have directly to her?

**Thank you, Ms. Victoroff.  Your cooperation is appreciated**.

Shawnee Ryan

11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served, informally and outside of CMECF filing; via email, the foregoing to the parties below on this 16th day of August 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov