IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.     18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:

**CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

**PLAINTIFF'S FILING OF INFORMATION TO (ECF 157):  DEFENSE COUNSELS JOINT MOVE TO STAY AND PROTECT**

Plaintiff Shawnee Ryan comes now with the following limited response to Defense Counsel's Move to Stay and Protect:

1. It should be enough, for parties to simply file facts and/or issues, without having to regurgitate a continuous stream of information either irrelevant to any ability to litigate the case (or) just plain irrelevant.  In this case, however, there is one problem and one problem only.  Which is now spelled out in spreadsheet formats within Plaintiff's SKR-BC000002 and SKR-BC000003 and pending Bifurcation, Consolidation and investigation (and/or) quash of everything gathered to date from CDOC by State.  It is an old but wise adage. Plaintiff directs now to the State:  "Methinks thou doth protest too much" .  The simple answering of chain of custody, the simple obeying of court's order to inventory; both of which were/are solely Amy Colony's responsibility; would have given all parties the ability to easily deal with this case.

With that said:

1

2. **Plaintiff incorporates** the entirety of her filings ECF153, 154, 155 and accompanying exhibits; with fortuitously tie to those documents and reveal context as they occurred between the parties.   **Plaintiff further continues to incorporate** her filing for Bifurcation and Consolidation (ECF 147 and 148).

3. **It is with gratitude**, that Plaintiff sees that Ms. Colony chose to file her complaining and points in ECF157 by using nearly exactly the same exhibits as Plaintiff did; while ostensibly refusing to provide any answers, including court ordered, regarding the issues with the CDOC discovery.  As Plaintiff is certain Magistrate Hegarty is able to recall the context of his order(s), his revisions and acceptance of scheduling order, all three recaps of the Rule 26 hearing (May 29th), and discovery hearings June 24th and July 31st; there is no need to regurgitate same in a further drain of the court's resources.

4. **Plaintiff notes**, how demanding Ms. Colony is today, in remaining being able to use her CDOC documents while simultaneously obstructing a subpoena duces tecum attempting to get clean evidence for all; while also simultaneously attempting to force the theories she wishes to attack this case on and which she led Hall and Evans down the garden path on.  The exhibits of SKR-BC000002 and SKR-BC000003 spreadsheets verify few to no medical records and/or usable documents.  The horse cannot be put back in the barn regarding impressions, strategies, theories now solidly formed off a foundation of what those documents in State possession are. **The parties, will end up with what the court rules as final on the matter of the documents at issue (and) this case, will remain as it is charged.**

5. **Plaintiff notes** Ms. Colony's and Mr. Ringel's demands today in ECF157; that Plaintiff's answers to interrogatories (already given and copied to the court in ECF153, 154, 155) be "stricken" and she be literally forced by a "court order" to give answers to utterly irrelevant questions designed and stated to harass, bait, goad and cause extreme duress to and regarding her children (including deceased) and her ex-husbands. Combining with outrageously nonsensical questions asking whether Plaintiff is a "felon", been "imprisoned", demand details of contact of every acquaintance and

conversation she has had, "who" she is 'conspiring' with that has an "interest" in the case. Even an attorney who has indefensible client(s) is seen as that kind of behavior being morally repugnant.  **A belief substantiated with the obvious in their questions of Plaintiff:** *there is not a single relevant question regarding the substance of this case being asked in any interrogatories served upon Plaintiff by defense counsels. Plaintiff's answers already given speak for themselves, will stand and are within all rules of evidence.*

STATEMENTS OF FACT:

- Plaintiff contacted (2) *previous and long since (by years)* **not employed** by CDOC individuals. Which, even as a parolee, she has the right to do directly as they are *not the State's clients.*  As to mailing to each, every single person in this case (on the planet more than likely) is listed in the white pages of the online phone book. If you all would like to check yourselves for contact information, you will likely be able to via: www.fastpeoplesearch.com and/or Dex Knows.  (For the record:   Plaintiff has not looked up any of you).  There was no subterfuge. There is obviously by Ms. Porreca's innocent content, which Plaintiff made to someone who became a close friend during 18 months of infirmary living and had actually discussed the freedom to continue friendship once both left (and) the obviously utterly complete lack of content (or she would have filed it as an exhibit) being given to Ms. Colony by Dr. Tirella:   no "harassment" by Plaintiff.  They were each contacted once and are both legally able to contact Plaintiff if they wish as neither has any ties or constraints upon them by CDOC.  No past employee does.  As Plaintiff is, in all ways, able to contact them as they have been gone from CDOC employment for years. They have not contacted Plaintiff albeit that Dr. Tirella knows he is being subpoenaed to trial as Plaintiff's witness. Plaintiff knows what his answers are going to be, she knows how it will shake out and has no need to depose or request interrogatories of Dr. Tirella in advance.   Plaintiff may encounter him again in the course of medical care and him being conferenced to other specialists he has contact with regarding her conditions; but that comes directly from doctor to doctor and has nothing to do with Plaintiff.

