IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

    Defendants.

_____

## RESPONSE TO PLAINTIFF'S MOTIONS FILED AFTER MAY 29, 2019 HEARING
_____

Defendants Jennifer Mix and Correctional Health Partners (collectively "CHP Defendants"), by and through counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Response to Plaintiff's Motions filed After May 29, 2019 Hearing as follows:[1]

    1.    On May 29, 2019, a hearing was held to discuss proceeding with discovery and addressing Plaintiff's tendered Fourth Amended Complaint. [ECF No. 108].

---

[1] CHP Defendants submit this Response without prejudice to their argument for a protective order and a stay contained in the Defendants' Joint Motion for Protective Order and to Stay Discovery Pending Appointment of Pro Bono Counsel filed on September 27, 2019, with this Court. [ECF 157].

4177214.1

2. In that hearing, the Court granted the Motion to Amend and accepted the Fourth Amended Complaint. [*Id.*]. The Court also indicated in this hearing no further amendments would be permitted. [ECF No. 116].

3. Since this hearing, Plaintiff has filed: (1) Motion for Joinder regarding Amended Complaint; (2) Motion for Leave to file yet another Amended Complaint, this version being the Fifth; (3) Motion to Restrict Medical Exhibits; and (4) Motion to Bifurcate and Consolidate Claims 5 and 6. [ECF Nos. 133, 142, 145, and 147]. In addition, the parties have appeared at two subsequent hearings (June 24, 2019, July 31, 2019) before this Court and prompted by Plaintiff, to rehash the same issues again and again related to the handling of Plaintiff's records in the custody of CDOC and Plaintiff's insistence on utilizing subpoenas directed to CDOC, in lieu of written discovery requests served on counsel, as urged by this Court. [ECF Nos. 139, 149].

4. Defendants believe all these Motions to be either pointless or frivolous and should be denied.

5. Although leave to amend shall be freely given, whether to grant such leave rests with the discretion of the Court. ***First City Bank, N.A. v. Air Capital Aircraft Sales, Inc.***, 802 F.2d 1127, 1132 (10th Cir. 1987). A court may deny leave to amend for the following reasons: (1) undue delay, with or without prejudice to the other parties; (2) repeated failures to cure deficiencies by amendments previously allowed; and (3) futility of amendment. *Id.* at 1132-33.

6. Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint (1) a moving target; (2) to salvage a lost

2

case by untimely suggestion of new theories of recovery; (3) to present theories seriatim in an effort to avoid dismissal; or (4) to knowingly delay raising an issue until the eve of trial.  **Minter v. Prime Equipment Co.**, 451 F.3d 1196, 1206 (10th Cir. 2006).

7. This case was commenced on April 23, 2018.  [ECF No. 1].  In the sixteen months since the start of this case, one-hundred and fifty pleadings have been filed in this case while very little discovery has been conducted.  Plaintiff, herself, admits, in her Motion for Leave to File Amended Complaint to Assert Claim for Punitive Damages, [ECF No. 142], that insufficient discovery has occurred to establish a claim for punitive damages.  [*Id.* p. 2 (asserting that "pending" discovery will provide evidence to support a claim for punitive damages)].

8. If discovery produces records containing the competent information Plaintiff bases her new allegations in her Fifth Amended Complaint on, she will be afforded the opportunity to demonstrate as much and challenge any Defendants' respective credibility during the discovery process.  At most, the parties disagree as to what the limited discovery has so far produced. This disagreement does not support allowing yet another amendment of Plaintiff's complaint and other motions attempted to circumvent and change the current process.  Moreover, Plaintiff's latest motion seeking to amend is not truly based on newly discovered documents but rather entirely on her own subjective interpretation of complex medical records for which she lacks the foundation and expertise to illuminate for this Court.  Most of the records attached to her motion post-date her incarceration. None of the records provide any basis for asserting punitive damages claims against CHP or Dr. Mix based on their conduct during Plaintiff's

incarceration. Specifically, none of Plaintiff's arguments, assertions or exhibits establish any basis for punitive damages against Dr. Mix based on her own personal participation in any decision regarding the Plaintiff or against CHP premised on any custom, policy or practice of CHP that caused Plaintiff any violation of her constitutional rights.

9. Plaintiff's pleadings clearly indicate a total lack of understanding as to the role CHP and Dr. Mix play in the CDOC outside consult request process and Plaintiff's continued filing of Motions is only further delaying any movement of this case. The Motions provide no benefit for purposes of moving this case forward but, rather, provides unnecessary delay to the process.

10. Plaintiff's Motion to Join Negligence Claims against both groups of Defendants, like the other Motions, lacks any clarity as to what Plaintiff is seeking through the filing of the pleadings. [ECF No. 133]. It appears from her pleading, Plaintiff wants to bring medical negligence claims against all Defendants. [*Id.* p. 2 (asking to add negligence claims for Defendants "duty to provide medical care adequately to meet need(s)")]. However, she fails to provide a certificate of review for a negligence action against licensed professional as required pursuant to C.R.S. § 13-20-602 which would include all the Defendants including Dr. Mix and CHP since CHP's alleged negligence is based on the alleged negligence of licensed professionals.

11. Similar issues are contained in the other Motions. Plaintiff is continually filing Motions in an effort to prevent CDOC counsel access to her medical records. For example, Plaintiff's Motion to Bifurcate the claims discuss consolidating and staying the pleadings until the outcome of some investigation (concerning CDOC counsel's handling

4

of Plaintiff's medical records) which the undersigned is not entirely clear what "investigation" is being discussed in the pleading. [ECF No. 147, p. 1 (seeking consolidation and stay "pending outcome of a pending investigation of the evidence associated with both claims")]. Plaintiff cites no precedent allowing bifurcation or severance under Fed. R. Civ. P. 21 under any circumstances even remotely analogous to the instant case. Plaintiff may think her claims against the CDOC and private Defendants are distinct, but all of Plaintiff's claims are premised on the medical treatment she received during her incarceration and therefore substantial overlapping questions of law and fact exist respecting both the appropriate discovery in this matter and related to questions of liability and the proof to be marshalled at trial. No efficiencies will be created by the bifurcation or severance advanced by the Plaintiff and Plaintiff has identified no prejudice to the discovery proceeding on all her claims against all the Defendants other than her continued phantom arguments related to the documents obtained by the Office of the Attorney General from CDOC.

WHEREFORE, for all the foregoing reasons, CHP Defendants respectfully request this Court to deny all of Plaintiff's pending Motions [ECF Nos. 133, 142, 145, and 147], and for all other and further relief as this Court deems just and appropriate.

Dated this 30th day of September, 2019.

        Respectfully submitted,

        s/ Edmund M. Kennedy
        Edmund M. Kennedy, Esq.
        Andrew D. Ringel, Esq.
        of Hall & Evans, L.L.C.
        1001 17th Street, Suite 300
        Denver, CO 80202
        Telephone:   (303) 628-3300
        Facsimile:    (303) 628-3368
        Email: ringela@hallevans.com
              kennedye@hallevans.com

        **ATTORNEYS FOR CHP DEFENDANTS**

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 30th day of September, 2019, I electronically filed the foregoing **RESPONSE TO PLAINTIFF'S MOTIONS FILED AFTER MAY 29, 2019 HEARING** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Amy C. Colony, Esq.
amy.colony@coag.gov

Shawnee Ryan
Shawneeryan216@gmail.com


*s/ Marlene Wilson, Legal Assistant to:*
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:      303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

7

4177214.1