IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

---

**STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO BIFURCATE CLAIMS #5 AND #6 AGAINST DEFENDANT HILARY VICTOROFF AND CONSOLIDATE AND STAY ASSOCIATED EVIDENCE PENDING OUTCOME OF INVESTIGATION (ECF NO. 148)**

---

    Defendants Hilary Victoroff, and Laura Sommerschield, by and through counsel, Amy Colony, Esq., Senior Assistant Attorney General, respond to Plaintiff's Motion to Bifurcate Claims #5 and #6 Against Defendant Hilary Victoroff and Consolidate and Stay Associated Evidence Pending Outcome of Investigation:[1]

    1.    On May 29, 2019, the parties participated in a hearing to discuss discovery matters and to address Plaintiff's tendered Fourth Amended Complaint. (ECF No. 108).

---

[1] State Defendants submit this Response without prejudice to their argument for a protection order and stay contained in the Defendants' Joint Motion for Protective Order and to Stay Discovery Pending Appointment of Pro Bono Counsel filed on September 27, 2019. (ECF No. 157).

In that hearing, this Court granted the Motion to Amend and accepted the Fourth Amended Complaint. *Id.* Also, during the course of this hearing, the undersigned counsel informed the Court and the parties that CDOC had delivered two banker's boxes of Plaintiff's medical records to the undersigned counsel's office. *Id.* at p. 25.

2. Since the May 29th hearing, Plaintiff has filed a variety of pleadings intended to prevent the undersigned counsel access to her medical and other CDOC records and to disrupt the orderly exchange of documents in this case. These pleadings also insist Plaintiff obtain discoverable materials directly from CDOC without the oversight or involvement of counsel for the State. The parties have participated in two hearings, as requested by Plaintiff, that have *not* resulted in any orders endorsing or otherwise supporting Plaintiff's objections and demands.

3. Nevertheless, Plaintiff continues to insist that this Court has entered orders that do not exist. Plaintiff maintains that this Court has "ordered" the undersigned counsel to reveal how her CDOC records were obtained by the Office of the Attorney General and to provide an inventory of each and every document transferred. This is in spite of the fact that the CDOC defendants have produced to Plaintiff discs containing each and every document transferred by the CDOC to the undersigned counsel at the beginning of the litigation. *See, e.g.,* ECF No. 157, Exhibits A-4, A-6, A-12.

4. Over the past four months, Plaintiff has sent multiple, harassing and repetitive correspondence to defense counsel and CDOC staff, related to her objections to the transfer of her records by CDOC to the Office of the Attorney General. *See, e.g.,* ECF No. 157, Exhibits A-2, A-5, A-6, A-11, A-14, A-14. Plaintiff has also served

inappropriate written discovery requests that are directed at the same matters that expressly seek privileged attorney-client communications. *Id.* at Exhibit A-20.

5. Plaintiff filed her Fourth Amended Complaint on June 24, 2019, adding two claims against Defendant Victoroff arising out of the transfer of her CDOC records, to the undersigned counsel for the State Defendants. (ECF No. 119).

6. Plaintiff filed the instant motion apparently seeking a separate trial on Claim Nos. 5 and 6. The motion also seeks a "stay of consolidated evidence in order to protect the integrity of the evidence and all proceedings until outcome of investigations pending are complete."[2]

7. Plaintiff's motion fails to describe any justification for the requested relief but when viewed in the context of the multiple pleadings and correspondence authored by Plaintiff over the past four months, her motion is clearly intended to prevent the undersigned counsel from having access to her CDOC records. The motivation for her request for relief is not legitimate.

8. Fed.R.Civ.P. 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The district court has broad discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.,* 776 F.2d 1441, 1447 (10th Cir.1985).

---

[2] Plaintiff's motion is lacking in any details of an ongoing "investigation" into the handling of her CDOC records. Defendants confirm there is no ongoing investigation by CDOC or any other party concerning the handling of Plaintiff's records in CDOC custody. Nor can Plaintiff establish any legal authority entitling her to demand such an investigation.

3

9. Bifurcation of issues is not to be routinely ordered *See, e.g.,* Fed.R.Civ.P. 42(b) advisory comm. notes. It is not an abuse of discretion to bifurcate a trial if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Industries, Inc.,* 11 F.3d 957, 964 (10th Cir.1993). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo,* 11 F.3d at 964.

10. Plaintiff's motion fails to demonstrate any economy or efficiency to be achieved by bifurcating Claims 5 and 6 against Defendant Victoroff. Nor does her motion demonstrate that bifurcating these claims will avoid prejudice to any party. Rather, the motion is intended only to vindicate Plaintiff's opposition to the fact that her records in CDOC custody were transferred to the Office of the Attorney General.

11. Plaintiff's motion seeks an unnecessary multiplication of proceedings that would prejudice the State Defendants by requiring them to incur the expense of a separate discovery process and trial. The motion is not supported by any of the objectives promoted by Fed.R.Civ.P. 42(b) and should be denied.

12. Defendants implore this Court to enter a comprehensive Order denying Plaintiff's motion that, for once and for all, will put to rest the manufactured controversy over the handling of Plaintiff's CDOC records. This Court and the collective Defendants have already expended an unreasonable amount of time and resources to these issues that are not meritorious and have only served to delay the progress of the litigation.

WHEREFORE, for all the foregoing reasons, Defendants Victoroff and Sommerschield request this Court to deny Plaintiff's Motion to Bifurcate Claims # 5 and

#6 Against Defendant Hilary Victoroff and Consolidate and Stay Associated Evidence Pending Outcome of Investigation (ECF No. 147), and for all further relief deemed necessary by this Court.

    Respectfully submitted this 30th day of September, 2019.

        PHILIP J. WEISER
        Attorney General

     s/ *Amy C. Colony*
        AMY C. COLONY, Reg. No. 36124*
        Senior Assistant Attorney General
        1300 Broadway, 10th Floor
        Denver, CO 80203
        Email:  acolony@coag.gov
        Telephone: 720-508-6615
        Attorney for Defendant Victoroff
        *Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO BIFURCATE CLAIMS #5 AND #6 AGAINST DEFENDANT HILARY VICTOROFF (AND) CONSOLIDATE AND STAY ASSOCIATED EVIDENCE PENDING OUTCOME OF INVESTIGATION** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 30th day of September 2019, addressed as follows:

Shawnee Ryan
11309 W. Exposition Drive
Lakewood, CO  80225
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

                                        <u>s/  Amy Colony</u>