IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.; Correctional Health Companies, Inc.; Correctional Corporation of America; CHP)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

**PLAINTIFF OBJECTION TO ATTORNEY AMY COLONY'S CONTINUED REFUSAL TO OBEY COURT ORDERS OF CONTAINMENT**

Plaintiff Shawnee Ryan comes now and files formal objection to Attorney Amy Colony's continued refusal to obey the Court's orders of containment given on October 7, 2019.

**As grounds for formal filing, Plaintiff cites as follows:**

At hearing October 7, 2019, the court directly and clearly ordered Attorney Amy Colony to contain herself to what is her sole scope in this case:  Representation of a former employee of the CDOC and representation of a current employee of the CDOC; both of which are defense parties in this case.

The court directly and clearly defined further order to Attorney Amy Colony that she does not represent the non-party CDOC in this case (and) that the CDOC is a public, governmental entity who must deal

1

directly with its own requests of it and its own court orders.  Further defining that the Plaintiff is free to contact former and current staff of the CDOC and they in turn, must deal directly with the Plaintiff in either their acceptance of her contact or their desire for no contact.  Further defining that if there is a denial by any person past or present within the CDOC to provide to Plaintiff requested witness statements, requested depositions, request for trial testimony and any action filed formally by Plaintiff (such as her SDT):  those denials do not constitute the ability for the State AG's office and Attorney Colony to engage between parties *until 'if and when' the CDOC becomes an entered actual party within the case as a result.*  Further defining that the Plaintiff may directly serve citations for contempt, subpoenas for presence to testify and any other legal means open to her within the rules of the court.

**Attorney Amy Colony was very clearly and precisely cautioned of potential consequences if she "did not" contain and refrain from the actions that led to this strong of a hearing and orders from the court. To quote the court: "…I am putting you in a box…" was the partial wording within the orders given to Attorney Colony.**

**STATEMENTS OF FACT:**

1. Since the court's issuing direct orders to Attorney Colony at hearing on October 7th; Attorney Colony has twice disobeyed the orders for containment.

2. First by filing to the court, privately to chambers, a detailed letter in complaint of Plaintiff moving forward post-hearing with her direct contact with the CDOC over discovery materials, Subpoena Duces Tecum and Contempt of Court filing. Within that letter, still asserting that she is the sole contact and representation for this case in Plaintiff's contact with the CDOC and that she does,

2

    unilaterally within the power of State AG; represent the CDOC at all times.

3. At the time, and still present: the Colorado Department of Corrections remains a non-party in this case and Attorney Amy Colony and the State AG's office remain **_not_** the blanket representation of the CDOC. They remain **_not_** a 'fixer' or 'enforcer' of every problem that arises for the CDOC when the CDOC does not obey court orders (or) obey their own rules and regulations: (*see pending Bifurcation and Consolidation; see Claims #5 and #6 (ECF 119 and pending ECF 143 and 144 which were given Leave to File on June 24, 2019).*

4. The second defiance by Attorney Colony of her October 7th court orders was Wed. October 16th in her filing, *outside the view of the court*, a document she titled as her "Privilege Log" allegedly containing *new collections post hearing* of what she alleged were within the Plainitff's Subpoena Duces Tecum. As the first time Attorney Colony even heard a description she could understand regarding the type of clinical services operating procedures that Plaintiff's subpoena asks for, *was at October 7th hearing when Plaintiff described, in passing and in context of another statement Plaintiff was giving to the court at the time:* the only logical conclusion that can be reached is that Attorney Amy Colony, after being ordered to contain, proceeded forward in **_still_** interjecting herself into the middle of the Plaintiff's direct work with the CDOC by gathering post-hearing what she deemed to now be a "privilege log". An action the court would not even have been able to be aware of if the Plaintiff had not forwarded the attempt by Attorney Colony directly to chambers.

5. At Plaintiff deposition of October 18th; Attorney Amy Colony spent nearly 3 hours of time continuously pursuing issues that *are solely the Colorado Department of Corrections documents related and that are utterly lacking in any relevance to the simplistic and exact scopes she is contained to for her clients.* Plaintiff was forced to make repeated preserving foundation objections based primarily on relevancy. The sole scope of Attorney Colony consists of single acts that only her clients allegedly committed. None of the complaints against her client have anything whatsoever to do with <u>any of the CDOC documents Attorney Colony has interjected herself into. The CDOC documents pertain solely to CHP Defendant Group and their case. Even then, will be very limited use due to the path of defense Hall and Evans appears to be headed for.</u> The video tape reveals, that at numerous times the body language, the wording, the raised, shrill, repetitive voice tones of Attorney Colony were palpable and uncomfortable to all others in the room. Twice noticed by Plaintiff as even Attorney Kennedy showing discomfort. It was not, until after an extended lunch break, that Attorney Amy Colony returned and at least attempted to focus on her own scope of representation.

**PLAINTIFF MOVES THE COURT AS FOLLOWS:**

a. The continued actions of Attorney Colony logically serve only the following purposes:

- What she claims as "work product" and "privilege" as the authorities for her to get away with refusing, for 7 months now, to answer direct questions regarding all CDOC documents she has been involved in to date; are not "work product and privilege" kept from in-camera view of the court as the charges against her client are criminal in nature. The court does have the power and authority to place Attorney Amy Colony under direct oath and in-camera privacy to extract the

4

answers to the questions she has refused to answer to date and from there determine if the answers as to what she and her client have done or not done are true "work product" or privilege rather than fair game discovery.

- To serve the sole purpose, of ham-stringing the other parties bya further adding more layers of tainted documents (*they remain tainted **as not usable,** until the parties have exact court directives regarding bifurcation, consolidation, service of CDOC contempt and ability from there to determine which outside law enforcement or regulatory agency investigates Ms. Colony's client*).

- A now videotaped deposition of the Plaintiff on October 18th, solidly reveals the utterly complete lack of <u>*any substantive work to date, on any portion of discovery, by Amy Colony, other than Attorney Colony's position ostensibly clinging to her gathering of "CDOC documents" and her firm belief she fully and completely represents a non-party in this case*</u>.  A reveal able to be seen visually by her repeated stumbling and increased agitation as the over 5 hours she used up went on.

- At times, on tape, revealing Attorney Colony's complete confusion when faced with the depth of detailed facts Plaintiff repeatedly laid out for her and doing so within the tight containment of the limited compensatory damages claims against her clients.  A certain type of shock and incredulity that such detailed facts even exist against her clients and her "not knowing" until deposition.

- Attorney Amy Colony has had and has been continually given full access and disclosure to the State scope since Plaintiff's filing at ECF 97 on May 5, 2019. To arrive at a deposition, less than 3 weeks away from discovery ending and be so utterly and completely unprepared and lacking in knowledge of her own caseload, ***is a burden and problem for all other parties in this case that all the rest of us have endured for 7 months now.***.

5

- Video deposition tape does now also reveal, between Attorney Kennedy and Plaintiff, what ease, what speed, what directly productive work is accomplished when Attorney Amy Colony and all of her issues in this case to date; are moved aside.  The very long list of questions that Attorney Kennedy states to record as originally feeling he had been shorted the time he needed, and that would last more than two hours, and his expression of concern on tape that another day would have to be scheduled; were 'aced' through by Plaintiff and Attorney Kennedy in just a little over an hour of time. And accomplished minus *any* duplicating of Attorney Colony's aggression, body language, recalcitrance, verbal personal denigrating commentary of Plaintiff and shrill raised voice mannerisms.  Productive accomplishment over work at hand was focused on, remained on point and accomplished with ease between Plaintiff and Attorney Kennedy in a fraction of the previously anticipated time. Doing so within the reality that the "CDOC documents" of the Plaintiff so clung to by Attorney Colony are not even relative or likely going to be used due to no relevancy for the CHP portions of this case.  The crux of the issue between Plaintiff and CHP group lie within the outside records (and)the foundation of the responsibilities between CHP and CDOC.  Further lie within the definition of the jurisdictional law this case stands on.  All the burden of Attorney Colony, in the end, is highly likely to not even produce relevant data for the rest of the case.  The parties actually were, after the work of Plaintiff and Attorney Kennedy, then able to disband early.

**Plaintiff respectfully requests the court** to give relief to all other parties by forthwith ruling upon her motion for Bifurcation and Consolidation of the entirety of the State AG's scope and clients within this case.

**Plaintiff respectfully requests, that if the court** does not choose to grant relief to the other parties in this case by bifurcating and consolidating the State; that the court act to enforce all orders of containment to Attorney Amy Colony given on October 7, 2019.

Respectfully submitted this 19th day of October 2019.
S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served, a complete and full copy of the foregoing via CMECF system, to the parties below on this 19th day of October 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov