IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

**DUAL MOTION TO QUASH (and) SUPPRESS STATE DEFENDANT'S DISCOVERY**

**Plaintiff Shawnee Ryan comes now and verifies with** (*Exhibit One (attached)*), **that the State Defendant Group, despite the procedural history and background of record, has finally formally declared its intent in this case on October 22, 2019, to attempt to utilize all discovery gathered by Attorney Amy Colony and allegedly her client(s), that is commonly referred to between the parties as the "CDOC discovery" (and/or) in part as "the boxes", as the State's pursuit of seeking a defense against the claims filed against same client(s).** [1]

**Plaintiff moves the court, on the legal grounds stated below,** to permanently quash the State's use of the stated and listed below discovery (and) order the State to gather all documents and related data of any kind to surrender to possession of Plaintiff (and/or) returned to the CDOC (and/or) verify as literally proven to have been physically destroyed.

---

[1] *(Reference exact claims and their relevant scopes as noted in 3rd Amended Complaint (ECF 51, drawn and moved forward in ECF 52), reference same unchanging claims (#4 and #7) as noted in 4th Amended Complaint (ECF 119), reference same unchanging claims (#4 and #7) as noted in pending 5th Amended Complaint (ECF142, 143, 144, 145), reference Plaintiff's formal objection to State refusal to contain (ECF166), reference Plaintiff's Statement of Claims Summary (#4 and #7) (ECF167).*

1

**Plaintiff further moves the court, to *suppress same discovery*, from use of any kind by other parties in this case,** *until such time* as the court determines that it has a satisfactory extraction of answers to all questions and issues surrounding the discovery; all subsequent and/or related investigations are complete as to Claims #5 and #6 against Defendant Victoroff, and all subsequent related pending issues of potential credibility regarding the State's counsel's handling within rules and law to date of Defendant Victoroff and the physical discovery; are satisfactorily answered and cleared to record for the court and/or law enforcement.

**Plaintiff renews her respectful requests for the court** to rule on her Bifurcate and Consolidate (*ECF 147, ECF 148, ECF153*) of the entirety of the State's scope of caseload. And the enforcing of containment of the State and its Attorney Amy Colony, as ordered by the court on *October 7, 2019*, from the repeated obstructing and interfering with the direct execution of the content production of Plaintiff's Subpoena duces Tecum (*ECF141 and ECF125*). **Plaintiff reiterates her firm position that such rulings can only serve an obvious positive for this case and all other parties so directly affected by the State and her client(s) to date. That positive is finally the free-flowing forward movement of the Plaintiff's "clean" Subpoena Duces Tecum being allowed to** *produce the full and complete neutral records that are the truthful and untampered record* **release of CDOC. Records that are 'clean' and actually usable by the parties who do have relevant caseloads that the records actually pertain to.**

**PROCEDURAL HISTORY OF RECORD (Chronologically listed from current to past):**

A. Complaint summary and clarification for the party's post-deposition of Plaintiff of what has always been filed against their clients and what has never been filed against their clients.  (ECF167.) (Also attached as Exhibit Two)

B. Plaintiff's formal objection to Attorney Amy Colony containment. (ECF 166)

C. Video and transcript of Plaintiff deposition of October 18, 2019.

D. State submission to chambers on October 15, 2019 on position regarding containment orders.

2

E. Plaintiff submission response to chambers re the above chambers filing by State.

F. Plaintiff submission to chambers on October 16, 2019 of an out of the view of the court discovery filing to parties from Attorney Amy Colony regarding new collecting, post- hearing of October 7, 2019, of SDT discovery from CDOC in this case.

G. Plaintiff filing of Contempt of Court against the CDOC and Director Williams (ECF 164).

H. Plaintiff notification of pending contempt to Director Williams on October 10, 2019.

I. Court hearing of October 7, 2019 and all related orders.

J. All Plaintiff movement filings stated above in 'footnote 1 above'.

K. **Cumulated from all:** filings, hearings and to record, spanning from March 23, 2019 (ECF 85 and 89) and up to the hearing of October 7, 2019: (ECF 85 and ECF 89; ECF 97; ECF 98; ECF103; Rule 26 hearing May 29, 2019 and related minutes and transcript ECF115 and 116; hearing 6/24/2019 and related minutes and transcript (ECF118 and 139); Hearing of July 31, 2019 and minutes ECF136 with still pending release of transcript of same hearing. And related filings of various movement as listed above in this Motion by others as: ECF128, ECF129, ECF151, ECF 157 and Plaintiff responses at ECF158, ECF160, ECF161, ECF162, ECF163.

**GROUNDS AND ARGUMENT IN SUPPORT OF QUASH AND SUPPRESS:**

**ARGUMENT:** The unequivocally as undeniable fact(s), of exactly what the State defendants are charged with have existed since initial 3rd Amended Complaint (ECF 51 and 52) and have never been altered or changed to present day. They are charges of singular physical actions that only the State Defendants could and did commit. Absolutely no evidence to clear as a defense has been provided by

3

104   either to date during fact-based phase. Nor, has their counsel availed herself of all
105   discoverable facts released to her since June 11, 2019.  The charges are specific
106   singular acts that have nothing to do with the medical diagnoses this case and
107   other parties within it have as caseload scopes. Each charge has always
108   represented alleged direct defiance of medical care orders from specialized
109   physicians and teams far superior than either Defendant in factual medical
110   knowledge, training, certifications, licensing and breadth of medical competency.
111   Willful, defiant and repeatedly defiant acts by Defendants who are strictly
112   registered nurses with limited prescription writing authority, at mid-level practice
113   licensing, who cannot and have not provided additional proofs of any qualifying
114   training or expertise and knowledge that would cover them for their blatant
115   defiance of the care orders given by specialists and board certified licensed
116   medical doctors and specialists on behalf of the Plaintiff. The acts charged are
117   literally physical acts by each, that in no way, did the Plaintiff contribute to by
118   ANYTHING within her person, her life, her relationships, her actions, her
119   personality, her mannerisms  or her beliefs in how to properly handle the orders
120   to keep her alive until release, currently then (or) in the past prior to these acts.
121   BOTH Defendants allegedly caused irretrievable physical harm to Plaintiff.  One
122   nearly (literally) killing her due to the 4 days of intensively critical health decline
123   of Plaintiff (and) the other allegedly causing a delay resulting in two rather than
124   one left eye surgeries that were so invasive Plaintiff now suffers lifelong from
125   extreme decrease in vision and the danger of losing vision in that eye at some
126   point in her life.
127
128   **Summary description of both claims as follows:**
129
130   - **Exhibit Two, (ECF 167) page 5, lines 149 through 169 (attached):**
131   "**Hilary Victoroff (CLAIM #4)** IS claimed for a single action of allegedly disobeying the discharge
132   instructions of the physician team at Aurora South Hospital and Dr. John Burke, in part, by not
133   leaving ANY orders, prior to leaving for 3 days off; for at minimum, clinic care access and vitals
134   monitoring of Plaintiff after she had undergone one of the most aggressive chemotherapy
135   treatments known: DTPACE.  Spanning 4 days (Feb. 3, 2017 through Feb. 7, 2017) the alleged
136   failure to provide adherence to the instructions she was given resulted in the near death of
137   Plaintiff due to the rapid development over same time frame of neutropenic fever, Influenza A,
138   drop of WBC to 0.0 count, drops of other vital levels of blood counts (resulting in need for
139   multiple bags of whole blood transfusion and multiple bags of platelet infusion) and an infection
140   developing on a finger of Plaintiff's right hand that went from a likely insect bite to sepsis to
141   MIRSA within same 4 days. days.  **Hilary Victoroff's** (claim #4) has NOTHING to do, with ANY
142   other aspect of Plaintiff's health and IS solely based on that single action of Defendant Victoroff
143   that set in-motion and locked into NO ABILITY to receive the care Plaintiff needed, for the 4 days
144   at issue. **Hilary Victoroff** (Claim 4) is NOT charged with punitive damage claims and IS charged
145   with compensatory damage claims."

4

- **Exhibit Two, (ECF167) pages 6-7 lines 217 through 235 (attached):**
  "**Laura Sommerschield in Claim #7:** IS claimed with the multiple yet singular acts she allegedly directly committed, each time they occurred, of failure and/or refusal to obey the changing transportation for eye surgery orders that would have, IF they had been followed, gotten the Plaintiff to eye surgeons for initial workup earlier, gotten the Plaintiff into the subsequently ordered latter surgery of "immediate next", which finally escalated to "Urgent" for surgery orders due to surgeon ordered care. Delay(s) into surgery DID result in Plaintiff enduring two surgeries rather than one on her left eye which DID result in a torn retina that subsequently needed laser surgery repair AND that Plaintiff must lifelong endure specialized retina monitoring with potential of future repairs. And DID result, due to the repeated invasive surgery on left eye, to cause extreme vitreous and 'floater' detachment that now require vitrectomy surgery to restore Plaintiff to normal ability to see clearly. **Laura Sommerschield** (Claim #7) IS NOT being claimed for punitive damages of any kind. **Laura Sommerschield** IS being claimed for compensatory damages to Plaintiff's left eye."

**Legal grounds for Quash of the following specified by the State discovery in Exhibit One attached:** *(" I. (1) Bates 01-5492; (3) Bates 5501-5823; (8) Bates 6257-6258; (9) Bates 6264-6378; (10) Bates 6379-6477):*

- **Violation of FRE Rule 402.** "Irrelevant evidence is not admissible. (Relevant evidence is admissible unless one of the following provides otherwise: "(3) these rules.")" **ARGUMENT**: Not only are the nearly 6,400 + pages of documents grossly irrelevant to the State's caseload, all are further hampered in admissibility by all the additional violations that exist. "Even if" the less than ½ dozen pages of each Defendant's relevant to their actual charges CDOC documents can be cleared "enough" by the court; each still suffers from the handling and admissibility violations. Attorney Amy Colony and the State have NEVER, at any time in this case had the cause, the legal release and access (Plaintiff was not incarcerated at time of State entry so "business as usual" as State now claims of their alleged unilateral power to go in and literally seize the entirety of an inmate's life to use in whatever way the State deems its powers to be and do so with NO releases or requests within CDOC or FRCP processes); does not exist in this case. *Plaintiff was and remains free, standing right in front of the State with pen in hand to sign the appropriate legal releases to all information.* Due to the documented record trail recalcitrance, of Attorney Amy Colony (above) the only means there "might" be for those ½ dozen pages or so, on each State Defendant, to be used in defense by the State (or) prosecution by the Plaintiff, would be through court clearance in a

5

controlled arena such as the pending bifurcation and consolidation. Further, Attorney Colony, on each defendant, IS NOT without fact-based material to work from should quash occur.  She also has extensive fact-based medical records that hold every single bit of evidence either side needs, in the format of Plaintiff's release to the State of Aurora South Hospital and Denver Health Hospital records that ARE relevant to the charges and also clearly spell out the acts allegedly violated.  Attorney Colony chooses to NOT use those records (and/or) collect the Denver Health records at all (Sommerschield) and DID collect the Aurora South records (Victoroff).  The State, if denied these CDOC records due to Quash and Suppress now; is NOT prevented from defense of the State clients as they still have ample fact-based evidence to work from. Same as the Plaintiff remains able to prosecute the claims as she has the same outside medical records should Quash be granted and SDT continue to pend.  Emotional pleas and emotion-based declarations of justification by defendants are, and should remain, as ADR or trial declarations.  They are not "evidence".

- **Violations of "FRE Rule 401: Test for Relevant Evidence:** " (et al)" Reference entire procedural trail to date.

- **Meets the standards of FRE Rule 403** "if" ANY tested relevant documents exist in the request to Quash, they are hindered substantively as outweighed by confusion, waste of time and hold both a real danger of being confusing to a jury (and/or) the State Defendants using to willfully confuse a jury and cause the case to sink into similar chaos of resources as it has suffered since State began their seize of CDOC at end March 2019 (reference ECF153 Three, Four and Five (attached) as to dates these records were accessed to copy to paper within the CDOC prior to coming to State hands).  As to what does, in Plaintiff's view, basically amount to abuse of process, personally abusive attacking by the State, beginning to mount to borderline spoliation over the entire issue of "the boxes" and "CDOC discovery" as it relates to the alleged power of the State; Plaintiff does feel harassed and leaves the record to date and Exhibits (attached) of One, Three, Four and Five re: the State defendant group's actions to date to remain speaking for itself.

- **The requested as quashed discovery does not even meet Rule 602** should the State attempt to claim as necessary to show "witnesses". Again, the claims speak for themselves as to being singular physical acts that only each Defendant could have committed. Any witness, unless they can say they "became" Hilary Victoroff or Laura Sommerschield during these specific acts: has no personal knowledge whatsoever to offer as testimony.

**PLAINTIFF RESPECTFULLY PLEADS THE COURT:**

- **To permanently quash the State Defendant Group physically and in all uses of:** the stated by the State as "CDOC evidence" (*Exhibits One, Three, Four and Five*); and further order the gathering of every piece of same that exists in any format, to be either physically surrendered to Plaintiff (or) back to the CDOC (and/or) prove complete and literal destruction of same.

- **To suppress same discovery, from *use* by any other party due to the high likelihood of unfair prejudice to the case and the Plaintiff;** until such time as all of the subsequent related and pending issues of potential credibility of the evidence itself are resolved (and) the State is fully cleared (or) the Court has extracted answers refused to date by the State and is satisfied regarding the State counsel's handling to date of the evidence collection and holding. And, until such time, as Defendant Victoroff herself (*Claims #5 and #6 of ECF 119 and pending ECF142, 143, 144, 145, 147, 148*) is cleared by the Court, law enforcement or a jury and evidence is returned to clean. At that time, it could be placed by remaining parties into the arena of dispositive as to admissibility and relevancy. .

Respectfully submitted this 23rd day of October 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

7

**CERTIFICATE OF SERVICE**

I have served a complete and full copy of the foregoing via CMECF Service to the parties below on this 23rd day of October 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov