IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

### DISCOVERY NOTIFICATION TO PARTIES: RE THE PROTECTION ORDER CLASSIFICATIONS, BY PLAINTIFF, OF ALL "CDOC" OBTAINED RECORDS (#CDOC001- 3004/#CDOC3005-5492/#5501-5823) OF PLAINTIFF, BY ATTORNEY COLONY (AND) DEFENDANT VICTOROFF

All Defendants and their Counsels are notified of the following:

1. The review in order to classify per protective order in place, of all documents named and as disclosed to all by State AG as being "complete" and compliant; is now done by Plaintiff (and) reviewed as how to proceed in accordance with the protection order, the discovery needs of the parties, the existing court orders (obeyed and not obeyed) and the additional issue of the start of the CDOC investigation, initiated by Plaintiff, into Defendant Victoroff and Attorney Colony's actions in obtaining the records and the dictates of CDOC AR950-02.  The issue of obtaining, without disclosing to others as long prior to initiate of Rule 26 hearing on May 29th, 2019; that issue has been ruled on, without prejudice, and will pend dispositive motions time per the scheduling order of record.

Before issuing Plaintiff's advisement and decisions regarding the records in question; Plaintiff gives the following statements:

   A. Everyone, albeit it under caution advisements, now 'believes' they have seen, based on what Defendant Victoroff led her attorney to believe; "all" of Plaintiff's CDOC records.
   B. Upon review completion, line item by line item, Plaintiff lowers her original projection at first glance as to how 'complete' the records appeared, to:   40% complete.  A reasonable to believe assessment as it is the Plaintiff's body that went through the 6 years of daily need for treatment.

1

Plaintiff's assessment is *only pertaining to* 'CDOC' records. Not outside providers, which are additional records.

C. The sole reason, Plaintiff felt she had no choice but to file the civil criminal charges she has, then grow into now opening the CDOC investigation 950-02, is because of how blatantly obvious, to someone who has reviewed those records every month for nearly 6 years, lived them every day, knows how many departments and other people besides any named by both State defendants have touched her, her life, her records (and) also have a 180 degree counter-balance, objective and factual documentation(s) than the obviously 'cherry-picked' records that these reviewed are. The discrepancies are no less than glaring. Plaintiff 'could have' simply bomb sabotaged defendants and their counsels, at dispositive and trial; rather than attempting, during fact-based, to be the one of the bunch who truly is trying to "get the facts". Instead, Plaintiff has made the choices she has, which are more than fair, and we all proceed forward accordingly. Plaintiff does express that she feels it is a true shame, that unfounded hype and/or jaded view of legal proceedings led both sets of opposing counsels to *assume* "she has to be trying to hide (!!)"; when in reality, there is no hiding from the data in this case and that is exactly why Plaintiff filed it. All parties who needed to have information of "everything", would have had it legally….if only they had asked properly and within the rules of law.

**With the above preface stated:**

- Until the close of the investigation by the CDOC, that will either clear the two parties in question or will not; the documents numbered within this disclosure will be considered by the Plaintiff as tainted and violations of FRCP and FRE applicable rules.

- Will further be considered by the Plaintiff, as violations of PHI information that were allegedly obtained illegally (setting aside the State's mantra claim of "waived PHI"—the issue remains the: "allegedly obtained illegally").

- All, are classified by Plaintiff as Restriction Level 2 until the above issues are cleared. They will then, if still in, be individually classified for your use.

- Further, anything within them that is titled "sensitive information", "mental health evaluation", "LSI screenings", "classification evaluations" are rated as Restriction Level 3 because they should have been viewed for classification by the Plaintiff first, *rather than Amy Colony*, and would have been given an 'on-camera' per the Federal Rules of Evidence *before the State AG disclosed them outward to all*.

- As the horse cannot be put back into the barn, once we see the outcome of the above investigation and during dispositive motions time---we can then discuss where and what to do with the documents that are falling under evidence rules for special handling.

**With the above advisement just stated:**

- Any party or their attorney(s), who develop theories, strategies, intents, decisions, plans or otherwise; that include reliance on these documents at issue should proceed with absolute

2

- caution in the understanding that Plaintiff has regained control of her records and is watching closely until outcomes are determined as to how to proceed.

- As there is aprx. another 60% out there from CDOC (and) Plaintiff has regained control also over her subpoena duces tecum at CDOC; there is possibly the ability for any attorney to approach Plaintiff if they have a need being prevented from moving forward that could possibly be helped by further CDOC information/records.  If that is unacceptable, in these unusual circumstances brought about my Ms. Colony and Ms. Victoroff; please notify the Court and we will take it in there.

- Otherwise, we wait.

Respectfully given,

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com


**CERTIFICATE OF SERVICE**
I have served, informally via email a full and complete copy of the foregoing on this 22nd day of August, 2019 to the parties below.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Andrew David Ringel:   ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:   acolony@coag.gov

3