IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

      Plaintiff,

v.

JENNIFER MIX, in her individual capacity,
HILARY VICTOROFF, NP, in her individual capacity, and
LAURA SOMMERSCHIELD, NP, in her individual capacity,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 31, 2019**.

      Plaintiff's "Motion to Restrict Medical Exhibits Per: the Parties' Protection Order" [filed August 15, 2019; ECF 145] is **granted in part and denied in part** as follows.[1]

      Plaintiff seeks an order maintaining the exhibits attached to her motion, which are filed in support of her Motion for Leave to File Amended Complaint to Assert a Claim for Punitive Damages, under Restriction Level 2 "pursuant to the party's protection order."  However, the governing Protective Order in this case, ECF 124, mentions nothing about placing and/or maintaining Plaintiff's medical records under Restriction Level 2, to which only the Plaintiff and the Court would have access.  Rather, the order provides, in relevant part, that "[i]f the party filing the information does not contest the confidential nature of the document, it shall be filed along with a Motion to Restrict."  *Id.* ¶ 15.

      The Court finds Plaintiff has failed to meet her burden under D.C. Colo. LCivR 7.2(c) to demonstrate that the imposition of Restriction Level 2 on her medical records is appropriate, particularly here where Plaintiff has placed her health at issue, the Defendants are likely some of the sources of Plaintiff's records, and the Defendants generally should have access to documents filed in support of a motion they oppose.

      However, due to the confidentiality of medical records in general, the Court finds appropriate the imposition of Restriction Level 1 on the records.  Accordingly, the Clerk of the Court shall place and maintain under Restriction Level 1 the documents located at ECF 143-1 through 143-15 until further order of the Court.

---

[1] Defendants purport to oppose the Plaintiff's motion in their response at ECF 160; however, while they cite to the motion, they make no actual argument objecting to Plaintiff's request.