IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

      Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

      Defendants.

---

## COLORADO DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S MOTION CITING CONTEMPT OF COURT (DOC. 164)

---

The Colorado Department of Corrections, by and through the Colorado Office of the Attorney General, Senior Assistant Attorney General Amy Colony, which has been served with a Subpoena to Produce in this matter, responds to Plaintiff's Motion Citing Contempt of Court: Colorado Department of Corrections and Executive Director Dean Williams (Doc. 164):

### CONFERRAL STATEMENT

In filing her Motion Citing Contempt of Court against the CDOC, Plaintiff failed to comply with D.C.Colo.L.CivR 7.1 which requires the parties to confer. As more fully explained below, the Office of the Attorney General, acting on behalf of

the CDOC and Defendants Victoroff and Sommerschield, has completed a number of sizable document productions to Plaintiff in accordance with her subpoena served on CDOC and her written discovery requests served on the individual Defendants. Plaintiff failed to communicate in writing, to the undersigned counsel, a detailed description of the materials she believes were ommitted from the various productions, and that she believes she is entitled to under the civil rules of discovery. Rather, Plaintiff has relied on generalized complaints that "numerous items" are missing as well as speculation about the existence of materials for which she had no personal knowledge.

As explained below, the undersigned counsel has undertaken substantial efforts to identify materials relevant and responsive to the subpoena and Plaintiff's various discovery requests. These efforts included conferrals with Plaintiff explaining the nature of the documents available and refuting Plaintiff's unsupported claims about CDOC policies, procedure and external oversight. Meanwhile, Plaintiff has persisted in sending multiple harassing and incomprehensible email correspondence, directed at both the CDOC and the CHP Defendants, complaining that she is wrongfully being denied access to documents, without identifying these materials with any specificity or explaining the relevance to her claims.

Among other reasons more fully explained below, Plaintiff's motion should be denied for her failure to comply with D.C.Colo.L.CivR 7.1.

# INTRODUCTION

In a good faith effort to comply with Plaintiff's August 2019 subpoena directed to the CDOC, the Department has provided thousands of documents to Plaintiff, including what is believed to be her entire CDOC medical record, her entire inmate file and entire grievance history, as well as CDOC's clinical standards and accreditation information potentially relevant to her medical care. Heretofore, Plaintiff has not contacted CDOC's counsel to identify specific materials that she believes should have been included in these production and/or that she believes were intentionally omitted. The first time Plaintiff provided any specific information concerning alleged omissions, was with the filing of this motion. Plaintiff's descriptions remain vague, confusing and overbroad but despite these deficiencies, in a good faith effort to meet all discovery obligations, undersigned counsel has shared with the CDOC Plaintiff's list of purported missing materials (Doc. 164, Attachment #1) for further investigation. Thus far, the CDOC has been unable to identify any additional materials responsive to the subpoena and relevant to Plaintiff's claims that have not already been produced.

The CDOC has fully discharged its obligation to comply with the subpoena and thus, there is no basis for the issuance of a contempt citation.

## PROCEDURAL BACKGROUND

1.      Plaintiff Shawnee Ryan filed her initial Complaint with this Court on April 23, 2018, naming as Defendants, sixteen separate parties, including the Colorado Department of Corrections (CDOC), Correctional Health Partners (CHP), the Federal Bureau of Prisons, and several state and federal correctional employees, including Defendant Hilary Victoroff, N.P. (Doc. 1).

2.      Subsequent to filing of her Complaint, Plaintiff Ryan was paroled and released from custody at Denver Women's Correctional Facility (DWCF), in October 2018.

3.      Between May 24, 2018, and December 19, 2018, this Court identified several deficiencies and entered three separate orders directing Plaintiff to cure these deficiencies in an amended complaint. (Doc. 15, 31, 41). Between July 17, 2018, and January 16, 2019, Plaintiff filed **four amended complaints**. (Doc. 21, 40, 44, 51).

4.      On February 1, 2019, this Court entered an Order dismissing Plaintiff's claims against CDOC (Claims One and Two) based on Eleventh Amendment Immunity, and the official capacity claims against Dr. Jennifer Mix, Hilary Victoroff and Laura Sommerschield. To the extent Plaintiff purported to state claims against CHP and Dr. Susan Tiona, those claims were also dismissed. The remaining claims include individual capacity claims against Dr. Mix (Claim Three), Victoroff (Claim Four) and Sommerschield (Claim Five). (ECF No. 52). **CDOC is no longer a party to this action.**

5.     Plaintiff filed her Fourth Amended Complaint on June 24, 2019, adding two claims against Defendant Victoroff apparently arising out of the transfer of her CDOC records, including medical records, to the undersigned counsel for the State Defendants. (ECF No. 119). This document remains the operative complaint in this case.

**THE CDOC HAS SUBSTANTIALLY COMPLIED WITH PLAINTIFF'S SUBPOENA DIRECTED TO THE DEPARTMENT.[1]**

6.     On May 5, 2019, Plaintiff filed an "Attached Filing of Prisoner Pro Se Subpoena Duces Tecum #2: Colorado Department of Corrections'" (Doc. 100) and a Subpoena Duces Tecum #2: Colorado Department of Corrections" (Doc. 101). **These documents were not signed by the Clerk of Court, as required by Fed.R.Civ.P. 25(a)(3), and the subpoenas were not served on the CDOC in accordance with the Rules of Civil Procedure.**

7.     On June 1, 2019, Plaintiff emailed a document to the undersigned counsel entitled Subpoena to Produce Documents, Information, or Objects or to

---

[1] As this Court is aware, Plaintiff has advanced repetitive objections to the Office of the Attorney General's legal representation of the CDOC as it concerns the disclosure of materials in CDOC custody. Rather than focus her efforts on obtaining the materials she seeks, Plaintiff has devoted nearly all of her energy to repeatedly insisting, without legal authority, that she alone defines the representation of CDOC by the undersigned counsel. *See attached,* **CDOC Exhibit A**, Email correspondence from Plaintiff dated June 1, 2019. Plaintiff's fixation on the nature and scope of the undersigned counsel's representation of the CDOC, and, her demands that CDOC staff work directly with her to provide her documents, have created significant delay and have unnecessarily increased the cost of the discovery process to the Defendants.

Permit Inspection of Premises in a Civil Action and directed to the CDOC and Executive Director Dean Williams. *See attached,* **CDOC Exhibit 1**, Email from Plaintiff dated June 1, 2019. **This document was also not signed by the Clerk of Court, as required by Fed.R.Civ.P. 25(a)(3), and the subpoena was not served on the CDOC in accordance with the Rules of Civil Procedure.**

8.      The parties participated in a discovery hearing on June 24, 2019, (Doc. 118), during which this Court directed the undersigned counsel to provide Plaintiff with an electronic copy of all of Plaintiff's records in the custody of the CDOC. (Doc. 139, pp. 9-10).

9.      On June 25, 2019, Plaintiff delivered a document entitled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" directed to the CDOC and Executive Director Dean Williams. *See attached,* CDOC Exhibit B, Email from Plaintiff dated June 25, 2019. **Again, this document was not signed by the Clerk of Court, as required by Fed.R.Civ.P. 25(a)(3), nor was the document served on the CDOC in accordance with Rule 45(b).** Plaintiff attached a letter directed to CDOC Major Lucille Reux (*sic*), purporting to have delivered the same document directly to the Major. *Id.*

10.     On June 26, the undersigned counsel, on behalf of CDOC, attempted to confer with Plaintiff concerning the materials described in the document submitted by Plaintiff on June 25. *See attached,* **CDOC Exhibit C**, p. 004, Email dated June 26, 2019 (2:42 PM). Among other things, the undersigned counsel declined Plaintiff's

request to review and scan the records in person at the Denver Women's Correctional Facility and declined her request for any records concerning "security access" and inmate movement. *Id.* The email advised Plaintiff that the undersigned was working to obtain the professional vitae for the two individual Defendants. Finally, the undersigned counsel requested, in light of the clarification and instruction provided by the email, that Plaintiff withdraw the subpoena and the requests directed to Major Reaux on June 25. *Id.*

11.    On the same date, Plaintiff responded by making certain claims about the CDOC' record maintenance protocols, accreditation standards and other aspects of CDOC operations of which she has no personal knowledge. Rather, as with her instant motion, she relied only on self-serving beliefs and speculation to support her demands for documentation (*e.g.,* "I am actually the only one present who knows in detail what everyone's records contain and each every one of them will be used and compared to the foundation of facts."). *See attached,* **CDOC Exhibit C**, p.003, Email dated June 26, 2019 (10:51 PM; 11:23 PM).  Finally, she declined to withdraw the subpoena based on her unsupported desire for "formality".

12.    **On June 27, 2019, Defendants mailed a CD to Plaintiff that contained the entirety of her CDOC medical records.** *See attached,* **CDOC Exhibit D**, letter to Plaintiff dated June 27, 2019. The CD contained **5,492 bates-labeled pages**. These materials were provided directly to the Office of the Attorney General by CDOC at an earlier point in the litigation. Plaintiff has wasted

substantial time and efforts in this litigation by making repeat complaints about the transmittal of her records to counsel, despite having no legal authority to support her claims.

13.     The June 27, 2019 production consisted of at least **5,492 pages of medical records** in the custody of CDOC. The production included the following categories of materials:

> **1,518 pages of detailed Health Services Encounters for each and every encounter Plaintiff had with clinical staff while incarcerated, including Lab Orders.**
>
> **890 pages of scanned documents, including multiple "kites" (requests for interview, request for care) submitted by Plaintiff, records from outside providers, including Rocky Mountain Cancer Centers and the Medical Center of Aurora, prescription orders, and opthalmology records from Denver Health.**
>
> **178 pages of Lab Reports.**
>
> **256 pages of Daily Medication Administration Records**
>
> **160 pages of Mental Health records.**
>
> **662 pages of Ambulatory Health Records, photo-copied handwritten "Kites" (Requests for Care/Requests for Interview), Lab Reports, handwritten Medication Administration Records, records from outside providers including but not limited to Rocky Mountain Cancer Center, Presbyterian/St. Luke's Hospital, Medical Center of Aurora and Denver Health**
>
> **347 pages of Davis Eye Clinic at Denver Health records.**

14.     On June 28, 2019, undersigned counsel sent an email to Plaintiff that attempted to correct her assumptions about applicable accreditation standards and

confirmed that delivery of other materials sought by Plaintiff would be forthcoming. *See* **CDOC Exhibit C**, p. 001, Email dated June 28, 2019 (12:11PM). Plaintiff responded representing that she "will promptly go through it all . . ."

15.    On July 8, 2019, Defendants emailed Plaintiff a zip-file containing Defendant Sommerschield's CV and nursing certification, a well as Plaintiff's entire CDOC case file, which included her CDOC grievance history. *See attached,* **CDOC Exhibit E,** Email from Laurie Merrick dated July 8, 2019.

16.    On July 9, 2019, the undersigned emailed Plaintiff a copy of Defendant Victoroff's resume and licensing certification, and Defendant Sommerschield's DEA registration to Plaintiff (*see* Doc. 100-1, p. 6). *See attached,* **CDOC Exhibit F**, Email to Plaintiff dated July 9, 2019.[2]

17.    In an email dated July 11, 2019, Plaintiff acknowledged the receipt of the CDOC medical record. *See attached,* **CDOC Exhibit G**, Email dated July 11, 2018 (9:10 AM). The Office of the Attorney General, on behalf of CDOC, responded by confirming with Plaintiff that the CD postmarked June 27 contained an "exact duplicate of the medical records – in their entirety – that [the OAG] received from the CDOC." *Id.* The email also confirmed that the remainder of all documents received by the OAG from CDOC, were emailed to Plaintiff on July 8. *Id.*

---

[2] On or about June 1, 2019, Plaintiff sent an email to the undersigned counsel that Defendants interpreted as a written discovery request served pursuant to Fed.R.Civ.P. 34.

18.    The foregoing demonstrates that despite the lack of a valid subpoena executed by the Clerk of Court, per Fed.R.Civ.P. 45(a)(3), and the lack of proper service of any subpoena on CDOC, as required by Rule 45(b), the undersigned counsel, on behalf of CDOC, carefully reviewed the requests delivered to CDOC by Plaintiff, consulted with CDOC to determine the existence of the materials sought by Plaintiff, and produced thousands of pages of records in the custody of CDOC. The undersigned counsel engaged in these efforts in the interest of efficiency, cooperation and moving the case forward. Notably, Plaintiff's requests were largely incomprehensible, overbroad and sought materials having no relevance to her pending claims.

19.    **On August 14, 2019, Plaintiff filed a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, addressed to the Colorado Department of Corrections and Executive Director Williams. (Doc. 141-2).** The document was signed by the Clerk of Court according to Fed.R.Civ.P. 25(a)(3). The subpoena was accompanied by a Certificate of Service signed by the Clerk of Court, (Doc. 141), and was delivered to the CDOC via Certified Mail. (Doc. 141-2). **The content of this subpoena is identical to the document Plaintiff emailed to the parties on June 1 and June 25, 2019.**

20.    On September 5, 2019, the CDOC, via the undersigned counsel, produced Clinical Standards (*see* Doc. 141-2, p.5), a copy of the contract between CHP

and CDOC, and Accreditation Reports for Health Services generated during Plaintiff's incarceration. *See attached,* **CDOC Exhibit H**, Emails to Plaintiff dated September 5, 2019. At no time has Plaintiff ever specified which Clinical Standards she was seeking. CDOC, in consultation with the undersigned counsel, made their best efforts to identify Clinical Standards that may have some relevance to her claims. Plaintiff is certainly not entitled to the disclosure of each and every Clinical Standard, many of which contain sensitive information that is not accessible by to inmates or the public. Since the production of these materials, Plaintiff has raised no objections to the sufficiency of this production.

## APPLICABLE LAW

Federal Rule of Civil Procedure 45(g), permits a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." As the advisory committee's note points out, this language is intended to convey a court's authority to impose contempt sanctions on a person who disobeys a subpoena-related order, as well as one who *wholly* fails to comply with the subpoena. *Duffy v. Lawrence Memorial Hospital,* 2017 WL 1806429 (U.S. Dist. D. Kansas), *citing* Fed.R.Civ.P. 45(g) advisory committee's note to 2013 amendment. This authority allows courts to apply proportionate measures, first ordering compliance before holding a non-party in contempt. "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Id.*

**THE REQUEST FOR DOCUMENTS DESCRIBED IN "ATTACHMENT #1" (DOC. 164) IS OVERLY BROAD AND UNDULY BURDENSOME.**

21.     Attachment #1 to Doc. 164, which describes the materials that Plaintiff contends should have been produced pursuant to her subpoena (Doc. 141), is on its face overly broad and unduly burdensome to CDOC. *See Stewart v. Mitchell Transport,* 2002 WL 1558210 (D. Kan. July 8, 2002). Plaintiff's request for essentially every single document or correspondence in CDOC's custody created during her six years of incarceration, that references her in any way, and, concerns subject matter extending far beyond those related to her medical care (i.e., security and transport records and protocols) is patently unreasonable, and, seeks materials entirely irrelevant to her claims.

22.     In Attachment #1 to Doc. 164, Plaintiff claims an entitlement to the following materials:

> "all medical and medical administrative records"

> "all kites entered by any shift both prior to going all digital (and) after digital"

> "all internal communications referencing Shawnee Ryan both internal between staff and outside parties . . . in any way discussing Shawnee Ryan and/or her medical needs and care."

> "all scheduling records . . . pharmacy records and scheduling dates and records of the ordering and shipping of all specialty drugs"

> "[d]ialysis clinic's records of ultrasound conducted in Fall 2013 and complete notes and letters of Dr. June Scott"

> "full x-rays; including wrist and forearm injuries of March, April, May and June of 2014"

"all dental records"

"all notes and records of all administrative staffing's and conferences which were medical in nature."

"clinical nurse case manager files and records"

"all grievance coordinator logs form all facilities"

"case file of Plaintiff . . . held within the Chief Medical Officer's department; to include all communications including electronic between that office and any party."

"all contracts or agreements . . . for inmate healthcare with any other outside coverage provider."

"all accreditation reports and/or audits from accreditation agencies from November 2012 through October 2018."

"security rules and standards for inmates access to clinical services."

"requested operating between clinical services staff and inmates standards of care . . . to include all standards and procedures."

23.    The list of materials in Attachment #1 contains multiple categories of documents not adequately described by the subpoena (Doc. 141) itself such that the CDOC would have been able to respond appropriately at the time the subpoena was served. But in any event, Plaintiff failed to adequately inform the CDOC, prior to filing her motion, that her subpoena was intended to be inclusive of the list of materials identified in Attachment #1.

24.    Plaintiff's claims arise out of the following events: (1) the alleged denial of an autologous stem cell transplant and post-transplant medical care by

Defendants Correctional Health Partners and its Chief Medical Director, Dr. Jennifer Mix; (2) the alleged denial of admission to the Denver Regional Diagnostic Center infirmary by Defendant Hilary Victoroff following Plaintiff's discharge from inpatient chemotherapy at Rocky Mountain Cancer Center in early February 2017; (3) alleged falsification and disclosure of Plaintiff's medical records by Defendant Victoroff to the undersigned counsel, in violation of state and federal law; and (4) the alleged delay in scheduling cataract surgery for Plaintiff at Denver Health by Defendant Laura Sommerschield.

25.     The materials sought by Plaintiff in Attachment #1 are not confined to these events described in her Fourth Amendment Complaint. (Doc. 119). Moreover, as noted above, her original subpoena is entirely lacking in these descriptive categories of material.

26.     Attachment #1 expressly seeks facility operational policies and practices, security policies and inmate transport records, invoice and shipping records related to prescription medications, and contracts and agreements with outside providers. Plaintiff has no entitlement to these materials that are not relevant to the events leading up to her claims. She also has no entitlement to obtain materials that concern sensitive matters of facility security that are restricted from inmate and public access. *See Beard v. Banks*, 548 U.S. 521, 528 (2006); *Everitt v. Brezzel*, 750 F. Supp. 1063, 1067 (D. Colo. 1990) (Operational and

other penological interests, including security, that weigh against inmate access to restricted documents).

**PLAINTIFF'S MOTION SEEKING CITATION FOR CONTEMPT FAILS TO DEMONSTRATE THE CDOC WHOLLY FAILED TO OBEY A LAWFUL COURT ORDER**

27.     Notwithstanding the above, the Office of the Attorney General, on behalf of CDOC and the individual Defendants, has already produced what is understood to be Plaintiff's entire CDOC medical record, her entire CDOC case file, including her entire "ChronLog" as completed by her various case managers, and copies of her multiple grievances filed during her incarceration.

28.     The 1,518 pages of Health Services Records, by way of example, contain detailed descriptions of each and every encounter Plaintiff had with Clinical Services staff during her incarceration. Her insistence that the records of daily encounters produced are "selective" or missing certain information, is not substantiated by any objective, reliable evidence or corroboration. Rather, Plaintiff's complaints are based entirely on her speculation and paranoid suspicions that the Department must be withholding something.

29.     The CDOC has also produced all available and relevant accreditation materials (i.e., accreditation reviews of health services submitted during her incarceration) sought by Plaintiff, redacted clinical standards having potential relevancy to Plaintiff's claims, and the contract between CDOC and CHP for the relevant time period. Plaintiff's claims that these documents are incomplete are

based solely on speculation and conclusory allegations as to what she believes should be part of those materials. As evidenced throughout her pleadings and multiple correspondence with counsel, Plaintiff perceives herself as possessing a unique and comprehensive expertise in CDOC's record keeping system and its operations. However, her unsupported declarations about these matters will not support her unreasonable demands for documents that do not exist and/or are unrelated to her claims. Nor will her opinions and conjecture about CDOC operations support her request for sanctions against the CDOC and Executive Director Williams.

30.     Plaintiff is unable to substantiate any of her claims of missing materials. Rather, she fabricates claims about the existence or content of materials she has never seen and could not have seen during her incarceration. Her motion is supported only by her self-serving and conclusory declarations without any evidence.  *See Wausaw Bus. Ins. Co. v. U.S. Motels Mgmt.*, 341 F. Supp. 2d 1180, 1183 (D. Colo. 2004) (citing *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert, denied*, 528 U.S. 933, 145 L. Ed. 2d 260, 120 S. Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F. Supp.2d 1121, 1123 (D. Colo. 2000)) (conclusory statements and testimony based merely on conjecture or subjective belief are not competent evidence.).

31.     As demonstrated above and in the attached exhibits to this Motion, the CDOC has not *wholly* failed to comply with the subpoena filed with this court on

August 14, 2019. To the contrary, long before the subpoena was ever properly executed by the Clerk of Court and served upon the CDOC, the undersigned counsel engaged in substantial efforts to provide the materials sought by the Plaintiff, as listed in her purported subpoenas and her written discovery requests served on the individual CDOC Defendants pursuant to FRCP 34.

32.     CDOC requests that this Court deny Plaintiff's motion in its entirety, enter an Order finding that CDOC has substantially complied with the subpoena filed with this Court on August 14, 2019 (Doc. ), discharge any further obligations on behalf of CDOC to comply with the subpoena, and for all further relief deemed necessary by this Court.

Respectfully submitted this 7th day of November, 2019.

PHILIP J. WEISER
Attorney General

s/  *Amy C. Colony*
AMY C. COLONY, Reg. No. 36124*
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Email:  acolony@coag.gov
Telephone: 720-508-6615
Attorney for Defendant Victoroff
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing **COLORADO DEPARTEMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S MOTION CITING CONTEMPT OF COURT (DOC. 164)** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 7th day of November, 2019, addressed as follows:

Shawnee Ryan
11309 W. Exposition Drive
Lakewood, CO  80225
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

s/  Amy Colony