1    **IN THE UNITED STATES DISTRICT COURT**

2    **FOR THE DISTRICT OF COLORADO**

3    **Civil Action No.    18 – cv – 00956 – MSK-MEH**

4    **SHAWNEE RYAN, Plaintiff**

5    **V.**

6    **Defendants:**
7    **CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners,**
8    **Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional**
9    **Healthcare Physicians, P.C.)**
10
11   **DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
12   **HILARY VICTOROFF N.P.  (personal and professional capacity)**
13   **LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)
14

---

15   **PLAINTIFF RESPONSE TO STATE AG FILING A RESPONSE (ECF178) TO NON-PARTY**
16   **CDOC BEING SERVED WITH CITATION OF CONTEMPT OF COURT FOR FAILURE TO**
17   **PRODUCE**

---

18   Plaintiff Shawnee Ryan comes now in response to still yet another representation
19   by Attorney Colony, of the now 8 month long trail of inability to get discovery
20   access, and to receive straight answers from the State AG surrounding the
21   relevant to this case records of Plaintiff. That Plaintiff left housed in the care and
22   custody of the CDOC when she discharged to parole on October 4, 2018.
23
24                           **Objection**
25
26   Plaintiff strongly objects to this release of the utterly frivolous filing that has just
27   been made by Attorney Colony, as she used up another 7 days of time extension,
28   that she obtained by stating to the court that she was, in effect, gathering the
29   missing documents Plaintiff points out in her contempt citation.   An extension
30   she made one day before the close of fact-based, made also only after the
31   Plaintiff filed to chambers for ADR or ENE set that contained documents in
32   support of Plaintiff's case; and that the court granted for time extension as
33   believing her that she was showing good cause. Today, producing instead, zero
34   missing records and only a regurgitation of statements, accusations and
35   distortions that Attorney Colony has stated many times over during the past eight

1

36    months. Leaving still yet, the one problem all have:  ***Amy Colony and her client's***
37    ***refusal to answer the questions that would, if given as to not having any***
38    ***wrongdoing, clear the entire problem surrounding Plaintiff's CDOC records***.
39    ***There is nothing that can be extracted into 'moving on', as all things, including***
40    ***this filing of State's today, twist right back around to the bedrock foundation***
41    ***where it all began.  It is a poisoned tree root until it is cleared.***
42
43    Enough, is enough and Plaintiff again pleads the court to rule upon any and all
44    pending motions concerning the CDOC discovery issues; including Plaintiff's
45    objection to Attorney Colony *still and post-hearing of October 7, 2019* continuing
46    to disobey orders of containment.
47
48                                    **<u>Preliminary Statement</u>**
49
50    No matter how many times or ways that Attorney Colony puts spin onto the trail of
51    the past eight months of events leading up to the extreme of Plaintiff being forced
52    into filing a Contempt of Court citation against the non-party CDOC;  simply in order
53    to obtain relevant to this entire case existing medical and inmate records; the one
54    underlying obstruction in the entire issue does not change. That obstruction has
55    been repeatedly stated to Attorney Colony since May 29th, 2019.  With Attorney
56    Colony and her client repeatedly not only refusing to answer but dancing around
57    being made to give an answer(s) to the following questions that would end the
58    problem, if there truly is no wrongdoing:
59
60         1.  What signed release was used to obtain "two boxes" of "all" Plaintiff's
61              medical, inmate, mental health, case management, criminal and security
62              classifications on or around March 23rd, 2019?
63
64         2.  Having been served the same scope of claims then, as they remain now,
65              "why" were such random, out of any sequence whatsoever that they
66              occurred in, non-relevant records be pulled in the first place?  The state
67              is a compensatory damages, simplistic charges case only, CDOC is a non-
68              party and State does not work for Hall and Evans who does need all
69              records and is capable of getting their own.  As is Plaintiff.
70
71         3.  If a signed by Plaintiff release was not used and it is factual (as Amy
72              Colony states) that "State AG" "needs no release" and "Plaintiff waived"

2

that action into being "simply by filing a lawsuit" (and at other times when on court record and pressed) that "this is the way we have always done it" is true: then by what legal means (please cite law and constitutionality) did State AG rely upon to pull in all those "paper" document records packed into "two full banker boxes" that are time and date stamped as copied on or around March 23, 2019 from a digitized for a number of years CDOC?

4. If as legitimate of a pull as claimed, 'why' was no disclosure that the boxes were in custody of State AG given, until Amy Colony's inadvertent disclosure on May 29th at start of discovery hearing was caught by Plaintiff?

5. "Why" were all other parties not disclosed or copied, until Attorney Colony was court ordered to do so at a subsequent hearing in June 2019?

6. "Why", if so legitimate, did Hall and Evans refuse to touch any of them and continue (the same as Plaintiff) trying to obtain complete and clean
7. records of same from Plaintiff and CDOC?

8. "Why" are they paper records?  Plaintiff records (all of them) have been digitized within CDOC for literally years.  All outside medical providers that Plaintiff had to go get after parole release, receive digital from CDOC and never paper.

9. "How" were "two boxes" removed from CDOC?

10. Did Attorney Colony go get them?

11. Were they delivered?

12. If so, by whom?

3

13. 'Who' did the paper copying and traversing through protected departments as that is not an act of medical records in a digital world nor an act that those protected department controls would have ever allowed?

14. "If" "work product" or "privilege" as Attorney Colony claims these answers are; then the obvious is that she must tell the court the answers before answering to the other parties in this case.  There is clearly a pre-discovery violation that is not able to be disputed as discovery did not begin until May 29th, 2019. Chain of custody concerns come along behind that violation and only continue to compound with every single avoidance the State and her client make.

**Which brings Plaintiff to summary of this preliminary statement:**

When read closely, as Plaintiff reads all filings, the repeated complaining by Attorney Colony of issues already resolved or moved beyond by the court through the now five hearings held; is the entirety of content of today's filing.  There is absolutely *no* new or missing information provided:

A.   What does a (repeated complaining) recitation of the administrative review this case went under (and) repeated complaining of the judges involved decision making and repeated complaining about the court's ending determination that Victoroff, Sommerschield and Mix would move forward, have to do with the discovery documents from CDOC of the Plaintiff? Plaintiff was granted to be heard and all has followed suit.

B. What does a (repeated complaining) recitation, of an already granted fact, that both sets of defense counsels fully did their own opening of the door in verifying in their initial answers, the previous dismissal of CHP (et al) was inaccurate and the CHP defendant group does not have governmental immunity; thus Plaintiff was granted ability to file the Fourth Amended Complaint we now work with in ECF119? And, have to do with the subject at hand as Plaintiff's CDOC records for discovery?

C. What does (a repeated complaining from State) recitation that it is believed that Attorney Colony's client should not have been filed upon as may or may not committing violations named in Claims #5 and #6 have to do with now a Contempt of Court citation?  Claims which were forced to be filed upon due to Attorney Colony and her client (even in formally written interrogatories and an extraordinary amount of informal conferring over all matters of Plaintiff's CDOC records) steadfastly refusing to answer the questions cited above that would, if the client is so innocent, clear and end the problem?

D. What does the repeated refusal by State, to simply get out of the way, of a subpoena that was signed properly by the Clerk on June 24th, after an acceptable copy was approved by the court, and properly served via certified mail upon order of the court to serve that way (and) that the Plaintiff simply and innocently provided a final copy of while waiting for clerk to sign and send, upon all defense parties, that finally ended up in "conferring" through multiple emails, motions, and finally as open discussion in the October 7th, 2019 hearing prior to Plaintiff filing (Citation for Contempt); have to do with Attorney Colony jumping in to the middle of the Plaintiff's relationship directly with CDOC (a non-party) all the way back from the moment she was innocently copied an SDT that was noted at hearing nearly same day as pending court and clerk issuing?

E. When asked, and that fact of jumping in all on her own accord and arguably against the path other parties and the court were taking the case being pointed out on numerous occasions to Attorney Colony; her tenacious recalcitrance has remained.  Even when "put into a box" on October 7, 2019 by the court in clear and no uncertain in meaning orders of containment:  the resulting mess caused by that one fact, **returns all the way around the twist to the questions above, that she and her client refuse to answer and repeatedly try to distract from.**  The layers of taint that have risen to bordering spoliation; simply continue to grow. "Burying" any movement forward into a frustrating and confusing mess this case could now be seen as.  **The only ability to keep on track is to keep mindful that the one core problem of the questions refusing to be answered within Amy**

5

174   **Colony's pre-discovery** *violation* **is actually the entire problem and needs to be**
175   **resolved and ended.[1]**

176

177              **Plaintiff's specific response to Attorney Colony's filing of ECF178**

178

179   • No matter how Ms. Colony wraps it up, packages it and repeatedly tries to
180      market it, the bottom line is that not once, solely because of her injecting
181      herself into the middle of a non-party issue, have Plaintiff and the CDOC
182      even been allowed to speak to each other regarding Plaintiff's existing
183      within the CDOC records.  Not once. If they had just been left alone, their 6
184      year relationship, engaged in with the right individuals within CDOC that
185      work exceptionally well and know all history of Plaintiff would have made a
186      complete pull, without a subpoena, of Plaintiff's records.  Which would
187      have then been classified properly as to what rose all the way up to in-
188      camera protective and been disbursed as relative to each group's scope of
189      caseload.  Attorney Colony's 'fear' that she 'would not see everything' has
190      always been drama not fact. She would have been given the same as
191      everyone else but classified as to what was relevant to her caseload and
192      within the correct portions of the protective order for this case. As it is
193      when proper discovery procedures are observed.

194   •

195   • The irony, of the fact that once both sides of defense actually started doing
196      some fruitful work on the facts of the case, after the garden path they
197      were on for months was pulled away by the court on October 7th; that it is
198      blatantly obvious that there is "nothing" hidden by Plaintiff (yes, she really
199      does have a CARAS of one point, yes her LSI is 15 points (both of which are
200      extremely low security), yes there is another side to her criminal case
201      which is why it is still under active appeal with a lawyer representing, yes,
202      she has never taken any type of psychotropic drugs or carried a mental
203      health diagnosis above the normal depression and anxiety of a terminally
204      ill cancer patient, yes, she has no addiction-substance-alcohol-violence
205      history of any kind and never has had and no, there is absolutely nothing in
206      her behavior, her relationships, her family, her children, her friends, her

---

[1] Plaintiff does note for the record that Attorney Colony has filed no 'missing' discovery as she stated she was
needing time extension for.  Instead only regurgitated filing of irrelevant to the issue as it stands from October 7,
2019 forward emails filed numerous times before.

207    interests or foods she likes and dislikes that hold any relevance whatsoever
208    to the claims within this case) does not escape the Plaintiff now.
209
210  • The problem began (stated again: ) from the very moment Plaintiff 'caught'
211    Attorney Colony's inadvertent admission as to having "the boxes" for over
212    two months without disclosing the content, disclosing that she had them
213    and that they had been used/obtained pre-discovery without disclosure.
214    That was the exact moment, on May 29th, 2019 that Attorney Colony
215    began this winding journey she has created over Plaintiff's CDOC records.
216
217  • Shawnee Ryan was incarcerated for six years, to the tune of nearly 5
218    million dollars in medical costs to taxpayers and is not, by any stretch of
219    the imagination, 'lacking in intelligence'.  Sitting, nearly every single day for
220    over 5 of those years, in the medical environments of the CDOC;
221    transporting in and out of the facilities to off grounds medical care two to
222    four times per week during same span of time; dealing hands on with every
223    avenue of administrative path there is possible within CDOC to get and
224    maintain that unheard of before level of outside care:  she had a front row
225    seat to observing *exactly how, in first-hand knowledge as it all touched her*
226    *in some way;*  the ways that CDOC builds, handles, keeps and maintains
227    medical and medical administrative records.[2]
228
229  • Every item requested, is relevant to a part of this case.  Every item
230    requested is known as to "what it is" by the CDOC.  Reality, is that so far,
231    not one of us, including the court, ***have been allowed to hear from the***
232    ***CDOC.***  We have heard only what Attorney Colony, in suspect
233    circumstances tells us.  Until she simply "answers the questions" no one
234    knows if innocence of her client, herself and genuineness of the "two
235    boxes is present.
236
237  • Amy Colony's continued attempts to deny Plaintiff's needs of records are
238    all utterly false in substance. For example, by continuing to obstruct the
239    obtaining of policies and standards of care; Hilary Victoroff believes she is

---

[22] It is not to be forgotten here, that roughly 2/3 of the "boxes"  and "thousands of pages" are not "medical records" but rather are records of inaccessible departments such as security and mental health and inmate case management that were never asked for in Plaintiff's subpoena and that are protected as an in-camera level of confidentiality.  Accessed into paper copies by "someone" who then "got them" to Attorney Colony (or) that "Attorney Colony" accessed and seized.

240       home free in her statements/defense that she did not have to take Plaintiff
241       to infirmary.  Plaintiff's soon filed Motion for Summary Judgement on
242       Hilary Victoroff is shocking at how deeply Plaintiff is backed up within
243       Claim #4.  There are other areas that exist that reveal she had the duty to
244       provide infirmary care.  We can 'get by' without the CDOC "Clinical
245       Services Standards and Procedures" manual(s) that CDOC absolutely know
246       exist and are what Plaintiff is asking for.  The point, is that discoverable
247       information should be produced and by not doing so; contempt exists.
248

249       For example, by continuing to obstruct clinical nurse case management
250       chronological records and files; Plaintiff and CHP cannot determine
251       monetary needs for their sides of the case. Clinical nurse case management
252       records fall under the SDT request of "medical administrative". So do all
253       records of the Chief Medical Office that pertain to Shawnee Ryan.  So do all
254       missing medical records such as kidney ultrasound done in house in 2013.
255       Every single request of Plaintiff is known by the CDOC as existing and is
256       being asked for as relevant to this case.
257

258       For example, by allowing Attorney Colony to continue this path without
259       enforcement of containment; the only contract between CDOC and CHP we
260       are going to get, is Attorney Colony's presentation of a 2010 contract,
261       signed by the state controller under the authority of "Governor" Bill Ritter
262       and signed by a long gone president and CEO of CHP:  "Steve Krebs".
263       "Why" is that so very critical to CHP defendant group and Plaintiff?  All the
264       court and parties need to do is review Plaintiff's filing of Attachment A to
265       chambers with Plaintiff's request for initiation by the court to set ADR or
266       ENE. There could be no better reveal of something being very seriously
267       wrong with the production coming out of the CDOC through Attorney
268       Colony.
269

270       For example, by not providing transport records and scheduling records;
271       Attorney Colony's client Laura Sommerschield does not get revealed as not
272       being exactly truthful in her statements that she complied with surgeon's
273       orders for immediate next, then escalating to immediate and finally to
274       urgent surgery scheduling.  Plaintiff is forced, without transport records and
275       files revealing exactly 'who' and 'how' transports are arranged, to force
276       forward surgeon Dr. Elizabeth Echalier to testify as to direct contact with

277    Defendant Sommerschield.  An inconvenience and expense to Dr. Echalier
278    that should not be happening over something so trivial yet crucial to
279    proving liability of Laura Sommerschield.  No matter how looked at, "if"
280    transport records (now claimed as CDOC not knowing what they are…
281    (which is nearly humorous as "Daphne Miller" (medical transport scheduler
282    for CDOC and located at headquarters, is repeatedly shown in the
283    incomplete and non-chronological log of "Box #1))…and classified as cannot
284    be obtained; in a fair world that would that verify obstruction of evidence
285    and concealment in order to protect a client and provide that client with an
286    alibi.  Virtually unstoppable as Amy Colony blocks all access.
287
288    **Plaintiff could waste more of her energy, time and resources (and) same of the**
289    **court (and) same of Ed Kennedy and Andrew Ringel as they bill their client; by**
290    **impeaching every single line item by line item manifestation of Amy Colony in**
291    **ECF178.**
292
293    **She will not.  It ends now.**
294
295    **The court and other parties have contained this entire issue within this case into**
296    **"a box" from May 30th, 2019 to present day. The only person not believing that**
297    **or accepting that is Amy Colony.  There is no ability for any of the other parties**
298    **or the Plaintiff to enforce resolution or containment upon how the State is**
299    **handling the non-party CDOC.  The court is the only enforcement and to date we**
300    **still pend.**
301
302    **Plaintiff pleads the court to know that her Summary Judgement filing against**
303    **Hilary Victoroff that is succinct and crystal clear in short and plain filing; is**
304    **forthcoming.  Within it, she clearly states that until it is ruled upon (and) if it is**
305    **denied; all pending Plaintiff motions for Bifurcation, Consolidation, Objection to**
306    **disobeying containment order remain intact before the court.**
307
308    **As to her Motion to Quash and Suppress; Plaintiff sees no ability remaining to**
309    **ever clean up what Amy Colony has manifested from day one of her touching**
310    **the CDOC records of Plaintiff, on all levels including Plaintiff's subpoena duces**
311    **tecum and subsequent citation for contempt.  Plaintiff today, after seeing the**
312    **frivolous and regurgitated filing of the state resulting from once again the court**
313    **trusting Attorney Colony's word given when filing for extension of time (that**

**she was gathering what was missing):  Plaintiff reinforces her request to just**
**simply quash Plaintiff's CDOC records in their entirety, from use by anyone.**
**Enough medical fact records in the outside community exist without them (and)**
***should* administratively exist within the CHP group to effectively try this case to**
**completion.  If not, then on a case by case line item basis; the CHP and Plaintiff**
**parties can file to the court for specific documents from the CDOC.**

**In summary, the Plaintiff finds Attorney Colony's filing disinforming,**
**manipulative and mostly false with little to no relevance.**

**laintiff does not "drop" her Citation for Contempt of Court against the Colorado**
**Department of Corrections and reaffirms her position that State does not**
**represent the Plaintiff for discovery needs, does not represent the CDOC as a**
**non-party on an issue created to be an issue by the handling from day one of**
**Amy Colony.**

**Respectfully submitted this 8th day of November 2019.**

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties
below on this 8th day of November 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov
Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov