1    **IN THE UNITED STATES DISTRICT COURT**

2    **FOR THE DISTRICT OF COLORADO**

3    **Civil Action No.    18 – cv – 00956 – MSK-MEH**

4    **SHAWNEE RYAN, Plaintiff**

5    **V.**

6    **Defendants:**
7    **CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners,**
8    **Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional**
9    **Healthcare Physicians, P.C.)**
10
11   **DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
12   **HILARY VICTOROFF N.P.  (personal and professional capacity)**
13   **LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)
14

15   **PLAINTIFF SUPPLEMENT FILING OF MEDICAL AND STATE RECORDS OF FACT TO**
16   **ECF180 MOTION FOR SUMMARY JUDGEMENT DEFENDANT VICTOROFF**

17
18   With sincere respect to the Senior Court, Plaintiff Shawnee Ryan comes now with
19   notice of an err on the Senior Court's part in condensing the diagnoses of
20   February 2017.  Such condensing greatly decreases the reality of how close to loss
21   of life Plaintiff came during the event of Claim #4.  She provides supplemental
22   factual records  and asks that they be added as supplemental to the records she
23   did already give that hold the same diagnoses; just a little more clear and plain.
24
25   Please supplement her Motion for Summary Judgement (ECF180) with the
26   attached.
27
28   **Page three, second paragraph:**
29   - "At all relevant times.." is not in context with what the motion was pointing
30     to when said.  Clarification: At all times, *within the event claimed*; Hilary
31     Victoroff was the sole assigned CDOC provider to Plaintiff.[1]

---

[1] During the entire 6 yrs. Of incarceration and interfacing with clinical services; Hilary Victoroff was, at times a
rotating assigned provider to Plaintiff.  In fact, (2) CDOC MD's and (4) other practitioners (CDOC) provided far more
assigned rotating care than the defendant. Twice, the defendant was removed from Plaintiff care: March 2013

32      • "…spent the next 10 days in the hospital with neutropenic fever and a staph
33        infection…" is a condensing of the factual diagnostics given in summary.
34        Attached (State Bates #'s 06859, 06683, 06860 are respectfully requested
35        to be added to the diagnostic facts given.  They are more plain: (Influenza
36        A, sepsis of the blood (not staph (which is a simpler skin infection) that
37        deepened to MRSA (a highly viral infection of skin, body and blood in the
38        same wound), pancytopenia and deep neutropenia (which span far more
39        of a treatment recovery hurdle and at the levels Plaintiff arrived in are why
40        she was classified as "tenuous" and progressive to critical care as the
41        records reveal)).

43    Additionally, and in light of the Magistrate Court ruling today (ECF 182 and
44   ECF181) that we all must move forward without resolution from the previous 5
45   discovery conferences and the orders of October 7th, 2019 over the one issue
46   regarding records gathered since March 2019 by the State; Plaintiff feels it is
47   fortuitous to make sure the record in this Summary Judgement filing is clear, with
48   regard to the 'fluke' of chance Plaintiff had in finding Defendant Victoroff's lab
49   draw results of Feb. 6, 2017.  In order for fairness to be given and rules to be
50   obeyed by all in this case, it appears the first and only task remaining is to make
51   absolutely certain that it gets to trial.  Or, that the best effort is made at fairness
52   when trying summary judgement now.  To even get to trial, the wading through
53   the murky being made has to continue.  The best Plaintiff is left with, as all
54   previous is not going to be ruled to completion; is to make sure the written record
55   contains an evidentiary trail.

57   With that said and in light of the Magistrate court again taking verbal word of the
58   State:

60   • Plaintiff has pulled a clean and legible copy of the Feb 6, 2017 blood lab that she
61     filed with initial summary judgement filing.  Doing so, direct from LabCorp and it
62     is attached as SKR0365.  Please review and note the details that verify every
63     claim Plaintiff makes with regard to timeline, her critical needs being ignored for
64     adequate care for 28+ hours after Defendant Victoroff was aware of critical need.
65     Plaintiff's claim that "STAT" existed and was ignored for 28+ hours.  The date
66     date and time stamps including LabCorp (who performs the majority of Plaintiff's

---

under an emergency staffing to remove her and again upon release from this event (Aurora South mid-Feb. 2017)
with never again touched or gave Plaintiff's CDOC support care.

67   outside medical community labs.  Reality, is that DWCF pulled very, very few
68   blood labs from Plaintiff spanning all years) physically calling DWCF and insuring
69   the notification for critical need levels was verbally accepted at 1:38 p.m. on
70   2/6/17.  This clear to read copy is exactly the same as the State's copy, found by
71   chance by Plaintiff deep within the obtained two months pre-discovery by State
72   "boxes".  Specifically, "Box 2".  Plaintiff further provides, copies of the screen
73   shot exhibits previously filed with bifurcation motions that verify State's having in
74   the contents of boxes obtained end March 2019.  The partial chronological  of
75   this event, from the State, that Defendant Victoroff and State want seen and
76   continue to verbally point to as to defense sufficing of "having called Dr. Burke"
77   at discharge Feb. 3, 2017, was located in "Box One".   This critical evidence blood
78   lab from Feb. 6, 2017 was buried in "Box 2" and literally thousands of pages away
79   from what State and her client desire to be seen.  If Plaintiff was not so familiar
80   with her records over the years, she likely would not have even noticed it on the
81   run through for content that she did.  Logic would/should point to the lab being
82   with the event itself.  And in context of the partial chronological summary being
83   pled as a defense.  As that partial chronological contains no factual notes and is
84   solely verbal personal summaries by others; eventually the court or the jury will
85   decide where merit lies.  In order to remain with the clean hands she has where
86   CDOC/State discovery is concerned:   Plaintiff attaches the surrounding
87   documents found within "File 5/Box 2" in order to prove Plaintiff is not falsely
88   stating the intent of the State (or) whoever it was that pulled the files within the
89   boxes.  Again, CDOC is a digital world for a very long time now and paper files,
90   such as the boxes; simply do not exist as normal record pulls. Note State Bates #'s
91   4740 and 4741 are the lab attached to original filing for Summary Judgement.
92   State Bates #'s 4738, 4740 (and) 4742, 4743 were the surrounding documents to
93   the lab in question.  Provided for the convenience of the court (and) to ensure
94   the record continues to hold the trail a jury may see; Plaintiff's Bates: 0367, 0368,
95   0369 are also attached to the labs.
96
97   Plaintiff respectfully clarifies and supplements the record.
98
99   Respectfully submitted this 12th day of November 2019.
100   S/Shawnee Ryan
101   11309 West Exposition Drive
102   Lakewood, Colorado 80226
103   720-431-8319
104   shawneeryan216@gmail.com

105 **CERTIFICATE OF SERVICE**
106 I have served a complete and full copy of the foregoing via CMECF to the parties
107 below on this 12th day of November 2019.
108
109
110 S/Shawnee Ryan
111 11309 West Exposition Drive
112 Lakewood, Colorado 80226
113 720-431-8319
114 shawneeryan216@gmail.com
115
116
117
118 Clerk of Court:  cod_cmecf@cod.uscourts.gov
119
120
121
122
123 Andrew David Ringel:  ringela@hallevans.com
124 Edmund Martin Kennedy: kennedye@hallevans.com
125 Amy Colony:  acolony@coag.gov

4