IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**PLAINTIFF'S DUAL RESPONSES AND OBJECTIONS TO ECF187, ECF 188 JOINT DEFENSE FILINGS OF NOVEMBER 14TH**

Plaintiff objects, on the grounds of, and relevant historical reminders on this issue, that thoroughly exist on record.  As follows:

**PLAINTIFF RESPONSE TO JOINT DEFENSE COUNSELS**

**Both sets of defense counsels declined**, from October 8th forward; Plaintiff's offer to modify scheduling order due to the major changes of the Magistrate Court's orders on October 7, 2019 to Attorney Colony.  Given by Plaintiff out of her sensitivity that Hall and Evans, on October 7th, were, in effect, cut adrift from Attorney Colony by the Court on that day and finding themselves in a very similar to Plaintiff impasse of being in obstruction from getting complete evidence out of Attorney Colony and CDOC.  Finally, on October 7th, forced to get to work on the facts of this case.  **Plaintiff's extension of grace was flatly declined with Attorney Kennedy in lead and his clear statements that they did not need it, were not going to call, depose or gather experts.  He spoke as a joint voice.**

**With regard to Hall and Evans**:  Their rapid return now; just hours after Plaintiff filing of ECF186 today (which now propels the trickle-down effect from Attorney

1

Colony and her client's 'success' in their endeavors to remain in unilateral control of Plaintiff and the CDOC) is an epiphany to Attorney Ringel.  One that does not entitle him or his clients the ability to now subvert the *rules at their leisure* of timing (rules, laws, research, interview, investigate etc.).  Second chances should not exist under the circumstances of this case; especially when the efforts will not bear fruit.  The facts and the access to have been in all defense counsel's hands for months.  The choice made, to leave CHP clients in the hands and at the mercy of Attorney Colony's strategies and handling may be seen now as a poor choice.  However, it was made as a freewill choice by Hall and Evans.

**This case was originally set for fact-based end on October 1, 2019** (discovery start on May 29th at Rule 26 confer to begin before the court).  Ed Kennedy, enabled them to gain an additional 30 days, moving to November 1, 2019 by conferring and asking the Plaintiff at time of his crafting the scheduling order.

**If granted this new modification, we will be past one year after case draw for fact-based discovery.**

Which is, 'what' is being asked for by defense today:  **an extension of fact-based hidden as a "dispositive" extension.**

Fact based, is over.

The Plaintiff *is* prejudiced by the move.

The progress of this case and the court *are* jeopardized by this move.

The "thousands of pages" Attorney Colony now wants to pass around, "coordinate" with opposing defense counsels and their clients (who have nothing to do with State's scope) *are the same 'papers' that unearthed from sitting under State's nose by months; of the Feb. 6, 2017 blood lab (had to be put there by someone) so damning to her disingenuous client*. No one has violated the sanctity of Attorney Colony's office and 'planted' "new news".

The "thousands of pages" held by Attorney Colony for eight months, contain similar damning to Laura Sommershield.

2

**Digging out that same hole**, should have and could have been done by Amy Colony over all these past months. Not held off for a Hail Mary now.

**Same thing for Hall and Evans now facing the fact**, in light of the State's "contract" disclosure (Attachment A to ADR request by Plaintiff) and their clients lack of candor in the reveals of scopes, manuals and resumes already released.  Eight months have been wasted.  That does not signal good cause to allow more time for the performance to go on.

 "What" leniency exists to give more time for (*fact-based*) during *dispositive path* reality?

**There is not one piece of evidence in hand or out there in this case that discredits the Plaintiff claims as filed.** All the extra time in the world does not change that fact. If desiring to challenge that fact is within the defense counsels; they have had eight months to move about with purpose in this case's scheduling order and should not be allowed to manipulate the court for more.  They show no good cause or just cause today; producing instead absolutely zero evidence of need other than what they desire.

- The good cause of the Magistrate Court on May 29th, to order a "smokin' hot" discovery phase due to Plaintiff's health has not changed as a necessity. *As she forces herself tonight*, to answer timely instead of removing stress and resting as ordered to do today; she is concerned over that reality. (**Reference content of State Exhibit One to ECF187).**

- The time has come for reliance solely upon "words", that come from Attorney Colony without proof; to end.

- Plaintiff is opposed to granting "more time".

- November 21 (State's statement of her out of country vacation begins) *is far enough away for a response for summary judgement Hilary Victoroff to be given by Amy Colony in order for her to meet the Senior Court 14-day deadline.*

- **There is no more "CDOC" representation to "coordinate".** Plaintiff ended the CDOC's plight this morning and also effectively contained them to what they claim, through State, as having "already done". They are a non-party just 'let off the hook' and Attorney Colony gathering of discovery ended on November 1, 2019 just like everyone else.

- **Attached as Exhibit One is ECF89. In her own words, Attorney Colony has supposedly been doing what she spoke of doing within that filing. And taking 8 months to do so. To get to the current date and claim that she needs 'more time' to perform her list within ECF89. She had a wealth of time, specifically from March 21, 2019 forward. Her epiphany arriving to her that it really is true that she has a disingenuous client who led her all these months has zero bearing of good cause for further delay. She is where she is because she allowed herself not only to be put there; she refused to heed all else over these eight months of time.**

Plaintiff pleads the court to deny all defense counsels a modification of scheduling order and more time to collect fact-based under the guise of "an extension of dispositive"

### PLAINTIFF RESPONSE TO STATE'S ECF188 REGARDING CLAIMS #5 AND #6

1. Whether alleged or not (investigating agencies find guilt) Hilary Victoroff's alleged criminal activity no longer belongs within this case. She has been dismissed. Any "response" by her civil attorney is inappropriate. Directing a "response" to Plaintiff is inappropriate. Claims #5 and #6 are now elsewhere.

### PLAINTIFF RESPONSE TO STATE'S MOVE FOR MORE TIME TO RESPOND TO SUMMARY JUDGEMENT: Hilary Victoroff

A. **Hilary Victoroff is the one undeniable fact facing Attorney Colony.** In that, from late March 2019 and her initial meeting with her client; *her client* was perfectly aware that she was misleading her attorney by *not revealing* the blood lab of Feb. 6, 2017 being buried within "Box Two". Plaintiff agrees with the Magistrate Court (October 7th) in that, seasoning gives an

attorney the ability to "get a sense of their client" and that the court "hopes" Attorney Colony has done that.  **The probability that Attorney Colony is lacking that sense within herself** where Hilary Victoroff is concerned:  *does not change the fact that blood lab has been buried in Box Two for eight months.  **Further does not** change the fact that Hilary Victoroff, a career employee of CDOC Clinical Services,* **has known from the first moment of attorney contact that she was withholding the following***: That CO Tafoya and Master Control protested her on February 3, 2017 (if we had SDT security chronological, we could actually see that).  That she had sat on, for 28+ hours (verified by two disinterested and neutral third parties in LabCorp and Aurora South time and date stamps) awareness that her patient needed an MD and that she lacked the competency in training to prevent her patient from death that was knocking at the door (blood labs verified and later confirmed by Aurora South).*

**The point, that Attorney Colony has been falsely led by her client is a moot point.**  Every line item claimed and asked for as relief by Plaintiff now; *has been in place since Attorney Colony signed on for Hilary Victoroff.*

**Plaintiff pleads that extension of time to respond to summary judgement be denied.  November 21st is long enough away that Attorney Colony can respond.  Her upcoming vacation is not "good cause" under the circumstances of this case to date.**

Respectfully submitted this 14th day of November 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMCF to the parties below on this 14th day of November 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov

6