IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

---

**Plaintiff's file to record:  CDOC release requested by Hall and Evans: Attorney Ringel**

---

**In light of the Senior Court's orders at (ECF192 and ECF 193) on November 19, 2019;** this case is now confirmed by the court's acknowledgment that State Defendant Hilary Victoroff and her Attorney, Ms. Colony; have until December 30, 2019 to respond to the phase Defendant Victoroff is in:  Dispositive and Summary Judgement.  The court therefore acknowledges Plaintiff's Motion for Summary Judgement as being actively before the court.

**In light of the Senior Court's orders at (ECF192 and ECF193),** Plaintiff has been granted her request for removal from this case, of Defendant Victoroff regarding Claims #5 and #6.  The court therefore acknowledges, on logical levels, that Attorney Colony's services to Defendant Victoroff with regard to the entire nature of Claims #5 and #6, which was, in entirety, the obtainment of CDOC records, CDOC discovery and all surrounding issues that developed; is now over.

**With the Magistrate court's order denying contempt of court against the CDOC, which were/are directly tied to Defendant Victoroff previous charges within #5 and #6;** Attorney Colony's services to the CDOC in representation for the "legal" "case" she claimed contempt fell under is now over.  CDOC *should return (and*

1

36  *Plaintiff requests)* fully to a non-party, public entity without need for active **legal**
37  representation (a description and explanation made by the Magistrate Court
38  within October 7, 2019 hearing transcript**)**. **Plaintiff asks that the court enforce**
39  **its orders of October 7, 2019 should there be any objecting or further non-**
40  **containment from State. Plaintiff respectfully reminds of her formal objection to**
41  **non-containment by Attorney Colony post-October 7, 2019 (ECF166) which**
42  **continues to pend.**
43
44  **All parties are aware that fact-based ended on November 1, 2019.**   Therefore,
45  no ability to gather fact-based, unless taken through the court first, is able to be
46  produced by State now.  If State had a relevant active client scope; she could join
47  Hall, Evans and Plaintiff now, in collecting information.  Attorney Colony does not
48  have such a caseload any longer.  Should Hall and Evans desire to continue to
49  collaborate and co-mingle; that is theirs and their client's free will choice to make.
50
51  **State does have one other client, Laura Sommerschield who's fact-based was**
52  **over months ago and is pending Plaintiff filing Summary Judgement or a**
53  **dispositive from State.**  Plaintiff had been waiting for the transportation records
54  from CDOC. Which Attorney Colony claimed, on October 31st that she was
55  needing seven additional days to allegedly gather all last records asked for from
56  the CDOC by Plaintiff.  Instead, what this case received, was zero production
57  (which included relevant to Sommerschield) transport records, relevant to CHP
58  financial and insurance records (Cheryl Petrossi) (and) numerous other records in
59  existence within the CDOC.
60
61  **As the parties now have additional time within dispositive;** Plaintiff only advises
62  at this time that Summary Judgement Sommerschield is forthcoming (and)
63  neither State nor Plaintiff is designating expert witnesses (thus, there is no 702
64  need for either.  All must have experts designated by December 2, 2019.  Plaintiff
65  has already filed at ECF171).
66
67  **In light, of the now consolidated State AG and her client;** Plaintiff remains
68  recognizing what she has claimed from Day One:  that CHP group needs full
69  release of the CDOC records.  From Day One, however, and despite her filing of
70  (ECH89), Attorney Colony has spent every moment of time given on this case to
71  date; in focusing on her representation for "gathering" CDOC records of Plaintiff.
72  An extreme gone so far, that neither Attorney Kennedy nor Attorney Ringel would

touch, use or go near; said gathering.  Both statements are physically within discovery records. This case must move forward.  It *should* move forward fairly and equally to all parties. *The State has never had nor does she have now, a single amendment (with the exception of Claims #5 and #6) altering her simplistic scope and limited compensatory focuses.  As the Senior Court acknowledged in allowing 5th Amendment: there really are no changes within it, for anyone except a clarifying of punitive damages; which have always been on the table for the CHP Group.*

**In light, of now verified by the Magistrate court of his reliance upon the word of Attorney Colony;** it is fair that Plaintiff move aside from her attempts to access the CDOC and her six years of records, and finally release CDOC records to Hall and Evans who has steadily taken a side seat until the court rule on the ending of the discovery dilemma between Amy Colony, her client and Plaintiff. **The release crafted and provided by Andrew Ringel (Attachment One) verifies many claims of Plaintiff over the past months; yet, it is what she was given and therefore is what she will execute from him as requested.** Because she first-hand knows that Attorney Ringel will get absolutely nowhere (especially in light of the new CDOC revisions since April 2019 of AR 950-02) *with his crafted release*; Plaintiff has copied his, added corrections and details (and) included the mandatory 950-02A release (that everyone, including AG is mandated to sign prior to release of records) in order to expedite and assist Mr. Ringel moving forward. (See Attachment 2).  Verifiably, Plaintiff made no alterations or deletions from what Attorney Ringel requested.

Plaintiff believes that **this filing today is in order to make a record** that summarize the end of the CDOC discovery issue.

**Also for the record, she cautions Hall and Evans again**:  To be clear in thought that every single item they gather is now going to be compared to Attorney Colony's gathering.  The format theirs arrives in will be matched piece by piece. The answers that they receive from the CDOC must be exactly the same as Attorney Colony states when she claims a "2010 contract", "departments that do not exist", the "paranoia" of Plaintiff and more**.  It is a thin wire for Hall and Evans to tread and is not, in any way, in place by any actions of the Plaintiff.**

3

**Should Hall and Evans decide now that they do not wish to involve themselves in comparisons to State;** they therefore acknowledge same as Plaintiff must: That the CDOC is the person of most knowledge and holds necessary financial records that would be used in determining settlement needs, contracts and policies that would clearly show this discrepancy now being subtle interjected by Attorney Ringel; that 'it is the CDOC' to blame, not his clients. They too, should they choose to not risk incriminate of the State now; will be just as "blind" going into trial as Plaintiff. Without the first-hand knowledge Plaintiff holds. Deposition is over, offer to extend fact-based refused and all, are right where they put themselves. Attorney Colony, despite October 7th, 2019 orders to not obstruct Plaintiff access to CDOC contact of any employee (past or present) bars Plaintiff. There is likely nothing more Plaintiff can do to assist in records obtainment. Should something arise, Hall and Evans is free to contact Plaintiff directly.

Plaintiff considers this release today to be her final involvement, within this case, regarding "the boxes" and State's discovery issues.

 **Respectfully filed to record this 19th day of November 2019.**

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served a complete and full copy of the foregoing via CMECF to the parties below on this 19th day of November 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov