IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

## DEFENDANTS HILARY VICTOROFF AND LAURA SOMMERSCHIELD'S ANSWER TO FIFTH AMENDED COMPLAINT [ECF NO. 184]

Defendants, Hilary Victoroff, N.P., (Victoroff) and Laura Sommerschield, N.P. (Sommerschield) (collectively "CDOC Defendants"), by and through her counsel, Senior Assistant Attorney General Amy Colony, respectfully submits this Answer to Plaintiff's Fifth Amended Complaint and Jury Demand (Doc. 184)as follows:

### PARTIES

1.    The CDOC Defendants are without sufficient knowledge or information, as to Plaintiff and her whereabouts, to form a belief as to the truth of the allegations contained in Paragraph A of Plaintiff's Fifth Amended Complaint and therefore, denies the same.

1

2. The CDOC Defendants admit that CHP contracts with CDOC to provide services related to the approval of requests for medical care outside of the CDOC health system. Defendants deny the remainder of all allegations as they relate to CHP contained in Paragraph B of Plaintiff's Fifth Amended Complaint.

3. The CDOC Defendants admit that Defendant Jennifer Mix was, at all times relevant to this action, employed by CHP, as alleged in Paragraph B of Plaintiff's Fifth Amended Complaint. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph B of Plaintiff's Fifth Amended Complaint, as related to Dr. Mix, and therefore, denies the same.

4. The CDOC Defendants admit that at all times relevant to the allegations of the Complaint, Defendant Hilary Victoroff was employed at CDOC as a Nurse Practitioner. Defendants deny all remaining allegations stated in Paragraph B of Plaintiff's Fifth Amended Complaint, as related to Defendant Victoroff.

5. The CDOC Defendants admit that at all times relevant to the allegations of the Complaint, Defendant Laura Sommerschield was employed at CDOC as a Nurse Practitioner. Defendants further state that Defendant Sommerschield is not currently employed by CDOC. Defendants deny all remaining allegations stated in Paragraph B of Plaintiff's Fifth Amended Complaint, as related to her.

## JURISDICTION AND VENUE

6. The CDOC Defendants admit that this case is brought under 42 U.S.C. § 1983 and this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as alleged in Paragraph C of Plaintiff's Fifth Amended Complaint. Defendants admit venue is proper before this Court pursuant to 28 U.S.C. § 1391. Defendants deny all remaining allegations stated or implied by Paragraph C of Plaintiff's Fifth Amended Complaint.

## FIRST CLAIM FOR RELIEF
### Negligence
### (Against CHP)

7. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 6 as their response to the allegations contained in Claim One of Plaintiff's Fifth Amended Complaint.

8. As to the allegations stated in support of Claim One, Defendants state the following:

    a. Plaintiff entered CDOC on or about November 2012.

    b. In March 2012, Plaintiff's blood lab's revealed kidney dysfunction that necessitated her transfer from the LaVista Correctional Facility to Denver Women's Correctional Facility in May 2013, where Plaintiff was placed on a medical hold until her release on parole in October 2018.

4

  c. Between 2013 and 2014, Plaintiff was diagnosed with Multiple Myeloma and Light Chain Deposition/Cast Nephropathy.

  d. CHP is not a government entity.

  e. Plaintiff was originally denied participation in the stem cell transplant program by Presbyterian-St. Luke's Hospital in Denver in 2015.

  f. CDOC, on behalf of Plaintiff, re-submitted a request for a stem cell transplant to Presbyterian-St. Luke's in January 2017 and Plaintiff was accepted into the program.

9. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim One of Plaintiff's Fifth Amended Complaint and therefore deny the same. Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim One of Plaintiff's Fifth Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of the 8th Amendment**
**Deliberate Indifference**
**(Against CHP)**

10. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 9 as their response to the allegations contained in Claim Two of Plaintiff's Fifth Amended Complaint.

11. As to the allegations stated in support of Claim One, the CDOC Defendants state the following:

   a. Between 2013 and 2014, Plaintiff was diagnosed with Multiple Myeloma and Light Chain Deposition/Cast Nephropathy.

   b. Plaintiff was originally denied participation in the stem cell transplant program by Presbyterian-St. Luke's Hospital in Denver in 2015.

   c. CDOC, on behalf of Plaintiff, re-submitted a request for a stem cell transplant to Presbyterian-St. Luke's in January 2017 and Plaintiff was accepted into the program.

12. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Two of Plaintiff's Fifth Amended Complaint and therefore deny the same. Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim One of Plaintiff's Fifth Amended Complaint.

### THIRD CLAIM FOR RELIEF
### Violation of the 8th Amendment
### Deliberate Indifference
### (Jennifer Mix, M.D.)

13. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 12 as their response to the allegations contained in Claim Three of Plaintiff's Fifth Amended Complaint.

14. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Claim Three of Plaintiff's Fifth Amended Complaint and therefore deny the same. Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Three of Plaintiff's Fifth Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
**Violation of the 8th Amendment**
**Deliberate Indifference**
**(Hilary Victoroff, N.P.)**

15. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 14 as their response to the allegations contained in Claim Four of Plaintiff's Fifth Amended Complaint.

16. The CDOC Defendants admit Defendant Hilary Victoroff was employed by CDOC as a Nurse Practitioner at the time of Plaintiff's incarceration at Denver Women's Correctional Facility (DWCF).

17. The CDOC Defendants admit that Plaintiff received chemotherapy at the Aurora Regional Medical Center in Aurora, Colorado in January of 2017, in preparation for her eventual stem cell transplant.

18. The CDOC Defendants admit that Plaintiff was discharged from the Aurora Regional Medical Center and returned to custody at DWCF on February 3, 2017.

19. The CDOC Defendants admit that Dr. John M. Burke, Plaintiff's oncologist/hematologist at Rocky Mountain Cancer Center, issued written discharge orders for Plaintiff that directed admission of Plaintiff to the facility's infirmary. Defendants further state that Plaintiff did not meet the criteria for admission to the Denver Regional Diagnostic Center's infirmary. Defendants deny that Plaintiff had a neutropenic fever upon transfer to DWCF from the Aurora Regional Medical Center. Defendants further state that Defendant Victoroff spoke by telephone with Dr. Burke to confirm his orders, medication changes, follow up appointments, labs and the potential need for a transfusion. Defendant Victoroff informed Dr. Burke that Plaintiff would be monitored at DWCF and not the infirmary. Defendants admit that Dr. Burke ordered that Plaintiff be returned to the Aurora Regional Medical Center in the event of a neutropenic fever with a body temperature of 100.3 or above.

20. The CDOC Defendants admit that Defendant Victoroff was not scheduled to work and was therefore not at the facility between Saturday, February 4, 2017, and Sunday, February 5, 2017.

21. The CDOC Defendants admit that medical was called to Plaintiff's cell early morning on Monday, February 6, 2017, before Defendant Victoroff arrived at the facility. Defendants further admit Plaintiff was transported to the DWCF clinic in a wheelchair where she was evaluated by the provider on duty at the time and later returned to her unit. Defendants further state that labs were drawn from

Plaintiff. Plaintiff did not have documented neutropenic fever. Defendants further denies that Plaintiff was found unconscious.

22.     Plaintiff's labs that were returned later in the day on February 6, 2017, showed neutropenia, but no fever. Staff notified Dr. Burke and Plaintiff was admitted to the DRDC infirmary for neutropenia and isolation precautions.

23.     The CDOC Defendants admits that on February 7, 2017, Plaintiff developed a fever of 100.7 at which time she was transferred and admitted to the Aurora Regional Medical Center.

24.     The CDOC Defendants admit that Plaintiff was diagnosed with Influenza A at the Aurora Regional Medical Center.

25.     The CDOC Defendants admit that Plaintiff was diagnosed with an abscess on her finger of an unknown origin that was drained, cultured and treated with antibiotics at Aurora Regional Medical Center. Defendants further admit the abscess tested positive for MRSA.

26.     The CDOC Defendants admit that Plaintiff was discharged from the Aurora Regional Medical Center approximately ten days later.

27.     The CDOC Defendants deny all further remaining allegations stated by Plaintiff in support of Claim Four. Defendants further deny that Defendant Victoroff violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Four of Plaintiff's Fifth Amended Complaint. Defendants further state that Plaintiff's medical records speak for themselves and

9

deny any inconsistencies with those records contained in Claim Four of Plaintiff's Fifth Amended Complaint.

### FIFTH CLAIM FOR RELIEF
### Violation of § 12-38-117, C.R.S.
### (Hilary Victoroff, N.P.)

28. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 27 as their response to the allegations contained in Claim Five of Plaintiff's Fifth Amended Complaint.

29. On November 19, 2019, this Court dismissed the Fifth Claim for Relief upon a motion by Plaintiff. (Doc. 193). Therefore, no response is required.

### SIXTH CLAIM FOR RELIEF
### Five Counts of Violations of HIPPA
### (Hilary Victoroff, N.P.)

30. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 29 as their response to the allegations contained in Claim Six of Plaintiff's Fifth Amended Complaint.

31. On November 19, 2019, this Court dismissed the Sixth Claim for Relief upon motion by Plaintiff. (Doc. 193). Therefore, no response is required.

### SEVENTH CLAIM FOR RELIEF
### Deliberate Indifference
### (Laura Sommerschield, N.P.)

32. The CDOC Defendants incorporate herein by reference all of their responses to the allegations contained in Paragraphs 1 through 31 as their response to the allegations contained in Claim Seven of Plaintiff's Fifth Amended Complaint.

33. The CDOC Defendants deny that Defendant Sommerschield scheduled or was responsible for scheduling health care services by outside providers for Plaintiff or any other CDOC inmate during the time Plaintiff was incarcerated. Defendant further deny that scheduling inmates for outside health care consultations was ever part of Defendant Sommerschield's duties as a Nurse Practitioner at the DRDC infirmary.

34. The CDOC Defendants admit that Plaintiff was diagnosed with cataracts. Defendants further admit that Dr. John Burke with the Rocky Mountain Cancer Center, referred Plaintiff for vision care at Denver Health for this condition. Defendants further state that Plaintiff requested and was approved for a vision consult prior to Defendant Sommerschield beginning work at the DRDC infirmary on August 31, 2017. Defendants deny that Defendant Sommerschield wrote any orders with respect to Plaintiff's vision care other than those indicated by the Denver Health eye surgeons for aftercare. Defendants deny all other allegations stated or implied by Plaintiff with respect to the request, approval and scheduling of her cataract surgery. Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Fifth Amended Complaint.

35. The CDOC Defendants admits that Plaintiff was seen by Denver Health for her cataracts in September and November of 2017, as scheduled and arranged by Denver Health's Correctional Care Medical Facility (CCMF).

Defendants further admit that at the November 2017 appointment, Denver Health scheduled Plaintiff for cataracts surgery. Defendants further state that Defendant Sommerschield sought clarification from CCMF because while the specialist at Denver Health ordered surgery for Plaintiff on a "next available" basis, Plaintiff was not scheduled for surgery by Denver Health until April 2018. Defendants otherwise deny that Defendant Sommerschield participated or had any authority or control over the scheduling of Plaintiff's cataracts surgery. Defendants deny all other allegations stated or implied by Plaintiff with respect to the scheduling of her cataract surgery at Denver Health. Defendants further state that Plaintiff's medical records speak for themselves and denies any inconsistencies with those records contained in Claim Seven of Plaintiff's Fifth Amended Complaint.

36. The CDOC Defendants state that Plaintiff had cataract surgery on her left eye in early January 2017. Defendants further state Plaintiff had a revision surgery shortly thereafter within the same month on the left eye to correct the lenses. Upon information and belief, Defendants further state that Plaintiff had cataracts surgery on her right eye the following month. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Claim Five of Plaintiff's Fifth Amended Complaint with respect to Plaintiff's cataract surgeries and treatment at Denver Health and therefore, deny the same. Defendants further states that Plaintiff's medical records

12

speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Fifth Amended Complaint.

37. The CDOC Defendants are without sufficient knowledge or information to form a belief as to the truth of all remaining allegations contained in Claim Five of Plaintiff's Fifth Amended Complaint and therefore, deny the same. Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Fifth Amended Complaint.

38. The CDOC Defendants deny that Defendant Sommerschield violated Plaintiff's rights or otherwise breached her duty of care to Plaintiff in so far as alleged in Claim Seven of Plaintiff's Fifth Amended Complaint. Defendants further state that Plaintiff's medical records speak for themselves and deny any inconsistencies with those records contained in Claim Seven of Plaintiff's Fifth Amended Complaint.

## REQUEST FOR RELIEF

The CDOC Defendants deny Plaintiff is entitled to any relief in this action under any of the theories advanced by Plaintiff.

## GENERAL DENIAL

Defendant Hilary Victoroff and Laura Sommerschield deny each and every allegation contained in Plaintiff's Fifth Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Fifth Amended Complaint fails to state a claim for which relief can be granted.

2. Some or all of Plaintiff's claims may be barred for lack of jurisdiction, including but not limited to, pursuant to the Eleventh Amendment and the Colorado Governmental Immunity Act.

3. All or part of Plaintiff's claims do not rise to the level of constitutional violations sufficient to state a claim for relief pursuant to 42 U.S.C, § 1983.

4. Plaintiff has been afforded all the rights and privileges granted by the United States Constitution and federal law. Defendant acted in accordance with state and federal law and established procedures; Defendant acted reasonably, in good faith, and with legal justification in the exercise of her authority.

5. The Defendants in their individual capacities are entitled to qualified immunity.

6. Some or all of Plaintiff's claims may be barred for lack of personal participation by Defendants Victoroff and Sommerschield for purposes of a claim stated pursuant to 42 U.S.C. § 1983.

7. Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

8. Defendants' actions were not the cause of the injuries or damages alleged by Plaintiff.

9. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by her own acts or omissions and/or the acts or omissions of Fifth parties over whom the Defendants have no control or right of control.

10. Defendants did not breach any duty owed to Plaintiff at any time during her incarceration.

11. Some of Plaintiff's claims for damages are barred or reduced to the extent that she failed to properly mitigate her alleged damages.

12. Some or all of Plaintiff's damages may be statutorily barred or subject to statutory limitations.

13. Some or all of Plaintiff's claims are barred, limited and/or controlled by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq*.

14. Some or all of Plaintiff's claims are barred, limited and/or controlled by § 13-17.5-102.3, C.R.S.

15. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants.

16. Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Colorado law.

17. Defendants are is entitled to all of the terms, conditions and provisions of the Colorado Health Care Availability Act, §§ 13-64-101, C.R.S., *et seq*.

18.	Some or all of Plaintiff's claims are barred by the statute of limitations.

19.	Plaintiff's claims lack substantial justification, are frivolous, and groundless, and were brought for improper use.

20.	Defendants hereby incorporate herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendants in this matter in any Answer or Motion filed by any of the other Defendants with the District Court.

21.	Defendants reserve the right to amend this Answer to add other defenses as may be supported by the evidence as it develops.

WHEREFORE, having answered Plaintiff's Fifth Amended Complaint, Defendants Hilary Victoroff and Laura Sommerschield request that the Court enter judgment in her favor and against Plaintiff, and award the Defendants costs, attorney's fees, and such other and further relief as the Court deems just and proper.

### JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Defendants Hilary Victoroff and Laura Sommerschield hereby demands a trial by jury.

Respectfully submitted this 20th day of November, 2019.

> PHILIP J. WEISER
> Attorney General
>
> s/ *Amy C. Colony*

AMY C. COLONY, Reg. No. 36124*
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Email: acolony@coag.gov
Telephone: 720-508-6615
Attorney for Defendant Sommerschield
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANTS HILARY VICTOROFF AND LAURA SOMMERSCHIELD'S ANSWER TO FIFTH AMENDED COMPLAINT [DOC. 184]** upon all parties herein by e-filin119g with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 20th day of July, 2019, addressed as follows:

Shawnee Ryan
11309 West Exposition
Lakewood, CO  80226
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

*s/  Amy Colony*