A

1    **IN THE UNITED STATES DISTRICT COURT**

2    **FOR THE DISTRICT OF COLORADO**

3    **Civil Action No.    18 – cv – 00956 – MSK-MEH**

4    **SHAWNEE RYAN, Plaintiff**

5    **V.**

6    **Defendants:**
7    **CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners,**
8    **Inc.; Physician Health Partners, Inc.)**
9
10   **DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
11   **HILARY VICTOROFF N.P.  (personal and professional capacity)**
12   **LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

13   **PLAINTIFF'S REPLY TO STATE DEFENDANTS "ANSWER TO 5TH AMENDED**
14   **COMPLAINT AND JURY DEMAND"**

15   **Plaintiff Shawnee Ryan, comes now with reply to (ECF196) State Defendants:**
16
17   **CERTIFICATION OF COMPLIANCE:**
18   Plaintiff hereby certifies, under D.C. COLO.L.CIV.R 7.1 that she has, from March 23, 2019 to
19   current day, conferred, repeatedly, with State AG and clients over her statements made within
20   this reply.  Including the containment of the State AG and her clients to the separate and simple
21   single events claims filed against the one current employee and the one former employee of
22   the CDOC who make up the sum total of representation for the Office of the State Attorney
23   General within this lawsuit.  Plaintiff certifies that to her knowledge and belief, the Office of the
24   State Attorney General does not represent, nor ever has, any member of the CHP Defendant
25   Group that makes up the primary scope of this case and the federal and state questions of law
26   raised within this case against the CHP Defendant Group. Plaintiff certifies that the federal and
27   state questions of law and jurisdiction within this case are solely against the other parties
28   within this case and do not touch, interact or pertain to the Office of the State Attorney
29   General.  Plaintiff certifies that to the best of the information she has and her knowledge; State
30   Attorney General Weiser has never authorized the State Attorney General's Office to provide
31   counsel or defense assistance, beyond an ethical obey of  Rules, for any member of the CHP
32   Defendant Group and their counsel of record:  Hall and Evans.  Plaintiff further certifies that she
33   has met every obligation to produce relevant to the scope of the State AG.  Not only the very
34   limited requested discovery made upon her, but also the relevant to State scope discovery not
35   requested. Plaintiff certifies that at no time within this case or otherwise, has the Office of the
36   State AG been requested to represent, authorized to represent, been given permission to
37   represent or entered to represent the Plaintiff and/or any of her interests within this case. This
38   certification of compliance is sworn under penalty of perjury.

A

## PRELIMINARY STATEMENTS OF FACT

A. As of the November 19th, 2019 Court grant of Plaintiff's request to remove civil liability claims #5 and #6 (ECF 186) against State Defendant Hilary Victoroff; the sole scope of the State returned to Claim #4 against Hilary Victoroff and Claim #7 against Laura Sommerschield.

B. As of the November 12, 2019 court rulings (ECF 181 and 182) regarding CDOC discovery in this case; all CDOC discovery in this case returned to the sole and specific recorded to record production of the State AG counsel for this case.

C. At no time within this case or otherwise, has the Office of the State Attorney General or any of its employees, been requested to represent, authorized to represent, been given permission to represent or entered to represent Plaintiff Shawnee Ryan and/or any of her interests within this case.

D. There are no related events of any kind, statutory or constitutional ties of any kind, questions of law, questions of liability or related matters of any kind between the claims against the State defendants and the claims against the CHP Defendant group.  This lawsuit reads plainly as the two groups and the two sets of defense counsels filed within same suit and separate in content from each other. Any and all co-mingling, even as a possibility, ended at (ECF52), February 1, 2019 with the grant of immunity and subsequent dismissal that rendered down to a non-party; of the Colorado Department of Corrections.

## PLAINTIFF REPLIES TO STATE ANSWER TO 5TH AMENDED AS FOLLOWS:

## PARTIES

A. **With regard to all parties, other than State Defendants Victoroff and Sommerschield, Plaintiff replies to the State as follows:**

A

74 Plaintiff certifies that to the best of the information she has and her
75 knowledge; State Attorney General Weiser has never authorized the State
76 Attorney General's Office to provide counsel or defense assistance, beyond
77 an ethical obey of  Rules, for any member of the CHP Defendant Group and
78 their counsel of record:  Hall and Evans.  One current employee and the one
79 former employee of the CDOC, who each have singular, one person
80 involved as alleged liability and alleged actions and that fact makes up the
81 sum total of representation for Attorney Colony of the State Ag's office
82 within this lawsuit. There are no related events of any kind, statutory or
83 constitutional ties of any kind, questions of law, questions of liability or
84 related matters of any kind between the claims against the State
85 defendants and the claims against the CHP Defendant group.  This lawsuit
86 reads plainly as the two groups and the two sets of defense counsels filed
87 within same suit and separate in content from each other. Any and all co-
88 mingling, even as a possibility for joint defenses and/or colluding with the
89 CHP Defendants, ended at (ECF52), February 1, 2019 with the grant of
90 immunity and subsequent dismissal that rendered down to a non-party; of
91 the Colorado Department of Corrections.

92

93 B. **With regard to the State Defendants Victoroff and Sommerschield,**
94 **Plaintiff replies to the State as follows**:  Both defendants are represented
95 for Claims #5 and #7 of this lawsuit by State AG counsel Amy Colony.
96 Attorney Colony and all other parties are aware of the Court's order of
97 October 7, 2019 clearly and firmly ordering Attorney Colony to containment
98 of her scope of representing State defendants.  **With regard to Claims #5**
99 **and #6** against State Defendant Hilary Victoroff; at Plaintiff's request of the
100 Court (ECF 186) the civil liability of the claims was granted dismissed on
101 November 19, 2019 (ECF 193) rendering relief to the Plaintiff, the Court and
102 other parties for any further dealing, within this suit, with the allegations
103 within both claims.

104

105 C. **With regard to any and all references stated or implied by the State as to the**
106 **party of the Plaintiff, Plaintiff replies as follows:** At no time within this case or
107 otherwise, has the Office of the State Attorney General or any of its
108 employees, been requested to represent, authorized to represent, been given
109 permission to represent or entered to represent Plaintiff Shawnee Ryan and/or
110 any of her interests within this case.

A

111
112                        **<u>FIRST CLAIM FOR RELIEF</u>**
113
114      Plaintiff replies as the State AG and her clients have no related events of
115      any kind, no sharing of claims of any kind, no sharing of any kind that is
116      relevant in any way to the specific legal questions and premises raised
117      against any other persons/parties within this case, no statutory or
118      constitutional ties of any kind, no questions of law of any kind, no questions
119      of liability or related matters of any kind regarding Claim One. Plaintiff
120      further replies that to the best of the information she has and her
121      knowledge; State Attorney General Weiser has never authorized the State
122      Attorney General's Office to provide counsel or defense assistance, beyond
123      an ethical obey of  Rules, for any member of the CHP Defendant Group and
124      their counsel of record:  Hall and Evans. Any and all co-mingling, even as a
125      possibility for joint defenses and/or colluding with the CHP Defendants,
126      ended at (ECF52), February 1, 2019 with the grant of immunity and
127      subsequent dismissal that rendered down to a non-party; of the Colorado
128      Department of Corrections.  **Therefore, Plaintiff has no obligation of any**
129      **kind to consider the what is no more than a personal opinion given within**
130      **the State's answer. Strictly as a courtesy to the State, Plaintiff states that**
131      **she makes no changes or concessions.**
132
133                        **<u>SECOND CLAIM FOR RELIEF</u>**
134      Plaintiff replies as the State AG and her clients have no related events of
135      any kind, no sharing of claims of any kind, no sharing of any kind that is
136      relevant in any way to the specific legal questions and premises raised
137      against any other persons/parties within this case, no statutory or
138      constitutional ties of any kind, no questions of law of any kind, no questions
139      of liability or related matters of any kind regarding Claim One. Plaintiff
140      further replies that to the best of the information she has and her
141      knowledge; State Attorney General Weiser has never authorized the State
142      Attorney General's Office to provide counsel or defense assistance, beyond
143      an ethical obey of  Rules, for any member of the CHP Defendant Group and
144      their counsel of record:  Hall and Evans. Any and all co-mingling, even as a
145      possibility for joint defenses and/or colluding with the CHP Defendants,
146      ended at (ECF52), February 1, 2019 with the grant of immunity and
147      subsequent dismissal that rendered down to a non-party; of the Colorado

A

148   Department of Corrections.  **Therefore, Plaintiff has no obligation of any**
149   **kind to consider the what is no more than a personal opinion given within**
150   **the State's answer. Strictly as a courtesy to the State, Plaintiff states that**
151   **she makes no changes or concessions.**
152
153
154                          **THIRD CLAIM FOR RELIEF**
155
156   Plaintiff replies as the State AG and her clients have no related events of
157   any kind, no sharing of claims of any kind, no sharing of any kind that is
158   relevant in any way to the specific legal questions and premises raised
159   against any other persons/parties within this case, no statutory or
160   constitutional ties of any kind, no questions of law of any kind, no questions
161   of liability or related matters of any kind regarding Claim One. Plaintiff
162   further replies that to the best of the information she has and her
163   knowledge; State Attorney General Weiser has never authorized the State
164   Attorney General's Office to provide counsel or defense assistance, beyond
165   an ethical obey of  Rules, for any member of the CHP Defendant Group and
166   their counsel of record:  Hall and Evans. Any and all co-mingling, even as a
167   possibility for joint defenses and/or colluding with the CHP Defendants,
168   ended at (ECF52), February 1, 2019 with the grant of immunity and
169   subsequent dismissal that rendered down to a non-party; of the Colorado
170   Department of Corrections.  **Therefore, Plaintiff has no obligation of any**
171   **kind to consider the what is no more than a personal opinion given within**
172   **the State's answer. Strictly as a courtesy to the State, Plaintiff states that**
173   **she makes no changes or concessions.**
174
175                          **FOURTH CLAIM FOR RELIEF**
176
177   Plaintiff replies as to the State being fully aware that Claim #4 against her client,
178   Hilary Victoroff pends Plaintiff Motion for Summary Judgement (and) the State's
179   extension of time to respond. Located at (ECF 180, 185, 188, 190, 192).  **Further**
180   **replies that from March 23, 2019 to present day, this case holds a very detailed**
181   **tracking through discovery and court record of the following facts: that** the scope
182   of Attorney Colony is contained to two defendants, with single event and action
183   allegations, that was ordered to containment by the court on October 7, 2019; **that**
184   95% of the Plaintiff's medical care records, spanning six years and 5 million dollars

A

185 in taxpayer cost were solely given by outside in the medical community specialists
186 and not the internal workings and employees of the Colorado Department of
187 Corrections; **that** the dynamic of that fact, for legal purposes now, resulted in two
188 sets of Plaintiff medical records with the voluminous number of the ***total medical***
189 ***records*** controlled by all outside community and the patient herself, of which the
190 internal CDOC accessed only a very small portion of during the entire six years, as
191 they acted, at all times, as the support care for the outside community and at no
192 time made diagnoses or significant orders for Plaintiff. Completing the dynamic is
193 the second set of medical records being physically controlled by the CDOC and
194 technically/legally requiring patient/inmate/Plaintiff authorization to access and
195 release as legally, the information within the CDOC controlled records belongs to
196 the patient/inmate/Plaintiff; **that** at no time, due to the unilateral control, without
197 the Plaintiff's authorization, release or accepted by State and CDOC participation
198 of the Plaintiff: Attorney Colony at all times took and remained in control of
199 determining what CDOC records to produce, deciding what levels of privacy,
200 viewing and classifying, disbursing and attaching State only definitions of what are
201 actually only a small amount in existence within CDOC, of selected portions of the
202 CDOC medical records of the Plaintiff which she combined with the State's seizure
203 of all of Plaintiff's inmate records, criminal justice records, behavior and mental
204 health records that do not in any way qualify as "medical records"; **that** neither
205 side of defense counsels has availed themselves of any portion of the outside
206 medical community records of Plaintiff with the exception of the limited to scope
207 Aurora South records by the State. Any Denver Health records in the hands of the
208 State now were forced upon the State by the Plaintiff and not willingly collected
209 by Attorney Colony through discovery processes; **that** neither side of defense
210 counsels have taken any depositions of outside community, any depositions of
211 anyone other than Plaintiff, have conducted no interviews, gathered no witness
212 statements, accessed in any way any of the discoverable information provided to
213 them by the Plaintiff. **Therefore, any and all sworn now to the Court, by the State**
214 **or any other defense counsel the State is joining with; statements as to Plaintiff's**
215 **"medical records" "speaking for themselves" (and/or) any and all claims of**
216 **'factual' references to *medical actions taken only by the support nursing staff* as**
217 **being even sound enough to stand up to the highly specialized caliber and**
218 **impeccably detailed records of the outside medical community specialists in**
219 **place for literally years; *are sworn using undeniably very limited and partial***
220 ***"medical" and existing factual records of the Plaintiff.*** Plaintiff replies to the State

A

221  that her pending Motion for Summary against Hilary Victoroff and all of the
222  evidence and statements within, hold.  She makes no changes or concessions.
223
224  **FIFTH CLAIM FOR RELIEF**
225
226  Plaintiff replies as to the dismissal, at Plaintiff request of the Court, of the filed as
227  civil liability against Hilary Victoroff Claim #5, being granted November 14, 2019
228  by the Senior Court. (ECF 186, 193).
229
230  **SIXTH CLAIM FOR RELIEF**
231
232  Plaintiff replies as to the dismissal, at Plaintiff request of the Court, of the filed as
233  civil liability against Hilary Victoroff Claim #6, being granted November 14, 2019
234  by the Senior Court. (ECF 186, 193).
235
236  **SEVENTH CLAIM FOR RELIEF**
237
238  Plaintiff replies to the State regarding Claim #7 against her client, Laura
239  Sommerschield as follows:
240
241  **From March 23, 2019 to present day, this case holds a very detailed tracking
242  through discovery and court record of the following facts:  that** the scope of
243  Attorney Colony is contained to two defendants, with single event and action
244  allegations, that was ordered to containment by the court on October 7, 2019; **that**
245  95% of the Plaintiff's medical care records, spanning six years and 5 million dollars
246  in taxpayer cost were solely given by outside in the medical community specialists
247  and not the internal workings and employees of the Colorado Department of
248  Corrections; **that** the dynamic of that fact, for legal purposes now, resulted in two
249  sets of Plaintiff medical records with the voluminous number of the **total medical
250  records** controlled by all outside community and the patient herself, of which the
251  internal CDOC accessed only a very small portion of during the entire six years, as
252  they acted, at all times, as the support care for the outside community and at no
253  time made diagnoses or significant orders for Plaintiff. Completing the dynamic is
254  the second set of medical records being physically controlled by the CDOC and
255  technically/legally requiring patient/inmate/Plaintiff authorization to access and
256  release as legally, the information within the CDOC controlled records belongs to
257  the patient/inmate/Plaintiff; **that** at no time, due to the unilateral control, without

A

258   the Plaintiff's authorization, release or accepted by State and CDOC participation
259   of the Plaintiff: Attorney Colony at all times took and remained in control of
260   determining what CDOC records to produce, decided what levels of privacy,
261   viewing and classifying, disbursing and attaching State only definitions of what are
262   actually only a small amount in existence within CDOC, of selected portions of the
263   CDOC medical records of the Plaintiff, which she combined with the State's seizure
264   of all of Plaintiff's inmate records, criminal justice records, behavior and mental
265   health records that do not in any way qualify as "medical records"; **that** neither
266   side of defense counsels has availed themselves of any portion of the outside
267   medical community records of Plaintiff with the exception of the limited to scope
268   Aurora South records by the State. Any Denver Health records in the hands of the
269   State now were forced upon the State by the Plaintiff and not willingly collected
270   by Attorney Colony through discovery processes; **that** neither side of defense
271   counsels have taken any depositions of outside community, any depositions of
272   anyone other than Plaintiff, have conducted no interviews, gathered no witness
273   statements, accessed in any way any of the discoverable information provided to
274   them by the Plaintiff. **Therefore, any and all sworn now to the Court, by the State**
275   **or any other defense counsel the State is joining with; statements as to Plaintiff's**
276   **"medical records" "speaking for themselves" (and/or) any and all claims of**
277   **'factual' references to *medical actions taken only by the support <u>nursing</u> staff* as**
278   **being even sound enough to stand up to the highly specialized caliber and**
279   **impeccably detailed records of the outside medical community specialists in**
280   **place for literally years; *<u>are sworn using undeniably very limited and partial</u>***
281   ***<u>"medical" and existing factual records of the Plaintiff.</u>*** Plaintiff replies to the State
282   that with specificity to Laura Sommerschield, the entire defense raised is a claim
283   that Laura Sommerschield did not schedule transport ordered by Denver Health
284   surgeons, is responsible in any way for scheduling inmate transports for any reason
285   and had no authority to schedule medical transports for her patients. With
286   allegedly, an 'alibi' in support being provided by her counsel as counsel maintains
287   to record (ECF 164, 178, 182) that the CDOC "has no records" of a transport
288   department and that no such records or personnel exist to produce. **Plaintiff did**
289   **attempt,** more than once, to move Attorney Colony's focus to her experience of
290   the 'found' Victoroff blood lab buried within the State's production of CDOC
291   records to the repeat of the same type of misleading being done by her other
292   client; Laura Sommerschield. In that, the name "Daphne Miller" repeatedly cycles
293   through the 'condensed encounters' of Plaintiff's CDOC produced medical records
294   during the times and dates in question within the claim against Laura

A

295  Sommerschield.  "Daphne Miller" is the medical transport coordinator and
296  transport department (yes, there is one) head for the Colorado Department of
297  Corrections.  The 'missing' transport department records (and) the impeccably
298  detailed surgeon and Denver Health records forced upon Attorney Colony,
299  combined if need be with dragging Surgeon Echalier in for trial testimony, as no
300  interview, deposition or approached in any way was taken of her by the State; do
301  combine with the facts of the claim to make up the soon forthcoming Plaintiff
302  Motion for Summary Judgement of Laura Sommerschield.  Plaintiff makes no
303  changes or concessions.
304
305                            **PREVIOUS LAWSUITS**
306
307  Plaintiff replies as she makes no changes or concessions.
308
309                          **ADMINISTRATIVE REMEDIES**
310
311  Plaintiff holds as to all of her statements and disclosures regarding administrative
312  remedies and their history within this case as being truthful and accurate.  She
313  further continues to point to the vast (multiple dozens of administrative
314  processes and all coordinator's and administrative logs spanning two facilities
315  and four different coordinators) not produced by the CDOC (and) being refused
316  to be produced by the CDOC through State AG Amy Colony. (ECF 178, 179, 182).
317  Fact based is now closed. CHP Defendants remain refusing to access their own
318  CDOC records; Plaintiff assumes due to their lack of desire to be seen in the
319  obvious resulting force association to State AG with regard to CDOC records now
320  finalized. Plaintiff's grants of dismissal of Claims #5 and #6 were ties to CDOC
321  discovery ending and Attorney Colony left standing alone with her production.
322  There is no further ability left, as the State ran out the clock; for either side of the
323  fence to be able to gather further or utilize the vast amount of administrative
324  evidence in this case that they previously refused to disclose.   Plaintiff certifies
325  and holds, with no concessions, in all areas of administrative remedies, that she
326  met all obligations.
327
328                             **REQUESTED RELIEFS**
329
330  Plaintiff replies as the State AG and her clients have no related events of any
331  kind, no sharing of claims of any kind, no sharing of any kind that is relevant in

A

332  any way to the specific legal questions and premises raised against any other
333  persons/parties within this case, no statutory or constitutional ties of any kind,
334  no questions of law of any kind, no questions of liability or related matters of any
335  kind regarding the punitive damages, claims or reliefs requested of the CHP
336  Defendant group.  The relief requests for State clients Victoroff and
337  Sommerschield are compensatory only and are clearly listed, or will be, within
338  dispositive motions of Summary Judgement and/or given to a jury at trial.
339  Therefore, Plaintiff has no obligation of any kind to consider the personal
340  viewpoints and opinion given within the State's answer.  Strictly as a courtesy to
341  the State, Plaintiff states that she makes no changes or concessions.
342
343                       **<u>DEFENSES AND AFFIRMATIVE DEFENSES</u>**
344
345  **Plaintiff replies as follows:**
346
347  1.   Plaintiff's Fifth Amended Complaint has been accepted as moving forward by
348       the Court.
349
350  2.   Plaintiff's Complaint has held the jurisdictional grounds through 10 months
351       and multiple judge's administrative reviews and an additional 9 months of
352       litigation.  The State Defendants have been moved, by the Court, through the
353       processes within those timeframes as having no governmental immunity as
354       they are being sued in their personal and professional (medical professional)
355       capacities.
356
357  3. Plaintiff disagrees and states that the evidence and facts, in their entirety;
358     support her.
359
360  4. Plaintiff disagrees and states that the evidence and facts, in their entirety;
361     support her.
362
363  5.   Plaintiff's Complaint has held the jurisdictional grounds through 10 months
364       and multiple judge's administrative reviews and an additional 9 months of
365       litigation.  The State Defendants have been moved, by the Court, through the
366       processes within those timeframes as having no governmental immunity as
367       they are being sued in their personal and professional (medical professional)
368       capacities.

A

369
370   6.  Plaintiff restates the Court's containment of the State, by the Court on
371       October 7, 2019, to the specific scopes charged against her clients.  Which are,
372       specifically and plainly charged as being singular events that only each could
373       have humanly possibly committed as they were each acts of both personal
374       judgement and personal will with neither stopping themselves, when things
375       began to 'go bad' and reversing to remove the Plaintiff out of a zone of
376       danger.
377

378   7.  Plaintiff disagrees.  There is no 'penological purpose' that entitles or
379       authorizes any act of putting an inmate, by a medical professional, into the
380       zone of danger where verifiable physical injury was the end result.
381

382   8.  Plaintiff restates the unequivocal fact that at all times, during both events
383       charged against State clients, she was incarcerated with no ability or means to
384       provide her own care during either event.  At all times, she was under the
385       direct and assigned authority of Hilary Victoroff and Laura Sommerschield as
386       each event occurred.
387

388   9.  Plaintiff replies as to the question of "duty", that the all the facts including the
389       'missing' CDOC standards and operational rules (which will now be testified to
390       at trial as discovery production has been barred), the fact of Plaintiff's
391       incarceration and assignments, law and constitutionality; are for the Court or
392       Jury to determine.
393

394   10. Plaintiff restates, that at all times within this suit the State Defendants have
395       fallen into compensatory damage requests.  Which limits mitigation as
396       damages are not ongoing or subjective; they are specific either to cost only of
397       repair to compensate (or) limits imposed by statute. Hilary Victoroff is fully
398       claimed and pending Court deny or grant of Summary Judgement.  Now that
399       this final stance today, from State counsel, finally provides from State, a clear
400       structure to the posture of the State, which is something that has been sorely
401       lacking to date; Plaintiff's Motion for Summary Judgement Laura
402       Sommerschield follows shortly.  As claimed, and as the State is aware, the cost
403       of left eye surgery for PPV Floaterectomy surgery to repair and enable Plaintiff

A

404    to see clearly is the compensatory claim requested. Plaintiff holds and makes
405    no changes or concessions.
406

407    11. Plaintiff replies that all limitations were either removed or granted and have
408    held within the claims still standing; through 10 months of administrative
409    reviews by multiple judges and 9 months of litigation thereafter.  Plaintiff
410    holds and makes no changes or concessions.
411

412    12. Plaintiff's complaint has held the jurisdictional, statutory and constitutional
413    grounds through 10 months and multiple judge's administrative reviews and
414    an additional 9 months of litigation. She makes no changes or concessions.
415

416    13. Plaintiff's complaint has held the jurisdictional, statutory and constitutional
417    grounds through 10 months and multiple judge's administrative reviews and
418    an additional 9 months of litigation. She makes no changes or concessions.
419

420    14. Plaintiff's complaint has held the jurisdictional, statutory and constitutional
421    grounds through 10 months and multiple judge's administrative reviews and
422    an additional 9 months of litigation. She makes no changes or concessions.
423

424    15. Plaintiff replies, that as State Attorney Colony once again, makes a sworn
425    statement to the Court, she does so with a foundation of the very limited,
426    partial holding of records that she has collected herself and no investigations,
427    depositions, interviews or reviews of any of the discoverable information
428    supplied to her by the Plaintiff.  Plaintiff was in excellent health, according to
429    the diagnostic testing of the CDOC upon entry into corrections in November
430    2012.  None of her stated diagnoses, injuries or damages were pre-existing as
431    none began until aprx. March 2013 when first discovery was had by a LaVista
432    licensed medical doctor.  Which returned her to Denver Womens and where
433    Hilary Victoroff herself placed Plaintiff on a medical hold.  A hold, which still
434    stands, even in parole.
435


436

437    16. 17, 18:  Plaintiff disagrees that any defendant will find full reliefs or likely
438    even any partial reliefs through the cites given now.  The one area that has

A

been repeatedly complained about by defense counsels, yet now serves the purpose of all of Plaintiff's claims having born somewhat unusually heavy scrutiny through all court reviews; is that multiple judges have reviewed this case and so far:  it stands.  Plaintiff makes no changes or concessions.

19.  Plaintiff replies: "For the first time, she herself states: that she is in complete agreement with all defense counsels in that all of her medical diagnoses, status and records speak for themselves."  She makes no changes or concessions.

20.  Plaintiff sees nothing of substance within this answer to reply to.  She makes no changes or concessions.

21. Plaintiff replies as to only the current movement by defense counsels as a "joint" movement for more time for "dispositive" motions filing:  The obvious wording that defense counsels, after seeing Plaintiff's recent filings, filed for modification of the scheduling order to prolong "dispositive".  When, in fact, they are gathering fact-based.  Which closed on November 1, 2019.  Plaintiff refers all, including the court, to her forthcoming objection that based upon the answers to fifth amended by all defense counsels, that very clearly show their intent to continue gathering beyond the Rules allowances (and) a much clearer and now locked in verification of the structure of "medical records" in this case that was previously clouded by all of the path of Attorney Colony and her client; Plaintiff strongly objects to any grant that allows defenses to so flagrantly disobey the rules.  All, are where they are and did, in fact (ECF 89) literally waste over 8 months of this case's time by doing nothing but rely upon the State AG's production.  At every turn, every movement for extensions of time, with the exception of Attorney Kennedy surrounding his crafting of the scheduling and protective orders for this case; the Plaintiff believes defense counsels have manipulated time.  Time in a case that factually holds a seriously ill Plaintiff and that was originally held by the Magistrate Court to non-allowance of extensions and instead a "smokin' hot" schedule.  This schedule has been anything but due to defense counsel's actions all the way around.  Plaintiff's interpretation of the Rules of Law is that they are exactly that:  rules to be obeyed.  She therefore advises all that she intends to file to show cause as to 'why' defense counsels,

A

473 based on their choices, output and behavior to date in this case should be
474 allowed to extend "fact-based" as "dispositive".
475

476 **Wherefore, Plaintiff Shawnee Ryan, finds nothing within the Answer to 5th**
477 **Amended, from State and State Defendants now, nor within same's answers to**
478 **previous amendments in the past, nor within same's path of filings to date**
479 **during litigating to date, nor nothing within same's productions of discovery**
480 **except for solid validations to Plaintiff's claims made; that sway her in any way**
481 **to anything other than her demand remaining the same:**
482

483 **Plaintiff Shawnee Ryan remains respectfully requesting that the State be fully**
484 **denied and demanding a full trial by jury, on all claims.  She further stands on**
485 **her requests for reliefs as stated.**
486

487 Respectfully submitted this 24th day of November 2019.

488
489 S/Shawnee Ryan
490 11309 West Exposition Drive
491 Lakewood, Colorado 80226
492 720-431-8319
493 shawneeryan216@gmail.com
494

495 **CERTIFICATE OF SERVICE**
496 I have served a complete and full copy of the foregoing via CMECF to the parties
497 below on this 24th day of November 2019.
498

499
500 S/Shawnee Ryan
501 11309 West Exposition Drive
502 Lakewood, Colorado 80226
503 720-431-8319
504 shawneeryan216@gmail.com
505

506 Clerk of Court:  cod_cmecf@cod.uscourts.gov
507 Andrew David Ringel:  ringela@hallevans.com
508 Edmund Martin Kennedy: kennedye@hallevans.com
509 Amy Colony:  acolony@coag.gov