A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.   18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**PLAINTIFF'S REPLY TO STATE DEFENDANTS "ANSWER TO 5TH AMENDED COMPLAINT AND JURY DEMAND"**

Plaintiff Shawnee Ryan, comes now with reply to (ECF196) State Defendants:

**CERTIFICATION OF COMPLIANCE:**
Plaintiff hereby certifies, under D.C. COLO.L.CIV.R 7.1 that she has, from March 23, 2019 to current day, conferred, repeatedly, with State AG and clients over her statements made within this reply.  Including the containment of the State AG and her clients to the separate and simple single events claims filed against the one current employee and the one former employee of the CDOC who make up the sum total of representation for the Office of the State Attorney General within this lawsuit.  Plaintiff certifies that to her knowledge and belief, the Office of the State Attorney General does not represent, nor ever has, any member of the CHP Defendant Group that makes up the primary scope of this case and the federal and state questions of law raised within this case against the CHP Defendant Group. Plaintiff certifies that the federal and state questions of law and jurisdiction within this case are solely against the other parties within this case and do not touch, interact or pertain to the Office of the State Attorney General.  Plaintiff certifies that to the best of the information she has and her knowledge; State Attorney General Weiser has never authorized the State Attorney General's Office to provide counsel or defense assistance, beyond an ethical obey of  Rules, for any member of the CHP Defendant Group and their counsel of record:  Hall and Evans.  Plaintiff further certifies that she has met every obligation to produce relevant to the scope of the State AG.  Not only the very limited requested discovery made upon her, but also the relevant to State scope discovery not requested. Plaintiff certifies that at no time within this case or otherwise, has the Office of the State AG been requested to represent, authorized to represent, been given permission to represent or entered to represent the Plaintiff and/or any of her interests within this case. This certification of compliance is sworn under penalty of perjury.

1

A

**PRELIMINARY STATEMENTS OF FACT**

A. As of the November 19th, 2019 Court grant of Plaintiff's request to remove civil liability claims #5 and #6 (ECF 186) against State Defendant Hilary Victoroff; the sole scope of the State returned to Claim #4 against Hilary Victoroff and Claim #7 against Laura Sommerschield.

B. As of the November 12, 2019 court rulings (ECF 181 and 182) regarding CDOC discovery in this case; all CDOC discovery in this case returned to the sole and specific recorded to record production of the State AG counsel for this case.

C. At no time within this case or otherwise, has the Office of the State Attorney General or any of its employees, been requested to represent, authorized to represent, been given permission to represent or entered to represent Plaintiff Shawnee Ryan and/or any of her interests within this case.

D. There are no related events of any kind, statutory or constitutional ties of any kind, questions of law, questions of liability or related matters of any kind between the claims against the State defendants and the claims against the CHP Defendant group.  This lawsuit reads plainly as the two groups and the two sets of defense counsels filed within same suit and separate in content from each other. Any and all co-mingling, even as a possibility, ended at (ECF52), February 1, 2019 with the grant of immunity and subsequent dismissal that rendered down to a non-party; of the Colorado Department of Corrections.

**PLAINTIFF REPLIES TO STATE ANSWER TO 5TH AMENDED AS FOLLOWS:**

**PARTIES**

A. **With regard to all parties, other than State Defendants Victoroff and Sommerschield, Plaintiff replies to the State as follows:**

A

Plaintiff certifies that to the best of the information she has and her knowledge; State Attorney General Weiser has never authorized the State Attorney General's Office to provide counsel or defense assistance, beyond an ethical obey of Rules, for any member of the CHP Defendant Group and their counsel of record: Hall and Evans. One current employee and the one former employee of the CDOC, who each have singular, one person involved as alleged liability and alleged actions and that fact makes up the sum total of representation for Attorney Colony of the State Ag's office within this lawsuit. There are no related events of any kind, statutory or constitutional ties of any kind, questions of law, questions of liability or related matters of any kind between the claims against the State defendants and the claims against the CHP Defendant group. This lawsuit reads plainly as the two groups and the two sets of defense counsels filed within same suit and separate in content from each other. Any and all co-mingling, even as a possibility for joint defenses and/or colluding with the CHP Defendants, ended at (ECF52), February 1, 2019 with the grant of immunity and subsequent dismissal that rendered down to a non-party; of the Colorado Department of Corrections.

B. **With regard to the State Defendants Victoroff and Sommerschield, Plaintiff replies to the State as follows**: Both defendants are represented for Claims #4 and #7 of this lawsuit by State AG counsel Amy Colony. Attorney Colony and all other parties are aware of the Court's order of October 7, 2019 clearly and firmly ordering Attorney Colony to containment of her scope of representing State defendants. **With regard to Claims #5 and #6** against State Defendant Hilary Victoroff; at Plaintiff's request of the Court (ECF 186) the civil liability of the claims was granted dismissed on November 19, 2019 (ECF 193) rendering relief to the Plaintiff, the Court and other parties for any further dealing, within this suit, with the allegations within both claims.

C. **With regard to any and all references stated or implied by the State as to the party of the Plaintiff, Plaintiff replies as follows:** At no time within this case or otherwise, has the Office of the State Attorney General or any of its employees, been requested to represent, authorized to represent, been given permission to represent or entered to represent Plaintiff Shawnee Ryan and/or any of her interests within this case.

A

111
112                    **FIRST CLAIM FOR RELIEF**
113
114    Plaintiff replies as the State AG and her clients have no related events of
115    any kind, no sharing of claims of any kind, no sharing of any kind that is
116    relevant in any way to the specific legal questions and premises raised
117    against any other persons/parties within this case, no statutory or
118    constitutional ties of any kind, no questions of law of any kind, no questions
119    of liability or related matters of any kind regarding Claim One. Plaintiff
120    further replies that to the best of the information she has and her
121    knowledge; State Attorney General Weiser has never authorized the State
122    Attorney General's Office to provide counsel or defense assistance, beyond
123    an ethical obey of  Rules, for any member of the CHP Defendant Group and
124    their counsel of record:  Hall and Evans. Any and all co-mingling, even as a
125    possibility for joint defenses and/or colluding with the CHP Defendants,
126    ended at (ECF52), February 1, 2019 with the grant of immunity and
127    subsequent dismissal that rendered down to a non-party; of the Colorado
128    Department of Corrections.  **Therefore, Plaintiff has no obligation of any**
129    **kind to consider ~~the~~ what is no more than a personal opinion given within**
130    **the State's answer. Strictly as a courtesy to the State, Plaintiff states that**
131    **she makes no changes or concessions.**
132
133                    **SECOND CLAIM FOR RELIEF**
134    Plaintiff replies as the State AG and her clients have no related events of
135    any kind, no sharing of claims of any kind, no sharing of any kind that is
136    relevant in any way to the specific legal questions and premises raised
137    against any other persons/parties within this case, no statutory or
138    constitutional ties of any kind, no questions of law of any kind, no questions
139    of liability or related matters of any kind regarding Claim Two. Plaintiff
140    further replies that to the best of the information she has and her
141    knowledge; State Attorney General Weiser has never authorized the State
142    Attorney General's Office to provide counsel or defense assistance, beyond
143    an ethical obey of  Rules, for any member of the CHP Defendant Group and
144    their counsel of record:  Hall and Evans. Any and all co-mingling, even as a
145    possibility for joint defenses and/or colluding with the CHP Defendants,
146    ended at (ECF52), February 1, 2019 with the grant of immunity and
147    subsequent dismissal that rendered down to a non-party; of the Colorado

A

148     Department of Corrections.  **Therefore, Plaintiff has no obligation of any**
149     **kind to consider** ~~the~~ **what is no more than a personal opinion given within**
150     **the State's answer. Strictly as a courtesy to the State, Plaintiff states that**
151     **she makes no changes or concessions.**
152
153
154                   **THIRD CLAIM FOR RELIEF**
155
156     Plaintiff replies as the State AG and her clients have no related events of
157     any kind, no sharing of claims of any kind, no sharing of any kind that is
158     relevant in any way to the specific legal questions and premises raised
159     against any other persons/parties within this case, no statutory or
160     constitutional ties of any kind, no questions of law of any kind, no questions
161     of liability or related matters of any kind regarding Claim Three. Plaintiff
162     further replies that to the best of the information she has and her
163     knowledge; State Attorney General Weiser has never authorized the State
164     Attorney General's Office to provide counsel or defense assistance, beyond
165     an ethical obey of  Rules, for any member of the CHP Defendant Group and
166     their counsel of record:  Hall and Evans. Any and all co-mingling, even as a
167     possibility for joint defenses and/or colluding with the CHP Defendants,
168     ended at (ECF52), February 1, 2019 with the grant of immunity and
169     subsequent dismissal that rendered down to a non-party; of the Colorado
170     Department of Corrections.  **Therefore, Plaintiff has no obligation of any**
171     **kind to consider** ~~the~~ **what is no more than a personal opinion given within**
172     **the State's answer. Strictly as a courtesy to the State, Plaintiff states that**
173     **she makes no changes or concessions.**
174
175                   **FOURTH CLAIM FOR RELIEF**
176
177 Plaintiff replies as to the State being fully aware that Claim #4 against her client,
178 Hilary Victoroff pends Plaintiff Motion for Summary Judgement (and) the State's
179 extension of time to respond. Located at (ECF 180, 185, 188, 190, 192).  **Further**
180 **replies that from March 23, 2019 to present day, this case holds a very detailed**
181 **tracking through discovery and court record of the following facts: that** the scope
182 of Attorney Colony is contained to two defendants, with single event and action
183 allegations, that was ordered to containment by the court on October 7, 2019; **that**
184 95% of the Plaintiff's medical care records, spanning six years and 5 million dollars

A

185  in taxpayer cost were solely given by outside in the medical community specialists
186  and not the internal workings and employees of the Colorado Department of
187  Corrections; **that** the dynamic of that fact, for legal purposes now, resulted in two
188  sets of Plaintiff medical records with the voluminous number of the ***total medical***
189  ***records*** controlled by all outside community and the patient herself, of which the
190  internal CDOC accessed only a very small portion of during the entire six years, as
191  they acted, at all times, as the support care for the outside community and at no
192  time made diagnoses or significant orders for Plaintiff. Completing the dynamic is
193  the second set of medical records being physically controlled by the CDOC and
194  technically/legally requiring patient/inmate/Plaintiff authorization to access and
195  release as legally, the information within the CDOC controlled records belongs to
196  the patient/inmate/Plaintiff; **that** at no time, due to the unilateral control, without
197  the Plaintiff's authorization, release or accepted by State and CDOC participation
198  of the Plaintiff: Attorney Colony at all times took and remained in control of
199  determining what CDOC records to produce, deciding what levels of privacy,
200  viewing and classifying, disbursing and attaching State only definitions of what are
201  actually only a small amount in existence within CDOC, of selected portions of the
202  CDOC medical records of the Plaintiff which she combined with the State's seizure
203  of all of Plaintiff's inmate records, criminal justice records, behavior and mental
204  health records that do not in any way qualify as "medical records"; **that** neither
205  side of defense counsels has availed themselves of any portion of the outside
206  medical community records of Plaintiff with the exception of the limited to scope
207  Aurora South records by the State. Any Denver Health records in the hands of the
208  State now were forced upon the State by the Plaintiff and not willingly collected
209  by Attorney Colony through discovery processes; **that** neither side of defense
210  counsels have taken any depositions of outside community, any depositions of
211  anyone other than Plaintiff, have conducted no interviews, gathered no witness
212  statements, accessed in any way any of the discoverable information provided to
213  them by the Plaintiff.  **Therefore, any and all sworn now to the Court, by the State**
214  **or any other defense counsel the State is joining with; statements as to Plaintiff's**
215  **"medical records" "speaking for themselves" (and/or) any and all claims of**
216  **'factual' references to** ***medical actions taken only by the support nursing staff*** **as**
217  **being even sound enough to stand up to the highly specialized caliber and**
218  **impeccably detailed records of the outside medical community specialists in**
219  **place for literally years;** ***are sworn using undeniably very limited and partial***
220  ***"medical" and existing factual records of the Plaintiff.*** Plaintiff replies to the State

6

A

221  that her pending Motion for Summary against Hilary Victoroff and all of the
222  evidence and statements within, hold.  She makes no changes or concessions.
223
224  **FIFTH CLAIM FOR RELIEF**
225
226  Plaintiff replies as to the dismissal, at Plaintiff request of the Court, of the filed as
227  civil liability against Hilary Victoroff Claim #5, being granted November 14, 2019
228  by the Senior Court. (ECF 186, 193).
229
230  **SIXTH CLAIM FOR RELIEF**
231
232  Plaintiff replies as to the dismissal, at Plaintiff request of the Court, of the filed as
233  civil liability against Hilary Victoroff Claim #6, being granted November 14, 2019
234  by the Senior Court. (ECF 186, 193).
235
236  **SEVENTH CLAIM FOR RELIEF**
237
238  Plaintiff replies to the State regarding Claim #7 against her client, Laura
239  Sommerschield as follows:
240
241  **From March 23, 2019 to present day, this case holds a very detailed tracking**
242  **through discovery and court record of the following facts:  that** the scope of
243  Attorney Colony is contained to two defendants, with single event and action
244  allegations, that was ordered to containment by the court on October 7, 2019; **that**
245  95% of the Plaintiff's medical care records, spanning six years and 5 million dollars
246  in taxpayer cost were solely given by outside in the medical community specialists
247  and not the internal workings and employees of the Colorado Department of
248  Corrections; **that** the dynamic of that fact, for legal purposes now, resulted in two
249  sets of Plaintiff medical records with the voluminous number of the *total medical*
250  *records* controlled by all outside community and the patient herself, of which the
251  internal CDOC accessed only a very small portion of during the entire six years, as
252  they acted, at all times, as the support care for the outside community and at no
253  time made diagnoses or significant orders for Plaintiff. Completing the dynamic is
254  the second set of medical records being physically controlled by the CDOC and
255  technically/legally requiring patient/inmate/Plaintiff authorization to access and
256  release as legally, the information within the CDOC controlled records belongs to
257  the patient/inmate/Plaintiff; **that** at no time, due to the unilateral control, without

7

A

the Plaintiff's authorization, release or accepted by State and CDOC participation of the Plaintiff: Attorney Colony at all times took and remained in control of determining what CDOC records to produce, decided what levels of privacy, viewing and classifying, disbursing and attaching State only definitions of what are actually only a small amount in existence within CDOC, of selected portions of the CDOC medical records of the Plaintiff, which she combined with the State's seizure of all of Plaintiff's inmate records, criminal justice records, behavior and mental health records that do not in any way qualify as "medical records"; **that** neither side of defense counsels has availed themselves of any portion of the outside medical community records of Plaintiff with the exception of the limited to scope Aurora South records by the State. Any Denver Health records in the hands of the State now were forced upon the State by the Plaintiff and not willingly collected by Attorney Colony through discovery processes; **that** neither side of defense counsels have taken any depositions of outside community, any depositions of anyone other than Plaintiff, have conducted no interviews, gathered no witness statements, accessed in any way any of the discoverable information provided to them by the Plaintiff.  **Therefore, any and all sworn now to the Court, by the State or any other defense counsel the State is joining with; statements as to Plaintiff's "medical records" "speaking for themselves" (and/or) any and all claims of 'factual' references to** *medical actions taken only by the support <u>nursing</u> staff* **as being even sound enough to stand up to the highly specialized caliber and impeccably detailed records of the outside medical community specialists in place for literally years;** *<u>are sworn using undeniably very limited and partial "medical" and existing factual records of the Plaintiff</u>.* Plaintiff replies to the State that with specificity to Laura Sommerschield, the entire defense raised is a claim that Laura Sommerschield did not schedule transport ordered by Denver Health surgeons, is not responsible in any way for scheduling inmate transports for any reason and had no authority to schedule medical transports for her patients. With allegedly, an 'alibi' in support being provided by her counsel as counsel maintains to record (ECF 164, 178, 182) that the CDOC "has no records" of a transport department and that no such records or personnel exist to produce.    **Plaintiff did attempt,** more than once, to move Attorney Colony's focus to her experience of the 'found' Victoroff blood lab buried within the State's production of CDOC records to the repeat of the same type of misleading being done by her other client; Laura Sommerschield.  In that, the name "Daphne Miller" repeatedly cycles through the 'condensed encounters' of Plaintiff's CDOC produced medical records during the times and dates in question within the claim against Laura

8

A

Sommerschield. "Daphne Miller" is the medical transport coordinator and transport department (yes, there is one) head for the Colorado Department of Corrections. The 'missing' transport department records (and) the impeccably detailed surgeon and Denver Health records forced upon Attorney Colony, combined if need be with dragging Surgeon Echalier in for trial testimony, as no interview, deposition or approached in any way was taken of her by the State; do combine with the facts of the claim to make up the soon forthcoming Plaintiff Motion for Summary Judgement of Laura Sommerschield. Plaintiff makes no changes or concessions.

**PREVIOUS LAWSUITS**

Plaintiff replies as she makes no changes or concessions.

**ADMINISTRATIVE REMEDIES**

Plaintiff holds as to all of her statements and disclosures regarding administrative remedies and their history within this case as being truthful and accurate. She further continues to point to the vast (multiple dozens of administrative processes and all coordinator's and administrative logs spanning two facilities and four different coordinators) not produced by the CDOC (and) being refused to be produced by the CDOC through State AG Amy Colony. (ECF 178, 179, 182). Fact based is now closed. CHP Defendants remain refusing to access their own CDOC records; Plaintiff assumes due to their lack of desire to be seen in the obvious resulting force association to State AG with regard to CDOC records now finalized. Plaintiff's grants of dismissal of Claims #5 and #6 were ties to CDOC discovery ending and Attorney Colony left standing alone with her production. There is no further ability left, as the State ran out the clock; for either side of the fence to be able to gather further or utilize the vast amount of administrative evidence in this case that they previously refused to disclose. Plaintiff certifies and holds, with no concessions, in all areas of administrative remedies, that she met all obligations.

**REQUESTED RELIEFS**

Plaintiff replies as the State AG and her clients have no related events of any kind, no sharing of claims of any kind, no sharing of any kind that is relevant in

9

A

any way to the specific legal questions and premises raised against any other persons/parties within this case, no statutory or constitutional ties of any kind, no questions of law of any kind, no questions of liability or related matters of any kind regarding the punitive damages, claims or reliefs requested of the CHP Defendant group.  The relief requests for State clients Victoroff and Sommerschield are compensatory only and are clearly listed, or will be, within dispositive motions of Summary Judgement and/or given to a jury at trial.  Therefore, Plaintiff has no obligation of any kind to consider the personal viewpoints and opinion given within the State's answer.  Strictly as a courtesy to the State, Plaintiff states that she makes no changes or concessions.

### **DEFENSES AND AFFIRMATIVE DEFENSES**

**Plaintiff replies as follows:**

1.  Plaintiff's Fifth Amended Complaint has been accepted as moving forward by the Court.

2.  Plaintiff's Complaint has held the jurisdictional grounds through 10 months and multiple judge's administrative reviews and an additional 9 months of litigation.  The State Defendants have been moved, by the Court, through the processes within those timeframes as having no governmental immunity as they are being sued in their personal and professional (medical professional) capacities.

3. Plaintiff disagrees and states that the evidence and facts, in their entirety; support her.

4. Plaintiff disagrees and states that the evidence and facts, in their entirety; support her.

5.  Plaintiff's Complaint has held the jurisdictional grounds through 10 months and multiple judge's administrative reviews and an additional 9 months of litigation.  The State Defendants have been moved, by the Court, through the processes within those timeframes as having no governmental immunity as they are being sued in their personal and professional (medical professional) capacities.

A

6. Plaintiff restates the Court's containment of the State, by the Court on October 7, 2019, to the specific scopes charged against her clients. Which are, specifically and plainly charged as being singular events that only each could have humanly possibly committed as they were each acts of both personal judgement and personal will with neither stopping themselves, when things began to 'go bad' and reversing to remove the Plaintiff out of a zone of danger.

7. Plaintiff disagrees. There is no 'penological purpose' that entitles or authorizes any act of putting an inmate, by a medical professional, into the zone of danger where verifiable physical injury was the end result.

8. Plaintiff restates the unequivocal fact that at all times, during both events charged against State clients, she was incarcerated with no ability or means to provide her own care during either event. At all times, she was under the direct and assigned authority of Hilary Victoroff and Laura Sommerschield as each event occurred.

9. Plaintiff replies as to the question of "duty", that ~~the~~ all the facts including the 'missing' CDOC standards and operational rules (which will now be testified to at trial as discovery production has been barred), the fact of Plaintiff's incarceration and assignments, law and constitutionality; are for the Court or Jury to determine.

10. Plaintiff restates, that at all times within this suit the State Defendants have fallen into compensatory damage requests. Which limits mitigation as damages are not ongoing or subjective; they are specific either to cost only of repair to compensate (or) limits imposed by statute. Hilary Victoroff is fully claimed and pending Court deny or grant of Summary Judgement. Now that this final stance today, from State counsel, finally provides from State, a clear structure to the posture of the State, which is something that has been sorely lacking to date; Plaintiff's Motion for Summary Judgement Laura Sommerschield follows shortly. As claimed, and as the State is aware, the cost of left eye surgery for PPV Floaterectomy surgery to repair and enable Plaintiff

11

A

to see clearly is the compensatory claim requested. Plaintiff holds and makes no changes or concessions.

11. Plaintiff replies that all limitations were either removed or granted and have held within the claims still standing; through 10 months of administrative reviews by multiple judges and 9 months of litigation thereafter.  Plaintiff holds and makes no changes or concessions.

12. Plaintiff's complaint has held the jurisdictional, statutory and constitutional grounds through 10 months and multiple judge's administrative reviews and an additional 9 months of litigation. She makes no changes or concessions.

13. Plaintiff's complaint has held the jurisdictional, statutory and constitutional grounds through 10 months and multiple judge's administrative reviews and an additional 9 months of litigation. She makes no changes or concessions.

14. Plaintiff's complaint has held the jurisdictional, statutory and constitutional grounds through 10 months and multiple judge's administrative reviews and an additional 9 months of litigation. She makes no changes or concessions.

15. Plaintiff replies, that as State Attorney Colony once again, makes a sworn statement to the Court, she does so with a foundation of the very limited, partial holding of records that she has collected herself and no investigations, depositions, interviews or reviews of any of the discoverable information supplied to her by the Plaintiff.  Plaintiff was in excellent health, according to the diagnostic testing of the CDOC upon entry into corrections in November 2012.  None of her stated diagnoses, injuries or damages were pre-existing as none began until aprx. March 2013 when first discovery was had by a LaVista licensed medical doctor.  Which returned her to Denver Womens and where Hilary Victoroff herself placed Plaintiff on a medical hold.  A hold, which still stands, even in parole.

16. 17, 18:  Plaintiff disagrees that any defendant will find full reliefs or likely even any partial reliefs through the cites given now.  The one area that has

A

been repeatedly complained about by defense counsels, yet now serves the purpose of all of Plaintiff's claims having born somewhat unusually heavy scrutiny through all court reviews; is that multiple judges have reviewed this case and so far:  it stands.  Plaintiff makes no changes or concessions.

19. Plaintiff replies: "For the first time, she herself states: that she is in complete agreement with all defense counsels in that all of her medical diagnoses, status and records speak for themselves."  She makes no changes or concessions.

20. Plaintiff sees nothing of substance within this answer to reply to.  She makes no changes or concessions.

21. Plaintiff replies as to only the current movement by defense counsels as a "joint" movement for more time for "dispositive" motions filing:  The obvious wording that defense counsels, after seeing Plaintiff's recent filings, filed for modification of the scheduling order to prolong "dispositive".  When, in fact, they are gathering fact-based.  Which closed on November 1, 2019.  Plaintiff refers all, including the court, to her forthcoming objection that based upon the answers to fifth amended by all defense counsels, that very clearly show their intent to continue gathering beyond the Rules allowances (and) a much clearer and now locked in verification of the structure of "medical records" in this case that was previously clouded by all of the path of Attorney Colony and her client; Plaintiff strongly objects to any grant that allows defenses to so flagrantly disobey the rules.  All, are where they are and did, in fact (ECF 89) literally waste over 8 months of this case's time by doing nothing but rely upon the State AG's production.  At every turn, every movement for extensions of time, with the exception of Attorney Kennedy surrounding his crafting of the scheduling and protective orders for this case; the Plaintiff believes defense counsels have manipulated time.  Time in a case that factually holds a seriously ill Plaintiff and that was originally held by the Magistrate Court to non-allowance of extensions and instead a "smokin' hot" schedule.  This schedule has been anything but due to defense counsel's actions all the way around.  Plaintiff's interpretation of the Rules of Law is that they are exactly that:  rules to be obeyed.  She therefore advises all that she intends to file to show cause as to 'why' defense counsels,

A

473   based on their choices, output and behavior to date in this case should be
474   allowed to extend "fact-based" as "dispositive".
475
476   **Wherefore, Plaintiff Shawnee Ryan, finds nothing within the Answer to 5th**
477   **Amended, from State and State Defendants now, nor within same's answers to**
478   **previous amendments in the past, nor within same's path of filings to date**
479   **during litigating to date, nor nothing within same's productions of discovery**
480   **except for solid validations to Plaintiff's claims made; that sway her in any way**
481   **to anything other than her demand remaining the same:**
482
483   **Plaintiff Shawnee Ryan remains respectfully requesting that the State be fully**
484   **denied and demanding a full trial by jury, on all claims. She further stands on**
485   **her requests for reliefs as stated.**
486
487   Respectfully submitted this 24th day of November 2019.
488
489   S/Shawnee Ryan
490   11309 West Exposition Drive
491   Lakewood, Colorado 80226
492   720-431-8319
493   shawneeryan216@gmail.com
494
495   **CERTIFICATE OF SERVICE**
496   I have served a complete and full copy of the foregoing via CMECF to the parties
497   below on this 24th day of November 2019.
498
499
500   S/Shawnee Ryan
501   11309 West Exposition Drive
502   Lakewood, Colorado 80226
503   720-431-8319
504   shawneeryan216@gmail.com
505
506   Clerk of Court:  cod_cmecf@cod.uscourts.gov
507   Andrew David Ringel:  ringela@hallevans.com
508   Edmund Martin Kennedy:  kennedye@hallevans.com
509   Amy Colony:  acolony@coag.gov