IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

---

**PLAINTIFF'S SECOND MOTION OF OBJECTION TO JOINT DEFENSE EXTENSION OF TIME TO MEET DISPOSITIVE NEEDS**

---

With sincere respect to the Magistrate Court, Plaintiff Shawnee Ryan comes now and continues to object to any extension of time for joint defense counsels to meet dispositive process needs.

Now that the extension has been granted, Plaintiff is asking, based on the following facts, that the defense counsels be prohibited from using the extension to extend fact-based discovery that they all, verifiably, did not conduct within the eight months of time they had at their disposal to do so. That they all, be held to working with what they forcibly produced and held as "the entirety" of records in existence.  Plaintiff shows as follows:

Based on the clear statement from Judge Kreiger in her grant of filing 5th Amended (ECF 183, page 6) that the amendment "..does not add new parties or new factual allegations; it merely updates Ms. Ryan's address and Dr. Mix's description as a Defendant and clarifies the categories of damages sought for each claim…" **(and)** Judge Krieger's grant of State dismissal at (ECF 193) **(and)** the Magistrate court's denials at (ECF 181 and 182) *in concert with* the Senior Court's ruling; which does have *the logistical effect* of ending and eliminating the entire ongoing work *regarding CDOC discovery activity*; there simply is no truthful

1

disclosure by defense counsels to their statements that they:  "(ECF 188, which is move for 28 days only  to extend time to answer a single motion)…"require additional time to review the thousands of pages of complex medical records, and review and incorporate Plaintiff's testimony"".

Which are then ostensibly filed by same Attorney Colony within (ECF 187) as "…**Plaintiff's claims arise from complex medical diagnoses treated during her incarceration. Her claims against the CDOC Defendants arise out of the following events: (1) the alleged denial of admission to the Denver Regional Diagnostic Center infirmary by Defendant Victoroff following Plaintiff's discharge from inpatient chemotherapy at Rocky Mountain Cancer Center in early February 2017; (2) alleged falsification and disclosure of Plaintiff's medical records by Defendant Victoroff to the undersigned counsel, in violation of state and federal law; and (3) the alleged delay in scheduling cataract surgery for Plaintiff at Denver Health by Defendant Sommerschield.**
**6. The CDOC has produced over 5,500 pages of medical records and over 1,000 pages of other CDOC records to the parties. CHP has produced over three hundred and fifty pages of records. 7. Plaintiff was deposed by the CDOC Defendants on October 18, 2019. Defendants Hilary Victoroff, and Laura Sommerschield, by and through counsel, Amy Colony, Esq., Senior Assistant Attorney General, and Defendants Jennifer Mix and Correctional Health Partners (CHP) (Joint Defendants) by and through counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., jointly request this Court to enter an Order Modifying the Scheduling Order (Doc. 132) with respect to the dispositive motion deadline. In support thereof, Joint Defendants state the following:  *In order to coordinate and draft dispositive motions, Joint Defendants require additional time to review the thousands of pages of complex medical records, review and incorporate Plaintiff's testimony, as well as obtain affidavits from numerous medical professionals, both inside and outside of CDOC, who were involved in Plaintiff's care over the course of over five years…."***

All of which, *are in addition to* nearly the same exact statements made by Attorney Colony at (ECF89) on March 23, 2019 when requesting more time. **Statements that either did not get acted upon at the time (or) were not done in the same light as today** *due to the undeniable now, fact of record that the entirety of the "two boxes" (the sum total of the "thousands of pages" claimed*

2

*to be necessary to review now) were already in route to physical copying (already recorded to record with time and date stamps of March 23, 2019) within Bifurcation attempt by Plaintiff) into the hands of Attorney Colony at (ECF89) when she (near verbatim) made the exact same claims that she needed to 'conduct interviews, gather experts, review thousands of documents'.*

Finally, once granted extension of time for all the above 'needs', culminating into the Answers then near immediately given by each set (ECF 195 and 196) to 5th Amended Complaint.  Which, *as Plaintiff respectfully asks the Magistrate court to carefully review,* 'slip in' statements such as "reserve to amend as…develops…".[1] "…failed to meet administrative remedies…."[2]

***Plaintiff makes a second, sincerely respectful of the Magistrate Court, request*** *to please then take the time and patience to thoroughly read and review the Plaintiff's replies to those Answers which are located at (EC197 and 198).*  **For the first time in this case, now that the cloudy, murky full-out disruption to this entire case began at the discovery of pre-existing CDOC discovery already in use by the State AG and her clients, on May 29, 2019:** *the ability to see the simplicity of this case, that has always been present and now, with the recent decisions of the Plaintiff and the subsequent rulings of both courts; **is cleanly, concisely and clearly framed outwardly.  There is now, the easy ability to see the dynamic that entangled it all.***  Plaintiff believes, that both Judges in this case and the case itself will now have, with that dynamic spelled out without interferences by others; a much easier and faster moving path forward in this case.

***"But only 'if' that same dynamic is not allowed to entangle it all again."***

Plaintiff pleads as follows:

---

[1] Plaintiff asks:  "What" "develops"? Would that be the gathering of the entirety of tens of thousands of pages of outside medical records previously disregarded as "irrelevant" by the State? That as of Nov. 19th Plaintiff verified with all outside had not yet been accessed by any defense counsel despite having had access since June 11, 2019? "What" interviews of specialists etc. that were never approached let alone interviewed or deposed for 8 months prior?

[2] Would these be the small handful of selected partial administrative remedies produced by Attorney Colony and her client? Or are they the voluminous (multiple hundreds of pages) administrative remedies that are missing from AG/CDOC/Client production along with all relating grievance coordinator logs spanning 4 coordinators and 2 facilities, all Offender Services interventions, all Emergency Interventions, all CMO case files filled with letters and staffing records?

3

1. The extension of time as "Joint" is unwarranted.  The footnote of the Magistrate Court noting that the Senior Court had not yet ruled upon Plaintiff's Motion to Dismiss is noteworthy with regard to Attorney Colony.  She has:

   - Taken her final stand (ECF 178) regarding her sole work with the CDOC records of the Plaintiff and has been granted her wishes and request at (ECF 182 (and) ECF 181).

   - Been unilaterally removed from representation of the CDOC discovery issues and the civil liability claims #5 and #6.

   - Fact based, closed on November 1, 2019.  The Rules as such, pertain to the CDOC discovery and Attorney Colony.

   - She has no "dispositive" motions or filings to address, other than answers to very simple summary judgements that she has had the information on since end March 2019.  There are no related events of any kind, statutory or constitutional ties of any kind, questions of law, questions of liability or related matters of any kind between the claims against the State defendants and the claims against the CHP Defendant group.  This lawsuit reads plainly as the two groups and the two sets of defense counsels filed within same suit and separate in content from each other. Any and all co-mingling, even as a possibility, ended at (ECF52), February 1, 2019 with the grant of immunity and subsequent dismissal that rendered down to a non-party; of the Colorado Department of Corrections.

2. **With regard to CHP Defendants:** To the best of the information and belief Plaintiff has as knowledge; State Attorney General Weiser has never authorized the State Attorney General's Office to provide counsel or defense assistance, beyond an ethical obey of  Rules, for any member of the CHP Defendant Group and their counsel of record:  Hall and Evans.

   - **It is utterly irrelevant that due to the same identical wastes of 8 months of time within fact-based, while co-mingling all their needs with the State and effectively not accessing *any* of Plaintiff's records, *not* deposing or interviewing *any* of the long list of medical providers and**

- **entities given to them; that Hall and Evans now find themselves cut adrift as Attorney Colony is left with what she has as a sole scope.**
- **Attorney Ringel does now have, which he can use if he wishes to lock in association with the State's pre-existing CDOC discovery; full and complete release of access given to him by the Plaintiff. Plaintiff, of course, would be provided her copies of every bit of production he manages to pull out of the CDOC that did not come out of the CDOC with Attorney Colony at the wheel (ECF194).**

3.   Plaintiff asks that all defense counsels *not be allowed* to conduct fact-based work now.  Of any kind.  That they be held strictly to use of the extra time they have been given, to "compile" and "organize" and "deal with" "….Plaintiff's filings…" only.

Respectfully submitted this 24th day of November 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 24th day of November 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov