**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

**PLAINTIFF'S 1ST FILING OF SUPPLEMENTAL FACTS IN SUPPORT OF (ECF200):**
"Second motion of Objection to joint defense extension of time to meet dispositive needs"

Plaintiff Shawnee Ryan comes now, attaching **as Exhibit One:** "Correctional Health Partners and Jennifer Mix's Expert Disclosures" (and) **Exhibit Two:** "CDOC Defendant's Expert Witnesses Pursuant to Fed R Civ P 26(a)(2)(c) and respectfully requests the Court to supplement her objection at **ECF200** with the following truthful statements made by herself as a first-hand witness spanning over six years of direct contact and knowledge of the information being brought forward within the attached **(and)** statements of fact **in support of** her movement to not allow joint defense counsels to conduct fact-based discovery under the quise of their requested and granted extension of time to organize in preparation for dispositive filings (ECF 187, 188, 190, 191, 192, 200).

**Certification of Truthful Disclosure and Compliance:** "Plaintiff hereby certifies, under D.C. COLO.L.CIV.R 7.1 that she has, from March 23, 2019 through the filing of ECF200, either fully conferred with (or) (and/or) is aware that the court's rulings have, with specificity to State Ag Attorney Amy Colony over the information and facts given within this supplemental filing. Plaintiff further certifies, with specificity to CHP Defendants she has done same.  Including, but not limited to,  the containment of the State AG and her clients to the separate and simple single events claims filed against the one current employee and the

1

one former employee of the CDOC who make up the sum total of representation for the Office of the State Attorney General within this lawsuit **(and)** voluminous conferring, filings, orders and recorded to record proof and offers of proof regarding Plaintiff's attempts to obtain the discovery of her entire CDOC records files. Plaintiff certifies with specificity to CHP Defendants that she gave full release ability to CHP Defendants to access Plaintiff's complete CDOC files (ECF194). Plaintiff further certifies that she has met every obligation to produce relevant to the scope of all defense counsels.  Not only the very limited requested discovery made upon her, but also relevant to scopes information and discovery not requested. Plaintiff certifies that at no time within this case or otherwise, has the Office of the State AG, in that office's inserting of Attorney Colony into the Plaintiff's discovery process with CDOC;  been requested to represent, authorized to represent, been given permission to represent or entered to represent the Plaintiff and/or any of her interests within this case. Plaintiff certifies that to the best of the information she has and her knowledge; State Attorney General Weiser has also never authorized the State Attorney General's Office to joinder the State scope to the CHP Defendants or provide counsel or defense assistance, beyond an ethical obey of Rules, for any member of the CHP Defendant Group and their counsel of record:  Hall and Evans. Plaintiff certifies that to her first-hand witness knowledge, her understanding of applicable statutory, rules and constitutional guidelines for the jurisdictions and foundations of this case (and) the operative complaint within this case (ECF184), that there are no related events of any kind, statutory or constitutional ties of any kind, questions of law, questions of liability or related matters of any kind between the claims against the State defendants and the claims against the CHP Defendant group. Plaintiff certifies that the federal and  state questions of law and jurisdiction within this case are solely against the CHP Defendant Group and do not touch, interact or pertain to the CDOC Defendants in the limited scope of claims (Claim #4 and Claim #7) being represented by the Office of the State Attorney General.  That this lawsuit does read plainly as the two groups and the two sets of defense counsels filed within same suit and separate in content from each other. Plaintiff certifies that she believes any and all co- mingling, even as a possibility, ended at (ECF52), February 1, 2019 with the grant of immunity, and subsequent dismissal, that rendered down to a non-party of the Colorado Department of Corrections. **This certification of truthful disclosure is sworn under penalty of perjury.**

**STATEMENTS OF FACT RELATED TO THE ATTACHED EXHIBITS OF DEFENDANT COUNSELS:**

1. Plaintiff is aware that the timing for removals or impeaching of evidence and witnesses, under FRE Rules 402, 403, 404, 602, 607, 608, 609, 701, 702, 801, 802 is primarily at pre-trial and trial ripeness. **Plaintiff, at this point, is solely supplementing her statements to record within her filing of (ECF200).**

2. The operative complaint of this case is (ECF184).

3. Fact based discovery ended on November 1, 2019. Plaintiff's multiple attempts to assist, after October 7, 2019 hearing confirming State's containment of scope; by suggesting and consenting to grant cooperation of extending fact-based by another 60 days until after the first of next year; were decisively refused, via Attorney Kennedy, by all defense counsels.

4. As of November 19, 2019 and through her direct access and control over all of her outside of CDOC medical, administrative, insurance and financial records, Plaintiff has verified that at no time, since given full access within their scopes, on June 11, 2019, has either side of defense counsels accessed any of Plaintiff's outside records and discoverable materials; nor conducted a single interview or deposition of anyone other than the Plaintiff, with specificity to entire list of Plaintiff's discoverable information given on May 29, 2019 (filed multiple times as an Exhibit Bates #SKR000001. Re-attached now as Exhibit 3)

5. Of her own admissions at her filing of (ECF178), Attorney Colony has declared herself as completed with regard to Plaintiff's CDOC records. Further granted her request to be seen as complete and the court to hold Plaintiff to having no ability to access on her own at (ECF 182 (and) ECF 181).

6. The logistical procedural effect of the above (5), in concert with Attorney Colony and her client Defendant Victoroff being unilaterally removed from representation of the CDOC discovery through the removal of civil liability claims #5 and #6 (ECF 186, 193) (and) the November 1, 2019 closing of fact-based discovery ability (ECF132); was/is the closure of all of Plaintiff's CDOC records. Leaving Attorney Colony's production, at that point, being the sole records

3

available for all parties to work from unless the parties specifically plead the court otherwise.

**PLAINTIFF'S CERTIFIED (ABOVE) STATEMENTS OF TRUTHFUL INFORMATION**

A.  With regard to the State's (Exhibit Two, Expert witness #1) attempt to introduce former Chief Medical Officer Susan Tiona M.D. (and) Dr. Tiona's alleged involvement with: "…responsible for creating and implementing relevant CDOC health services policies and standards that governed Plaintiff's access to care and protocols of treatment…" :

**A 1)**  Neither State Defendant (Victoroff or Sommerschield) were operating, at the times and dates of the claims against them; under Dr. Tiona, as Dr. Tiona had already been released from her duties by the CDOC and Dr. Ariola-Tirella (Victoroff) and Dr. Bill Frost (Sommerschield) were the Chief Medical Officers during each event/claim.  Any statements made by Dr. Tiona for either of the very specifically contained complaints against these two defendants, would be not only hearsay (Tiona not present) but hearsay within hearsay (*Attorney Colony and State clients attempting to bring Dr. Tiona in as a "witness" literally over two years after the fact of each event and also in direct defiance of the US 10th's administrative dismissal of Dr. Tiona as a non-relevant non-party in this case (an act, if Dr. Tiona is willing to testify, that clearly opens the door for her to violate her immunity (CDOC is a non-party) and expose herself to all claims Plaintiff originally filed against her.  CHP Defendants and Dr. Mix, also clearly at risk due to the forthcoming trial testimony of Dr. Tirella regarding the alleged email exchange between Mix and Tiona claiming to "never" "giving her a transplant" (Plaintiff).  A potential situation that Plaintiff cautions the State she would be more than happy to capitalize on*)). **The factual witnesses, with first-hand sight for these very simplistic and specific Claims #4 and #7 would only be Dr. Tirella and Dr. Frost if the State is desiring to hear from former Chief Medical Officers.**

**A 2)  With regard to: "…responsible for creating and implementing relevant CDOC health services policies and standards that governed Plaintiff's access to care and protocols of treatment…" (Plaintiff incorporates the above A1 response):**  By her own, repeated and somewhat vehement defense of her own actions; Attorney Colony has, since May 29, 2019, sworn multiple times

4

to the court and numerous places within discovery and record, that no such practices and standards (asked for via subpoena duces tecum and subsequent citation for contempt of court by the Plaintiff) 'exist' within the Colorado Department of Corrections.  And/or, ostensibly and with lack of clarity, further stated that Plaintiff cannot use to meet her burden of proof in this case as they would be "security" barred.  To record, Plaintiff has repeatedly stated that "Clinical Practices and Standards" are housed within every clinic she has internally been seen in, exist in multiple dozens of 3-ring binders and are allowed to be viewed, with some exceptions for security purposes, by inmates as Plaintiff has been shown various needs at various times throughout her 6 years of incarceration.  Plaintiff's point now:  Any and all standards, policies and practices Defendant Victoroff and her counsel wish to utilize now, through the back-door of bringing forward former CDOC employee Dr. Tiona to voice them (and/or) any other 'found' 'back-door'; are not permissible evidence due to the State's refusal to bring them forward during discovery and the State's obstructing Plaintiff from accessing her own relationship and records with the CDOC.  In very much the same way that "transport" facts, cannot be used by Defendant Sommerschield, due to the same previous declarations and obstructing; "Clinical Practices and Standards" being brought forward as an alleged alibi for Defendant Victoroff are also inadmissible.  Attorney Colony must stand where she is unless she achieves a legitimate order of the court; which would, in the same way as Attorney Ringel is now hopelessly also chained to Attorney Colony:  put the information also into the hands of the Plaintiff per the Rules.

**A 3)**  For the sole purpose only, of objecting to joint defense counsels continuing fact-based into their dispositive extension:   Plaintiff cannot find any fault at this time, with the on-the-face expert disclosures list of Attorney Ringel. As CHP Defendants have a wide and broad license for trial purposes.  **At this time**, Plaintiff points out only that whatever Attorney Colony, now that she has viewed Plaintiff's answers, disclosures and statements of fact within (ECF 186, 194, 197, 198, 200) (and) the Court's grants of (ECF181, 182, 184, 193) has now obviously removed from her own declarations previously that she would be bringing forward; appears to have simply moved her desires over to the CHP list. *" Hilary Victoroff" and "Laura Sommerschield" and any other lay-person nurse, employee etc. of the CDOC have absolutely no relevancy of any kind regarding the federal and state fundamental two*

*questions of law that CHP faces in this case.  Plaintiff will deal accordingly, at ripe timing with any attempts by CHP Defendants to future muddy the facts of this case.*

**A 4)**  State's witnesses #3,4,5,6 are valid witnesses to the scope of the State albeit that each claim against State Defendants are not conjoined claims and are entirely separate from each other.  Plaintiff continues to advise the State that she will be strongly moving for separation and segregation of the two from each other should Plaintiff be denied summary judgements. Witnesses #3 and #4 are relevant to Defendant Victoroff Claim #4, as is Aurora South Medical Center for only the specific dates of Claim #4.  Witnesses #5 and #6 are valid witnesses, as is Denver Health Eye Clinic, to Defendant Sommerschield and Claim #7.  None, co-mingle or intertwine in any way for the specificity of the charges against State Defendants.

**A 5)**  Plaintiff's Multiple Myeloma diagnosis (and) any other diagnoses she has, other than the February 7, 2017 diagnoses of Influenza A, Sepsis of the blood, neutropenia, pancyptopenia and any other diagnosis of record from admittance on February 7, 2017; have absolutely nothing to do with Defendant Victoroff and the claim against her.  Defendant Victoroff is charged with an act of personal and professional decision of will that she made, actually within the course of one hour on February 3, 2017 at her decision to walk away from Plaintiff and leave no orders for care and monitoring.  Dr. Burke, is under no obligation whatsoever, to explain himself or his years of patient handling, his patient's medical care and needs other than the dates in question, and other than whether or not he issued the discharge orders already given as exhibit to record; and whether or not he received "a" telephone call from Defendant Victoroff; (and) what he may or may not have said within that alleged call; (and) whether or not he received a call from M.D. Yegappan on the evening of February 7, 2017 and  what he ordered during that call (and) whether or not (this one likely not asked by State but by Plaintiff) he had ever seen or been told of until present day, of the blood lab drawn on February 6, 2017 with STAT orders. **With regard to Defendant Sommerschield:** Dr. Burke is relevant contained only to stating his verification that it is the Dexamethasone chemo steroid, prolonged by years while waiting for transplant, that eventually caused such fast-growth cataracts in Plaintiff's eyes.  Further testifying that he did refer Plaintiff for eye evaluations, that he

6

did (twice) intervene direct with Denver Health Eye to get her in to appointments and schedules needed.  Facts (all of them) which are also the same exact facts Dr. Echalier holds for testimony.  Dragging Dr. Burke in, is the right of Defendant Sommerschield and Plaintiff advises that she will strongly hold only to relevancy of the Sommerschield charge and keep the inconvenience and expense to Dr. Burke to a minimum of time in.

**Plaintiff makes the stated observation of limitation to relevancy for State scope of Dr. Burke,** today in her continued objection to (what appears to her to be) a never-ending one-sided continuation of fact-based discovery by defense.  Attorney Colony, is n*ot trying the scope of CHP Defendants.  She is contained, as of October 7, 2019 (and) by the suit itself; to only her limited scope of clients and defense; and now further contained, as we all unfortunately are, to her hard-fought for, completed production of Plaintiff's "CDOC records".*

**In summary:**

*While it is certainly joint defense ability to continue to attempt to 'slip-in' the muddying of this case off its scope; through the back-door of the CHP Defendants and individuals such as previously dismissed Dr. Tiona; Plaintiff believes those obvious actions, being repeatedly made, is not only a manipulation of the court and this case; it is verifiably harmful to the Plaintiff moving this case forward to finality that she badly needs for the purposes of her health needs.*

*The State is very near to complete, especially after now verifying Plaintiff's previous statement that they have no expert witnesses and no depositions to conduct as Attorney Colony closed fact-based as she did.*

*Plaintiff is certain, that Attorneys Kennedy and Ringel are fully capable of handling their own case moving forward and doing so without any further alleged covering for the State (or) alleged manipulation through 'back-doors' and Chinese Walls of the now locked in 'completed' evidence provided by Attorney Colony.*

***If Joint Defense Counsels are held <u>solely to organizing themselves for dispositive (and) not being allowed to continue to bring in, now that they have finally decided to produce discovery after 8 months of nothing;  there would be no further need for Plaintiff or the Court to waste any further energy and resources trying to manage the current needs of this case.</u>***

**Plaintiff moves:**

Plaintiff respectfully asks that the court supplement this record notation of supplemental information and facts to her Objections to any and all continuations of fact-based discovery, without specific hearings and orders of the court, by any party, for any additional discovery wished to be brought in.

Fact-based discovery in this case ended, on November 1, 2019.

Now, as of December 2, 2019, that there are declared by all no expert reports to rebut; the only thing holding the case up for set to trial, is the now extension of time to 'organize' themselves by joint defense for dispositive purposes. ***(Unless the court continues to allow no specificity in the court's extension as to "interviewing witnesses", "gathering thousands of pages…" "compiling thousands of complex[1] pages").   This extension is now the 4th extension of time defenses have been granted.***

Up until the court rules on Plaintiff's continued Objection and this Supplement; the skillful wordsmithing of Attorney Colony at (ECF187 and 188) will continue to go unchecked.

Therefore, Plaintiff respectfully asks for a forthwith ruling on whether or not Joint Defense can continue as they are with gathering fact-based discovery outside of the Rules and Parties Scheduling Order.

---

[11] The only "complex" records are the actual medical records.  There are no "medical" records within internal CDOC as internal CDOC did not provide care for 95% of 6 years of complex care.  As "complex" records, were ignored to access during fact-based; there is nothing for joint defense counsels to "access" or "interview" until Plaintiff brings forward pre-trial and trial.

Respectfully submitted this 3rd day of December 2019.

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 3rd day of December 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov