IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

      Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

      Defendants.

---

## CDOC DEFENDANTS' EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)(C)

---

Defendants, Hilary Victoroff, N.P. and Laura Sommerschield, N.P. (CDOC Defendants), by and through their counsel, Senior Assistant Attorney General Amy Colony, submit the following disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C):

## INTRODUCTION

All opinions expressed by Defendants' experts as disclosed herein, if any, are to a reasonable degree of medical probability, unless otherwise noted.  Defendants reserve the right to elicit expert opinion testimony from retained and non-retained expert witnesses deemed to be reliable and relevant to the issues of standard of care, causation, and damages; and/or deemed to be helpful to the jury's understanding of the medical and scientific evidence in the case.

If additional materials are disclosed or facts discovered, Defendants reserve the right to supplement these Expert Witness Disclosures.  Defendants further reserve the right to utilize their expert witnesses to answer, rebut or respond to the testimony or opinions of Plaintiff's experts and the other Defendants' experts (if any), and anything relied upon by Plaintiff's and the other Defendants' experts as the bases for their opinions, deemed by the District Court to be relevant and admissible.

Defendants, by filing these Expert Witness Disclosures, do not waive and specifically reserve the right to interpose all appropriate and indicated objections or motions to limit or strike the deposition or trial testimony of Plaintiff's or other Defendants' expert witnesses (if any), or portions thereof, pursuant to Federal Rules of Civil Procedure and the Federal Rules of Evidence and applicable precedent.

Defendants specifically incorporate all opinions provided by these experts in their respective depositions, if their depositions are taken.

Furthermore, the Defendants provide these Expert Witness Disclosures, despite the fact Plaintiff has not disclosed any retained or non-retained, pursuant to the Court's scheduling order.[1]  By making these disclosures, the Defendants do not intend to waive any rights should an amended scheduling order be entered,

---

[1] *See* Doc. 171, p. 1, where Plaintiff states "Plaintiff will not be bringing forward *(sic)* designated as expert witnesses.'

including but not limited to supplementing these disclosures with additional experts and/or expert testimony.

**RETAINED EXPERTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B)**

None.

**NON-RETAINED EXPERTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(C)**

1. **Dr. Susan Tiona, c/o the Colorado Office of Attorney General, 720-508-6615.** Dr. Tiona is endorsed by the CDOC Defendants as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) to offer opinions and testimony concerning the medical care and treatment of Plaintiff, Shawnee Ryan.  Dr. Tiona was formerly employed by the CDOC as its Chief Medical Officer. Dr. Tiona supervised Plaintiff's treatment providers during her incarceration. Dr. Tiona also was responsible for creating and implementing relevant CDOC health services policies and standards that governed Plaintiff's access to care and protocols of treatment. Dr. Tiona may also testify concerning her education, training, experience, and other factors relevant to her expert qualifications.

Dr. Tiona is not receiving compensation for her study and testimony in this case.

2. **Dr. John M. Burke, M.D., Rocky Mountain Cancer Centers, 1700 S. Potomac St., Aurora, CO 80012, 303-418-7600.**

Dr. Burke is endorsed by the CDOC Defendants as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) to offer opinions and testimony concerning

3

the medical care and treatment of Plaintiff, Shawnee Ryan.  Dr. Burke was

employed by the Rocky Mountain Cancer Centers and served as Plaintiff's primary

oncologist, providing treatment for Plaintiff's multiple myeloma and light chain

deposition, during and following her incarceration. Dr. Burke also was responsible

for overseeing her chemotherapy treatments while she was incarcerated. Dr. Burke

may also testify concerning his education, training, experience, and other factors

relevant to his expert qualifications.

Dr. Burke is not receiving compensation for his study and testimony in this

case.

3.      **Dr. Arjune Y. Patel, M.D., Medical Center of Aurora, 5200 DTC
Pkwy, Ste. 400, Greenwood Village, CO 80111, 303-745-0000.**

Dr. Patel is endorsed by the CDOC Defendants as a non-retained expert

pursuant to Fed. R. Civ. P. 26(a)(2)(C) to offer opinions and testimony concerning

the medical care and treatment of Plaintiff, Shawnee Ryan.  Dr. Patel is an Internal

Medicine specialist who admitted Plaintiff to the Medical Center of Aurora on or

about January 26, 2017, for chemotherapy, and ordered her discharge on or about

February 3, 2017. Dr. Patel may also testify concerning his education, training,

experience, and other factors relevant to his expert qualifications.

Dr. Patel is not receiving compensation for his study and testimony in this

case.

4.      **Dr. Ryan P. Spillman, D.O., 5200 DRC Pkwy, Ste. 400,
Greenwood Village, CO 80111, 303-745-0000.** Dr. Spillman is endorsed by the

CDOC Defendants as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) to offer opinions and testimony concerning the medical care and treatment of Plaintiff, Shawnee Ryan. Dr. Spillman is an Internal Medicine Specialist who examined and treated Plaintiff at the Medical Center of Aurora, on or about February 7, 2017, for neutropenic fever, influenza A and a skin infection, upon Plaintiff's transport from Denver Regional Diagnostic Center. Dr. Spillman may also testify concerning his education, training, experience, and other factors relevant to her expert qualifications.

Dr. Spillman is not receiving compensation for his study and testimony in this case.

5. **Dr. Lacey Echalier, M.D., UCHealth, Sue Anschutz-Rodgers Eye Center, Denver, CO, 720-848-2020.** Dr. Echalier is endorsed by the CDOC Defendants as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) to offer opinions and testimony concerning the medical care and treatment of Plaintiff, Shawnee Ryan. Dr. Echalier was employed by the Opthalmology Division of Denver Health and provided treatment to Plaintiff for cataracts and aftercare during her incarceration. Dr. Echalier may also testify concerning her education, training, experience, and other factors relevant to her expert qualifications.

Dr. Echalier is not receiving compensation for her study and testimony in this case.

6. **Dr. Paula E. Pecen, M.D., Assistant Clinical Professor of Ophthalmology, UCHealth Sue Anshutz-Rogers Eye Center, 12605 E. 16th**

**Ave., Aurora, CO 80045, 720-848-2020.** Dr. Pecan is endorsed by the CDOC

Defendants as a non-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(C) to offer

opinions and testimony concerning the medical care and treatment of Plaintiff,

Shawnee Ryan.  Dr. Pecan was employed by UCHealth and examined and treated

Plaintiff in November 2018 for retinal tears and posterior vitreous detachment

during her incarceration. Dr. Pecan may also testify concerning her education,

training, experience, and other factors relevant to her expert qualifications.

Dr. Pecan is not receiving compensation for her study and testimony in this

case.

7.      **Agents and/or Representatives of the Colorado Department of**

**Corrections, c/o Amy Colony, Colorado Department of Law, 1300**

**Broadway, 10th Floor, Denver, CO 80203.**  These agents include, but are not

limited to, Hilary Victoroff, N.P. and Laura Sommerschield, N.P.  Ms. Ryan was

incarcerated and under the medical treatment of various providers employed by the

Colorado Department of Corrections.  Accordingly, these agents and/or

representatives may testify regarding their medical treatment and history with

Plaintiff, others' medical treatment and history with Plaintiff, policies and

procedures related to medical care, the medical records of the Plaintiff, information

related to the allegations contained in Plaintiff's Complaint, and all related issues.

None of these agents or representatives are receiving compensation for their

study and testimony in this case.

8.     **Agents and/or Representatives of Medical Center of Aurora,
1501 South Potomac Street, Aurora, CO 80012**.  These agents include, but are
not limited to, Dr. Arjune Patel and Dr. Ryan Spillman.  Ms. Ryan has treated at
The Medical Center of Aurora.  Accordingly, agents and/or representatives may
testify regarding their medical treatment and history with Plaintiff, others' medical
treatment and history with Plaintiff, policies and procedures related to medical
care, the medical records of the Plaintiff, information related to the allegations
contained in Plaintiff's Complaint, and all related issues.

None of these agents or representatives are receiving compensation for their
study and testimony in this case.

9.     **Agents and/or Representatives of Denver Health Eye Clinic,
Davis Pavilion First Floor, 700 Delaware Street, Denver, CO, 80204, 303-
436-4949.** These agents include, but are not limited to, Dr. Lacey Echalier, MD, and
Dr. Russell Williams, O.D.  Ms. Ryan has treated at The Denver Health Eye Clinic.
Accordingly, agents and/or representatives may testify regarding their medical
treatment and history with Plaintiff, others' medical treatment and history with
Plaintiff, policies and procedures related to medical care, the medical records of the
Plaintiff, information related to the allegations contained in Plaintiff's Complaint,
and all related issues.

None of these agents or representatives are receiving compensation for their
study and testimony in this case.

10.      **Any other treating physician, medical or healthcare**

**professional**.  As treating physicians, medical providers, or health care providers

such disclosed experts are not specially retained for purposes of testimony and no

report is necessary.  Such experts are expected to testify regarding Plaintiff's

physical condition and the treatment and care she received based on the Plaintiff's

medical records, and all related issues.

11.      Pursuant to Fed. R. Civ. P. 10(c), Defendants incorporate herein by

reference any non-retained experts endorsed by any of the other Defendants in this

matter.

Dated this 2nd day of December, 2019.

PHILIP J. WEISER
Attorney General

s/   *Amy C. Colony*
AMY C. COLONY, Reg. No. 36124*
Senior Assistant Attorney General
Civil Litigation and Employment Law Section
1300 Broadway, 10th Floor
Denver, CO 80203
Email:  acolony@coag.gov
Telephone: 720-508-6615
Attorney for CDOC Defendants
*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing **CDOC DEFENDANTS' DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)(C)** upon all parties herein by e-service addressed to the following this 2nd day of December, 2019:

Shawnee Ryan
11309 W. Exposition Drive
Lakewood, CO  80225
Email:  shawneeryan216@gmail.com
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
Email:  ringela@hallevans.com
        kennedye@hallevans.com

*Attorneys for Defendants CHP & Mix*

*s/      Amy Colony*
