IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

**PLAINTIFF NOTIFICATION OF CHANGE IN HEALTH STATUS with SUBSEQUENT DISMISSAL OF CLAIM #7 AGAINST STATE DEFENDANT LAURA SOMMERSCHIELD**

**Plaintiff Shawnee Ryan comes now**, requesting the Senior Court to place the enclosed and attached information to the record in this case and further requesting the subsequent dismissal of State Defendant Laura Sommerschield; Claim #7 (ECF184).

**PRELIMINARY STATEMENT**

1. The requested dismissal of the claim against this Defendant is _**not**_ requested due to any change or findings of defense that prove innocence. **In fact**, the request is brought forward today based upon a change in Plaintiff's health, diagnosed December 11, 2019 by Dr. Paula Pecen (Plaintiff's retina specialist and previously filed to this case at ECF143 Exhibit #13).  A change of further deterioration to Plaintiff's eyesight damages in left eye, which has markedly and visibly increased in severity over the past year and a steady increase of sight related headaches since March 2019. Dr. Pecen is the retina specialist, referred to Plaintiff by Dr. Echalier at release to parole when Plaintiff needed to obtain her own specialists for all of her health-related needs.  Due to torn retina in left eye (part of the claim against Defendant Sommerschield) Plaintiff

35   must now, for remainder of life, stay in the care of a retina specialist steady
36   monitoring the tear for further damages.
37
38   2. Rather than alleviating through 'innocence' or a valid defense; Defendant
39   Sommerschield now has, as of December 11th, 2019; a deepening evidentiary
40   foundation of highly probable ability within law, for a jury to find guilt as
41   Plaintiff's endangered eyesight steadily worsens since Defendant
42   Sommerschield made her decisions to not obey Surgeon Echalier's surgery
43   orders in 2017 and 2018.
44
45   3.   The Davis Eye Clinic at Denver Health Hospital (CDOC and Sommerschield)
46   records were found to be necessary to literally force upon State Attorney Amy
47   Colony due to her refusal to access on her own at fact-based discovery.
48
49   4. Records damning to Laura Sommerschield when combined with the other
50   damning partial evidence found within Attorney Colony's chosen CDOC
51   records (the repeated citing of the name "Daphne Miller" who appears
52   repeatedly during the events surrounding Plaintiff's eyes and repeatedly
53   showing up in concert with Laura Sommerschield's work at DRDC Infirmary as
54   Plaintiff's CDOC assigned CDOC provider.  Yet, conveniently missing the details
55   of the transports on behalf of Plaintiff). The evidence chain problem, however;
56   is solely the fault of Attorney Colony. Plaintiff clearly requested the records via
57   subpoena. Attorney Colony claiming (and being granted reprieve by Magistrate
58   Court) that no such transport dept. or records exist; **_had the logistical effect_** of
59   binding the hands of the Plaintiff as she cannot get access to her own
60   discovery and records (ECF 178 and ECF182).  "If' pursuing, which Plaintiff
61   intended to do until today's scheduling of her upcoming surgery with Dr.
62   Pecen; would have been another drawn out hyperbole of drama from the
63   State as they would be continuing to attempt to create defenses out of thin air
64   in the face of solid medical records that Plaintiff does have (and) that Amy
65   Colony refused to access during discovery.  Plaintiff not only would have had
66   to drag in two specialists to testify, but also drag in the CDOC transport
67   department head and likely Kellie Wasko (second in command CDOC et al) to
68   explain the standards and procedures *that back up the claims* of the Plaintiff.
69   "inmates" do not "walk" to appointments nor schedule their own; the CDOC
70   has them utterly dependent upon...the CDOC. Ms Wasko would be explaining

the "Standards and Procedures" that Attorney Colony claimed in ECF178 'do not exist'.  Yet, Attorney Colony later went on, in Exhibit two of ECF202, attempting to bring in a terminated former CDOC Chief Medical Officer to attest to "what" those "non-existent" "standards and practices" are, as allegedly this terminated former Chief Medical Officer had personally crafted them.

5. Attorney Colony's under oath claim to the Magistrate Court at (ECF178) in that CDOC has none of the records Plaintiff's subpoena duces tecum requested (and) her movement for the court to deny Plaintiff ability to produce six years of her life that are the CDOC records (granted by the Magistrate Court on both requests at ECF182, primarily based on the court's stated desire to "believe" Attorney Colony at her word):  was a patently false sworn statement.  "Daphne Miller" is the head of the medical transport department for the CDOC and has, literally, scheduled every single one of Plaintiff's multiple dozens of transports, ***after approval by the assigned provider of the inmate.***  The effect that action of Attorney Colony had, was to literally provide an 'alibi' for Laura Sommerschield.  The issue of the claim was Sommerschield allegedly ignoring Surgeon Echalier's orders to produce Plaintiff for increasingly urgent surgeries.  Which caused prolonged delay, for steroid (chemo drug Dexamethasone) speed fast-growing cataracts.  The worst being Plaintiff's left eye.  Resulting in (2) OR scheduled surgeries on the left eye and one laser surgery for retina seal.

6. Which, subsequently, caused complete vitreous detachment in left eye.  A need for surgical repair that Plaintiff was denied by CDOC to have done.

7. One of the primary complaints Defense Counsel's continue to attempt to raise as 'solid' is an alleged failure to mitigate damages by Plaintiff.  Despite the unequivocal fact that for the entire 6 years of all this going on; Plaintiff was incarcerated and unable to "mitigate" anything; including return to her professional field, physical therapy etc. etc.

8. In trying to even get back to a bare minimum of freelance work; the eyesight issue, in Plaintiff's detailed clerical and design work is impossible until she is made "whole" again through surgery to repair damages.  Her headaches spanning the past 9 months as she has tried; increasingly worsen as does her ability to see clearly at all.

9. Dr. Pecen's December 11th order for scheduled surgery to Plaintiff's left eye; scheduled for January 9, 2020 is attached as Exhibit One.

10. As Laura Sommerschield is compensatory damages (and) as Plaintiff is the type of person who keeps her truthfully sworn word to the Court and this case; the compensation she was requesting as damage from compensatory damages only defendant Laura Sommerschield, was to cover the cost of left eye repair surgery. Which, in December 2018, was classified by Medicaid as an elective surgery and not covered because It had not yet reached debilitating stages. "Debilitating stage" is now here and as of today's examination verifying; Plaintiff's surgery(ies) on her left eye are approved to proceed by Medicaid.

11. The entire saga, while not only mind-numbing; is a travesty and so disrespectful of the case, the court and all parties; Plaintiff is also factoring in her decision today, after receiving Dr. Pecen's surgical orders; as being rightful to avoid. In no stretch of the imagination, should Amy Colony or her client Laura Sommerschield see today as a "victory". It is the farthest thing from it.

## SUMMARY

When Plaintiff realized she would **have to go** through lawsuit against each defendant; she knew it would be extremely hard on her mentally, emotionally and physically. "How" did she "know" that?

A realistic expectation based on all of her previous six years of dealing with the State Defendants, just in order to stay alive until release. She had learned their base natures; the extreme depths of dysfunctional work ethics and the overall culture of their work environment; their overwhelming senses of entitlement to power over the lives and deaths of the totally under their personal powers: of the inmates they are assigned to; and the utterly complete incompetency proven over and over again in day-to-day handlings, the utterly incomplete education, training, abilities to care for the seriously ill and injured.

**What Plaintiff did believe, is that the lawsuit process would be fair.** This case has been anything but fair due to the actions of the State Defendants **and** their counsel. While Plaintiff 'can handle' "Pro Se"; she has no desire whatsoever to remain in any situation within this case that is a losing battle. "Losing", only because Plaintiff

does not even have a fraction of the power Attorney Colony has seized when she seized the collective power of her office by the throat and jumped into this case. Without the Rules, the law and the Court; continuing to struggle against that ethical abuse; is not something, in the state of health Plaintiff is in, that she should stay doing.  Plaintiff also has a strong sense of ethics in caring for what she would have to put Surgeon Echalier, Dr. Burke, Daphne Miller and Kellie Wasko through in order to wade through the dross of a crafted defense Attorney Colony can do nothing in the end; but lose.  It's an asinine waste of resources all the way around the board. Plaintiff sued in order to cover a surgery to save her eyesight that insurance, at the time, would not cover.  Now that, unfortunately, debilitation and deterioration has occurred to the extent that Medicaid will cover; Plaintiff no longer needs Laura Sommerschield.

**PLAINTIFF pleads as follows:**

**Therefore, based on increased deterioration of health, directly tied to the charge against Defendant Laura Sommerschield, *who is not a "punitive" defendant but only a compensatory defendant*; Plaintiff respectfully asks the Senior Court to dismiss Claim #7 against Laura Sommerschield, with prejudice.**

**Plaintiff advises the State that she will be turning all evidence over to the Colorado State Nursing Board for their handling of Laura Sommerschield's actions; which is a place Laura Sommerschield is familiar with as there is at least one other lawsuit active against her. "With prejudice" will mean that Plaintiff receives no compensation or anything but the knowledge that at least 'somewhere' there is a file that shows the facts of Laura Sommerschield's competency as a nurse practitioner.  Maybe doing so will prevent further damages to any of her future patients.**

**Therefore, "with prejudice" brings full relief to the Plaintiff in that this individual will be out of her life permanently.**

**With Medicaid covering the cost of surgical repair, Plaintiff's sight will restore and she can move on.**

**Respectfully submitted this 11th day of December 2019.**

Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 11th day of December 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony:  acolony@coag.gov