IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

---

**DEFENDANT HILARY VICTOROFF'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT: CLAIM FOUR (DOC. 180)**

---

    Defendant, Hilary Victoroff, N.P. (Defendant Victoroff), by and through her counsel, Senior Assistant Attorney General Amy Colony, submit this Response to Plaintiff's Motion for Summary Judgment: Claim Four (Doc. 180):

## PRELIMINARY STATEMENT

    Plaintiff Shawnee Ryan is a former inmate at Denver Women's Correctional Facility, released in October 2018 and currently on parole. Ryan brings suit pursuant to 42 U.S.C. § 1983, asserting numerous claims for relief under the Eighth

1

Amendment for deliberate indifference to medical needs.[1] Plaintiff claims that upon return to the Denver Women's Correctional Facility (DWCF) after an inpatient hospitalization for chemotherapy, Defendant Victoroff, on February 3, 20178 wrongfully denied her admission to the infirmary located in the Denver Reception and Diagnostic Center (DRDC). (Doc. 185, pp. 13-15). Over the course of the following three days, Plaintiff became ill in her cell and was ultimately transferred back to the hospital pursuant to her oncologist's orders, where she was diagnosed with neutropenic fever, Influenza A, and a staph infection on her finger that Plaintiff claims was due to a "spider bite." *Id.* Plaintiff recovered fully from these conditions. *Id.* at p. 15.

Plaintiff has not and cannot set forth any competent evidence in support of each element of her single claim for deliberate indifference in violation of the Eighth Amendment.[2] In support of her motion, Plaintiff relies on her own unsubstantiated allegations and lay opinion as to the information contained in the relevant medical

---

[1] Plaintiff voluntarily dismissed her remaining claims against the individual CDOC defendants on November 14, 2019 (Doc. 186 – Claims Five and Six Against Hilary Victoroff), and on December 11, 2019 (Doc. 204 – Claim Against Laura Sommerschield). This Court granted Plaintiff's motions on November 19, 2019 (Doc. 193) and December 12, 2019 (Doc. 206). The only remaining claim against a CDOC Defendant is Claim Four against Defendant Hilary Victoroff, which is the subject of Plaintiff's motion.

[2] As will be more fully demonstrated in Defendant Victoroff's own Rule 56(c)motion for summary judgment, to be filed on or before January 17, 2020, the undisputed facts demonstrate that Victoroff provided adequate care to Plaintiff based on the facts known at the time of her return to CDOC on February 3, 2017. As a result, Plaintiff fails to state a claim for deliberate indifference in violation of the Eighth Amendment.

2

records and her ultimate diagnosis. These allegations will not suffice to meet her burden. As a result, Plaintiff fails to state a claim for a violation of the Eighth Amendment for deliberate indifference to medical needs against Defendant Victoroff.

## STANDARD FOR SUMMARY JUDGMENT[3]

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc.v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). A material fact is one that "might affect the outcome of the suit." *Anderson,* 477 U.S. at 248.

---

[3] Plaintiff's motion fails to satisfy the minimum summary judgment requirements set forth in Fed.R.Civ.P. 56(c). In particular, her motion, with the exception of vague and confusing references to attached medical records, fails to cite to materials in the record as required by Fed.R.Civ.P. 56(c)(1)(A). Plaintiff relies entirely on her own unsubstantiated version of events and her lay interpretation of medical records and medical events that she alleges occurred during the time period in question. For this reason alone, her motion should be denied by this Court. In addition, the motion fails in all respects to comply with this Court's Practice Standards at 7.6.2(c). Defendant's task here in responding is complicated by these deficiencies and omissions. Defendant will attempt to respond to Plaintiff's assertions set forth in her "Relevant Summary Statements of record between the parties," as well as state a brief legal argument explaining why she has failed to demonstrate she is entitled to summary judgment on Claim Four.

Evidence sufficient to defeat a motion for summary judgment "must be based on more than mere speculation, conjecture, or surmise." *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 951 n. 3 (10th Cir. 1992). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. "A pro se party's materials may be afforded a liberal construction, but the court does "not act as his advocate." *Campbell v. Jones*, 684 Fed. Appx. 750, 753 (10th Cir. 2017).

If the movant has the burden of proof, the movant must establish every element of its claim or defense by sufficient, competent evidence to set forth a *prima facie* case. *In re Ribozyme Pharaceauticals, Inc. Securities Litigation,* 209 F.Supp.2d 1106, 1111 (U.S. Dist. Court, D. Colo. 2002). The movant bearing the burden of persuasion on the claim for which he or she is seeking summary judgment must show that the record as a whole satisfies each essential element of his or her case and negates any affirmative defenses in such a way that no rational trier of fact could find for the non-moving party. *ACLU v. Santillanes*, 506 F.Supp.2d 598, 624

4

(D.N.M. 2007), *rev'd on other grounds,* 546 F.3d 1313 (10th Cir. 2008). The court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor." *See Hunt v. Cromartie*, 526 U. S. 541, 551-52 (1999). "Summary judgment in favor of the party with the burden of persuasion, however, is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Id.* at 553.

## CLAIMS AND DEFENSES UPON WHICH JUDGMENT IS SOUGHT

### A. Claim 4: Deliberate Indifference to Medical Need

#### 1. Burden of Proof and Elements

Plaintiff does not acknowledge that as Plaintiff, she has the burden of proof as to Claim Four for deliberate indifference to a medical need in violation of the Eighth Amendment. *See Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied,* 450 U.S. 1041 (1981). (deliberate indifference to serious medical needs may be shown by proving there are such gross deficiencies in staffing, facilities, equipment, or procedures that the inmate is effectively denied access to adequate medical care).

Defendant otherwise agrees with Plaintiff's recitation of the elements on this claim as set forth on page seven, Paragraph M. of her motion, (Doc. 180), except to add the following: Since the Eighth Amendment claim arises from an alleged delay

5

in medical care, the Plaintiff is also required to show that she sustained a permanent injury or long-term harm as a result of the delay.[4] *Garrett v. Stratman,* 254 F.2d 946, 950 (10th Cir. 2001).

### 2. Elements challenged by the Defendants.

Elements 1, 2 and 3: Plaintiff has not presented competent evidence in the record demonstrating that (1) the alleged deprivation was "sufficiently serious" under an objective standard; (2) that Defendant Victoroff must have had subjective knowledge of the risk of harm; or (3) that Plaintiff sustained a permanent injury or long-term harm as a result of the alleged delay. In short, Plaintiff's preference for admission to the infirmary as opposed to the Women's facility, upon discharge from the hospital, is insufficient to support the elements of her claim for deliberate indifference to a medical need. *See Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000).

---

[4] Plaintiff has only stated *one* claim against Defendant Victoroff for deliberate indifference in violation of the Eighth Amendment. She has not stated a separate claim for "negligent infliction of emotional distress" (Doc. 180, p. 7), or any other tort. In addition, Plaintiff informed this Court at two separate hearings that she was not seeking any damages related to "emotional distress" with respect to her claims against the CDOC Defendants. (Doc. 116, p. 13; Doc. 139, p. 3). Plaintiff may not add new claims via a motion for summary judgment. While Plaintiff did attempt to add "negligence claims" against Defendant Victoroff via a "Joinder" motion on July 15, 2019 (Doc. 133) (rather than file a proper motion to amend the complaint), this Court denied that motion on November 12. (Doc. 183). This Court should disregard Plaintiff's statements of the law at pages 5-7 of her motion that rely on CDOC policies, state law and other theories in an attempt to add new tort claims. (Doc. 180, pp. 5-7, Paragraphs A, D, E, F, G, J, N, O, P, Q and R). None of these authoritoes are applicable to Plaintiff's single remaining constitutional claim.

### 3. Elements that cannot be proven by the Plaintiff

Element 1: Plaintiff contends that she is entitled to summary judgment because upon her return from hospitalization for chemotherapy, she suffered from a medical condition that required admission to the DRDC infirmary and consistent monitoring that she did not receive because of the actions or omissions of Defendant Victoroff. *See Sealock,* 218 F.3d at 1209.

Plaintiff is unable to meet the objective component of her claim for deliberate indifference because the "evidence" she relies upon is limited to (1) her belief that Defendant, a party who does not bear the burden of proof, has not come forward with any evidence that "clears her" and/or her contention that Defendant has allegedly failed to respond to discovery as Plaintiff deems is required (Doc. 180, ¶¶ 3, 4, 7-9); (2) unsubstantiated allegations that are not supported by any citations to the record but rather rely in large part, on speculation by Plaintiff (*Id.* at ¶¶5-6, 8-10, 13); and (3) her own lay opinion about her medical condition and her lay interpretation of her medical records and the treatment that she believes she required. (*Id.* at ¶¶5-6, 8-10, 13).[5]

---

[5] The remainder of Plaintiff's "Relevant Summary Statements of record between the parties" includes misrepresentations of entries in the docket and various orders entered by this Court, as well as her complaints about how discovery has been handed in this case. (Doc. 180, pp. 8-12, ¶¶ 1-3, 11, 14-16). Defendant expressly denies all of Plaintiff's claims relative to the Office of the Attorney General and the undersigned counsel. In addition to a number of false statements, Plaintiff incorrectly states that neither party disclosed experts. Defendant disclosed several non-retained experts, pursuant to Fed.R.Civ.P. 26(a)(2)(C), on December 2, 2017.

As the party bearing the burden of establishing a prima facie case of deliberate indifference to a medical need, Plaintiff may not support her motion for summary judgment by simply relying on the unproven allegations stated in her Fifth Amended Complaint or asserting that Defendant has failed to proffer evidence that "clears" or "defends" Ms. Victoroff against Plaintiff's charges.

Plaintiff supports her motion for judgment by relying almost exclusively on her own lay interpretations of medical evidence. This will not suffice to sustain her summary judgment burden. *Self*, 439 F.3d at 1233; *see* Fed.R.Evid. 701 (Lay opinion testimony is limited to "those opinions or inferences which are . . . not based on scientific, technical or other specialized knowledge with the scope of Rule 702."); *Bee v. Greaves,* 744 F.2d 1381, 1395-96 (10th Cir. 1984) (decision of whether or not a medical emergency exists warranting sedation of an inmate is indisputably a medical judgment to be made by medical professionals); *Brown v. United States,* 74 Fed.Appx. 611, 613-14 (7th Cir. 2003) (finding that in determining whether administration of analgesics was based on reasonable medical judgment, "[t]he knowledge of a medical expert far outmatches that of a common layman.");

---

Plaintiff made no timely disclosures of expert witnesses in accordance with the Scheduling Order. (Doc. 132). In any event, none of these statements set forth material evidence in support of her claim for deliberate indifference and must be disregarded by this Court.

8

*Bradshaw v. Nafziger,* 2011 WL 863548, \*9 (United States Distirct Court for D. Colo., March 10, 2011) ("it is inappropriate for the court, either of its own accord or at [plaintiff's] lay insistence, to attempt to interpret clinical medical guidelines for treatment. . . .[w]ithout competent testimony from a medical expert, however, [plaintiff] fails to carry his burden of demonstrating that [defendant's] treatment of him fell outside the Bureau of Prisons Standard). Plaintiff also may not meet her summary judgment burden by offering her unsubstantiated and lay testimony about infirmary admission practices at CDOC. *See* Doc. 180, fn. 1.[6]

Plaintiff's characterization of the "evidence" contained in Paragraphs 5-6, 8-10, of her motion (Doc. 180), in large part, contain scant citations to specific portions of the records, as required by the federal rules and this Court's practice

---

[6] With respect to the allegations made in footnote 1 of Plaintiff's motion, at page 6, Defendant denies that Plaintiff has been "blocked" by the Office of the Attorney General from obtaining Clinical Standards and Procedures at CDOC. Despite Plaintiff failing to ever identify with any specificity, the Standards she desired to review, CDOC made its best effort to meaningfully respond to Plaintiff's discovery requests and subpoena by disclosing several Clinical Standards that had any potential relevance to her claims, no matter how remote. As provided in an accompanying privilege log, many of the Standards contain sensitive materials concerning facility operations and security which are not subject to disclosure. Plaintiff did not file any formal objection to these redactions nor did she timely request an *in camera* review of the documents by this Court. In any event, Plaintiff fails to identify and attach any of the Clinical Standards to her motion or explain how they support her claims. Her subjective interpretation of facility operations concerning infirmary policies and admissions will not support her motion. The remainder of Plaintiff's allegations in footnote 1 of her motion are impossible to decipher and/or are not properly the subject of a summary judgment motion.

standards, *see* Fed.R.Civ.P. 56(c)(1)(A); Civ.Practice Standard 7.6.2(c). Rather, these are summaries of Plaintiff's own lay interpretation of the same. Because Plaintiff fails to cite to material in the record, it is impossible for Defendant to provide a meaningful response to Plaintiff's allegations.

At best, Plaintiff has offered admissions and attached exhibits to her motion that demonstrate the following:

Plaintiff was admitted to Aurora South for chemotherapy on January 26, 2017 (Doc. 180-2, p. 4), and discharged on February 3, 2017, in stable condition. *Id.* pp. 4, 9; (Doc. 180, p. 11, "Plaintiff was released on February 3, 2017 . . . in stable condition with up-trending blood levels post-DTPACE."). Her treating oncologist, Dr. John Burke, "suggest[ed]" DRDC infirmary admission over the Women's Facility. *Id.* at p. 12.[7] The discharge orders further provided that labs be drawn for

---

[7] Plaintiff has presented no testimony by Dr. Burke interpreting this statement as a strict "order" to admit her to the infirmary. Rather, it is expressly noted as a "suggested" placement for Plaintiff upon her return to CDOC. *See Hunt v. Cromartie*, 526 U. S. at 553 ("Summary judgment in favor of the party with the burden of persuasion, however, is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."). Nor has she presented any expert testimony showing that failure to admit her to the infirmary was contrary to any applicable standard of care under the circumstances. Finally, Plaintiff has presented no expert testimony demonstrating that the denial of admission to the infirmary was linked in any way to the conditions that caused her to be readmitted to Aurora South on February 7, 2017. Finally, Plaintiff's lay opinion of the relative risks of exposure to infectious agents, sanitation practices and level of medical monitoring presented by the DRDC infirmary as opposed to the DWCF Clinic, cannot be considered as competent evidence in support of her deliberate indifference claim. (Doc. 180, p. 2). Certainly, Plaintiff, who does not and cannot identify the source of the Influenza A, a highly contagious virus, could have been exposed to the virus at Aurora South just as undoubtedly as she could have

Plaintiff on the following Monday.[8] *Id.* Plaintiff states she was not admitted to the DRDC infirmary upon orders of Defendant Victoroff. Defendant was scheduled to be off-duty through the weekend.[9]

Blood labs were drawn from Plaintiff on Monday, February 6, 2017. These labs were ordered by Defendant in accordance with Dr. Burke's instructions. (Doc. 185-2, 185-3). Plaintiff was admitted to the DRDC infirmary on February 7, 2017. Plaintiff was returned to Aurora South on February 7, 2017, per the instructions of her treating oncologist, Dr. John Burke, where she was diagnosed with pancytopenia, neutropenia, Influenza A and a subcutaneous abscess on her hand. *See* Doc. 185-1, Plaintiff's Exhibit 1, p. 1

Plaintiff's lay interpretation of her laboratory results and other technical medical information contained within her attached records, for which this Court requires interpretation by a medical professional, *Bradshaw v. Nafziger,* 2011 WL

---

contracted it in the DRDC infirmary or the DWCF clinic. The source of her exposure is unknown.

[8] Plaintiff may not rely on unsubstantiated assertions about Rocky Mountain Cancer Center's records or her representations about her oncologist's "memory" to support her request for judgment on Claim Four. (Doc. 180, p. 11, ¶90.

[9] Plaintiff may not rely on her own lay opinion of Defendant's work schedule, her alleged documentation of instructions for Plaintiff's care, or lack thereof, to satisfy her summary judgment burden. Plaintiff has demonstrated no personal knowledge or independent verification of Defendant's instructions or lack thereof, such as medical records or the testimony of other staff on duty.

863548, *9, is insufficient to support the objective element of her claim for deliberate indifference to a medical need, that is, her obligation to present evidence that she was suffering from a serious condition at the time she returned to CDOC on February 3, 2017, that required medical care. In fact, the scant evidence she has presented demonstrates she returned to CDOC in stable condition on February 3, 2017, that labs were drawn on the date recommended by her outside provider, and she was transported back to Aurora South when she became ill due to the flu and neutropenic fever. Notably, Plaintiff has presented no evidence demonstrating that the denial of admission to the infirmary caused any of the conditions she was hospitalized for on February 7, 2017, or that placement in the infirmary could have prevented Plaintiff from developing those conditions.

Element 2: Plaintiff contends that because Defendant left for her normally scheduled days off without leaving orders for another provider for her care, and, delayed her admission to the DRDC infirmary, that Defendant had subjective knowledge of the risk of harm to Plaintiff. (Doc. 180, p. 11-12, ¶¶9, 13). However, once again, Plaintiff relies entirely on her own unsubstantiated allegations, lay opinion of lab reports and other medical records, as well as speculation about Defendant's state of mind to satisfy this element of her deliberate indifference claim. Notably, Plaintiff has presented no testimony from clinical staff on duty at the DWCF clinic during the time period Defendant was off from work, that substantiates her claim that staff were left with no instructions for Plaintiff's care.

Plaintiff further has cited to no independent evidence in the record that Defendant Victoroff caused her admission to the infirmary to be delayed on February 6, 2019, despite "mortally critically low lab levels," other than her own speculation. *Id.,* p. 12, ¶13.[10] Finally, Plaintiff elected not to depose Defendant and offers no testimony from Defendant suggesting she had knowledge that Plaintiff could become seriously ill over the weekend if she were not admitted to the infirmary or acknowledging that she failed to leave any instructions for staff on duty in addition to those already set forth in the discharge paperwork from Aurora South.

The deliberate indifference standard has been described as a "stringent standard of fault." *Bd. of Cty. Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997). The subjective component "presents a high evidentiary hurdle to the plaintiffs: a prison official must know about and disregard a substantial risk of serious harm." *Self,* 439 F.3d at 1232 (citing *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir.2005)). An "excessive risk" is one "sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). "Deliberate

---

[10] In Paragraph 10 of her "Relevant Summary Statements of record between the parties," Plaintiff contends Defendant failed to timely respond to "STAT" that showed "mortally critical levels" of white blood cell, neutrophils and red blood cell counts. However, Plaintiff cites to pages of an unidentified exhibit that is not attached to her motion (none of her exhibits include a page 34 and 35). In any event, Plaintiff relies only on her lay opinion of the meaning of these results and the medical action that should have been taken in response thereto, to demonstrate the subjective component of her deliberate indifference claim. This will not satisfy her summary judgment burden.

indifference" is characterized by "obduracy and wantonness" and "criminal recklessness," not negligence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Considering the Plaintiff admits she was returned by Aurora South to CDOC in stable condition, there was simply no reason for Defendant Victoroff to conclude that denying Plaintiff admission to the infirmary was "sure or very likely to cause serious illness and needless suffering." *Helling*, 509 U.S. at 33. Plaintiff further admits that she was discharged with information and instructions from the Aurora South clinical staff as to her ongoing care which she cannot demonstrate was inaccessible to any clinical staff on duty over the weekend when Defendant was off-duty.

As the party with the burden of proof as to this element of her single claim against Defendant, Plaintiff's self-serving version of events and conjecture about Defendant's actions or omissions will not suffice to demonstrate Defendant was subjectively aware of the Plaintiff's medical needs and that failing to admit her to the DRDC infirmary would pose an excessive risk to her health or safety. *Sealock*, 218 F.3 at 1209.

Element 3: Plaintiff contends that the delay in her admission to the infirmary and the failure to leave orders for monitoring her case caused her to become seriously ill, "nearly lo[se] her life," and that she endured "physical pain" of an unknown duration. (Doc. 180, pp. 5, 15). Plaintiff admits that after becoming ill over the weekend, she was readmitted to Aurora South where she was diagnosed

with neutropenic fever and influenza A, and returned to CDOC on February 16, 2017. (Doc. 180-1). She further admits that labs were drawn on February 6, per her oncologist's discharge instructions and (Doc. 185-2). Plaintiff has not and cannot demonstrate that these conditions were not successfully treated at Aurora South or that she suffered any long-term damage. She has offered no medical testimony or records showing otherwise. Significantly, Plaintiff has presented no evidence that any actions or omissions by Defendant, including the denial of admission to the DRDC infirmary, exposed her to these illnesses, let alone that she suffered any permanent damage from the same. In fact, during a hearing on October 7, 2019, Plaintiff advised this Court that she was *not* alleging continuing damages against the CDOC Defendants. *See attached,* Defendant's Exhibit A, Transcript, October 7, 2019, pp. 38-40. Plaintiff's unsubstantiated allegations to the contrary carry no probative weight. There is simply no evidence to show that Plaintiff sustained a permanent injury or long-term harm as a result of the delay in her admission to the infirmary. *Garrett,* 254 F.3d at 950.

## CONCLUSION

In summary, Plaintiff Ryan has failed to put forth sufficient, competent evidence to demonstrate that Defendant Victoroff knew of or disregarded an excessive risk to Plaintiff's health by denying her admission to the DRDC infirmary upon her return to CDOC following inpatient chemotherapy treatments at Aurora

South Hospital, or by failing to leave unspecified orders for her care with clinical staff on duty over the weekend.  Moreover, based on the evidence presented, no reasonable juror could find that Plaintiff was substantially harmed by the delay in her medical care allegedly occasioned by the denial of admission to the infirmary and Defendant Victoroff's alleged failure to leave orders for her care before taking scheduled days off.

Because Plaintiff has failed to satisfy the elements of her claim that Defendant violated a constitutional right, Plaintiff's motion for summary judgment must be denied.

Respectfully submitted this 30th day of December, 2019.

>PHILIP J. WEISER
>Attorney General
>
>s/ *Amy C. Colony*
>AMY C. COLONY, Reg. No. 36124*
>Senior Assistant Attorney General
>1300 Broadway, 10th Floor
>Denver, CO 80203
>Email:  acolony@coag.gov
>Telephone: 720-508-6615
>Attorney for Defendant Victoroff
>*Counsel of Record

<u>CERTIFICATE OF SERVICE</u>

  I certify that I served the foregoing **DEFENDANT HILARY VICTOROFF'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT: CLAIM FOUR (DOC. 180)** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 30th day of December, 2019, addressed as follows:

 Shawnee Ryan
 11309 W. Exposition Drive
 Lakewood, CO  80225
 *Plaintiff, pro se*

 Andrew David Ringel, Esq.
 Edmund Martin Kennedy, Esq.
 Hall & Evans LLC
 1001 17th Street, Suite 300
 Denver, CO  80202
 *Attorneys for Defendant Mix*


           <u>s/   Amy Colony    </u>