IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

**PLAINTIFF SUPPLEMENT FILING OF MEDICAL AND STATE RECORDS OF FACT TO ECF180 MOTION FOR SUMMARY JUDGEMENT DEFENDANT VICTOROFF**

With sincere respect to the Senior Court, Plaintiff Shawnee Ryan comes now with notice of an err on the Senior Court's part in condensing the diagnoses of February 2017.  Such condensing greatly decreases the reality of how close to loss of life Plaintiff came during the event of Claim #4.  She provides supplemental factual records  and asks that they be added as supplemental to the records she did already give that hold the same diagnoses; just a little more clear and plain.

Please supplement her Motion for Summary Judgement (ECF180) with the attached.

**Page three, second paragraph:**
- "At all relevant times.." is not in context with what the motion was pointing to when said.  Clarification: At all times, *within the event claimed*; Hilary Victoroff was the sole assigned CDOC provider to Plaintiff.[1]

---

[1] During the entire 6 yrs. Of incarceration and interfacing with clinical services; Hilary Victoroff was, at times a rotating assigned provider to Plaintiff.  In fact, (2) CDOC MD's and (4) other practitioners (CDOC) provided far more assigned rotating care than the defendant. Twice, the defendant was removed from Plaintiff care: March 2013

- "…spent the next 10 days in the hospital with neutropenic fever and a staph infection…" is a condensing of the factual diagnostics given in summary. Attached (State Bates #'s 06859, 06863, 06860 are respectfully requested to be added to the diagnostic facts given. They are more plain: (Influenza A, sepsis of the blood (not staph (which is a simpler skin infection) that deepened to MRSA (a highly viral infection of skin, body and blood in the same wound), pancyptopenia and deep neutropenia (which span far more of a treatment recovery hurdle and at the levels Plaintiff arrived in are why she was classified as "tenuous" and progressive to critical care as the records reveal)).

Additionally, and in light of the Magistrate Court ruling today (ECF 182 and ECF181) that we all must move forward without resolution from the previous 5 discovery conferences and the orders of October 7th, 2019 over the one issue regarding records gathered since March 2019 by the State; Plaintiff feels it is fortuitous to make sure the record in this Summary Judgement filing is clear, with regard to the 'fluke' of chance Plaintiff had in finding Defendant Victoroff's lab draw results of Feb. 6, 2017. In order for fairness to be given and rules to be obeyed by all in this case, it appears the first and only task remaining is to make absolutely certain that it gets to trial. Or, that the best effort is made at fairness when trying summary judgement now. To even get to trial, the wading through the murky being made has to continue. The best Plaintiff is left with, as all previous is not going to be ruled to completion; is to make sure the written record contains an evidentiary trail.

With that said and in light of the Magistrate court again taking verbal word of the State:

- Plaintiff has pulled a clean and legible copy of the Feb 6, 2017 blood lab that she filed with initial summary judgement filing. Doing so, direct from LabCorp and it is attached as SKR0365. Please review and note the details that verify every claim Plaintiff makes with regard to timeline, her critical needs being ignored for adequate care for 28+ hours after Defendant Victoroff was aware of critical need. Plaintiff's claim that "STAT" existed and was ignored for 28+ hours. The date date and time stamps including LabCorp (who performs the majority of Plaintiff's

---

under an emergency staffing to remove her and again upon release from this event (Aurora South mid-Feb. 2017) with never again touched or gave Plaintiff's CDOC support care.

67  outside medical community labs. Reality, is that DWCF pulled very, very few
68  blood labs from Plaintiff spanning all years) physically calling DWCF and insuring
69  the notification for critical need levels was verbally accepted at 1:38 p.m. on
70  2/6/17. This clear to read copy is exactly the same as the State's copy, found by
71  chance by Plaintiff deep within the obtained two months pre-discovery by State
72  "boxes". Specifically, "Box 2". Plaintiff further provides, copies of the screen
73  shot exhibits previously filed with bifurcation motions that verify State's having in
74  the contents of boxes obtained end March 2019. The partial chronological of
75  this event, from the State, that Defendant Victoroff and State want seen and
76  continue to verbally point to as to defense sufficing of "having called Dr. Burke"
77  at discharge Feb. 3, 2017, was located in "Box One". This critical evidence blood
78  lab from Feb. 6, 2017 was buried in "Box 2" and literally thousands of pages away
79  from what State and her client desire to be seen. If Plaintiff was not so familiar
80  with her records over the years, she likely would not have even noticed it on the
81  run through for content that she did. Logic would/should point to the lab being
82  with the event itself. And in context of the partial chronological summary being
83  pled as a defense. As that partial chronological contains no factual notes and is
84  solely verbal personal summaries by others; eventually the court or the jury will
85  decide where merit lies. In order to remain with the clean hands she has where
86  CDOC/State discovery is concerned: Plaintiff attaches the surrounding
87  documents found within "File 5/Box 2" in order to prove Plaintiff is not falsely
88  stating the intent of the State (or) whoever it was that pulled the files within the
89  boxes. Again, CDOC is a digital world for a very long time now and paper files,
90  such as the boxes; simply do not exist as normal record pulls. Note State Bates #'s
91  4740 and 4741 are the lab attached to original filing for Summary Judgement.
92  State Bates #'s 4738, 4740 (and) 4742, 4743 were the surrounding documents to
93  the lab in question. Provided for the convenience of the court (and) to ensure
94  the record continues to hold the trail a jury may see; Plaintiff's Bates: 0367, 0368,
95  0369 are also attached to the labs.
96
97  Plaintiff respectfully clarifies and supplements the record.
98
99  Respectfully submitted this 12th day of November 2019.
100  S/Shawnee Ryan
101  11309 West Exposition Drive
102  Lakewood, Colorado 80226
103  720-431-8319
104  shawneeryan216@gmail.com

3

**CERTIFICATE OF SERVICE**

I have served a complete and full copy of the foregoing via CMECF to the parties below on this 12th day of November 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov