

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity);

    Defendants.

## DECLARATION OF JENNIFFER MIX, D.O.

    I, Jennifer Mix, D.O., in accordance with the requirements of 28 U.S.C. § 1746, under penalty of perjury, hereby declare:

    1.    I have worked with Correctional Health Partners ("CHP") since 2011. CHP contracts with CDOC to review and provide prior authorization for medical care to be provided to CDOC inmates outside of the internal CDOC medical system. I started in a part-time basis as a Medical Director with CHP. For purposes of this case, a Medical Director is the individual who reviews authorization requests from Colorado prison facilities for outside medical consult and outside procedures to determine, based on the information provided by the requesting/treating provider, to determine if the request is medically necessary. In late 2015 or early 2016, I was promoted to Chief Medical Officer.

I continue to conduct the work of a Medical Director but now also supervise other Medical Directors for CHP.

2. From 2006 until I became Chief Medical Officer I was also in private practice in Wheat Ridge, Colorado as a primary care physician. I remain a licensed physician.

3. During Plaintiff's incarceration, I, as a Medical Director, reviewed many requests from Plaintiff's treating medical providers concerning various treatments for Plaintiff's cancer.

4. As I do not treat any CDOC inmates as patients as a Medical Director for CHP, it is not my practice to recall the names of every individual who is the subject of an authorization request. As I have stated in my discovery responses, under normal circumstances, I review the information provided by the requesting provider and nothing more, as it would not be efficient use of time and resources to go back and attempt to find and review every other request made on behalf of any particular individual, or to review additional medical records that have not been provided by the treating medical providers. It is the expectation of the Medical Director that the requesting provider provides complete and accurate documentation for the request that the requesting/treating provider believes is necessary. I and the other Medical Directors rely on the treating provider to provide all necessary documentation and explanations for the request.

5. However, when reviewing more complex issues, such a cancer and the decision to approve a stem cell transplant, which are the issues central to this case, I will directly consult with the medical treating providers to obtain more information and insight. In this case, I consulted with Plaintiff's treating medical provider, Dr. John Burke, inquiring

2

about information in Dr. Burke's clinical notes indicating that the physician who would be conducting the transplant wanted Plaintiff to achieve better remission prior to any transplant. Dr. Burke confirmed that my reading of the notes was correct, the physician who would be conducting the transplant wanted to achieve better remission prior to conducting the transplant. Achieving better remission increases the chances of the transplant being successful. The September 29, 2016, denial was based on all of the information in the request as well as my conversation with Dr. Burke, Plaintiff's treating medical provider, as Dr. Burke was in agreement with the denial of the request for the transplant based on the fact the physician who would be conducting the transplant wanted Plaintiff to achieve better remission. This is stated as the basis of the denial on the authorization summary. [See Authorization Summary, CHP-Ryan 187-88, attached hereto as **Exh. B-1**]. I would have consulted directly with Plaintiff's medical provider prior to making any determination of any request for outside consult concerning Plaintiff as her case was a complex case. This is why none of the denials were appealed, as the treating medical provider was consulted and agreed with the decisions that I made on behalf of CHP regarding the Plaintiff.

6. Had Dr. Burke not agreed with the denial, it was incumbent upon him, as the requesting/treating provider, to appeal any denial. The appeal process is discussed in detail in the Motion for Summary Judgment. Dr. Burke did not appeal the denial because he was in agreement with the basis for such denial.

7. During my review of an authorization request, I do not try to read the requesting/treating provider's mind and try to guess the requesting/treating provider's

3

basis for the request. Rather, I review the documents provided and, if I have questions, as I did here, I reach out to the treating medical provider to obtain additional information. If, as here, those documents and discussions do not establish a medical necessity for the request, the request is denied. If there exist other documents supporting the request, or other thoughts from the requesting/treating provider, based on his knowledge and experience, that would support the request, those items should be presented in the request, or alternatively in an appeal of the denial.

11. I have no further knowledge as to why an appeal providing Dr. Burke's thought process was not made other than the fact he was in agreement with the decision to achieve better remission prior to the surgery.

Dated this 14th day of January 2020.

*s/ Jennifer Mix*
Jennifer Mix. D.O.

# Authorization Summary

## Authorization Info

| | |
|---|---|
| **Essette Auth #:** | X160909000045 |
| **Linked Auth(s):** | - |
| **Auth Class:** | GOVT - Outpatient |
| **Auth Sub-Class:** | GOVT - Office Visit - Hematology/ Oncology |
| **Status:** | Denied |
| **Assigned To:** | S. Tateosian |
| **Status Reason:** | Denied - Medical Necessity |
| **Priority:** | Routine |
| **HP:** | DEPARTMENT OF CORRECTIONS |
| **Member Name:** | RYAN, SHAWNEE |
| **Address:** | - |
| | - |
| | - |
| **Member PCP:** | DENVER RECEPTION & DIAGNOSTIC CENTER |
| **PCP Phone:** | (303) 371-4804 |

| | |
|---|---|
| **Auth Type:** | Pre-Service |
| **Auth Date:** | - |
| **Ending Date:** | - |
| **MRD:** | 5/28/2022 |
| **Admission/Service Date:** | 9/9/2016 |
| **Member ID:** | 159496 |
| **Date of Birth:** | 3/11/1957 (Age: 62) |
| **Phone:** | - |

**Requesting Provider:** BURKE, JOHN (1801871215)
**Servicing Provider:** UNIVERSITY OF COLORADO HOSPITAL AUTHORITY - AURORA (0000000000)

| Code | Description |
|---|---|
| C90.00 | MULTIPLE MYELOMA NOT HAVING ACHIEVED REMISSION |

| Qty Req'd | Determination | Qty Approved | Code | Revenue Code | Description |
|---|---|---|---|---|---|
| 1 | Denied | 0 | 99201 | | OFFICE OUTPATIENT NEW 10 MINUTES |



**CorrectionalHealthPartners.**
1125 17TH ST. | SUITE 1000
DENVER, CO 80202
UTILIZATION REVIEW
PHONE 1(866)362-1374
FAX 1(888)362-1375

Authorization Summary

## Notes

| Created | Created By | Category (Sub Category) | Note |
|---|---|---|---|
| 9/29/2016 8:18 AM | S. Tateosian | GOVT - PA Provider Outgoing | Denied, she is currently undergoing chemo with Dr. Burke at Rocky Mountain Cancer Center. She has seen University one time for consultation. The current plan is if she achieves better remission she will be reevaluated for transplant. This will need to be at an in network provider. This has been discussed with Dr. Burke. JAM |
| 9/9/2016 9:19 AM | M. Green | Provider Portal | Provider wants pt to see Dr. Sherbenou at UCH to try a new treatment. We hope to achieve a better remission. Please contact Meaghan at 303-418-7600 with questions. MG |

Page 2 / 2

CHP-RYAN 188