**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity)**

---

**Plaintiff Filing of Information re: Senior Court Order at (ECF 183) Concerning Plaintiff's Motion for Joinder of Specific Claims to State Negligence Statutes (and) Request for Reconsideration**

---

**Plaintiff Shawnee Ryan comes now, filing as follows below**.

Plaintiff asks that the Senior Court review this filing in sequential review with the Plaintiff's filings, upcoming no later than Tuesday January 28th, 2020, that include her responses to both defense groups Motions for Summary Judgement (*of which State has not yet filed theirs but must meet court extended deadline of January 24th*); and the accompanying Plaintiff Motions for Sanctions and Disciplinary Actions against **now both** Defense group counsels.  Information of extensive record, and just filed information from the CHP Group on January 17th, 2020, bring relevance to this request for related and sequential viewing by the Senior Court.

**Plaintiff does apologize for not filing immediately upon/after what will be her review of the State's Motion for Summary Judgement on January 24, 2020.**  She must hold until she is able to see as fact whether or not Attorney Colony joins in the merit of sanctions ability that now exists (and) that continues flowing the vein existing throughout extensive record on file in this case concerning the giving and handling of CDOC discovery.   Plaintiff is still recovering from surgery

36 of January 9th, 2020 and is also undergoing an unexpected bone biopsy on
37 January 27th, 2020.  She is physically unable to react immediately on the 24th
38 despite her realistic expectation based on all experiences to date with CDOC
39 discovery; that she has been able to place since the 17th into basic filing format.
40
41 The Senior Court is respectfully asked to indulge reviewing sequentially.
42
43 **REGARDING THIS MOTION, FILING INFORMATION CONCERNING *PROCEDURAL***
44 **ASPECTS OF (ECF133) "JOINDER":**
45
46 - The Senior Court denied Plaintiff move to join certain claims within this
47   case to State statutes regarding negligence. Citing Plaintiff's alleged failure
48   to follow the portion of the rule that she must attach a copy of proposed
49   amendment.  The Senior Court err'd in not seeing that the Plaintiff not only
50   did file the joinder motion as attached to copy of complaint covering
51   negligence claim(s) (*doing so at ECF133 attached as Exhibit Two*).  The
52   Plaintiff also filed the required Certificate of Review pursuant to C.R.S. 13-
53   20-602.  Doing so at (ECF137).  **The motion attaching to the complaint**
54   **occurred at filing the motion for joinder (*see Exhibit Two attached*). The**
55   **Certificate of Review is found at (ECF 137) and is attached as Exhibit**
56   **Three.**
57
58 - At time of order, the Senior Court also dismissed Claim One against CHP on
59   the opinion that as stated it did not appear to be grounds for negligence.
60   **The Senior Court did not opine or dismiss any other claims within the**
61   **complaint.**
62
63 - Plaintiff can see where *related* procedural filings of record may have
64   possibly been unknown or overlooked, and not tied by the Court when she
65   reviewed.  At best, using the word "confusing" is a kindness when one
66   attempts to review the parties chaotic compiling of (ECF 131 Attorney
67   Kennedy's proposed scheduling order) and (ECF132) which is the final
68   Magistrate Court's scheduling order. **Plaintiff has removed "page 29" of**
69   **Attorney Kennedy's proposed (*labeled Exhibit Four attached*) and "page**
70   **29" of the Magistrate Court's final order that we operate under (*labeled***
71   ***Exhibit Five attached*).**
72

- At the time, Attorney Kennedy's description of what the Plaintiff was allegedly not agreeing with was, simply stated, inaccurate.  There had been so many grueling weeks undergone by the parties and the Magistrate Court's part, trying to get CDOC discovery issues worked out in order to get a scheduling order actually in place and the case moving; that Plaintiff, when she read the proposed document and saw the inaccuracy still not fixed by Attorney Kennedy; simply set aside her lesser need for factual representation of her personal self and allowed the proposal to just get done.  **Knowing, as the only person present in this case that has first-hand knowledge of all six years of what that discovery contains; that <u>sooner or later</u>, the logistical effect of what she was trying to get everyone to see and fix; would likely come to pass as causing issue(s) with other movements the case would require down the road.**  Caused *because* of the unresolved CDOC discovery issues and the stances being taken, at the time, by State over those issues. **Time and flow has moved on, now culminating to the content being filed by everyone through dispositive**. A flow*, that at least the CHP Group (no knowledge until after the 24th if State will join in)* has now verified the Plaintiff's accuracy back then that there would be no escaping the problem of CDOC discovery.

**Back when, and for the purposes of the Senior Court needing to review and order a "joinder" motion brought by Plaintiff; here now is a simple showing, with no confusion, of the *related logistical effect* created by the Magistrate Court <u>at the time of setting up a scheduling order</u> (*see attached Exhibits Four and Five)*:  The order <u>ended up</u> with the Court *<u>not</u>* overruling the proposed date of July 15, 2019 *<u>joinder</u>* (*proposed came from defense, not plaintiff*) but *<u>did</u>* overrule the *amendment* filing dates to August 26, 2019 (*see attached exhibit 5*). Causing *no ability* for more probing in discovery to come in, that at the time was pending, that clearly did relate to any and all questions of what may or may not be "negligent" behavior. The lost time the effect rendered was time that was needed to see if the State would follow through with by then what was the second hearing over discovery (and) get the interrogatory productions Hall and Evans had not yet produced to the Plaintiff.  Plaintiff was <u>not able to review elements she knew from first-hand knowledge existed.  She had to joinder on July 15th in order to obey the court or forever lose ability.</u>**

**When the Plaintiff did see, that the Court, even based on his at the time very limited understanding of how truthful and how deep the Plaintiff's ongoing information regarding CDOC discovery was; *had at least unwittingly brought complaint amendment* ability to enough time down the road to at least try to get full fact-based discovery in hand; the Plaintiff *did try to reverse the logistical problem,* and approached defense parties and gave her reason for asking that the *joinder* date be moved to the same date as the Magistrate Court had just given of August 26th. The resounding NO was plain. *Despite the reasoning Plaintiff gave to defenses that she truly was/is/remains working toward them also having the ability to come forward and have their clients show her anything, anything at all, that would reveal innocence. That the logistical effect then required her to be forced to file for joinder on July 15th rather than wait for the answers to the interrogatories she had pending as coming from them.***

**Part, of the domino effect of discovery issue, is that at the time of the Senior Court's review of "joinder"; the Senior Court determined an opinion based *as written in the attached ECF 119 (attachment Exhibit 6),* that "negligence" per se was not present. Then also took the "joinder" motion further and did dismiss Claim One against CHP and rendering it not triable.**

**5. Plaintiff returns attention to her statement that 'proof' of her inability to enter further evidence of alleged "negligence" (or) a lesser legal foundation for Claim One has been obstructed until the filing by Hall and Evans of January 17, 2020. She is bringing forward verification in her upcoming Motions for Sanctions and Discipline.**

Plaintiff, at time of scheduling order crafting and numerous times since as slowly but surely defense attorney ***clients*** continue to need, and lead their counsels, **fact-based** discovery that does exist in all Plaintiff had opened to them and counsels have not availed themselves of; *highly accurate* that this case will never be able to get away from how the CDOC and its discovery has been handled by the State. That handling was predicted, by Plaintiff, clear back at May 29th Rule 26 hearing and prevailing since; *as going to cause error* through every aspect of

this case unless the clear procedures of the process were not only put in place *but also enforced.*

**Plaintiff pleads reconsideration as follows:**

1. **Asking that the Senior Court also note that at the time of filing ECF 119, she did incorporate the allegations of Claim One into Claim Two and in Claim Two tied the allegations within Claim One. The sum total of the allegations should prevail if there is triable merit.  This case still must get through to discovery closing, pre-trial movements, testimonies and hearing by a jury. If "negligence" elements are not met, lesser elements of deliberate indifference to serious medical need, constitutional violations of not providing adequate medical care are strong to exist.**

2. **Without going into length for this filing, as her responses to Motion for Summary Judgements filed by Defendants will do that; Plaintiff asks that the Senior Court determine triable means do exist to return her allegations within Claim One (ECF 119 at the time and ECF 184 now) to probing of trial and to a jury.  Negligence claims must have a foundation of a clear duty to provide medical care adequate to meet need(s); that duty was clearly violated; the injury was caused; the victim has proven suffering.  Plaintiff believes she has been able to steadily reveal that basis for trying does exist.  And now, with their own actions and filings for Summary Judgement proofs; she believes her foundation has grown even more significantly solid and is worthy of continuing forward. The unique aspect of this case, that CDOC records are now forever to this case lost due to all court overruling of all Plaintiff attempts to obtain her own, full records (and) the only way she can prove existence and fact-based evidence is through individual testimonies  of individuals at trial; cements a solid case for not only negligence but all other of Plaintiff's claims.  Solid enough, for a jury to hear.**

3. **The Laura Sommerschield portion of the "Joinder" filing is now moot.**

4. **The Hilary Victoroff portion of the "Joinder" filing is not.  Extensive merit has been given by Plaintiff to date, in the form of solid fact-based; that**

5

**are solid grounds for the ability to see triable foundation for negligence. Plaintiff asks that the Senior Court give a more clear statement in her order regarding exactly which claims she has dismissed from being joined to State negligence statutes.  At this time, the Senior Court only states dismissal of Claim One and a belief that procedural elements were not followed by Plaintiff.  With this filing, Plaintiff provides proof that she followed all procedural elements required and did so within the confines of the parties and Magistrate Court's existing scheduling order.**

Respectfully submitted this 23rd day of January 2020.

S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 23rd day of January 2019.


S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov


Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov