*Exhibit Four*

accommodate the needs of the case, and may modify this Order for good cause shown.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **July 15, 2019**.

Plaintiff does not believe this deadline applies to amendment of pleadings to add a punitive damages claim against health care providers under the HCAA, which must be brought in accordance with that statute's requirements. As a result, Plaintiff believes that this deadline will be forty-five days prior to the discovery cut-off or **October 17, 2019.** Defendants suggests a cut-off of **November 4, 2019**.

b. Discovery Cut-off: Plaintiff believes all discovery, including expert discovery, must be completed no later than **November 1, 2019**. Plaintiff objects to any alterations of discovery and disclosures timing that extends past the Court's Order for a November 1, 2019 discovery deadline.

As such, Plaintiff requests expert disclosures to be completed by **September 17, 2019**.

Defendants anticipate conducting all fact-based discovery prior to **November 1, 2019**. However, based on the extent of Plaintiff's medical treatment, Defendants do not believe expert disclosures can be completed by **November 1, 2019**. Defendants therefore request expert disclosures to be completed by **February 17, 2020** but all fact-based discovery, including all written discovery, be completed by **November 1, 2019**.

c. Dispositive Motion and Rule 702 Deadlines: **December 9, 2019**.

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

*Plaintiff*: Plaintiff currently anticipates retaining experts in the following areas: Oncology, Hematology, Nephrology, Cardiology, Correctional Healthcare/Behavorial Health, Economics and other expert fields not presently evident to the parties.

29