# EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity);

    Defendants.

_____

**DECLARATION OF KELLIE WASKO**
_____

    I, Kellie Wasko, being duly sworn, in accordance with the requirements of 28 U.S.C. § 1746, under penalty of perjury, hereby declare:

    1.    I am the Vice President of Clinal Services for Correctional Health Partners ("CHP"). I have held that position since August 26, 2019. I have worked for CHP since August 26, 2019. Prior to my employment with CHP, I worked for the Colorado Department of Corrections ("CDOC") from 2003 to 2019 in a variety of different roles culminating in my holding the position of Deputy Executive Director from 2013 to 2019. This Declaration is based on my personal knowledge.

    2.    CHP is a private company that customizes comprehensive correctional healthcare services for county jails and state corrections systems across the United States.

3. The Vice President of Clinal Services job description accurately reflects the basic nature of my duties and responsibilities for CHP.  A copy of this job description is attached to this Declaration.

4. CHP contracts with CDOC to review and provide prior authorization for medical care to be provided to CDOC inmates outside of the internal CDOC medical system.  With respect to its contract with CDOC, CHP is a medical services organization, not a healthcare provider.  CHP's responsibility pursuant to its contract with the CDOC is to evaluate information that is provided to CHP and determine whether to approve or disapprove particular outside medical services, office visits, tests, or procedures based on the clinical guidelines established by CDOC.

5. Neither CHP nor any healthcare provider working for or with CHP treats any CDOC inmates and neither CHP nor any healthcare provider affiliated with CHP makes any medical diagnoses for any CDOC inmates.  Rather, CHP reviews the specific medical information provided to CHP by CDOC treating physicians and other treating health care providers for a utilization review to determine the medical necessity and propriety of specific treatment requested by that treating physician or treating health care provider for a particular CDOC inmate.  CHP's role is to respond to specific requests made by CDOC healthcare providers and make adjudications of those specific requests based on the clinical guidelines established by CDOC, the information provided by the treating physician or treating health care provider, and the knowledge and experience of CHP's reviewing medical professionals.

6. As part of my job with CHP, I am familiar with the appeal process for any requests that are originally denied. This process is set forth in the CDOC Provider Manual.

7. Any appeal should include any additional information the requesting provider believes would be pertinent to reviewing the denial.

8. The healthcare provider has the right to appeal any denial through the process as outlined in the Provider Manual.

9. A step in the CDOC medical necessity appeal process is for an inmate's provider, upon receipt of the denial, to submit any additional and pertinent clinical information to CHP for a Level 1 Appeal.

10. At this stage, a different CHP Medical Director than the Medical Director who was involved in the original denial would consider the Level 1 Appeal.

11. This second Medical Director would again review all additional and pertinent clinical information and render a final decision for CHP, and the provider would be notified the determination on the Level 1 Appeal.

12. In the event the Level 1 Appeal is denied, the provider can file a Level 2 Appeal.

13. At that point, the Level 2 appeal is referred to CDOC's Chief Medical Officer, who makes the final and binding determination after reviewing all information pertinent to the Level 2 Appeal, including all materials previously submitted and any additional documentation from the Level 1 appeal.

14. CDOC retains all authority to make final decisions regarding any and all interpretations of, or modifications to, Covered Services. Neither CHP nor anyone with CHP is the final decision-maker respecting any determination related to outside medical care for any CDOC inmate. CDOC's Chief Medical Officer is the final decision-maker on all such issues pursuant to the appeal process I have described.

15. I am also familiar with how Medicaid works within the CDOC system, which is actually similar to how it works outside the prions system. If, as here, the patient has a primary insurance plan that is not Medicaid (i.e. Medicaid is not the primary insurer), the procedures of that insurance plan are used and only after the fact would Medicaid get involved. In other words, in relation to Plaintiff's treatment, Medicaid would never be involved in any pre-approval process for any specific treatment or type of treatment. However, if the treatment approved is covered by Medicaid, Medicaid will reimburse the provider, in this case CDOC, after the fact for the treatment pursuant to applicable Medicaid statutes, rules, regulations and guidelines.

16. In short, in this case, Medicaid was not involved in any treatment decisions for Plaintiff at the time CHP was addressing any request for any outside treatment for her, as CDOC was the primary insurance provider not Medicaid. Medicaid would only be involved after the fact and would reimburse CDOC for any treatment it approved that would be covered by Medicaid, such as an overnight hospital stay, which is what Medicaid reimbursed CDOC for in this case. Medicaid would never be involved in pre-approval process unless it was the primary insurer for the patient which was not the case involving the Plaintiff.

Dated this ____ day of January, 2020.

*s/Kellie Wasko*
_____
Kellie Wasko

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity);

    Defendants.

---

**NOTICE TO SUPPLEMENT EXHIBIT A-1 TO DEFENDANTS
CORRECTIONAL HEALTH PARTENERS AND
DR. JENNIFER MIX'S MOTION FOR SUMMARY JUDGMENT**

---

    Defendant Correctional Health Partners and Dr. Jennifer Mix, ("CHP Defendants"), by and through their counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Notice to Supplement Exhibit A-1 to CHP Defendants' Motion for Summary Judgment:

    1.    CHP Defendants filed their Motion for Summary Judgment with exhibits on January 21, 2020 as [ECF 217].

    2.    The attached Exhibit A-1, Kelly Wasko's Declaration, to the Motion for Summary Judgment was erroneously filed without the attached job description of Ms. Wasko's job as the Vice President of Clinical Services.

3.	Accordingly, CHP Defendants file this Notice to Supplement Exhibit A-1 to their Motion for Summary Judgment [ECF 217] and attached the missing attachment of the job description and the proper job title for Ms. Wasko.

Dated this 24th day of January 2020.

                Respectfully submitted,

*s/ Edmund M. Kennedy*
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:      303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANTS CORRECTIONAL HEALTH PARTNERS AND DR. JENNIFER MIX**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 24th day of January 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Amy C. Colony, Esq.
amy.colony@coag.gov

Shawnee Ryan
Shawneeryan216@gmail.com

*s/ Nicole Marion, Legal Assistant:*
of Hall & Evans, L.L.C.

3

Dated this 28th day of June, 2018.

    Respectfully submitted,

    *s/ Kendra L. Kutko*
    Andrew D. Ringel, Esq.
    Kendra L. Kutko, Esq.
    HALL & EVANS, LLC
    1001 Seventeenth Street, Suite 300
    Denver, CO 80202
    Phone: (303) 628-3300
    Fax:  (303) 628-3368
    ringela@hallevans.com
    kutkok@hallevans.com

    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 28th day of June, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kelli Riley, Esq.
Riley Law LLC
2005 West 9th Street, Suite 6
Greeley, Colorado 80631
(970) 301-1350
kelli@rileylawllc.com

**ATTORNEY FOR PLAINTIFF**

                                      s/ Nicole Marion, Legal Assistant to
                                      Andrew D. Ringel, Esq.
Kendra L. Kutko, Esq.
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202
Phone: (303) 628-3300
Fax:  (303) 628-3368
ringela@hallevans.com
kutkok@hallevans.com

**ATTORNEYS FOR DEFENDANT**

5