# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**

---

**PLAINTIFF RESPONSE TO "MOTION FOR SUMMARY JUDGMENT FROM CHP DEFENDANTS" (ECF 217)**

**Plaintiff response with preliminary statement of information, facts and exhibtis:**

<u>**After thorough review of the CHP Defendants dispositive filing, Plaintiff makes a preliminary statement of information, fact and exhibits:**</u>

**Verification that CHP Defendants** have not even accessed any and all medical and inmate records Plaintiff provided to them has occurred.  By direct contact to all entities on attached Exhibit 5; Plaintiff has verified that fact.  Hall and Evans remains using only the information obtained by CDOC and by Attorney Colony.

**See the preliminary statement made by Plaintiff within attached Exhibit Three** to verify the unique aspects of this Prisoner Complaint case when it comes to locations of records and relevant entities that control the information this case is filed under. Accessing them is not a "choice". It is the foundation of discovery. Without discovery accessed; defenders have zero ability to even file their positions accurately as they will not and do not understand the charges Plaintiff filed. *Factual reality of this case holding two very distinct and separate sets of medical records that the non-party CDOC never even bothered to pull into their internal use because their internal staff held a nearly non-existent level of actual care given spanning the 6 years.  All Plaintiff primary care was external). In the entire 6years of incarceration, CDOC by their own choice, remained 95% or greater*

1

*in the dark regarding care given. In the entire 6 years, never once did any attempt by a CDOC medical personnel or medical administrator ever successfully override outside medical specialists.  Ultimately, the outside community always prevailed and controlled care. That is how unique this case is and there is no getting around that fact. Any and all attempts by Defenders to say so is nothing more than conjecture on their part* **because they have not, by their own choice, seen the evidence backing Plaintiff up.**

**This case has waited for dispositive timing for months**.  Now, to be handed this Summary motion that still shows not a single area of relevancy to the charges that Plaintiff actually made in her Complaint; and only a  continued focus of the Defendants remaining  <u>on the payment aspects of Medicaid</u> within the Patient Protection and Affordable Care Act and NOT within the charges the Plaintiff has claimed regarding **structure of processes and practices in handling the new federal and state laws and arguing under the two relevant foundation laws (Exhibits One and Two) that this case is under;** speaks to the Defendants continued reliance on presenting under nothing more than their assumption and strategy formulated from extremely limited discovery.

From <u>August 2014</u> when CHP first became aware of the first request for transplant by RMCC and denied it: Plaintiff at that time, first needed the ability to be given the result of the new federal law's requirements.  **The processes of the Defendants** then went on denying 3 more transplants during the years in question.

**The irony of the fact that Defendants counsel** is not even been made aware by his client, and verified knowing that he does not seem to care to access fact-based discovery to ensure he is on track; with all those early requests being the marker of foundation start to the truth of CHP Defendants not fulfilling their obligations to the law and thus the Plaintiff; does not escape the view of the Plaintiff at this time.  Attorney Kennedy is a forthright and honorable attorney.  However, he is also solely responsible for abiding by the duty and rules to the court to access all available to him discovery. "If" **he had made** the facts aware to himself, we likely now would *at least be litigating against the claims that were raised by Plaintiff since (ECF1) and not against utterly irrelevant points and cites of case law that do not pertain.*

**Plaintiff has stated many times to date in this case**, that there would come numerous times that it would become blatantly obvious to all, that if the issues to date over DOC discovery **did not get resolved AND enforced**. And a full and complete set of Plaintiff's DOC records **were not placed into discovery**; **combined with** the unprecedented wealth and depth of 6 years of outside community records that exist: **the Defendants would stand zero prepared ability** to clearly move forward. **That the only way forward would become** Plaintiff bringing forward all to trial.

**At every turn in the discovery portion,** including depositions of others; Plaintiff has been **verifiably** obstructed by Defense counsels in obtaining discovery production. She did manage to get a full record of all issues on file with the court but has run into the issues there of still pending answers from the Magistrate Court to objections filed and movement for that court to enforce its orders.

Bringing forward all to trial is unfortunately the only ability present as the clock has been successfully run out by defense despite the objections of Plaintiff. That court record also holds verification that at every turn, Plaintiff has conferred, given releases, participated fully in all processes **she has been allowed into**. Plaintiff is trial bringing forward all that fact-based, the percipient witnesses to match it all and the testimonies of verifiable facts and the truth.

**At this point, <u>after nearly a year waiting</u> for these moments within dispositive litigating; and receiving now nothing more than this Summary Judgment motion for CHP, which basically amounts to utterly irrelevant legalese because it is not focused on the claim(s) raised and the state and federal law  (Exhibits One and Two) those claims are under:   <u>*Plaintiff can only move forward as follows*</u>:**

- Plaintiff's Motion for Sanctions simultaneously files with her response.

- She further asks that any and all reliefs requested in CHP Defendant's Motion for Summary Judgment be fully denied and the case to be set for trial forthwith.

**She completes her preliminary statement as follows:**

3

**WITH THAT SAID:**

- Plaintiff draws the Senior Court's attention back to (ECF132) (the parties final and ordered by the Magistrate Court's scheduling order). To note at Page 31 ( e ) **the awareness of all defense counsels of the name: "Kellie Wasco (sic)".** Also, the date of (ECF132) which was **July 10, 2019**.

  Plaintiff separates out the layers of Ms. Wasko and **her CDOC relevancy** to this entire case (see partial listing of her DOC credentials within this Motion's filing by Attorney Kennedy as Exhibit A-1) by filing Motion for Sanctions for fail to cooperate with discovery against both Attorney Ringel and Attorney Kennedy. Plaintiff notes for Senior Court clarity now that she has filed same sanctions movement against the State but included movement for Discipline on alleged fail to cooperate with discovery and spoliation of discovery. **The Senior Court is able to view all sanctions motions sequentially with summary motions and responses; should she choose to do so.**

- Draws the Senior Court's attention to CHP Defendant's Summary Judgment attachment titled as Exhibit A-1 and line 5 on page 1 which states the date of **August 26, 2019 as the verifiable date that all defense counsels were clearly aware of Ms. Wasko's existence within the hierarchy of the CHP Defendants and no longer employed by CDOC. (see Plaintiff attached exhibit 7. Exhibit filing date of January 17, 2020).** It is noted that despite Attorney Kennedy stating at (ECF222 and 223) that he was filing supplemental to include an overlooked job description for Ms. Wasko in her new role at CHP; there still remains no attached to the exhibit job description.

- Plaintiff draws Court attention to (ECF52), (ECF119), (ECF184) which constitute the (3) working complaints and Order to Draw and partially Dismiss. (Attached as Exhibits 8) **With specific pointing to the jurisdiction and actual law** that the parties are cited by Plaintiff to be argued and tried. **Also asks to note** with specificity to the never changing claims against the CHP Defendants within Claims One and Two. And Claim Three, that has seen slight modification at 5th amended. **Attached are Exhibits One and Two**, which are full and complete copies of the law

4

147   and jurisdiction filed under:  **One, is the Patient Protection and**
148   **Affordable Care Act (final and et al) (and) Two is Colorado State law and**
149   **jurisdiction at HCPF14-006.**
150

151   • Plaintiff draws the Senior Court's attention back also to (ECF197) Reply to
152   CHP Defendants Answer to 5th Amended Complaint as relevant context
153   now. **Attached as Exhibit Three.**
154

155   **WITH THAT SAID:**
156

157   • **The question being tried** is to get to the bottom of exactly "how" CHP
158   Defendants obeyed, from January 1, 2014, the new federal regulatory
159   laws, within the Patient Protection and Affordable Care Act, pertaining to
160   their specialty of approving and oversight of authorizations and approvals
161   for inmates with the State of Colorado (and) their business responsibility
162   to comply with regulatory laws.  **Actually, how they obeyed** nationwide,
163   as all corrections across the nation were simultaneously needing to revise
164   and develop their system of handling authorizations, approvals and
165   executing in order to accommodate the financial boon and reliefs just
166   handed to them, of ability to use Medicaid to cover their highest costs.
167   **As CHP is nationwide; it is assumed that much power within a privately**
168   **held, one owner held, for profit corporation would immediately place**
169   **Colorado State policies into place and adjust in order to accommodate**
170   **not only their previously used regulatory rules and law(s) their industry**
171   **falls under, but to also accommodate the inmates that their clients pay**
172   **them to provide the first stop for in adequate medical care.  Which is**
173   **authorizations and approvals.  The date of Defendants compliances**
174   **should be:  January 1, 2014.  Not "down the road" when they had finely**
175   **tuned their interpretation of the new law.**
176

177   • **The parties  ARE trying** exactly "how" and "why" inmate Ryan fell through
178   the cracks for literally years during all that fine-tuning **and to the point**
179   **now where Defendants cannot, or "will not", even provide their own**
180   **internal records of the first three denied transplants in 2014 and 2015,**
181   **their contracts with CDOC spanning all relevant years, their provider**
182   **manuals spanning all relevant years and only provide the most recently**

5

**crafted provider manual**.  Further to the point now, where they do not seem to be able to recognize that "pre-authorization of Medicaid" is only relevant **due to the letter of law that is the Patient Protection and Affordable Care Act. Legislators language is plain.  The ONLY parameter of Medicaid** itself that changed with regard to inmates was that inmates now had the ability given to sign up for the benefit and under certain criteria of PAYMENT, it would be available to them. Before the Act, they were barred from use of their own government benefit.  **Medicaid AND nothing else did NOT change. The charges still had to be coverable charges allowed by Medicaid to all citizens i.e. "pre-authorization" i.e. "Medicaid availability".**   By becoming available as a benefit under specific criteria; that benefit STILL belongs to the individual and is applied for by the individual.  Inmate or not.  In case of inmates, with their Guardians oversight in **ONLY sign up process and calculating the eligibility criteria as spelled out in HCPF 14-006. "If" there is denial and what amounts to ANY interpretation that is controlled by another, is discriminatory; in "how" that eligible benefit is used, especially in life essential care; then the processes within that interpretation are scrutable and trial worthy**.  Also individually responsible by the **interpreters and crafters who interject themselves into execution.  In other words, Plaintiff's claims regarding denial of process are triable.**

**Further, if those individuals or companies do not have full State and Federal governmental immunity; and they are profiting privately as a result of "their" re-interpreting Medicaid itself as it stands within enactment of new law(s), they are able to be held accountable if injury is the end result.**

**The fact that a governmental entity, in CDOC, can skate 'scot-free' due to immunity and yet still dip a toe into the case whenever they choose (Attorney Colony's discovery path and now Kellie Wasko) despite being a non-party and not representing specifically and/or out of scope; is a debate for another case.  Plaintiff only files for Sanctions and Disciplines in order to get her case on a track that complies with all Rules.**

- **The parties ARE trying,** an absolute duty and responsibility of the CHP authorizations division, as they were and remain the first stop (and) the

6

efforts they make are something they do financially profit from. Simplistically stated, this passing the buck between themselves and the CDOC does not hold up and is worthy of being probed. What the parties know for fact, is that it is not within the inmate's ability nor the outside providers ability to handle her own insurance needs and they are unilaterally in control. ***Willfully not looking at the evidence available, when holding that much power over a human life is, at minimum deliberately indifferent. And does also meets the standard of concurrent negligence: (Black's partial definition of concurrent negligence: "…the failure to exercise care by two or more persons, each of whom acts independently of the other, which combines to produce a single indivisible injury..")***

- **What the parties also can also SEE as fact** is that these laws had been in legislation hands since 2010. They had been made publicly aware for literally years that in some form; they would pass into law. The Defendants, have been in business for well over a decade and span themselves nationwide. It is a "long-stretch" to believe that they did not at least have the sensibility to begin preparing for their existing practices and policies to possibly change on regulatory levels. It is utterly irrelevant whether or not their Client's policies revamped. They are private sector and control their own lives. They are not "penological". They have no "immunity". They ARE an insurance related company that IS regulatory controlled. Shawnee Ryan's need of the new laws of 2014 began at nearly simultaneous to both Federal and State moving into established law. **Her diagnoses are undisputable that they are symptomatic, palliative treatments only which she is fully entitled to under CDOC and ACA administrative regulations AR 700-02 where no patient can be denied care that would prevent a full and complete recovery once discharged to freedom and each case in extreme need would be individually evaluated.   (Attached Exhibit 9)**

  - **There ARE 5 denied transplants by CHP in this case.**  Not just the one that counsels and Dr. Mix allude to and reveal within their filings. Shawnee Ryan was one of the first, if not the first, at same time as the new laws went into effect, to be a qualifying Colorado inmate requiring second phase treatment (transplant).  She fully

7

qualified for a process that encompassed weeks of hospitalization, spanned into the million dollar mark of cost and was necessary and essential to life. There were 3 denied transplants, from 3 different medical doctors putting in for approvals, **from August 2014 through January 2015.** All were denied by CHP. All were told to Plaintiff, by the requesting providers, as having also been requested to be reviewed for appeal. All outside records confirm. The first is contained within the outside records not accessed. The next 2 were DOC internal M.D.'s that are nowhere in the selective records chosen and/or somehow "given" or "obtained" to and by Attorney Colony (the 2 pre-discovery boxes). The 4th's information is also found in outside medical records and has been vaguely (and inaccurately) alluded to by Defendants but never accessed in actual outside records. The 5th (Exhibit Four) is also located in outside records not accessed by Defendants but is construed as a "request for consultation" for an "out of network" "second opinion" "not a candidate" when in reality it was for transplant at University Hospital that had already been set for August 2016, had already entered into transplant workup phases and had already been fully approved by Medicaid. All accomplished by Plaintiff through community corrections in April and May 2016.

- **The parties are NOT trying** any aspect of any alleged dysfunction between the Defendants, their client DOC or within community corrections. Any and all dysfunctions become moot when given that <u>we are trying the existence of need and exactly how those needs were handled at the time.</u> These Defendants were willing enough participants on a daily basis, to be able to obtain over ten million dollars in annual revenues (public record). It is irrelevant that their client is immune. They are private and single owner and are not. If probing comes back as the Defendants <u>did not put together</u> the adequate practices, policies and business structure to accommodate the new laws, negotiate adequate and appropriate changes with their Clienti (and) Plaintiff was injured as a result; Plaintiff's burden is met and Defendant's claims in defense fail. <u>As to duty and responsibility,</u> this company touts extensively that they are very good at their jobs, hire only professionals and many of them licensed

professionals at the top, are very thorough, use great care in handling and are simply the best available and should be hired by government entities. Logic dictates that the only way to determine a pattern of practice for a private, one owner (**Geoffrey Archambeau**) and held corporation who advertises for profit revenues in the over 10 million dollar brackets of annual revenues; co-mingles publicly and within Plaintiff's outside medical records with another corporation their owner is tied to (Physician Health Partners et al<u>); is to look into exactly what their practices are/were and how they met their regulatory and legal requirements and ethical responsibilities.  That is a triable issue as to whether those practices caused injury to Shawnee Ryan.</u>

- **The parties ARE** *trying whether or not they met the medical needs of the Plaintiff adequately in authorizing adequate care.  The interpretation of how they determined the new laws and subsequently set it all up for daily use is simply to first step is to lock into stone verifying whether or not Plaintiff was approved or denied care.  Obviously, the Defendants claim she was not.*

- <u>**The parties ARE trying** the determination of simplicity of the diagnoses. That prima facia proof should have been, (based on their touted corporate and personal abilities and resumes) clearly noted by the CHP Defendants.</u>  Plaintiff was suddenly diagnosed, **at the very start of the new laws going in to effect in 2014**; with a fatal, complex medical diagnosis that has three (3) essential to life recognized as the only standards to be met for care**:  1.  Chemo therapy until the disease is lowered enough within the blood to be ready for transplant at 2nd phase). 2.** Autologous or allogeneic (sometimes both are needed) bone marrow transplant. **3**. Minimum of two (2) years recovery. **On the face,** just the name "Multiple Myeloma" is instantly recognizable to a *competent* medical licensed individual, and in Plaintiff's case, she had to endure literally years of damaging chemo-therapy drugs going into her body due to the delays of denials that are admitted by Defendants as their having watched come through their system. On the face, putting two and two together that years and 43 rounds of aggressive drugs prior to even getting to second phase transplant obviously would (and did)

(Attached Exhibit 5) create extensive and ongoing damages to Plaintiff's body and health.  ***"If" defense counsels had accessed discovery records, it is crystal clear that after only 8 rounds of those drugs and prior to any further harm to heart, kidneys, neurological system and GI system, August of 2014, Plaintiff's body had reacted beautifully and levels dropped to readiness need of 2nd phase transplant.  Which was put in by RMCC and Dr. Sujatha Nallapareddy to Defendants and was denied.  Never again, has Plaintiff's body been strong enough to achieve those very low levels obtained after only 8 rounds of the drugs used.***

**The party's tasks** to be litigated, if relating to the actual claims raised instead of what defense counsels are construing; first determine the fact-based five requests/denials.  They then determine credibility of need.  They then determine achieving communication thorough enough between the Defendant and their client in order to get treatment in place i.e. their practices and policies.  **The claims being made by defense now and finger pointing now** that it is the 'fault of inadequate information that Defendants have no professional or contractual responsibility to improve their system to get in hand', the 'fault of the patient or specialist', the 'fault of their client'; is self-serving, <u>evasive and a contrivance</u>.  So many circumstances, beginning from single and related events, string together so many unsatisfactorily explained circumstances is inference of acting wrongly. The discovery process is in place to bring to light and to probe.  In this case, being denied that ability leaves behind the simple trial questions of: "Why" and "How"?

**PLAINTIFF RESPONDS TO MOTION FOR SUMMARY JUDGMENT AS FOLLOWS:**

### RESPONDING TO:  Introduction

1.  Plaintiff incorporates the entirety of her statement above.  The entirety of the simultaneously filed Motion for Sanctions for Failure to Cooperate with Discovery (and) her Reply to CHP Defendants Answer to 5th Amended at (ECF197).  All are relevant responses now.

2. **Attorney Kennedy's entire claim(s) fall** when he is returned to what the actual charges he should be defending are. To humor on the face of his pleading now:

- Plaintiff states that Dr. Mix and CHP did not have "an extremely limited role"; This district already upheld that Dr. Mix can be charged in a personally professional light i.e. as a board certified licensed medical doctor who must uphold the standards and medical knowledge she holds. It is an absolute moot point that she did no actual treating of the Plaintiff. She and the Defendants rely fully on her medical abilities, knowledge, medical skill sets in order to make the decisions and carry out the duties that she states she does. **She is hired by Defendants from the foundation of that medical license and knowledge.** She has expanded for them, from there. **She can never, under her professional oath**, do harm knowingly to another human being who is in need of medical treatment no matter what capacity she is involved in. It is her knowledge and skill set at question. **Is Dr. Jennifer Mix attempting to claim now, by denying personal participation, that she "does not know" what Multiple Myeloma is? Does not recognize the years of first-hand watching of Shawnee Ryan's kidneys, internal systems, blood and bone deteriorating from chemo that Shawnee Ryan MUST be given full treatments?? If that is what is being said within her claims of "not treating" Shawnee Ryan; then where on earth did her medical skill set 'go' during the entire 6 six years in question? It is a very long-stretch, if that is the case that she 'lost' her skill set and training personally, to NOT see that as intent.** These Courts gave the Plaintiff ability to try Dr. Mix on personally professional levels.

  **As to subjective intent:** Dr. Mix is personally aware of her email exchange between multiple parties claiming Plaintiff would "never be given transplant" and including denigrating personal verbal attacks sent via CHP and CDOC internet servers. That was witnessed by a CDOC M.D., assigned to Plaintiff, who was so shocked he read it to Plaintiff and will be brought forward at trial for personal testimony since Dr. Mix obstructs production through discovery. Plaintiff can absolutely advance subjective intent and the obstruction of discovery will not hinder actual testimony at trial.

11

- **With obstruction of discovery (see simultaneously filed Motion for Sanctions) in not providing** all contracts, all manuals, full corporate disclosures, full and complete view of practices and training of staff related to the new federal and state laws incorporation into daily use; Attorney Kennedy is correct in that he has effectively halted ability to establish.  However, the Plaintiff has 6 years of incarceration and tens of thousands of highly credible outside records during same that were never even bothered to be gathered by CDOC or CHP and multiple highly trained, skilled and credible percipient witnesses being brought forward to give that obstructed now evidence. **Plaintiff now also has, and as an administrative person of knowledge within CHP Defendant Group, figuratively and in person, the "rest"/"missing" portions of her CDOC medical and inmate records.  In the person of Kellie Wasko.  Being brought under intensive examination under oath.  At minimum, what she cannot attest to she will if not perjuring herself, verify the existence of every single area of the Plaintiff's previously issued Subpoena Duces Tecum and Contempt Citation.**

- Plaintiff can establish subjective intent and will be doing so with Defendants own Geoffrey Archambeau (sole owner, President and CEO), Dr. Mix and Kellie Wasko.  With regard to Ms. Wasko, Plaintiff points the Senior Court to her simultaneously filed Motion for Sanctions in both CHP and also in Defendant Victoroff's case.  With regard to Dr. Mix:  it is clear that Dr. Mix, of her own volition and filings of credentials and scopes does see herself as being highly competent and credible that she knows and does execute everything she does in her chosen fields. It therefore, would appear to be "a long stretch" to believe that she did not recognize any holes in her setting up her systems to accommodate the new federal laws in 2014 and/or recognize as the years went by that she needed to adapt.  That mental capacity is intent.  Whether or not subjective or intentional can be determined upon probing since discovery is blocked.  Geoffrey Archambeau is the sole owner of CHP.  He personally benefits financially from that corporate business.  He is the primary procurement, nationwide, of increasing their client base and revenue streams.  He also, is public records tied to the entity of Physician Health Partners who also show up in Plaintiff's outside medical records. And, is claimed by Dr. Mix as being the

"President" she reports to.  As the discovery is blocked (see Motion for Sanctions) whether or not "subjective intent" or just "intent" is present can be determined upon probing under oath and in testimony.

- As to Attorney Kennedy's third and fourth claims on behalf of CHP; it is not possible or necessary to respond as he needs to redirect his work toward what the charges made by Plaintiff actually are.  See Plaintiff's statement above (and) (ECF 197 Exhibit 3 attached).

## RESPONDING TO: Argument

A. **Plaintiff is in complete agreement that she bears the burden of proof at trial.**  With fail to cooperate, by all defense counsels, with discovery; at trial will be where that will be now be done.  The discovery scheduling clock has been successfully run out by all defense counsel actions and choices.

CHP Defendants are so lacking in fact-based discovery, they don't even know the number of requests made, by whom, where the records are located and back up their lack of knowledge in their confused, disjointed and utterly inaccurate questioning of Plaintiff in their Exhibit A-2 in entirety but with clear specificity at pages 196 through 228. They only know now, today, because Plaintiff is providing that information that they chose to fail to obtain.

**The elements being claimed to argue here are not charges that exist (see statement above and ECF 197 again.  Until the defendants can get to full and complete understanding of the case before them and an actual representation of the charges against them, that fall into place with the actual laws we are under (Exhibits One and Two); everything argued and cited here is unable to even be responded to.  None of it is relevant context.**

**With regard to any and all statements or claims by Attorney Kennedy regarding Plaintiff's knowledge, intelligence, understanding, access etc.;** Plaintiff denies any and all statements of wrongdoing, fault or inadequacy. Again, everything cited here is utterly irrelevant until Defendants get down to the actual charges against them and the laws being cited.

13

B.  **Plaintiff is in complete agreement that she bears the burden of proof at trial.**  With fail to cooperate, by all defense counsels, with discovery; at trial will be where that will be now be done.  The discovery scheduling clock has been successfully run out by all defense counsel actions and choices.

CHP Defendants are so lacking in fact-based discovery, they don't even know the number of requests made, by whom, where the records are located and back up their lack of knowledge in their confused, disjointed and utterly inaccurate questioning of Plaintiff in their Exhibit A-2 in entirety but with clear specificity at pages 196 through 228. They only know now, today, because Plaintiff is providing that information that they chose to fail to obtain.

**The elements being claimed to argue here are not charges that exist (see statement above and ECF 197 again.  Until the defendants can get to full and complete understanding of the case before them and an actual representation of the charges against them, that fall into place with the actual laws we are under (Exhibits One and Two); everything argued and cited here is unable to even be responded to.  None of it is relevant context.**

**With regard to any and all statements or claims by Attorney Kennedy regarding Plaintiff's knowledge, intelligence, understanding, access etc.;** Plaintiff denies any and all statements of wrongdoing, fault or inadequacy. Again, everything cited here is utterly irrelevant until Defendants get down to the actual charges against them and the laws being cited.


**With regard to any and all statements or claims by Attorney Kennedy regarding Plaintiff's knowledge, intelligence, understanding, access etc.; Plaintiff denies any and all statements of wrongdoing, fault or inadequacy. Again, everything cited here is utterly irrelevant until Defendants get down to the actual charges against them and the laws being cited.**

C.  **Plaintiff is in complete agreement that she bears the burden of proof at trial.**  With fail to cooperate, by all defense counsels, with discovery; at trial will be where that will be now be done.  The discovery scheduling clock has been successfully run out by all defense counsel actions and choices.

CHP Defendants are so lacking in fact-based discovery, they don't even know the number of requests made, by whom, where the records are located and back up their lack of knowledge in their confused, disjointed and utterly inaccurate questioning of Plaintiff in their Exhibit A-2 in entirety but with clear specificity at pages 196 through 228. They only know now, today, because Plaintiff is providing that information that they chose to fail to obtain.

**The elements being claimed to argue here are not charges that exist (see statement above and ECF 197 again.  Until the defendants can get to full and complete understanding of the case before them and an actual representation of the charges against them, that fall into place with the actual laws we are under (Exhibits One and Two); everything argued and cited here is unable to even be responded to.  None of it is relevant context.**

**With regard to any and all statements or claims by Attorney Kennedy regarding Plaintiff's knowledge, intelligence, understanding, access etc.;** Plaintiff denies any and all statements of wrongdoing, fault or inadequacy. Again, everything cited here is utterly irrelevant until Defendants get down to the actual charges against them and the laws being cited.

D. *<u>Plaintiff incorporates in her response here, her request for the Senior Court to reconsider at (ECF 133 and 137).</u>*

**Plaintiff is in complete agreement that she bears the burden of proof at trial.**  With fail to cooperate, by all defense counsels, with discovery; at trial will be where that will be now be done.  The discovery scheduling clock has been successfully run out by all defense counsel actions and choices.

CHP Defendants are so lacking in fact-based discovery, they don't even know the number of requests made, by whom, where the records are located and back up their lack of knowledge in their confused, disjointed and utterly

inaccurate questioning of Plaintiff in their Exhibit A-2 in entirety but with clear specificity at pages 196 through 228. They only know now, today, because Plaintiff is providing that information that they chose to fail to obtain.

**The elements being claimed to argue here are not charges that exist (see statement above and ECF 197 again.  Until the defendants can get to full and complete understanding of the case before them and an actual representation of the charges against them, that fall into place with the actual laws we are under (Exhibits One and Two); everything argued and cited here is unable to even be responded to.  None of it is relevant context.**

**With regard to any and all statements or claims by Attorney Kennedy regarding Plaintiff's knowledge, intelligence, understanding, access etc.;** Plaintiff denies any and all statements of wrongdoing, fault or inadequacy. Again, everything cited here is utterly irrelevant until Defendants get down to the actual charges against them and the laws being cited.

E.  **Plaintiff is in complete agreement that she bears the burden of proof at trial.**  With fail to cooperate, by all defense counsels, with discovery; at trial will be where that will be now be done.  The discovery scheduling clock has been successfully run out by all defense counsel actions and choices.

CHP Defendants are so lacking in fact-based discovery, they don't even know the number of requests made, by whom, where the records are located and back up their lack of knowledge in their confused, disjointed and utterly inaccurate questioning of Plaintiff in their Exhibit A-2 in entirety but with clear specificity at pages 196 through 228. They only know now, today, because Plaintiff is providing that information that they chose to fail to obtain.

**The elements being claimed to argue here are not charges that exist (see statement above and ECF 197 again.  Until the defendants can get to full and complete understanding of the case before them and an actual representation of the charges against them, that fall into place with the actual laws we are under (Exhibits One and Two); everything argued and cited here is unable to even be responded to.  None of it is relevant context.**

16

**With regard to any and all statements or claims by Attorney Kennedy regarding Plaintiff's knowledge, intelligence, understanding, access etc.;**
Plaintiff denies any and all statements of wrongdoing, fault or inadequacy. Again, everything cited here is utterly irrelevant until Defendants get down to the actual charges against them and the laws being cited.

**Plaintiff pleads the Senior Court** to deny in full, CHP Defendants Motion for Summary Judgment all requested reliefs.  The Defendants continue to bring forward nothing more than complete conjecture based on views, assumptions, strategy crafting and speculation as they have not accessed well over 60% of discovery and not accessed nearly 100% of the discovery Plaintiff disclosed as available.  Instead relying nearly fully upon the same path chosen by Attorney Colony and State Ag in the State's compilation of CDOC.  The rule of law requires that a summary judgment being granted must be granted on the basis of verified facts.

Further pleads that the case be set for trial forthwith.

Respectfully submitted this 30th day of January 2020.

S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 30th day of January 2020.


S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov


Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov