IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-GPG

SHAWNEE RYAN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, (CDOC) (full capacity),
CORRECTIONAL HEALTH PARTNERS (As contractual third-party administrative agent of CDOC while in business and professional capacity): (dba Correctional HealthPartners, Inc.; dba Correctional Health Companies, Inc.; dba Correctional Corporation of America; dba Physician Health Partners; dba CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.),
DR. JENNIFER MIX, M.D. (personal and professional capacity),
DR. SUSAN TIONA (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity),
LAURA SOMMERSCHIELD N.P. (personal and professional capacity),

    Defendants.

## ORDER TO DISMISS IN PART AND DRAW CASE

On April 23, 2018, Plaintiff Shawnee Ryan, who was at the time a prisoner in the custody of the Colorado Department of Corrections (CDOC), initiated this action by filing, *pro se*, a "Complaint With Jury Demand." (ECF No. 1).[1] On May 24, 2018, the Court ordered Plaintiff to file an amended complaint that includes specific factual allegations demonstrating that she is entitled to relief. (ECF No. 15). On July 17, 2018, Plaintiff filed a "Complaint With Jury Demand (Amended). (ECF No. 21). On October 1, 2018, the Court ordered Plaintiff to file a second amended complaint, again

---

[1] "(ECF No. 1)" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). The Court uses this convention throughout this order.

1

ordering that the pleading must include specific factual allegations demonstrating that she is entitled to relief. (ECF No. 31). Plaintiff filed a second amended complaint on December 14, 2018, and another second amended complaint on December 31, 2018 (ECF Nos. 40, 44), neither of which were submitted on the current Court-approved Prisoner Complaint form. After the Court issued orders to cure (ECF Nos. 41, 47), Plaintiff filed a "Prisoner Complaint (Third Amended)" on January 16, 2019 (ECF No. 51), which is the operative pleading in this case.

The Court must construe the third amended complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the third amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the third amended complaint if the claims being asserted are frivolous or if Plaintiff seeks monetary relief against an entity which is immune from liability. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The Court will dismiss the third amended complaint in part pursuant to § 1915(e)(2)(B)(i) and (iii).

**I.      Third Amended Complaint**

Plaintiff alleges in the third amended complaint that while she was in the custody of the CDOC, she was denied full medical treatment for multiple catastrophic medical needs, which has caused her long term medical damage.  (*See generally* ECF No. 51). Plaintiff asserts five claims for relief for "deliberate indifference" under 42 U.S.C. § 1983, referencing the Eighth Amendment in the "Jurisdiction" section of her pleading.  (*See id.* at 5).   The "Jurisdiction" section of Plaintiff's pleading also refers to federal jurisdiction based on § 1983 for violation of "42 USCS (201), Title 42 Public Health and Welfare, Chapter 6A; specificity to AHCA Inmate Catastrophic Medicaid Provision." (*See id.*).   Plaintiff requests monetary damages only.

**II.     Analysis**

**A.     Claims One and Two**

Plaintiff brings Claim One against the CDOC for "Deliberate Indifference" for "failing to adequately follow and instill the 2014 onset federal law of the Inmate Catastrophic Medicaid Provisions of the Affordable Health Care Act; into the Colorado Department of Corrections medical and clinical services divisions."  (*Id.* at 6).   She brings Claim Two against the CDOC for "Deliberate Indifference" for "contractually turning over official authority and power for all approvals and denials of inmate medical care, including government regulated Medicaid covered care; to the private, for profit and non-governmental corporate entity(ies) of CHP [Correctional Health Partners] (et al) as the CDOC's third-party administrator."   (*Id.* at 9).

As Plaintiff has been advised in the Court's prior orders in this case, the State of Colorado, its entities and agencies such as the CDOC, and any state officials sued in

3

their official capacities, are protected by Eleventh Amendment immunity. *See* Colo. Rev. Stat. § 24-1-128.5; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, Plaintiff may not sue the CDOC for relief under 42 U.S.C § 1983, and Claims One and Two will be dismissed on that basis pursuant to § 1915(e)(2)(B(iii).

### B. Claim Three

Plaintiff brings Claim Three against Defendant Jennifer Mix, M.D., an employee of Defendant Correctional Health Partners (CHP), alleging "Deliberate Indifference" with respect to medical treatment that Defendant Mix provided to Plaintiff while Plaintiff was a CDOC inmate. (ECF No. 51 at 10). Plaintiff alleges that during her incarceration, Defendant Mix "was the sole final authority over what medical care [Plaintiff] received or was denied," that Defendant Mix was "aware . . . of all of [Plaintiff's] diagnoses and medical needs," and that "Defendant Mix personally denied life essential transplant" for Plaintiff, causing physical harm to Plaintiff including heart and kidney damage. (*Id.* at

4

8, 10).   Plaintiff asserts her claims against Defendant Mix in both her individual and official capacities.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).   CHP, a medical services organization that contracts with the CDOC to authorize outside medical care for CDOC inmates, is subject to municipal liability under § 1983 for alleged civil rights violations by its employees.   *See Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003); *Berger v. Community Education Centers, Inc.*, No. 16-cv-01999-MEH, 2017 WL 6381687 (D. Colo. Dec. 14, 2017).   As Plaintiff was advised in the Court's prior orders, in order to establish § 1983 liability against CHP, she must plead facts showing that a policy or custom exists that was established or effectuated by CHP and that there is a direct causal link between the policy or custom and the injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).   Isolated incidents generally are insufficient to show municipal liability, unless a plaintiff can demonstrate that "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued."   *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009).   Despite the Court's advisements, Plaintiff has failed to clearly allege facts showing a CHP policy or custom.   Accordingly, the official capacity claim against Defendant Mix will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B)(i).

The Court will not address at this time the merits of Plaintiff's Third Claim against Defendant Mix in her individual capacity.   Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.   *See* D.C.COLO.LCivR 8.1(c).

### C. Claim Four

Claim Four is brought against Defendant Hilary Victoroff, N.P., a nurse practitioner employed by the CDOC, for "Deliberate Indifference Resulting in Gross Negligence." (ECF No. 51 at 12). Plaintiff alleges that Defendant Victoroff did not order her to the Denver Reception & Diagnostic Center for an exam after she was discharged from the hospital in February 2017, and that Defendant Victoroff thereafter failed to leave orders for Plaintiff's care when she left for her three days off, which resulted in injury to Plaintiff. (*See id.* at 12-13). Defendant Victoroff is sued in both her individual and official capacities.

Plaintiff's claim against Defendant Victoroff in her official capacity must be construed as a claim against the CDOC. See *Monell*, 436 U.S. at 690 n.55. Again, Plaintiff has been advised in the Court's prior orders that agencies of the State of Colorado such as the CDOC and state officials sued in their official capacities are protected by Eleventh Amendment immunity. *See* Colo. Rev. Stat. § 24-1-128.5; *Will*, 491 U.S. at 66; *Ramirez*, 41 F.3d at 588. Therefore, Plaintiff's official capacity claim against Defendant Victoroff will be dismissed pursuant to § 1915(e)(2)(B)(iii).

The Court will not address at this time the merits of Plaintiff's Fourth Claim against Defendant Victoroff in her individual capacity. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c).

### D. Claim Five

Plaintiff brings Claim Five against Defendant Laura Sommerschield, N.P., a nurse practitioner employed by the CDOC, for "Deliberate Indifference resulting in

6

Reckless Disregard." (ECF No. 51 at 14). Construing Plaintiff's allegations liberally, Plaintiff alleges that Defendant Sommerschield's actions caused or contributed to the delay of Plaintiff's eye surgery, which resulted in her needing to have the surgery re-done. (*Id.* at 20-23).

The official capacity claim against Defendant Sommerschield will be dismissed pursuant to § 1915(e)(2)(B)(iii) based on Eleventh Amendment immunity for the reasons set forth in Sections II.A. and C. above. *See* Colo. Rev. Stat. § 24-1-128.5; *Will*, 491 U.S. at 66; *Ramirez*, 41 F.3d at 588. The Court will not address at this time the merits of Plaintiff's Fifth Claim against Defendant Sommerschield in her individual capacity. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c).

### E. Defendants CHP and Dr. Susan Tiona, M.D.

Plaintiff does not identify any of her claims as being asserted against named Defendant CHP or named Defendant Dr. Susan Tiona, M.D. Even if the Court could construe one or more of Plaintiff's claims as asserted against Defendant CHP, again, Plaintiff has failed to clearly allege facts showing a CHP policy or custom sufficient to state a § 1983 municipal liability claim against CHP. *See City of Canton,* 489 U.S. at 385. Defendant CHP therefore will be dismissed from this action.

Further, even if the Court could construe one of more of Plaintiff's claims as asserted against Defendant Tiona, the CDOC's former Chief Medical Officer, any official capacity claim would fail based on Eleventh Amendment immunity, for the reasons set forth in Sections II.A. and C. above. *See* Colo. Rev. Stat. § 24-1-128.5; *Will*, 491 U.S. at 66; *Ramirez*, 41 F.3d at 588.

7

Additionally, an individual capacity claim against Defendant Tiona would fail as well because Plaintiff has not alleged any facts showing that Defendant Tiona personally participated in a violation of Plaintiff's constitutional rights. The Court previously advised Plaintiff that "personal participation in the specific constitutional violation complained of" is essential to liability under § 1983. *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). The only mention of Defendant Tiona within Plaintiff's claims appears in Claim Three, wherein Plaintiff alleges that Defendant Mix, who "personally denied" the transplant, "engaged directly with Tiona in the denials of transplant," and that "Defendants Mix and Tiona were aware of the written order from CDOC in Fall 2015 that if denied special needs parole; [Plaintiff] would be given a transplant and treatment under Medicaid." (ECF No. 51 at 10). These bare allegations do not provide specific facts showing that Defendant Tiona personally participated in a violation of Plaintiff's constitutional rights.

Although Plaintiff states in the "Request for Relief" section of her pleading that Defendant Tiona repeatedly "gave the CDOC official sign off and approvals to defendant Mix's denials of life essential care" for Plaintiff (*id.* at 19), as Plaintiff previously has been advised by the Court, in order to succeed in a personal capacity § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional

8

deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Plaintiff has not alleged facts supporting supervisory liability with respect to Defendant Tiona. Defendant Tiona therefore will be dismissed from this action.

Accordingly, it is

ORDERED that Claim One and Claim Two of the Prisoner Complaint (Third Amended) (ECF No. 51) are dismissed based on Eleventh Amendment immunity, and Defendant Colorado Department of Corrections is dismissed from this action. It is

FURTHER ORDERED that Claim Three as against Defendant Jennifer Mix, M.D. in her official capacity is dismissed as legally frivolous. It is

FURTHER ORDERED that Claim Four as against Defendant Hilary Victoroff N.P. in her official capacity is dismissed based on Eleventh Amendment immunity. It is

FURTHER ORDERED that Claim Five as against Defendant Laura Sommerschield N.P. in her official capacity is dismissed based on Eleventh Amendment immunity. It is

FURTHER ORDERED that Defendants Correctional Health Partners and Dr. Susan Tiona, M.D. are dismissed from this action. It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this  1st  day of   February  , 2019.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

9