IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.   18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P. (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

---

**Plaintiff's file to record:  CDOC release requested by Hall and Evans: Attorney Ringel**

---

**In light of the Senior Court's orders at (ECF192 and ECF 193) on November 19, 2019;** this case is now confirmed by the court's acknowledgment that State Defendant Hilary Victoroff and her Attorney, Ms. Colony; have until December 30, 2019 to respond to the phase Defendant Victoroff is in:  Dispositive and Summary Judgement.  The court therefore acknowledges Plaintiff's Motion for Summary Judgement as being actively before the court.

**In light of the Senior Court's orders at (ECF192 and ECF193),** Plaintiff has been granted her request for removal from this case, of Defendant Victoroff regarding Claims #5 and #6.  The court therefore acknowledges, on logical levels, that Attorney Colony's services to Defendant Victoroff with regard to the entire nature of Claims #5 and #6, which was, in entirety, the obtainment of CDOC records, CDOC discovery and all surrounding issues that developed; is now over.

**With the Magistrate court's order denying contempt of court against the CDOC, which were/are directly tied to Defendant Victoroff previous charges within #5 and #6;** Attorney Colony's services to the CDOC in representation for the "legal" "case" she claimed contempt fell under is now over.  CDOC *should return (and*

1

36  *Plaintiff requests)* fully to a non-party, public entity without need for active **legal**
37  **representation (a description and explanation made by the Magistrate Court**
38  **within October 7, 2019 hearing transcript). Plaintiff asks that the court enforce**
39  **its orders of October 7, 2019 should there be any objecting or further non-**
40  **containment from State. Plaintiff respectfully reminds of her formal objection to**
41  **non-containment by Attorney Colony post-October 7, 2019 (ECF166) which**
42  **continues to pend.**
43
44  **All parties are aware that fact-based ended on November 1, 2019.** Therefore,
45  no ability to gather fact-based, unless taken through the court first, is able to be
46  produced by State now. If State had a relevant active client scope; she could join
47  Hall, Evans and Plaintiff now, in collecting information. Attorney Colony does not
48  have such a caseload any longer. Should Hall and Evans desire to continue to
49  collaborate and co-mingle; that is theirs and their client's free will choice to make.
50
51  **State does have one other client, Laura Sommerschield who's fact-based was**
52  **over months ago and is pending Plaintiff filing Summary Judgement or a**
53  **dispositive from State.** Plaintiff had been waiting for the transportation records
54  from CDOC. Which Attorney Colony claimed, on October 31st that she was
55  needing seven additional days to allegedly gather all last records asked for from
56  the CDOC by Plaintiff. Instead, what this case received, was zero production
57  (which included relevant to Sommerschield) transport records, relevant to CHP
58  financial and insurance records (Cheryl Petrossi) (and) numerous other records in
59  existence within the CDOC.
60
61  **As the parties now have additional time within dispositive;** Plaintiff only advises
62  at this time that Summary Judgement Sommerschield is forthcoming (and)
63  neither State nor Plaintiff is designating expert witnesses (thus, there is no 702
64  need for either. All must have experts designated by December 2, 2019. Plaintiff
65  has already filed at ECF171).
66
67  **In light, of the now consolidated State AG and her client;** Plaintiff remains
68  recognizing what she has claimed from Day One: that CHP group needs full
69  release of the CDOC records. From Day One, however, and despite her filing of
70  (ECH89), Attorney Colony has spent every moment of time given on this case to
71  date; in focusing on her representation for "gathering" CDOC records of Plaintiff.
72  An extreme gone so far, that neither Attorney Kennedy nor Attorney Ringel would

2

touch, use or go near; said gathering.  Both statements are physically within discovery records. This case must move forward.  It *should* move forward fairly and equally to all parties. *The State <u>has never had</u> nor does she have now, a single amendment (with the exception of Claims #5 and #6) altering her simplistic scope and limited compensatory focuses.  As the Senior Court acknowledged in allowing 5th Amendment: there really are no changes within it, for anyone except a clarifying of punitive damages; which have always been on the table for the CHP Group.*

**In light, of now verified by the Magistrate court of his reliance upon the word of Attorney Colony;** it is fair that Plaintiff move aside from her attempts to access the CDOC and her six years of records, and finally release CDOC records to Hall and Evans who has steadily taken a side seat until the court rule on the ending of the discovery dilemma between Amy Colony, her client and Plaintiff. **The release crafted and provided by Andrew Ringel (Attachment One) verifies many claims of Plaintiff over the past months; yet, it is what she was given and therefore is what she will execute from him as requested.** <u>Because she first-hand knows</u> that Attorney Ringel will get absolutely nowhere (especially in light of the new CDOC revisions since April 2019 of AR 950-02) *with his crafted release*; Plaintiff has copied his, added corrections and details (and) included the mandatory 950-02A release (that everyone, including AG is mandated to sign prior to release of records) in order to expedite and assist Mr. Ringel moving forward. (See Attachment 2).  Verifiably, Plaintiff made no alterations or deletions from what Attorney Ringel requested.

Plaintiff believes that **this filing today is in order to make a record** that summarize the end of the CDOC discovery issue.

**Also for the record, she cautions Hall and Evans again:**  To be clear in thought that every single item they gather is now going to be compared to Attorney Colony's gathering.  The format theirs arrives in will be matched piece by piece. The answers that they receive from the CDOC must be exactly the same as Attorney Colony states when she claims a "2010 contract", "departments that do not exist", the "paranoia" of Plaintiff and more. **It is a thin wire for Hall and Evans to tread and is not, in any way, in place by any actions of the Plaintiff.**

3

109  **Should Hall and Evans decide now that they do not wish to involve themselves**
110  **in comparisons to State;** they therefore acknowledge same as Plaintiff must:
111  That the CDOC is the person of most knowledge and holds necessary financial
112  records that would be used in determining settlement needs, contracts and
113  policies that would clearly show this discrepancy now being subtle interjected by
114  Attorney Ringel; that 'it is the CDOC' to blame, not his clients. They too, should
115  they choose to not risk incriminate of the State now; will be just as "blind" going
116  into trial as Plaintiff. Without the first-hand knowledge Plaintiff holds. Deposition
117  is over, offer to extend fact-based refused and all, are right where they put
118  themselves. Attorney Colony, despite October 7th, 2019 orders to not obstruct
119  Plaintiff access to CDOC contact of any employee (past or present) bars Plaintiff.
120  There is likely nothing more Plaintiff can do to assist in records obtainment.
121  Should something arise, Hall and Evans is free to contact Plaintiff directly.
122
123  Plaintiff considers this release today to be her final involvement, within this case,
124  regarding "the boxes" and State's discovery issues.
125
126  **Respectfully filed to record this 19th day of November 2019.**
127
128  S/Shawnee Ryan
129  11309 West Exposition Drive
130  Lakewood, Colorado 80226
131  720-431-8319
132  shawneeryan216@gmail.com
133
134
135
136
137
138
139
140
141
142
143
144
145
146
147

**CERTIFICATE OF SERVICE**

I have served a complete and full copy of the foregoing via CMECF to the parties below on this 19th day of November 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court: cod_cmecf@cod.uscourts.gov




Andrew David Ringel: ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony: acolony@coag.gov



**COLORADO**
Department of Corrections

AR Form 950-02A3 (9/15/19)

## Authorization for Use and Disclosure of Health Information (Continuity of Care)

| Offender Name: Shawnee Ryan | DOB: 3-11-1957 | DOC#: 159496 |
|---|---|---|

I authorize the Colorado Department of Corrections to disclose to:

| Name | Phone Number |
|---|---|
| ☐ DOC Case Manager, Community Corrections Case Manager (COMCOR), HCPF RAES, LTC Facilities<br>※ Hall and Evans / Amber Tamsorello | 303-628-3300 |

| Address: 1001 Seventeenth Street Suite 300 | City: Denver | State: CO | ZIP: 80202 |
|---|---|---|---|

and/or I authorize (other facility) _____ to disclose to the DOC facility:

| Address | Phone | Requested by: |
|---|---|---|

※ Urgent request for offender care fax to: Legal purposes (Release all directed on attached release (Hall Evans)
  Routine request for offender care mail to address above

The purpose of this disclosure is to be used for:
- ☐ Continuity of Care
- ☒ At the request of the individual
- ☐ Records related to the treatment of HCV

I understand that:
- The information disclosed may contain testing information or treatment information relating to Drug and/or Alcohol Abuse treatment; Sexually Transmitted Diseases; HIV/AIDS virus; HCV.
- Once the information is disclosed, the information is subject to re-disclosure and may no longer be protected by the federal privacy regulations.
- This authorization will be valid for the duration of the incarceration plus 90 days after release.
- This authorization expires upon the individual's death.
- This form may be revoked at any time providing that the information has not already been disclosed. I may revoke this authorization by notifying, in writing, the health records custodian.
- DOC may not use as a condition of treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization except as allowed by law.
- I am entitled to a copy of this signed authorization.
- By signing, I acknowledge I have ____ inspected or ____ have received a copy of requested records.

Printed Offender Name: Shawnee Ryan    Offender Signature: [signed]    Date: 11-19-2019

Printed Name of Person Authorized to Sign for Offender    Signature of Person Authorized to Sign for the Offender    Date

DOC Employee Signature    Date

Attachment A3
Page 1 of 1

## AUTHORIZATION FOR RELEASE OF INMATE RECORDS

TO:   COLORADO DEPARTMENT OF CORRECTIONS

RE:   Name: Shawnee Ryan
      DOB: .03/11/1957
      Inmate Registration No.:

You are hereby authorized to give to:

HALL & EVANS, L.L.C.
Attn: Amber Tamborello
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202

copies of the Department's complete file on Shawnee Ryan, including any and all information such as criminal justice records, case management files, diagnostic assessments, security classification information, disciplinary proceedings or grievances filed against or by Shawnee Ryan while he was incarcerated within the Colorado Department of Corrections.

A copy of this authorization or my signature thereon: _X_ may, ___ may not be utilized with the same effectiveness as an original.

_____
Shawnee Ryan

*Original from Attorney Ringel*

## AUTHORIZATION FOR RELEASE OF INMATE RECORDS

TO:     Colorado Department of Corrections

RE:     Name:      Shawnee Ryan

        DOB:       03/11/1957

        Inmate #:  159496

You are hereby authorized (by both this release and CDOC mandatory to be presented by anyone asking for release(including inmate) medical release of information form AR950-02A (attached)) to release to:

HALL AND EVANS, LLC
Attn: Amber Tamborello
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202

Copies of the Department's complete file on Shawnee Ryan, including any and all information such as criminal justice records, case management files: (including clinical nurse case management files and financial (Cheryl Petrossi); including CMO department files (Andrew Martinez 2013-2014; Susan Tiona (2014-2017); Rishi Ariola-Tirella (2017-2018); Bill Frost (2017-2018) and all emails between that office of the CDOC and CHP defendants and Shawnee Ryan's caregivers (internal and external); including security daily duty logs and hospital logs (relevant to all hospitalizations 2014, 2017, 2018 and details of security interactions on behalf of Shawnee Ryan from February 3, 2017 through February 7, 2017): diagnostic assessments; security classification information (includes all transport records with both CDOC and outside security); disciplinary proceedings or grievances filed against or by Shawnee Ryan while (he)sic was incarcerated within the Colorado Department of Corrections (including both DWCF and DRDC administrative grievances and medical grievances (and) the grievance chronological logs that go with all just named 4 sectors)

(Noted: There was zero request in the original release from Attorney Ringel for medical records of any kind. Therefore, Shawnee Ryan adds: Release of all medical records from November 2012 through October 2018. All records to be

given as "full encounters" not "condensed" encounters (and) as Shawnee Ryan had medical and clinical contact every single day for 99% of her six years incarcerated, the release is to include *every record, every shift (days, swing, graveyard;* is to include all pharmacy records including costs/financial, ordering and shipping verifications).

A copy of this authorization or my signature thereon may be utilized with the same effectiveness as original.

Shawnee Ryan