IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

**PLAINTIFF NOTIFICATION OF FILING OF SUPPLEMENTAL EXHIBIT TO (ECF 227) SANCTIONS MOTION**

Plaintiff comes now Under F.R.C.P. 37 and files supplemental exhibit of evidence to (ECF 227) her Motion for Sanctions:

**Statement of Facts:**

1. CHP-RYAN 001 produced by Attorney Ringel in initial request for production is the job scope listing for Defendant Dr. Jennifer Mix. Paragraph One clearly state affiliation with a company called "Physician Health Partners". (Exhibit One)

2. Colorado Secretary of State records clearly reveal Physician Health Partners as a Colorado Corporation, affiliated with Geoffrey Archambeau (sole owner, President and CEO of Correctional Health Partners (and) Registered Agent of both). (Exhibit One)

3. Though, Plaintiff believes they should not be allowed to have it because she is not the investigative agent for the defense and Attorney Kennedy and Attorney Ringel; there is in existence verifications from the denied

1

transplants the two attorneys have never once addressed or shown as having knowledge of: a copy attached within Exhibit One of the request for bone marrow transplant dated August 18, 2014 from Dr. Sujatha Nallapareddy and Rocky Mountain Cancer Centers (RMCC). The court is asked to note the State AG Bates Numbering at the bottom: "CDOC003492". Of the two copies in Plaintiff's possession, there is the one from the RMCC outside records that no defense counsel has accessed as a part of discovery albeit given full access (CHP Group) since early June 2019. And one, found buried in a similar manner as the blood lab of February 6, 2017 that is a part of the Hilary Victoroff Summary Judgment. Plaintiff states as fact the word "buried" as (the Exhibit One doc attached) is found within Attorney Colony's stated "Box 2" which solely consists of random documents and medical documents, out of date sequence, in no specific order and significant to this case documents (such as Dr. Nallapareddy's request for transplant in 2014) sandwiched in-between utterly irrelevant and mundane documents. Plaintiff chose this alleged to have come direct only from CDOC copy due to the fact that she is taking Attorney Colony at her word that all parties have been copied the same boxes. If we are to believe that to be truthful; then Attorney Kennedy and Attorney Ringel should have their own copy and should have been including this denial to Dr. Nallapareddy in all of their filings spanning the past year of litigation. Plaintiff chooses to not co-mingle her RMCC copy at this time.

4. Note, that this denial was issued by "Physician Health Partners". Upper left corner of the document. (Attached Exhibit One). Note also the initials "JAM" who also issues approvals and denials directly from CHP. Plaintiff's records include information for other areas, from "JAM"; as well.

5. Note within Exhibit One, a previously filed Exhibit by Plaintiff in another and different motion, that she re-files for use again in her Motion for Sanctions. The first "Physician Health Partners" document is Dr. June Scott's request for surgical inserting into carotid artery, of Plaintiff's BARD Power Port.

6. The remaining documents within Exhibit One are Aurora South Medical Records from Cardiac event #1 on the 6th of November 2014. Which marked the first time Medicaid was used to cover hospitalized costs in Plaintiff's

2

case. It too, has been previously filed as a reveal that CHP cannot deny that they were aware Inmate Medicaid ability existed as far back as, at minimum November 2014. Plaintiff has always, in this case, stayed clear on the .place from the moment the new law went into effect.

7. Plaintiff has listed, from (ECF1) forward: "Physician Health Partners, Inc." as a party in this case. She has never removed them as a party and has extensive (every request) documentation of asking Attorney's Ringel and Kennedy through interrogatories and requests for production of discovery; for any and all information regarding the business associations, affiliations, corporate disclosures that are complete and Geoffrey Archambeau (as sole owner) affiliation to any (and) whether he personally benefits in any way from the revenue of any. Asked same of Dr. Jennifer Mix. *Plaintiff has asked for relief in her Motion for Sanctions to include every single production that she has been denied in the past.*

PLAINTIFF ADDITIONAL ARGUMENT AND ADDITIONAL SUMMARY:

A. Plaintiff notifies the court that she is requesting another appointment, of specificity to a civil litigator also versed in corporate law practices (and) cases that also contain civil rights allegations; with the Pro Se Clinic on Monday the 3rd of February 2020.

B. In addition to bringing status of the case up to current speed; her questions will be focused on the following issues of entanglement that she now sees since the dispositive filings of defense counsels:

- The problems, since March 23, 2019 of State AG handling of CDOC discovery (and) what Plaintiff KNOWS in first-hand knowledge as many of her subpoena and medical records requested simply are 'not there'/'not produced'. Missing discovery that is now co-mingled with sworn statement of the non-party CDOC's business practices and policies, as an employee now of CHP Defendants; that are pertaining to that missing discovery. Statement given by a former employee (Kellie Wasko) who was, (for literally years) an integral part of crafting the practices and policies of the CDOC with regard to the new laws. Not

3

only holding that position and hands-on involvement with the very foundation of the charges in this case but also had first-hand knowledge and involvement specifically with the case of Shawnee Ryan and her medical needs. **The legal questions Plaintiff needs answered now are: CDOC, being a dismissed non-party, has continued to insert themselves into this case for nearly a year.  Now, bringing not only Ms. Wasko to the fold, but also previously dismissed as holding governmental immunity:  Dr. Susan Tiona (**see Defendant Victoroff's Motion for Summary Judgment. In the case of Dr. Tiona, she is also the individual who allegedly exchanged email with Dr. Mix (that is refusing to be produced) that will be attested to at trial by a credible witness who was in the looping individuals within the email.  Dr. Tiona's dismissal clearly stated that Plaintiff had not yet shown grounds for personal liability**).  The question:  On what level, does the CDOC and/or these two individuals come back into this case with liability if and when it is shown clearly that evasive, obstructive, willful, knowing and actions that did cause injury to the Plaintiff?  If they do not, then please show Plaintiff where, within the Rules of Evidence and Procedure, they can commit the actions they are?  Repeatedly committing?**

- **What happens, to a private, for profit, single owner corporation that fails to disclose affiliations and refuses to produce the contracts, practices and policies for all; when at least one of those affiliations (Physician Health Partners) is a key component of denying life essential care that ultimately brought the deterioration and subsequent years of rapid depletion of bone marrow strength?**

- **Does this case, after one year now, bring back these additional parties (CDOC, Tiona) and now add Wasko and Physician Health Partners? One passing year that has a Plaintiff who is even more rapidly deteriorating physically and in a case that was initially ordered at Rule 26 to be "fast-tracked" (or) in words of the Magistrate Court on May 29, 2019:  "smokin' hot"?  Do we, literally, "start all over again"? If so,**

4

      **exactly 'how' is a Pro Se , Pauperis Plaintiff who is as physically ill as Shawnee Ryan, with Ed Butler still searching for Pro Bono Counsel, supposed to get a level litigating field in what is now such a convoluted mess of defenders; it's difficult to even see enough to wade through all the complexities they have created and continue to layer.**

- **Or, does the sum total of all the actions of <u>defense parties and counsels</u> allow for a default finding that the Plaintiff's Complaint in 5th Amended is granted with no further litigating or trial?  Have we deteriorated the ethics of this case, yet, to that extent?  That all that would be left is determining damage amounts?**

**Plaintiff will set Pro Se Clinic appointment.  But does, add her questions stated above and her additional argument, summary and exhibit into supplement to her Motion for Sanctions at (ECF227).**

**Respectfully asking that the court review and rule as the court sees fit.**

**Plaintiff also notifies the court at this time that she is physically struggling with a new chemo-therapy regiment adjusting and is also physically moving residence again.  <u>Forthcoming this week</u> will be her response to Defendant Victoroff's Motion for Summary Judgment (and) her Motion for Sanctions and Discipline, on Grounds of Fail to Cooperate in Discovery and Spoliation of Discovery against Senior Assistant Attorney General Amy Colony.  Plaintiff thanks the court for its patience as she undergoes medical treatment.**

**Respectfully submitted this 2nd day of February 2020.**

S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
[shawneeryan216@gmail.com](mailto:shawneeryan216@gmail.com)

**CERTIFICATE OF SERVICE**

I have served a complete and full copy of the foregoing via CMECFto the parties below on this 2nd day of February 2020.


S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov




Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov