# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners, Inc.; Physician Health Partners, Inc.; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**
**LAURA SOMMERSCHIELD N.P. (personal and professional capacity**)

**PLAINTIFF DISMISSAL OF THE CIVIL LIABILITY CHARGES, KNOWN AS: CLAIMS #5 AND #6 AGAINST STATE DEFENDANT HILARY VICTOROFF**

**In light, of the Magistrate Court's orders at ECF181 and ECF182,** ordering parties choice, back into still yet another discovery conference over the one and same discovery and evidence issue that has endured five previous discovery conferences and the October 7, 2019 hearing that was the culmination of eight months of previous and unenforced orders to the State; Plaintiff has given lengthy thought, (and) has also conferred with counsels she has worked steadily with from Pro Se Clinic, since release to parole 2018.

Reaching the conclusion today, that the advice being given is once again sound.

**She moves accordingly:**

1. Not only is the opinion of the Magistrate Court absolute, so is the act of enforcement of all orders given.

    No one has the ability to 'make' the court enforce its own orders made upon State AG and Amy Colony (May 29th, June 24th, July 31st, October 7th). Nor, the procedural rules surrounding when and how discovery begins and

is collected. Nor the legal rules the CDOC states within administrative regulations and its obvious daily operations when the CDOC is a non-party. The counsel advice and in expression of long-standing loyalty to the Magistrate Court and expression that same 'always' ultimately becomes fair; are words and statements Plaintiff is inclined to agree with. The further advice that the task now becomes 'getting there' to where undeniable testimonies and visual producing of undeniable and unable to defend against evidence; is going to be the difficult part. That, when that time arrives, and it will, then, the 'how' to date will be able to be seen. That, certainly, another (the 6th) drag it out discovery debate with the same stalemate of zero ability to be heard as to just the facts minus the drama from State, her clients and CDOC; is not going to do anything more than what has already passed. The court's unshakeable loyalty to *just the verbal word,* an attorney that has long-standing been a person the court works with; is an impasse not possible to be breached at this time. The Court, at this time, is absolute.

**2. The counsel now given to Plaintiff:**

**The only solution for resolution remaining, is to now enforce what Plaintiff "*can* enforce":**

A. Enforcing the State to 'live with', in summary judgement and trial if need be; the hard evidence buried within 'the boxes' obtained pre-discovery. As the single moving force, of interaction not allowing either Plaintiff or CDOC, in or to be heard, in concert with all available evidence; Attorney Colony must now live with her results. Witnesses do exist as does hard fact evidence lying buried right under her nose for months that her less than frank clients have not shown her. There is no place to go other than where she has now planted herself and drug the CDOC along with, for Attorney Colony. Discovery clock has been effectively run out by the State. What comes next comes from live witnesses and all the records she chose to not allow to be seen. Plaintiff's hands are clean, as are Hall and Evans (to the knowledge of Plaintiff today). The dismissal of contempt (and) dismissal within this motion today; leaves Attorney Colony standing right where she planted herself.

2

**Plaintiff advised:**

- "leave them all right where they put themselves" is taken as sound.

- As time moves forward, dispositive for all now follows the very soon forthcoming list of all of Attorney Ringel's refusals to date, to answer and produce. All conferring time, all notices exhausted repeatedly, with this caution also filed today that time is short to decide to produce and answer; Andrew Ringel has dug in and they too, including Attorney Kennedy that Attorney Ringel has taken into it with himself and Attorney Colony's production; must now go forward, 'living with' where they are.

- Neither side has any expert 702 witnesses. Plaintiff has disclosed, per scheduling order, her list of witnesses that rank as percipient.

- With the dismissal of contempt and the Plaintiff now, today, 'giving up' being able to access her own records of six years of her life, to the select choices of what *Amy Colony deems Plaintiff's six years of life to be;* **CDOC is no longer involved in a legal situation that requires an attorney.** Returned to a non-party with absolutely zero ground to stand on to cause any further disruption**. They are, and always will be**: The district criminal court-ordered Guardian of their Ward: Shawnee Ryan and the records spanning over 6 years of her life. A Guardian who 'should' know well by now that Shawnee Ryan will always obey them, but will not harm herself by anything they may personally choose to do (and) the 'should' have learned of the life lesson they preach every day to the incarcerated: One will always, always eventually get caught  They do, after all, work in a prison. Their bodies, their knowledge of facts and how they operate daily; are being accessed the hard way now; as Plaintiff's Guardian they may be released from liability but are never released from the "person of most knowledge" that they are. Attorney Colony, as the sole moving force bringing the CDOC to this point, is left where she is.

- Looking out for the current (and growing more frail) physical needs of herself, while continuing to obey court forward movement and continuing to produce hard, factual evidence of her claims*; is the only absolute the Plaintiff should, and is going to, focus on now.*

3

110 **Plaintiff pleads the Court:**
111
112 **Claims #5 and #6 against Defendant Hilary Victoroff were filed with the thought**
113 **and intent for a 'softer' avenue for her to take: admitting to civil liability and**
114 **avoiding the harsh criminal liability if at all possible.**
115
116 **The claims are criminal in nature claims. Which are not mandated by Plaintiff**
117 **nor does Plaintiff have any part of their consequences.**
118
119 **Not a single moment, not one time, not one piece of fact-based or even**
120 **circumstantial evidence and not once with any outward reach of cooperation;**
121 **has been brought forward by the State and her client to defend. Voluminous**
122 **'words' of complaint have come from Hilary Victoroff's attorney. Yet, despite**
123 **very, very simplistic ability to clear of the allegations has never been taken.**
124 **Attorney Colony and her client have instead chosen, for over 8 months, to**
125 **dance every which way they can to 'avoid' just answering the questions.**
126
127 **And now, the Court(s) have determined that it is in the best interests of this**
128 **case to not consolidate the problems within Claims 5 and 6 and instead, for**
129 **now, continue to 'leave them where they stand'.**
130
131 **Plaintiff dismisses Claims #5 and #6 from this case and all *civil liability***
132 **Defendant Victoroff would encounter upon a finding of guilt.**
133
134 **Plaintiff advises the Court and all parties that effective upon grant of this**
135 **Motion, Hilary Victoroff is turned to the governing accreditation agencies of the**
136 **CDOC on grounds of AR 950-092 (and) the state regulatory, licensing and law**
137 **enforcement agencies she is obligated to. Further advised that all evidence in**
138 **support of is going with her. Plaintiff moves out of the role of Plaintiff and is**
139 **now the alleged victim. It is up to the rule of law going forward, as to**
140 **punishments and reliefs.**
141
142 **As all of these agencies also govern the enforcement of law and regulations of**
143 **Defendant Victoroff's employer; they alone will determine as to whether**
144 **Defendant Victoroff has victimized the CDOC within the parameters of AR 950-**
145 **02 and its applicable State laws. It will be solely up to the CDOC and State AG**

4

**Weiser if they wish to continue to provide legal representation to Hilary Victoroff outside of this civil case #18 cv 00956-MSK-MEH.**

**The State, in this civil case, now moves to:**

- **Their own discovery paths and not the Plaintiff's.[1]**

- **No longer involved with a non-party as an extended arm, rather than legal counsel in a legal matter as there scope of duty holds them to.**

- **Solely representing Defendant Sommerschield as she moves shortly to Summary Judgement and doing so standing on the State's production they have in hand.**

- **Plaintiff, with this dismissal, moves into the position of an alleged victim of alleged crime. No further involvement such as the stress of the past eight months of attempting to once again deal with aftermath of Hilary Victoroff. Any further complaining by Attorney Colony and her client, any desire to have information as to the forthcoming investigations and their agencies do not have an obligation by Plaintiff to listen to or participate in. Plaintiff is certain, when necessary, Hilary Victoroff will be notified to relevant matters. She can then choose to inform an attorney.**

**Plaintiff respectfully pleads the court to grant her move to dismiss the filed as civil liability, within a civil case arena: Claims #5 and #6 against Hilary Victoroff**

**Additionally asking for relief from Hilary Victoroff, by granting the dismissal of these two claims which leaves just one intact (Claim #4 pending Summary Judgement ECF180) forthwith.**

---

[1] Simplistically stated, Plaintiff relieves the court of the burdens to determine quash, consolidate and bifurcate. The State is now 'quashed' to its own doing, 'consolidated' to its own doing and the client at the root of it all has been bifurcated.

5

**Respectfully filed this 14th day of November 2019.**

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com


**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 14th day of November2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com



Clerk of Court: cod_cmecf@cod.uscourts.gov




Andrew David Ringel: ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony: acolony@coag.gov