IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity);

    Defendants.

---

**RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF 220] FROM DEFENDANTS CORRECTIONAL HEALTH PARTENERS AND DR. JENNIFER MIX**

---

    Defendant Correctional Health Partners and Dr. Jennifer Mix, ("CHP Defendants"), by and through their counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Response to Plaintiff's Motion for Reconsideration, as follows:

    1.    On November 12, 2019, this Court issued an Order denying numerous motions filed by Plaintiff. [ECF 183].

    2.    The Order was well reasoned and supported by the facts and case law.

    3.    On January 23, 2020, Plaintiff filed a Motion to Reconsider the denials contained in the Court's November 12, 2019 Order. [ECF 220]

4.	However, Plaintiff's Motion is void of any basis upon which this Court should reconsider its November 12, 2019 Order.

5.	For example, Plaintiff submits, as Exhibit Three to her Motion, a Certificate of Review Pursuant to C.R.S. §13-20-602 that relies on nothing more than her self-serving conclusory assertions that some unknown and unnamed expert would opine as to any negligent conduct. [ECF 220-3]. Such assertions are insufficient to meet the requirements of a certificate of review.

6.	The certificate of review statute requires a plaintiff alleging claims of professional negligence against licensed professionals to file a certificate of review with the Court. C.R.S. § 13-20-602(1)(a). The certificate of review must contain the following declarations:

> (I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and
>
> (II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claims, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13-17-102(4).[1]

C.R.S. § 13-20-602(3)(a)(I) and (II). The professional consulted by a plaintiff must be able to "demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as the negligent conduct alleged." C.R.S. § 13-20-602(3)(c).

---

[1] As defined in C.R.S. § 13-17-102(4), the term "lacking substantial justification" means "substantially frivolous, substantially groundless, or substantially vexatious."

2

7. A plaintiff alleging professional negligence against a physician must provide a declaration in the certificate of review stating that "the person consulted meets the requirements of section 13-64-401." *Id.* Section 13-64-401 provides as follows:

> **Qualifications as expert witness in medical malpractice actions or proceedings:**
>
> No person shall be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician unless he not only is a licensed physician but can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience in the evaluation, diagnosis, and treatment of the disease or injury which is the subject matter of the action or proceeding against the physician defendant, he was substantially familiar with applicable standards of care and practice as they relate to the act or omission which is the subject of the claim on the date of the incident. The court shall not permit an expert in one medical subspecialty to testify against a physician in another medical subspecialty unless, in addition to such a showing of substantial familiarity, there is a showing that the standards of care and practice in the two fields are similar. The limitations in this section shall not apply to expert witnesses testifying as to the degree or permanency of medical or physical impairment.

C.R.S. § 13-64-401.

8. Accordingly, Plaintiff's Motion for Reconsideration provides no basis upon which this Court should reconsider its Order dated November 12, 2019.

3

WHEREFORE, for all the foregoing reasons, Defendants Correctional Health Partners and Jennifer Mix, D.O., respectfully request this Court deny Plaintiff's Motion for Reconsideration, and for all other and further relief as this Court deems just and appropriate.

Dated this 13th day of February 2020.

Respectfully submitted,

*s/ Edmund M. Kennedy*
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:      303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANTS CORRECTIONAL HEALTH PARTNERS AND DR. JENNIFER MIX**

4

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on this 13th day of February 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Amy C. Colony, Esq.
amy.colony@coag.gov

Shawnee Ryan
Shawneeryan216@gmail.com

*s/ Marlene Wilson,* Legal Assistant to
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3453
Fax:       303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANTS CORRECTIONAL HEALTH PARTNERS AND DR. JENNIFER MIX**

5