IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS
DR. JENNIFER MIX, M.D. (personal and professional capacity),
HILARY VICTOROFF N.P. (personal and professional capacity), and
LAURA SOMMERSCHIELD N.P. (personal and professional capacity);

Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FROM CHP DEFENDANTS**

---

Defendant Correctional Health Partners ("CHP") and Dr. Jennifer Mix, ("Dr. Mix") (Collectively "CHP Defendants"), by and through their counsel, Andrew D. Ringel, Esq., and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Reply in Support of Motion for Summary Judgment, as follows:

1. On January 17, 2020, CHP Defendants filed a Motion for Summary Judgment. [ECF 217].

2. In the Motion, CHP Defendants argue Dr. Mix is entitled to summary judgment on Plaintiff's claim for two reasons. First, Plaintiff's claim against her is insufficient because Plaintiff cannot establish any action or omission of Dr. Mix caused Plaintiff's claimed violation of her constitutional rights related to the medical treatment

provided. Second, even if the requisite causal link could be shown, Plaintiff also cannot advance evidence of any subjective intent by Dr. Mix for any cognizable Eighth Amendment claim against her.

3. Similarly, the Motion argues CHP is entitled to summary judgment on Plaintiff's Eighth Amendment and negligence claims for four reasons. First, as with Dr. Mix, Plaintiff's constitutional claim against CHP is insufficient because Plaintiff cannot establish any action or omission of CHP caused Plaintiff's claimed violation of her constitutional rights related to the medical treatment provided. Second, also similar to Dr. Mix, even if the requisite causal link could be shown, Plaintiff also cannot advance evidence of any subjective intent by anyone associated with CHP necessary for any cognizable claim against CHP. Third, the decisions made by a single CHP Medical Director do not constitute a custom, policy or practice of CHP, which is needed to establish entity liability on the part of CHP for any constitutional claim. Fourth, based on the evidence in the summary judgment record, Plaintiff's state tort claim for negligence fails as a matter of law based on the corporate practice of medicine doctrine, the lack of any evidence to establish negligence, and Plaintiff's failure to present any expert to opine about the applicable standard of care and its violation or that any alleged negligence caused Plaintiff any injury. Finally, Plaintiff's assertion that Medicaid should have somehow been involved in the decision whether to authorize her stem cell transplant treatment is inapposite and fails to provide any basis for any cognizable claim.

4. On January 31, 2020, Plaintiff filed her Response to Motion for Summary Judgment. [ECF 226]. Plaintiff's Response does not address either the CHP Defendants'

factual presentation or the legal arguments made on summary judgment with any precision. Rather, Plaintiff's Response represents a stream of consciousness diatribe about Plaintiff's own personal and individual perspective about what occurred to her. Plaintiff's effort does not meet the requirements for defeating a motion for summary judgment as a matter of law. *See, e.g.,* ***Am. Auto. Ins. Co., v. Marlow,*** 666 F.Supp.2d 1209, 1212 (D. Colo. 2009) (discussing requirement of Fed. R. Civ. P. 56(e)(2) to set out specific facts showing a genuine issue for trial based on admissible evidence through affidavit or otherwise); ***Murphy v. Gardner,*** 413 F.Supp.2d 1156, 1162 (D. Colo. 2006) ("Where, as here, the non-movant bears the burden of proof at trial, the non-movant must point to specific evidence establishing a genuine issue of material facts with regard to each challenged element."). This fundamental deficiency in Plaintiff's effort demonstrates CHP Defendants are entitled to summary judgment.[1]

5. Although Plaintiff's Response fails to follow the instructions provided by this Court in its practice standards, namely she doesn't respond to any of the statements of undisputed material facts, it appears she takes issue with the fact she believes CHP Defendants' arguments were related to only one of many denials for the transplant she desired, the last denial in September 2016. [*See* ECF 226 at 5-7 (discussing denials of transplants in 2014 and 2015 and "passing of the buck" to CDOC)].

---

[1] Moreover, Plaintiff's attempt to interject additional facts in her Response without evidentiary support is also insufficient to defeat summary judgment. *See generally* ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 257 (1986); ***Baker v. Penn Mut. Life Ins. Co.,*** 788 F.2d 650, 653 (10th Cir. 1986); ***Cent. Masonry Corp. v. Bechtel Nat'l, Inc.,*** 857 F.Supp.2d 1160, 1162 (D. Colo. 2012); Fed. R. Civ. P. 56(e).

6. However, CHP Defendants recognized Plaintiff's claim potentially included additional previous denials and CHP Defendants' argument, whether addressing the September 2016 denial or earlier denials, is the same regardless of which denial is being addressed. [*See* ECF 217, at 7, ¶ G of Relevant Facts ("Plaintiff admits her medical providers ***never appealed the initial denial of any request***, including the September 2016 request for stem cell transplant." (emphasis added))].

7. Whether the denial occurred in 2014, 2015, or 2016, Plaintiff nonetheless cannot establish any action or omission of Dr. Mix caused her any constitutional injury as argued in the Motion. [*See* ***id.*** at 3-8].[2] Additionally, even if Plaintiff can establish causation, Plaintiff nonetheless also fails to establish the subjective component for her Eight Amendment claim against Dr. Mix and CHP. [***Id.*** at 9-14]. Any denial, at best, created a disagreement between Plaintiff and Dr. Mix, which is insufficient to state a constitutional claim. *See, e.g.,* ***Phillips v. Tiona,*** 508 Fed. Appx. 737, 746 (10th Cir. 2013) ("A mere difference of opinion between a prisoner and the prison's medical staff with respect to a diagnosis or a plan of treatment, or a mere medical difference of opinion, is not actionable under the Eighth Amendment."). The fact none of the denials were appealed by any of Plaintiff's treating healthcare providers further supports CHP Defendants request for dismissal of the claims because the lack of appeals demonstrates Plaintiff's treating medical provided didn't believe the denials to be inappropriate. [ECF

[2] Additionally, Plaintiff filed her Complaint in this matter on April 23, 2018 [ECF 1], and therefore any denial more than two years prior to this date is barred by the applicable statute of limitations and cannot form the factual predicate of any cognizable claim against either Dr. Mix or CHP. *See, e.g.,* ***Braxton v. Zavaras,*** 614 F.3d 1156, 1160 (10th Cir. 2010); ***Fogle v. Pierson,*** 435 F.3d 1252, 1258 (10th Cir. 2006).

217 at 7, ¶ H (Dr. Mix consulted with Plaintiff's treating medical providers prior to denying any request)].

8. Again, whether the denial occurred in 2014, 2015, or 2016, Plaintiff also cannot establish any entity liability to support her claim against CHP. [*See* ***id.*** at 14-15].

9. Lastly, Plaintiff fails to address CHP Defendants' arguments concerning the negligence claim and the Medicaid issue. [*See* ***id.*** at 16-21].

10. Ultimately, throughout these proceedings, Plaintiff has offered her own subjective perspective of what occurred respecting CHP's role and involvement in her treatment decisions during her incarceration by CDOC, supported by nothing more than her own opinions and conclusory assertions. However, for Plaintiff to survive summary judgment she must come forward with admissible evidence establishing each element of her 42 U.S.C. § 1983 and negligence claims against CHP and Dr. Mix. Plaintiff's Response does not even attempt to meet her burden, making summary judgment inescapably appropriate here. Fundamentally, Plaintiff must recognize that just because she believes something does not make it so. Actual evidence is required to state a cognizable legal claim and Plaintiff has simply come forward with insufficient evidence to defeat summary judgment as a matter of law.

11. In conclusion, for all the foregoing reasons, as well as those articulated in the Motion for Summary Judgment, Defendants Correctional Health Partners and Jennifer Mix, D.O., respectfully request this Court grant them summary judgment on Plaintiff's claims against them, dismiss all of Plaintiff's claims against them with prejudice in their entirety, and for all other and further relief as this Court deems just and appropriate.

Dated this 14th day of February 2020.

Respectfully submitted,

*s/ Edmund M. Kennedy*
Edmund M. Kennedy, Esq.
Andrew D. Ringel, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3453
Fax: 303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEY FOR DEFENDANTS CHP AND JENNIFER MIX**

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on this 14th day of February 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Amy C. Colony, Esq.
amy.colony@coag.gov

Shawnee Ryan
Shawneeryan216@gmail.com

*s/ Nicole Marion, Legal Assistant to:*
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3453
Fax: 303-628-3368
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANTS CHP AND JENNIFER MIX**