**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners,**
**Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**

**PLAINTIFF MOTION UNDER F.R.C.P. 37, FOR SANCTIONS and DISCIPLINE, on**
**GROUNDS OF FAIL TO COOPERATE IN DISCOVERY AND SPOLIATION OF**
**DISCOVERY: against SENIOR ASSISTANT ATTORNEY GENERAL AMY COLONY**

**PRELIMINARY STATEMENT**

**Plaintiff Shawnee Ryan comes now, under FRCP 37 and files the entirety of the issues regarding the handling by Attorney Amy Colony, of the Plaintiff's full and complete records held by the Colorado Department of Corrections.  Plaintiff does list, below within summary of claims and also within Exhibit Four attached; the relevant (and) missing CDOC discovery that she was prevented from obtaining  and that she is stating now as being 'lost' to this case** and 'figuratively' destroyed **as it has no means to be obtained through discovery processes now past.**

The only way Plaintiff can **now** vet and prove her burden, is through the direct testimonies at trial of her percipient witnesses who first-hand handled the fact-based evidence Plaintiff is obstructed from obtaining (and) bring forward her own copies of those numerous specialists and specialized entities data of medical and administrative data that they generated over the span of 6 years.

 **What is 'lost' to her, the other parties in this case (and) to the court (as it stands now)** are her entire 6 years **of full and complete** medical, inmate, administrative records. NOT EVEN the Open Records departments of the CDOC will provide to Plaintiff her FULL and COMPLETE records in an actively being

1

litigated lawsuit. These CDOC records are detailed and relative to the entirety of this case. As the case unfolds further now, defense counsel's current epiphany in finding that as Shawnee Ryan continues to just show up in presenting her case, press forward and does not back down; they now need in order to defend, the very records they refused to access and avail themselves of. Including, the missing records from the CDOC.

**In effect, the <u>9 months</u> of actions of Attorney Colony in handling the CDOC discovery in this case as she has, (and) her effective persuasions of other counsels and the Magistrate Court to 'allow' her to handle as she has; has created a void within this case that leaves the only party standing with (at least) extensive fact-based discovery** *from her outside medical community providers*: **being the Plaintiff. Defense counsels, in effect, have little to nothing to work from <u>except for what their clients have stated as existing</u>. Where Plaintiff will be bringing forward 'cold' to a trial; they will be defending "cold and blind"; with Attorney Colony and her client long gone from the case as <u>the AG scope has NOTHING to do with the CHP scope. Never has.</u>**

**<u>The problem arising with the filing of CHP and AG MSJ's, for the Plaintiff, is the 'sand-bagging' of information and witnesses (Wasko, Tiona) being withheld from ability to probe from the Plaintiff. This case COULD be determined to an end result during this dispositive phase. The increased burden to present only at trial was a heavy one; but to now be literally sand-bagged (Wasko, Tiona) with individuals who either clearly conflicted themselves and the interests of a non-party CDOC who was previously pursued with both subpoena and contempt over these issues and production requests (and/or) were previously charged in this case and only dismissed from personal liability not shown CLEARLY enough at the time; does now bring in questions of ethical responsibilities being breached.</u>**

**<u>Plaintiff does not believe that this case would be so far off track now 'if' the pre-discovery breach (and) the continued blocking of direct access to Plaintiff and the CDOC had NOT been done by Attorney Colony utilizing the power and control of the Office of the State AG.</u>**

**Plaintiff has repeatedly stated to the parties and to record** that if the CDOC's full and complete medical, administrative and inmate records were not gathered as

specified by Plaintiff as existing (and) being needed **(and)** that if the defense counsels remained upon laurels in their refusals to obtain all six incarcerated years of the outside medical and administrative records of the Plaintiff; this case would reach numerous obstacles where it would become blatantly obvious to the Defense parties that they could not adequately defend without gathering it all as Plaintiff specifically gave them access to.

**When making those repeated statements, Plaintiff never believed the path of defense would rise <u>to where it has now</u> in attempting, (each time a roadblock arises for them with Plaintiff continuing to not back down) to recover their errors:  by first attempting to halt the entire case (ECF 157), then  overwhelm ANY feasible ability for Plaintiff to depose; then withholding an exceptionally critical and important witness <u>from view</u> for literally months (Wasko), nor (in lieu of) being _able to_ round up more fact-based discovery under the attempted 'guise' of extending dispositive deadlines; and _attempting to recover--by attempting to put in place_--the attempted legitimizing _of hearsay_ of a former CDOC employee (Tiona) <u>who is neither percipient nor expert qualified in this case</u> (and) who has on record in this case, previous charges alleging relative involvements at her own hand.  Charges (Tiona) that also entangle Defendant Mix of the CHP group.**

**There is never any substitution for being given full and complete access to discoverable material nor is there ever a rightful denial of any party coming before the court to be denied due process of gathering the facts of evidence (and) subsequent sticking to the actual questions of law that full discovery would bring forth.**  In this case answering the questions of policy and practices of the CHP Defendant Group that this case has always been solidly under:  The Patient Protection and Affordable Health Care Act (and) HCPF 14-006.  The rules exist to be followed.

**There is zero substitution,** albeit they could likely remain dismissed under umbrella of immunity, for the undeniable fact that the CDOC remains the point of origin where and who the most information and knowledge of this case is held.  Shawnee Ryan was incarcerated for 6 years with the CDOC as her Guardian.  She became ill not four months into serving in 2012/2013.  The medical bills, of CDOC record, mounted to nearly 5 million dollars in cost.  There is no deniability that as incarcerated she had zero true controls, if she wished to stay alive (which she

3

did) and that her Fates were ultimately under the control of the CDOC.  Her full records, are, her full records.  **Former employees, no matter who they are (Wasko) (Tiona) do not "get to" straddle both sides of the fence and still maintain personal "**immunity" nor should their attorneys be allowed to breach ethics to allow them to.

**No longer just "alleged"[1];** the blocking of and obstructing of CDOC discovery in this case falls squarely upon the shoulders of where unilateral power and control *over the Plaintiff's access* to CDOC discovery **began** (and) then was forcibly held under: with Attorney Amy Colony and the office of the State AG in March 2019 when Attorney Colony first breached **FRCP 26 (5)(d)(1).  At every turn in this case, Plaintiff has provided access** (and) made every attempt within her legal power, to document to record that her claims regarding the absolute need to pull all discovery in this case were truthful and highly accurate claims.[2]

**At every turn in this case, with arrivals now at summary judgment times** starkly revealing that the records Plaintiff has claimed all along as missing: ==truly are missing, obviously do exist and **are needed** by the court and ultimately the juries.== **Filing Motions for Sanctions, Production, Discipline and in the case of Attorney Colony the severity of Spoliation;** are not frivolous, nor unfounded in any way nor taken lightly by Plaintiff.  After their running out the scheduling clock, we all have now arrived at the obvious fact that **just simply to get to trial where she can force to light: evidence that has existed all along and that she clearly asked for access to and production of, doing so within all the rules and processes of the court; is the ONLY path *Attorney Colony* has left to Plaintiff.**    If Shawnee Ryan cannot bring forward full discovery and facts, within the last avenue not

---

[1] The reveals within both sides of defense counsels summary judgment filings clearly show that the State cannot and does not provide full CDOC discovery (and) the CHP attorneys are so confused regarding the charges within complaint that have been there all along; they cannot conduct an accurate deposition with relevant to the charges questions, cannot identify 'where', 'when' authorizations were submitted and/or handled (nor) inquire regarding the specifics of approvals and denials from the solid basis of medical records facts present within ALL records available. (Nor) *identify that their stance remaining on "when payment of Medicaid" is authorized to be made by the CDOC or approved/recommended by CHP* has absolutely nothing to do with "what" the policies and practices of both entities "were" throughout the incarcerated medical needs of the Plaintiff and whether or not those policies and practices met adequate medical needs that Plaintiff had/has. Plaintiff incorporates her response to CHP-MSJ (and) resulting sanctions at (ECF 229, 227)

[2] While it may be called "strategic" or "personal and professional choice" on the part of the defense counsels and Attorney Colony to only gather selected portions of discovery in this case:  P**laintiff had every right to access existing discovery of all she asked for, knew to be existing and do so at the times she originally asked for production. She had every right to be given full, complete access, the ability to work directly with the CDOC obstruction free.**

obstructed to her (trial); this case is effectively raped of the full facts and disclosures that exist (and) effectively hides the paths of the allegations against defense clients. They have left, by their actions to date, Plaintiff Shawnee Ryan being forced to go into trial arena "cold" and proving her burden through witness testimonies.  A jury to decide.

**Where did it begin and where does it wind back around to?**  The handling of the evidence **within the possession** of the persons holding the most knowledge of "what" the policies and practices were/are, that was done by Attorney Amy Colony and the Office of the State AG aprx. March 19, 2019.

**Plaintiff incorporates into this sanctions motion:** her Replies (ECF 197, 198) to Answers to 5th Amended by both defenses, her Motion for Summary Judgment (ECF224) against Hilary Victoroff, her Responses to both CHP and State movements for summary judgments (and) her filing for discovery sanctions against Attorneys Colony, Ringel and Kennedy.


## BACKGROUND

1. **This case was drawn at (ECF52) on February 1, 2019.**  At the time of order to draw, Attorney Amy Colony and the State AG's office retained (ECF 85 and ECF 89, 90) to represent (2) CDOC employees who remained in this suit under the ability to sue personally and in medical professional capacities.   One currently employed by the CDOC and one former employee of the CDOC. **At no time** during the course of this lawsuit, has Attorney Colony or the Office of the State AG seen the entry of another party under their scope of defense. **At no time** within this case, has the Office of the State Attorney General represented any other party or individual in this case (nor) been ordered to serve into the case of the CHP Defendant Group and their counsels of records: Hall and Evans**. Nor, at any time** within this case, has Plaintiff Shawnee Ryan (or) the court: directed, ordered, requested or signed on Attorney Amy Colony as counsel, assistant, investigator, volunteer; to the Plaintiff Shawnee Ryan, her interests within this case nor the Plaintiff's scope and burdens within this case. **Nor, to the best of the knowledge** of Plaintiff, has State AG Weiser ever granted permission or given any order(s) that would allow Attorney Colony to step outside of her scope within this case. **Nor, to the best of her knowledge,**

Plaintiff is unaware that Attorney Colony has ever been retained by the CHP Defendant Group as co-counsel, investigator, volunteer or assistant.  At all times, this case has restricted Attorney Colony to only her own scope of defenses within Claims 4 and 5.

2.  **The Colorado Department of Corrections** is and remains a non-party in this case.  **No other governmental or penological entities** exist within this case.

3. **Correctional Health Partners (et al**) is a one-owner held, private, for profit corporate LLC that operates in the public and private sector.  Doing so, nationwide.

4. **The two State scope individuals (Victoroff and Sommerschield)** (Claims 4 and 7) have not seen ANY alteration or changes to the charges originally filed against them.  **At one point,** Defendant Victoroff was additionally added into two claims which were accepted as an amendment by the court (previously known by the court and parties as Claims 5 and 6).  (ECF 119).

5. **On 11/14/2019 At (ECF186) Plaintiff Shawnee Ryan**, for fully disclosed reasons within (ECF186) voluntarily dismissed ONLY the civil liability charges of Claims 5 and 6 against Defendant Victoroff (and) filed plain language to record within (ECF186) that any and all alleged criminal aspects remained on the table to be pursued by Plaintiff outside the confines of this case.

6. **On 12/11/2019 at (ECF204) Plaintiff Shawnee Ryan** filed medical information to the Senior Court verifying a significant change to her health issue encompassed into Claim #7 against Laura Sommerschield.  That deterioration had given the Plaintiff the ability to have her existing insurance coverage cover 100% of the costs to repair and restore.  Plaintiff, at (ECF 204) voluntarily dismissed Claim #7 against Defendant Sommerschield and stated clear and plain language that spoke of her decision being in the best interests of moving the case forward.

7. **The parties and the court opened discovery in this case on May 29, 2019** at what was originally set as a status conference to discuss status of Plaintiff's health needs. Parties had been previously ordered by the Senior Court to set a Rule 26 discovery hearing at (ECF71) on 2/8/2019.  Parties consented to the

210    conference becoming the first hearing/conferring as required at Rule 26 (d).
211    **At no time in this case** has any party or representative of any party been able
212    to begin discovery gathering or use due to being rendered exempt from initial
213    disclosure under **FRCP 26 (5)(d)(1).  Nor been ethically and legally able to**
214    **proceed** outside of the rules and timing of discovery commencing by being
215    given a court order rendering as exempt from timing and sequence agreed
216    upon by parties and court.

218  8. **At (Transcript 116) of the May 29, 2019** discovery commencement hearing;
219    Attorney Colony disclosed to the Plaintiff and the Court, for the first time, that
220    she already held "two banker boxes" "full" of "all" Plaintiff's CDOC medical
221    and inmate records.  **None of which, had been passed forward or disclosed**
222    into the knowledge and hands of the Plaintiff.  **Nor, to the best of Plaintiff's**
223    **knowledge**[3] been passed into the hands of Attorneys Kennedy and Ringel at
224    that time. **(As listed below in additional background of record) it was not**
225    **until numerous processes and issues** had moved forward that Plaintiff and
226    other parties were able to see, on the "two boxes" records, that the
227    generation of the documents with date and time stamps revealed is March 19,
228    2019.  **Never, at any time** within this case, has Attorney Colony answered ANY
229    of the Plaintiff's questions and requests for specifics regarding the path and
230    trail done by Attorney Colony (or) her client(s) (or) the CDOC.  **Nor, has the**
231    **Magistrate Court placed Attorney Colony under questioning regarding the**
232    **specifics** and trail of exactly how, where, when and through whom all CDOC
233    discovery has been obtained by Attorney Colony.  **Within all of the repeated**
234    **times Plaintiff has questioned and made requests of Attorney Colony**
235    **(numerous interrogatories, four discovery hearings with a fifth pending, a**
236    **subpoena duces tecum never fulfilled, a contempt citation never allowed to**
237    **be executed; a partial listing of Attorney Amy Colony's 'answers' have**
238    **ranged from:**  "attorney client privilege", "her paranoia (Plaintiff)", "her
239    'vexing' and 'harassing' (Plaintiff) "of me" (Attorney Colony), "this is how we
240    do things", "this is the way we have always done things", "no such records
241    exist", "no such dept.(s) exist", "you (Plaintiff) will get "nothing" "without
242    me", "how do you know" (concerning any description of first-hand knowledge

---

[3] Both Attorney Kennedy and Attorney Ringel are on file and record citing that they had not touched or looked at any of the CDOC discovery obtained pre-discovery by Attorney Colony. Nor, has Attorney Ringel or Attorney Kennedy exercised the use of the full CDOC records release given to them by Plaintiff. Instead opting to 'hold' with only what Attorney Colony represents rather than what the CDOC would give them. **Fact-based discovery closed all accesses as of November 1, 2019.**

from Plaintiff spanning 6 years) "how things work", "stop or I will file for protection", "you will be charged fees and costs", "the State doesn't "have to" produce written requests or releases to DOC" "you (Plaintiff) "waived" all rights (regarding CDOC) discovery when you filed this lawsuit", 'none of that' (AR 950-02) pertains to us" (the State).  ***The most simplistic representation of the questions refused answers to is <u>attached now at "Exhibit One". [4]</u>***

***<u>Numerous interrogatories and other requests of same/similar exist within record.</u>***

9. **Plaintiff was discharged from the Colorado Department of Corrections** as a parolee with a parole sentence of 36 months, on October 4, 2018.  At no time, since this case has been drawn has Plaintiff been inaccessible to all other parties or the court nor needed any special considerations as an incarcerated person would have needed to be given.  Shawnee Ryan is classified as a low-risk, low supervision parolee with a CARAS risk rating of 1 (one) point (the lowest security there is) and an LSI rating of 17 points (extremely low supervisory needs and all that is stated is strictly related to health risks.  She has no history, ever, of violence, substance of any kind, behavior, predatory or history of risk**).  Never, at any time in this case,** has the Plaintiff acted outside of the boundaries of the rules and the law set by the Court.  **She is allowed to directly contact the non-party CDOC** and/or ANY employee, past or present that she has legal needs for this case to speak to.  **Plaintiff has to share the end result** of any conversation with any CDOC entity or employee, with all other parties. **Plaintiff DOES NOT have to involve** the other parties in the

---

[4] Within ECF 116 Plaintiff is also clearly on record citing her concerns, after hearing of Attorney Colony's obtainment of discovery over two months prior to start of discovery and there being zero explanation of the details; that the CHP evidence "could be lost forever" (and) in her extensive experiences spanning 6 years with CDOC administration and medical, there 'would not be' full out ease of cooperation and that the very best thing to do was to lock them in, right out of the gate, with specific SDT service.  That as things unfolded with both, there may end up being more need for specifics under authorities if Plaintiff was ever to receive full discovery of all the records she knows exists.  Obviously, a year later, a very fortuitous perception as we now sit with zero ability to show the hard, fact-based evidentiary materials that do exist but are not disclosed (and) Attorney Kennedy rambling, utter confusion at Plaintiff's deposition because **he was not even aware of the medical trails in this case because neither CDOC or his own client, CHP; were/are disclosing accurately. By his firm's own hand in blindly being driven by the "discovery" "totality" claimed by Attorney Colony rather than prudent and thorough pulls of all discovery available. Without ANYONE but Plaintiff pulling tens of thousands of pages of medical and administrative records from all outside care and all internal CDOC administrative, spanning 6 years; the only person who has the facts held within individuals and their records to be able to produce for trial:  is the Plaintiff.**  **Plaintiff contends that the point of origin of all this dysfunction pertaining to the documents and records of discovery, winds all the way back to the point of origin in March 2019 and Attorney Colony's interjection of herself into scopes and aspects of this case that are not, nor ever were:  hers.**

8

obtaining of those results (UNLESS it is deposing. As none are parties, Plaintiff is not required to involve other parties in taking an affidavit or statement). **Now that those relationships have been tainted** by Attorney Colony to the point where they are now antagonistic from the CDOC; it is solely due to the hands-in of Amy Colony. Not the Plaintiff. [5] **At all times since Attorney Colony began interjecting herself into the Plaintiff's interests into this case; Plaintiff has been blocked from obtaining ANY of her own CDOC records and relationships. Even when, pointed out to Attorney Colony that Plaintiff's interests in the CDOC and the individuals involved were unequivocally outside the scope of the State Ag in this case and SOLELY fell within the prevue of the CHP Defendant Group.** *Combined with the outright refusals to answer questions regarding the path of the CDOC discovery the State has in her possession; this case, after one year of litigating, has effectively barricaded the Plaintiff away from the due process ability that is her right to have where CDOC discovery is concerned.*

## SUMMARY OF CLAIMS REGARDING FAILURE TO COOPERATE WITH DISCOVERY AND SPOLIATION OF DISCOVERY

A. That at entry into this case in March 2019, Attorney Amy Colony received, in violation of **FRCP 26 (5)(d)(1)**, aprx. 5,000 pages of medical, inmate, behavioral and mental health records of the Plaintiff, Shawnee Ryan. The bulk of which are personally protected records of Shawnee Ryan.

---

[5] **Plaintiff respectfully asks the court to thoroughly attached Exhibit 2 and Exhibit 2A (attached).** Exhibit 2 is the AR (CDOC administrative regulation) existing prior to September 15, 2019. It is the governing AR procedures and policies surrounding the issues with CDOC discovery involvement by Attorney Colony. Exhibit 2A, entered and made effective (September 15, 2019) AFTER this case's filing of SDT and Contempt Citation against upper administration, and Plaintiff's multiple attempts to halt those issues and obtain her full and complete records (i.e. AFTER the CDOC saw that they/individuals COULD be filed for Contempt and Subpoenas specific to issues such as raised by Plaintiff). It is the very specific authority for corrections that very clearly lists exactly what can and cannot be done with regard to inmate records and how they are obtained and released to any party. The numerous and repeated times that the Magistrate Court and the State AG have commented that (the equivalent of) "State Ag" facilitates prisoner cases *despite them being the prosecutor of prisoner cases*, "greases the wheel," this is the way "we" have always done things"; *are not practices that comply with the regulations that 'everyone else'* must abide by and/or the CDOC is supposed to abide by. This case is now a very clear example of how problematic and disruptive to the due process access ability of a prisoner plaintiff or defendant representing Pro Se; those entrenched habits of practice are. At our arrival now of Sanctions filing; this case continues to grow in the reveals that AFTER THE FACT designations (such as Exhibit 2A attached) that attempt to re-categorize a private company such as CHP (and) insert key, critical knowledge holding of exactly "what" previous policies and practices that affected Plaintiff are—individuals SHOULD NOT be allowed nor kept from view of a court and a jury. And NEVER, kept from view in a discovery process. **Areas of specific relevancy are noted in Exhibit Two are both marked and in hi-lite.**

9

B. That from the point of receipt in March 2019, Attorney Colony is of record from the date of May 29th forward, citing her refusal, many times over and in various formats to the parties and the court as citing various authorities she claimed to have; to answer as to the chain of custody and gathering of the personally protected records that made up the bulk of the accumulation.

C. That upon initial first exposure on May 29, 2019 to the court and parties and despite expressly stated to record by Plaintiff, the Plaintiff's decisive decline of any and all assistance of any kind by Attorney Colony and the State AG's office; Attorney Amy Colony proceeded for a period of another 9 months:   that included 4 discovery hearings asking her to cease interjecting herself into Plaintiff's discovery; despite multiple requests including written interrogatories to her client to provide production and relative answers; despite an extensive Subpoena Duces Tecum never fulfilled; despite a Citation for Contempt of Court never allowed to be executed by the court due to the court accepting only the 'word' of Attorney Colony; despite clear order of the court on October 7, 2019 to remain contained solely to her own scope (and) clearly stating the ability of the Plaintiff to interact with the non-party CDOC directly:   prevented the Plaintiff from having access to the entirety of the Plaintiff's CDOC records.

D. That beginning with an attempt at (ECF 157) to literally halt the case from moving forward, to then moving at court denial of the attempt to (ECF 187) extend "dispositive/fact-based" allegedly to interview more witnesses and sort the complexity of the case **despite that delay was a reveal of Attorney Colony's duplicity of movement** (see attached Exhibit Three revealing same statement in March 2019 when known only to her she possessed nearly 5,000 documents of Plaintiff discovery): <u>**Attorney Colony culminated the Plaintiff's statements of "missing" discovery**</u>, <u>**in part within her Motion for Summary Judgment at (ECF 224):**</u>

- Doing so by being unable to provide ANY infirmary records or administrative records surrounding her client's attempt to claim after-the-fact/after exposure of a blood lab found only by the

Plaintiff and exposed to all by the Plaintiff within the Plaintiff's filing for summary judgment at (ECF 180);

- Doing so by her client now attempting to claim she had admitted the Plaintiff to the infirmary literally one full 24 hour period prior to the actual date and time of admittance to the Infirmary and subsequent emergency room at Aurora South Hospital. Doing so by the elimination/"non-existence" of ANY infirmary records or administrative transfer records spanning the dates in question. Plaintiff however, reveals the credibility of the Aurora South admittance records.
- **When clearly tracked backwards, <u>the Summary Judgment filing of Plaintiff</u> against Attorney Colony's client <u>revealed for the first time</u> the critical condition of Plaintiff's blood in a February 6, 2017 blood lab that had been literally buried deep within non-consequential Colony/DOC records, far apart from ANY 2017 records or sequential records (and) never previously spoken of by Defendant Victoroff.  <u>From the point of that exposure of the critical details of that blood lab</u>; Attorney Colony and her client have not only backtracked previous statements of alleged innocence, they have verifiably, <u>within their Motion for Summary Judgment,</u> switched Victoroff version over to a claim that Victoroff admitted Plaintiff a full 24+ hours prior to Plaintiff's actual admittance to the Infirmary and subsequent emergency room at Aurora South.  Within their motion, attaching NO records <u>from RMCC (as they have never accessed RMCC, it is an impossible task) (nor) ANY records from DOC that hold credibility verification such as fax stamp of date and time that would verify contact with RMCC on the 6th of February (or) pharmacy records/MANDATORY DOSING LOGS (impossible to do as Attorney Colony has never pulled those requested by Plaintiff CDOC records) that would verify ANY medical treatment being given to Plaintiff by Victoroff (or) ANY administrative duty and transfer logs that would reveal Plaintiff/inmate in facility transfer crossing checkpoint (or) turned over to a duty officer for escort to infirmary or medical transport to the hospital. What Defendant Victoroff, as a result of the handling of CDOC discovery to date, CANNOT do after-</u>**

      **the-fact now, is produce documentations that ARE STILL within the care and custody of records of the CDOC and have NOT been produced as asked by Plaintiff.**

- The additional clarity of the BATES numbering trail of Attorney Colony cements the fact that neither she (nor) any other defense counsel in this case <u>can come in **after** her unilateral declaration to the court at contempt response time; of completeness of CDOC discovery at her hand; WITHOUT being exposed as doing so.  They must share, the Plaintiff knows they must share.  And the record is revealing how many times in the past they have evaded sharing.</u>  All that any of us have to work with, is sequentially numbered and discovery closed

E.  That the actions of Attorney Colony do fall, into the ultimate "destruction" of relevant to this case evidence solely due to her 9 months of complete recalcitrance in correcting what she knew all along was wrong.

F.  **To the best knowledge of the Plaintiff, the CDOC discovery never gathered is thoroughly listed within (ECF 164) Motion for Citation of Contempt by the Plaintiff.  (Attached Exhibit Four)**

### PLAINTIFF MOVEMENT FOR RELIEFS

1. Plaintiff returns all her previously dismissed without prejudice motions asking for complete Quash of all CDOC evidence obtained by Attorney Colony in this case.

2. Returns all her previously dismissed without prejudice motions for complete Quash of any and all ability by any defense counsel to utilize in any way; any theories, strategies, developed defenses through use or reviews of any CDOC related discovery obtained or accessed through any means by Attorney Amy Colony.  By this point in this case, Plaintiff believes all other defense counsels should have had the sensibility to stand by their initial impressions of taint through State AG, remain not touching or using any of it AND developed and obtained through all accesses they have; their own fact-based discovery in this case.

3. Plaintiff's retains and incorporates her movements to the Senior Court asking for full grant of her Motion for Summary Judgment at (ECF 180) (and) her movement for reconsideration of joinder to state negligence statutes at (ECF 220) which pend currently before the Senior Court.

4. That the court, should Plaintiff be denied at Senior level; return and grant Plaintiff's Motion to Bifurcate and Consolidate at (ECF 147) (dismissed without prejudice) in order to confine Attorney Colony and her client and the now many issues that are related to moving forward in this case.  Plaintiff also asks that a forthwith set of a consolidated and bifurcated hearing in order to confer over how to proceed within the current climate, to trial with regard to the State's scope.

5. That Attorney Amy Colony be found guilty of failure to cooperate in discovery and resulting spoliation of discovery.  That the court move forward within all the guidelines and regulations governing an issue such as this and whatever the court deems appropriate as discipline and sanctions.

**Respectfully submitted this 14th day of February 2020.**

S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on 15th day of February 2020.


S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com



Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov