Exhibit One

Shawnee Ryan

575 Billings Street #427
Aurora, Colorado 80011
720-431-8319
shawneeryan216@gmail.com

Amy Colony
Senior Assistant Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203

June 1, 2019

Ms. Colony:

Per the court's order to informality, I am first requesting the following without subpoena. Disk or hard copy is fine. Please use my physical address given above. Please release by the 13th of June; that gives 10 days. If you need more time, please let me know. I am moving forward Pro Se and until counsel is found by the court.

After thinking it over, and in light of the court's order to you to be contained only to the claim each of your client's have now (and) the order to you to draft protective orders that keep discovery clean: I am, also at this time, asking you to include the signed release from me, that you would have needed, in order to obtain the "2 boxes of Ms. Ryan's records" that you admitted to the court that you have. As I am not incarcerated, am a free parolee, nor a defendant charged with any wrongdoing that would give State AG the power and authority to act in a law enforcement capacity to 'seize' my privacy protected records to 'investigate' (and) am also the Plaintiff who is taking your client's into lawsuit and/or trial; the law and rules that I have read since hearing tell me that you were not allowed to freely gather those, by whatever means you did, without my release to CDOC to provide them to you. CDOC only owns the paper, the information within is solely my own to disburse as I release.

For me personally, Ms. Colony, the issue deepens now since the court affirmed what I tried to do informally pre-hearing: that you and your clients are contained to the limited scope in front of you and are not entitled or allowed to make a unilateral sweep across my life or what other party(ies) are charged with or may be charged with. I think you simply made a slip of tongue at hearing, but nevertheless I did catch it. *CDOC is not a party, you do not represent them in this case, you only represent one past employee and one current one (and) the information within them is mine and mine alone unless I release it to you. That fact regarding proprietary between CDOC and myself is so basic and simplistic, it is even listed in CDOC A/R's.*

1

Now that hearing has brought containment and In interest of keeping communications down to as minimal as possible; I think it is inappropriate, since they are not a party and you are not active as a defender for them because of that; that you assist to ("grease the wheel") with obtaining what I need from CDOC. I believe the court meant well and thought it was a harmless suggestion. The court has not yet heard this case and I give it the benefit of the doubt. In a normal case like this, that kind of assistance would be appreciated. In my view, after watching the past month or more unfold, It is obviously not harmless, and I believe it to be inappropriate. <u>I will obtain what I need from CDOC through subpoena(s) I issue through the court clerk. Thank you, anyway.</u>

<u>Please view the following as equivalent to a subpoena duces tecum:</u>

1. The entirety of every record, expert opinion (your claim in motion for time extension to answer) and statement(s), viewpoints, discussions content from anyone regarding myself or my complaint that you have gathered and is in your possession in any manner (your claim in motion for time extension to answer). In short, everything you have. ( I am not sure what should be done about allowing you to keep all that is outside of the claims against each of them. If counsel is not signed on soon, I will informally check with one of the attorneys I have asked a few things of already. You should not be allowed to keep any of it, in any format, is the way I am reading rules of evidence and law. For now, let's just keep going but do so within the proper lines).

2. Hilary Victoroff's vitae that she applied to CDOC with when she first started her employment with them. Personal information such as phone numbers, addresses, etc. may be redacted.

3. Hilary Victoroff's present day vitae and a complete copy of her licensing to practice present day. Personal information such as phone numbers, addresses, etc. may be redacted.

4. Any and all verifications (such as training certificates, licenses etc) that Hilary has obtained since starting with CDOC, that would give her training and education legitimacy in acting in the equal capacity to the infectious disease surgeon, oncologists, hematologists, all M.D.'s, specialized technicians and specialized oncology and hematology nurses that you see within my outside records from Aurora South and Dr. John Burke at RMCC during the event at issue. Relevancy, is due to the nature of Multiple Myeloma with Lambda Light Chain Cast Deposition: there is only one way to treat, it has three phases and very, very specific reactions and 'paths' it takes. At all times, there is simply no ability to deviate if the one who has it chooses to live. Chronic neutropenia, chronic pancyptopenia, hypogammaglobulinemia that were the main culprits at the time of the event she is charged with; are what make up relevancy in determining why she left for four days with no orders to monitor.

5. Laura Sommerschield's vitae that she applied to CDOC with when she first started her employment with them. Personal information such as phone numbers, addresses, etc. may be redacted.

2

6. Laura Sommerschield's present day vitae and a complete copy of her licensing to practice present day.  Personal information such as phone numbers, addresses, etc. may be redacted.

7. Any and all verifications (such as training certificates, licenses etc) that Laura has obtained since starting with CDOC, that would give her training and education legitimacy in acting in the equal capacity to the ophthalmologist surgeon(s) orders, the optometrist's orders (and) the ability she used to override Denver Health administration in scheduling.

Thank you,
Shawnee Ryan