*Exhibit 2A*

| ADMINISTRATIVE REGULATION | REGULATION NUMBER | PAGE NUMBER |
|---|---|---|
| | 950-02 | 1 OF 22 |
| COLORADO DEPARTMENT OF CORRECTIONS | CHAPTER: Offender Records | |
| | SUBJECT: Health Records/Confidentiality/Access | |
| RELATED STANDARDS: ACA Standards: 2-CO-4E-01, 5-6C-4396, 5-6D-4415 | EFFECTIVE DATE: September 15, 2019 | |
| | SUPERSESSION: 05/15/16 | |
| OPR: OCS      REVIEW MONTH: AUGUST | *Dean Williams* Dean Williams Executive Director | |

## I. POLICY

The policy of the Colorado Department of Corrections (DOC) is to comply with the disclosure requirements of the Health Insurance Portability and Accountability Act (HIPAA) of 1996 and the Health Information Technology for Economic and Clinical Health Act, enacted as part of the American Recovery and Reinvestment Act of 2009.

## II. PURPOSE

The purpose of this administrative regulation (AR) is to advise DOC employees and contract workers of the need to keep the protected health information (PHI) of offenders confidential and to detail the procedures by which an offender's PHI is recorded, maintained, and disclosed.

## III. DEFINITIONS

A.  **Business Associate:**   A person or entity (other than a DOC employee or contract worker) that receives protected health information (PHI) and performs, or assists with, a function or activity, on behalf of DOC, involving the use or disclosure of that PHI.

B.  **Contract Worker:**   A person other than a DOC employee who provides services to the DOC under contract, special assignment, or informal agreement (e.g. purchase order). A contract worker includes self-employed persons, sole proprietors, and persons employed by an employer in the private sector, another public entity, or by another agency of the state of Colorado.

*(same)* C.  **Covered Entity:** (1) a health plan; (2) a health clearinghouse; (3) a health care provider who transmits any health information in electronic form in connection with a transaction.  (45 CFR 160.103)

D.  **De-identified:** The process used to prevent someone's personal identifying information from being revealed.

*(same)* E.  **Designated Record Set:**  Any item, collection, or grouping of information that includes protected health information (PHI) and is maintained, collected, used, or disseminated by or for a covered entity.

F.  **DOC Employee:** Someone who occupies a classified, full or part-time position in the State Personnel System (including management and non-classified positions) in which the Department has affect over pay, tenure, and status.

*(same)* G.  **Health Record Custodian:** Person responsible for medical record functions at the facility level.

*(F) Designated Representative definition eliminated from original (Exhibit 2)*

| CHAPTER | SUBJECT | AR # | Page 2 |
|---------|---------|------|--------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

H.  <u>Health Insurance Portability and Accountability Act (HIPAA)</u>: A federal law (public law 104-191) passed by Congress in 1996, which addresses developing standards for protecting the privacy of individually identifiable health information. The act requires the Department of Health and Human Services (HHS) to adopt national standards for electronic health care transactions, and mandated the adoption of federal privacy protections for individually identifiable health information.

<u>Hybrid Entity</u>: A single legal entity that is a covered entity and whose covered functions are not its primary functions.

<u>Individually Identifiable Health Information</u>:  Information that is a subset of health information, including demographic information collected from an offender, and:

1.  Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and

2.  Relates to the past, present, or future physical, mental health or condition of an offender; the provision of health care to an offender; or the past, present, or future payment for the provision of health care to an offender; and

   a.  Identifies the offender; or

   b.  There exists a reasonable basis to believe the information can be used to identify the offender.

<u>Minimum Necessary</u>:  The least amount of protected health information (PHI) used or disclosed to accomplish the intended purpose of the use.

L.  <u>Offender</u>:  Any individual under the supervision of the Colorado Department of Corrections (DOC) to include inmates, parolees, community correction clients (ISP-i), interstate compact individuals, and individuals sentenced to the Youthful Offender System.

M.  <u>Protected Health Information (PHI)</u>:  Information that (i) is created or received by a health care provider, health plan, employer or health care clearinghouse; (ii) relates to the past, present, or future physical or mental health condition of an individual; the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; and (iii) identifies the individual, (or for which there is a reasonable basis for believing that the information can be used to identify the individual).  PHI does not include employment records maintained by the Department's personnel files in its role as an employer.

N.  <u>Reasonable Safeguards</u>:  Appropriate administrative, physical, and technical safeguards that protect against uses and disclosures not permitted by the  Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule, as well as that incidental uses or disclosures.


IV.  <u>PROCEDURES</u>

A.  General Compliance with Privacy Laws, Rules and Regulations:

1.  Under the privacy laws, rules and regulations, the DOC is considered to be a hybrid entity that provides health care to the offender population.  The health care information collected by healthcare professionals in the performance of their official duties is the protected health information (PHI) of an offender.  As a hybrid entity, the DOC is required to keep an offender's PHI confidential and to prevent the unwanted, unauthorized and unnecessary disclosure of an offender's PHI.

   For the purposes of this provision, an individual is no longer an offender when released on parole, probation, supervised release, or otherwise is no longer in lawful custody.  (45 CFR 164.512(5)(iii)).

| CHAPTER | SUBJECT | AR # | Page 3 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

3. The Health Insurance Portability and Accountability Act (HIPAA) Privacy Rule does not require a correctional institution that is a covered entity to develop and provide a notice of their privacy practices.

*(Altered)* 4. All DOC employees, contract workers and volunteers must sign the electronic Staff Confidentiality Statement located on DOCNET. If the DOC employee, contract worker, or volunteer does not have access to DOCNET, AR Form 950-02B, Confidentiality Statement must be signed. This form will be kept and monitored by the Corrections Training Academy. Violations of the confidentiality agreement will be subject to corrective or disciplinary action, including termination.

*(Same)* If individually identifiable health information is "de-identified," it is no longer treated as PHI.

6. The HIPAA Privacy Rule permits disclosure of PHI for treatment, payment, and health care operations or when regulatory exceptions apply (e.g. public health reporting).

7. DOC will ensure contracts dealing with treatment, payment, or healthcare operations between DOC and its business associates complies with HIPAA regulations. The business associate agreement defines how the DOC may disclose PHI to a business associate and may allow a business associate to receive and use PHI.

8. Offenders may submit grievances, as detailed in AR 850-04 *Grievance Procedure*, for issues related to medical and/or mental health concerns. The offender's signature on the grievance form will be evidence that the offender grants permission and is waiving confidentiality to DOC employees and contract workers to inquire into the necessary records to address the grievance. The DOC may use or disclose protected health information for grievances as a part of its health care operations, however, the DOC will make reasonable efforts to limit such uses and disclosers to the minimum necessary to accomplish the intended purpose.

*(Added)* B. Corrective Action/Sanction for violation of HIPAA privacy and security rules.

1. HIPAA assesses penalties for misuse or misappropriation of PHI or Personally Identifiable Information (PII) including civil penalties or fines and/or imprisonment.

2. Upon notification of an alleged failure to comply with any privacy and security rules, the CDOC designated HIPAA privacy liaison will work with the DOC employee or contract worker and supervisor to determine if he/she failed to comply with the privacy and security rules.

   a. DOC employees and contract workers will cooperate with the investigation of HIPAA compliance violations with the HIPAA privacy liaison.

   b. The HIPAA incident risk assessment will be completed by the HIPAA privacy liaison within 30 days of the reported incident/violation and forward the assessment to the appropriate appointing authority for action.

   c. The HIPAA privacy liaison will ensure all documentation related to all reported incidents /violations is retained for a period of six years from the date of creation.

C. Non-Retaliation for reporting a HIPAA violation

1. DOC employees or contract workers will not by threat, reward, harassment, or intimidation into foregoing or withdrawing a complaint regarding his/her knowledge of unlawful discrimination, discriminatory harassment, unwelcome conduct, either physical or verbal, may be subject to corrective and/or disciplinary action:

| CHAPTER | SUBJECT | AR # | Page 4 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

a. Exercising privacy rights available to him/her under this AR and by law;

b. Filing a complaint with the DOC and/or the Department of Health and Human Services;

c. Testifying, assisting, or participating in an investigation, compliance review, proceeding, or hearing under the Administrative Simplification provisions of HIPAA.

p. DOC will not intimidate, threaten, coerce, discriminate against or take other retaliatory action against DOC employees or contract workers for reporting suspected violation of this AR to management or the HIPAA privacy liaison.

D. Whistleblowers

*[Added]*

1. DOC is not considered to have violated the HIPAA privacy regulations if a DOC employee, contract worker, or a business associate discloses PHI provided that the DOC employee, contract worker, or business associate believes in good faith that DOC has engaged in conduct that is unlawful or otherwise violates professional or clinical standards, or that the care, services or conditions provided by DOC potentially endangers one or more patients, workers, or the public, and;

r The disclosure is to:

a. A health oversight agency or public health authority authorized by law to investigate or otherwise oversee the relevant conduct or conditions of DOC or to an appropriate health care accreditation organization for the purpose of reporting the allegation of failure to meet professional standards or misconduct;

*[Added]*

b. An attorney retained by or on behalf of the DOC employee, contract worker, or business associate for the purpose of determining the legal options of the DOC employee, contract worker, or business associate with regards to the conduct described above.

E. DOC employee or contract worker crime victims

1. The PHI disclosed about the offender is limited to the following information;

    a. Name and address;

    b. Date and place of birth;

    c. Social security number;

    d. ABO blood type and RH factor;

    e. Type of injury;

    f. Date and time of treatment;

    g. Date and time of death, if applicable;

    h. A description of distinguishing physical characteristics: height, weight, gender, race, hair color, eye color, presence or absence of facial hair, scars, and tattoos.

F. Security safeguards

*[Additions and Significant enhancements]*

1. The security standards are divided into categories of administrative, physical and technical safeguards as defined by Security Rule 45 CFR 164.304. Regulatory definitions of the safeguards can be found on the Security Rule at 45 CFR 164.304. The Security Rule also contains several standards and implementation specifications that address organizational requirements, as well as policies and procedures and documentation requirements. Any HIPAA related

| CHAPTER | SUBJECT | AR # | Page 5 |
|---------|---------|------|--------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

questions or concerns regarding security should be directed to the HIPAA privacy liaison.

2. Administrative Safeguards

    a. Oral Communications- DOC employees and contract workers must use due caution when discussing PHI in locations where they can easily be overheard such as hallways, lunchrooms, etc.

    b. Faxes- DOC employees and contract workers must limit the amount of PHI faxed to the minimum amount of information required to meet the authorized requestor's needs. DOC employees and contract workers must use AR Form 950-02C, Fax Cover Sheet that contains confidentiality language when faxing PHI. PHI must never be included on the coversheet and the fax number must be verified before sending the information.

    c. Mail- All material that is being mailed that contain PHI must be in a sealed envelope prior to be being placed in the outgoing mail bins. The name and address will be the only PII visible on the outside of the envelope AR700-17.

    d. Copying and printing- DOC employees and contract workers may copy and print the minimum amount of information necessary for legitimate business purposes. The secure print option will be utilized and printed documents will be collected as soon as possible.

    e. Destruction Standards- PHI must be discarded in a manner that protects the confidentiality of the information. Paper and other printed materials containing PHI will be shredded after use.

3. Technical Safeguards, AR 1200-06, *Data Systems, Computer Security, Access and Usage.*

    a. Email transmission- DOC employees and contract workers must follow OIT's email encryption policies (2-CO-IF-01, 4-APPFS-3D-32). DOC employees and contract workers must never place PHI in the subject line of external e-mails.

    b. OIT's security policies will apply to all DOC employees and contract workers who have been granted access to DOC's assets in accordance with OIT's Access Control policy.

4. Physical Safeguards, AR 300-27, *Access and Control*

    a. Access control- Photo identification badges shall be issued to all DOC employees and contract workers with authorization to have unescorted access into a DOC facility.

G. DOC Employee and Contract Worker HIPAA Training

    1. DOC employees, contract workers, and volunteers who do not have access to PHI will receive a general overview of the content and existence of HIPAA policies during basic training and annually thereafter.

    2. DOC employees, contract workers, and volunteers who have access to PHI will receive detailed training on HIPAA policies that are necessary and appropriate to carry out their job functions at the training academy and annually thereafter.

    3. When changes to HIPAA policies and procedures occur, training will be provided to all DOC employees and contract workers whose functions are affected by such change within 60 days.

| CHAPTER | SUBJECT | AR # | Page 6 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

H. Ownership of Health Records PHI:

1. An offender's health record belongs to the DOC while the health information contained within belongs to the offender (C.R.S. 25-1-801).

2. The information contained in the health record documents includes the confidential relationship between health care professionals and the offender, which the health care professional is legally and ethically bound to protect.

3. The Clinical Services support services manager is the official health records custodian for the DOC and each facility has a Health Record Custodian. *The health services administrator (HSA) or designee, is responsible for releasing health care information in accordance with current regulations, statutes, and laws. [5-6D-4415, 5-6C-4396]*

Use of PHI

1. Clean Desk Policy: DOC employees or contract workers in possession of PHI or confidential information are accountable to protect that information at all times, including while at work, at home, and while traveling. This includes but is not limited to the following:

   a. PHI must be appropriately stored.

   b. Do not leave PHI or confidential information exposed on a desk or other workspace.

   c. At a minimum, documents that contain PHI or confidential information must be turned upside down or placed in a folder.

   d. If a DOC employee or contact worker will be away from their desk or other workspace for an extended period of time or at the end of the work day, they must:

      1) Place documents containing PHI or confidential information where they cannot be easily viewed, such as in a folder, cabinet or drawer.

      2) Lock the PHI or confidential information in a file cabinet or drawer.

2. DOC employees or contract workers must never post PHI or confidential information in their office or office space.

3. DOC employees or contract workers must shred or otherwise securely destroy all documents with PHI or confidential information in accordance with *the Proper Disposal of Health Records and other PHI* and *Retention and Destruction of Health Records and PHI* policies. Never use an unsecured recycling bin or trash can to store PHI.

   a. To Include:
      1) Medication card labels and/or medication boxes will be blacked out
      2) Lab reports
      3) Any documents that have been scanned into the electronic health record
      4) Faxes

4. When printing or copying documents that contain PHI, DOC employees or contract workers must remove documents from the printer/copier immediately.

| CHAPTER | SUBJECT | AR # | Page 7 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

5. DOC employees or contract workers must remove documents containing PHI from fax machines as soon as they become aware of them.

6. Appropriate use of live data in training and test systems

    a. DOC employees and contracts workers may not use live data (information stored in DOC systems used to conduct business operations) in any training materials that leave DOC premises.

7. Use of PHI within CDOC

    a. Use without authorization

        1) Authorized DOC employees and contract workers may use and share with other authorized DOC employees and contract workers the minimum amount of PHI necessary to perform essential job functions. Authorized DOC employees and contract workers do not need an authorization to use PHI for these purposes.

        2) In the case of blood-borne or bodily fluid exposure, offender PHI will not be given to the DOC employee. State law allows disclosure of an offender's infectious disease status to a treating workers compensation physician from the medical authority at the site of injury. Information regarding exposure incidents will be reported directly to the worker's compensation provider per risk management's specialist instructions. (Refer to AR 1450-52, Bloodborne Pathogen Exposure Reduction).

    b. Use of PHI with Authorization

        1) Authorized DOC employees and contract workers may use and share with other Authorized DOC employees and contract workers PHI in accordance with a valid HIPAA Authorization.

    c. Use not addressed

        1) Contact the HIPAA privacy liaison prior to using information if an authorized DOC employee or contract worker wants to use PHI and the DOC employee or contract worker does not find the particular situation addressed above.

        2) The HIPAA privacy liaison will work with the authorized DOC employees or contract worker to determine if the PHI can be used or accessed in order to perform the DOC employee or contract workers job as part of DOC's treatment, payment, and healthcare operations.

        3) The HIPAA privacy liaison will make a case-by-case determination to define the information that is the minimum amount necessary for that activity.

        4) The HIPAA privacy liaison will document the approval/denial of the use/access.

    d. Authorized DOC employees and contract workers may only use the minimum amount of PHI necessary to perform the functions listed above.

J. Disclosure of PHI

(Significant enhancement!)  1. Deceased offender disclosures

| CHAPTER | SUBJECT | AR # | Page 8 |
|---------|---------|------|--------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

a.   Under the HIPAA Privacy Rule, deceased offenders have the same privacy rights and protections as living offenders. Once the offender is deceased all authorizations (individual authorizations, power of attorney documents and living wills) are void after 60 days.

b.   A covered entity must treat a legally authorized executor or administrator of a deceased individual's estate, or a person who is otherwise legally authorized to act on behalf of the deceased individual or his estate, as a personal representative with respect to PHI relevant to such representation. Refer to the *Personal Representatives* section of this AR for further information.

c.   Documentation required establishing an individual's capacity as the Executor or Administrator (Personal Representative in Colorado):

d.   Probate court documents evidencing their appointment as executor such as a Certificate of Appointment of Trustee or Certificate of Authority or Letters Testamentary. In the event that formal documentation, as outlined above, is not available, the following evidence of executorships may be presented:

   1)   A written/signed statement from the individual indicating that they are the executor/administrator, along with a copy of the deceased offender's last will and testament, indicating the individual is the executor/administrator.

   2)   A written/signed statement from the individual indicating that they are the executor/administrator along with a copy of the death certificate or other evidence of death.

e.   In situations where no personal representative of the estate has been appointed, the heirs of the deceased offender are deemed to be the personal representative with respect to PHI relevant to such representation. The heirs of a deceased offender are generally considered to be the offender's next-of-kin and may include in the following order: surviving spouse, adult child, grandchild, parent, sibling, niece, nephew, grandparent, uncle, aunt or cousin. The identity of the requestor must be verified.

f.   The personal representative or heir will submit a written authorization for records that is dated and signed by the personal representative or heir before receiving PHI.

g.   For the offender who is living, a health care practitioner or mental health clinician may limit or deny access to certain information in the record which might have an adverse psychological impact on the offender. A health care practitioner, mental health clinician, or a facility will not deny a personal representative or heir access to information concerning a deceased offender based on psychological impact.

12.   Disclosure of PHI outside of DOC

a.   Disclosure of the minimum necessary amount of PHI may be permitted outside of DOC in a number of situations. This section describes the most common types of disclosures. If a DOC employee or contract worker wants to or is asked to make a disclosure that is not addressed in this section, the DOC employee or contract worker should contact the HIPAA privacy liaison to decide if the disclosure is permitted. DOC employees and contract workers are required to verify the identity and authority of the persons and entities before disclosing PHI. DOC employees and contract workers who make or learn of non-permitted disclosures must immediately contact department management and report the disclosure to the HIPAA privacy liaison.

*Significant Enhancement*

| CHAPTER | SUBJECT | AR # | Page 9 |
|---------|---------|------|--------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

b. Treatment, Payment and Health Care Operations Disclosure (No Authorization Required)

   1) Authorized DOC employees and contract workers may disclose a minimum amount of PHI necessary without the individual's authorization to perform DOC's treatment , payment and health care operations functions. Minimum necessary does not apply in certain limited situations such as disclosure to or requests by a provider for treatment, see Minimum Necessary Uses and Disclosures, for a full list of limited exceptions.

c. Specialized/Non-Routine Disclosures (No Authorization Required)

   1) DOC employees and contract workers are authorized to disclose the minimum amount of PHI necessary for Specialized/Non-Routine Disclosures as allowed under HIPAA (45 CFR 164.502 & 164.512) without individual authorization. See related Specialized Non-Routine Disclosure procedures that set forth specific rules related to these types of disclosures.

d. Disclosure with Authorization

   1) Authorized DOC employees and contract workers may disclose PHI with an authorization.

e. Personal Representative Disclosure

   1) A Personal Representative may exercise all of the rights an individual may exercise on their own, and DOC may disclose any PHI to a Personal Representative that DOC could disclose to the individual.

f. Disclosure of PHI to comply with a request from a Regulatory Body

   1) Authorized DOC employees and contract workers may disclose the minimum amount of PHI necessary to comply with a request from a regulatory body that has authority over DOC.

3. Disclosure with Authorization

   a. Authorized DOC employees and contract workers may disclose PHI pursuant to the terms of an authorization. AR Form 950-02A, Authorization for Use and Disclosure of Health Information, should be used when appropriate. If a requestor submits a non-DOC authorization form and further assistance is needed in determining the validity of the form, the HIPAA privacy liaison should be contacted.

K. Mitigation

1. DOC employees and contract works are required to immediately report any unauthorized use or disclosure of PHI to the HIPAA privacy liaison.

2. DOC will utilize the following process to mitigate the effect of an unauthorized use or disclosure of PHI.

   a. Based on the risk assessment, the director of Clinical and Correctional Services or designee will notify the offender or the offender's representative of the unauthorized use or disclosure.

   b. The HIPAA privacy liaison will attempt to retrieve the PHI or request that it be destroyed.

   c. The HIPAA privacy liaison will document the attempt to retrieve the PHI or the verification of destruction.

| CHAPTER | SUBJECT | AR # | Page 10 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

3.   In the event of an unauthorized use or disclosure of PHI by a contractor or business associate, the HIPAA privacy liaison will determine if appropriate corrective action steps were taken to prevent future occurrences.

L.   Presentations, demonstrations and tours

1.   No PHI may be shared with external parties during a presentation, demonstration or tour of DOC facilities, unless an Individual Authorization Form has been obtained from the individual whose PHI is shared.

M.   Reporting a Privacy Incident

1.   DOC employees and contract workers who make or learn of a disclosure of PHI to an unintended recipient must immediately report the disclosure to the HIPAA privacy liaison either verbally or in writing.

2.   Offenders who have knowledge of an inappropriate disclosure of PHI or who have a HIPAA complaint must report it directly to the facility HSA via the kite system with details concerning the disclosure or complaint.

3.   DOC employees and contract workers must immediately report any risk of non-compliance or complaint of the policies contained herein to the HIPAA privacy liaison.

4.   The HIPAA privacy liaison will immediately contact the assistant director of Clinical and Correctional Services or designee of all confirmed inappropriate disclosures.

5.   The assistant director of Clinical and Correctional Services or designee will notify the US Department of Health and Human Services, Office of Civil Rights of inappropriate disclosures in accordance with HIPAA rules and regulations.

N.   Specialized/non-Routine disclosure (no authorization required)

*(enforced)*

1.   Pursuant to the privacy laws, rules and regulations, the DOC may disclose PHI of an offender without a valid release of information form in these circumstances:

a.   Public Health Activities Disclosure- To protect the public health and safety by releasing information to another entity for the purposes of reporting or controlling disease or injury; vital events such as birth or death; public health investigations and interventions, and to report adverse effects of medications or medical devices (45 CFR 164.512(a).

b.   Health Oversight Release Disclosure- To release information for audits, inspections, or other activities necessary for appropriate oversight of the health care system for which health care information is necessary for determining compliance with program standards.  (45 CFR 164.512(d)).

c.   Victims of Abuse, Neglect or Domestic Violence disclosure to report to appropriate law enforcement authorities incidents of child neglect and abuse and to report incidents of domestic violence (45 CFR 164.512(c).

d.   Judicial and Administrative Disclosure- To release information pursuant to an order of a court or administrative tribunal and in response to a subpoena, discovery request or other lawful process that is not accompanied by an order of a court or an administrative tribunal (45 CFR 164.512(e).

e.   Law Enforcement Release Disclosure- To release minimum necessary information to a law enforcement agency for the purposes of identifying or locating a suspect, fugitive, material witness or missing person. (45 CFR 164.512(f).

| CHAPTER | SUBJECT | AR # | Page 11 |
|---------|---------|------|---------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

f.  Coroners, Medical Examiners & Funeral Directors Disclosure-To release information to medical examiners, coroners and funeral directors for those persons to perform the official duties of their job. (45 CFR 164.512(g).

g.  Organ/Eye/Tissue Donation Disclosure- To release information to tissue, eye, organ donor and cadaveric organizations for the purposes of facilitating eye, tissue, and organ donation and transplantation (45 CFR 164.512(h).

h.  Research Disclosure- To release information for the purposes of research in compliance with the Common Rule and review by an Institutional Review Board and/or privacy board (45 CFR 164.512(i).

i.  Averting Serious Threat to Safety Disclosure- To release information to avert a serious threat to the health or safety of a person or a public entity (45 CFR 164.512(j).

j.  National Security and Intelligence Activities Disclosure- To release information to military organizations or other federal law enforcement agencies for the purposes of maintaining national security interests (45 CFR. 164.512(k).

k.  Disaster Relief Efforts Disclosure- To respond to a public or private entity authorized by law or its charter to aid in disaster relief efforts 45 CFR. 164.510 (b)(4).

l.  Workers Compensation Disclosure- To respond or comply with laws relating to workers compensation or other similar programs, established by law, that provide benefits for work- related injuries or illness without regard or fault  (45 CFR. 164.512(i).

2.  All disclosures of PHI as required by law, and included in this policy must be recorded and retained in the offender's electronic health record.

3.  If a DOC employee or contract worker needs assistance in determining if a request for PHI complies with the exceptions above the DOC or contract worker should contact the HIPAA privacy liaison for guidance.

O.  Individual Rights-General Access to PHI Records Within the Department

1.  *Access to health records is controlled by the health authority. [5-6C-4396]* The right to inspect, review, and receive a copy of health records will be limited to those individuals designated by the health authority or designee based on a legitimate need for access.  Original health records will not be taken from the Clinical Services area or copied without authorization from the health authority, support services manager or designee.

2.  The DOC will provide offenders or their designated representative the right to inspect, review and/or receive a copy their PHI.

3.  An offender's request to inspect, review and receive a copy of the health record(s) will be referred to the HSA or designee to initiate the process and will be in writing by the offender submitting a Request for Sick Call (via the kite system).

4.  The Authorization for Use and Disclosure of Health Information (Attachment A1, A2 or A3) form should be used when appropriate. If a requestor submits a non-DOC authorization form and further assistance is needed in determining the validity of the form, the HIPAA privacy liaison will be contacted.

| CHAPTER | SUBJECT | AR # | Page 12 |
|---------|---------|------|---------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

5. If the offender is deemed mentally incompetent to sign a valid authorization, the personal representative is so authorized. A copy of the court appointment papers must be obtained prior to the disclosure of any PHI.

6. In order to maintain facility security, the DOC does not allow an offender to review or have copies of another offender's health record under any circumstances.

7. Only the records pertaining to the time period requested will be inspected.

8. Inspection and review of the health record(s) by the offender requires at least one Clinical Service DOC employee or contract worker to be present at all times during the review.

9. The facility will make the health records available for inspection and review within a reasonable time from the date of the signed request, not to exceed ten days, excluding weekends and holidays. If the designated employee is unavailable to acknowledge the request, the facility will inform the offender and provide the inspection and review as soon as possible.

10. Multiple kites regarding a request to inspect and review an offender's health care record may be combined into a single visit or visits at the facility's discretion, excluding weekends and holidays.

11. By appointment, when requested, interpretation of the health record will be provided in terms which will be understandable to the offender. Appropriate interpreter services will be provided for persons whose primary language is not English or whose disability requires special communication services. These services will be provided by a qualified interpreter.

12. All requests by offenders for inspection and review of their health records will be noted with the time and date of the offender's request and the time and date of inspection noted by the health care practitioner or designated representative. The offender shall acknowledge the fact of his/her inspection by dating and signing the Authorization for Use and Disclosure Form.

13. A fee will not be charged for the inspection of health records.

14. The facility health record custodian or designee must keep a computerized log of all written requests received for access to PHI of offenders. The log will include the offender name, number and the date of disclosure; the name of the entity or person who received the PHI; if known, the address of such entity or person; a brief description of the PHI disclosed; and a brief statement of the purpose of the disclosure that reasonably informs the individual of the basis for the disclosure.

15. There is no limit to reviewing records.

16. Inspection of Behavioral Health Files by Incarcerated Offenders

   a. The right to inspect behavioral health files does not always include inspection of all records pertaining to mental health problems.

   b. Monitoring inspection of behavioral health files will be done by the behavioral health DOC employee or contract worker.

   c. The offender's inspection of PHI cannot be limited unless there is sufficient evidence, that any portion of the mental health sections of the file would have a significant negative impact upon the offender. Offenders do not have the right to inspect or obtain copies of those documents in their mental health file where inspection or release of those documents would countermine facility security or public safety. This information will be filed inside the mental

| CHAPTER | SUBJECT | AR # | Page 13 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

health file in a manila envelope. All documentation filed within the manila envelope is not releasable without an order from the court. Prior to permitting inspection of the behavioral health portion of the health record, if the attending health care professional feels that any portion of the health record pertaining to psychiatric or psychological problems or any doctor's notes would have a significant negative psychological impact upon the offender, the attending health care provider will notify the chief of behavioral health services or designee.

d.  The chief of behavioral health services or designee will review the recommendations of the mental health professional and determine if there is sufficient evidence to pursue denial of inspection.

e.  If the chief of behavioral health services or designee finds that there is sufficient evidence to pursue denial of inspection, the chief of behavioral health services will contact the Colorado Department of Public Health and Environment to request that they identify an independent third-party psychiatrist to review the record and render a final decision.

f.  The attending health care practitioner or designee will so inform the offender or representative, as to the reason of the denial within five business days of the date of the request.

g.  If the record or a portion thereof pertaining to psychiatric or psychological problems or doctor's note having a significant negative psychological impact is withheld from the offender, a summary of records pertaining to an offender's mental health problems may, upon written request and a valid authorization, be made available to the offender or the offender's designated representative following termination of the treatment program.

h.  Mental health DOC employees, or contract workers will permit inspection of the remaining portions of the mental health file. The portion of the health record pertaining to psychiatric or psychological problems or doctor's notes may then be withheld from the offender or representative until completion of the treatment program, if in the opinion of an independent third party who is a licensed physician practicing psychiatry, the portion of the mental health file would have a significant negative psychological impact upon the offender.

17.  Inspection of Health Records by Discharged Offenders from DOC:

a.  Discharged offenders from the DOC or their designated representative who wish to inspect and review their health record will be referred to the HSA or designee at the Denver Reception and Diagnostic Center (DRDC).

b.  The request must be in writing and an Authorization for Use and Disclosure of Health Information form (A1, A2, or A3) will be provided to the requestor.

c.  The HSA or designee will make an appointment for the discharged offender or designated representative to inspect the health record at a mutually convenient time.

d.  Confidentiality of PHI will be maintained at all times during inspection of health records.

18.  Right to file privacy complaints

a.  Individuals have a Right to file Privacy Complaints to the DOC and/or to the Secretary of the Department of Health and Human Services concerning the AR or DOC's compliance with such policies and procedures ("Privacy Complaint"). DOC employees or contract workers must not require individuals to waive their rights to file a Privacy Complaint as a provision of Treatment or Payment.

b.  DOC employees and contract workers must immediately forward all verbal or written Offender Privacy Complaints to the HIPAA privacy liaison for processing.

| CHAPTER | SUBJECT | AR # | Page 14 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

   c.   Any DOC employee or contract worker who receives a Privacy Complaint from the Office for Civil Rights (OCR) or the Department of Justice (DOJ) must immediately contact the HIPAA privacy liaison. The HIPAA privacy liaison will work to research and respond to the complaint. In addition, calls related to privacy issues from the OCR or the DOJ must be immediately forwarded to the HIPAA privacy liaison.

19.   Right to receive Notice of Privacy Practices (NOPP)

   a.   HIPAA Privacy Rule does not require a correctional institution that is a covered entity to develop and provide a notice of their privacy practices.

20.   Right to request an accounting of disclosures of PHI.

   a.   Offenders have a right to request an accounting of the following Specialized/Non-Routine Disclosures of PHI by DOC and its business associates made on or after April 14, 2003 if the disclosure is not for Treatment, Payment or Health Care Operations.



   b.   Disclosures include:

      1)   Required by law;
      2)   for Public Health Activities;
      3)   about victims of abuse, neglect or domestic violence;
      4)   for Health Oversight activities;
      5)   for Judicial and administrative proceedings;
      6)   for law enforcement purposes;
      7)   about decedents to coroners, medical examiners and funeral directors;
      8)   for cadaver organ, eye or tissue donation purposes;
      9)   for Research purposes;
      10)  to avert a serious threat to health or safety;
      11)  for specialized government functions (except those listed below);
      12)  for workers compensation;
      13)  not specifically excluded below (including non-permitted and some accidental disclosures).

   c.   Disclosures not included in an accounting are disclosures made:

      1)   prior to April 14, 2003;
      2)   to carry out Treatment, Payment and Health Care; Operations;
      2)   to the individual regarding his/her own PHI;
      3)   pursuant to an Authorization;
      4)   Incidental Disclosures;
      5)   as part of a Limited Data Set;
      6)   to persons involved in the individuals care;
      7)   for national security or intelligence purposes;
      8)   to Correctional Institutions or Law Enforcement Officials with lawful custody of an inmate.



   d.   If an individual wants to request an Accounting of Disclosures DOC requires that they do so in writing.

| CHAPTER | SUBJECT | AR # | Page 15 |
|---------|---------|------|---------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

1) Offenders must request an Accounting of Disclosures to the HSA in writing via the Kite system. At a minimum, the request should include the requestors first and last name, DOC number and date range for the accounting.

2) The request should immediately be forwarded to the HIPAA privacy liaison for review and processing.

    a) The request will be processed no later than 60 days after the receipt of the request.

    b) The request and Accounting of Disclosures provided will be documented and retained by the HIPAA privacy liaison.

21. Right to request an Amendment of PHI

    a. Offenders have a Right to request an Amendment to their PHI in a Designated Record Set. Individuals have this right for as long as the PHI is maintained by the DOC in a designated record set in accordance with the DOC's Records Management Policy AR1350-04.

    1) Requests for an Amendment of PHI should be made in writing.

    2) Offenders must request an Amendment of PHI to the HSA in writing via the Kite system. At a minimum the request should include the requestors first and last name, DOC number and details of the amendment request.

    3) The request should immediately be forwarded to the HIPAA privacy liaison for review and processing.

        a) The HIPAA privacy liaison will determine if the offender or the offender's personal representative is authorized to make the request.

        b) If the offender or the offender's personal representative is authorized to make the request the HIPAA privacy liaison will determine if the request can be approved or will be denied.

        c) The request will be denied if:

- The PHI was not created by the DOC;
- The PHI is accurate and complete;
- The PHI is not part of a Designated Record Set;
- The PHI would not be available for inspection under the Individual Right of Access.

        d) If the request is approved DOC will make the appropriate changes to the PHI in the Designated Record Set and provide written notice to the requestor that the request has been accepted and made.

        e) If the request to Amend PHI is denied the HIPAA privacy liaison will:

           i. Provide written notice to the requestor that includes the basis for the denial, an explanation of the requestor's right to submit a written Statement of Disagreement and how to submit such a statement, and a description of how the individual may file a privacy complaint with the DOC or the Department of Health and Human Services.

           ii. Document and retain the request, denial and reason for the denial of the Amendment of PHI.

| CHAPTER | SUBJECT | AR # | Page 16 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

iii. If a Statement of Disagreement is received it must be immediately forwarded to the HIPAA privacy liaison who will review it, provide a written rebuttal if necessary and document the Statement of Disagreement and response

P.  Faxing or emailing PHI

1.  PHI will be hand delivered or mailed whenever possible.  Faxing or emailing PHI internally to authorized DOC employees or contract workers is allowable at any time to facilitate treatment, payment or health care operations, provided the guidelines outlined in this policy are adhered to.

2.  Faxing and emailing of PHI outside of the DOC is allowable in situations when health information is needed for offender care purposes, continuing care placement, payment or when mail or courier delivery will not meet a necessary timeframe.  Only the minimum necessary PHI will be faxed or emailed.  DOC employees or contract workers will take reasonable steps to verify the identity of the PHI recipient and to ensure that proper authorizations are obtained by the offender.

3.  Each facility clinic must designate which FAX machine in the clinic area will be utilized to send and/or receive PHI.  These FAX machines must not be accessible to the public and will only be accessible to DOC employees and contract workers directly involved in offender healthcare or those authorized to handle faxed information.

4.  The faxed information must be accompanied by special FAX cover sheet specifically designated for faxing of PHI.  Each page of intended FAX will be stamped or marked "confidential".  In the event of a misdirected FAX, the recipient will be directed to immediately destroy the fax.  The cover sheet must contain the following information:

    "The information accompanying this cover sheet is strictly confidential.  It is intended only for the person named above.  If you receive this information in error, please contact the person whose name is shown above.  No responsibility can be accepted by DOC if this information is made available to anyone except the addressee.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of taking of any action in reliance on the contents of this information is strictly prohibited."

5.  DOC employees and contract workers authorized to FAX PHI must take reasonable steps to confirm the accuracy of the FAX numbers and security of recipient machines.

6.  When expecting the arrival of a FAX containing PHI, schedule with the sender whenever possible to ensure that the faxed documents can be promptly removed from the FAX machine.

7.  DOC employees and contract workers responsible for routing PHI to the recipient of the FAX must be sure they leave it in a secure/confidential location.

8.  When transmitting PHI by email inside or outside of DOC, the word "encrypt" will be included within the subject line to protect the privacy of the individual identifiable PHI.

Minimum Necessary Uses and Disclosures.

1.  *Non-clinical, DOC employees or contract workers will have access to the minimum amount of PHI necessary to accomplish their duties and responsibilities.  [5-6C-4396]*

2.  *At the discretion of the HSA or designee, verbal or written reports may be provided to facility administrative heads, regarding general health issues that may impact medical or behavioral health management, security, ability to participate in programs, transportation, and the status and/or prognosis of hospitalized offenders.  [5-6C-4396]*

| CHAPTER | SUBJECT | AR # | Page 17 |
|---------|---------|------|---------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

3. PHI disclosed per this section will be released on a need to know basis and the minimum amount of PHI necessary to carry out their duties.

4. DOC employees or contract workers will follow proper procedures to ensure that only the minimum amount of PHI necessary used or disclosed.

5. DOC employees and contract workers will not use, request, or disclose to others, any PHI that is more than the minimum necessary to accomplish the purpose of the use, request, or disclosure.

6. This policy does not apply to the following uses or disclosures:

*"Discovery" not included*
*Minimum Necessary applies*

   a. Disclosure to or requests by a provider for treatment
   b. Uses or disclosures made to the offender who is the subject of the information or his/her personal representative
   c. Uses or disclosures pursuant to an authorization by the offender
   d. Disclosures made to the Department of Health and Human Services
   e. Uses or disclosures required by law; and
   f. Uses or disclosures required for compliance with applicable laws and regulations.
   g. DOC employees or contract workers will be given levels of access to PHI basis to appropriately accomplish their duties and responsibilities.

R. HIPAA Authorizations

1. Except as permitted by law or regulation (see Use of PHI and Disclosure of PHI sections), disclosure of PHI must be authorized with a valid HIPAA authorization signed by the offender or legal representative to protect the offender's right to privacy, If an authorization form is incorrect or incomplete, it will be returned to the requestor for correction and/or completion before being honored.

2. The Authorization for Use and Disclosure of Health Information (Attachment A) is the DOC valid HIPAA authorization form. If a non-DOC HIPAA authorization form is received and the validity of the form is in question, forward the form to the HIPAA privacy liaison who will verify the validity of the form.

3. A faxed authorization is acceptable as an original document.

4. If an authorization is received for an offender that is no longer housed at the facility, the facility HSA or designee at the receiving facility will forward the request to appropriate facility.

5. If the offender is deemed mentally incompetent to sign a valid authorization, the personal representative is so authorized. A copy of the court appointment papers must be obtained prior to the disclosure of any PHI.

6. DOC employees or contract workers who authorize the disclosure of PHI will take reasonable steps to verify the identity and legal authority of persons requesting disclosure of PHI.

7. Prior to any disclosure, DOC will verify the identity of the offender requesting PHI by utilizing his/her DOC offender identification card.

S. Revocation of an Authorization

1. Offenders have the right to revoke an authorization at any time, provided that the revocation is in writing, except to the

| CHAPTER | SUBJECT | AR # | Page 18 |
|---------|---------|------|---------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

extent that:

    a.    DOC has already taken action in regards to the authorization.

    b.    The authorization was obtained as a condition of obtaining insurance coverage.

2.    HSA or designee:

    a.    Receives a request in writing from an offender or personal representative to revoke an authorization:

    b.    If the request is someone other than the offender, verify that the individual has the authority to make the request;

        1)    If the individual has the authority to make the request (offender or personal representative), forward the request to the official health records custodian or designee for processing;

        2)    If the individual does not have the authority to make the request, notify the offender or personal representative of the denial request and document the notification on the Authorization for Use and Disclosure of Health Information form.

3.    Health record custodian:

    a.    Determines if the authorization can be revoked.

        1)    If the authorization cannot be revoked, sends a memorandum to the offender or personal representative stating why;

        2)    If the authorization can be revoked; documents the request and notifies the HSA or designee.  The revocation of an authorization is filed in the health record.

T.    Copying and Safeguards of Health Records:

1.    The offender and/or designated representative may have copies, upon written request, of any portion of his/her health record to which he/she has the right to access.

2.    Request for copies will be in writing.

3.    Behavioral health information that is filed in a manila envelope within the file is not considered part of the designated record set and therefore will not be copied and/or released without an order from the court.

4.    Only the records pertaining to the time period requested will be copied.

5.    Requests for PHI, not generated by the DOC, which has been made part of the health record, must be specified on the authorization or will not be copied.

6.    Only Clinical Services DOC employees, approved reproduction contracts or contracted correctional facilities per contract, may make copies of health records.  Reproduction of PHI to facilitate treatment, payment or health care operations is allowable provided the guidelines in this policy are followed:

    a.    DOC employees and contract workers responsible for reproducing PHI will assure that the PHI is not accessible to the public and will only be accessible to DOC employees and contract workers directly involved in offender care or those authorized to handle the reproduction of the PHI.

| CHAPTER | SUBJECT | AR # | Page 19 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

    b.   DOC employee and contract worker are not allowed to leave PHI unattended on reproduction equipment. DOC employees and contract workers must pick up printed documents containing offender PHI in a timely manner.

    c.   DOC employees and contract workers that transport original health records off facility grounds must transport using a confidential carrier.

    d.   When possible, the original health record will not be removed from facility grounds.

  7.  All health information mailed will be stamped with a confidential stamp on the envelope.

U.  Charges for Copying Health Records:

  1.  The charge for incarcerated offenders is twenty-five cents per standard page. Offenders must have funds available at the time of the request.

  2.  Offenders will not be charged to obtain a copy of their health record for use as part of a Special Needs Parole or Clemency application.

  3.  Offenders who are released to parole, community corrections, probation, supervised release, or are otherwise no longer in lawful custody will be charged twenty-five cents per standard page:

    a)  Actual postage or shipping costs also may be charged.

    b)  Copies made by the contracted copying company can not be waived or reduced.

  4.  Copies which cannot be made at DOC (i.e., x-rays) will be charged at the actual cost of such reproduction elsewhere; image interpretation is not included as part of the film reproduction.   If reproduction is on disc, the charge is $5.00 per disc.

  5.  There will be no charge to the Attorney General's Office or county coroners.  Requests from other entities will be charged in accordance with the fee schedule set forth in item 2 above.

  6.  A fee will not be charged to offenders for a copy of the tuberculosis lab test result needed for community placement. The Authorization for Use and Disclosure of Health Information form is required to be completed by the offender or the designated representative prior to disclosing the information.  The completed form is filed in the medical file, in section five.

  7.  Copies will not be mailed until payment is received excluding, the public defender's office. Payment will be in the form of a money order, cashier's check, or offender transfer of funds, payable to the Department of Corrections. Cash and credit cards are not accepted.  Payments received are forwarded to Colorado Territorial Correctional Facility accounts receivable for proper processing.  Fees may be waived by the deputy executive director or designee or the health records custodian on a case by case basis.

  8.  For continued offender care, health care providers will not be charged for copies.

V.  Health Records from other Hospitals/Health Care Facilities and Licensed Providers:

  1  The law governing offender access to medical records draws no distinction between records generated in-house and those created elsewhere.  The statute requires "every" record in the "custody" of a licensed or certified health facility to be made available to a requesting offender or designated representative upon the conditions outlined in the statute.

| CHAPTER | SUBJECT | AR # | Page 20 |
|---------|---------|------|---------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

C.R.S § 25-1-801.  This comports with the notion that an offender has a legitimate interest in and right to inspect and receive copies of all of his/her health records, wherever created, in the custody of the DOC.

2. The DOC will disclose health information if the authorization form clearly delineates the records being sought and the hospital or health care facility where the care was rendered is different than the clinic receiving the request. This avoids needless duplication of records in which the offender or designated representative is not interested.

W. Requests for Health Records in Lawsuits Filed by Offenders:

1. The DOC receives discovery requests and subpoenas for offender health records.  DOC employees who receive a subpoena or must respond to discovery for a request to produce the record containing PHI of an offender must send a copy of the subpoena to the support services manager at Headquarters, the facility health record custodian or designee and to the Office of Legal Services.

2. The support services manager at Headquarters will coordinate the production of the record with the facility health record custodian or designee.  Should a dispute arise regarding the production of the PHI, the support services manager at Headquarters will be responsible for responding to the subpoena or discovery request.

3. The health records of offenders who have filed litigation against the DOC or offenders who have filed a complaint against a licensed health care professional with the Department of Regulatory Agencies will be kept in the facility health clinic.  Copies of offender health records needed by DOC employees and contract workers to respond to lawsuits and licensure complaints will be kept in a locked cabinet in the workspace of the DOC employees, or contract worker.  Copies of offender health records whose litigation presents a high legal liability will be kept in a locked cabinet in the office of Quality Management at Headquarters.

4. If an offender puts their own PHI at issue in litigation, they waive their right to confidentiality and that information is no longer confidential or protected by HIPAA.

X. Retention and Destruction of Health Records and PHI:

1. Health records will be initiated for all new arrivals into the DOC and maintained in a secure and confidential manner throughout the offender's stay.  The management of the record will be supervised by the HSA or designee.

2. The DOC controls the location of health records at all times to ensure the records will be safeguarded from loss, destruction, tampering, and unauthorized access or use.

3. Health records will be preserved on every offender after release from the DOC and are available to meet the needs of legal requirements, research, education, continued offender care, and other legitimate uses.  With the offender's release from the DOC, the health record will be transferred to the DRDC inactive files for storage and safekeeping.  *Inactive health records are retained for ten years following offender release from the DOC. [5-6D-4415]*

4. A complete health record will be maintained on every offender from admission to discharge.  The content of the health record will depend on the services provided.

5. Health records will be stored in such a manner to provide protection from loss, damage and unauthorized use and preserve the confidentiality of health information.

Y. Retention of Health Records of Offenders Who Have Been Recently Released from the Department:

1. Inactive health records will be preserved as outlined in DOC record retention requirements.

| CHAPTER | SUBJECT | AR # | Page 21 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

2. With the offender's release from the DOC, the hard copy health record must be documented in the chart locator and forwarded to inactive files at DRDC

    a. Inactive hard copy health records are filed in numerical order by offender number, in the records original form.

    b. Hard copy Health records that have been stored for greater than five years after the offender discharged will be scanned and located on the DOC's web-extender for storage, viewing and easy retrieval.

3. Health records of deceased offenders must be forwarded to the Quality Management Office at Headquarters and the record transfer must be documented by the facility health care record custodian in the chart locator kept at the facility health care clinic.

Z. Proper Disposal of Health Records and Other PHI:

1. After hard copy health records have reached their retention period, all PHI will securely destroyed using the procedures listed below:

    a. Prior to destruction, a public notice will be posted in the major newspapers in the state of Colorado. This publication serves as notification to offenders whose records are to be destroyed. Offenders will contact the DRDC health care records custodian if the offender wants a copy of the health record prior to destruction.

    b. The following information will be maintained by the DRDC medical records supervisor regarding destroyed health records:

        1) Offender names and DOC number
        2) Health record date range
        3) Name of destroying organization
        4) Date of destruction
        5) Method of destruction

    c. The offender profile is retained permanently.

    d. Offender hard copy health records whether original or copied, whether in the designated record set or not, will not be destroyed without permission from the DOC's legal counsel.

    e. Original documents from the designated record set will not be destroyed without prior authorization from the Colorado Division of Archives.

V. RESPONSIBILITY

A. The HSA is responsible for:

1. Program implementation and compliance with this AR.

2. The security, confidentiality, access, and the transport of health records for use by all Clinical Services DOC employees or contract workers.

3. The director of clinical services is responsible for reviewing and updating this AR annually.

VI. AUTHORITY

Case No. 1:18-cv-00956-MSK-MEH   Document 236-3   filed 02/15/20   USDC Colorado   pg 22 of 31


| CHAPTER | SUBJECT | AR # | Page 22 |
|---|---|---|---|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | EFFECTIVE 09/15/19 |

A. C.R.S 18-4-412. Theft of medical records or medical information – penalty.
B. C.R.S 24-72-203. Public records open to inspection.
C. C.R.S 24-72-301. Legislative declaration.
D. 42 C.F.R. Parts 160 and 164 – Breach Notification for Unsecured Protected Health Information.
E. 6 CCR 1011, Chapters II, IV, and V. Colorado Board of Health Rules and Regulations,
F. C.R.S 12-36-101; 12-43-101; 12-32-101 Doctors, nurses, mental health, dental.
G. C.R.S 25-1-801. Offender records in custody of health care facility

VII. <u>HISTORY</u>

    May 15, 2016
    September 15, 2015
    November 1, 2014
    May 15, 2012
    January 1, 2011
    December 1, 2009
    December 1, 2008
    December 1, 2007
    December 1, 2006
    December 1, 2005
    December 1, 2004

ATTACHMENTS:

A. AR Form 950-02A1,  Authorization for Use and Disclosure of Health Information Form
B. AR Form 950-02A2,  Authorization for Use and Disclosure of Behavioral Health Information Form
C. AR Form 950-02A3,  Authorization for Use and Disclosure of Health Information (Continuity of Care)
D. AR Form 950-02B,  Confidentiality Statement
E. AR FOR 950-02C,  Fax Form
F. AR Form 100-01C,  Administrative Regulation Implementation/Adjustment
G. Hybrid Designation Statement



**COLORADO**
Department of Corrections

AR Form 950-02A1 (09/15/19)

## Authorization for Use and Disclosure of Health Information

| Offender Name | | DOB | DOC# |
|---|---|---|---|
| | | | |

I authorize the Colorado Department of Corrections to disclose to:

| Name | | Phone Number | Company | | |
|---|---|---|---|---|---|
| Address | | City | State | | ZIP |

and/or  I authorize (other facility) _____ to disclose to the DOC facility:

| Address | | Phone | Requested by: |
|---|---|---|---|
| | Urgent request for offender care fax to: | | |
| | Routine request for offender care mail to address above | | |

| I authorize the following information to be released and/or disclosed: | | Date of service: |
|---|---|---|
| | Medical | Behavioral Health |
| | Other: | |

The purpose of this disclosure is to be used for: _____ Continuity of Care _____ Legal Purposes _____ At the request of the individual _____ Other: _____

I understand that:

- The information disclosed may contain testing information or treatment information relating to Sexually Transmitted Diseases; HIV/AIDS virus.
- Once the information is disclosed, the information is subject to re-disclosure and may no longer be protected by the federal privacy regulations.
- This authorization will be valid for the duration of the incarceration plus 90 days after release.
- This authorization expires upon the individual's death.
- This form may be revoked at any time providing that the information has not already been disclosed.  I may revoke this authorization by notifying, in writing, the health records custodian.
- DOC may not use as a condition of treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization except as allowed by law.
- I am entitled to a copy of this signed authorization.
- By signing I acknowledge I have_____ inspected or _____have received a copy of requested records.

| Printed Offender Name | Offender Signature | Date |
|---|---|---|
| | | |

| Printed Name of Person Authorized to Sign for Offender | Signature of Person Authorized to Sign for the Offender | Date |
|---|---|---|
| | | |

| DOC Employee Signature | | Date |
|---|---|---|
| | | |

Attachment A
Page 1 of 1



**COLORADO**
Department of Corrections

AR Form 950-02A2 (9/15/19)

## Authorization for Use and Disclosure of Behavioral Health Information

| Offender Name | | DOB | DOC# |
|---|---|---|---|
| | | | |

I authorize the Colorado Department of Corrections to disclose to:

| Name | | Phone Number | Company |
|---|---|---|---|
| Address | | City | State | ZIP |

and/or I authorize (other facility) _____ to disclose to the DOC facility:

| Address | | Phone | Requested by: |
|---|---|---|---|
| | Urgent request for offender care fax to: | | |
| | Routine request for offender care mail to address above | | |

| I authorize the following information to be released and/or disclosed: | Date of service: |
|---|---|
| Behavioral Health: | |
| Other: | |

The purpose of this disclosure is to be used for:        _____ Continuity of Care        _____ Legal Purposes
At the request of the individual _____ Other: _____

I understand that:
- The information disclosed may contain testing information or treatment information relating to Behavioral / Mental Health; Drug and/or Alcohol Abuse treatment; Sexually Transmitted Diseases; HIV/AIDS virus.
- Once the information is disclosed, the information is subject to re-disclosure and may no longer be protected by the federal privacy regulations.
- This authorization will be valid for the duration of the incarceration plus 90 days after release.
- This authorization expires upon the individual's death.
- This form may be revoked at any time providing that the information has not already been disclosed. I may revoke this authorization by notifying, in writing, the health records custodian.
- DOC may not use as a condition of treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization except as allowed by law.
- I am entitled to a copy of this signed authorization.
- By signing I acknowledge I have _____ inspected or _____ have received a copy of requested records.

| | |
|---|---|
| Printed Offender Name | Offender Signature                                        Date |

| | |
|---|---|
| Printed Name of Person Authorized to Sign for Offender | Signature of Person Authorized to Sign for the Offender        Date |

| | |
|---|---|
| DOC Employee Signature | Date |

**Attending Mental Health Provider's Acknowledgement of Offender's Request for Access to Mental Health Records:**
I hereby acknowledge the request of the above named offender to ___ inspect and/or ___ receive photocopies of health record. The records ___ do or ___ do not contain information relating to psychiatric problems or doctors' notes which, if revealed to the offender, would have a significant negative psychological impact upon him/her. If access is denied, please contact the chief of behavioral health services.

| | |
|---|---|
| Signature of Mental Health Provider | Date |

Attachment A2
Page 1 of 1

 **COLORADO**
Department of Corrections

AR Form 950-02A3 (9/15/19)

## Authorization for Use and Disclosure of Health Information (Continuity of Care)

| Offender Name | | DOB | DOC# |
|---|---|---|---|

I authorize the Colorado Department of Corrections to disclose to:

| Name | Phone Number |
|---|---|
| ○ DOC Case Manager, Community Corrections Case Manager (COMCOR), HCPF RAES, LTC Facilities<br>○ | |

| Address | City | State | ZIP |
|---|---|---|---|

and/or I authorize (other facility)                                    to disclose to the DOC facility:

| Address | | Phone | Requested by: |
|---|---|---|---|
| | Urgent request for offender care fax to: | | |
| | Routine request for offender care mail to address above | | |

The purpose of this disclosure is to be used for:

○ Continuity of Care

○ At the request of the individual

○ Records related to the treatment of HCV

I understand that:

- The information disclosed may contain testing information or treatment information relating to Drug and/or Alcohol Abuse treatment; Sexually Transmitted Diseases; HIV/AIDS virus; HCV.
- Once the information is disclosed, the information is subject to re-disclosure and may no longer be protected by the federal privacy regulations.
- This authorization will be valid for the duration of the incarceration plus 90 days after release.
- This authorization expires upon the individual's death.
- This form may be revoked at any time providing that the information has not already been disclosed. I may revoke this authorization by notifying, in writing, the health records custodian.
- DOC may not use as a condition of treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization except as allowed by law.
- I am entitled to a copy of this signed authorization.
- By signing I acknowledge I have _____ inspected or _____ have received a copy of requested records.

| | | |
|---|---|---|
| Printed Offender Name | Offender Signature | Date |

| | | |
|---|---|---|
| Printed Name of Person Authorized to Sign for Offender | Signature of Person Authorized to Sign for the Offender | Date |

| | |
|---|---|
| DOC Employee Signature | Date |



**COLORADO**
Department of Corrections

AR Form 950-02B (9/15/19)

## Confidentiality Statement

I understand that offenders have a legal privacy right to their protected health information. I understand that health records are documents that contain the protected health information of offenders. I also understand that the protected health information of an offender may also include behavioral health and substance treatment information. I understand that the information contained within the health record belongs to the offender and must not be released without the offender's permission. As an employee of the Department, I understand that I have a legal duty to protect the privacy of their health information and records and to ensure that the integrity of the health record is maintained as I carry out the official functions of my job.

I will protect this protected health information and limit my knowledge of the contents of the health record to the extent that my job requires. I understand that I may receive an offender's protected health information as I perform the official duties of my job and it is my legal duty to keep confidential any protected health information I read, see or hear during the course of my employment. I understand the unauthorized disclosures of an offender's protected health information may subject me to corrective and/or disciplinary action as well as subject me to criminal punishment as a class 6 felony by fine and/or imprisonment (C.R.S. § 18-4-412) and is grounds for dismissal.

I will follow the proper policies and procedures for disclosure and inspection of an offenders' private health information. I will uphold the confidentiality of the written record, any computerized information or any health information that I may hear during the course of performing the official duties of my job. I understand that I will do my part to ensure that the paper and computerized records are complete, accurate, and accessible for future authorized use.

I will maintain the integrity of the computer system and use only my own user name and password to access authorized functions. I will report to my immediate supervisor any suspicion that my password is being used by someone else and request a new password from Office of Information Technology (OIT).

I understand that a violation of the Administrative Regulation 950-02; any other Departmental policy on confidentiality or security of health records information and under HIPAA, I can be held legally liable to the offender for the unauthorized disclosure of an offender's protected health information.

By signing below, I acknowledge I have read and understand the Department's policy.

_____        _____
DOC Employee/Contract Worker/Volunteer Signature              Date

Attachment B
Page 1 of 1

AR Form 950-02C (9/15/19)



DEPARTMENT OF CORRECTIONS

## FAX
## COVER-SHEET

TO: _____
NAME                    FAX NUMBER

FROM: _____
NAME                    FAX NUMBER

FACILITY: _____

DATE: _____ TIME:_____

# CONFIDENTIAL

"The information accompanying this cover sheet is strictly confidential. It is intended only for the person named above. If you receive this information in error, please contact the person whose name is shown above. No responsibility can be accepted by DOC if this information is made available to anyone except the addressee. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of taking of any action in reliance on the contents of this information is strictly prohibited."



# Statement on the Designation of the Colorado Department of Corrections as a Hybrid Entity under the Health Insurance Portability and Accountability Act of 1996 (HIPAA)

**Introduction:** The Colorado Department of Corrections (CDOC) is a single legal entity comprised of many separate divisions. These divisions include programs such as the health care, supporting programs and divisions of custody control at different security levels.

**HIPAA Background and Authority**

The Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), is a federal law designed to improve the portability and continuity of health care coverage, standardize health care transactions, and implement requirements surrounding health information privacy and security.

In general, HIPAA addresses Protected Health Information (PHI) that is maintained or transmitted by a covered entity.

**Covered entities are:**
1. Health plans
2. Health care clearinghouses
3. Health care providers that conduct certain types of transactions in electronic form.

A legal entity that performs both covered and non-covered functions may designate itself as a hybrid Entity under HIPAA. A legal entity that designates itself as a hybrid entity may choose not to apply the Privacy Rule to its non-health care components of the organization. All covered health care components must comply with HIPAA and the covered entity retains oversight, compliance, and enforcement obligations. The entity may have non-health care components impacted by the Privacy Rule because the health care components are limited in how they can share Protected Health Information. The entity must designate, as part of its covered functions, any component that would meet the definition of a covered entity if it were a separate legal entity. See 45 CFR 164.103 and 45 CFR 164.105.

A covered entity that is a single legal entity and conducts both covered and non covered functions may elect to be a hybrid entity. To be a hybrid entity, the covered entity must identify its components that perform covered functions and designate these components as health care components. The HIPAA compliance obligations apply only to the designated health care components. A covered entity that does not make this designation is subject to HIPAA in its entirety. CDOC conducts both covered and non-covered functions and elects to be a hybrid entity. This policy identifies CDOC as a hybrid entity and documents the designated health care components that must comply with HIPAA requirements.

**Page 1 of 3**

**Definitions:**

A. <u>Covered Entity</u> – a health plan, a health care clearinghouse, or a health care provider who transmits any health information in electronic form in connection with a covered transaction. 45 CFR 160.103

B. <u>Covered Function</u> – those functions of a covered entity of which the performance makes the entity a health plan, health care provider, or health care clearinghouse. 45 CFR 164.103

C. <u>Hybrid entity</u> – a single legal entity that is a covered entity, whose business activities include both covered and non-covered functions, and that designates its health care components, i.e. any component that would meet the definition of a covered entity or business associate if it were a separate legal entity. 45 CFR 164.103 and 45 CFR 164.105(a)(2)(iii)(D)

D. <u>Health care component</u> – a component, or combination of components, of a hybrid entity. 45 CFR 164.103

E. <u>Business Associate</u> – a person or entity that creates, receives, maintains, or transmits protected health information to perform certain functions or activities on behalf of a covered entity, or provides legal, actuarial, accounting, consulting, data aggregation, management, administrative, accreditation, or financial services for a covered entity, and the provision of the service involves the disclosure of protected health information.  45 CFR 160.103.

**Policy Statement**

CDOC has designated itself a hybrid entity under HIPAA. This determination was made after a thorough analysis of the varied programs within CDOC. As a hybrid entity, CDOC conducts activities that are both covered and non-covered functions.

In compliance with 45 CFR 164.103 and 45 CFR 164.105, CDOC has designated the following parts of the agency as covered components within the agency:

**Designated Health Care Components**

As a hybrid entity, the applicable HIPAA compliance obligations only apply to the Department's designated health care components.

1. The designated health care components include:
   a. Any component that meets the definition of covered entity if it were a separate legal entity
   b. Components only to the extent that they perform covered functions
   c. Components that provide business associate services to components that perform covered functions.

2. The designated health care components are listed in Exhibit A: CDOC Designated Health Care Components.

3. The Chief Medical Officer, Assistant Director of Clinical Services, HIPAA Privacy Liaison and the policy team shall review and amend Exhibit A as needed, but no less frequent than annually.

**Page 2 of 3**

**Exhibit A: CDOC Designated and Non-Designated Components**

**Hybrid Entity Covered Health Care Component within The Department of Corrections:**

1. Clinical Services:
   - Facility Clinics and Infirmary
   - Behavioral Health
   - Specialized Contract and Clinical Services
   - Dental
   - Optometry
   - Nutrition
   - Medical Records
   - State and Contract clinical staff
2. Office of the Inspector General, when performing covered or business associate functions.
3. The Operations Services including:
   - Technology Services Division, to the extent that it performs business associate services to parts of CDOC when performing covered functions
4. Third Party Administrator, to the extent that it performs business associates services to parts of CDOC performing covered functions

**Hybrid Entity Non-health Care Component within The Department of Corrections Include:**

1. Prison Operations Staff (to the extent it performs non-covered functions)
2. Colorado Correctional Industries Staff to the extent that it performs non-covered functions
3. Chaplain
4. Parole Board and Staff to the extent that it performs non-covered functions
5. Adult Community Parole Officers to the extent that it performs non-covered functions
6. Community Release to the extent that is performs non-covered functions
7. Laundry and Food Services to the extent that it performs non-covered functions
8. Business and Financial Services Division, to the extent that it performs business associate services to parts of CDOC performing covered functions

ADMINISTRATIVE REGULATION
IMPLEMENTATION/ADJUSTMENTS

AR Form 100-01A (04/15/08)

| CHAPTER | SUBJECT | AR # | EFFECTIVE |
|---------|---------|------|-----------|
| Offender Records | Health Records/Confidentiality/Access | 950-02 | 09/15/19 |

(FACILITY/WORK UNIT NAME) _____

WILL ACCEPT AND IMPLEMENT THE PROVISIONS OF THE ABOVE ADMINISTRATIVE REGULATION:

[ ] AS WRITTEN   [ ] NOT APPLICABLE   [ ] WITH THE FOLLOWING PROCEDURES TO ACCOMPLISH THE INTENT OF THE AR

(SIGNED) _____ (DATE) _____
          Administrative Head

Attachment F
Page 1 of 1