IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.   18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

## PLAINTIFF MOTION CITING CONTEMPT OF COURT:  COLORADO DEPARTMENT OF CORRECTIONS and EXECUTIVE DIRECTOR DEAN WILLIAMS

(TO:  Clerk of the Court:  Per the Court's directive at hearing on October 7, 2019; the court will serve Plaintiff's Informa Pauperis Status services.  Please sign as applicable (See Clerk Thomson) and serve in person the following and attached filing.  Thank you.)

NOTICE:  **Colorado Department of Corrections and Executive Director Dean Williams:**

UPON REVIEW OF ALL DOCUMENTS, EVIDENCE, AND UPON COURT HEARING OF October 7, 2019; Plaintiff files movement citing you with civil Contempt of Court, both direct and indirect.

To:  The Court:
The Colorado Department of Corrections and Executive Director Dean Williams committed a violation of a clear and specific order of the court and did so

1

**willfully.** (*under 18 U.S.C. 401 (3)*), (*see DOJ criminal resource manual at 753 and 771*) (*United States v Nynex Corp., 8 F.3d 52, 54 (D.C. Cir. 1993).*)[1]

The order violated is the Plaintiff's Subpoena Duces Tecum signed and dated June 26th, 2019 and served within Court guidelines, by certified mail service and by the Court, upon the parties named above on or around August 17th, 2019, by the Clerk of United States District Court for the District of Colorado.

The parties, despite multiple direct and repeated clarifications and requests from the Plaintiff (*Major Lucille Reux June 11, 2019 and June 25, 2019 (and) Director Dean Williams on September 1, 2019 and September 5, 2019*) released only a partial amount of the ordered production (and) have not corrected themselves despite repeated requests to do so.

At the time of this filing, the parties are now in excess of 31 days past the ordered time of production (30 days).

- A detailed attachment (#1) is attached to this motion that lists all missing production to date. A copy of original subpoena is attached to use as reference if needed.

- A current Plaintiff release upon herself (Attachment #2); which is a CDOC AR950-02A requirement each and every time anyone (even the inmate/patient themselves) must sign in order to have any records released by the CDOC; even if releasing unto themselves.

- **Plaintiff further requests the Court** to add an order producing any and all releases given to the CDOC, by anyone, that authorized the CDOC to release the production that they did produce.

**Plaintiff pleads the court to order Contempt of Court sanctions against the Colorado Department of Corrections and Executive Director Dean Williams in**

---

[1] Plaintiff is aware that the parties named claim they are under advice of counsel. Per the Court's ruling of October 7, 2019 that counsel was not acting within law and the rules of procedure. Plaintiff further cites: (DOJ Criminal Resource manual at 771):  United States v Remini, 967 F. 2d 754 (2d Cir. 1971; United States v Seavers, 472 F. 2d 607 (6th Cir. 1973) though the court can  consider Good Faith reliance upon the advice of counsel in mitigation of punishment. (United States v Custer Channel Wing Corp., 247 F. Supp. 481, 503 (D. Md. 1965), aff'd, 376 F. 2d 675 (4th Cir), cert denied, 389 U.S. 850 (1967). As the parties also had multiple, direct and repeated clarifications from the Plaintiff; Plaintiff asks the court's considerations in mitigating punishment to note that both direct and indirect contempt of court has occurred.

whatever manner the court sees fit and further order all production of Plaintiff's Subpoena Duces Tecum within whatever time constraints the court sees fit.

Respectfully submitted this 10th day of October 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**

I have served, a complete and full copy of the foregoing via CMECF system, to the parties below on this 10th day of October 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court: cod_cmecf@cod.uscourts.gov

Andrew David Ringel: ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony: acolony@coag.gov

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| Shawnee Ryan <br> *Plaintiff* <br> v. <br> Correctional Health Partners (et al) <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 18 cv 00956-MSK-MEH <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:       Colorado Department of Corrections and Executive Director Dean Williams

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

RESPONSE AS ORDERED REGARDING THE ATTACHED CONTEMPT OF COURT MOTION

| Place: <br> SEE ATTACHED DIRECTIVES WITHIN MOTION | Date and Time: <br> SEE ATTACHED DIRECTIVES WITHIN MOTION |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: <br> SEE ATTACHED DIRECTIVES WITHIN MOTION | Date and Time: <br> SEE ATTACHED DIRECTIVES WITHIN MOTION |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.    18 CV 00956-MSK-MEH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   COLO. DEPT OF CORRECTIONS AND DEAN WILLIAMS
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                                                    _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| SHAWNEE RYAN <br> *Plaintiff* <br> v. <br> CORRECTIONAL HEALTH PARTNERS (ET AL) <br> *Defendant* | ) <br> ) <br> ) Civil Action No.  18 CV 00956-MSK-MEH <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  SHAWNEE RYAN
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Case No. 1:18-cv-00956-MSK-MEH   Document 236-5   filed 02/15/20   USDC Colorado   pg 7 of 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Attachment #1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:

CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)
DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Colorado Department of Corrections (et al) and Executive Director Dean Williams; 1250 Academy Park Loop, Colorado Springs, Colorado 80910. Phone:    719-579-9580.

*Production:*  You are commanded to produce, to and at; the time, date, and place listed below and as set forth below, the following documents and/or objects, stored in whatever manner you retain them in; including, but not limited to electronic, photographic, imaging or audio:

4

Attachment #1

- **All medical and medical administrative records, as follows, for former inmate Shawnee Ryan #159496:** In all formats held and from any party from November 2, 2012 through October 4, 2018. Written; electronic; photographic; imaged; paper mar; internal between all staff and outside parties mar orders, directives, assessments and communicative; email related to or discussing in any way the medical needs and care including but not limited to: scheduling, approvals and denials, transports, security, housing, assessment, administrative and to do so in any format held. Ryan believes the majority of records requested are in the care and custody of medical records custodian Brad Niesler; the dialysis clinic records of Dr. June Scott and the records and files of the CDOC Clinical Services Department and Administration and Chief Medical Office located within the Denver Complex facility and CDOC headquarters. The only redactions to be privacy and security concerns (such as personal contact information, account numbers of outside parties and personal email addresses of any party). All records to be in print format or electronic media format of a thumb drive or disk.

- **Any and all third-party contracts, written agreements, administrative procedures, operating procedures and directives** that specifically order any one of the Defendants to act, order, perform duties in any manner. Request is to include not only direct and specifically made to each Defendant, it is made to include direct and specific made of same between or from Colorado Department of Corrections to any Defendant's employer(s), administrator(s), supervisor(s) or superior in rank officer(s). An example of such, but not limited to, would be state, federal and national accreditation standards (and) state regulatory agency standards. Request includes same regarding all procedures and policies of security access governing inmates and their access to clinical services and transport. Sensitive areas, such as financial compensations, addresses, phones may be redacted for privacy purposes.

5

Attachment #1

- **Any and all professional vitae, certifications and licensing on file with the CDOC of Defendants Hilary Victoroff and Laura Sommerschield.** Personal contact information may be withheld for privacy and security reasons.

- **Entirety of clinical nurse case management** records and files that pertain to Shawnee Ryan.

---

**PLACE OF DELIVERY and CONTACT INFORMATION:** Shawnee Ryan, 11309 West Exposition Drive, Lakewood, Colorado 80226. Contact phone is: 720-431-8319.

---

**DATE AND TIME:** Original Subpoena was due September 16, 2019 and 30 days from receipt of service done on August 17, 2019.

---

_____

(Date)

CLERK OF COURT

_____

*Signature of Clerk or Deputy Clerk*

The name, address, email address and telephone number of Pro Se party issuing this subpoena is: Shawnee Ryan, Plaintiff. 11309 West Exposition Drive, Lakewood, Colorado 80226. 720-431-8319. shawneeryan216@gmail.com

NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA: "If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45 (a)(4)."

6

# COLORADO
## Department of Corrections

Attachment #2

AR Form 950-02A1 (09/15/19)

## Authorization for Use and Disclosure of Health Information

**Offender Name:** Shawnee Ryan
**DOB:** 03-11-57
**DOC#:** 159496

I authorize the Colorado Department of Corrections to disclose to:

**Name:** Shawnee Ryan
**Phone Number:** 720-431-8319
**Company:** Self
**Address:** 11309 West Exposition Drive
**City:** Lakewood
**State:** CO
**ZIP:** 80226

and/or I authorize (other facility) ___ to disclose to the DOC facility:

**Address:** ___
**Phone:** ___
**Requested by:** ___

☐ Urgent request for offender care fax to: ___
☐ Routine request for offender care mail to address above

I authorize the following information to be released and/or disclosed:
☐ Medical
☐ Behavioral Health
☒ Other: All documents stated within Subpoena Duces Tecum (and) Contempt of Court filing (6/26 and 10/9)

**Date of service:** As written

The purpose of this disclosure is to be used for: ___ Continuity of Care ___ Legal Purposes ___ At the request of the individual ☒ Other: Plaintiff's litigation purposes

*Release revokes upon Plaintiff and court release of Subpoena

I understand that:
- The information disclosed may contain testing information or treatment information relating to Sexually Transmitted Diseases; HIV/AIDS virus.
- Once the information is disclosed, the information is subject to re-disclosure and may no longer be protected by the federal privacy regulations.
- This authorization will be valid for the duration of the incarceration plus 90 days after release.
- This authorization expires upon the individual's death.
- This form may be revoked at any time providing that the information has not already been disclosed. I may revoke this authorization by notifying, in writing, the health records custodian.
- DOC may not use as a condition of treatment, payment, enrollment or eligibility for benefits on whether the individual signs this authorization except as allowed by law.
- I am entitled to a copy of this signed authorization.
- By signing I acknowledge I have ___ inspected or ___ have received a copy of requested records.

**Printed Offender Name:** Shawnee Ryan
**Offender Signature:** [signature]
**Date:** 10-8-2019

**Printed Name of Person Authorized to Sign for Offender:** ___
**Signature of Person Authorized to Sign for the Offender:** ___
**Date:** ___

**DOC Employee Signature:** ___
**Date:** ___

Attachment A
Page 1 of 1

Attachment #3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.    18 – cv – 00956 – MSK-MEH

SHAWNEE RYAN, Plaintiff

V.

Defendants:
CORRECTIONAL HEALTH PARTNERS (dba Correctional Health Partners, Inc.; Correctional Health Companies, Inc.; Correctional Corporation of America; Physician Health Partners; CHP Companies, Inc.; Correctional Healthcare Physicians, P.C.) (CHP et al)

DR. JENNIFER MIX, M.D.  (personal and professional capacity)
HILARY VICTOROFF N.P.  (personal and professional capacity)
LAURA SOMMERSCHIELD N.P. (personal and professional capacity)
_____

Attachment #3 to Plaintiff Motion Citing Contempt of Court: Colorado Department of Corrections and Executive Director Dean Williams:
_____

The following itemization is a record of what has not been produced to date from Subpoena Duces Tecum of August 17, 2019; please reference Attachment #1.

**Plaintiff certifies that all documents were asked for within the original Subpoena Duces Tecum and that all are necessary for Plaintiff to move forward with this lawsuit within a full and complete set of records relevant to the claims she has made in 18 cv 00956-MSK-MEH:**

1. **All medical and medical administrative records:** Defines as from November 2, 2012 through October 4, 2018 and all formats.

1

34   **Defines as:** all medical records either computerized or paper that have not
35   been chosen as selective and/or "condensed" encounters. To include all
36   shifts, all notes of encounters, each day. As Plaintiff was in daily contact
37   with clinical services and medical; the full listing contains multiple entries
38   daily and is not selective by choice; it is neutral and chronological. **Further**
39   **defines** as the requests when fulfilled, would constitute a medical
40   chronological inmate record (which is what was asked for; not the inmate
41   case management chronological record you gave and were not asked to
42   produce; and/or all the records you produced outside of medical services
43   which also were not requested).
44
45   **Further defined** as electronic mar, paper mar prior to going to all digital, all
46   kites entered by staff on any shift both prior to going all digital (and) after
47   all digital.
48
49   **Further defines** as all internal communications referencing Shawnee Ryan
50   both internal between staff and outside parties. Includes emails, directives,
51   assessments and in any way discussing Shawnee Ryan and/or her medical
52   needs and care.
53
54   **Further defines** all scheduling records, including but not limited to
55   transport (redaction of anything security related), scheduling to intakes for
56   transport, pharmacy records and scheduling dates and records of the
57   ordering and shipping of all specialty drugs.
58
59   **Further defines** as you previously did not provide the dialysis clinic's
60   records of ultrasound conducted in Fall 2013 and the complete notes and
61   letters of Dr. June Scott.
62
63   **Further defines** as you previously did not provide full x-rays; including wrist
64   and forearm injuries of March, April, May and June of 2014. And including
65   all dental records; not simply the most recent.
66
67   **Further defines** as you previously did not include all notes and records of all
68   administrative staffing's and conferences which all were medical in nature.
69

2

**Further defines** as you previously did not provide any clinical nurse case manager files and records (Cheryl Petrossi at headquarters). (Which would constitute an inmate's medical case management chronological file, rather than the selective portions of grievances and chronological inmate records you did send.)

**Further defines** as the request for administrative grievances was for ALL grievances; including all grievance coordinator logs from all facilities. Not just the selected and proportionately selected grievances that you did produce.

**Further defines** as you previously did not provide the case file of Plaintiff that is held within the Chief Medical Officer's department; to include all communications including electronic between that office and any party.

**Further defines** as you previously provided only a partial scan of the contract with CHP (et al) and did not provide all contracts from November 2012 through October 8, 2018 between CDOC and CHP (et al).

**Further defines** as you previously did not provide any and all contracts or agreements, if any, for inmate healthcare with any other outside coverage provider.

**Further defines** as you previously did not provide all accreditation reports and/or audits from accreditation agencies from November 2012 through October 2018.

**Further defines** as (redacting sensitive security protocols) you previously did not provide security rules and standards for inmates access to clinical services.

**Further defines** as (redacting sensitive security protocols or protected departmental information) you previously provided public record AR standards rather than the requested operating between clinical services staff and inmates standards of care (such as the step by step procedures clinical staff are to follow for various types of physical medical situations and physical care; refusal of care protocols etc. Request is not limited to

3

these examples given and is to include all standards and procedures).  They are located and kept in clinic and infirmary in binders and in digital formats.

**Further defines** as you previously did not provide the requested as what is on file with department (not what the two Defendants (Hilary Victoroff and Laura Sommerschield can provide in real-time now) from their time of hires to the time of departure from employment; licensing, certifications and professional vitaes.

Production of all subpoenaed records to occur within the confines of the subpoena and the contempt orders of the court.

Submitted this 10th day of October, 2019 as "Attachment #3".

S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com


**CERTIFICATE OF SERVICE**
I have served, a complete and full copy of the foregoing via CMECF system, to the parties below on this 10th day of October 2019.


S/Shawnee Ryan
11309 West Exposition Drive
Lakewood, Colorado 80226
720-431-8319
shawneeryan216@gmail.com

Clerk of Court:  cod_cmecf@cod.uscourts.gov

Andrew David Ringel:  ringela@hallevans.com
Edmund Martin Kennedy:  kennedye@hallevans.com
Amy Colony:  acolony@coag.gov