IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

    Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

    Defendants.

---

**DEFENDANT HILARY VICTOROFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT: CLAIM FOUR (DOC. 184)**

---

Defendant, Hilary Victoroff, N.P. (Victoroff), by and through her counsel, Senior Assistant Attorney General Amy Colony, submits this Reply in support of her Motion for Summary Judgment: Claim Four (Doc. 184):[1]

### RESPONSE TO PLAINTIFF'S "PRELIMINARY STATEMENTS INFORMATION AND FACTS"

**Paragraphs 1. and 2.**    Plaintiff's Statement in Paragraph 1 of her Response (Doc. 233, p. 1-2) not only fails to raise an issue of material fact but is an incorrect statement of the evidence. According to Plaintiff's own exhibit, Defendant

---

[1] This motion is based upon Claim Four as stated in Plaintiff's Fifth Amendment Complaint accepted by this Court on November 12, 2019. (Doc. 183 and 184).

1

Victoroff returned to work on February 6, 2017, after *two*, *not three* days off. Pla. Resp. Exh. 1, p. 5. (Doc. 233-1). On that date, Defendant's CDOC Time Report provides that she worked 11 hours from 7:45 until 18:45. *Id.* Plaintiff has presented no independent evidence contracting this information.

Moreover, Plaintiff was, in fact, admitted to the Denver Diagnostics and Reception Center's infirmary on neutropenic precautions by Defendant Victoroff on February 6, 2020, as reflected in the Health Services Encounter recorded by Victoroff at 3:21:11 PM. *See* Def. Exh. A, Aff. Victoroff, ¶¶ 27-28; Def. Exh. B, Health Services Encounter (CDOC001131-CDOC001132). Defendant Victoroff is also listed as the provider who ordered Plaintiff's admission from Denver Women's to the infirmary on February 6, 2017, at 3:21 p.m. Exh. B, CDOC000069. At 6:52:55 PM, nurse John Malsbary completed an intake record for Plaintiff at the Denver Regional infirmary. *Id.,* at CDOC001131, CDOC000069). Again, Plaintiff has failed to cite to any evidence in the record to the contrary.

Plaintiff has failed to present any corroborating and competent evidence to refute these facts other than an insistence that these statements by Defendant are "false" denial. She also relies on an unsupported accusation that she was denied "infirmary records" and other "logs" during discovery, that would refute the evidence submitted by Defendant. Plaintiff's representation concerning discovery is false. In any event, Plaintiff may not avoid her burden to overcome summary judgment by complaining about "missing" discovery long after the discovery period

has closed. Nor may she meet her summary judgment burden by insisting she could demonstrate she was not seen by Defendant or admitted to the infirmary by Defendant on February 6, if only she had access to "duty Logs" and other materials Plaintiff speculates are maintained by CDOC. Plaintiff has set forth no facts other than her own self-serving beliefs to support the existence of these "logs" and "chronological records" and the contents therein. Plaintiff simply does not like the information that appears in the chronological record that does actually exist, the Health Services Encounters, because it directly refutes her claims.

Furthermore, contrary to Plaintiff's assertion, Defendant does not disagree that Plaintiff was admitted to Aurora Regional until February 7, 2017. Def. Exh. B, (CDOC001129-CDOC001130). Plaintiff cites to no evidence in the record suggesting that waiting until she became neutropenic to transfer her to the hospital subjected her to a serious risk of harm or caused her permanent damages. Plaintiff has set forth no evidence refuting the fact that she (1) was admitted to the infirmary on February 6, 2017, for neutropenic precautions; and (2) she did not become neutropenic until February 7, at which time CDOC physician, Dr. Muthulakshmi Yegappan, ordered her transfer back to Aurora Regional. Def. Exh. A, Aff. Victoroff, ¶¶ 27-30; Def. Exh. B, Health Services Encounter (CDOC001129-CDOC001132).

3. As explained above, Plaintiff has not presented any evidence refuting the fact that she was admitted to the Denver Regional infirmary on February 6, not February 7, as she contends. Plaintiff has otherwise failed to cite to any evidence in

3

the record demonstrating that the circumstances and timing of her ultimate admission to the infirmary or her return to the hospital, subjected her to a serious risk of harm for which Defendant Victoroff was aware. Rather, the undisputed evidence demonstrates that Plaintiff was admitted to the infirmary, on neutropenic precautions and when her temperature exceeded 100° the following day, she was transferred back to the hospital per her oncologist's orders. Def. Exh. A, Aff. Victoroff, ¶¶ 27-30; Def. Exh. B, Health Services Encounter (CDOC001129-CDOC001132). Plaintiff recovered fully and was released back to CDOC custody ten days later. She has presented no evidence to the contrary.

   4.  Plaintiff cannot carry her burden to demonstrate Defendant Victoroff was deliberately indifferent to a serious medical need by relying on her lay opinion or interpretation of her February 6, 2017 lab results or her labs and diagnoses upon admission to Aurora Regional on February 7. Pla.Resp. Exh. 2 and 3, CDOC/MedCtr.Aur006863, CDOC/MedCtrAur006983-006987; *see* Fed.R.Evid. 701 (Lay opinion testimony is limited to "those opinions or inferences which are . . . not based on scientific, technical or other specialized knowledge with the scope of Rule 702."); *Bee v. Greaves,* 744 F.2d 1381, 1395-96 (10th Cir. 1984) (decision of whether or not a medical emergency exists warranting sedation of an inmate is indisputably a medical judgment to be made by medical professionals); *Bradshaw v. Nafziger,* 2011 WL 863548, *9 (United States Distirct Court for D. Colo., March 10, 2011) ("it is inappropriate for the court, either of its own accord or at [plaintiff's] lay

4

insistence, to attempt to interpret clinical medical guidelines for treatment. . . .[w]ithout competent testimony from a medical expert, however, [plaintiff] fails to carry his burden of demonstrating that [defendant's] treatment of him fell outside the Bureau of Prisons Standard).

     5.     Plaintiff's statements in Paragraph 5 of her Response appear to consist of her interpretation of the events that occurred after she was transferred to Aurora Regional and are therefore, not material to any of the actions or omissions by Defendant that are alleged in her Fifth Amended Complaint. None of the facts alleged by Plaintiff in Paragraph 5 make it more or less likely that Defendant Victoroff was deliberately indifferent to any serious medical need that arose between February 3, 2017 and February 7, 2017. Moreover, Plaintiff again relies on her own lay opinion of medical evidence which cannot be considered on summary judgment. *See Bradshaw, supra.*

     6.     Plaintiff does not state any disputed issues of material fact in Paragraph 6 of her Response. Plaintiff does not dispute the evidence presented by Defendant that explains the reason Victoroff denied her admission to the Denver Regional infirmary at that point in time, that is, because she arrived conscious, ambulatory and afebrile. Def. Exh. A, ¶ 14. In fact, Plaintiff admits she arrived in stable condition. Pla. Resp., p. 4. Plaintiff has also failed to present any evidence refuting the evidence that Defendant denied admission to the infirmary based upon orders by then-Chief Medical Director Susan Tiona. Def. Exhibit A, Aff. Victoroff,

¶¶ 8-10; Def. Exh. B, Health Services Encounter (CDOC001137); Defendant's Exhibit C, Affidavit of Dr. Susan Tiona, ¶¶ 12-15; Def. Exh. E (CDOC/MedCtrAur006508-006511). Plaintiff has not refuted the evidence that upon return to CDOC, she was not neutropenic and her temperature was normal. Def. Exh.t A, ¶¶ 8-10; Def. Exh. B, (CDOC001137); Def. Exh. D, Ryan Depo., p. 68: 1-7; Def. Exh. E (CDOC/MedCtrAur006508-006511). The crux of Plaintiff's deliberate indifference claim focuses on the failure by Defendant to admit her to the infirmary yet Plaintiff has not cited to a single piece of evidence in the record suggesting that she presented with any symptoms whatsoever on February 3, 2017, that necessitated admission to the infirmary. Rather, it was merely Plaintiff's preference that she not be returned to her cell.

7. While it is true Defendant received Plaintiff back into CDOC custody on February 3, 2017, Def. Exh. A, Aff. Victoroff, ¶¶ 10-14, Plaintiff has produced no independent evidence corroborating her claim that she remained "solely" under Defendant Victoroff's care for "four days." Plaintiff does not contest the fact that after returning to CDOC custody on Friday, February 3, 2017, Defendant Victoroff was off-duty for the weekend, and, has attached as exhibits, Defendant's schedule confirming her days off. Pla. Resp. Exh. 1, CDOC006258-6257 (Doc. 233-1). Plaintiff further admitted that clinical staff other than Defendant appeared at her cell on or about February 6, and, she received care from these clinical staff at Denver Women's. Def. Exh. D, Ryan Depo., pp. 71-72, 75: 2-10. On the third day following

6

Plaintiff's return to CDOC custody (February 6, 2017), Victoroff obtained lab results which caused her to contact the oncologist, and, to admit Plaintiff to the infirmary for neutropenic precations. *Id.*; Def. Exh. A, Aff. Victoroff, ¶¶ 24-26; Def. Exh. B (CDOC001132). On the following day, another provider ordered Plaintiff's transfer back to the hospital when she became neutropenic. Def. Exh. A, ¶¶ 29-30; Def. Exh. B, (CDOC001129-CDOC001130). Plaintiff has failed to present any evidence refuting this sequence of events or the participation and authority of other providers. Moreover, she has failed to present any evidence demonstrating that between Febrary 3 and February 6, 2017, Victoroff was deliberately indifferent to a serious medical need that placed Plaintiff at substantial risk of harm.

8. In Paragraph 8 of her Response, Plaintiff relies on hearsay statements (that appear no where in the record) allegedly made by non-clinical CDOC staff, to support of her claim that Defendant Victoroff wrongfully denied her admission to the Denver Regional's infirmary on February 3, 2017. This will not suffice to meet her summary judgment burden especially where Plaintiff admits she returned to Denver Women's in stable condition. Pla. Resp., p. 4, Para. 6. Moreover, Plaintiff has not supported, with any expert medical testimony, her claim that she "came very close to death" after "four days" due to lack of adequate care. Insteadshe relies only on her own self-serving lay opinion. Evidence sufficient to defeat a motion for summary judgment "must be based on more than mere speculation, conjecture, or surmise." *Self v. Crum,* 439 F.3d 1227, 1230-1233 (10th Cir. 2006) (evidence

7

sufficient to defeat a motion for summary judgment "must be based on more than mere speculation, conjecture, or surmise."); *Phillips v. Calhoun*, 956 F.2d 949, 951, n. 3 (10th Cir. 1992) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings."). More importantly, Plaintiff has identified no expert medical testimony evidence linking Defendant Victoroff's failure to admit her to the infirmary on February 3, 2017, to the diagnoses she received upon return to Aurora Regional on February 7.

9. In Paragraph 9 of her Response, Plaintiff appears to suggest that although she voluntarily dismissed Claims 5 and 6 against Defendant Victoroff, there remains claims against her based on "criminal liability." Doc. 233, p. 5, Para. 9. Regardless of Plaintiff's intent in voluntarily moving to dismiss, this Court has, in fact, dismissed Claims 5 and 6 in their entirety. Doc. 193. In any event, Plaintiff may not bring a claim for "criminal liability" arising out of the allegations stated in support of Claims 5 and 6 against Defendant. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (upholding a motion to dismiss because criminal statutes are not enforceable through a civil action); *see Silverstein v. Sisters of Charity,* 38 Colo. App. 286, 288, 559 P.2d 716, 718 (1976) (where statute did not expressly provide for civil action for damages, there was no implied private right of action).

The remainder of Plaintiff's Response to Defendant's motion for summary judgment does not address the deficiencies in the evidence supporting her claims or

8

otherwise meet her summary judgment burden. Rather, her arguments rely on Plaintiff's incorrect interpretation of the law and procedure as well has her attempts to revive her various past requests for relief that have already been rejected by this Court. Moreover, Plaintiff cannot refute the testimony as presented in the affidavits submitted by former-Chief Medical Officer Susan Tiona, M.D., or Defendant Victoroff, by merely declaring the statements are "false" or insisting the testimony contained therein is "irrelevant". Doc. 233, pp. 8-9. The testimony of both witnesses is supported by information contained in the medical records, many of which have been submitted to this Court by Plaintiff herself in support of her claims. Plaintiff failes to cite to any specific evidence in the record that disputes the statements by Victoroff or Dr. Tiona. Finally, Plaintiff cannot defeat summary judgment by alleging new facts or attributing statements to Defendant or other witnesses that are not supported by any evidence in the record.[2]

## CONCLUSION

Plaintiff is unable to demonstrate a triable issue of fact as to whether she suffered an alleged deprivation of her constitutional rights as a result of the conduct of Defendant Victoroff. Neither her bare denials of the testimony of Defendant or former Chief Medical Officer Tiona nor her subjective interpretation

---

[2] For example, at page 8, Plaintiff falsely represents to this Court that Dr. Tiona was "requested to leave by her employer." At page 10, Plaintiff cites to an alleged conversation between her and Defendant that suggested Defendant's consciousness of guilty or liability for Plaintiff's condition. These allegations may not be considered.

of medical records or other clinical evidence, will support her claim for deliberate indifference to a medical need. *See Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000). She has failed to meet her summary judgment burden to present competent evidence in the record to refute the evidence presented by Defendant or to support both the objective and subjective elements of her Eighth Amendment claim.

The record establishes that Victoroff provided medical care to Plaintiff on February 3 and 6, 2017. Victoroff' assessed Plaintiff and reviewed her discharge records on February 3, left instructions to staff on duty for the weekend, collected labs on February 6 and admitted Plaintiff to the infirmary for neutropenic precautions on February 6 as a result of those labs. Plaintiff has produced no evidence to refute these facts or to otherwise demonstrate Defendant placed her at substantial risk of harm by denying her admission to the infirmary on February 3, 2017. Victoroff's decisions. as informed by the directive of her ultimate supervisor, then-Chief Medical Director Tiona, and Plaintiff's stable condition upon discharge, do not rise to the level of cruel and unusual punishment, and, are entitled to qualified immunity.

Respectfully submitted this 24th day of February, 2020.

                        PHILIP J. WEISER
                        Attorney General

                        s/ *Amy C. Colony*

AMY C. COLONY, Reg. No. 36124*
Senior Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
Email: acolony@coag.gov
Telephone: 720-508-6615
Attorney for Defendant Victoroff
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing DEFENDANT HILARY VICTOROFF'S REPLIY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT: CLAIM FOUR (DOC. 184) upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 24th day of February, 2020, addressed as follows:

Shawnee Ryan
12801 West Alameda Parkway
Box 218
Lakewood, CO  80225
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

　　　　　　　　　　　　　　　　　*s/  LaTasha Carter*