**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.    18 – cv – 00956 – MSK-MEH

**SHAWNEE RYAN, Plaintiff**

**V.**

**Defendants:**
**CORRECTIONAL HEALTH PARTNERS (et al) (dba Correctional Health Partners,**
**Inc.; Physician Health Partners, Inc.)**

**DR. JENNIFER MIX, M.D.  (personal and professional capacity)**
**HILARY VICTOROFF N.P.  (personal and professional capacity)**

---

**PLAINTIFF RESPONSE (and) EVIDENTIARY FILINGS, TO STATE REPLY AT ECF 239**

**Plaintiff Shawnee Ryan comes now:**

1.  **Utilizing Attorney Colony's own statements (ECF 239) of exhibits; the following facts are shown in support of Plaintiff's Motion for Summary Judgment (ECF180) (and) in support of Plaintiff's claims to date surrounding Attorney Colony's handling of CDOC discovery in this case**.  Plaintiff again declines to waste further resources of time of the Senior Court (and) herself in again responding to Attorney Colony's continued attempts to rationalize and justify blatantly obvious missing fact-based discovery.  Prisons do not run on "notes" entered into systems in non-chronological order.  Prisons do not run, at any time, without every single inmate or staff (any level of staff, any type of staff) being noted in minute and detailed systems (multiple systems of checks and balances). Prisons, do not run in "condensed" records, selectively chosen and printed out of chronological sequences.  They run, on three shifts per day, 24/7, in every area of every facility down to the broom closets.  No one, at any point in time, does ANYTHING (unless doing so illegally) out of sequence and outside of ALL checks and balances.  THIS CASE, of Shawnee Ryan, is only unusual because of the extremely high levels of outside community care and community providers (i.e. and their detailed records). Plaintiff has given complete clarity in the ability to the court, since May 29, 2019 when the first report of discovery breach occurred; to actually view and see for itself the trail of out-of-sequence documents from

1

Attorney Colony, missing and gaps in documents, and administrative regulation that very clearly state the correct processes discovery is supposed to be obtained for legal needs

- <u>For the purposes of this filing, Plaintiff starts her (Exhibit One attached) with a re-scan of Attorney Colony's Exhibits:</u>

    - Note, in Colony attached "CDOC001127 through *CDOC001129" (Exhibit A attached)*: "If" these were truly CDOC issued, from the records custodian case files of Shawnee Ryan, we would not jump from the dates "2/16/17" to "2/7/17" infirmary records. (suspected as being put in this random sequencing in order to show notes from "Vasi" (R.N. Damaskopoulou) and Dr. Yegappan).

    - We would then NOT jump to chronological content within "CDOC001134" (Exhibit B) where the time and date stamp of 7 February 2017 08:13:34 reveals WHEN Hilary Victoroff herself entered her Infirmary orders into the system's computers.

    - We would NOT then keep jumping backwards in "CDOC001133 and CDOC001132" with the NURSNG and CLINIC provider (Reilly) at DWCF CLINIC on February 6, 2017.  We would NOT then keep jumping backwards in collating and printing in "CDOC 001131 and CDOC001135" to "NOTES" with no vitals, physical exam (as is REQUIRED for Infirmary Intakes.  Intakes are NOT done verbally over the phone. NOR, as seen in CDOC001135 as Victoroff gave a type of encounter as a "lab test" on the 6th, to DRDC.  Inmates MUST be standing present and MUST be physically triaged upon infirmary entry) INTAKE NOTES WERE ENTERED INTO COMPUTERS at DRDC at 06:52:55 p.m.  (Exhibit C).

    - We would NOT keep jumping printout backwards to CDOC001130, from the 6th of February to the 7th of February to FINALLY, the accurate printout of Dr. Yegappan, the confirmation of finally given Tylenol, Yegappan to Burke (which

2

      finally matches RMCC and Burke records) and the confirmation of sending to Aurora South ER. (Exhibit D)

- (Exhibit E) attached is the PLAINTIFF'S previous pull of the damning February 6, 2017 LabCorp draw.  Which, previously given by Plaintiff in discovery issues; was found by Plaintiff buried in one of the "two boxes" of breached pre-discovery gathered by State.  Note, there is NO State Bates numbering on the document.  Plaintiff has made absolutely certain during the entire tracking of CDOC discovery issues in this case, that 'if' ANY defense counsel wishes to after-the-fact finally gather all discovery, they have to share with Plaintiff.  A State BATES sequence anywhere, once Attorney Colony punched in the "two boxes"; is discovery pulled out-of-sequence and an admittance that something is wrong within the CDOC gathering to date.  Brought up again now, to remind record that Defendant Hilary Victoroff began her Summary Judgment process FIRST, by attorney's filings to record citing Plaintiff was never ill during these days, perfectly fine. Plaintiff found the buried in the "two boxes" February 6th lab and revealed to record in bifurcation filings. The story on record from there, from Victoroff, then travels to full out blame on Dr. Burke, discharge orders, Aurora South and Plaintiff herself. The Victoroff story then travels to MSJ time and these random printouts, with additions of claims of faxing to Dr. Burke on the 6th, speaking to Dr. Burke on the 6th, being given antibiotic orders.  What is it, that remains the only consistency from the State's end?  Missing and gaps in records.  If we had full records/full discovery:  Hilary Victoroff would have no "story". We would have all the facts. And Plaintiff would have a normal path and means to file and advance forward her case rather than the constant of cleaning up after Attorney Colony and her client as she is once again forced to do here today.

**There is nothing remaining, within this new filing by Attorney Colony at ECF 239 that has any value or worth to further respond to.  It remains all conjecture, speculation, self-serving, suggestive and unsubstantiated.**

108  - **The ONLY records in this path of Summary Judgment process, that**
109     **are undeniably without taint from either side, are the teams at**
110     **Aurora South Hospital (and) all orders issued by John Burke and**
111     **others within them.**
112
113  - **We also CAN believe Hilary Victoroff's own words that she took**
114     **Plaintiff into her care and custody in good and stable condition on**
115     **February 3, 2017.  We have a believable time and date stamp off a**
116     **government computer software on the 7th of February, (time and**
117     **date stamp CDOC001134 attached) that reveals when she actually**
118     **put her DRDC orders in.  We HAVE a believable source time clock**
119     **punch/card showing some type of paid presence within CDOC on**
120     **the 6th of February, but interesting note is that unlike every other**
121     **timecard entry it does not list her presence and activity.  We CAN**
122     **believe her non-physical presence in that she took information**
123     **from others: likely via telephones CDOC001133 -CDOC001131).  We**
124     **CAN believe the Aurora South records that on the 7th of February**
125     **2017, Shawnee Ryan was in critical condition in need of highly**
126     **specialized care in order to stay alive.  We CAN believe because**
127     **encounter stamps say so, is that Hilary Victoroff remained, during**
128     **these 4 days, Shawnee Ryan's sole assigned provider of care until**
129     **Dr. Yegappan took over on February 7, 2017 (CDOC001130) when**
130     **Victoroff finally entered DRDC orders into government computers.**
131
132 <u>**Plaintiff  respectfully restates her movement**</u> **for the Senior Court to grant her**
133 **Sanctions Motion at ECF 237 against Attorney Amy Colony. Plaintiff states that**
134 **she ask the Court to also view what this Court already knows regarding the**
135 **Plaintiff's sense of fairness. If there was any light whatsoever, given at any time**
136 **to date in this case, that Attorney Colony and her client would STOP attempting**
137 **to force credibility upon discovery so tainted and discovery now so destroyed**
138 **for any ability to be fully credible:  Plaintiff would be as fair as she has shown**
139 **she is when dismissing the civil liabilities against Victoroff and the claim against**
140 **Laura Sommerschield.  Instead, all we are given to work from is a longer and**
141 **longer growing "Pinocchio's Nose".  No amount of shuffling the story by**
142 **Attorney Colony and her client will ever bring that mess to cleanliness for use.**
143

4

**Plaintiff respectfully restates her request asking now that the Senior Court BELIEVE Hilary Victoroff in that she was the assigned provider from February 3, 2017 through February 7, 2017 at CDOC001134 at 08:13:34 a.m. time and date stamp. And asks that her Motion for Summary Judgment be either granted in full (or) the State and their CDOC discovery (et al) be bifurcated, consolidated and the Victoroff/State case be set for trial.**

Respectfully submitted this 26th day of February 2020.

S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com

**CERTIFICATE OF SERVICE**
I have served a complete and full copy of the foregoing via CMECF to the parties below on this 26th day of February 2020.


S/Shawnee Ryan
12081 West Alameda Parkway Box 218
Lakewood, Colorado 80228
720-431-8319
shawneeryan216@gmail.com

Clerk of Court: cod_cmecf@cod.uscourts.gov


Andrew David Ringel: ringela@hallevans.com
Edmund Martin Kennedy: kennedye@hallevans.com
Amy Colony: acolony@coag.gov