IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00956-MSK-MEH

SHAWNEE RYAN,

      Plaintiff,

v.

CORRECTIONAL HEALTH PARTNERS,
JENNIFER MIX,
HILARY VICTOROFF, N.P., and
LAURA SOMMERSCHIELD, N.P.,

      Defendants.

---

**DEFENDANT HILARY VICTOROFF'S RESPONSE TO PLAINTIFF'S MOTION UNDER F.R.C.P. 37, FOR SANCTIONS AND DISCIPLINE, ON GROUNGS OF FAIL TO COOPERATE IN DISCOVERY AND SPOLIATION OF DISCOVERY; AGAINST SENIOR ASSISTANT ATTORNEY GENERAL AMY COLONY (DOC. 236)**

---

Defendant, Hilary Victoroff, N.P. (Victoroff), by and through her counsel, Senior Assistant Attorney General Amy Colony, submits this Response to Plaintiff's Motion under Fed.R.Civ.P. 37 against Senior Assistant Attorney General Amy Colony (Doc. 236):

Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 37 against the undersigned counsel is nothing more than a rehashing of prior issues related to discovery and requests for relief that have been repeatedly brought before this court

1

and denied. **Fact Discovery closed in this matter on November 2, 2019.** (Doc. 132). In sum, Plaintiff's latest motion is reiteration of her complaint that the undersigned counsel's receipt of her Department record, including medical records, as transmitted by the Department, was unlawful. Plaintiff's insistence that the Department work with her directly to collect relevant documents, without any participation or oversight by the undersigned counsel, has no basis in the law or the rules of discovery. Plaintiff's repeated objections to the transfer of materials in Department custody to the Office of the Attorney General has been a as a persistent hindrance to the efficient adjudication of her claims. Plaintiff has advanced these baseless claims to this Court repeatedly and each time this Court has declined to award any relief.

Plaintiff also complains that there are materials that have been improperly withheld by the undersigned counsel and/or the Department, including medical records, various Clinical Standards and logs of facility movement and clinical services. However, Plaintiff has been unable to describe these materials with any particularity such that the undersigned counsel could search for the same within the thousands of pages of records already produced, or, inquire with the Department as to whether the records even exist. Rather these demands are based only on Plaintiff's self-professed expertise in facility and clinical operations and expectations as to what should be contained within the records. Defendant also notes that Plaintiff claims to having received most of her care from outside providers, parties from which she

presumably could obtain the relevant information independently of the Department or the undersigned counsel. Overall, Plaintiff's harassing conduct in repeatedly raising baseless discovery related complaints after this Court has already rejected them has unjustifiably increased the costs of litigation to all defendants.

Defendants refer the Court to Plaintiff's prior pleadings that raised these same issues (Doc. 112, 147, 164, 166, 168), Defendants' Response to the Motion for Contempt (Doc. 178), the transcripts of hearings conducted by this Court (Doc. 116, 139, 149, 213), and this Court's orders denying relief (Doc. 108, 114, 118, 138, 163, 181, 182, 183).

Finally, to the extent Plaintiff claims she has been "sandbagged" by the testimony of former Chief Medical Officer Dr. Susan Tiona, as employed in support of Defendant's summary judgment motion, this complaint should be soundly rejected by this Court. Plaintiff herself attempted to bring claims against Tiona in her first complaint (Doc. 1) and persisted with these claims (Doc. 44, 51) until this Court finally rejected them in its order dismissing claims and drawing the case for assignment to an Article III judge. (Doc. 52). Plaintiff was well aware of the fact that Dr. Tiona was the Chief Medical Officer for the Department during her incarceration and the at the time of the events alleged in her Complaint. Plaintiff cannot be heard to complain Defendant Victoroff is relying on a surprise witness when she herself originally named this witness as a Defendant, and, Plaintiff elected not to depose this party. Moreover, pursuant to Fed.R.Civ.P. 26(a)(2), Defendant timely disclosed Dr.

3

Tiona as a non-retained expert witness on December 2, 2019. *See attached,* Defendants' Exhibit A, CDOC Defendants' Expert Witness Disclosures Pursuant to Fed.R.Civ.P. 26(a)(2)(C). Plaintiff did not seek to depose this witness despite the fact that this Court allowed expert discovery through February 17, 2020. (Doc. 132).

Plaintiff's latest motion is groundless and harassing. Defendant requests that this Court deny the motion in its entirety, and, that Plaintiff be admonished that any future motions going over the same ground and requesting similar relief, may result in sanctions against Plaintiff, up to and including the award of attorney fees in favor of Defendant.

Respectfully submitted this 6th day of March, 2020.

        PHILIP J. WEISER
        Attorney General

    s/ *Amy C. Colony*
    AMY C. COLONY, Reg. No. 36124*
    Senior Assistant Attorney General
    1300 Broadway, 10th Floor
    Denver, CO 80203
    Email: acolony@coag.gov
    Telephone: 720-508-6615
    Attorney for Defendant Victoroff
    *Counsel of Record

CERTIFICATE OF SERVICE

      I certify that I served the foregoing **DEFENDANT HILARY VICTOROFF'S RESPONSE TO PLAINTIFF'S MOTION UNDER F.R.C.P. 37, FOR SANCTIONS AND DISCIPLINE, ON GROUNGS OF FAIL TO COOPERATE IN DISCOVERY AND SPOLIATION OF DISCOVERY; AGAINST SENIOR ASSISTANT ATTORNEY GENERAL AMY COLONY (DOC. 236)** upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 6th day of March, 2020, addressed as follows:

Shawnee Ryan
12801 West Alameda Parkway
Box 218
Lakewood, CO  80225
*Plaintiff, pro se*

Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq.
Hall & Evans LLC
1001 17th Street, Suite 300
Denver, CO  80202
*Attorneys for Defendant Mix*

                                *s/  LaTasha Carter*