1

```
 1                   UNITED STATES DISTRICT COURT
                         DISTRICT OF COLORADO
 2

 3   SHAWNEE RYAN, her surviving   .   Case No. 18-cv-00956-MSK-MEH
     heirs and estate,             .
 4                                 .
                  Plaintiff,       .
 5                                 .
     vs.                           .
 6                                 .
     CORRECTIONAL HEALTH           .
 7   PARTNERS, JENNIFER MIX, in    .   Alfred A. Arraj Courthouse
     her official capacity,        .   901 19th Street
 8   JENNIFER MIX, in her          .   Denver, CO  80294
     individual capacity, HILARY   .
 9   VICTOROFF, LAURA              .
     SOMMERSCHIELD, in her         .
10   official capacity, LAURA     .
     SOMMERSCHIELD, in her         .
11   individual capacity, and      .
     HILARY VICTOROFF, in her      .
12   official capacity,            .
                                   .
13                Defendants.      .
                                   .   February 20, 2020
14   . . . . . . . . . . . . . .   .   1:33 p.m.

15
          TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
16        MICHAEL E. HEGARTY, UNITED STATES MAGISTRATE JUDGE

17
     APPEARANCES:
18
     For the Plaintiff:             Shawnee Ryan, pro se
19                                  12081 West Alameda Parkway
                                    Box 218
20                                  Lakewood, CO  80228
                                    (720) 431-8319
21
     For the Defendants             Hall & Evans, LLC
22   Correctional Health            By:  Andrew D. Ringel
     Partners and Jennifer Mix:     1001 Seventeenth Street
23                                  Suite 300
                                    Denver, CO  80202
24                                  (303) 628-3300

25
```

```
 1  Appearances continued:

 2  For Defendants Hilary          Colorado Attorney General
    Victoroff and Laura            By:  Amy C. Colony
 3  Sommerschield:                 1300 Broadway
                                   Denver, CO  80203
 4                                 (720) 508-6615

 5  Court Recorder:                Clerk's Office
                                   U.S. District Court
 6                                 901 19th Street
                                   Denver, CO  80294
 7
    Transcription Service:         AB Litigation Services
 8                                 216 16th Street, Suite 600
                                   Denver, CO  80202
 9                                 (303) 296-0017

10  Proceedings recorded by electronic sound recording;
    transcript produced by transcription service.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                   (Time noted:  1:33 p.m.)
 2              THE COURT:  Shawnee Ryan versus Correctional
 3   Health Partners, Doctor Jennifer Mix, Hilary Victoroff.
 4              Go ahead and make your appearances.  Ms. Ryan, you
 5   first.
 6              MS. RYAN:  I'm Shawnee Ryan, the Plaintiff.
 7              THE COURT:  Thank you.
 8              MS. RYAN:  And are you asking me to --
 9              THE COURT:  No, just your name for now.
10              MS. RYAN:  Just my name?
11              THE COURT:  Yes.
12              MR. RINGEL:  Good afternoon, Your Honor.  Andrew
13   Ringel appearing on behalf of the Defendants, Correctional
14   Health Partners and Jennifer Mix.
15              THE COURT:  Okay.
16              MS. COLONY:  Amy Colony on behalf of the
17   Defendants Victoroff and Sommerschield.
18              THE COURT:  Thank you.  All right.  So I think,
19   Mr. Ringel, I have a communication from you by email, copied
20   to Ms. Ryan and Ms. Colony.
21              So why don't you take the floor.
22              MR. RINGEL:  You want me to take the floor?
23              THE COURT:  You don't want to?
24              MR. RINGEL:  I can.  That's fine.  So, Your Honor,
25   I'm not entirely clear what the issues are that Ms. Ryan
```

```
 1  wants to raise with you today.
 2              THE COURT:  Oh, it's just she that wants to raise
 3  issues?
 4              MR. RINGEL:  Yes, it's her issues, not my issues.
 5              THE COURT:  Oh, sit down then.
 6              MR. RINGEL:  That's why I was surprised that you
 7  wanted me to take the floor.
 8              THE COURT:  Okay, I got it.  Go ahead, Ms. Ryan.
 9              MS. RYAN:  Actually, Your Honor, it was the senior
10  court that brought this down to you.
11              I filed a motion for sanctions because I had
12  reached the end of the road with discovery.  And when I saw
13  that they were bringing forward in their motion for summary
14  judgment Ms. Wasco, who is now employed by CHP, it's just
15  necessary that I get discovery that I have never had
16  produced.
17              So I went back through my records.  And on October
18  7th of 2019, we held a discovery conference.  And at that
19  conference, Mr. Kennedy, and you upheld him, objected to some
20  interrogatories that I had filed titled "Defendant
21  Correctional Health Partners Plaintiff's Revised First Set of
22  Written Interrogatories Upon Mr. Jeffrey Archembeau (ph),"
23  but I had used the title of Defendant Correctional Health
24  Partners.
25              And Mr. Kennedy objected, because everything in
```

1  that was directed specifically to Mr. Archembeau, and that's
2  why they hadn't answered them, and that was my complaint at
3  the time is that they hadn't done that.
4           And so the Court, on transcript and record, gave
5  me directives to revised the set of interrogatories to treat
6  Correctional Health Partners as a person, and completely
7  revise them, and then re-submit the interrogatories.  And you
8  ordered Mr. Kennedy to answer those.
9           You gave me a deadline of Friday, October 11th.  I
10 complied.
11          At the same time, there was some other things that
12 had been raised that CHP at the time had not responded to.
13 And you ordered them to provide their answers to everything
14 on Friday, October 11th by the end of the day, and produce a
15 copy of their answers to the Court when they did so.
16          Mr. Ringel answered.  He did not present his
17 copies to the Court.  He obeyed your order for the deadline
18 of October 11th, the same as I did.
19          But the interrogatories that he answered were the
20 ones that Mr. Kennedy had objected to that were aimed solely
21 at Mr. Archembeau, and the set that you directed me to revise
22 have never been answered.
23          And I have those with me today.  I did submit them
24 to the Court.  I also attached them, per your directive, for
25 this hearing to be in front of you by the 18th.  And you have

1   all of that.
2                So what I am after here today is:  I have never
3   had any production of the things that I have asked for
4   regarding the practices and the policies of CHP.  And it's
5   been very limited from Mr. Ringel.
6                They have complied with a number of things, but
7   the only thing, for example, that I have gotten, and this
8   brings Ms. Colony back into the fold, regarding any contracts
9   regarding their practices and policies.
10               There's a 2010 contract under Governor Bill
11  Ritter.  And one response at one point in time from Mr.
12  Ringel that that should suffice, that there was nothing more
13  than that.
14               The next thing that I received from them was
15  something called the Colorado Department of Corrections
16  Provider Manual, which they did submit to me.
17               However, it's missing sections.  For example, the
18  appendices in the back.  We are missing covered benefits,
19  renal transplant criteria, and cancer treatment guidelines.
20  It's not complete.
21               There is nothing that I have at this time that can
22  give me insight into what the practices and policies were
23  from CHP regarding how they handled the Patient Protection
24  and Affordable Care Act, with specificity, to what the
25  jurisdiction is we are under this case, and HCPF 1406.

1              The only thing that they have continued to
2      provide, and now done in more detail, is the word of Doctor
3      Mix, and now the word of Kelly Wasco (ph).
4              Ms. Wasco is actually a significant former
5      employee of the Department of Corrections.  She was second in
6      line power-wise.  She sat directly under the director.  And
7      she worked for many, many years as the heads of clinical
8      services, wardens, that type of thing.
9              When I was incarcerated, I became ill.  I had only
10     been in for about three months.  When the laws went into
11     effect, Ms. Wasco would have been a very significant person
12     within the Department of Corrections to incorporate the new
13     laws regarding the inmate Medicaid provisions and how CHP was
14     supposed to interact with those.
15             And she would have played an important role
16     throughout the entire six years, so much so that I, over the
17     period of time I had to file four emergency interventions to
18     get care.  Those fall under an AR, administrative regulation,
19     called 850-04.
20             We unfortunately have none of those because Ms.
21     Colony did not produce them during CDOC discovery.  They were
22     part of my subpoena.  They were part of my try at contempt.
23             During those four times, I actually specifically
24     had to brief Ms. Wasco.
25             THE COURT:  I need to interrupt for just a second.

```
 1                MS. RYAN:  Uh-huh.
 2                THE COURT:  I have to handle an emergency matter.
 3   It will take me just two or three minutes.  I'll be right
 4   back.
 5                But what we want to do when I get back is handle
 6   one issue at a time.
 7                MS. RYAN:  Okay.
 8                THE COURT:  I don't need the full explanation of
 9   your case, just what you need that you think you're entitled
10   to, and we'll go one at a time.  Okay?
11                MS. RYAN:  All right.
12                THE COURT:  I'll be right back.
13                THE COURT CLERK:  All rise.  Court will be in
14   recess.
15                 (Recess from 1:41 p.m. until 1:43 p.m.)
16                THE COURT CLERK:  All rise.  Court is now in
17   session.
18                THE COURT:  Okay.  So I only have about 20
19   minutes.  I have to deal with an emergency matter, so tell me
20   the first thing that you think you're entitled to that you
21   haven't been provided, Ms. Ryan.
22                MS. RYAN:  To bring it to simplicity, Your Honor,
23   I assumed when the order did not get followed from the 7th of
24   October to answer the revised interrogatories titled
25   "Plaintiff's Revised First Set of Written Interrogatories
```

```
 1  Upon Defendant," --
 2              THE COURT:  You said they answered the old ones,
 3  not the revised ones?
 4              MS. RYAN:  They answered the older ones that you
 5  had upheld as not being able to be approved because they were
 6  under Mr. Archembeau's name.
 7              THE COURT:  Okay.  Mr. Ringel?
 8              MS. RYAN:  They did not answer the other.
 9              THE COURT:  Okay.
10              MS. RYAN:  I assumed when that did not get done,
11  that --
12              THE COURT:  Well, I want to hear the response to
13  that.
14              MS. RYAN:  Okay.
15              MR. RINGEL:  Your Honor, Ms. Ryan is correct.  We
16  answered the first set revised.  It was my understanding that
17  what the Court ordered Mr. Kennedy to do was to treat them as
18  if they were to be answered --
19              THE COURT:  Is there -- I was looking for this in
20  the transcript.  Do you have the transcript with you by any
21  chance?
22              MR. RINGEL:  I don't have the transcript, but the
23  transcript is --
24              THE COURT:  No, it is on the docket.  I have it in
25  front of me.  I just don't know where we were talking about
```

```
 1   it.
 2               MR. RINGEL:  I don't know where it is either.
 3               MS. RYAN:  I have it.
 4               MR. RINGEL:  It's the 10/7.
 5               THE COURT:  Okay.
 6               MR. RINGEL:  But, you know, let me cut to the
 7   chase, Your Honor.
 8               THE COURT:  Okay.
 9               MR. RINGEL:  Three points:
10               One:  Discovery cutoff is done, summary judgment
11   is pending, and fully briefed in front of the District Court.
12               It is my understanding that any issue with respect
13   to discovery should have been raised during the discovery
14   period in this case.
15               THE COURT:  When did it close?
16               MS. RYAN:  November 1st.
17               MR. RINGEL:  Nine or ten months ago.
18               MS. RYAN:  November 1st.
19               MR. RINGEL:  November 1, yeah.
20               THE COURT:  Okay.
21               MR. RINGEL:  Item number two:  I am willing to
22   answer the discovery -- the revised discovery within 21 days
23   of today.
24               However, in exchange for that, I want nothing else
25   filed in this case until summary judgment is ruled upon.
```

1     This case has gone on way too long with way too
2  many filings, Your Honor.  If the Court wants me to make a
3  record and ask for a protective order under Section 1927 and
4  28 United States Code, --
5     THE COURT:  No, I mean, I think I have the
6  authority to do whatever I need to do sitting right here.
7  So.
8     MR. RINGEL:  Alternatively, Your Honor, I would
9  say this:  If Ms. Ryan wants to file something, I think the
10 Defendants should be relieved of any obligation to respond
11 unless this Court directs a response.
12    THE COURT:  But the thing is, Judge Krieger is
13 keeping some of these to herself.  It's her case.
14    So, for example, the first motion for sanctions
15 that was just filed February 15th, --
16    MR. RINGEL:  Okay, so --
17    THE COURT:  -- that's not referred.  The motion
18 for leave to restrict was not referred.
19    MR. RINGEL:  I understand.  Okay.  Well, then I'm
20 going to do it formally, Your Honor, because I think that's
21 the best way for me.
22    THE COURT:  Yes, I think you should.
23    MR. RINGEL:  At this time, Your Honor, I move --
24    THE COURT:  No, you'll have to do it in writing.
25 Because, again, I think you're seeking relief that Judge

1  Krieger might not agree I should have sole authority over.  I
2  mean, I can make recommendations, but because of this two
3  judge system, as you know, Mr. Ringel, and because each
4  District Judge has their own view of what their jurisdiction
5  is versus a Magistrate Judge's jurisdiction, I'm sort of in a
6  zone where I'm uncomfortable just saying she can't file a
7  motion.
8              Can you understand that?
9              MR. RINGEL:  I can understand that.  So here's --
10 then I retract what I said.
11             I agree to nothing.  I am not responding to any
12 discovery.  If the Court orders me to respond to discovery,
13 I'm going to object to the Judge and file a motion for
14 protective order.
15             THE COURT:  The District Judge.
16             MR. RINGEL:  This has to end.
17             THE COURT:  Sure.
18             MR. RINGEL:  My client has spent more money on
19 this case than any other case that I've done in the 15 years
20 that I have represented them.  This is frivolous, this is
21 without merit.  This has to end, Your Honor.
22             THE COURT:  Okay.  But as to this specific -- I
23 understand, and you -- of course you'll do what you need to
24 do as a advocate for your client.
25             You believe that you've responded fully to the

1  discovery requests as I have ordered?

2              MR. RINGEL:  My understanding is that the Court
3  ordered us to treat the original requests as if they were
4  directed at CHP.  We did that.  We responded on the 11th of
5  October.  That was provided to you.

6              If my understanding is wrong and there was some
7  other discovery we were supposed to respond to --

8              THE COURT:  Okay, so here's what I'm reading:  I'm
9  going to strike the existing discovery request only insofar
10 as that they're directed to the CEO, and interlineate that
11 it's directed to CHP.  That's what I ordered.

12             That means the document doesn't change.  I changed
13 it on the record.

14             However, if a particular question could only be
15 answered -- is only directed to the CEO, only within that
16 person's knowledge, it would be directed to the corporate
17 entity.

18             Mr. Kennedy said "so just treat every question as
19 a corporate entity and answer the best I can?"  And I
20 essentially said "yes."

21             So I think Mr. Ringel is correct.  So to the
22 extent you seek anything further in that regard, Ms. Ryan,
23 I'm denying that request.

24             What else do you have?

25             MS. RYAN:  At this point, respectfully, Your

1  Honor, the transcript does go on where do you do order me
2  specifically -- with specific directives to revise the
3  interrogatories specifically to Correctional.
4              THE COURT:  You've got to show me where that is,
5  because I didn't know that.
6              MS. RYAN:  And the questions are very different,
7  obviously, because of the directive that you gave me.
8              Can you tell me what page you started on?
9              THE COURT:  I just read off of page 34.
10             MS. RYAN:  Okay.
11         (Pause)
12             THE COURT:  But I did say "I don't think it would
13 be an improper question for her to submit a set of discovery
14 requests to CHP, but a particular interrogatory might say
15 'does your CEO know that'"? and blah, blah, blah.
16             I mean, that's an appropriate question.  So you
17 can say the CEO has no responsive information.  And, of
18 course, if that's true, that's your answer.
19             MS. RYAN:  So then we go down to page 34 to line
20 19, --
21             THE COURT:  And then you say "in other words,
22 revamp that so I am actually talking as if CHP was the person
23 sitting in front of me."  I say "correct, I just ordered
24 that."
25             The bottom line is:  If they've answered the

1  questions that you -- if they've already answered the
2  questions that you put in your first set, even though they
3  didn't answer them directly as to the second set, if they've
4  provided the information you sought, it's all just
5  irrelevant.
6            MS. RYAN:  They did not, Your Honor.  They
7  answered, but at every turn in this case where I have
8  submitted interrogatories, and Mr. Ringel provided to you on
9  the 18th his copies of all of his answers that he has given
10 me to-date.
11           I have been met with nothing but stumbling blocks
12 that is either work-product, is not relevant to the case, in
13 his view.
14           I have received just two pieces -- one piece from
15 him of discovery, of production, regarding CHP itself.  I
16 have received Doctor Mix's requests -- the requests of her
17 and my records and that type of thing.
18           The question in this case, and I believe the
19 reason that the Senior Judge is holding this stuff, is
20 because of my wording in my responses to the fifth amended
21 complaint when they answered, and my motions for summary
22 judgment, and my response to CHP's motion for summary
23 judgment, is that this case is not about when the payment of
24 Medicaid was due, which is what CHP continues to stand on.
25           This case is about the practices and the policies,

1   and two pieces of law that we are specifically under in this
2   case.  And never once has Correctional Health Partners gone
3   to those specific charges in this case.
4              And I cannot do anything without getting the
5   production that I have asked for.  I have asked for, for
6   example, you advertised, and also Secretary of State lists as
7   a parent and trade company under Physician Health Partners.
8   One of my transplants was denied by Physician Health
9   Partners.
10             Mr. Ringel has come back and said "we are not
11  affiliated."  Well, according to the Department of --
12  Secretary of State, yes you are.
13             They kept denied and denied and denied, and
14  produced nothing but their words, which has left me until
15  dispositive time, the reason we're here now, and we're not
16  here a week after the October 7th transcript hearing.
17             The reason all of these months have gone by is
18  because I have been solely under the impression that you ask
19  for discovery, if you don't get it you ask for us to see you.
20  If that does not comply, then you file a motion, you file a
21  brief, you --
22             THE COURT:  Right, but when did you first ask to
23  see me?
24             MS. RYAN:  Pardon me?
25             THE COURT:  When did you first ask to see me about

1  this issue?
2              MS. RYAN:  This issue was October 7th.  Last year.
3              THE COURT:  I know we had a hearing then.
4              MS. RYAN:  Yes.
5              THE COURT:  But when did you seek this conference
6  today?
7              MS. RYAN:  I did not seek it.
8              THE COURT:  Oh, you guys sought it?
9              MS. RYAN:  Judge Krieger sought it.
10             THE COURT:  I know that's not right.
11             MS. RYAN:  Judge Krieger referred it to you.
12             MR. RINGEL:  Ms. Ryan filed a motion for
13 sanctions.  Judge Krieger referred it to this Court.
14             THE COURT:  Right.
15             MR. RINGEL:  This Court denied it because it
16 relates to a discovery issue, and set this as a discovery
17 conference.
18             THE COURT:  Okay. All right.  So what's your next
19 issue?
20             MS. RYAN:  My next issue, then, is my
21 understanding I am not going to get production of the things
22 that I have asked for, that the order of the Court that was
23 given on the 11th is now resolved by being changed, as you
24 have just done.
25             And that where we are at, where Correctional

1  Health Partners is concerns, is there is nothing left except
2  to wait for Judge Krieger's orders.
3           THE COURT:  Okay, very good.  Anything further
4  from you?
5           MR. RINGEL:  No, Your Honor.
6           THE COURT:  All right.  We'll be in recess.
7           THE COURT CLERK:  All rise.
8                (Time noted:  1:54 p.m.)
9                      * * * * 
10                     CERTIFICATE
11     I, RANDEL RAISON, certify that the foregoing is a
12  correct transcript from the official electronic sound
13  recording of the proceedings in the above-entitled matter, to
14  the best of my ability.
15  
16  *[signature: Randel Raison]*
17  _____        July 8, 2020
18  Randel Raison