3

- **Plaintiff gave advance notice and copied both the Reux and Williams letters to Ms. Colony. And provided proof of that in her exhibits filed to (ECF153, 154, 155).** Thus, Plaintiff *went through State* and renders Ms. Colony's complaint moot**. Ms. Colony made no objection to either at the time; only after the fact when the filing for Bifurcation and Consolidation was made.** Ms. Colony has no grounds to make such an extreme demand to halt now, nor does she have any merit in these two instances. Plaintiff first and foremost is a parolee under the direct jurisdiction and authority of the CDOC. And must obey as directed by same.

- **There is nothing about the Callee Redmond testimony, however it comes, even if that is a stone cold subpoena to trial; that is going to be easy for her or anyone else;** *especially Defendant Victoroff should she still be present.* Nor easy for Callee Redmond's employer; Dr. Nash. What Ms. Colony 'left out' in her filing snippet today, regarding Ms. Redmond, is the fact that Plaintiff conferred for some time with Ms. Redmond prior to then going to Ms. Redmond's attorneys. Who were hired after the fact by Ms. Redmond. As soon as they were on board, communications have strictly been between Plaintiff and attorneys and the relationship between all attorneys and Plaintiff is intact and fine albeit a very difficult matter with a very, very apprehensive and reluctantly exposed Callee Redmond. ***No agreement to any details of logistics*** has been set as of yet, *thus there is absolutely nothing to confer with defense counsels* on **until that occurs**. Further, Callee Redmond's testimony is relevant only to CHP Defendant Group and has no impact on State's scope for its clients. Plaintiff selectively chose to not file res gestae exposure of Hilary Victoroff, on a number of levels.

**PLAINTIFF'S SUMMARY OF LIMITED RESPONSES:**

A. **To request a "protection" against "harassment" that has not occurred against present and past employees; is grossly blown out of proportion and objected to.** Ms. Porreca did not complain to State. Per Ms. Colony: State's clients went searching. Nor, did Dr. Tirella. Ms. Colony contacted him. He did not give comments of being 'harassed' and obviously did not rise to her involving him by that contact (and) did not become a State or

4

Plaintiff advocate. Therese Stone, Lucille Reux, Dean Williams are a part of Plaintiff's life for as long as she is also a parolee.  Amy Colony opened that door and has kept her foot in it wide open from the moment that she ordered Plaintiff to be unable to report, unable to investigate unless she herself conducts.  **So that there is no more frivolity of a request like this: Plaintiff releases her right and ability to contact any non-party who is not an employee of the State or CDOC, until this case is at trial (and/or) the court removes State and Hall and Evans obstructions to Plaintiff getting any depositions or interrogatories out.  As to current employees, there is no further need.  Ms. Colony has rendered them impotent with her counsel to them and simultaneous non-disclosure of full facts; and the force of the subpoena or a further court order giving Bifurcation and Consolidation will unfortunately deal with the rest.  Plaintiff has cleared herself to parole and there is no further need.**

B. The comments within today's filing of ECF157 that Plaintiff has put questions into interrogatories in an attempt to keep Defendants from their counsels; is ludicrous and outright false. And, since Ms. Colony and Mr. Ringel did not provide today: as the court has copies within Plaintiff's ECF153, 154, 156 it can view for itself and make its own judgment.  The sole reason Plaintiff put them in as a preface is because she has a deep feeling that all three attorneys are not telling their clients the full disclosures of what discovery is revealing. Plaintiff has not "kept defendants from their counsels" and is certainly free to ask any relevant to the case question she needs to ask. **Plaintiff absolutely objects to her interrogatories being "stricken".  As they are extremely late at this point, she also requests they be answered.**

C. **As to depositions being conducted at Plaintiff's home office:** Maybe a self-employed business sign on the front door, directing to home office, which would be the equivalent of every attorney in the state who has renovated a single-family residence into business; would feel more comfortable for Mr. Ringel and Ms. Colony.  **Reality, is that the moment uncomfortable has been expressed, Plaintiff has adjusted to other areas.** The sole reason CHP defendants are still on hold for conferring is due to Hall and Evans delaying everything again with (ECF157).  **What Plaintiff is not required to do**, nor will she be treated as if she is being "punished" as Ms. Colony and Mr. Kennedy did

5

in attempting to bloviate 2 days and "in chambers" for Plaintiff's deposition; is put her depositions (when they are finally unobstructed) into the office environment of Andrew Ringel, Amy Colony or in front of a judge.  They may have to be held within a rented community room such as a library or church. Defense counsels may have to travel to accommodate the person deposed, if they wish to attend.  They may have to be held in another attorney's office who is a non-antagonistic entity, is not so arrogant to treat Plaintiff as a painted child and the person being deposed as red meat or spoken down to. Someone who is willing to give space and swearing in time to help out.  **They will**, **if it works as accommodating to the person being deposed:**  be condensed, relevant and not drug out, hold a working lunch instead of an hour long break and they will begin at 8:00 or 8:30 in the morning. No, they will not have a gallery of folks like Mr. Kennedy and Ms. Colony's deposition of Plaintiff nor will they be video taped, recorded and transcribed all at once like Mr. Kennedy and Ms. Colony's deposition of the Plaintiff is set to be.  **Plaintiff is going with Magistrate Hegarty's advice**: "sit down, put a tape recorder on the table and turn it on." (May 29th, 2019 hearing).  Yes, a neutral party is available to swear in, yes all conferring will be done (when there is something to actually confer) and yes, all procedural requirements will be met. Plaintiff reminds Mr. Ringel and Ms. Colony that they are; the Plaintiff's depositions. Not theirs.  As are her interrogatory questions which are 'folksy', 'earthy' and uncanny in their ability to get the answers Plaintiff needs for this case. Plaintiff is not an attorney, never will be and as long as she makes the rules; she can ask what she needs to ask and in the way she can be heard.

D. **As to Stay:**

- **The unequivocal fact for Hall and Evans, is that this case is solely about the Plaintiff's health and alleged damages, will remain that way and a massive amount of medical and scientific data and continuous six years of detailed logging by outside community specialists is what they must impeach at trial.**  All we now have, with still yet another waste of time pending them getting this extension and filing this; are two attorneys who have wasted over 6 collective months of time in pursuing personal attack, from severely manipulated foundation, upon Plaintiff. And now that it has gotten down to serious reveals that they have not even filed corporate disclosures, insurance disclosures, they have

serious and hard-hitting questions based on facts they provided from Dr. Mix, have produced extreme selected portions of very limited discovery releases; are doing nothing more than attempting to make an end run to craft more time while simultaneously continuing to attack and paint the alleged victim.

- **The unequivocal facts for State and Ms. Colony** *is the content* **of 'what was in the boxes'. Which finally, now have spreadsheets with hard media thumb drives to back them up. Seized materials until proof of proper attainment is given by State. Pre-discovery and not disclosed or given to anyone for months prior to Rule 26 onset, until State provides answers to chain of custody. Even when all that is given:  the content, is still the content and must be explained for all its discrepancies.  The content, is what is damning with regards to this issue. (** *Plaintiff, has no involvement with the content, how it was obtained and has made certain she is as far away as possible for the taint of the content.  In very much the same way Mr. Kennedy and Mr. Ringel did for months, while simultaneously trying to get their own duplicate, clean, full CDOC materials direct to them.  Which, was stopped, by Plaintiff's Subpoena Duces Tecum being first in line.)*

  **The second unequivocal fact for State** is that their clients are confined to compensatory damages only, fact based discovery is now nearly complete due to simplicity of those charges and no matter how it is wrapped up and marketed by the State; that is not going to change (nor) are the governing rules of evidence going to change.  Amy Colony must be confined to solely her scope.  She "represents" the "CDOC" only because she did what she did with interference to investigation, subpoena and attempting to interfere with the Adult Division of Parole and the Plaintiff's freedom.

  **When both of those facts for the State** are ruled upon; the State is done. The attempt, by Ms. Colony, to stay involved; which Plaintiff believes is self-serving for the questions of her own issues with the CDOC discovery boxes; by this move for stay, "until a counsel is provided", is nothing more than more avoidance.  **Plaintiff suggests a much simpler solution other than to stay:**   If an employee or former

7

employee (one that actually hires or requests State representation) wishes to be covered at trial or deposition; those singular events will, of course, come back in for Ms. Colony to be involved with the case at all. Since the two state client's claims are near ready to go to ADR; **Plaintiff suggests the court order a date set for ADR once we get bifurcated (and) if the court cannot extract disclosure from Ms. Colony and her client once we are in that containment; the charges of #5 and #6 are civil criminal in nature and can be appointed to law enforcement investigation or ruled upon from the bench. As parties are bifurcated, if Defendant wishes a trial, it would be separate anyway.**

**As to Hall and Evans wanting stay:** Plaintiff suggests they get to work *on this case* rather than the other lawsuits for same clients, unfounded theories, strategies that will only end up tossed at dispositive and pre-trial simply based on utterly complete lack of relevancy.  This case is very well stated in its simplicity of what the question(s) are.  That is what their clients must answer to.

**This case is fast-tracked because of the Plaintiff's one unequivocal fact:** her health.  Not one person involved here, including Plaintiff, has any control over that timing.  **For the record, Plaintiff absolutely objects to delaying these proceedings in any way for the three attorneys who have made in 6 months, only one request for fact-based discovery for the long lists of releases Plaintiff has given (reference SKR-000001).**  And that came from Amy Colony using only one release to Aurora South Hospital on **September 13, 2019**.  She was given release for same records, in **April 2019** as a courtesy by Plaintiff due to all being held up from Rule 26 start, pending news of Plaintiff's health.   **Plaintiff fully objects to any delays of time.**

**As to her capabilities to handle this case**; the facts she presented within ECF 153, 154, 155 speak for themselves in support of her ability.  Plaintiff fully understands it, has handled the facts and legalities very well and apparently in a more stable and sure way than the attorneys she is up against.  The court will form its own view of how well she has done.

8

**As to the retaining of Pro Bono counsel:**  One of the holdups, is the CDOC mess and the State.  Which is eliminated, at least into containment, if granted bifurcation and consolidation. Unfortunately for the Plaintiff, none have wanted to deal with it expressing incredulity that it even exists as an issue.  For the record, the counsel to Bifurcate and Consolidate came from a very good attorney.  The case itself, is noted as intriguing and stated as solid.  The fast-paced track is stated as difficult with litigation already begun.  But, Plaintiff is holding her own with her health and with an attorney in place; she would not object at that time to slowing the schedule down if the court agrees.  **With all that said:**  Plaintiff is receiving a continual amount of the best civil rights attorneys and litigators we have in the State assistance through limited rep Pro Bono Clinic and help.  All she has to do, and she has, is pick up the phone and her questions are answered. Which, in Plaintiff's view, is part of the cause of Ms. Colony and Mr. Ringel's angst.  They simply are not able to push around a Pro Se PLRA 1983 as is their common path.   Ms. Colony and Mr. Ringel's continued goading and bigotry of a Pro Se "felon" is noted.  With that said, Mr. Butler continues to diligently look and is dedicated to eventually finding counsel.  Plaintiff also continues to look.  **The very idea that an entire court is to be held up with a stay, for three attorneys who have put themselves into the position of being communicated with in the very same mode they put out, while declining to actually work the case, is in Plaintiff's view; out of the question.  Should the court decide to stay for other reasons and order an attorney to take the case now; then that serves the case and is just.**

*As to any 'tone' that is present in and from Plaintiff:  A reminder to all, to review SKR-000001 for a view of the extremes of poor health Plaintiff is in. Increasingly so. She has been exceptionally accommodating, actually gracious in giving early assistance with releases, pointing in the right direction when she has no obligation to bail out the deceit of their client(s), and is also:  very capable speaking point blank and straight up.  It is not "vitriol" or "harassment" when she is responding to outright wrongdoing, arrogance, avoidance and obstruction.  There is a very, very limited time for this case to run.  Plaintiff is not at a social event, a cocktail party or political party for super lawyers.  She has an absolute law and constitutional right to get this case heard and done.  As stated*

9

*many, many times to all three attorneys: let us please, just get to work and be done.*

*Plaintiff, at this time, is nearly ready for ADR and trial.  She only has to get what is being kept from her in her hands.  It will not be long afterward, that we are ready to go.  She can easily meet, unless there are further delays from counsels; ECF132 Scheduling Order.*

Respectfully submitted this 27th day of September 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served, through the CMECF SYSTEM, this to the parties below on this  day of  2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov